IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

ERIC COOMER, PH.D.,

    Plaintiff,

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC, AND MY PILLOW, INC.,

    Defendants.

## NOTICE OF REMOVAL

Defendants Michael J. Lindell ("Lindell"), Frankspeech LLC ("Frankspeech") and My Pillow, Inc. ("MyPillow") (collectively, "Defendants") pursuant to 28 USC §§ 1441 and 1446 and this Court's Local Rules, state as follows in support of their Notice of Removal:

### INTRODUCTION

1. On April 4, 2022 Plaintiff, Eric Coomer, Ph.D, initiated the above-entitled action by filing a Complaint and Jury Demand ("Complaint") in the District Court, Denver County, Colorado, styled as *Coomer PhD, Eric v. Lindell, Michael J et al.,* Case No. 2022CV30920 ("the State Court Action").

2. A true and correct copy of the Complaint is attached hereto as Exhibit A.

3. The State Court Action alleges three causes of action against Defendants which include defamation, intentional infliction of emotional distress, and civil conspiracy.

4. Plaintiff seeks injunctive, declaratory, and equitable relief against Defendants, including an order "requiring Defendants and their officers, agents, servants, employees, and

attorneys to remove any and all defamatory publications made about Dr. Coomer." Compl., *Prayer for Relief,* p. 66.

5. Defendant Lindell received the Complaint on April 5, 2022.

6. A true and correct copy of the Affidavit of Service is attached hereto as Exhibit B.

7. On April 27, 2022, the state court issued an order granting an extension of time for Defendants to file a responsive pleading in the State Court Action. No further proceedings have occurred in the State Court Actions.

8. Plaintiffs' allegations are denied, and it is further denied that the Defendants are properly named as parties, with the exception of those facts necessary for removal of this action on diversity of citizenship grounds, as discussed herein.

9. Pursuant to Local Rule, D.C.Colo.LCivR 81.1(b), an index of all documents filed in the State Court Action is attached hereto as Exhibit K, and separately attached copies of all documents and proceedings to date in the State Court Action are attached hereto as Exhibits A-J.

## BASIS FOR REMOVAL

**I. Removal is Proper Because This Court has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332 and 1441(b)**.

10. Pursuant to 28 U.S.C. §§ 1332, this Court has jurisdiction over this action because it is between citizens of different states, and the amount in controversy is greater than $75,000, exclusive of interest and costs. Therefore, this action could have originally been filed in this Court and is not properly removed to this Court.

### a. *There is Complete Diversity of Citizenship Among the Parties.*

11. Plaintiff, as an individual domiciled in the state of Colorado, is a citizen of Colorado. *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006). Here, the Complaint specifically alleges that Plaintiff "is an individual domiciled in Colorado." Compl. ¶5.

12.     Defendant, Michael J. Lindell, is an individual domiciled in the state of Minnesota, and is therefore a citizen of Minnesota. *Smith,* 445 F.3d at 1259.

13.     Because Defendant Frankspeech is a limited liability company, it is deemed to be a citizen of the states of which its members are citizens. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). The Complaint does not plead the place(s) of citizenship of the members of Frankspeech. Mr. Lindell, a citizen of Minnesota, is the sole member of Frankspeech, making Frankspeech also a citizen of the State of Minnesota for purposes of diversity of citizenship.

14.     MyPillow is incorporated in the State of Minnesota and has a principal place of business in Minnesota. For purposes of diversity of citizenship, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Defendant MyPillow is therefore a citizen of the State of Minnesota.

15.     Hence, there is complete diversity between the Plaintiff and the Defendants in this case, and this Court has subject matter jurisdiction under 28 U.S.C. § 1332. In addition, no Defendant is a citizen of the state in which this action is brought.

### b.     *The Amount in Controversy Requirement is Satisfied.*

16.     To determine the amount in controversy, courts look first to the plaintiff's state court petition or the notice of removal. *Baker v. Sears Holdings Corp.,* 557 F.Supp.2d 1208, 1215 (D.Colo. 2007). A Complaint must be "signed and certified by counsel pursuant to C.R.C.P. 11 . . .[which] require[s] counsel to conduct a reasonable inquiry before filing the document, and to the best of his or her knowledge, information, and belief, that the facts and claims alleged can be

supported." *Id.* Therefore, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. §1446(c)(2).

17. The Complaint does not demand a specific sum, though it notes that the amount in controversy in a similar action against Defendant Lindell and Defendant MyPillow is $1.3 billion. Compl. ¶ 45. The Complaint also seeks nonmonetary relief in the form of a "permanent injunction" and a "demand for retraction." 28 U.S.C. §1446(c)(2)(A)(i). Further, Colorado practice permits recovery of damages in excess of the amount demanded. 28 U.S.C. § 1446(c)(2)(A)(ii).

