| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: April 5, 2022 2:39 PM<br>CASE NUMBER: 2022CV30920 |
| Plaintiff:<br>**ERIC COOMER PHD.**<br><br>v.<br>Defendant:<br>**MICHAEL LINDELL ET AL.** | ▲  **COURT USE ONLY**  ▲<br><br>Case No.: **2022CV30920**<br><br>Courtroom: **414** |
| **PRE-TRIAL ORDER AND DISCOVERY PROTOCOL** | |

**THIS PRE-TRIAL ORDER AND DISCOVERY PROTOCAL APPLIES TO ALL CASES ASSIGNED TO THIS COURTROOM**.

**Plaintiff's counsel or *pro se* Plaintiff shall serve copies of this Pre-trial Order and Discovery Protocol upon Defendant(s) and all future counsel/parties in this case.** A certification of compliance with this requirement of the Order shall be filed within 7 days of providing notice.

## PRE-TRIAL ORDER

### I.  *PRO SE* PARTIES

1.  Parties appearing without counsel are directed to contact **Colorado Legal Services / Metro Volunteer Lawyers, 1905 Sherman Street, Suite 400, Denver, Colorado, 80203, Phone (303) 837-1313** to determine whether they qualify for free or reduced-cost legal representation**.**

2.  On *pro se* cases, the Court orders the Responsible Attorney, as defined in C.R.C.P.  16(b)(2), to notice the case for a Case Management Conference. *See also* C.R.C.P. 16.1(j).

3.  This Division requires Case Management Conferences in all cases in which one or more parties are proceeding *pro se,* whether the case is governed by **C.R.C.P. 16 or C.R.C.P. 16.1.**

Exhibit F

Revised, 01/28/21

**II.      CASE MANAGEMENT ORDER**

1.      All parties shall participate, in good faith, in preparing the Proposed Case Management Order pursuant to C.R.C.P. 16(b).  To the extent that any party does not so participate, those circumstances shall be explained in the Proposed Case Management Order.

**III.    CASE MANAGEMENT CONFERENCE**

1.      Pursuant to the Delay Reduction Order, the Responsible Attorney's notice to set the case for trial shall also include a notice to set a case management conference, to be held no later than 49 days after the case is at issue. The clerk is available to set trials and case management conferences on Tuesdays, Wednesdays, and Thursdays between 10:00 a.m. and 12:00 noon. The Responsible Attorney shall call the Court on the day and time designated in the notice to set, receive potential dates from the Court for both trial and the case management conference, confer with all parties regarding the dates, and promptly notify the Court of which dates the parties have selected.

2.      Unless otherwise ordered, lead  counsel and unrepresented  parties,  if any, shall attend the case management conference. If all parties are represented by counsel, counsel may timely submit a proposed order and jointly request the Court to dispense with a case management conference pursuant to C.R.C.P. 16(d)(3). However, unless and until such a request has been granted, counsel and any unrepresented parties should plan on appearing for the case management conference.

3.      At the conference, parties and counsel shall be prepared to discuss the proposed order, issues requiring resolution, and any special circumstances of the case.

**IV.     TRIAL SETTINGS**

1.   No case will be set to commence trial more than **a year from the filing of the complaint or other initiating pleading or for longer than 5 days** without the Court's permission. Before permission is granted, there may be a conference between counsel and the Court as to why a later trial date or longer  trial is necessary.

2.   Motions to continue trial dates, even if stipulated, will not be granted as a matter of course, and will only be granted for good cause shown. Unless and until any such motion is granted, counsel shall continue to prepare for trial.

**V.      DUTY TO CONFER**

1.      The Court expects complete and good faith compliance with C.R.C.P. 121, §1-12(1) and (5), and §1-15(8).

2.       Counsel are expected to initiate efforts to confer long enough before the anticipated filing date to enable two-way communication. Certification that a telephone call, e-mail or other form of written communication was directed to opposing counsel fewer than 24 hours before the pleading was filed and that "no response" was received is not a good faith effort.

