## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129-WJM

ERIC COOMER, PhD.,
      Plaintiff

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC,
AND MY PILLOW, INC.,
      Defendants

---

## SCHEDULING ORDER

---

### 1.    DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

A scheduling conference is scheduled for **July 7, 2022, at 10:30 a.m. (mdt)** in Courtroom A801 of the Alfred A. Arraj United States Courthouse before Judge William J. Martinez.

Counsel in attendance for Plaintiff Eric Coomer, PhD. (Plaintiff):

Charles J. Cain
ccain@cstrial.com
Bradley A. Kloewer
bkloewer@cstrial.com
P. O. Box 1064
Salida, Colorado 81202
303 Colorado Street, Suite 2850
Austin, Texas 78701
719-530-3011
512-477-5011—Facsimile

Counsel in attendance for Defendants Michael J. Lindell, Frankspeech LLC, and

My Pillow, Inc. (collectively, Defendants, and together with Plaintiff, the Parties):

Ryan Malone (MN Bar No. 395795)
malone@parkerdk.com
Jesse H. Kibort (MN Bar No. 328595)
kibort@parkerdk.com
Parker Daniels Kibort LLC
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
612-355-4100
612-355-4101—Facsimile

## 2.    STATEMENT OF JURISDICTION

### a.    Plaintiff

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

*See* Dkt. 4.

### b.    Defendants

Defendants agree this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## 3.    STATEMENT OF CLAIMS AND DEFENSES

### a.    Plaintiff

This is a defamation case.  Defendants supported, published, and republished

defamatory statements that the 2020 Presidential election was systemically rigged by

Dominion Voting Systems and by its principal employee, Dr. Eric Coomer.  Until the

defamatory statements began, Dr. Coomer was a private innocuous election worker.

Defendants' conduct in this case is inexorably intertwined with Joe Oltmann, who is a

Colorado-based election denier who made up a false story that Dr. Coomer partook in an

"Antifa conference call," supposedly boasted on that call that he rigged the election, and did in fact rig the election.  This story is demonstrably false but was used to support a broader narrative of election fraud that has been spread by the likes of former President Trump, Rudy Giuliani, Sidney Powell, John Eastman, Tina Peters, and numerous other conspiracy theorists.  Defendants did not concern themselves with the truth of the alleged "fraud" by Dr. Coomer and knowingly gave people like Joe Oltmann a platform to spread disinformation.  Defendants similarly published defamatory statements about Dr. Coomer themselves on numerous occasions, including by claiming that Dr. Coomer was a "traitor."  This includes through the publication of numerous defamatory statements that occurred after the filing of this lawsuit.  Defendants defamed Dr. Coomer as part of their overall campaign to discredit the validity of the 2020 Presidential election for their own financial and political gain.

### b. Defendants

Defendants submit that the statements alleged in Plaintiff's First Amended Complaint were not made and are not attributable to the Defendants.  Further, even if any of the statements identified in Plaintiff's First Amended Complaint are attributable to any Defendant, those statements are protected by the First Amendment and cannot give rise to liability under *New York Times v. Sullivan*, 376 U.S. 254 (1964). Defendants also maintain that to the extent Plaintiff has sustained any reputational harm or other damages, such damages would have been caused by the acts of nonparties to this litigation.

### c. Other Parties

Not applicable.

3

### 4.     UNDISPUTED FACTS

The following facts are undisputed at this stage of the case:

- Plaintiff Eric Coomer, Ph.D. is an individual domiciled in Colorado. (First Am. Compl., ¶ 5).

- Defendant Michael J. Lindell (Lindell) is an individual domiciled in Minnesota, and he is the founder and CEO of Frankspeech LLC and My Pillow, Inc. (*Id*., ¶ 6).

- Defendant Frankspeech LLC (Frankspeech) is a limited liability company organized and existing under the laws of the state of Delaware. (*Id*., ¶ 7).

- Frankspeech broadcasts its programming to a national audience on its own website frankspeech.com. (*Id*.).

- Defendant My Pillow, Inc. (MyPillow) is a for-profit corporation with its principal place of business in Chaska, Minnesota. (*Id*., ¶ 8).

- The United States District Court for the District of Colorado has jurisdiction over this action. (*Id*., ¶¶ 9-10).

- Plaintiff is the former Director of Product Strategy and Security for Dominion Voting Systems (Dominion). (*Id*., ¶ 16).

