1

1            IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLORADO
2
     Case No. 22-cv-01129-WJM-SKC
3    _____

4    ERIC COOMER,

5        Plaintiff,

6    vs.

7    MICHAEL J. LINDELL, et al.

8        Defendant.
     _____
9

10            Proceedings before S. KATO CREWS, United States

11   Magistrate Judge, United States District Court for the

12   District of Colorado, commencing at 10:30 a.m., July 7,

13   2022, in the United States Courthouse, Denver, Colorado.

14   _____

15            WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS

16   ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED. . .

17   _____

18                          APPEARANCES

19            BRADLEY KLOWER and CHARLES CAIN, Attorneys at Law,

20   appearing for the Plaintiff.

21            RYAN MALONE and JESSICA HAYS, Attorneys at Law,

22   appearing for the Defendant.

23   _____

24            RULE 16(B) SCHEDULING CONFERENCE

25

```
1                  P R O C E E D I N G S
2              (Whereupon, the within electronically recorded
3    proceedings are herein transcribed, pursuant to order of
4    counsel.)
5              THE COURT:  All right.  Good morning, this is
6    Magistrate Judge Crews.  We'll go on the record in
7    22-cv-1129, Coomer vs. Lindell, et al.  I'll take
8    appearances of counsel, please, starting with the plaintiff.
9              MR. KLOWER:  Good morning, Your Honor.  This is
10   Brad Klower here on behalf of Eric Coomer.
11             THE COURT:  Okay.
12             MR. CAIN:  This is Charlie Cain.  I'm counsel of
13   record as well on behalf of plaintiff.
14             THE COURT:  Okay.
15             MR. MALONE:  And good morning, Your Honor.  This
16   is Ryan Malone on behalf of all defendants, My Pillow,
17   Frankspeech and Michael Lindell.
18             THE COURT:  Okay.  All right, Counsel, we're here
19   for a scheduling conference.  I have reviewed your proposed
20   scheduling order and you indicate you will exchange initial
21   disclosures on or before July 22.  Mr. Klower, are you still
22   on track for that deadline?
23             MR. KLOWER:  Yes, Your Honor.
24             THE COURT:  All right.  And Mr. Malone, are you
25   still on track?
```

```
 1              MR. MALONE:  We are, Your Honor.
 2              THE COURT:  Okay, great.  We can jump to section 8
 3    on page 7, your discovery limitations.  At this point you're
 4    not requesting anything beyond the presumptive number of
 5    interrogatories and so I will stick with that number, but
 6    let me ask this, we have multiple defendants.  Are we doing
 7    this on a per side basis or do we need to alter the numbers
 8    based on having multiple defendants?
 9              MR. KLOWER:  I think we're seeking per defendant,
10    with respect to depositions, that number may exceed the
11    presumptive limits overall.
12              THE COURT:  So the plaintiff would seek the
13    ability to serve 25 on each defendant?
14              MR. KLOWER:  That's correct.
15              THE COURT:  All right.  Mr. Malone?
16              MR. MALONE:  That's correct, Your Honor, with the
17    understanding that the defendants would then have the
18    ability to serve their own affirmative discovery on their
19    own behalf.  I think that's -- that was discussed at the
20    scheduling conference or at the -- yeah, at conference with
21    counsel.
22              THE COURT:  Okay.  All right.  Then each party
23    will be limited to serving no more than 25 interrogatories
24    on any other party.  And in terms of depositions, is ten
25    depositions per side sufficient, or Mr. Klower, you're
```

1  suggesting more than that would be necessary?

2        MR. KLOWER:  It may be, Your Honor.  We've listed
3  the individuals we expect to depose obviously at the end of
4  the order.  I believe that number comes out right at ten.
5  It's possible we would need to depose, you know, for
6  example, the CFO of Frankspeech and My Pillow in addition to
7  some of those folks.  So it's possible we could exceed that
8  number overall, but at this time the final list of deponents
9  obviously we haven't established that.

10        THE COURT:  Okay.  Mr. Malone?

11        MR. MALONE:  Ten per side seems sufficient at this
12  juncture from the defendant's perspective.

13        THE COURT:  Okay.  All right.  I'll set that
14  number as ten per side, and if that needs to be adjusted
15  based on how your discovery plays out, I'll entertain a
16  request to augment that number, but I will set that as ten
17  per side for now.

18        With respect to subsection (b), your depositions
19  will be limited to no longer than one day of seven hours
20  each.  Subsection (c), at the top of page 8, each party may
21  serve no more than 25 requests per production and 25
22  requests for admission on any other party.  Subsection (d),
23  your deadline for service of all written discovery will be
24  30 days prior to the discovery cutoff.

