IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129-WJM

ERIC COOMER, Ph.D.,
    Plaintiff

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC,
AND MY PILLOW, INC.,

    Defendants

---

## JOSEPH OLTMANN'S OBJECTION TO PLAINTIFF'S MOTION FOR SUBSTITUTED SERVICE ON COLORADO COUNSEL

---

Comes now Joseph Oltmann, by and through counsel, and hereby tenders his objection to the Plaintiff's Motion to effect substituted service via service on Colorado counsel, on grounds that the Plaintiff has not made diligent efforts to effect service, that service on Colorado counsel is not reasonably calculated to constitute actual notice, and that substituted service of a subpoena may not be made on a non-resident of Colorado. In support, Mr. Oltmann states as follows:

1. The Plaintiff seeks leave to serve a subpoena on Mr. Oltmann by substituted service on his counsel, arguing that such service would be proper because it is "reasonably calculated to provide actual notice" to Mr. Oltmann.

2. The Plaintiff did not make Mr. Oltmann or Mr. Oltmann's counsel aware of the filing, provide a copy of his motion, or afford the subject of the motion an opportunity to object. Counsel became aware of the motion only on Friday, September 23.

3. The Plaintiff's motion details his attempts to serve Mr. Oltmann, none of which was diligent. Mr. Humphries presented himself at PIN Business Networks' offices on September 2,

2022, and advised the receptionist that he "had some paperwork for Mr. Oltmann that needed to be signed for". He did not advise the receptionist that he was a process server, or that he was there to serve a subpoena. It is unclear whether Mr. Oltmann was advised of Mr. Humphries' presence, but in any event, Mr. Oltmann was entitled to disregard an unknown individual who claimed to have some unenumerated "paperwork" for him.

4. On September 14, 2022, when the Plaintiff knew Mr. Oltmann was not present in Colorado (Document 53-2, page 3 of 5), the Plaintiff attempted to make service via the Douglas County Sheriff in Castle Rock. On September 15, and again on September 20, when the Plaintiff knew Mr. Oltmann was not present in Colorado, (Document 53, p. 10, ¶ 18), he again attempted to make service, on each occasion during hours when a working person could not be expected to be found.

5. Further, contrary to the Plaintiff's representations to this Court, counsel does not actively represent Mr. Oltmann *in Coomer v. Donald J. Trump for President, Inc., et. al.*, Denver Dist. Ct. Case No. 2020CV034319, because jurisdiction in that case was transferred to the Colorado Court of Appeals on June 30, 2022, Case Number 2022CA843, 2022CA879 and, as the Plaintiff knows, undersigned counsel is not appellate counsel in the case or involved in the appeal.

6. Finally, in August, 2021, Mr. Oltmann moved his residence from Colorado, and ceased to be a resident of this state. While he conducts business in the State of Colorado, Mr. Oltmann does not reside here.

7. Under Colorado law, substituted service of a subpoena for a non-resident is not permitted.

> C.R.C.P. 4(e)(1) allows personal service on an individual to be made by serving the individual, or a member of the individual's family at his usual place of abode, or his stenographer, bookkeeper, or clerk at his usual place of business. These alternative methods of service set forth in C.R.C.P. 4(e)(1), however, are noticeably absent in C.R.C.P. 4(f)(1).
>
> In contrast, by its plain language, C.R.C.P. 4(f)(1) permits service only by hand delivery to the individual to be served. Thus, "unlike service on residents, non-residents must be served personally, and substituted service is not allowed." 4 R. Hardaway & S. Hyatt,

Colorado Civil Rules Annotated 20 (1985). See 1 C. Krendl, Colorado Methods of Practice § 485 (1989) ("Unlike service within the state, [no] provision is made [in C.R.C.P. 4(f)(1)] for substituted service on family members, clerks and secretaries."). Cf ReMine ex rel. Liley v. District Court, supra (C.R.C.P. 4(f)(1) does not permit service by publication); Merrill Chadwick Co. v. October Oil Co., 725 P.2d 17 (Colo. App. 1986) (interpreting C.R.C.P. 4(e)(1)).

*United Bank of Boulder, N.A. v. Buchanan*, 836 P.2d 473, 477 (Colo.App. 1992)

Wherefore, the Plaintiff's Motion for an Order permitting substituted service on counsel is improper, and should be denied.

Respectfully Submitted this 26th day of September, 2022

/s/ Andrea M. Hall_____

Andrea M. Hall
Hall Law Office, LLC
P.O. Box 2251
Loveland, CO. 80539
(970) 419-8234
andrea@thehalllawoffice.com


## CERTIFICATE OF SERVICE

I, Andrea Hall, certify that on September 26, 2022, I electronically filed the foregoing JOSEPH OLTMANN'S OBJECTION TO PLAINTIFF'S MOTION FOR SUBSTITUTED SERVICE ON COLORADO COUNSEL through the Pacer ECF System, which will serve copies on all counsel of record in this case.

/s/___Andrea M. Hall__