# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129-SKC

ERIC COOMER, PH.D.,

Plaintiff,

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC, AND MY PILLOW, INC.,

Defendants.

---

### DEFENDANTS MICHAEL J. LINDELL, FRANKSPEECH, LLC, AND MY PILLOW'S INC.'S MOTION TO STAY DISCOVERY AND PRE-TRIAL DEADLINES

---

Defendants, Michael James Lindell, Frank Speech, LLC, and My Pillow Inc. by and through their undersigned counsel and pursuant to Rule 26(c), Federal Rules of Civil Procedure, hereby file their Motion to Stay Discovery on Plaintiff's Interrogatory and Request for Production of Documents, and Pre-Trial Deadlines, and in support thereof states as follows:

1. On April 4, 2022 Plaintiff, Eric Coomer, Ph.D., initiated the above-entitled action by filing a Complaint and Jury Demand ("Complaint") in the State of Colorado District Court, Denver County, Colorado, styled as Coomer Ph.D., Eric v. Lindell, Michael J et al., Case No. 2022CV30920 ("the State Court Action").

2. On May 5, 2022, Defendants filed a Notice of Removal, removing the lawsuit to

United States District Court, for the District of Colorado pursuant to U.S.C. §§ 1332 and 1441(b), under diversity of citizenship.

3. On May 27, 2022, Defendants filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure, 12(b)(6).

4. On June 17, 2022, in lieu of filing an opposition to Defendants' motion to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 15(a)(1), Plaintiff filed a first amended complaint against Defendants.

5. On July 7, 2022, Magistrate Judge S. Kato Crews held a Rule 16(b) scheduling conference, and thereafter issued a scheduling order for this lawsuit, setting among other deadlines a an exchange of initial disclosures between the parties on July 22, 2022, and a discovery cutoff of March 6, 2023. The parties have timely exchanged their initial disclosures.

6. On July 14, 2022, Defendants filed a second motion to dismiss Plaintiff's first amended complaint.

7. On August 8, 2022, the case was reassigned to District Judge Wang.

8. On August 11, 2022, Plaintiff filed an opposition to Defendants' motion to dismiss.

9. On August 19, 2022, Plaintiff served extensive Interrogatories and Document Requests to Defendants (see attached as Exhibit A)[1], and on August 29, 2022, Plaintiff served Notice of Subpoenas on three third-parties setting dates for

---

[1] Upon Defendants request, Plaintiff granted Defendants until September 28, 2022 to respond to Plaintiff's discovery requests.

2

deposition over the next two months. On August 19, 2022, Plaintiff also served request for admission to all three Defendants, which Defendants have timely responded to.

10. Defendants' motion to dismiss Plaintiff's complaint is currently pending, and, if granted, Defendants' motion to dismiss fully resolves and dismisses Plaintiff's First Amended Complaint against all Defendants.

11. Based on the claims raised by Plaintiffs' first amended complaint, Defendants believe this case should be dismissed pursuant to Defendants' pending Rule 129(b)(6) motion to dismiss. Defendants would be severely prejudiced if they had to proceed and answer the served interrogatory and request for production of documents, and attend numerous party and third-party depositions all the while Defendant's Motion to Dismiss is still pending. Defendants would also be prejudiced that they would need to proceed to serve discovery requests on Plaintiff in order to meet the Court's current scheduling order deadlines.

12. As such, Defendants request that this Court enter an Order Staying Plaintiff's pending interrogatory and request for production, in addition to staying the scheduling order's Pre-trial Deadlines while Defendants' motion to dismiss is decided by this Court.

