# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-01129-WJM

ERIC COOMER, Ph.D.,
     Plaintiff

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC,
AND MY PILLOW, INC.,
     Defendants

---

**PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT**
**FRANKSPEECH LLC**

---

TO:    Defendant Frankspeech LLC, by and through counsel, Parker | Daniels | Kibort, 888 Colwell Building, 123 North Third Street, Minneapolis, Minnesota 55401

Plaintiff Eric Coomer, Ph.D. serves his first set of written discovery on Defendant FrankSpeech LLC.

The interrogatories are submitted in accordance with Federal Rule of Civil Procedure 33. Your answers to them are to be made and signed by you, separately and in writing. You are requested to answer each interrogatory within thirty (30) days from the date of service. Theses interrogatories are continuing requests. Consequently, if any requested information is subsequently discovered or located, please notify the undersigned attorney immediately, and produce the information to the undersigned as soon thereafter as possible and/or supplement your answers to these discovery requests in accordance with the Federal Rules of Civil Procedure.

The requests for production are submitted in accordance with Federal Rule of Civil Procedure 34. Please produce all documents responsive to the request in electronic or

computer-readable form where readily available and where the software is widely used or easily translatable. All remaining documents responsive to this request may be provided for photocopying. You are requested to produce for inspection and copying the documents responsive to the request within thirty (30) days after service of this request for production. If any document responsive to a request for production was at one time in existence, but is no longer in existence, please state so, describing the document, its contents, the identity of its author(s) and recipient(s) and the circumstances of its destruction or disposal. These requests are continuing requests. Consequently, if any requested information is subsequently discovered or located, please notify the undersigned attorney immediately, and produce the information to the undersigned as soon thereafter as possible.

The requests for admission are submitted in accordance with Federal Rule of Civil Procedure 36. You are requested to respond to each request within thirty (30) days from the date of service.

A failure to respond to these requests in good faith, whether through a total refusal to respond or through submission of evasive or otherwise misleading answers, can lead the Court to impose sanctions for discovery abuse.

Respectfully submitted,

_____/s/ Charles J. Cain_____

Charles J. Cain, No. 51020
ccain@cstrial.com
Bradley A. Kloewer, No. 50565
bkloewer@cstrial.com
Steve Skarnulis
skarnulis@cstrial.com
Zachary H. Bowman
zbowman@cstrial.com
**Cain & Skarnulis PLLC**
P. O. Box 1064/101 N. F Street, Suite 207
Salida, Colorado 81201
and
303 Colorado Street, Suite 2850
Austin, Texas 78701
719-530-3011/512-477-5011 (Fax)

Thomas J. Rogers III, No. 28809
trey@rklawpc.com
Mark Grueskin, No. 14621
mark@rklawpc.com
**RechtKornfeld PC**
1600 Stout Street, Suite 1400
Denver, Colorado 80202
303-573-1900
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on

Defendants' counsel via email on this 19th day of August 2022:

R. Scott Reisch (CO Bar # 26892)
scott@reischlawfirm.com

Jessica L. Hays (CO Bar # 53905)
jessica@reischlawfirm.com

Andrew D. Parker (MN Bar #195042)
parker@parkerdk.com

Abraham S. Kaplan (MN Bar #399507)
kaplan@parkerdk.com

Jesse H. Kibort (MN Bar #328595)
kibort@parkerdk.com

Ryan Malone (MN Bar # 395795)
malone@parkerdk.com


_____*/s/ Charles J. Cain*_____
Charles J. Cain

## DEFINITIONS

1. "Plaintiff" or "Dr. Coomer" means Eric Coomer, Ph.D., as well as any and all current or former agents, servants, employees, predecessors, successors, assigns, sureties, attorneys, affiliates, or representatives acting for or on his behalf.

2. "Defendants" collectively means Michael J. Lindell, FrankSpeech LLC, and My Pillow, Inc., as well as any and all current or former officials, agents, servants, employees, attorneys, affiliates, or representatives acting for or on Defendants' behalf.

3. "FrankSpeech," "you," or "your" means FrankSpeech LLC, as well as any and all current or former officials, agents, servants, employees, attorneys, affiliates, or representatives acting for or on its behalf.

4. "Lindell" means Michael J. Lindell, as well as any and all current or former officials, agents, servants, employees, attorneys, affiliates, or representatives acting for or on his behalf.

5. "My Pillow" means My Pillow, Inc., as well as any and all current or former officials, agents, servants, employees, attorneys, affiliates, or representatives acting for or on its behalf.

6. "Cyber Symposium" means the event promoted as Mike Lindell's Cyber Symposium, held from August 10-12, 2021, in Sioux Falls, South Dakota.

7. "Oltmann" means Joseph (Joe) Oltmann, as well as any and all current or former agents, servants, employees, predecessors, successors, assigns, sureties, attorneys, affiliates, or representatives acting for or on his behalf.

8. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity and all predecessors or successors in interest.

9. "Communication" means any oral or written communication of which you have knowledge, information, or belief.

10. "Document" or "documents" mean any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally produced, including without limitation, agreements, contracts, warranties, insurance policies, forms, acknowledgments, invoices, letters, correspondence, memoranda, telegraphs, notes, reports, compilations, electronically stored data, emails, notebooks, appointment books, calendars, work papers, worksheets, photographs, diaries, minutes of meetings, magnetic tape, movie files, microfilm, microfiche, videotapes, print out sheets, summaries or records of telephone conversations, personal conversations or interviews and any and all other writings, typings, printouts, drafts, copies and/or mechanical electronic, or photographic

reproductions or recordations thereof in your, your agent's, or your attorney's possession, custody, or control, or known to you whether or not prepared by you. "Document" or "documents" also includes all copies that are not identical to the originals, such as those bearing marginal comments, alterations, or other notations not present on the original as originally written, typed, or otherwise prepared.

