IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129-WJM

ERIC COOMER, Ph.D.,
    Plaintiff

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC,
AND MY PILLOW, INC.,
    Defendants

---

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STAY DISCOVERY AND PRE-TRIAL DEADLINES AND REQUEST FOR EXPEDITED REVIEW**

---

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Plaintiff Eric Coomer, Ph.D., through counsel, files this Response to Defendants' Motion to Stay Discovery and Pre-Trial Deadlines and Request for Expedited Review [Dkt. 57], stating in support thereof as follows:

### BACKGROUND

1.    The parties filed a Proposed Scheduling Order on June 30, 2022 [Dkt. 27] and the Court held a scheduling conference in this case on July 7, 2022. At no point during conferral on the proposed scheduling order or during the scheduling conference did Defendants propose a stay of discovery pending the Court's order on their motion to dismiss [Dkt. 18], which was filed on May 27, 2022. The Court issued the Scheduling Order on July 7, 2022 [Dkt. 32]. The Scheduling Order established an initial disclosure deadline of July 22, 2022, and a discovery cut-off of March 6, 2023.

2.    The parties exchanged initial disclosures on July 22, 2022.

1

3. On the evening of August 19, 2022 (63 days from the date of Plaintiff's First Amended Complaint, filed on June 17, 2022), Plaintiff served Defendants with his first set of written discovery requests.[1]

4. On August 29, 2022, Plaintiff served notices of subpoenas to various third parties. Subpoenas were served on Max McGuire on August 31, 2022 [Dkt. 49], on Joshua Merritt on September 2, 2022 [Dkt. 50], and on Tina Peters on September 7, 2022 [Dkt. 51]. No third party subpoena recipient has made any effort to quash any of the subpoenas at issue, and the deadline for objections to those subpoenas passed weeks ago. At no point have Defendants raised any objections or concerns with respect to the subpoenas.

5. On September 14, 2022, counsel for Defendants reached out to undersigned counsel seeking a 21-day extension for Defendants' written discovery responses, which at that point were due one week later, on September 21, 2022. Plaintiff agreed to allow one extra week, up to and including September 28, 2022, noting concerns to keep things moving to stay in line with the Scheduling Order. Plaintiff also asked for dates for Rule 30(b)(6) depositions for Defendants MyPillow and FrankSpeech. Counsel for Defendants responded, stating "September 28th confirmed," and "I will get back to you regarding the 30(b)(6) depositions." Defendants did not raise any concerns with the Scheduling Order or suggest a motion to stay.

6. On September 16, 2022, undersigned counsel first reached out to counsel for Defendants to confer on a motion for substituted service of the subpoena directed at

---

[1] Plaintiff believed it was prudent to wait until the last day an anti-SLAPP motion to dismiss could be filed before serving these requests. Of course, had Defendants filed such a motion, discovery would have been automatically stayed.

2

Joseph Oltmann [Dkt. 53] on his counsel of record Andrea Hall. Defendants did not take a position on Plaintiff's motion that was filed on March 22, 2022. As noted in the motion, Oltmann was physically present with Defendant Lindell throughout much of this time, while both men recorded hours of podcasts and posted repeatedly on social media. Also throughout this timeframe, Defendants did not raise any concerns with the Scheduling Order or suggest that a stay was necessary or warranted.

7.     On September 26, 2022, Oltmann's counsel Andrea Hall filed "Joseph Oltmann's Objection to Plaintiff's Motion for Substituted Service on Colorado Counsel" [Dkt. 55] wherein she argued that "counsel does not represent Mr. Oltmann in *Coomer v. Donald J. Trump for President, Inc., et. al.*, Denver Dist. Ct. Case No. 2020CV034319, because jurisdiction in that case was transferred to the Colorado Court of Appeals on June 30, 2022." In reality, Ms. Hall remains counsel of record for Oltmann in that related proceeding, and the District Court maintains jurisdiction over various matters there, as expressly confirmed by multiple orders issued by that court.[2] Despite Plaintiff's attachment of emails with Ms. Hall on the topic of the subpoena at issue dating back to at least August 30, 2022, and expressly referencing a motion for substituted service on September 14, 2022, Ms. Hall asserted that "Counsel became aware of the motion only on Friday, September 23."

