**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 1:22-cv-01129-NYW-SKC

ERIC COOMER, PH.D.,

    Plaintiff,

v.

MICHAEL J. LINDELL, FRANKSPEECH
LLC, and MY PILLOW, INC.,

    Defendants.

---

**ORDER**

---

Pending before the Court is Plaintiff Eric Coomer, Ph.D.'s ("Plaintiff" or "Dr. Coomer") "Unopposed Motion for Substituted Service of Subpoena Duces Tecum Directed at Joseph Oltmann" (the "Motion"). [Doc. 53]. Although characterized as "unopposed," Objector Andrea M. Hall ("Objector" or "Ms. Hall") filed a Response.[1] [Docs. 55]. The Court has reviewed the Motion, and concludes that further briefing or oral argument would not materially aid in resolving this dispute. For the reasons stated below, the Court respectfully **GRANTS** the Motion.

This matter arises from a dispute between Dr. Coomer, former Director of Product Strategy and Security for Dominion Voting Systems, and Defendants resulting from statements made by Defendant Lindell about Dr. Coomer after the 2020 election. [Doc. 4]. In the Complaint, Plaintiff identifies third-party Joseph Oltmann ("Mr. Oltmann") as a Colorado podcast host who has made false statements regarding the legitimacy of the 2020 election upon which Defendants have relied

---

[1] Defendants Michael J. Lindell ("Defendant Lindell" or "Mr. Lindell"), Frankspeech LLC, and My Pillow, Inc. (collectively, "Defendants") also filed a Response, but took no position with respect to the relief requested. [Doc. 54].

to make defamatory statements about Plaintiff.  *See generally* [Doc. 4].  Plaintiff argues that Mr. Oltmann is attempting to avoid service of a subpoena duces tecum.  [Doc. 53 at 1].  Plaintiff alleges that on August 29, 2022, he issued notices of depositions and subpoenas duces tecum to a number of witnesses, including Mr. Oltmann.  [*Id.* at 2].  He claims that a process server attempted to serve Mr. Oltmann at his place of business on September 2, 2022, and was asked to leave.  [*Id.* at 3].  Following that failed service attempt, Plaintiff requested that the Douglas County Sherriff's Office attempt to serve Mr. Oltmann; Plaintiff alleges they made two attempts to do so, on September 14 and 15, 2022, but were unable to locate him at his residence.  [*Id.* at 3–5].  Plaintiff has submitted evidence that, throughout this time, his attorneys were in contact with Objector (who refused to accept service on Oltmann's behalf).  [Doc. 53-2 at 1–5].

Following the failed attempts to effect service on Mr. Oltmann, Plaintiff moved this Court to permit substituted service on his attorney, Andrea Hall ("Objector" or "Attorney Hall").  *See generally* [Doc. 53].  In the alternative, he requested that service be substituted by leaving copies of the subpoena at issue at Mr. Oltmann's place of work or residence.  [*Id.*].  The Court directed Defendants to file any objections to Plaintiff's Motion on or before September 26, 2022, which Defendants did on September 23, 2022.  [Doc. 54].  On September 26, 2022, Objector filed her own set of objections to the Motion.  [Doc. 55].

The Court has reviewed the Objection filed by Attorney Hall.  Upon review of the record, the Court respectfully finds that substituting service from Mr. Oltmann to Objector is justified under the circumstances.  Under Rule 45 of the Federal Rules of Civil Procedure, "[s]erving a subpoena requires <u>delivering</u> a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law."  Fed. R.

2

Civ. P. 45(b)(1) (emphasis added).  Rule 45 does not use the language of "personal service," nor

does it specify the means by which a party can "deliver" a copy to the named person.  *Id.*

Neither the Federal Rules of Civil Procedure nor the United States Court of Appeals for

the Tenth Circuit ("Tenth Circuit") squarely address the question of what constitutes service by

"delivering a copy to the named person" under Rule 45.  Courts in this District, including this

Court, have found that service must be made in a manner which reasonably ensures actual receipt

of the subpoena, and have not limited such delivery to personal hand-to-hand service.  *See E.A.*

*Renfroe & Co. v. Moran*, No. 08-CV-00732-RPM-KMT, 2008 WL 1815535 at *5 (D. Colo. Apr.

18, 2008); *see also Collins v. Trans Union, LLC,* No. 14-CV-00742-RBJ-NYW, 2015 WL

1932044, at *3 (D. Colo. Apr. 28, 2015).  Courts outside this District have made the same finding.

*See, e.g.*, *Fujikura v. Finisar Corp.*, No. 15-mc-80110-HRL (JSC), 2015 WL 5782351, at *5 (N.D.

Cal. Oct. 5, 2015) (noting a "growing . . . trend among courts to allow substitute service of a Rule

45 subpoena . . . so long as the method of service is reasonably calculated to provide timely, fair

notice and an opportunity to object or file a motion to quash"); *see also Toni Brattin & Co. v.*

*Mosaic Int'l, LLC*, No. 15-mc-80090-MEJ, 2015 WL 1844056, at *4 (N.D. Cal. Apr. 9, 2015).[2]

While certain out-of-Circuit federal courts have found that personal service is necessary to effect

service of a subpoena, *see  e.g.*, *Klockner Namasco Holdings Corp. v. Daily Access. Com, Inc*.,

211 F.R.D. 685, 687 (N.D. Ga. 2002); *Weiss v. Allstate Ins. Co.*, 512 F. Supp. 2d 463 (E.D. La.

2007), this Court finds that the weight of authority across the country leans in favor of interpreting

