IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129-SKC

ERIC COOMER, PH.D.,

Plaintiff,

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC, AND MY PILLOW, INC.,

Defendants.

---

**DEFENDANTS MICHAEL J. LINDELL, FRANKSPEECH, LLC, AND MY PILLOW'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY DISCOVERY AND PRE-TRIAL DEADLINES**

---

## I. INTRODUCTION

Defendants' motion to stay Plaintiff's interrogatory and requests for production serves the best interest of both parties in this litigation. This will allow both parties to avoid potentially pointless costs and attorney fees while the Defendants' motion to dismiss is pending. Granting the instant motion also serves the interest of judicial economy to avoid the anticipated discovery motion practice due to Plaintiff's overbroad discovery requests. All while the Court decides the pending motion to dismiss, which if granted completely disposes of this case, or alternatively narrow this case to remove one or more Defendants.

The substantial litigation costs in first amendment free speech cases (such as this) have an enormous chilling effect on speech and often result in cancelling the freedom to express ideas. Defamation cases that attack free speech should grant time for a dispositive

1

motion to be ruled on to avoid the enormous costs (economic and otherwise) and to avoid silencing and self-censorship.

The Plaintiff's opposition memorandum does not address the actual relief requested in Defendants' motion. (Dock. 57). Plaintiff's opposition details the costs and burden it would take to reschedule the third-party depositions scheduled in this case; however, Defendants' motion is requesting a stay, only on the responses to Plaintiff's interrogatory and request for production, not third-party discovery.

Plaintiff's opposition memorandum also fails to inform the Court that Plaintiff currently has defamation lawsuits against twenty-three separate entities/individuals, all arising from the same underlying alleged defamatory statements at issue in this lawsuit. Most (if not all) of these lawsuits are currently stayed pending motions or appeals pursuant to Colorado's anti-strategic lawsuit against public participation (anti-SLAPP) statute. *See* Colo. Rev. Stat. § 13-20-1101(1)(a). Extending deadlines for this lawsuit, when Plaintiff's twenty-three other claims (in four separate lawsuits) are already stayed, does not add prejudice to Plaintiff.

Due to the inherent free speech interests at issue in this case, in addition to the stays already instituted in Plaintiff's additional four related defamation lawsuits, this lawsuit is uniquely suitable for a motion to stay party discovery. Defendants respectfully request that the Court grants its motion to stay discovery.

## II. ARGUMENT

### A.  PLAINTIFF'S LACK OF PREJUDICE.

Due to the stay of proceedings in the four related lawsuits, and Plaintiff's lack of prejudice on staying party discovery in this case, this factor goes in favor of granting Defendants' motion. See *String Cheese Incident, LLC v. Stylus Shows, Inc.,* No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

Plaintiff's Opposition Memorandum describes the prejudice to Plaintiff that would incur if the Court grants Defendants' motion, however, the alleged prejudice almost exclusively relates to the alleged cost to reschedule the four third-party subpoenas to Max McGuire [Dkt. 49], Joshua Merritt [Dkt. 50], Tina Peters [Dkt. 51], and Joseph Oltmann [Dkt. 53]. (See Dock. 62, pg. 5). Defendants' motion does not request a stay to the third-party discovery in this lawsuit, only the responses to the remaining intra-party discovery (Dock. 57). Defendants' opening memorandum notes the third-party interest in staying discovery only on the assumption that Plaintiff would have rescheduled the upcoming third-party depositions once the pre-trial deadlines were stayed pending the motion to dismiss. (Dock. 57, pg. 5-6).

To support the claim of prejudice Plaintiff also argues their interest in resolving the defamation claims in this lawsuit to demonstrate the falsehood of Defendants' alleged lies (Dock. 62, pg. 6). However, a review of Plaintiff's Amended Complaint and the Notice of Related Cases reveal this argument lacks merit. (*See* Amended Complaint at Dock. 21; *See* Notice of Related Cases Dock. 22 and Dock. 46). In addition to this lawsuit against Defendants, Plaintiff has brought four separate lawsuits, naming an additional twenty-three

3

defendants, all for claims arising from the same alleged underlying defamation statements claimed in this lawsuit. [1] Specifically, from the ANTIFA phone call story alleged by Joseph Oltmann. (Dock. 21. ¶¶ 1-3). In the related four lawsuits, Plaintiff has sued the following entities and individuals:

