# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129-NYW-SKC

ERIC COOMER, PH.D.,

     Plaintiff,

v.

MICHAEL J. LINDELL, FRANKSPEECH
LLC, AND MY PILLOW, INC.,

     Defendants.

---

### DEFENDANTS' RESPONSE TO PLAINTIFF'S
### MOTION FOR EXPEDITED RULING ON DEFENDANTS'
### MOTION TO STAY DISCOVERY AND PRE-TRIAL DEADLINES

---

Defendants Michael J. Lindell, Frankspeech LLC, and My Pillow, Inc. ("Defendants") submit this Response to Plaintiff's Motion for Expedited Ruling on Defendants' Motion to Stay Discovery and Pre-Trial Deadlines ("Motion"). Defendants do not oppose Plaintiff's Motion. However, Defendants submit this Response to clarify mischaracterizations made by Plaintiff with respect to Defendants' Motion to Stay Discovery and Pre-Trial Deadlines.

1.     Plaintiff, in violation of D.C.COLO.LCivR 7.1(a), failed to confer prior to filing the Motion. Defendants would not have opposed the Motion, and after a meet and confer between the parties to agree on unified language, both the Court and the parties

would have benefited from the filing of a single unopposed motion instead of multiple docket filings as is now required.

2.      Plaintiff filed the Motion on Friday, November 4, 2022, at 6:15 PM MDT. (ECF Doc. 68). Plaintiff's first third-party deposition, the deposition of Tina Peters, occurred yesterday, November 7, 2022. (ECF Doc. 51). Plaintiff purportedly filed the Motion because of the risk that "Plaintiff will imminently be severely prejudiced." (ECF Doc. 68, p. 2). However, filing the Motion one business day before Ms. Peters's deposition means Plaintiff could not have expected any relief from the Motion prior to the scheduled deposition. Plaintiff's filing suggests strategic gamesmanship, not legitimate motion practice.

3.      Plaintiff's Motion's fails to acknowledge Defendants' currently unresolved Motion to Dismiss the Amended Complaint (ECF Doc. 38), the pendency of which necessitated Defendants' Motion to Stay Discovery in the first place. As stated in Defendants' Motion to Stay, the substantial litigation costs in First Amendment free speech cases have an enormous chilling effect on speech and inhibit the freedom to express ideas. (ECF Doc. 57, pp. 5-6). Defamation cases that attack free speech should grant time for a dispositive motion to be ruled on to avoid the enormous costs of litigation and to avoid silencing and self-censorship.

4.      Plaintiff's Motion states Plaintiff has been prejudiced by Defendants "refusal to participate in discovery" and "effort to delay proceedings". (ECF Doc. 68, pp. 2-3). This is false. Defendants have in fact accommodated Plaintiff by agreeing to third-party depositions to avoid further motion practice, which proved unavailing by Plaintiff's

Motion. Whether Plaintiff acknowledges it or not, Defendants have a pending motion to dispose of this case or potentially remove a party. Requesting a stay of discovery while a dispositive motion is pending is standard motion practice by a defending party. Indeed, whether to grant a stay of discovery has its own four-part test, as articulated in *String Cheese Incident, Ltd. Liab. Co. v. Stylus Shows, Inc.,* Civil Action No. 05-cv-01934-LTB-PAC, 2006 U.S. Dist. LEXIS 97388, at *2 (D. Colo. Mar. 30, 2006). It is uncalled for that Plaintiff would hurl accusations simply because Defendants chose to bring a standard motion.

5.      Plaintiff's Motion states that Defendants at first objected to the third-party depositions then "withdrew that objection". (ECF Doc. 68, p. 2). This is also false. Defendants' Motion to Stay Discovery has always only requested a stay on party discovery and the scheduling order deadlines. (ECF Doc. 57, p. 1).

6.      Defendants therefore request that the Court rule on Defendants' Motion to Stay Discovery and Defendants' Motion to Dismiss the Amended Complaint as the Court's schedule allows.

DATED:  November 8, 2022                **PARKER DANIELS KIBORT LLC**


By: */s/ Andrew D. Parker*
Andrew D. Parker (MN Bar #195042)
Jesse H. Kibort (MN Bar #328595)
Ryan P. Malone (MN Bar #395795)
Abraham S. Kaplan (MN Bar #399507)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
malone@parkerdk.com
kaplan@parkerdk.com


*Counsel for Defendants*