IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 1:22-cv-01129-NYW-SKC

ERIC COOMER,

      Plaintiff,
v.

MICHAEL J. LINDELL,
FRANKSPEECH LLC,
MY PILLOW, INC., and
ANDREA M. HALL,

      Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO STAY

This matter is before the Court upon referral of Defendants' Motion to Stay Discovery and Pretrial Deadlines. [Dkt. 57.] Defendants contend the Court should stay the case after having filed a Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint for failure to state a plausible claim upon which relief could be granted. [Dkt. 38.] Plaintiff opposes the Motion.

The Court, after reviewing the Motion, the response in opposition and Defendants' reply, the case docket, and applicable law, DENIES the Motion for the reasons discussed below.

### I.    Procedural Background

On April 5, 2022, Defendants removed Plaintiff's case from state court after suing Defendants and alleging they made false allegations against him to further

"baseless conspiracy theories" about fraud in the 2020 election. [Dkt. 1 p. 2.] On May 19, 2022, the Court set a Scheduling Conference after the parties stipulated to an extension of time for Defendants to file their responsive pleadings. [Dkt. 15.]

On June 17, 2022, Plaintiff properly filed his Amended Complaint as a matter of course under Fed. R. Civ. P. 15(a)(1)(B).[1] [Dkt. 21.] This Court then issued its Scheduling Order on July 7, 2022, setting pretrial deadlines and discovery limitations. [Dkt. 32.] Subsequently, the parties exchanged initial disclosures and Plaintiff served Defendants with discovery requests. [Dkt. 57, p. 2.]

On July 21, 2022, Defendants filed their Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint, which is fully briefed. [Dkt. 38, 45, 47.] On September 28, 2022, Defendants filed the current Motion asking the Court to stay the case pending resolution of their motion to dismiss because: (1) Plaintiff presented no "unique reasons" requiring their need for expedited relief; (2) the Court is best efficient by staying discovery "until it is clear whether the case will proceed" and in furtherance of judicial economy; (3) defamation cases like this attack free speech; and (4) Plaintiff's other related cases are currently stayed. [Dkt. 57, 64.]

Plaintiff opposes the Motion by arguing: (1) the parties are currently engaged in discovery and have scheduled depositions of key non-party witnesses; (2) Plaintiff experienced death threats resulting from Defendants' defamatory statements; and (3)

---

[1] Plaintiff filed the Amended Complaint after Defendants filed a motion to dismiss the original complaint. The then presiding district judge struck the latter for failure to comply with that judge's revised practice standards. [Dkt. 37.]

a key non-party witness publicly expressed in a podcast his practice of deleting potentially relevant evidence to this case. [Dkt. 62.]

## II.     Discussion

Defendants seek a stay pending a ruling on their motion to dismiss. They argue they would be "severely" prejudiced by continuing with the discovery process because Plaintiff's claims would not survive their motion to dismiss. The Court disagrees.

The Federal Rules of Civil Procedure provide a district court with inherent powers to manage its case docket as it sees fit in the interest of time, judicial economy, and the parties involved. *See Certain Underwriters at Lloyds, London v. Hartford Accident & Indemnity Co.*, 1:18-cv-01896-CMA-NYW, 2021 WL 5810712, at *3 (D. Colo. Dec. 6, 2021) (the Federal Rules of Civil Procedure indirectly provide courts with inherent powers to stay a case). Though not required, courts in this judicial district tend to weigh the following factors when considering a stay: (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff from the delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 1:02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers of America v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (citing similar factors).

After weighing these factors, the Court concludes a stay is unwarranted for the following reasons.

First, Plaintiff asserts to have received death threats associated with his claims in this case. The Court finds that reason alone sufficient to demonstrate Plaintiff's compelling interest in proceeding with this civil action expeditiously and the potential prejudice he faces if the matter is stayed. This is in addition to the evidence of the potential loss of evidence by a key witness to the case. *Cf. Clinton v. Jones*, 520 U.S. 681, 708-09 (1997) ("delaying trial would increase the danger of prejudice resulting from the loss of evidence . . . or the possible death of a party."). Moreover, Defendants did not address this point, and thus fail to recognize or appreciate the increased risk and prejudice to Plaintiff by staying the case given these death threats or his evidence demonstrating a key witness may be prone to destroying relevant evidence.

