# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129-NYW-SKC

ERIC COOMER, Ph.D.,
    Plaintiff

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC,
AND MY PILLOW, INC.,
    Defendants

---

## PLAINTIFF'S MOTION TO COMPEL DOCUMENT PRODUCTION AND DEPOSITION TESTIMONY FROM THIRD PARTY JOSEPH OLTMANN PURSUANT TO F.R.C.P. 45

---

TO THE HONORABLE MAGISTRATE JUDGE OF THE UNITED STATES DISTRICT COURT:

Plaintiff Eric Coomer, Ph.D., through counsel, files this Motion to Compel Responses to Discovery pursuant to Federal Rule of Civil Procedure 45, and to appear for a deposition, stating in support thereof as follows:

### CERTIFICATE REGARDING CONFERRAL

Plaintiff has been made aware that Mr. Oltmann now represents himself *pro se* in this matter, as discussed below and confirmed by Mr. Oltmann in **Exhibit 8**, attached hereto. Undersigned counsel requested that Mr. Oltmann identify times when he could be available for a joint call to the Court pursuant to the Court's Discovery Procedures for Pro Se Civil Cases on November 15, 2022. *See* **Exhibit 10**. Oltmann refused that invitation and has been in default of his discovery obligations since at least November 11,

2022. Accordingly, undersigned counsel understands the present motion to now be necessary, as discussed more thoroughly below.

## INTRODUCTION

Plaintiff requests an Order compelling third-party Joseph Oltmann (Oltmann) to produce documents described in the subpoena duces tecum issued on August 30, 2022, and to set a date certain when Oltmann must appear for a deposition.

Despite months of efforts, including a lengthy process attempting to affect service of process, Oltmann has still refused to participate in discovery. Oltmann's counsel of record in a related proceeding styled *Coomer v. Donald J. Trump for President, Inc. et al.*, No. 2020cv34319; 409th Judicial District Court of Denver County, Colorado, Andrea Hall, filed an objection to Plaintiff's Unopposed Motion for Substituted Service on his behalf, but has since indicated that she no longer represents him for purposes of this proceeding. Oltmann has confirmed that he is now representing himself *pro se*, and has sent various emails directly to undersigned counsel. Oltmann's deadline to produce documents was Friday, November 11, and his deposition was set for Tuesday, November 22. Oltmann has not produced any documents, and sent undersigned counsel an email prior to the November 22 deposition indicating he would not be present and could not produce documents on account of the Thanksgiving holiday. In reality, Oltmann was traveling in Arizona, where he was again alleging election fraud at a series of sparsely attended rallies. This conduct is in keeping with Oltmann's consistent contempt for the judicial system, and mirrors identical conduct for which he has already been sanctioned tens of thousands of dollars in related lawsuits.

## BACKGROUND

1. On August 29, 2022, Plaintiff submitted his Notice of Intent to Take Oral and Video Deposition of Joseph Oltmann. **Exhibit 1.** The notice established a November 7, 2022 date for the deposition.

2. For the next several weeks, Plaintiff made numerous attempts to serve Oltmann with notice of the subpoena, including multiple emails with Oltmann's counsel of record in a related matter, Andrea Hall, requesting a waiver of service. Oltmann made various efforts to evade service and made multiple public statements acknowledging these efforts. As a result, Plaintiff filed his Unopposed Motion for Substituted Service of Subpoena Duces Tecum at Joseph Oltmann on September 22, 2022, wherein he requested leave of the Court to serve the subpoena on Oltmann's counsel, Andrea Hall. [Dkt. 53].

3. On September 26, Ms. Hall filed an objection to Plaintiff's Unopposed Motion on behalf of her client, Oltmann. [Dkt. 55]. Among other objections, Ms. Hall asserted that she was not, technically, Oltmann's attorney. *Id.* at ¶ 5. Two days later, on September 28, Plaintiff served an amended Notice, which moved the deposition date to November 22, established a 21-day period from the date of service to the time of document production, and moved the deposition to the United States Courthouse, 901 19th Street, Denver, CO 80294 due to security concerns. [Dkt. 56].

4. The Court granted the Plaintiff's Motion on October 4, 2022. [Dkt. 63]. In relevant part, the Court held the following:

> The Unopposed Motion for Substituted Service of Subpoena Duces
> Tecum Directed at Joseph Oltmann filed by Plaintiff Eric Coomer,

3

> Ph.D. [Doc. 53] is GRANTED. Service may be made by delivering a copy of the subpoena to the Objector, Andrea Hall, by personal hand-to-hand service, certified mail, or electronic mail with return receipt.

