**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-01129

ERIC COOMER, PhD.,

    Plaintiff

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC,
AND MY PILLOW, INC.,

    Defendants

---

# EXHIBIT 1

---

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129-WJM

ERIC COOMER, Ph.D.,
    Plaintiff

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC,
AND MY PILLOW, INC.,
    Defendants

---

## PLAINTIFF'S NOTICE OF INTENT TO TAKE
## ORAL AND VIDEO DEPOSITION OF JOSEPH OLTMANN

---

TO:    Defendants Michael J. Lindell, by and through counsel, Parker | Daniels | Kibort, 888 Colwell Building, 123 North Third Street, Minneapolis, Minnesota 55401

Joseph Oltmann, 8245 Keith Court, Castle Rock, Colorado 80108

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Eric Coomer, Ph.D. intends to take the oral and videotaped deposition of **Joseph Oltmann beginning on November 10, 2022 beginning at 10:00 a.m. (mdt) at the offices of Recht Kornfeld PC, 1600 Stout Street, Suite 1400, Denver, Colorado 80202**. The deposition will be taken before an officer authorized by the Federal Rules of Civil Procedure to take such deposition. The deposition may be videotaped and use native evidence capture in accordance with the Federal Rules of Civil Procedure.

Pursuant to Federal Rule of Civil Procedure 45(a)(2), the deponent is directed to bring with him and produce at the time of the deposition, the documents and tangible things described in **Exhibit A** incorporated into the attached Subpoena and incorporated in this Notice by reference.

1

You are invited to attend and cross examine the deponent.

Respectfully submitted this 29th day of August 2022.

                              Respectfully submitted,

                              */s/ Charles J. Cain*
Charles J. Cain, No. 51020
ccain@cstrial.com
Bradley A. Kloewer, No. 50565
bkloewer@cstrial.com
Steve Skarnulis
skarnulis@cstrial.com
Zachary H. Bowman
zbowman@cstrial.com
**Cain & Skarnulis PLLC**
P. O. Box 1064/101 N. F Street, Suite 207
Salida, Colorado 81201
and
303 Colorado Street, Suite 2850
Austin, Texas 78701
719-530-3011/512-477-5011 (Fax)

Thomas J. Rogers III, No. 28809
trey@rklawpc.com
Mark Grueskin, No. 14621
mark@rklawpc.com
**RechtKornfeld PC**
1600 Stout Street, Suite 1400
Denver, Colorado 80202
303-573-1900
**ATTORNEYS FOR PLAINTIFF**

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Intent to Take Oral and Videotaped Deposition of Joseph Oltmann has been served on Defendants' counsel via email on this 29th day of August 2022:

>R. Scott Reisch (CO Bar # 26892)
>scott@reischlawfirm.com
>
>Jessica L. Hays (CO Bar # 53905)
>jessica@reischlawfirm.com
>
>Andrew D. Parker (MN Bar #195042)
>parker@parkerdk.com
>
>Abraham S. Kaplan (MN Bar #399507)
>kaplan@parkerdk.com
>
>Jesse H. Kibort (MN Bar #328595)
>kibort@parkerdk.com
>
>Ryan Malone (MN Bar # 395795)
>malone@parkerdk.com

>_/s/ Charles J. Cain_
>Charles J. Cain

3

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| Eric Coomer, Ph.D. <br> *Plaintiff* <br> v. <br> Michael J. Lindell, Frankspeech LLC, <br> and My Pillow, Inc. <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 1:22-cv-01129-WJM <br> ) <br> ) <br> ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Joseph Oltmann, 8245 Keith Court, Castle Rock, CO 80108

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Recht Kornfeld PC <br> 1600 Stout Street, Suite 1400 <br> Denver, CO 80202 | Date and Time: <br> 11/10/2022 10:00 am |
|---|---|