18. As the Plaintiff seeks actual and special damages described as "serious and severe emotional and physical distress" and that "[t]he harm Defendants have caused to Dr. Coomer's reputation, privacy, safety, and earnings, and other pecuniary loss is immense." Compl. ¶100. Plaintiff's comparison to a case seeking damages of $1.3 billion makes clear that the amount in controversy is in excess of the statutory amount.

19. This Court therefore has diversity jurisdiction over the above-entitled action under 28 U.S.C. § 1332(a), and the action may be removed pursuant to 28 U.S.C. § 1441(a).

**II. Defendants have Satisfied the Procedural Requirements for Removal.**

20. Plaintiff filed the Complaint in the District Court of the State of Colorado, Denver County on April 4, 2022, and served Defendant Lindell on April 5, 2022.

21. Defendants file this Notice of Removal within 30 days of receipt of the initial pleading as required by 28 U.S.C. § 1446(b). Accordingly, removal of this action is timely. No previous application for removal has been made.

22. This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending," pursuant to 28 U.S.C. § 1441(a). Venue is appropriate in the United States District Court for the District of Colorado

because Colorado constitutes one judicial district, and the District Court, Denver County, Colorado, is located in this judicial district. 28 U.S.C. §1446(a), 28 U.S.C. §85.

23. Defendants, the removing parties, are the sole defendants named in the action. 28 U.S.C. § 1446(b).

24. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, process, and orders served on Defendants in this action are attached to this Notice of Removal as Exhibit A through Exhibit K.

25. Pursuant to 28 U.S.C. § 1446(d), on the date set forth below, a copy of this Notice of Removal will be served on Plaintiff's attorney.

26. Pursuant to 28 U.S.C. § 1446(d), the filing of a copy of this Notice of Removal with the Clerk of the State Court effects the removal of the State Court Action. A copy of the Notice of Filing of Notice of Removal, filed contemporaneously in the State Court Action, is attached hereto as Exhibit L.

## **Preservation of Rights and Defenses**

27. Defendants respectfully reserve the right to amend or supplement this Notice of Removal, and respectfully reserve the right to submit evidence supporting this Notice of Removal should Plaintiff move to remand this action to state court.

28. Defendants further respectfully reserve the right to assert any defenses to Plaintiff's cause of action including, but not limited to, Defendants' right to move for dismissal of the above-entitled action based on a lack of personal jurisdiction, a lack of subject-matter jurisdiction, and/or a failure to state a claim upon which relief can be granted.

WHEREFORE, Defendants respectfully give notice that the above-captioned civil action pending in the District Court of the State of Colorado, Denver County is removed to this Court, pursuant to 28 U.S.C. §§1332, 1441, 1446, and 1447.

Respectfully submitted this 5th day of May, 2022.

        **THE REISCH LAW FIRM, LLC**

        By: *s/ Jessica L. Hays*
        R. Scott Reisch, #26892
        Jessica L. Hays, #53905
        The Reisch Law Firm, LLC
        1490 W. 121st Avenue
        Suite 202
        Denver, CO 80234
        Scott@reischlawfirm.com
        Jessica@reischlawfirm.com

        **PARKER DANIELS KIBORT LLC**

        By: *s/ Andrew D. Parker*
        Andrew D. Parker (MN Bar No. 195042)*
        888 Colwell Building
        123 N. Third Street
        Minneapolis, MN 55401
        Telephone: (612) 355-4100
        Facsimile: (612) 355-4101
        parker@parkerdk.com

        * To be admitted Pro Hac Vice

        **COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of May, 2022, a true and accurate copy of the foregoing **NOTICE OF REMOVAL** was filed via ECF and served via electronic mail on the following:

CAIN & SKARNULIS, PLLC
Charles J. Cain, #51020
Bradley A. Kloewer, #50565
Steve Skarnulis, *Pro Hac Vice Admission Forthcoming*
Zachary H. Bowman, *Pro Hac Vice Admission Forthcoming*
P.O. Box 1064
Salida, Colorado 81201
(719) 530-3011/(512) 477-5011(Fax)
ccain@cstrial.com
bkloewer@cstrial.com
skarnulis@cstrial.com
zbowman@cstrial.com
*Attorneys for Plaintiff*


RECHTKORNFELD, PC
Thomas M. Rogers III, #28809
Mark Grueskin, #14621
1600 Stout Street, Suite 1400
Denver, Colorado 80202
(303) 573-1900/ (303) 446-9400(Fax)
trey@rklawpc.com
mark@rkwlawpc.com
*Attorneys for Plaintiff*

*s/ Jessica L. Hays*
Jessica L. Hays