3.       It is the expectation of the Court that counsel confer either face-to-face or on the telephone; the Court regards a letter or e-mail message to constitute "notice," but not a sufficient attempt to confer.

4.       If attempts to confer are unsuccessful, the certification must describe the attempts in detail.

5.       The Court expects that counsel will conduct themselves in a civilized professional manner and will treat jurors, parties, witnesses, Court staff and one another with courtesy and respect at all times.

## VI.     DISCOVERY AND DISCOVERY MOTIONS

1.       Discovery shall be conducted in accordance with the attached Discovery Protocol.

2.       If there is a discovery dispute, counsel are expected to confer in a meaningful way to try to resolve it, in whole or in part. (*see* § V, above).

3.       If the parties need immediate resolution of a discovery issue, and if the issue is relatively discrete, including one that arises during a deposition, they are encouraged to call the Court at (303) 606-2429, and every effort will be made to hear the matter orally and immediately via telephone or Webex, or on as expedited a basis as possible.

4.       If the dispute cannot be resolved informally or by expedited oral motion, a **brief** motion, no more than **3 pages** in length, should be submitted to the Court, including certification of compliance with C.R.C.P. 121 § 1-15(8). A response may be filed no later than 7 days from the date of service, also limited to 3 pages. No reply will be permitted absent leave of Court.

5.       The Court will assess the motion and will either rule on the motion or notify the parties that a hearing is required. The Court will set any required hearing as quickly as possible. If counsel cannot agree on a date, please let the Court's staff know and the Court will set the hearing date.

## VII.     OTHER MOTIONS

1.       **Extensions of Discovery Deadlines:** Stipulated agreements to extend the dates for filing discovery responses, objections, and disclosures of no more than 7 days do not need to be filed with the Court. Extensions for more than

**7 days,  even if stipulated, will  be granted  only upon a showing  of
extraordinary circumstances.**

2.    **Summary Judgment: All** motions for summary judgment must be filed no later
than **91 days (13 weeks) before trial and there shall be no separate deadline
for the filing of cross-motions as reflected in C.R.C.P. 56.** The Court will
generally not grant extensions of time to file summary judgment motions. This is
because the late filing of motions for summary judgment or repeated granting of
extensions of time to file such motions or opposing briefs, does not permit the
Court sufficient time to rule in advance of trial. Failure to comply with the motions
deadlines stated in this order may result in a delayed ruling or no ruling from the
Court before trial.

3.    **Motions *in Limine***: Motions *in limine* must be filed **no later than 35 days
before trial** unless a different time is permitted by court order, and any
responses shall be filed **no later than 28 days before trial. No replies shall be
filed as to motions *in limine*.**

4.    **Expert Challenges:** Motions challenging expert testimony pursuant to
C.R.E. 702 must be filed **no later than 70 days before trial,** with responses filed
**no later than 49 days before trial.** The Court will decide whether a hearing will
be necessary.

5.    **Other Pretrial Motions:** All other pretrial motions must be **filed not later than
35 days before trial,** unless otherwise ordered by the Court, with responsive
briefs due **no later than 28 days before trial**. If an expedited ruling is desired, the
moving party must specifically request an expedited schedule in the original
motion and the moving party must contact the Clerk of Courtroom 414 to advise
of this request. The Court may sua sponte expedite the briefing schedule pursuant
to C.R.C.P. 121 § 1-15.

6.    The Court may rule on motions without hearing, pursuant to C.R.C.P. 121, or the
Court may order a hearing prior to trial.