- Dominion is based in Denver, Colorado and provides election support services across the United States, including from initial project implementation through election set-up, ballot layout, multiple language audio, machine set-up, and system testing. (*Id*.).

- Dominion provided election-related services to at least 30 different states during the 2020 Presidential election. (*Id*.).

- Lindell is a long-time supporter of former President Trump. (*Id.*, ¶ 39).

- On February 22, 2021, Dominion sued Lindell and MyPillow alleging claims for defamation per se and deceptive trade practices and seeking damages in the amount of $1.3 billion. (*Id.*, ¶ 45).

- Lindell appeared on Oltmann's podcast on March 11, 2021. (*Id.*, ¶ 46).

- Lindell appeared on Oltmann's podcast on May 23, 2022. (*Id.*, ¶ 103).

**5.     COMPUTATION OF DAMAGES**

**a.     Plaintiff**

Plaintiff seeks economic and non-economic damages.

Economic damages are ongoing.  Currently, Plaintiff is earning approximately $100,000.00 per year less than when he was in Director of Product Strategy and Security at Dominion.  Because of Defendants' conduct, Plaintiff can no longer work in his chosen profession.  Plaintiff will provide the Court and jury with a calculation of all lost earnings and job benefits through expert testimony at the time of trial.

Plaintiff seeks non-economic damages at the maximum amount allowed by law. Those damages are unliquidated and significant.

Plaintiff further seeks punitive damages at the maximum amount allowed by law.

**b.     Defendants**

Defendants are not presently alleging counterclaims.

**6.     REPORT OF PRECONFERENCE DISCOVERY AND MEETING
UNDER FED. R. CIV. P. 26(f)**

**a.     Date of Rule 26(f) meeting.**

Counsel for Plaintiff and Defendants telephonically conferred on June 28, 2022.

**b.    Names of each participant and party he/she represented.**

Plaintiff was represented by Charles Cain and Brad Kloewer.

Defendants were represented by Ryan Malone and Jesse Kibort.

**c.    Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

The Parties anticipate serving their initial disclosures on or before July 22, 2022.

**d.    Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

At this time, the Parties propose changing  the timing of disclosures under Fed. R. Civ. P. 26(a)(1) such that the parties have agreed to exchange initial disclosures on or before July 22, 2022.  The change was mutually agreed to by the Parties in light of the Parties' Stipulation for Extension of Time for Defendants to Respond to Plaintiff's Amended Complaint (Docket No. 24).

**e.    Statement concerning any agreements to conduct informal discovery.**

 The Parties agree that informal discovery is not appropriate at this time.

**f.    Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The Parties agree to be as efficient and cooperative as possible to streamline the discovery process.

**g.    Statement as to whether the Parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The Parties are preserving ESI and anticipate that this case has the potential to give rise to extensive ESI requests, but at this time neither party has cause to anticipate any specific ESI requests.

> **h.    Statement summarizing the Parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The Parties agree that it is premature to discuss settlement at this time; however, the Parties agree to broach the issue of early settlement of these claims at the appropriate time.

## 7.    CONSENT

All Parties have not consented to the exercise of jurisdiction of a magistrate judge. *See* Dkt. 25, Election of Consent or Nonconsent to Magistrate filed on June 30, 2022.

## 8.    DISCOVERY LIMITATIONS

> **a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

> **Each side may take 10 depositions.    Each party may serve 25 interrogatories on any other party.**

> ~~At this stage of the litigation, the Parties believe the presumptive numbers of depositions and interrogatories contained in the Federal Rules will be sufficient, but the Parties reserve the right to ask for additional depositions and/or interrogatories at a later date.~~

> **b.    Limitations which any party proposes on the length of depositions.**

At this stage of the litigation, the Parties are not requesting any changes to the default length of depositions, but the Parties reserve the right to seek modifications at a later date should it become necessary.

  **c.**   **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

**Each party may serve 25 requests for production and 25 requests for admission on any other party.**

~~At this stage of the litigation, the Parties believe the presumptive numbers of requests for production and admission contained in the Federal Rules will be sufficient, but the Parties reserve the right to ask for additional requests for production and/or admission at a later date.~~

  **d.**   **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions.**

The Parties suggest that all discovery requests should be served no later than 30 days before the discovery cutoff.

  **e.**   **Other Planning or Discovery Orders.**

At this time, the Parties do not foresee the need for any additional orders.