25        Moving on to section 9, your case plan and

1  schedule.  Your deadline for joinder of parties and
2  amendment of pleadings will be August 21, 2022.  Your
3  discovery cutoff deadline will be March 6, 2023, and your
4  dispositive motion deadline will be April 5, 2023.
5        Section D regarding expert witnesses, the parties
6  shall designate all affirmative experts on or before January
7  6, 2023, and all rebuttal expert designation shall be made
8  on or before February 6, 2023.  And each side will be
9  limited to no more than three expert witnesses.  That
10 excludes designations of any rebuttal experts.
11       On to section 10 on page 10.  Section 10(a)
12 regarding status conferences.  I won't set a status
13 conference at this time, but I will require the parties to
14 submit a joint status report.  That will be due September
15 30, 2022.  Please refer to my Practice Standards for the
16 required content of the joint status report.
17       Section 10(b), your final pretrial conference.
18 Judge Martinez is your presiding judge and, therefore, I
19 will do your final pretrial conference and my courtroom
20 deputy will provide us a date option.
21       COURTROOM DEPUTY:  We can do that on June 13, 2023
22 at 10:30.
23       THE COURT:  How does that look for plaintiff?
24       MR. KLOWER:  That works for me, Your Honor
25 Charlie, is that okay on your end?

```
 1              THE COURT:  Mr. Malone?
 2              MR. MALONE:  That works for defendants as well.
 3              THE COURT:  Okay.  And that will be telephonic, so
 4   it's a telephonic final pretrial conference set for June 13,
 5   2023 at 10:30 a.m.  As you know, you will need to submit
 6   your proposed final pretrial order seven days before that
 7   date.  I'll review that proposed order in advance.  If you
 8   all have used the correct form order available on the U.S.
 9   District Court's website and if you have completed each
10   section correctly by following the instructions that are
11   provided with each section, and if you have correctly listed
12   and identified your witnesses and exhibits, then I will
13   simply issue the final pretrial order, I'll vacate the
14   conference and I'll give you instructions for getting your
15   trial date from Judge Martinez.
16              On the other hand, if there are issues with what
17   you submit, I will convene the conference, I'll explain what
18   changes you need to make and I'll give you a deadline to
19   resubmit your materials.
20              Please be familiar with Judge Martinez's Practice
21   Standards and please also be familiar with mine primarily
22   concerning how we will address discovery disputes should you
23   have any.  My courtroom deputy will issue a scheduling order
24   that reflects the particulars that we've just gone over.
25              With that, that's all I needed to cover with you
```

```
 1   for purposes of this conference.  Mr. Klower, do you have
 2   any questions or is there a record you need to make on any
 3   issues today?
 4           MR. KLOWER:  No, Your Honor, at this time we don't
 5   have anything else to address on our end.
 6           THE COURT:  All right.  Mr. Malone, any questions
 7   or record?
 8           MR. CAIN:  Could I actually -- I apologize, Your
 9   Honor.  This is Charlie Cain.  Can I ask a question?
10           THE COURT:  Sure.
11           MR. CAIN:  On the expert side of this, our client
12   is an election security expert.  The limitation on expert
13   witnesses, would that include -- I assume that's outside
14   retained experts?
15           THE COURT:  That's correct.
16           MR. CAIN:  Okay, great, thank you.
17           THE COURT:  Sure.  All right.  Mr. Malone, any
18   questions or any record for you?
19           MR. MALONE:  Thank you, Your Honor.  There is one
20   scheduling matter that the defendants would like to raise on
21   this call.  On July 1, defendants received Judge Martinez's
22   order with respect to the motion to dismiss that has been
23   struck.  Plaintiffs have filed an amended complaint that in
24   defendant's view had rendered the motion to dismiss moot and
25   the parties had subsequently stipulated to a July 15
```

```
 1   responsive pleading deadline.
 2           The question that defendants have, Your Honor, is
 3   whether that July 15 stipulated deadline is still in effect
 4   or whether the July 11 deadline of Judge Martinez's order is
 5   in effect for the response.
 6           THE COURT:  He said July 11 as the deadline for
 7   what to occur?
 8           MR. MALONE:  For an amended motion to dismiss the
 9   original complaint, which has been subsequently amended.
10           THE COURT:  It's his order so you probably would
11   need to seek clarification from him as to how he views that
12   deadline that he set.
13           MR. MALONE:  Understood.  Thank you, Your Honor.
14           THE COURT:  Okay.  All right, you're welcome.  All
15   right, Counsel, thank you for your time, I appreciate it,
16   and we will adjourn
17           (Whereupon, the within proceedings concluded at
18   10:40 a.m.)
19
20
21
22
23
24
25
```

9

```
1                    TRANSCRIBER'S CERTIFICATE
2            I certify that the foregoing is a correct
3    transcript, to the best of my knowledge and belief (pursuant
4    to the quality of the recording) from the record of
5    proceedings in the above-entitled matter.
6
7    /s/Dyann Labo                      July 13, 2022
8    Signature of Transcriber           Date
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```