## **MEMORANDUM OF LAW**

Federal courts have consistently held that dispositive motions should be resolved prior to the commencement of discovery. *See Chudasama v. Mazda Motor Corp.*, 123

3

F.3d 1353, 1367 (11th Cir. 1997) (holding that "facial challenges to the legal sufficiency of a claim . . . should be resolved before discovery begins [because such disputes] . . . always present a purely legal question"); *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir.1981) (holding that discovery "is not a device to enable plaintiff to make a case when" the complaint lacks legal sufficiency). "A court has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case" *Simpson v. Specialty Retail Concepts, Inc.,* 121 F.R.D. 261, 263 (M.D.N.C. 1988)).

The decision to stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir.1990). The Court's discretion to stay proceedings arises from its power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (*citing Landis v. N. Am. Co.,* 299 U.S. 248, 254, (1936)). The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings; however, Rule 26(c) instructs the court, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

When exercising its discretion to enter a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the Court; (4) the interests of nonparties; and (5) the public interest. *See Fine v. Tumpkin*, Civil Action No. 17-cv-02140-WJM-MEH, 2018 U.S. Dist. LEXIS 3012, at *4

(D. Colo. Jan. 8, 2018); citing to *String Cheese Incident, LLC v. Stylus Shows, Inc.,* No. 02—cv—01934—LTB—PAC, 2006 U.S. Dist. LEXIS 97388, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); and *Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.,* 87 F.R.D. 53, 56 (E.D. Pa. 1980). This case meets the four part test to stay the pending discovery requests.

Regarding prejudice to Plaintiff, although all Plaintiffs have an interest to proceed expediently, this case does not have any unique reasons why Plaintiff would need expedited relief. Furthermore, under the second factor, the burden on Defendants to fully respond to Plaintiff's discovery requests outweighs the few weeks or month it will take the Court to issue its order on the pending motion. This is particularly true as in this case Defendants' motion to dismiss Plaintiff's defamation claim is grounded in First Amendment's immunity and prohibition against infringement of the right to free speech, as applied in N.Y. Times Co. v. Sullivan, 376 U.S. 254.

Regarding the convenience of the Court, the Court would be more efficient to stay discovery until it is clear whether the case will proceed. *See Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 5 (D.D.C. 2001) (staying discovery pending a decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if granted, there will be no need for [further proceedings].") cited *by  Fine v. Tumpkin, Civil Action* No. 17-cv-02140-WJM-MEH, 2018 U.S. Dist. LEXIS 3012, at *6 (D. Colo. Jan. 8, 2018).

Regarding the interest of non-parties, there are currently at least three non-parties

that have been noticed for depositions in this matter, all which will be unnecessary if the Court grants the pending motion. *See Staup v. Wachovia Bank, N.A.*, No. 08-60359-CIV-COHN/SELTZER, 2008 U.S. Dist. LEXIS 31397, at *2 (S.D. Fla. Apr. 16, 2008) (holding, in ruling on a motion to stay discovery, "the Court finds that Defendant should not be required to comply with the initial disclosure requirements of Fed. R. Civ. P. 26(a), and discovery should not commence, until after the Court has issued a ruling on Defendant's Motion to Dismiss, because discovery is not needed for the resolution of this Motion and requiring discovery would impose an undue burden on the Defendant"); *Nankivil v. Lockheed Martin Corp.*, No. 3:02-cv-512-J-21TEM, 2003 U.S. Dist. LEXIS 16771, at *7 (M.D. Fla. Feb. 4, 2003) (staying discovery pending resolution of motions seeking dismissal based on statute of limitations arguments because good cause exists to stay discovery which potentially dispositive motions are before the court); *Feldman v. Flood*, No. 97-51-Civ-J-10C, 1997 U.S. Dist. LEXIS 21857, at *5 (M.D. Fla. Sept. 2, 1997

It is clear that this Court should issue an order staying discovery pending resolution of Defendants' Motion to Dismiss. The issues in this case would be resolved if Defendants' Motion to Dismiss is granted. Thus, allowing the Plaintiff to conduct discovery prior to the resolution of the Defendant's Motion will cause undue burden and expense, and is unnecessary for resolution of the Motion.