11.   "Identity" and "identify" unless otherwise indicated, means with respect to an individual to give the following information:

(a)   full name;

(b)   present or last known home address and phone number;

(c)   present or last known business address and phone number; and

(d)   title, if any.

12.   "Identity" and "identify" unless otherwise indicated, when used with respect to any act, activity, practice, effort, event, transaction, discussion, conversation, occurrence, meeting, agreement, or communication means to:

(a)   describe the nature and substance of the act, activity, practice, effort, event, transaction, negotiation, discussion, conversation, occurrence, meeting, agreement, or communication;

(b)   give the date when and place where it occurred;

(c)   identify each person who was a participant therein;

(d)   identify each other person who was a witness thereto; and

(e)   if any such event is claimed to be privileged or work product, in addition to the foregoing information, state as to each:

(i)   a general description thereof, without revealing the specific information as to which privilege is claimed; and

(ii)   the basis on which the claim of privilege is asserted.

13.   "Relating to," "referring to," or "concerning" mean including, summarizing, demonstrating, constituting, reflecting, containing, studying, analyzing, considering, explaining, mentioning, showing, discussing, describing, commenting upon, resulting from, prepared for or used in connection with.

14.   "State" and "describe" mean to set forth a complete and detailed statement of all information, circumstances, and facts that related to the matter about which information is requested.

## INSTRUCTIONS

1.   Unless otherwise specified herein, each request relates to, covers, and requests information and documents from January 1, 2014 to present.

2.   If a claim of privilege is asserted with respect to any discovery request, in whole or in part, or you refuse to answer any discovery request on any other ground, specify the exact basis for your claim that such discovery request need not be answered.  If the refusal is based on an assertion of privilege, pursuant to Federal Rule of Civil Procedure 26(b)(5), produce a privilege log to:

     (a)   describe the items withheld such that the parties can assess the applicability of the privilege; and
     (b)   assert a specific privilege for each item or group of items withheld.

3.   If, in answering any of the interrogatories, you contend or believe that there is any ambiguity in construing either the request or the applicable definition or instruction, set forth in the answer to such interrogatory the matter deemed ambiguous and the construction, if any, selected or used in answering the request.

4.   Each request for production is to secure documents in the possession, custody, or control of you, or your agents, employees, officers, investigators, consultants, and other representatives.  When a request for production is directed to you, it is also directed to each of these persons.

5.   In those instances when requested information is stored only on software or other data compilations, you should either produce the raw data along with all codes and programs for translating it into usable form or produce the information in a finished usable form, which would include all necessary glossaries, keys, and indices for interpretation of the material.

6.   In making documents available, all documents which are physically attached to each other in files shall be made available in this form.  Documents which are segregated or separated from other documents whether by inclusion in binders, files, sub-files, or by use of dividers, tabs, or any other method, shall be made available in that form.  Documents shall be made available in the order in which they were maintained.

7.   If any portion of a document is responsive to a request, the entire document should be produced.  If documents that are produced in response to a request are normally kept in a file or other folder, then also produce that file or folder with any labels attached thereto.

8.   If a request calls for the production of a document that no longer exists, cannot be located, has been placed beyond your control, or otherwise disposed of, set forth with respect to each such document:

(a)     the author of the document;

(b)     the addressee, if any, and those persons, if any, who have seen or received a copy of the document or who are specified in the document to receive a copy thereof;

(c)     the title of the document, if any, or other identifying data;

(d)     the type of document (*i.e.*, letter, memorandum); and

(e)     a summary of its nature and subject matter.

9.     With respect to production of e-mails or other electronic communications, the data is hereby requested in the following format:

(a)     OCR multipage text files, in a folder named "OCR";

(b)     Load file .opt or .log;

(c)     Metadata associated with the documents in a .dat file;

(d)     Native File;

(e)     Summation Load File (.dii), Concordance Load File (.dat), Ipro Load File (.lfp); and

(f)     Metadata, including:

| | | | |
|---|---|---|---|
| 1. | To | 11. | Date Created |
| 2. | From | 12. | Date Modified |
| 3. | CC | 13. | Date Printed |
| 4. | BCC | 14. | Filename |
| 5. | Date/Time Sent | 15. | MD5/SHA1 Hash Value |
| 6. | Date/Time Received | 16. | Author |
| 7. | Subject | 17. | Organization |
| 8. | Attachment File name | 18. | Title |
| 9. | Email/Attachment Relationship Information | 19. | File Size |
| | | 20. | Custodian |
| 10. | Message ID | 21. | Source |

## INTERROGATORIES

1. Identify every individual responsible for building, creating, designing, editing, producing, coding, or publishing the FrankSpeech website.

2. Identify every individual or entity responsible for managing FrankSpeech's finances, including, but not limited to, FrankSpeech's Chief Financial Officer.

3. Identify every individual who has provided FrankSpeech with any information relating to Dr. Coomer, and state the nature of the information, the date of receipt, and the means by which it was provided to you.

4. Identify every individual who has provided FrankSpeech with any information regarding the adjudication function of Dominion Voting machines, and state the nature of the information, the date of receipt, and the means by which it was provided to you.

5. Describe the process FrankSpeech undertakes to confirm the accuracy of information it publishes prior to publication.

6. Identify every individual or entity who provided funding to create, establish, or build FrankSpeech, including, but not limited to, all current shareholders of FrankSpeech.