---

[2] *See Coomer v. Donald J. Trump for President, Inc., et. al.*, Case No. 2020CV034319, Order Regarding Defendant Herring Networks Inc., dba One America News Network and Chanel Rion's Motion to Stay Proceedings, (July 8, 2022) (holding that "This Court retains jurisdiction over matters and issues that are not subject to the interlocutory appeal. For that reason, the Court DENIES the OAN Defendants request for a blanket stay of all proceedings in this case pending resolution of the appeals related to this Court's May 13, 2022 Order denying defendants' special motions to dismiss) (emphases in original); *see also Coomer v. Donald J. Trump for President, Inc., et. al.*, Order Regarding Defendants Rudy Giuliani, Sidney Powell, Sidney Powell P.C., and Donald J. Trump for President Inc.'s Joint Motion for Stay (Aug. 18, 2022) (quoting identical language).

3

8. On September 28, 2022, Plaintiff anticipated receipt of Defendants' responses to Plaintiff's written discovery requests. At 2:55 p.m., undersigned counsel received an email requesting a conferral call on the present motion. Undersigned counsel expressed his surprise about the request, and inquired if this was Defendants' means of alerting Plaintiff that they would not be submitting discovery responses. Defendants confirmed that was the case. Plaintiff's counsel informed Defendants that Plaintiff would be seeking fees and costs for this response, stating his position that the effort was for purposes of delay.

9. On the evening of September 28, 2022, Defendants served responses to Plaintiff's requests for admission, but did not object or otherwise respond to Plaintiff's interrogatories or requests for document production.

10. At this time, the parties have already exchanged initial disclosures and at least some written discovery. Multiple depositions are scheduled and ready to proceed. Plaintiff is working with the third party subpoena recipients to coordinate document production. Plaintiff has retained court reporters, booked flights and accommodations, and adjusted their schedules accordingly. Given the foregoing, Defendants' effort to suddenly and without warning stop discovery at the precise moment when their obligations commenced is unwarranted. Plaintiff would be severely prejudiced by a stay, and the motion should be denied.

**LEGAL STANDARD**

11. Whether to stay discovery is a matter left to the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26(c) does however, permit the court to "make any order which justice requires to protect a party . . . from

4

annoyance, embarrassment, oppression, or undue burden or expense." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see also* F.R.C.P. 26(c)(2005).

12. In order to evaluate a motion for stay of discovery pending the Court's resolution of a motion to dismiss, the Court weighs five factors: (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Id.*, (citing *FDIC v. Renda,* No. 85–2216–O, 1987 WL 348635, at *2 (D.Kan. 1987) (unpublished disposition).

13. Courts in this District generally disfavor the stay of all discovery. *Noriega v. Marillac Clinic, Inc.*, No. 22-CV-01082-CMA-NYW, 2022 WL 2702891, at *1 (D. Colo. July 12, 2022) (*citing Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007).

## ARGUMENT

14. All five factors for evaluating a potential stay of discovery weigh heavily in Plaintiff's favor, and Defendants' Motion should be denied.

### A. Plaintiff's Interest in Proceeding Expeditiously

15. Plaintiff has a substantial interest in proceeding expeditiously, and his interests would be significantly harmed by a stay of discovery at this late juncture. As described in Plaintiff's First Amended Complaint, the lies at issue in this case have inspired and continue to inspire credible death threats against Plaintiff. Defendants do not appear to have any concern for the grave risk their conduct poses. In fact, they have persisted in publishing defamatory content against Dr. Coomer well after service of this

5

lawsuit,[3] and while Oltmann is deliberately eluding service of a subpoena in this case with Defendants' knowledge and possible assistance.[4] During this time, Oltmann has persisted in publishing thinly veiled calls for murder and martyrdom from his followers on social media.[5] Plaintiff's interest in expeditiously demonstrating the unequivocal falsehood of the lies being promoted against him by Defendants is, therefore, significant.