---

[2] Other courts have addressed this topic as well, and have likewise found that Rule 45 is not limited to personal service.  *Western Resources, Inc. v. Union Pacific R. Co.,* No. 00-2043, 2002 WL 1822432, *2 (D. Kan. July 23, 2002); *Cordius Trust v. Kummerfeld,* No. 99 CIV. 3200, 2000 WL 10268, *2 (S.D.N.Y. Jan. 3, 2000); *Codrington v. Anheuser-Busch, Inc.,* No. 98-2417-CIV-T-26F, 1999 WL 1043861, *1 (M.D. Fla. Oct.15, 1999); *King v. Crown Plastering Corp.,* 170 F.R.D. 355, 356 (E.D.N.Y. 1997); *First Nationwide Bank v. Shur,* 184 B.R. 640, 642 (E.D.N.Y. 1995); *Doe v. Hersemann,* 155 F.R.D. 630, 630-31 (N.D. Ind.1994); *see also Catskill Development, L.L.C. v. Park Place Entertainment Corp.,* 206 F.R.D. 78, 84 (S.D.N.Y. 2002).

Rule 45 as to not require personal hand-to-hand service, and to permit service of a subpoena through other means.

Plaintiff has detailed the efforts made to obtain personal service through various channels. It appears that Plaintiff attempted to serve Mr. Oltmann three times—once at his last known place of work, and twice at his last known residence—and was in communication consistently with Mr. Oltmann's counsel throughout that period. *See generally* [Doc. 53, 53-1, 53-2, 53-3]. There is no suggestion that Mr. Oltmann is not aware of Plaintiff's efforts to serve the subpoena, through his own direct knowledge or through his contact with Defendants or Ms. Hall. Thus, this Court concludes that service through means other than personal service is appropriate in this action.

The Court now turns to determining what method of service is appropriate. While Plaintiff invokes Rule 4 of the Federal Rules of Civil Procedure and the Colorado Rules of Civil Procedure [Doc. 53 at 7-9], it is not entirely clear to this Court that Rule 4 directly applies in the context of service of subpoenas rather than service of process. *See E.A. Renfroe & Co.*, 2008 WL 1815535, at *4. Nevertheless, under Rules 26 and 45, as well as under Rule 1, of the Federal Rules of Civil Procedure,[3] this Court follows the weight of authority and finds that the appropriate inquiry is whether the contemplated means—beyond personal hand-to-hand delivery—is reasonably calculated to provide Mr. Oltmann with "timely, fair notice" of the subpoena. *See Fujikura*, 2015 WL 5782351, at *3. Applying this standard, the Court concludes the substituted service directed at the Objector, Ms. Hall, is appropriate based on the particular circumstances of this case.

The Court acknowledges that Ms. Hall argues that service may not be made through her, as she is no longer Mr. Oltmann's attorney because the case in which she represents him is

---

[3] The Court also notes that it has "inherent authority vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630–631 (1962)).

currently on appeal, and she is not his appellate counsel.  [Doc. 55 at 2].  Respectfully, that argument fails to persuade this Court that substituted service through Ms. Hall is not appropriate. First, there is no indication in the Objection that Mr. Oltmann's location is unknown or unascertainable to Ms. Hall.  [Doc. 55].  Indeed, the Court is not convinced that the presence of a case on an appellate docket means that Objector's attorney-client relationship has been terminated. To the contrary, Objector's filings suggest that she has recently been in direct contact with Mr. Oltmann.  *See* [Doc. 55, at 2].  In fact, the Objection was filed by "Joseph Oltmann, by and through counsel." [*Id.* at 1].  It is thus clear that Objector is aware of Mr. Oltmann's whereabouts and can provide him with notice of the subpoena at issue.  Second, to the extent that he has substantive objections to the subpoena, Mr. Oltmann remains free to raise contentions regarding the adequacy of service under Rule 45 of the Federal Rules of Civil Procedure or any other applicable rule following service.

Moreover, the Tenth Circuit has consistently held that "[s]trong policies favor resolution of disputes on their merits." *Davis v. Kaiser*, 12 F. App'x 902, 904 (2001); *see also M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872 (10th Cir. 1987); *United States v. Bauer*, No. 18-cv-00034-PAB-NRN, 2019 WL 4751792, at *3 (D. Colo. Sept. 30, 2019) (denying motion to substitute service where the plaintiff failed to identify a substitute, but noting the strong policy in favor of resolving disputes on their merits).  Permitting substituted service on Objector will allow the Court to address any specific, substantive objections to the subpoena, and will allow for more efficient progress of this case.  Fed. R. Civ. P. 1 (directing courts that the Federal Rules of Civil Procedure should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding). The Court also notes that Mr. Oltmann may still be served in person, as is contemplated by the Federal Rules of

Civil Procedure.   *See* Fed. R. Civ. P. 45(b).   In doing so, the Court reserves addressing any appropriate substantive objections that Mr. Oltmann may raise following service of process.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1)     The Unopposed Motion for Substituted Service of Subpoena Duces Tecum Directed at Joseph Oltmann filed by Plaintiff Eric Coomer, Ph.D. [Doc. 53] is **GRANTED**.   Service may be made by delivering a copy of the subpoena to the Objector, Andrea Hall, by personal hand-to-hand service, certified mail, or electronic mail with return receipt.[4]

DATED:  October 4, 2022                       BY THE COURT:

_____
Nina Y. Wang
United States District Judge

---

[4] Having found that service through the Objector is appropriate, this Court does not pass on whether delivery to Mr. Oltmann's last known addresses is effective, given the lack of clarity of where Mr. Oltmann is currently located.