- Defending the Republic
- Donald J. Trump for President, Inc.
- Rudolph Giuiliani
- Herring Networks, Inc. dba OAN
- Chanel Rion
- James Hoft
- TGP Communications LLC
- Michelle Malkin
- Eric Metaxas
- Joseph Oltmann
- FEC United
- Shuffling Madness Media, Inc.
- Sidney Powell, and
- Sidney Powell, P.C
- Randy Corporon
- Salem Media of Colorado Inc.
- Make Your Life Epic, LLC dba Thrivetime Show
- Clayton Thomas Clark
- Patrick Byrne
- Steve Lucescu,
- The America Project, Inc.

---

[1] See Dockets #22 and #46:
- *Eric Coomer, Ph.D. vs. Donald J. Trump for President, Inc., et al.,* Case No. 2020-cv-34319, Denver County District Court, Division 409;
- *Eric Coomer, Ph.D. vs. Salem Media of Colorado Inc. and Randy Corporon*, Case No. 2021-cv-33632, Denver County District Court, Division 280;
- *Eric Coomer, Ph.D. vs. Make Your Life Epic, LLC dba Thrivetime Show and Clayton Thomas Clark, Individually*, Case No. 1:22-cv-01129, United States District Court for the District of Colorado,
- *Eric Coomer, Ph.D. vs. Patrick Byrne, Steve Lucescu, and The America Project, Inc.,* Case No. 1:22-cv-01575, United States District Court for the District of Colorado.

4

Most, if not all, of the claims in these four lawsuits are currently stayed while either: (i) the matter is up on Defendants/Appellants appeal from the trial court's order rejecting the special motions to dismiss pursuant to C.R.S. § 13-20-1101, or (ii) the deadlines are extended pending Defendants bringing a claim pursuant to C.R.S. § 13-20-1101. With the twenty-three defamation claims already stayed, Plaintiff's claim that they will suffer additional significant prejudice from this case does not ring true. If there is any Plaintiff prejudice, the prejudice to Defendants to engage in (potentially irrelevant) costly discovery, the inefficiency to this Court, and the free speech interest of the public strongly outweighs any harm to Plaintiff in staying this lawsuit while the four other related lawsuits are already halted.

Moreover, the primary allegations stated in Plaintiff's Amended Complaint arise from statements made by Joseph Oltmann, with the claims against Defendants comprising of defamation republication claims (See Dock. 21, ¶2). Even if this lawsuit was to proceed, Plaintiff's direct claims against the actual source of the alleged defamation, Joseph Oltmann (in case *Eric Coomer, Ph.D. vs. Donald J. Trump for President, Inc., et al.,* Case No. 2020-cv-34319), cannot move forward until the pending appeal before the Colorado Court of Appeals is adjudicated. The state court appeal will almost certainly be extended beyond the date this Court issues its ruling on Defendants' pending Rule 12(b)(6) motion to dismiss.

**B.     THE BURDEN ON DEFENDANTS AND THE PUBLIC INTEREST.**

Decisive prompt judicial relief is encouraged at this early stage of litigation to meaningfully protect the constitutional right to free expression. "[L]ong and expensive

5

litigation" threatens speech by discouraging "full and free exercise of . . . First Amendment rights with respect to the conduct of . . . government." *Washington Post Co. v. Keogh*, 365 F.2d 965, 968 (D.C. Cir. 1966). "The threat of being put to the defense of a lawsuit . . . may be as chilling to the exercise of First Amendment freedoms as fear of the outcome of the lawsuit itself." *Id*; *see also N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 279 (1964) ("would-be critics of official conduct may be deterred from voicing their criticism, even though it is in fact true, because of doubt whether it can be proved in court or fear of the expense of having to do so").

To force Defendants to incur the full costs of this lawsuit's discovery practice before Defendants' motion to dismiss is even ruled on, negates the usefulness of a court's early scrutiny on free speech cases. If a defendant is forced to go through costly and burdensome discovery before non-meritorious defamation actions are weeded out, necessary free speech will be chilled by delay.