Next, Defendants argue they would be economically burdened by continuing with discovery because Plaintiff's initial discovery requests are overly broad, and they anticipate engaging in discovery disputes. But engaging in discovery disputes is not a novel concept in litigation; moreover, a defendant is always hindered with the economic and related burdens of litigation once sued. *See Chavez v. Young America Ins. Co.*, 1:06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (irrespective of the outcome in a case, defendants are always burdened when sued; there is no special burden on the defendant in that regard); *see also Certain Underwriters at Lloyd's, London*, 2021 WL 5810712, at *3 (the "customary obligations and responsibilities" of litigating a federal case did not create an undue burden on defendant). Without more, Defendants' argument is woefully underdeveloped and

4

insufficient to support staying the case.[2]

Third, courts generally disfavor stays of all discovery. *See Breckenridge v. Vargo*, 1:16-cv-01176-WJM-MEH, 2016 WL 7015702, at *2 (D. Colo. Nov. 28, 2016); *Chavez*, 2007 WL 683973, at *2 (it is the general policy of this district court not to stay discovery pending a ruling on a motion to dismiss). And "motions to dismiss are denied far more often than they result in the termination of a case." *Roueche v. U.S.*, No. 09-cv-00048-WDM-BNB, 2010 WL 420040, at *2 (D. Colo. Feb. 1, 2010).[3] Therefore, it is not convenient for the Court to stay the case.

The Court further rejects Defendants' argument that the Court is better benefitted by staying discovery until "it is clear" whether the case will proceed based on a related state court appeal that is currently pending. Again, however, this argument is woefully underdeveloped. Beyond their conclusory statements, Defendants did not explain the basis of the state court case, how that case relates to this one, or how a result from the state appellate court would affect this federal lawsuit. Without more, it would contravene Fed. R. Civ. P. 1 to stay this matter simply because a potentially related state court case is pending, or because other "related" cases have been stayed. *See Breckenridge*, 2016 WL 7015702, *2 (denying a party's motion to stay because the Court has a general interest in managing its

---

[2] Even though Defendants' Reply brief suggests they argued for limited discovery, that view conflicts with the Motion itself which seeks a stay of discovery and pretrial deadlines. [Dkt. 57 p. 1.]

[3] The Court offers no opinions as to Defendants' likelihood of succeeding on their motion to dismiss, but from a statistical standpoint, a stay "would prove unnecessary." *Chavez v. Young America Ins. Co.*, 1:06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007).

docket to administer justice fairly and expeditiously); *Anderson v. Colo. Mountain News Media Co.*, No. 18-cv-02934-CMA-GPG, 2020 WL 10320909, at *2 (it is "not a legitimate or legal reason to justify a stay" just because the parties think it might be expedient to do so pending the outcome of another case).

The fourth and fifth factors are arguably neutral. Plaintiff points out key non-party witnesses have retained counsel in anticipation of their roles in discovery, but it is not apparent that a plethora of non-parties exist with any particular interests associated with this case. The public, however, does appear to have a heightened interest in this case given the parties and subject matter. *See Decker v. 'Murica*, No. 1:19-cv-00104-MSK-SKC, 2019 WL 10250758, at *3 (the public interest favors a court's prompt and effective handling of all litigation); *see also Anderson*, 2020 WL 10320909, at *2 (denying a motion to stay involving a defamation claim for similar reasons). Moreover, the Court recognizes there may be a countervailing public interest regarding free speech protections. Therefore, the neutrality of these factors does not alter the Court's finding that the weight of considerations militates against a stay.

Based on the above analysis, the Motion is DENIED.

DATED:  November 15, 2022                BY THE COURT:

_____
S. Kato Crews
United States Magistrate Judge

6