*Id.* at p. 6.

5. Following this Order, which the Court issued to Ms. Hall directly, Plaintiff emailed a copy of the subpoena to Ms. Hall, with a read receipt requested. **Exhibit 2**. Plaintiff also mailed a copy to Ms. Hall's office via certified mail.

6. On October 14, undersigned counsel sent another email to Ms. Hall inquiring about her receipt of the subpoena. **Exhibit 3**. The email expressly quoted the language from the Court's Order indicated above. *Id*. Counsel indicated that the read receipt on the email was never returned, and that tracking information attached to the certified mail letter sent to Ms. Hall's P. O. Box indicated that the U.S. Postal Service had left two notices for Ms. Hall indicating she had an unclaimed certified letter awaiting pick up, but that she had not done yet collected the letter. *Id*. That certified letter mail again attached the subpoena, as well as the Court's Order.

7. On October 17, Ms. Hall responded. She accused undersigned counsel of "harassing" her, and despite this Court's order expressly allowing email or certified mail service, she asserted that only personal service was proper. She concluded by stating, "So, maybe, rather than sending me threats,[1] you just do it right." **Exhibit 4**.

8. Rather than again petition the Court, Plaintiff again retained a process server to serve Ms. Hall personally. On October 21, 2022, 52 days after Plaintiff first

---

[1] Undersigned counsel did not send Ms. Hall any threats. See Exhibit XX.

4

emailed Ms. Hall requesting a waiver of service, Plaintiff served Ms. Hall with the subpoena directly. [Dkt. 66].

9. Thirteen days later, on November 3, Ms. Hall emailed undersigned counsel claiming that neither she nor her client could be available on the noticed date of November 22 and claimed they could not be available until the new year. **Exhibit 5**.

10. Undersigned counsel responded that day, reminding Ms. Hall of the multiple sanctions order that had been issued against both her and her client for discovery violations. **Exhibit 6**. He requested she provide alternative dates. *Id*. The next day, Oltmann's appellate counsel, Ingrid DeFranco, emailed claiming that she had not been retained by Oltmann to defend the deposition, but that she could be available for Oltmann's deposition on either December 12 or December 16. **Exhibit 7**.

11. That same night, November 4, Oltmann emailed counsel for Plaintiff directly, stating, "you are required to confer with me about the depo date since I represent myself on this. I am not in town on the 22nd. Will send over a few dates in December or in the new year." **Exhibit 8**. Oltmann's email concluded by stating, "You are too busy lying and making up stories to put in front of the judge. Not sure you are capable of the truth. See you at the deposition lil buddy. Sincerely the guy that is sick of the evil you personify, Joe." *Id*. The email attached "objections" to Plaintiff's document requests. The "objections" were a single paragraph that Oltmann (presumably) copied and pasted seven times in response to seven of the fourteen requests. **Exhibit 9**. Oltmann did not object to the other seven requests, but he also did not produce any responsive documents.

5

12.     The following Friday, November 11, was the deadline for Oltmann to provide responsive documents pursuant to the subpoena. Oltmann did not produce any documents, but he did email undersigned counsel what purported to be a settlement offer, which referred to counsel as a "liar" and Plaintiff as a "shitbag" who "personally sabotaged the election." At no point did Oltmann file any objections with the Court, nor did he file a motion to quash or modify the subpoena.

13.     On November 15, undersigned counsel responded to Oltmann, reminding him that his written discovery responses were past due, and that the objections he had raised had already been rejected in state court. **Exhibit 10**. He stated that Oltmann needed to provide responsive documents immediately, and that the parties needed to jointly call the Court pursuant to this Court's practice standards for addressing discovery disputes. *Id*. Oltmann did not respond to this email.

14.     On November 21, Oltmann emailed counsel, again reiterating that he would not be present for the scheduled deposition the following day. He accused counsel of not responding to his prior emails and requested a portal to upload documents.

15.     That same day, counsel responded, reminding Oltmann that his appellate counsel, Ingrid DeFranco, had indicated she did not represent him in this matter, and that he would not be communicating with her as a result. He again reminded Oltmann that he was in default, and that he should produce the documents requested in the subpoena. Five minutes later, undersigned counsel's paralegal provided a link to upload documents. That evening, Oltmann claimed the link did not work.