The deposition will be recorded by this method: _____

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached Exhibit A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  08/29/2022

| *CLERK OF COURT* | |
|---|---|
|  | OR |
| _____ <br> *Signature of Clerk or Deputy Clerk* | /s/ Charles J. Cain <br> *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Eric Coomer, Ph.D. _____, who issues or requests this subpoena, are:
Charles J. Cain; P.O. Box 1064, Salida, CO 81202; ccain@cstrial.com, sbeam@cstrial.com; (719) 530-3011

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:22-cv-01129-WJM

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129-WJM

ERIC COOMER, Ph.D.,
    Plaintiff

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC,
AND MY PILLOW, INC.,
    Defendants

## EXHIBIT A TO SUBPOENA

## DEFINITIONS

1. "Dr. Coomer" means Eric Coomer, Ph.D., as well as any current or former agents, servants, or representatives acting for or on his behalf.

2. "You," "your," or "yourself" refers to the individual receiving this subpoena.

3. "Lindell," means Michael J. Lindell, as well as any and all current or former officials, agents, servants, employees, attorneys, affiliates, or representatives acting for or on his behalf.

4. "FrankSpeech" means FrankSpeech LLC, as well as any and all current or former officials, agents, servants, employees, attorneys, affiliates, or representatives acting for or on its behalf.

5. "My Pillow" means My Pillow, Inc., as well as any and all current or former officials, agents, servants, employees, attorneys, affiliates, or representatives acting for or on its behalf.

6. "Dominion Voting Systems" means Dominion Voting Systems, as well as any agents, servants, employees, or representatives acting for or on its behalf.

7. "Cyber Symposium" means the event promoted as Mike Lindell's Cyber Symposium, held from August 10-12, 2021, in Sioux Falls, South Dakota.

8. "Lawsuit" means the present litigation styled, *Eric Coomer, Ph.D. v. Michael J. Lindell, et al.*, Case No. 1:22-cv-01129-WJM, in the United States District Court for the District of Colorado.

9. "Subpoena" means Plaintiff's Subpoena to Attend and Produce in the present Lawsuit.

10. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity and all predecessors or successors in interest.

11. "Communication" means any oral or written communication of which you have knowledge, information, or belief.

12. "Document" or "documents" mean any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally produced, including, without limitation, agreements, contracts, warranties, insurance policies, forms, acknowledgments, invoices, letters, correspondence, memoranda, telegraphs, notes, reports, compilations, electronically stored data, emails, notebooks, appointment books, calendars, work papers, worksheets, photographs, diaries, minutes of meetings, magnetic tape, movie files, microfilm, microfiche, videotapes, print out sheets, summaries or records of telephone conversations, personal conversations or interviews and any and all other writings, typings, printouts, drafts, copies and/or mechanical electronic, or photographic reproductions or recordations thereof in your, your agent's, or your attorney's possession, custody, or control, or known to you whether or not prepared by you. "Document" or "documents" also includes all copies that are not identical to the originals, such as those bearing marginal comments, alterations, or other notations not present on the original as originally written, typed, or otherwise prepared.

13. "Mobile device" means any cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, electronic rolodex, walkie-talkie, or any combination of these devices.

14. "Identify" and "identify" unless otherwise indicated, means with respect to an individual to give the following information:

    (a) full name;
    (b) present or last known home address and phone number;
    (c) present or last known business address and phone number; and
    (d) title, if any.

15. "Identify" and "identify" unless otherwise indicated, when used with respect to any act, activity, practice, effort, event, transaction, discussion, conversation, occurrence, meeting, agreement, or communication means to:

    (a) describe the nature and substance of the act, activity, practice, effort, event, transaction, negotiation, discussion, conversation, occurrence, meeting, agreement, or communication;
    (b) give the date when and place where it occurred;
    (c) identify each person who was a participant therein;

       (d)     identify each other person who was a witness thereto; and
       (e)     if any such event is claimed to be privileged or work product, in addition to the foregoing information, state as to each:
            (i)     a general description thereof, without revealing the specific information as to which privilege is claimed; and
            (ii)    the basis on which the claim of privilege is asserted.