7.    Motions are to be accompanied by a brief or recitation of legal authority. There
will then be a response, and a reply (except as to a motion *in limine*), unless this
Court modifies the briefing pursuant to C.R.C.P. 121. No other briefs relating to a
given motion will be accepted for filing unless permitted by Court Order. **Please
do not combine motions or incorporate your own motions into a response or
reply as this makes it difficult for the Court to properly determine when the
motion may be ripe.**

8.    The requirements of C.R.C.P. 121 § 1-15 concerning the time for filing motions
and the content and length of briefs will be strictly enforced. The Court may
expedite the briefing schedule pursuant to C.R.C.P. 121 § 1-15.

## VIII.   TRIAL MANAGEMENT ORDER AND CONFERENCES

1.  The Trial Management Order ("TMO") must comply strictly with the requirements of C.R.C.P. 16 or C.R.C.P. 16.1, as amended, and must be filed at least **28 days before trial**. **ALL parties must participate in the preparation of the TMO.**

2.  Should the parties be unable to agree on the proposed TMO or if counsel believes it would be helpful, a Trial Management Conference may be scheduled upon notice, to be attached to the proposed TMO submitted. Th Court will contact counsel approximately 30 days before trial to inquire whether the parties desire a Trial Management Conference, and if so, to schedule one. The court will expect lead counsel to attend any Trial Management Conference, and to be prepared to discuss, in addition to any issues with the TMO itself, any issues or concerns arising under §§ VII – XV of this Order.

3.  Counsel should be aware that when the Court has multiple trials ready to be tried on a particular date, the presence and timeliness of a TMO is one criterion used to determine priority.

## IX.   BEFORE TRIAL

1.  **Exhibits:** All exhibits must be pre-marked. The parties are strongly encouraged to cooperate in submitting a single set of exhibits, enumerated with numbers. If the parties are unable to submit a single set of exhibits, Plaintiffs shall use numbers 1 – 1,000 and defendants shall use numbers 1,001 – end to designate their exhibits. The parties shall not mix numbers and letters, even for related exhibits (e.g. 1(a), 1(b), 1(c), etc.). The civil action number of the case should be placed on each of the exhibit labels.

    The parties shall exchange copies of their pre-marked exhibits, including demonstrative exhibits, **no later than 21 days** before trial. **Authenticity of all identified and exchanged exhibits shall be deemed admitted unless objected to in writing no later than 14 days after receipt of the exhibits.**

    The Court expects counsel to stipulate to the admission of every exhibit as to which there is not a good faith objection. Only where counsel has not had a reasonable opportunity to view an exhibit in advance will trial be interrupted for such a review.

    Counsel must also provide at least three (3) complete sets of exhibits, whether stipulated or not: One for the Court, one for each opposing side's counsel, and one for the witness stand (which will be the official copy that goes to the jury).

    **Please note the specific procedures regarding the handling of exhibits post-trial or post-hearing, at § XIV,** *infra.*

2.  **Exhibit Lists:** Each counsel shall prepare an index of exhibits that counsel expects

of offer, in a grid or spreadsheet format, that identifies with specificity the exhibit by number and description. The exhibit list shall specify whether or not the exhibit is received by stipulation, and shall include columns with the headings "Identified," "Offered," and "Received."

3.    **Witness lists:** Each counsel shall prepare a list of witnesses that will and may be called that the Court can read to the jury at the beginning of the trial. This list shall be in addition to any prior designation of witnesses, including that in the TMO.  In addition to listing the names of the witnesses, the list may also specify the witnesses' title or degree  and employment  (e.g. Dr. Murray,  M.D., Children's Hospital) but no other identifying information should be included (e.g. address, phone number etc.).

4.    **Orders of Proof:** Counsel shall confer and prepare a joint order of proof which identifies each counsel's good faith estimate of the order in which witnesses will be presented and shall specify separately the time required for direct and cross-examination of each witness. Such Order of Proof shall be filed with the Court no later than the morning of trial. The time estimates must include re-direct and re-cross. In no event may the cumulative time for witness examination exceed the time allocated for presentation of the trial; the total time allocation shall also account for the time necessary for jury selection, opening statements, regularly scheduled breaks, the jury instruction conference, and closing arguments.  The Court reserves the right to enforce the time estimates stated in the Order of Proof.