  **9.**   **CASE PLAN AND SCHEDULE**

~~The Parties suggest a schedule with deadlines anchored to key rulings in the case as follows:~~

  ~~1.~~   ~~Motions for summary judgment and motions to strike experts shall be due 365 days after the case is at issue;~~

  ~~2.~~   ~~Trial may be scheduled 90 days after the Court's ruling on motions for summary judgment and/or to strike experts, if claims remain at that time.~~

~~The remaining deadlines below and discovery deadlines above are generally keyed off these three events.~~

### a.      Deadline for Joinder of Parties and Amendment of Pleadings

The Parties agree to the default 45 days after the scheduling conference for these deadlines.  **August 21, 2022**

### b.      Discovery Cut-off: March 6, 2023

~~The Parties agree that discovery should be completed 30 days before motions for summary judgment and to strike expert testimony are due.~~

### c.      Dispositive Motion Deadline: April 5, 2023

~~As discussed above, the Parties agree that dispositive motions should be due 365 days after the case is at issue.~~

### d.      Expert Witness Disclosure

~~The Parties believe it is premature to address the number and fields of expert testimony that may be necessary.~~

~~To the extent necessary, Plaintiff shall designate substantive experts 90 days before the deadline for dispositive motions, and Defendants shall designate substantive experts 60 days before the deadline for dispositive motions.~~

**OR**

1.      The parties shall identify anticipated fields of expert testimony, if any.

2.      Limitations which the parties propose on the use or number of expert witnesses.  **Each side is limited to 2 retained experts.**

3.      The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **<u>January 6, 2023.</u>**

4.      The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **February 6, 2023.**

**e.      Identification of Persons to Be Deposed**

**Plaintiff's Position**

At a minimum, Plaintiff and Defendants (individually and a corporate representative for Defendants Frankspeech LLC and My Pillow, Inc.) will be deposed, as well as Joe Oltmann.  At this time, Plaintiff further anticipates it will seek deposition testimony from the following witnesses:  Brannon Howse, Phil Waldron, Joshua Merritt, David Clements, Tina Peters, Sherrona Bishop, Max McGuire, the individual(s) who provided Joe Oltmann with access to Plaintiff's Facebook account and the alleged "Antifa call", Gregory Pappas, and individuals identified by Defendants as having knowledge of any investigation performed prior to their alleged defamatory publications concerning Plaintiff.

**Defendants' Position**

Defendants have not yet responded to Plaintiff's First Amended Complaint. Defendants, therefore, respectfully submit that it is premature to identify non-party witnesses for deposition at this stage of the case.

**10.      DATES FOR FURTHER CONFERENCES**

a.      **Joint Status Report shall be filed no later than September 30, 2022.  Counsel shall refer to this Court's practice standards for specifics.**

b.      A final pretrial conference will be held in this case on **June 13, 2023 at 10:30 a.m.**  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than 7 days before the final pretrial

conference.

### 11.    OTHER SCHEDULING MATTERS

**a.    Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort were unable to reach an agreement.**

The Parties did not identify any discovery or scheduling issues at this time.

**b.    Anticipated length of trial and whether trial is to the court or jury.**

The Parties anticipate a two-week jury trial.

**c.    Identify pretrial proceedings, if any, that the Parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

The Parties do not believe that pretrial proceedings at any of these courthouses would be more efficient or economical than proceedings in the Alfred A. Arraj United States Courthouse.

### 12.    NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, Parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13.    AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon showing of good cause.


DATED at Denver, Colorado, this 7th day of July, 2022.

BY THE COURT:


*s/ S. Kato Crews*
UNITED STATES MAGISTRATE JUDGE


APPROVED:

*/s/ Charles J. Cain*
Charles J. Cain
ccain@cstrial.com
Bradley A. Kloewer
bkloewer@cstrial.com
P. O. Box 1064
Salida, Colorado 81202
303 Colorado Street, Suite 2850
Austin, Texas 78701
719-530-3011
512-477-5011—Facsimile
**ATTORNEYS FOR PLAINTIFF**

      */s/ Ryan P. Malone*
_____
Ryan P. Malone (MN Bar No. 395795)
malone@parkerdk.com
Parker Daniels Kibort LLC
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
612-355-4100
612-355-4101—Facsimile
**ATTORNEYS FOR DEFENDANTS**