WHEREFORE, the Defendants, My Pillow, Inc., Frank Speech, LLC and Michael Lindell, respectfully request that this Court stay Plaintiff's pending discovery until, at which point in time, Defendants' Motion to Dismiss, is decided and any other relief this Court deems just and proper.

**PARKER DANIELS KIBORT LLC**

By: */s/ Abraham S. Kaplan*
    Abraham S. Kaplan (MN Bar #0399507)
    Andrew D. Parker (MN Bar #195042)
    888 Colwell Building
    123 North Third Street
    Minneapolis, Minnesota 55401
    Telephone: (612) 355-4100
    kaplan@parkerdk.com
    parker@parkerdk.com

    *Attorneys for Defendants*

## D. C. COLO. L Civ R 7.1 CERTIFICATION

On September 28, 2022, the undersigned counsel conferred with Plaintiff in a good faith effort to resolve the issues raised in this motion without the need for Court intervention; however, the parties were unable to reach an agreement. Plaintiff's counsel does not agree with the relief sought in the foregoing motion.

                              **PARKER DANIELS KIBORT LLC**

Dated: September 28, 2022        By: */s/ Abraham S. Kaplan*
                                          Abraham S. Kaplan (MN Bar #0399507)
                                          Andrew D. Parker (MN Bar #195042)
                                          888 Colwell Building
                                          123 North Third Street
                                          Minneapolis, Minnesota 55401
                                          Telephone: (612) 355-4100
                                          kaplan@parkerdk.com

parker@parkerdk.com

*Attorneys for Defendants*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via the ECF and by electronic mail to all parties on the following service list on this 28th day of September 2022:

**SERVICE LIST**

**Bradley Adam Kloewer**
Cain & Skarnulis PLLC
101 North F Street
Suite 207
Salida, CO 81201
303-910-2734
Email: bkloewer@cstrial.com

**Charles Joseph Cain**
Cain & Skarnulis PLLC
P. O. Box 1064
Salida, CO 81201
719-530-3011
Fax: 512-477-5011
Email: ccain@cstrial.com

**Steven Bradley Skarnulis**
Cain & Skarnulis PLLC
303 Colorado Street
Suite 2850
Austin, TX 78701
512-477-5000
Fax: 512-477-5011
Email: skarnulis@cstrial.com

**Zachary Hal Bowman**
Cain & Skarnulis PLLC
303 Colorado Street
Suite 2850
Austin, TX 78701
512-477-5000
Fax: 512-477-5011
Email: zbowman@cstrial.com

*Counsel for Plaintiff*

**Abraham S. Kaplan**
Parker Daniels Kibort LLC
888 Colwell Building
123 North Third Street
Minneapolis, MN 55401
612-355-4100
Fax: 612-355-4101
Email: kaplan@parkerdk.com

**Andrew D. Parker**
Parker Daniels Kibort LLC
123 North 3rd Street
Suite 888
Minneapolis, MN 55401
612-355-4100
Fax: 612-355-4101
Email: parker@parkerdk.com

**Jesse Hersch Kibort**
Parker Daniels Kibort LLC
888 Colwell Building
123 North Third Street
Minneapolis, MN 55401
612-355-4100
Fax: 612-355-4101
Email: kibort@parkerdk.com

**R. Scott Reisch**
Reisch Law Firm, LLC
1490 West 121st Avenue
Suite 202
Denver, CO 80234
303-291-0555
Fax: 720-904-5797
Email: scott@reischlawfirm.com

**Ryan Patrick Malone**
Parker Daniels Kibort LLC
123 North 3rd Street
Suite 888
Minneapolis, MN 55401
612-355-4100
Fax: 612-355-4101
Email: malone@parkerdk.com

**Jessica Lynn Hays**
Reisch Law Firm, LLC
1490 West 121st Avenue
Suite 202
Denver, CO 80234
303-291-0555
Fax: 720-904-5797
Email: jessica@reischlawfirm.com