7. Identify every individual or entity that publishes content on the FrankSpeech website.

8. Identify the means by which FrankSpeech tracks and quantifies engagement from users of the FrankSpeech website.

9. Identify every instance when Dr. Coomer has been referenced on the FrankSpeech website, including, but not limited to, content produced by FrankSpeech, content created by third parties and hosted by FrankSpeech, or comments from FrankSpeech users on any publication hosted on the FrankSpeech website.

10. Identify every media outlet, social media platform, website, TV channel, radio channel, or any individual or entity that has aired advertisements for FrankSpeech in Colorado from October 1, 2020 until the present.

11. Identify the author(s) of any content produced by FrankSpeech, and published on the FrankSpeech website, that references Dr. Coomer.

12. Do you contend that you did not publish any of the statements at issue in this dispute? If so, state the factual basis for that contention.

## REQUESTS FOR PRODUCTION

Please produce the following:

1.  All communications between anyone acting on FrankSpeech's behalf and Oltmann between October 1, 2020 and the present including, but not limited to, all written communications relating to Dr.  Coomer.

2.  All communications between anyone acting on FrankSpeech's behalf and Oltmann between October 1, 2020 and the present including, but not limited to, all written communications relating to Dominion Voting Systems.

3.  All documents and communications pertaining to any instance when FrankSpeech has removed any third party content from its website without the knowledge or consent of the third party who published the material at issue.

4.  All policies and procedures for ensuring the accuracy of information published on the FrankSpeech website or on any of FrankSpeech's live broadcasts.

5.  All documents and communications relating to information which FrankSpeech chose not to publish upon determining that it was false or otherwise unreliable.

6.  All documents and communications between March 1, 2021 and the present tracking user engagement with the FrankSpeech website, including, but not limited to, daily visitor counts.

7.  All documents describing, tracking, or quantifying engagement with Oltmann's podcast, Conservative Daily, on the FrankSpeech website.

8.  All documents and communications relating to ad revenue collected by the FrankSpeech between March 1, 2021, and the present.

9.  All documents and communications relating to viewership of the Cyber Symposium on the FrankSpeech website, including, but not limited to, visitor counts throughout the entire Cyber Symposium.

10. All documents and communications relating to viewership of the Cyber Symposium on the FrankSpeech website, including, but not limited to, viewer counts throughout the entire Cyber Symposium.

11. All documents relating to any past, present, or potential future business relationship with My Pillow, including, but not limited to, any loan agreements, advertising agreements, profit sharing agreements, or any other document or communication reflecting a working relationship with My Pillow.

12.   All documents or communications reflecting any retractions that FrankSpeech has made relating to any claims published by FrankSpeech about Dr. Coomer.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-01129-WJM

ERIC COOMER, Ph.D.,
     Plaintiff

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC,
AND MY PILLOW, INC.,
     Defendants

---

**PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT**
**MICHAEL J. LINDELL**

---

TO:    Defendant Michael J. Lindell, by and through counsel, Parker | Daniels | Kibort, 888 Colwell Building, 123 North Third Street, Minneapolis, Minnesota 55401

Plaintiff Eric Coomer, Ph.D. serves his first set of written discovery on Defendant Michael J. Lindell.

The interrogatories are submitted in accordance with Federal Rule of Civil Procedure 33. Your answers to them are to be made and signed by you, separately and in writing. You are requested to answer each interrogatory within thirty (30) days from the date of service. Theses interrogatories are continuing requests. Consequently, if any requested information is subsequently discovered or located, please notify the undersigned attorney immediately, and produce the information to the undersigned as soon thereafter as possible and/or supplement your answers to these discovery requests in accordance with the Federal Rules of Civil Procedure.

The requests for production are submitted in accordance with Federal Rule of Civil Procedure 34. Please produce all documents responsive to the request in electronic or

computer-readable form where readily available and where the software is widely used or easily translatable.  All remaining documents responsive to this request may be provided for photocopying.  You are requested to produce for inspection and copying the documents responsive to the request within thirty (30) days after service of this request for production.  If any document responsive to a request for production was at one time in existence, but is no longer in existence, please state so, describing the document, its contents, the identity of its author(s) and recipient(s) and the circumstances of its destruction or disposal.  These requests are continuing requests.  Consequently, if any requested information is subsequently discovered or located, please notify the undersigned attorney immediately, and produce the information to the undersigned as soon thereafter as possible.

The requests for admission are submitted in accordance with Federal Rule of Civil Procedure 36.  You are requested to respond to each request within thirty (30) days from the date of service.

A failure to respond to these requests in good faith, whether through a total refusal to respond or through submission of evasive or otherwise misleading answers, can lead the Court to impose sanctions for discovery abuse.

Respectfully submitted,

_____*/s/ Charles J. Cain*_____
Charles J. Cain, No. 51020
ccain@cstrial.com
Bradley A. Kloewer, No. 50565
bkloewer@cstrial.com
Steve Skarnulis
skarnulis@cstrial.com
Zachary H. Bowman
zbowman@cstrial.com
**Cain & Skarnulis PLLC**
P. O. Box 1064/101 N. F Street, Suite 207
Salida, Colorado 81201
and
303 Colorado Street, Suite 2850
Austin, Texas 78701
719-530-3011/512-477-5011 (Fax)

Thomas J. Rogers III, No. 28809
trey@rklawpc.com
Mark Grueskin, No. 14621
mark@rklawpc.com
**RechtKornfeld PC**
1600 Stout Street, Suite 1400
Denver, Colorado 80202
303-573-1900
**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on

Defendants' counsel via email on this 19th day of August 2022:

R. Scott Reisch (CO Bar # 26892)
scott@reischlawfirm.com

Jessica L. Hays (CO Bar # 53905)
jessica@reischlawfirm.com

Andrew D. Parker (MN Bar #195042)
parker@parkerdk.com

Abraham S. Kaplan (MN Bar #399507)
kaplan@parkerdk.com

Jesse H. Kibort (MN Bar #328595)
kibort@parkerdk.com

Ryan Malone (MN Bar # 395795)
malone@parkerdk.com

_____/s/ Charles J. Cain_____
Charles J. Cain

## DEFINITIONS

1.  "Plaintiff" or "Dr. Coomer" means Eric Coomer, Ph.D., as well as any and all current or former agents, servants, employees, predecessors, successors, assigns, sureties, attorneys, affiliates, or representatives acting for or on his behalf.