16. In addition to the always pending threat of violence from Defendants' fans and followers, Plaintiff also has an interest in proceeding expeditiously with discovery because of the substantial risk that relevant evidence will be lost, destroyed, or rendered unattainable by other means. For example, third party subpoena recipient Tina Peters has been charged with multiple felony and misdemeanor counts arising from election related activity in Mesa County, and her criminal trial will commence on March 6, 2023.[6] Defendant Lindell's phone, which likely contains communications and documents which

---

[3] *See, e.g.* Joe Oltmann, *Live with Mike Lindell! FBI Seizing More Cell Phones; Biden's Red Terror Accelerates; Politico Exposes Global COVID Partnerships*, CONSERVATIVE DAILY PODCAST, Sep. 15, 2022, at 17:05 https://conservative-daily.com/cd-livestream/live-with-mike-lindell-fbi-seizing-more-cell-phones-faith-bidens-red-terror-accelerates-politico-exposes-global-covid-partnerships (Lindell: "Well he sued me, in Colorado, at the Colorado Capitol, and I've got a big bouquet of microphones and this guy comes up and sues me, I don't even know who Coomer is!  I go okay, put it on the pile, this lawsuit.  I don't even know how I could bad mouth the guy I didn't know who he was.  But I will bad mouth him.  If I had known that, I certainly would have.  So he sued me before I had a chance to go after him.  You know, that's wrong Joe, it's just wrong.  At least let me do something so I can get sued!") In reality, Lindell has been publicly accusing Dr. Coomer of treason since at least May 9, 2021. See also, Plaintiff's First Amended Complaint at ¶¶ 61-63, 92-104.

[4] *See generally* Plaintiff's Unopposed Motion for Subtituted Service of Subpoena Duces Tecum Directed at Joseph Oltmann, Sep. 22, 2022.

[5] *See* **Exhibit 1**, Joe Oltmann, TELEGRAM, Sep. 18, 2022 (Oltmann: "Think for yourself gentlemen.  Grab your balls from the place you left them, put them back where they belong and start doing the right thing.  It might be painful and it might be messy, but it will be worth it.  God put you here for a time such as this . . . stop thinking you are going to make it out of this life alive and that somehow all that happens around you with the earth burning will not eventually burn you to the ground.  First they lie about them, then they lie about you.  Then they step on your charred body to make a buck or gain just a little bit of power.  In the end, it's not you that will pay the price, it's your kids.")

[6] *See* Lucas Brady Woods, *Criminal trial date set for Mesa County Clerk and Recorder Tina Peters as she faces multiple legal battles*, KUNC, Sep. 9, 2022, https://www.kunc.org/politics/2022-09-09/criminal-trial-date-set-for-mesa-county-clerk-and-recorder-tina-peters-as-she-faces-multiple-legal-battles.

are relevant in this proceeding, has recently been seized by the FBI in apparent relation to those same criminal proceedings. Oltmann too is apparently concerned with the FBI's ongoing investigations, and has previously stated his practice of deleting content from his phone in anticipation of a potential seizure by law enforcement.[7] Plaintiff anticipates that other potential third party subpoena recipients may present similar concerns. All of these developments suggest that the risk of loss or destruction of evidence relevant to Plaintiff's claims in this case is high.

17. As a result of the foregoing, Defendants' claim that "this case does not have any unique reasons why Plaintiff would need expedited relief" is without merit.