Plaintiff next argues that Defendants have already incurred the cost of discovery in related lawsuits and will not be a significant burdened to proceed with this case's discovery. This is proven false by an examination of Plaintiff's discovery requests (Dock. 57-1). Plaintiff does not specify which related lawsuits they mean, however, no other election related action (in which Defendants are named as a party) relates to the particular claims brought by Plaintiff in this case. Plaintiff is seeking wide ranging discovery on communications between Defendants and the twenty-three defendants named in the Notices of Related Litigation (*see* Dock. 57-1, pg. 24), extensive financial documents from and between Defendant My Pillow and Defendant FrankSpeech (*id*., at pg. 11 and 35),

online metrics for Defendants' websites (*id*. at 11-12 and 36), the complete advertising history of Defendant My Pillow from "October 1, 2020 through present" (*id*.), and all documents relating to financial contributions made by defendants to any political candidates, political action committees, or political causes" (*Id*., at pg. 35). This is a small sample of Plaintiff's discovery requests. These issues do not arise in any other current lawsuit. Additionally, if a stay of discovery is not granted, not only will Defendants be required to expend costs and attorney fees searching for and responding to the actual discovery, to limit Plaintiff's objectionable discovery requests, Defendants will also be forced to bring motions for protective orders and defend anticipated motions to compel.

Plaintiff next argues that Defendants were not timely in bringing the motion to stay (Dock. 62, pg. 7). Plaintiff points to the entry of this case's scheduling order as an example for when Defendants should have objected to this case's scheduling. This is a mischaracterization of this case's timeline. Due to Plaintiff serving an Amended Complaint in this lawsuit, this case's scheduling conference occurred before Defendants' brought the pending (second) motion to dismiss. At the time of the scheduling conference on July 7, 2022, Defendants' deadline to respond had not passed, and Defendants had not fully analyzed Plaintiff's Amended Complaint to decide whether to bring the pending Rule 12(b)(6) motion (Dock. 32). It would have been premature for Defendants to argue for extended scheduling at that time. Furthermore, even when Defendants brough the motion to dismiss later that month (Dock. 34), Defendants could not anticipate that on August 5, 2022, this case would be reassigned to Judge Wang, which further delayed the Court's ruling on the pending motion to dismiss.

## C.  CONVENIENCE OF THE COURT.

The third factor for a Court to consider when ruling on a motion to stay, the convenience to the Court, is also strongly in favor to grant Defendants' motion. Plaintiff's opposition memorandum conclusory states that, if the motion is granted further complications will inevitably arise that will require the Court's intervention (Dock. 62, pg. 9) This is false. In fact, the opposite is true. If Defendants' motion is granted, the party discovery in this case would be stayed and Plaintiff can proceed with their scheduled third-party discovery. However, if the case is not stayed, due to Plaintiff's impermissibly broad discovery requests, this Court will additionally be burdened with cross motions for protective orders and motions to compel. Motions that may turn out to be unnecessary once the Court issues its order on Defendants' motion to dismiss.

## III. CONCLUSION

Due to the interest of the parties, the efficiency of the Court, and the broader public's interest in promoting the efficient adjudication of defamation lawsuits that impinge on the principles of free speech, Defendants respectfully request the Court enter a motion to stay Defendants' responses to Plaintiff's interrogatory and discovery requests served on August 19th, 2022, stay additional intra-party discovery, and stay the remaining trial scheduling order deadlines in this lawsuit.

|  |  |
|---|---|
| Dated: October 14, 2022 | **PARKER DANIELS KIBORT LLC**<br><br>By: <u>*/s/ Abraham S. Kaplan*</u><br>    Andrew D. Parker (MN Bar #195042)<br>    Abraham S. Kaplan (MN Bar #0399507)<br>    888 Colwell Building<br>    123 North Third Street<br>    Minneapolis, Minnesota 55401<br>    Telephone: (612) 355-4100<br>    parker@parkerdk.com<br>    kaplan@parkerdk.com<br><br>*Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of October, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

CAIN & SKARNULIS, PLLC

Charles J. Cain
Bradley A. Kloewer, #50565
P.O. Box 1064
Salida, CO 81201
ccain@cstrial.com

Bradley A. Kloewer
101 North F Street
Suite 207
Salida, CO 81201
bkloewer@cstrial.com


**Attorneys for Plaintiff**


                                      */s/ Abraham S. Kaplan*
                                      Abraham S. Kaplan