16.     On November 22, Oltmann emailed counsel stating that he should "stop the bullshit" and again falsely claimed that the document upload link did not work. **Exhibit 11**.[2] Oltmann stated that "It's Thanksgiving, so I'll be back online sparingly until Monday." *Id*. On November 23, counsel sent Oltmann a new Dropbox link to upload documents. Oltmann did not respond.

17.     While Oltmann had claimed he could not produce documents over the weekend because of the holiday, in reality, he was in Arizona at various QAnon themed[3] rallies near the Arizona Capitol in Phoenix,[4] where he falsely alleged election fraud and tried to get his handful of listeners to join him in protest.[5] He also provided testimony to the Maricopa County Board of Commissioners, where he raised concerns about the election result, Covid-19, and "gender fluidity."[6]

18.     As of this writing, Oltmann has neither provided document requested, nor confirmed a date for his deposition.

19.     Plaintiff's counsel has spent months working with both Oltmann and his putative counsel. Since Oltmann confirmed that he was representing himself *pro se*,

---

[2] This is the first instance to counsel's knowledge that a firm-provided download link "did not work."

[3] *See* AZ Right Wing Watch, @az_rww, TWITTER, Nov. 25, 2022, *available at* https://twitter.com/az_rww/status/1596180478175813632?s=20&t=-FjIc4mZtroHkbsa7tL-qQ

[4] *See See* AZ Right Wing Watch, @az_rww, TWITTER, Nov. 25, 2022, *available at* https://twitter.com/az_rww/status/1596209335394127872?s=20&t=-FjIc4mZtroHkbsa7tL-qQ

[5] *See See* AZ Right Wing Watch, @az_rww, TWITTER, Nov. 25, 2022, *available at* https://twitter.com/az_rww/status/1596214204364558336?s=20&t=-FjIc4mZtroHkbsa7tL-qQ

[6] *See* John Knefel, @johnknefel, TWITTER, Nov. 28, 2022, *available at* https://twitter.com/johnknefel/status/1597296062867607553?s=20&t=-FjIc4mZtroHkbsa7tL-qQ

counsel has adhered to this Court's Discovery Procedures for Pro Se Civil Cases, but Oltmann has persisted in his refusals to cooperate or comply.

20. Plaintiff files this Motion requesting that the Court compel Oltmann to disclose responsive documents and to appear for his deposition at the Denver federal courthouse.

## LEGAL STANDARD

21. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand. F.R.C.P. 45(e)(1)(A). A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must expressly make the claim. F.R.C.P. 45(e)(2)(A)(i). He must also describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim. F.R.C.P. 45(e)(2)(A)(ii). At any time, on notice to the commanded person, the serving party may move the Court for an order compelling production or inspection. F.R.C.P. 45(d)(2)(B)(i).

## ARGUMENT

22. Oltmann has been identified by both Plaintiff and Defendants as a relevant witness in this case. His false claims about Dr. Coomer are what gave rise to this dispute in the first place. Despite his hours-long daily podcasting schedule, his busy travel itinerary, and his frequent public appearances at election fraud related events, and the

8

necessity of his testimony, Oltmann has not made any effort to comply with his obligations under the subpoena issued several months ago. Instead, he has spent his time desperately trying to avoid giving testimony under oath.

23. This is a common practice for Oltmann. In related proceeding *Coomer v. Donald J. Trump for President, Inc.*, No. 2020cv34319; 409th Judicial District Court of Denver County, Colorado, Oltmann was similarly ordered to provide sworn testimony in the Denver District Courthouse. Oltmann, who had founded the Re-Open Colorado movement in opposition to public health measures arising from the Covid-19 pandemic,[7] claimed at the time that he was afraid of catching Covid-19.[8] In reality, Oltmann was skipping his court-ordered deposition to appear onstage at Defendant Lindell's Cyber Symposium, where he defamed Dr. Coomer at length to both live and online audiences. *See* Pl. First Amended Complaint at ¶¶ 78-89 [Dkt. 21].