16.    "Relating to," "referring to," or "concerning" mean including, summarizing, demonstrating, constituting, reflecting, containing, studying, analyzing, considering, explaining, mentioning, showing, discussing, describing, commenting upon, resulting from, prepared for or used in connection with.

17.    "State" and "describe" mean to set forth a complete and detailed statement of all information, circumstances, and facts that related to the matter about which information is requested.

# INSTRUCTIONS

1. Unless otherwise specified herein, each request relates to, covers, and requests information and documents from January 1, 2020 to the present. The term "present" as used in this instruction is meant to be a rolling and continuing period of time, rather than the time at which you respond to these Requests.

2. If a claim of privilege is asserted with respect to any discovery request, in whole or in part, or you refuse to answer any discovery request on any other ground, specify the exact basis for your claim that such discovery request need not be answered. If the refusal is based on an assertion of privilege, pursuant to Federal Rule of Civil Procedure 34, produce a privilege log to:

    (a) describe the items withheld such that the parties can assess the applicability of the privilege; and
    (b) assert a specific privilege for each item or group of items withheld.

3. Each request for production is to secure documents in the possession, custody, or control of you, or your accountants, agents, employees, officers, investigators, consultants, and other representatives. When a request for production is directed to you, it is also directed to each of these persons.

4. In those instances when requested information is stored only on software or other data compilations, you should either produce the raw data along with all codes and programs for translating it into usable form or produce the information in a finished usable form, which would include all necessary glossaries, keys, and indices for interpretation of the material.

5. In making documents available, all documents which are physically attached to each other in files shall be made available in this form. Documents which are segregated or separated from other documents whether by inclusion in binders, files, sub-files, or by use of dividers, tabs, or any other method, shall be made available in that form. Documents shall be made available in the order in which they were maintained.

6. If any portion of a document is responsive to a request, the entire document should be produced. If documents that are produced in response to a request are normally kept in a file or other folder, then also produce that file or folder with any labels attached thereto.

7. If a request calls for the production of a document that no longer exists, cannot be located, has been placed beyond your control, or otherwise disposed of, set forth with respect to each such document:

    (a) the author of the document;

    (b)    the addressee, if any, and those persons, if any, who have seen or received a copy of the document or who are specified in the document to receive a copy thereof;
    (c)    the title of the document, if any, or other identifying data;
    (d)    the type of document (*i.e.*, letter, memorandum); and
    (e)    a summary of its nature and subject matter.

8. With respect to production of e-mails or other electronic communications, the data is hereby requested in the following format:

    (a)    OCR multipage text files, in a folder named "OCR";
    (b)    Load file .opt or .log;
    (c)    Metadata associated with the documents in a .dat file;
    (d)    Native File;
    (e)    Summation Load File (.dii), Concordance Load File (.dat), Ipro Load File (.lfp); and
    (f)    Metadata, including:

1. To
2. From
3. CC
4. BCC
5. Date/Time Sent
6. Date/Time Received
7. Subject
8. Attachment File name
9. Email/Attachment Relationship Information
10. Message ID
11. Date Created
12. Date Modified
13. Date Printed
14. Filename
15. MD5/SHA1 Hash Value
16. Author
17. Organization
18. Title
19. File Size
20. Custodian
21. Source

## DOCUMENTS REQUESTED

1. All written communications with Lindell, FrankSpeech, or My Pillow between January 1, 2020 and the present, including, but not limited to, all written communications discussing Dr. Coomer or Dominion Voting Systems.

2. All written communications with David Clements between January 1, 2020 and the present, including, but not limited to, all written communications discussing Dr. Coomer or Dominion Voting Systems.