5.    **Depositions:** The showing of videotaped depositions or the reading of depositions in lieu of live testimony is strongly discouraged. However, if you are going to use depositions in lieu of live testimony, opposing counsel must be notified by proper identification of designated portions **no later than 28 days prior to trial.** Any other party may then provide the parties  with its designations **no later than 14 days before the trial date,** with all reply designations by the proponent then made **no later than 7 days before the trial date.** Objections to all or part of the deposition testimony offered  must be made not later than **3 days prior to trial** and must cite page, line, and the specific evidentiary grounds supporting the objection. In all other respects, C.R.C.P. 16(f)(3)(VI)(D)  shall be complied  with, including providing a copy of the deposition, with the proposed testimony highlighted, to the Court at least **3 days prior to trial.  The same rules apply to both videotaped and transcribed depositions.** When applicable, counsel is required to provide someone to read testimony.

While C.R.C.P. 32(a)(2) and (3) permit the use of certain depositions for purposes other than impeachment of a deponent under certain circumstances, any extended use at trial requires that the witness be listed in the Joint Order of Proof.

Original depositions will remain sealed until counsel request at trial that they be unsealed.  Before trial begins, you must give the Court copies of all depositions likely to be used at the trial, as either direct evidence or impeachment.

6.    **Special Equipment:** If you need a computer, projector, VCR, extension cord, a monitor, a screen, or any other form of digital or audio-visual equipment, you must provide it. The parties are encouraged to share in the use of a single system, rather than each having separate projectors, monitors, screens, etc. Contact the Court clerk prior to the trial date to arrange the setup and testing of any such equipment.

## X.    TRIAL BRIEFS

1.    Trial briefs may be filed, although they are discouraged for jury trials unless they address evidentiary issues for the Court to be prepared to address. They should be concise and should not repeat previously filed pleadings or motions. Trial briefs must be filed no later than 7 days before the trial date.

## XI.    JURY INSTRUCTIONS

1.    **Stipulated Jury Instructions and Verdict Forms:** Counsel shall meet and confer in a good faith effort to stipulate to jury instructions and verdict forms. Counsel for the first party to demand a jury (and whose demand has not been withdrawn) shall file such stipulated jury instructions and verdict forms **no later than five (5) days before trial**. There is no need to cite legal authority on any stipulated jury instructions or verdict form.

2.    **Disputed Jury Instructions and Verdict Forms:** Counsel for any party who requests a jury instruction or verdict form as to which there is no agreement shall, **no later than five (5) days before trial**, file such disputed instructions and forms, together with a recitation of legal authority upon which each is based.

3.    All jury instructions and verdict forms filed electronically with the Court shall be in Microsoft Word format, and shall be editable.

4.    It is not necessary to submit the basic introductory instructions, other than a simple statement of the case in the form of a stipulated CJI (4th) Instruction 2:1. If the parties cannot agree, one 2:1 instruction shall be submitted with highlights on the language upon which the parties cannot agree. The Court will handle other introductory remarks to the jury itself.

## XII.    JUROR NOTEBOOKS

1.    **Juror Notebooks:** Each trial juror will be provided with a juror notebook, by the Court. The court provides relatively small (1½ inch) binders. They contain introductory information about juror service, the courthouse, and its environs, stock instructions such as burden of proof, direct and circumstantial evidence, credibility of witnesses, etc.

At the pretrial conference, the Court will address whether exhibits will be provided to the jurors. The Court only allows non-voluminous exhibits which have been admitted into evidence to be provided for the jurors to insert into their notebooks. If the Court permits exhibits to be provided to jurors, the proponent must provide a sufficient number of copies of the exhibits for the jury and any alternates, 3-hole punched and with appropriate dividers with the exhibit numbers on them.