2.  "Defendants" collectively means Michael J. Lindell, FrankSpeech LLC, and My Pillow, Inc., as well as any and all current or former officials, agents, servants, employees, attorneys, affiliates, or representatives acting for or on Defendants' behalf.

3.  "Lindell," "you," or "your" means Michael J. Lindell, as well as any and all current or former officials, agents, servants, employees, attorneys, affiliates, or representatives acting for or on his behalf.

4.  "FrankSpeech" means FrankSpeech LLC, as well as any and all current or former officials, agents, servants, employees, attorneys, affiliates, or representatives acting for or on its behalf.

5.  "My Pillow" means My Pillow, Inc., as well as any and all current or former officials, agents, servants, employees, attorneys, affiliates, or representatives acting for or on its behalf.

6.  "Cyber Symposium" means the event promoted as Mike Lindell's Cyber Symposium, held from August 10-12, 2021, in Sioux Falls, South Dakota.

7.  "Oltmann" means Joseph (Joe) Oltmann, as well as any and all current or former agents, servants, employees, predecessors, successors, assigns, sureties, attorneys, affiliates, or representatives acting for or on his behalf.

8.  "Allied Security Operations Group" or "ASOG" means the Allied Security Operations Group, as well as any and all current or former officials, agents, servants employees, attorneys, affiliates, or representatives acting for or on its behalf, including, but not limited to, Russell Ramsland, Phil Waldron, Joshua Merritt, Conan James Hayes, Charles Bundren, Jeffrey Lenberg, Larry Marso, Jeff O'Donnell, and Walter Daugherty.

9.  "Red Team" means the group of individuals who worked on your behalf at the Cyber Symposium to identify evidence of potential fraud in the 2020 election, including, but not limited to, Phil Waldron, Joshua Merritt, Doug Logan, Ron Watkins, Conan James Hayes, Mark Cook, Shawn Smith, and Lisa Draza.

10. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity and all predecessors or successors in interest.

11.     "Communication" means any oral or written communication of which you have knowledge, information, or belief.

12.     "Document" or "documents" mean any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally produced, including without limitation, agreements, contracts, warranties, insurance policies, forms, acknowledgments, invoices, letters, correspondence, memoranda, telegraphs, notes, reports, compilations, electronically stored data, emails, notebooks, appointment books, calendars, work papers, worksheets, photographs, diaries, minutes of meetings, magnetic tape, movie files, microfilm, microfiche, videotapes, print out sheets, summaries or records of telephone conversations, personal conversations or interviews and any and all other writings, typings, printouts, drafts, copies and/or mechanical electronic, or photographic reproductions or recordations thereof in your, your agent's, or your attorney's possession, custody, or control, or known to you whether or not prepared by you. "Document" or "documents" also includes all copies that are not identical to the originals, such as those bearing marginal comments, alterations, or other notations not present on the original as originally written, typed, or otherwise prepared.

13.     "Identity" and "identify" unless otherwise indicated, means with respect to an individual to give the following information:

(a)     full name;
(b)     present or last known home address and phone number;
(c)     present or last known business address and phone number; and
(d)     title, if any.

14.     "Identity" and "identify" unless otherwise indicated, when used with respect to any act, activity, practice, effort, event, transaction, discussion, conversation, occurrence, meeting, agreement, or communication means to:

(a)     describe the nature and substance of the act, activity, practice, effort, event, transaction, negotiation, discussion, conversation, occurrence, meeting, agreement, or communication;
(b)     give the date when and place where it occurred;
(c)     identify each person who was a participant therein;
(d)     identify each other person who was a witness thereto; and
(e)     if any such event is claimed to be privileged or work product, in addition to the foregoing information, state as to each:
        (i)     a general description thereof, without revealing the specific information as to which privilege is claimed; and
        (ii)    the basis on which the claim of privilege is asserted.

15.     "Relating to," "referring to," or "concerning" mean including, summarizing, demonstrating, constituting, reflecting, containing, studying, analyzing, considering, explaining, mentioning, showing, discussing, describing, commenting upon, resulting from, prepared for or used in connection with.

16.     "State" and "describe" mean to set forth a complete and detailed statement of all information, circumstances, and facts that related to the matter about which information is requested.

# INSTRUCTIONS

1.      Unless otherwise specified herein, each request relates to, covers, and requests information and documents from January 1, 2014 to present.

2.      If a claim of privilege is asserted with respect to any discovery request, in whole or in part, or you refuse to answer any discovery request on any other ground, specify the exact basis for your claim that such discovery request need not be answered.  If the refusal is based on an assertion of privilege, pursuant to Federal Rule of Civil Procedure 26(b)(5), produce a privilege log to:

   (a)      describe the items withheld such that the parties can assess the applicability of the privilege; and
   (b)      assert a specific privilege for each item or group of items withheld.

3.      If, in answering any of the interrogatories, you contend or believe that there is any ambiguity in construing either the request or the applicable definition or instruction, set forth in the answer to such interrogatory the matter deemed ambiguous and the construction, if any, selected or used in answering the request.