**B.     The Burden on the Defendants**

18. "Defendants are always burdened when they are sued," *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007), and "[t]he ordinary burdens associated with litigating a case do not constitute undue burdens." *Wells v. Dish Network, LLC*, No. 11-cv-00269-CMA-KLM, 2011 WL 2516390, at *1 (D. Colo. June 22, 2011). Indeed, the inherent discovery requirements of participating in litigation are "a consequence of our judicial system and the rules of civil procedure." *Webb v. Brandon Exp. Inc.*, No. 09-cv-00792-WYD-BNB, 2009 WL 4061827, at *2 (D. Colo. Nov. 20, 2009).

19. Responding to and proceeding with discovery in this case does not impose a substantial burden on Defendants, nor did they ever suggest it did until more than five

---

[7] *See* Joe Oltmann, *Huge Eric Coomer Update*, CONSERVATIVE DAILY PODCAST, Nov. 16, 2021, at 48:25 https://conservative-daily.com/cd-livestream/cd-livestream-nov-16-2021-livestream (Oltmann: "They took Sherrona Bishop's phone. They took her phone. They actually took her phone so they could get in and grab all the, find out all the information that they have. Hey, by the way, Mr. FBI Guy, I've got stuff in my phone too. Oh that's right, I clean it. Haha. Washy, washy! I was a tech CEO.")

months after the complaint was filed and just hours before their written discovery responses were due. Defendants are already parties to multiple other lawsuits arising from false claims of election fraud, and on information and belief, at least some of those lawsuits have proceeded to discovery and/or evidentiary hearings. As a result, Defendants have likely already compiled and produced at least a portion of the same materials requested by Plaintiff in this case.

20. Defendants also appear to have an abundance of free time with which they could easily respond to and engage in discovery. Even after requesting an extension of time to respond to Plaintiff's discovery requests, Defendants appear to have spent a substantial portion of their time making appearances on various podcasts, attending political rallies,[8] and filing a separate lawsuit against the FBI.[9] If even a portion of this time were redirected toward abiding by their obligations in this federal lawsuit, neither Defendants' motion nor this response would be necessary.

**C.      The Convenience to the Court**

21. "Motions to dismiss under Rule 12(b)(6) are regularly filed in civil actions, and if the Court were required to entertain motions to stay discovery equally as often, such a practice would cause a significant strain on already limited judicial resources in this District." *Advanced Exteriors, Inc. v. United Servs. Auto. Ass'n*, No. 21-cv-01817-WJM-NYW, 2022 WL 1239250, at *5 (D. Colo. Apr. 27, 2022). "[D]ispositive motions are denied more often than they result in the termination of a case. Consequently, . . . it is

---

[8] *See* Elizabeth Elkind, *EXCLUSIVE: Back in touch! Mike Lindell is pictured texting on new phone at Trump Ohio rally after his previous device was seized by FBI at drive-thru: Says he's SUING government*, THE DAILY MAIL, Sep. 17, 2022, https://www.dailymail.co.uk/news/article-11222727/Trump-rally-Ohio-MyPillow-Mike-Lindell-phone-FBI.html

[9] *See* CBS News, *Mike Lindell sues feds over seizure of his cell phone*, CBS, Sep. 22, 2022, https://www.cbsnews.com/news/mike-lindell-sues-feds-over-seizure-of-his-cell-phone/.

more likely than not from a statistical point of view that a delay pending a ruling would prove unnecessary." *Hagerman v. Eli Lilly & Co.*, No. 09-cv-00672-REB-BNB, 2009 WL 4268369, at *3 (D. Colo. Nov. 20, 2009). Moreover, "cases that linger on the Court's docket are more difficult to manage," *Bitco Gen. Ins. Corp. v. Genex Constr. LLC*, No. 16-cv-01084-WJM-NYW, 2016 WL 8608452, at *1 (D. Colo. Sept. 13, 2016).