24. Both Oltmann and his counsel were sanctioned for this conduct.[9] When they subsequently appealed this sanctions order to the Colorado Court of Appeals, they were sanctioned there as well.[10] Oltmann has also been sanctioned for refusing to provide

---

[7] *See* Heidi Beedle, *Joe Oltmann's Rise to Power in Colorado*, COLORADO TIMES RECORDER, Apr. 11, 2022, https://coloradotimesrecorder.com/2022/04/joe-oltmanns-rise-to-power-in-colorado/44792/

[8] *See* **Exhibit 12**, *Coomer v. Donald J. Trump for President, Inc., et. al.*, Case No. 2020CV34319, Defendant Oltmann's Motion for Relief from the July 7, 2021 Order Requiring Joseph Oltmann to Appear at the Courthouse for his Deposition on August 11, 2021 (Aug. 6, 2021).

[9] *See* **Exhibit 13**, *Coomer v. Donald J. Trump for President, Inc., et. al.*, Case No. 2020CV34319, Order Regarding Plaintiff's Motion for Sanctions Pursuant to CRCP 37 and CRCP 107 and Request for Order to Show Cause, (Aug. 29, 2021).

[10] *See* **Exhibit 14**, *Coomer v. Oltmann et. al.*, 2021CA1481, Order of the Court (Feb. 22, 2022).

9

other essential testimony related to his claims, and has persisted in those refusals to this day.[11]

25. Oltmann's counsel's sudden refusal to represent him in this matter suggests that they too are aware that Oltmann's conduct is sanctionable. Despite their months-long involvement in initially attempting to help him escape his obligations here, they now apparently fear their own potential liability once again. Given that they now claim they are not Oltmann's attorney in this matter, their schedules are immaterial to Oltmann's deposition appearance.[12]

26. Oltmann's lies are the cause of this dispute. While the numerous lawsuits his conduct has provoked may be a game for him, they are not for Plaintiff. If not addressed now, Oltmann's contempt for this Court and these proceedings will further delay the progress of this case.

27. Oltmann should be compelled to produce the documents requested in the subpoena issued on August 30. He should furthermore be compelled to provide sworn testimony at the United States Courthouse, 901 19th Street, Denver, CO 80294, on Friday, December 16, 2022.

---

[11] *See* **Exhibit 15**, *Coomer v. Donald J. Trump for President, Inc., et. al.*, Case No. 2020CV34319, Order Regarding Plaintiff's Second Motion for Sanctions Against the Oltmann Defendants Pursuant to C.R.C.P. 37 (Oct. 21, 2021); *see also* **Exhibit 16**, *Coomer v. Donald J. Trump for President, Inc., et. al.*, Case No. 2020CV34319, Sanctions Order Against Defendant Oltmann and Counsel, (Mar. 22, 2022).

[12] It is Plaintiff's position that an attorney who is not engaged in that capacity to represent a witness, is both ethically and legally prohibited from attending the deposition to advise the witness and lodge objections on the witnesses' behalf.

28. Plaintiff reserves the right to seek appropriate sanctions against both Oltmann and his allegedly former counsel at such a time as the full extent of damages incurred can be adequately quantified.

## CONCLUSION

29. For all of the reasons stated herein, Plaintiff moves for an order compelling Deponent to immediately produce the requested documents, and to appear for a deposition on Friday, December 16, 2022. Plaintiff reserves his right to seek such further and additional relief as deemed just by this Court.

30. A courtesy copy of this pleading is being served on Ms. Hall, Ms. DeFranco, and Joseph Oltmann contemporaneously with this filing.

Respectfully submitted this 2nd day of December 2022.

                               */s/ Charles J. Cain*
                               Charles J. Cain, No. 51020
                               ccain@cstrial.com
                               Bradley A. Kloewer, No. 50565
                               bkloewer@cstrial.com
                               David E. Jennings, No. 54643
                               djennings@cstrial.com
                               Steve Skarnulis
                               skarnulis@cstrial.com
                               Zachary H. Bowman
                               zbowman@cstrial.com
                               **Cain & Skarnulis PLLC**
                               P. O. Box 1064
                               Salida, Colorado 81201
                               and
                               303 Colorado Street, Suite 2850
                               Austin, Texas 78701
                               719-530-3011/512-477-5011 (Fax)

Thomas J. Rogers III, No. 28809
trey@rklawpc.com
Mark Grueskin, No. 14621
mark@rklawpc.com
**RechtKornfeld PC**
1600 Stout Street, Suite 1400
Denver, Colorado 80202
303-573-1900
**ATTORNEYS FOR PLAINTIFF**