3. All documents and communications authored, sent, or received by You concerning any compensation for your employment, time, services, expertise, labor, or training of others relating to the Cyber Symposium, including, but not limited to, any employment contracts, text messages, or emails describing, discussing, or promising any form of compensation.

4. All documents and communications between You and any other members of the so-called "Red Team" at the Cyber Symposium, including, but not limited to, all documents or communications between You and Phil Waldron, Doug Logan, Conan Hayes, Ron Watkins (aka Code Monkey), Mark Cook, Shawn Smith, Joshua Merritt, and/or Lisa Draza, between October 1, 2020 and the present.

5. All documents or communications authored, sent, or received by You relating to concerns about the accuracy, reliability, verifiability, or truthfulness of the information published during the Cyber Symposium.

6. All documents or communications authored, sent, or received by You relating to specific acts that Dr. Coomer specifically undertook which resulted in provable manipulation, alteration, or misreporting of the 2020 election results.

7. All documents or communications authored, sent, or received by You relating to your attendance at the Cyber Symposium, including, but not limited to, any communications inviting you to speak at the Cyber Symposium, any communications confirming your attendance at the Cyber Symposium, any communications relating to the material you intended to present at the Cyber Symposium, and all documents or communications relating to the means by which you traveled to and from and the Cyber Symposium.

8. All documents or communications authored, sent, or received by You relating to the screenshot of Google search results You created on November 11, 2020, purporting to show Google search results from September 26, 2020, including, but not limited to, any communications describing the screenshot, any communications from third parties encouraging or instructing You to create the screenshot, any communications providing the screenshot as evidence to support your claims about Dr. Coomer, and all documents describing or relating to the means by which Google search results from September 26, 2020, could be recreated on November 11, 2020.

9. All text messages allegedly sent to you at any point between November 3, 2020, and November 9, 2020, wherein you were supposedly alerted of an article claiming that Georgia voting machines went down on election day, as well a copy of the article supposedly linked to in those text messages which specifically referenced Dr. Coomer.

10. All notes you took during the alleged "Antifa call," including, but not limited to, the notes You read from during your November 9, 2020 Conservative Daily podcast wherein you quoted from your notes, claiming that Dr. Coomer had stated "We have prepared for the new future where we put down these fascist [fucks]."[1]

11. All written communications with Joseph A. Camp (aka Joey Camp; Jojo Camp; Your Daddy Joey) or anyone acting on his behalf between January 1, 2020 and the present, including, but not limited to, any and all written communications discussing Dr. Coomer or Dominion Voting Systems.

12. All documents or communications authored, sent, or received by You relating to any attempts to monitor, surveil, locate, track, follow, investigate, harass, or threaten Dr. Coomer, or any member of his family.

13. All documents or communications authored, sent, or received by You relating to any alleged breach of election software, hardware, or equipment in Mesa County, Colorado, including, but not limited to, all documents or communications with Tina Peters, Sherronna Bishop, Conan Hayes, Patrick Byrne, and/or Gerald Wood between October 1, 2020 and the present.

14. All documents or communications authored, sent, or received by You relating to or from the individual who gave You access to Dr. Coomer's private Facebook account.

15. All documents or communications authored, sent, or received by You relating to any of the other alleged participants on the Antifa call, including, but not limited to, any discussion of the identities of these alleged individuals, any attempts to identify these individuals, or any communications with any of these alleged individuals.

---

[1] *See* Joseph Oltmann, *Dominion and How Big Tech Helped Steal the Election*, CONSERVATIVE DAILY PODCAST, YouTube, Nov. 9, 2020, https://www.youtube.com/watch?v=9tHeiYgErnw at 16:20. Please note that this request does not pertain to the four pages of hand written notes previously disclosed in *Coomer v. Donald J. Trump for President, Inc., et. al.*, but rather is directed specifically at the notes You read from during the original November 9, 2020 podcast, which You claimed at the time were your notes from the alleged Antifa call, and which materially differ from the notes previously disclosed.