2. **Glossary of Terms**:  If there are any scientific or other specialized  terms which will be used repeatedly during the trial, those should be set forth, with an agreed-upon definition. If the parties have a legitimate dispute about the definition of any term, just the term should be listed.

3. **Timeline of Events**: If a timeline of events would be helpful for the jury, a stipulated timeline may be included in the juror notebooks.

## XIII.  JURY SELECTION

1. The Court will ask general *voir dire* questions before counsel's *voir dire*. The court's *voir dire* will cover basic background information and qualifications of jurors.

2. Each side will be limited to 20 minutes for *voir dire*, unless additional time is requested and permitted in advance of the first day of trial.  In multi-party cases, time must be divided between all parties on one side of the case.

3. **7 days before trial,** questions that a party would like the Court to ask (because, for example, the issue is sensitive and it would be easier to address if asked by the Court), may be electronically filed.

4. Unless requested by counsel, *voir dire* will not be reported.

5. Attorney *voir dire* must be conducted from the podium.

6. The Court will preclude the asking of argumentative questions during *voir dire.*

7. There may be one or two alternate jurors seated.  The Court will advise counsel on the first day of trial how the alternate(s) will be designated.

8. Challenges for cause will be exercised at the bench upon the conclusion of all parties' *voir dire.*

XIV.   **CONDUCT OF TRIAL**

1.   **Scheduling/Use of Time**:

    a.    The trial day will start at 8:30 a.m. and end at 5:00 p.m.  There will be a morning and an afternoon break of 15 to 20 minutes each.  Lunch will run from approximately noon to 1:30 p.m. on the first day of trial, and noon to 1:00 or 1:15 p.m. on subsequent days.

    b.    Counsel and parties will be in court by 8:00 a.m. on the first day of trial so that counsel may discuss anything with the Court that needs to be dealt with before the trial begins.  The Court will typically require that counsel be in court 30 minutes before the jury has been instructed to return on subsequent trial days in order to handle any preliminary issues without inconveniencing the jurors.

    c.    Counsel are responsible for having witnesses scheduled so as to prevent any delay in the presentation of testimony or running out of witnesses before 5:00 p.m. on any trial day.  There shall be no more than a five (5) minute delay between witnesses.  If there is, the court may deem the delaying party to have rested, and require any non-delaying party to commence its case in chief.

2.   **Opening Statements**:  Each side will be limited to 20 minutes for opening statement, unless additional time is requested and granted.  In multiple-party cases, this time must be divided between the parties on one side of the case.

3.   **Questioning Witnesses**:  The Court does not permit questioning beyond re-cross.  All questioning must be done from the podium unless permission is granted to approach the witness or the bench.  Counsel are advised that the FTR recording system in Courtroom 414 works best when all counsel and witnesses speak directly into the provided microphones.  This insures the most complete and accurate record of the proceedings, for appellate purposes and otherwise.

4.   **Juror Questions:**  Juror questions will be permitted when all other questions have been asked of a particular witness. The court will discuss all juror questions at sidebar with counsel prior to asking them of the witness.  Counsel may ask brief follow-up questions after juror questions have been asked, but only as to issues raised by the jurors' questions.

5.   **Objections:**

    a.    Please make objections professionally:  be brief, concise and specific.

    b.    Speaking objections are not permitted.

    c.     Do not automatically respond to an objection; if the Court wants a response to an objection before ruling on it, the Court will ask for one.

6.     **Jury Instruction Conference:**  The Court and counsel will work on jury instructions at least one evening during trial, typically after plaintiff has rested, as well as other breaks in the trial.  The Court may rely upon counsel to edit jury instructions as necessary, so each should have the equipment and personnel necessary to do so readily available.  Once the final jury instructions are assembled, the Court will allow counsel to make a record of their objections to the instructions, and to tender any additional proposed instructions.

7.     **Closing Arguments**:  Each side will have 30 minutes for closing argument, unless additional time is requested and granted.  In multiple-party cases, this time must be divided between the parties on one side of the case.