4.      Each request for production is to secure documents in the possession, custody, or control of you, or your agents, employees, officers, investigators, consultants, and other representatives.  When a request for production is directed to you, it is also directed to each of these persons.

5.      In those instances when requested information is stored only on software or other data compilations, you should either produce the raw data along with all codes and programs for translating it into usable form or produce the information in a finished usable form, which would include all necessary glossaries, keys, and indices for interpretation of the material.

6.      In making documents available, all documents which are physically attached to each other in files shall be made available in this form.  Documents which are segregated or separated from other documents whether by inclusion in binders, files, sub-files, or by use of dividers, tabs, or any other method, shall be made available in that form.  Documents shall be made available in the order in which they were maintained.

7.      If any portion of a document is responsive to a request, the entire document should be produced.  If documents that are produced in response to a request are normally kept in a file or other folder, then also produce that file or folder with any labels attached thereto.

8.      If a request calls for the production of a document that no longer exists, cannot be located, has been placed beyond your control, or otherwise disposed of, set forth with respect to each such document:

(a)    the author of the document;

(b)    the addressee, if any, and those persons, if any, who have seen or received a copy of the document or who are specified in the document to receive a copy thereof;

(c)    the title of the document, if any, or other identifying data;

(d)    the type of document (*i.e.*, letter, memorandum); and

(e)    a summary of its nature and subject matter.

9.    With respect to production of e-mails or other electronic communications, the data is hereby requested in the following format:

(a)    OCR multipage text files, in a folder named "OCR";

(b)    Load file .opt or .log;

(c)    Metadata associated with the documents in a .dat file;

(d)    Native File;

(e)    Summation Load File (.dii), Concordance Load File (.dat), Ipro Load File (.lfp); and

(f)    Metadata, including:

| 1. | To | 11. | Date Created |
|---|---|---|---|
| 2. | From | 12. | Date Modified |
| 3. | CC | 13. | Date Printed |
| 4. | BCC | 14. | Filename |
| 5. | Date/Time Sent | 15. | MD5/SHA1 Hash Value |
| 6. | Date/Time Received | 16. | Author |
| 7. | Subject | 17. | Organization |
| 8. | Attachment File name | 18. | Title |
| 9. | Email/Attachment Relationship Information | 19. | File Size |
| | | 20. | Custodian |
| 10. | Message ID | 21. | Source |

## INTERROGATORIES

1.  Identify all means of communication that you have utilized to communicate with Oltmann, including, but not limited to, any email addresses, telephone numbers, messaging platforms, messaging apps, or social media applications.

2.  Identify all individuals who have ever provided you any information relating to Dr. Coomer, and state the nature of the information, the date of receipt, and the means by which it was provided to you.

3.  Identify every individual who has ever given you any information about the adjudication function of Dominion Voting machines, and state the nature of the information, the date of receipt, and the means by which it was provided to you.

4.  Identify all individuals who traveled on your airplane, tail number N356ML, either to or from the Cyber Symposium held in Sioux Falls, South Dakota from August 10-12, 2021.

5.  Identify the specific actions you believe Dr. Coomer took to manipulate, alter, or otherwise interfere with the 2020 presidential election results, and identify the specific evidence that you are relying on in making that determination.

6.  Identify all the steps you took, if any, to investigate and verify Oltmann's claims about Dr. Coomer prior to his appearance at the Cyber Symposium.

7.  Identify every individual you believe is responsible for rigging the 2020 presidential election.

8.  Identify every foreign nation you believe interfered with the 2020 presidential election, and specifically identify which evidence you are relying on in making that determination.

9.  Identify every fact you are aware of regarding the "Antifa call," and identify any evidence supporting the existence of those facts, including, but not limited to, your knowledge regarding the date of the call's occurrence, the platform on which it occurred, the other participants on the call, the means by which Oltmann allegedly accessed the call, the topics discussed on the call, and whether or not a recording of the call exists.

10. Identify all circumstances surrounding your relationship with Ron Watkins (aka Code Monkey Z, aka Q), including, but not limited to, when and how you met, Mr. Watkins' involvement with the Cyber Symposium, and your knowledge of Mr. Watkins' involvement with the QAnon conspiracy theory.

11. Describe the circumstances surrounding when and how you first became aware of Oltmann's claims about Dr. Coomer.

12.     Identify every public event where you have appeared with Oltmann between October 1, 2020 and the present.

13.     Identify every election related public speaking engagement from October 1, 2020 until the present where you have identified yourself as either the "CEO of MyPillow" or the "MyPillow guy."

14.     Identify every instance when you have provided sworn testimony, via either a written affidavit or through a sworn deposition, between October 1, 2020, and the present.

15.     Identify the specific factual basis for your published statements describing Dr. Coomer as "treasonous," "a traitor to the United States of America," and "a criminal."

16.     Identify the number of viewers of the Cyber Symposium and state the basis for that calculation, including, but not limited to, the number of in-person attendees for the Cyber Symposium and the number of online viewers of the Cyber Symposium.

17.     Identify all evidence in your possession which purports to show widespread fraud in the 2020 election.

18.     Describe your itinerary on January 6, 2021, including, but not limited to, identifying your physical whereabouts throughout the day, the individuals you met with and when, and the topics you discussed.

19.     On April 2, 2022, you stated that television stations around the country were refusing to air advertisements for MyPillow if you appeared in them.[1]  State the factual basis for that claim, and identify all documents or communications in your possession that support the claim.