22. In this case, suddenly stopping discovery after the parties have already agreed on a scheduling order, exchanged initial disclosures, served subpoenas and set depositions, and established the schedules of other cases around anticipated dates for developments in this case, all weigh heavily against the granting of a stay here. These matters will inevitably give rise to various complications which could then require further management and intervention by the Court. The parties have been in consistent agreement about the case management order, and Defendants should not be rewarded for coming to this Court at the eleventh hour seeking to upend the case progress thus far simply to avoid providing discovery responses.

**D. The Interests of Persons not Parties to the Civil Litigation**

23. Multiple third party subpoenas have already been served, and deposition dates have been set. None of those third parties have moved to quash those subpoenas, and the deadline for objections on all three has passed. *See* F.R.C.P. 45(d)(2)(B). Plaintiff has retained court reporters, booked flights, and accommodations in order to facilitate those depositions. At least one subpoena recipient has already begun producing responsive documentation. Upon information and belief, one or more of those third parties is in the process of retaining counsel or has retained counsel in order to comply with these subpoenas, and they have presumably adjusted their schedules to allow for compliance. For the Court to allow a stay at this late juncture would needlessly upend the

9

progress made thus far and penalize the good faith efforts of Plaintiff and these third parties.

**E.     The Public Interest**

24.     Defendants acknowledge the public interest as a factor to consider in the Court's consideration of the motion to stay, but they provide no argument suggesting the public interest factor weighs in their favor.  Nor could they.  The lies about Dr. Coomer at issue in this dispute are among the first to have poisoned the national dialogue with respect to election security, and those lies continue to give rise to societal conflict and polarization unseen in generations.  Lies about the election and election security are so reckless and dangerous that they inspired the assault on the U. S. Capitol on January 6, 2021, and proponents of these lies continue to stoke potential violence in the runup to the 2022 midterm elections in November.  Despite their knowledge of the violence that has already occurred, Defendants persist in traveling the country to spread lies they know to be false, including the lies at issue in this dispute.  There are few cases where the public interest in exposing the truth can possibly be more pronounced.  As a result, denial of Defendants' motion is necessary under this factor as well.

## REQUEST FOR EXPEDITED REVIEW

25.     Given the multiple discovery related matters already calendared by the parties, Plaintiff respectfully requests expedited review of Defendants' motion by the Court.

## CONCLUSION

26.     For all of the reasons stated herein, Defendants' Motion for a Stay of Discovery should be denied.  Plaintiff reserves his right to seek his fees and costs arising

from this effort to delay proceedings until such time as resolution of this and potentially related matters can be brought before the Court in a consolidated manner.

Respectfully submitted,

*/s/ Charles J. Cain*
Charles J. Cain, No. 51020
ccain@cstrial.com
Bradley A. Kloewer, No. 50565
bkloewer@cstrial.com
Steve Skarnulis
skarnulis@cstrial.com
Zachary H. Bowman
zbowman@cstrial.com
**Cain & Skarnulis PLLC**
P. O. Box 1064
Salida, Colorado 81201
and
303 Colorado Street, Suite 2850
Austin, Texas 78701
719-530-3011/512-477-5011 (Fax)

Thomas J. Rogers III, No. 28809
trey@rklawpc.com
Mark Grueskin, No. 14621
mark@rklawpc.com
**RechtKornfeld PC**
1600 Stout Street, Suite 1400
Denver, Colorado 80202
303-573-1900
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response to Defendants' Motion to Stay Discovery and Pre-Trial Deadlines and Request for Expedited Review has been served on Defendants' counsel via email on this 30th day of September 2022:

R. Scott Reisch (CO Bar # 26892)
scott@reischlawfirm.com

Jessica L. Hays (CO Bar # 53905)
jessica@reischlawfirm.com

Andrew D. Parker (MN Bar #195042)

parker@parkerdk.com

Abraham S. Kaplan (MN Bar #399507)
kaplan@parkerdk.com

Jesse H. Kibort (MN Bar #328595)
kibort@parkerdk.com

Ryan Malone (MN Bar # 395795)
malone@parkerdk.com

      */s/ Charles J. Cain*
Charles J. Cain