8.     **Uploading Exhibits to CCE Post-Hearing and Post-Trial:**  With the advent of electronic filing and electronic submission of the appellate record, the court no longer maintains custody of hard copies of exhibits at the conclusion of a trial or hearing.  However, there must be a record of all exhibits offered and/or received in evidence.  Accordingly, **the following mandatory procedures will be followed:**

    a.     When the trial or hearing is concluded, each party will withdraw any paper or physical exhibits or depositions which that party marked, whether or not admitted into evidence, from the courtroom.

    b.     Each party will maintain in its custody the withdrawn exhibits and/or depositions, without modification of any kind, until 63 days after the time for the need of such exhibits for appellate or other review purposes has expired, unless all parties stipulate otherwise on the record or in writing.  It will be the responsibility of the withdrawing parties to determine when the appropriate time period has expired.

    c.     **Electronic versions of all exhibits admitted into evidence and all exhibits offered but not admitted into evidence shall be uploaded into CCE by the party which offered the exhibit within 48 hours of the conclusion of the trial or hearing.**  Unless each exhibit uploaded has a clearly legible exhibit sticker which conforms with § IX.1, *supra,* the uploading party shall file a caption sheet indicating the exhibit number or letter(s) which also bears the civil action number of the case.  Exhibits which were admitted into evidence shall be uploaded in exactly the form they were in at the conclusion of the evidence, including any markings, notations, etc., added to the exhibit by any witness during testimony.

    d. **It is the exclusive responsibility of counsel to diligently follow these procedures, in order to assure that an accurate trial and appellate record is preserved.**

  9. <u>**Use of Freelance Court Reporters**</u>**:**  Use of freelance reporters in civil cases shall be governed by Chief Judge Directive 2011-1, Administrative Order Regarding Civil and Family Law Cases.

  10. <u>**Interpreters**</u>:  If any party or witness requires an interpreter which the Court is required to provide under C.J.D. 06-03 (as amended, June 2011), you must notify my clerk of the need for the interpreter, the language needed and the anticipated date and length of testimony of the witness who is English Language Deficient **<u>no less than 30 days before the trial or hearing</u>**.  Failure to do so may result in the Court's inability to schedule an interpreter and, if so, the witness may not be permitted to testify. If interpreter services are no longer needed, you shall notify the court as soon as possible, but in any event not later than 72 hours before the trial or hearing.

## XV. <u>SETTLEMENT</u>

 1. The Court does not order ADR as a matter of course, but strongly encourages the parties to exhaust all possibilities for an amiable resolution, including through ADR.

 2. The parties shall notify the Court within 24 hours of settlement or resolution of their case.

 3. All documents confirming settlement of the case, including a stipulation for dismissal with prejudice and a proposed order, shall be filed **not later than 21 days following the date of settlement**, unless otherwise ordered by the Court.

The Court is familiar with the difficulties and anxieties of trial practice. We are here to assure that the parties have a full and fair opportunity to present their case, with a minimum of unnecessary stress.  Should any questions arise, please contact the Court Judicial Assistant for Courtroom 414, Russell Maestas, at (303) 606-2429.

 IT IS SO ORDERED on this 5th day of April, 2022.

       BY THE COURT:

       _____

       Judge Ross B.H. Buchanan
       Denver District Court Judge

## **DISCOVERY PROTOCOL**

Counsel are reminded that all discovery responses shall be made in the spirit and with the understanding that the purpose of discovery is to elicit facts and to get to the truth. The Colorado Rules of Civil Procedure are directed toward securing a just, speedy and inexpensive determination of every action. The discovery process shall not be employed to hinder or obstruct these goals nor to harass, unduly delay or needlessly increase the cost of litigation.

Please refer to §VI of the Pre-Trial Order for procedures to be followed in the case of a discovery dispute.

## **WRITTEN DISCOVERY**

These discovery protocols shall be considered as part of the responsibility of parties and counsel to comply with the Rules of Civil Procedure relating to discovery.