---

[1] *See* Natalie Colarossi, *Mike Lindell Claims TV Stations Canceling His Ads With Him In Them*, NEWSWEEK, Apr. 2, 2022, https://www.newsweek.com/mike-lindell-claims-tv-stations-canceling-his-ads-him-them-1694488

## REQUESTS FOR PRODUCTION

Please produce the following:

1.   All communications about Dr. Coomer and/or Dominion Voting Systems between You and any employee or agent of Defendant FrankSpeech, LLC.

2.   All communications about Dr. Coomer and/or Dominion Voting Systems between You and any employee or agent of Defendant My Pillow, Inc.

3.   All communications about Dr. Coomer and/or Dominion Voting Systems between You and any other Defendant in any of the related defamation lawsuits filed by Dr. Coomer, and as identified by Plaintiff's Notice of Related Cases [Document No. 22, June 17, 2022], and Plaintiff's First Supplemental Notice of Related Cases [Document No. 46, Aug. 19, 2022].

4.   All broadcasts and publications of you containing any statements relating to Dr. Coomer.

5.   All evidence of any retractions you have made with respect to statements relating to Dr. Coomer.

6.   All documents and communications relating to any investigation you made regarding the allegations about Dr. Coomer made by Oltmann.

7.   All documents and communications specifically linking Dr. Coomer to specific acts of interference, manipulation, or alteration of the 2020 presidential election results.

8.   All documents and communications describing any theory by which Dr. Coomer could have personally interfered with, manipulated, or altered the 2020 presidential election results.

9.   All documents and communications alleging, describing, or purporting to contain evidence of election fraud provided to you by Dennis Montgomery or Mary Fanning between October 1, 2020 and the present.

10.  All documents and communications corroborating the occurrence of the "Antifa call" which Oltmann alleges he overheard.

11.  All written communications relating to Dr. Coomer or Dominion Voting Systems with Randy Corporon, the Law Offices of Randy B. Corporon PC, or anyone acting on their behalf between October 1, 2020 and the present.

12. All written communications relating to Dr. Coomer or Dominion Voting Systems with Joey Camp (aka Jojo Camp; Joseph A. Camp; Your Daddy Joey; Joey Camp 2020; or The Researcher) or anyone acting on his behalf between October 1, 2020 and the present.

13. All written communications relating to Dr. Coomer or Dominion Voting Systems with Gen. Michael Flynn, or anyone acting on his behalf, between October 1, 2020 and the present.

14. All written communications relating to Dr. Coomer or Dominion Voting Systems with L. Todd Wood, or anyone acting on his behalf, between October 1, 2020 and the present.

15. All communications between October 1, 2020 and the present with anyone currently or formerly employed by or affiliated with the Allied Security Operations Group.

16. All documents provided to attendees of the Cyber Symposium, including, but not limited to, any invitations, promotional materials, informational packets, and follow up communications after the conclusion of the Cyber Symposium.

17. All communications from and between individuals working on the Red Team between August 1, 2021 and August 31, 2021.

18. All documents related to the $5,000,000 reward offered for proof that the cyber data presented at the Cyber Symposium was not valid data from the November 2020 election, including, but not limited to, the terms and conditions for the reward.

19. All pilot logs, aircraft logbooks, or any other documents containing records of the passengers on your airplane, tail number N356ML, for any and every flight where Oltmann was a passenger between October 1, 2020 and the present.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-01129-WJM

ERIC COOMER, Ph.D.,
      Plaintiff

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC,
AND MY PILLOW, INC.,
      Defendants

---

**PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT**
**MY PILLOW, INC.**

---

TO:    Defendant My Pillow, Inc., by and through counsel, Parker | Daniels | Kibort, 888 Colwell Building, 123 North Third Street, Minneapolis, Minnesota 55401

    Plaintiff Eric Coomer, Ph.D. serves his first set of written discovery on Defendant My Pillow, Inc.

    The interrogatories are submitted in accordance with Federal Rule of Civil Procedure 33. Your answers to them are to be made and signed by you, separately and in writing. You are requested to answer each interrogatory within thirty (30) days from the date of service. Theses interrogatories are continuing requests. Consequently, if any requested information is subsequently discovered or located, please notify the undersigned attorney immediately, and produce the information to the undersigned as soon thereafter as possible and/or supplement your answers to these discovery requests in accordance with the Federal Rules of Civil Procedure.

    The requests for production are submitted in accordance with Federal Rule of Civil Procedure 34. Please produce all documents responsive to the request in electronic or

computer-readable form where readily available and where the software is widely used or easily translatable. All remaining documents responsive to this request may be provided for photocopying. You are requested to produce for inspection and copying the documents responsive to the request within thirty (30) days after service of this request for production. If any document responsive to a request for production was at one time in existence, but is no longer in existence, please state so, describing the document, its contents, the identity of its author(s) and recipient(s) and the circumstances of its destruction or disposal. These requests are continuing requests. Consequently, if any requested information is subsequently discovered or located, please notify the undersigned attorney immediately, and produce the information to the undersigned as soon thereafter as possible.

The requests for admission are submitted in accordance with Federal Rule of Civil Procedure 36. You are requested to respond to each request within thirty (30) days from the date of service.

A failure to respond to these requests in good faith, whether through a total refusal to respond or through submission of evasive or otherwise misleading answers, can lead the Court to impose sanctions for discovery abuse.