1.      The parties should refrain from interposing repeated boilerplate type objections such as "overbroad, unduly burdensome, vague, ambiguous, not reasonably calculated to lead to the discovery of admissible evidence" and other similar objections. In the event any such objections are made, they shall be followed by a clear and precise explanation of the legal and factual justification for raising such an objection. Additionally, if the objecting party otherwise responds to the discovery request but does so subject to or without waiving such an objection, that party shall describe with reasonable specificity the information which may be available but which is not being provided as a result of the objection raised.

2.      When a responding party claims not to understand either a discovery request or the meaning of any words or terms used in a discovery request, that party shall, within fourteen (14) days of receiving the discovery request, seek clarification of the meaning from counsel who served the discovery. A failure to seek such clarification shall be considered a violation of this Order for Discovery Protocol.

3.      A discovery response which does not provide the information or material requested but promises to do so at some point in the future will be treated as the equivalent of no response unless the party so responding provides a specific reason for the information not being produced as required by the Rules of Civil Procedure, and also provides a specific date by which such information will be produced.

4.      A response to a discovery request that does not provide the information or material requested but rather states that the party is continuing to look for or search for such information or material will be treated as the same as no response unless that party provides a clear description of where such information or material is normally located, who is normally in custody of such information or material, where the party has searched, the results of the search, as well as the identity of all persons who have engaged in such a search. The responding party shall also provide a clear

explanation of the ongoing search and a specific date by which the search will be complete.

5.      Whenever a party objects to discovery based upon a claim of attorney/client privilege, work product protection or any other privilege or protection, that party shall produce a detailed privilege/protection log that includes at least the following for each such item for which privilege is claimed:

    a.   The information required by C.R.C.P. 26(b)(5);

    b.   The date of the information or material;

    c.   All authors and recipients; and

    d.   The specific privilege or protection which is claimed.

    e.   The proponent of the privilege has the burden of establishing that privilege. Failure to comply with this paragraph 5 and Order for Discovery Protocol will constitute a waiver of the claimed privilege.

## **DEPOSITIONS**

1.      Depositions shall be conducted in compliance with the Colorado Rules of Civil Procedure.

2.      During all depositions, counsel shall adhere strictly to C.R.C.P. 30(d)(1) and (3). No objections may be made, except those which would be waived if not made under C.R.C.P. 32(d)(3)(B) (errors, irregularities), and those necessary to assert a privilege, to enforce a limitation on evidence directed by the Court, or to present a C.R.C.P. 30(d)(3) motion (to terminate a bad faith deposition). Objections to form shall be stated: "Objection as to form." Any further explanation is inappropriate and prohibited unless specifically requested by the attorney asking the question.

3.      There shall be no speaking objections. It is inappropriate and prohibited for an attorney, during the course of questioning, to advise a witness to answer "if you know," or "if you remember." It is similarly prohibited for an attorney during questioning to advise a witness not to speculate. All such questions shall be considered speaking objections. All deponent preparation shall be conducted prior to the commencement of the deposition and shall not take place during the course of the deposition.

4.      It is appropriate for the deponent to request clarification of a question. However, it is not appropriate for counsel to do so.

5.      A deponent and an attorney may not confer during the deposition while questions are pending. Similarly, neither a deponent nor counsel for a deponent may interrupt a deposition when a question is pending or a document is being reviewed, except as permitted by C.R.C.P. 30(d)(1).

6.      Counsel shall refrain from excessive objections that have the purpose or effect of disrupting the flow of questioning or the elicitation of testimony.

7.      Counsel may instruct the deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the Court, or to present a motion under paragraph 3 of C.R.C.P. 30(d). Whenever counsel instructs a witness not to answer a question, counsel shall state on the record the specific reason for such an instruction, the specific question, part of a question or manner of asking the question upon which counsel is basing the instruction not to answer the question.