Respectfully submitted,

_____/s/ Charles J. Cain_____

Charles J. Cain, No. 51020
ccain@cstrial.com
Bradley A. Kloewer, No. 50565
bkloewer@cstrial.com
Steve Skarnulis
skarnulis@cstrial.com
Zachary H. Bowman
zbowman@cstrial.com
**Cain & Skarnulis PLLC**
P. O. Box 1064/101 N. F Street, Suite 207
Salida, Colorado 81201
and
303 Colorado Street, Suite 2850
Austin, Texas 78701
719-530-3011/512-477-5011 (Fax)

Thomas J. Rogers III, No. 28809
trey@rklawpc.com
Mark Grueskin, No. 14621
mark@rklawpc.com
**RechtKornfeld PC**
1600 Stout Street, Suite 1400
Denver, Colorado 80202
303-573-1900
**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on

Defendants' counsel via email on this 19th day of August 2022:

R. Scott Reisch (CO Bar # 26892)
scott@reischlawfirm.com

Jessica L. Hays (CO Bar # 53905)
jessica@reischlawfirm.com

Andrew D. Parker (MN Bar #195042)
parker@parkerdk.com

Abraham S. Kaplan (MN Bar #399507)
kaplan@parkerdk.com

Jesse H. Kibort (MN Bar #328595)
kibort@parkerdk.com

Ryan Malone (MN Bar # 395795)
malone@parkerdk.com

_____/s/ Charles J. Cain_____
Charles J. Cain

## DEFINITIONS

1. "Plaintiff" or "Dr. Coomer" means Eric Coomer, Ph.D., as well as any and all current or former agents, servants, employees, predecessors, successors, assigns, sureties, attorneys, affiliates, or representatives acting for or on his behalf.

2. "Defendants" collectively means Michael J. Lindell, Frankspeech LLC, and My Pillow, Inc., as well as any and all current or former officials, agents, servants, employees, attorneys, affiliates, or representatives acting for or on Defendants' behalf.

3. "My Pillow," "you," or "your" means My Pillow, Inc., as well as any and all current or former officials, agents, servants, employees, attorneys, affiliates, or representatives acting for or on its behalf.

4. "Lindell" means Michael J. Lindell, as well as any and all current or former officials, agents, servants, employees, attorneys, affiliates, or representatives acting for or on his behalf.

5. "FrankSpeech" means FrankSpeech LLC, as well as any and all current or former officials, agents, servants, employees, attorneys, affiliates, or representatives acting for or on its behalf.

6. "Cyber Symposium" means the event promoted as Mike Lindell's Cyber Symposium, held from August 10-12, 2021, in Sioux Falls, South Dakota.

7. "Oltmann" means Joseph (Joe) Oltmann, as well as any and all current or former agents, servants, employees, predecessors, successors, assigns, sureties, attorneys, affiliates, or representatives acting for or on his behalf.

8. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity and all predecessors or successors in interest.

9. "Communication" means any oral or written communication of which you have knowledge, information, or belief.

10. "Document" or "documents" mean any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally produced, including without limitation, agreements, contracts, warranties, insurance policies, forms, acknowledgments, invoices, letters, correspondence, memoranda, telegraphs, notes, reports, compilations, electronically stored data, emails, notebooks, appointment books, calendars, work papers, worksheets, photographs, diaries, minutes of meetings, magnetic tape, movie files, microfilm, microfiche, videotapes, print out sheets, summaries or records of telephone conversations, personal conversations or interviews and any and all other writings, typings, printouts, drafts, copies and/or mechanical electronic, or photographic

reproductions or recordations thereof in your, your agent's, or your attorney's possession, custody, or control, or known to you whether or not prepared by you. "Document" or "documents" also includes all copies that are not identical to the originals, such as those bearing marginal comments, alterations, or other notations not present on the original as originally written, typed, or otherwise prepared.

11.   "Identity" and "identify" unless otherwise indicated, means with respect to an individual to give the following information:

(a)   full name;
(b)   present or last known home address and phone number;
(c)   present or last known business address and phone number; and
(d)   title, if any.

12.   "Identity" and "identify" unless otherwise indicated, when used with respect to any act, activity, practice, effort, event, transaction, discussion, conversation, occurrence, meeting, agreement, or communication means to:

(a)   describe the nature and substance of the act, activity, practice, effort, event, transaction, negotiation, discussion, conversation, occurrence, meeting, agreement, or communication;
(b)   give the date when and place where it occurred;
(c)   identify each person who was a participant therein;
(d)   identify each other person who was a witness thereto; and
(e)   if any such event is claimed to be privileged or work product, in addition to the foregoing information, state as to each:
(i)    a general description thereof, without revealing the specific information as to which privilege is claimed; and
(ii)   the basis on which the claim of privilege is asserted.

13.   "Relating to," "referring to," or "concerning" mean including, summarizing, demonstrating, constituting, reflecting, containing, studying, analyzing, considering, explaining, mentioning, showing, discussing, describing, commenting upon, resulting from, prepared for or used in connection with.

14.   "State" and "describe" mean to set forth a complete and detailed statement of all information, circumstances, and facts that related to the matter about which information is requested.

## INSTRUCTIONS

1.      Unless otherwise specified herein, each request relates to, covers, and requests information and documents from January 1, 2014 to present.

2.      If a claim of privilege is asserted with respect to any discovery request, in whole or in part, or you refuse to answer any discovery request on any other ground, specify the exact basis for your claim that such discovery request need not be answered.  If the refusal is based on an assertion of privilege, pursuant to Federal Rule of Civil Procedure 26(b)(5), produce a privilege log to:

   (a)      describe the items withheld such that the parties can assess the applicability of the privilege; and
   (b)      assert a specific privilege for each item or group of items withheld.

3.      If, in answering any of the interrogatories, you contend or believe that there is any ambiguity in construing either the request or the applicable definition or instruction, set forth in the answer to such interrogatory the matter deemed ambiguous and the construction, if any, selected or used in answering the request.

4.      Each request for production is to secure documents in the possession, custody, or control of you, or your agents, employees, officers, investigators, consultants, and other representatives.  When a request for production is directed to you, it is also directed to each of these persons.

5.      In those instances when requested information is stored only on software or other data compilations, you should either produce the raw data along with all codes and programs for translating it into usable form or produce the information in a finished usable form, which would include all necessary glossaries, keys, and indices for interpretation of the material.

6.      In making documents available, all documents which are physically attached to each other in files shall be made available in this form.  Documents which are segregated or separated from other documents whether by inclusion in binders, files, sub-files, or by use of dividers, tabs, or any other method, shall be made available in that form.  Documents shall be made available in the order in which they were maintained.

7.      If any portion of a document is responsive to a request, the entire document should be produced.  If documents that are produced in response to a request are normally kept in a file or other folder, then also produce that file or folder with any labels attached thereto.

8.      If a request calls for the production of a document that no longer exists, cannot be located, has been placed beyond your control, or otherwise disposed of, set forth with respect to each such document:

    (a)    the author of the document;

    (b)    the addressee, if any, and those persons, if any, who have seen or received a copy of the document or who are specified in the document to receive a copy thereof;

    (c)    the title of the document, if any, or other identifying data;

    (d)    the type of document (*i.e.*, letter, memorandum); and

    (e)    a summary of its nature and subject matter.

9.    With respect to production of e-mails or other electronic communications, the data is hereby requested in the following format:

    (a)    OCR multipage text files, in a folder named "OCR";

    (b)    Load file .opt or .log;

    (c)    Metadata associated with the documents in a .dat file;

    (d)    Native File;

    (e)    Summation Load File (.dii), Concordance Load File (.dat), Ipro Load File (.lfp); and

    (f)    Metadata, including:

| | | | |
|---|---|---|---|
| 1. | To | 11. | Date Created |
| 2. | From | 12. | Date Modified |
| 3. | CC | 13. | Date Printed |
| 4. | BCC | 14. | Filename |
| 5. | Date/Time Sent | 15. | MD5/SHA1 Hash Value |
| 6. | Date/Time Received | 16. | Author |
| 7. | Subject | 17. | Organization |
| 8. | Attachment File name | 18. | Title |
| 9. | Email/Attachment Relationship Information | 19. | File Size |
| | | 20. | Custodian |
| 10. | Message ID | 21. | Source |

## INTERROGATORIES

1.  Identify every individual or entity responsible for managing My Pillow's finances, including, but not limited to, My Pillow's Chief Financial Officer.

2.  Identify all current individuals or entities authorized to provide "promo codes" for My Pillow products, and identify every promo code currently in effect. For example, Conservative Daily has the promo code "CD21."

3.  Identify every public speaking engagement from October 1, 2020 until the present where Lindell has appeared as an agent or representative of My Pillow, Inc.

4.  Identify every instance when any media outlet, social media platform, website, TV channel, radio channel, or any other individual or entity has either stopped airing advertisements for My Pillow products or has refused to air advertisements for My Pillow products between October 1, 2020 and the present.

5.  Identify every individual responsible for managing My Pillow's marketing, advertising, or other public outreach efforts, as well as every individual responsible for making decisions with respect to when, where, and how My Pillow will advertise its products.

6.  Identify every media outlet, social media platform, website, TV channel, radio channel, or any individual or entity that has aired advertisements for My Pillow products in Colorado from October 1, 2020 until the present.

7.  Identify all individuals or entities who have an ownership interest in My Pillow, including all individuals or entities who have made a financial investment in My Pillow between January 1, 2016 and the present.

8.  Identify any instance when My Pillow attempted to contact or did contact Dr. Coomer and state the basis for those attempted contacts.

9.  Identify any instance when My Pillow attempted to contact or did contact Dominion Voting Systems and state the basis for those attempted contacts.

10. Identify all individuals employed by or acting on My Pillow's behalf who have raised concerns with Lindell about his beliefs about the 2020 election.

11. Do you contend that Lindell was not acting as an agent or representative of My Pillow when he made the statements at issue in this dispute? If so, state the factual basis for that contention.

12. Do you contend that My Pillow is less profitable now than it was before the 2020 presidential election? If so, state the factual basis for that contention and identify all documents or communications that would support that contention.

## REQUESTS FOR PRODUCTION

Please produce the following:

1. All communications between My Pillow and Oltmann between October 1, 2020 and the present.

2. All documents or communications demonstrating revenue generated by My Pillow sales utilizing the promo code "CD21" from October 1, 2020 until the present.

3. All documents or communications demonstrating revenue generated by My Pillow sales utilizing the promo code "FRANK33."

4. All documents or communications relating to the Cyber Symposium.

5. All documents or communications describing, discussing, or establishing any form of business relationship between My Pillow and Frank Speech.

6. All documents or communications relating to financial contributions made by My Pillow to any political candidates, political action committees, or political causes.

7. All documents or communications relating to financial contributions from My Pillow to Frank Speech.

8. All documents or communications relating to financial contributions from My Pillow to Lindell TV.

9. All documents or communications relating to financial contributions from My Pillow to Absolute Proof.

10. All documents or communications relating to financial contributions from My Pillow to Scientific Proof.

11. All documents or communications relating to financial contributions from My Pillow to Absolute Interference.

12. All documents or communications relating to financial contributions from My Pillow to Absolute 9-0.

13. All minutes for any My Pillow board meetings when Lindell's political positions and/or beliefs about the 2020 presidential election were discussed between October 1, 2020 and the present.

14. All My Pillow shareholder complaints filed between October 1, 2020 and the present.

15.    All documents or communications from current or former My Pillow vendors expressing concerns with Lindell's views on the 2020 presidential election, including, but not limited to, any documents or communications related to cancelation or modification of agreements to sell MyPillow products.