### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129

ERIC COOMER, PhD.,

    Plaintiff

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC,
AND MY PILLOW, INC.,

    Defendants

---

## EXHIBIT 15

---

| | |
|---|---|
| DISTRICT COURT<br>CITY & COUNTY OF DENVER<br>1437 Bannock Street<br>Denver, Colorado 80202 | DATE FILED: October 12, 2021 1:29 PM<br>CASE NUMBER: 2020CV34319 |
| **Plaintiff:**<br><br>Eric Coomer,<br><br>v.<br><br>**Defendants:**<br><br>Donald J. Trump For President, Inc., et al. | ▲ **COURT USE ONLY** ▲<br><br>Case Number:<br>2020CV34319<br><br>Courtroom: 409 |
| **ORDER REGARDING PLAINTIFF'S SECOND MOTION FOR SANCTIONS AGAINST THE OLTMANN DEFENDANTS PURSUANT TO C.R.C.P. 37** | |

THIS MATTER comes before the Court on Plaintiff's *Second Motion for Sanctions Against the Oltmann Defendants Pursuant to C.R.C.P. 37*. The Court has reviewed the Motion, Response, Reply, and Defendants Herring Networks and Chanel Rion's joinder in the Response. Having reviewed the file and being fully advised in the premises, the Court enters the following Findings and Orders.

The Court has reviewed the transcripts of the depositions of Defendant Oltamnn, FEC United, Shuffling Madness Media and CD Solutions. Based on the Court's review of those depositions and the attachments to the briefing related to the Second Motion for Sanctions, the Court makes the following FINDINGS:

> 1) Defendant Oltmann has made some form of disclosure regarding the identity of the individual he claims was his conduit to the alleged Antifa conference call. Plaintiff makes a strong and persuasive argument that Defendant Oltmann's recent claim that he only knows his conduit by two initials lacks credibility. However, the credibility of Defendant's testimony on this point is not before the Court at the present time. Rather, if Plaintiff survives Oltmann's Special Motion to Dismiss, Defendant Oltmann's credibility is an issue that will need to be resolved by the jury.

2) In his deposition, Defendant Oltmann improperly refused to disclose the identity of the individual that provided Defendant Oltmann with Plaintiff's Facebook posts. Although Defendant Oltmann knew that he would be required to provide this information during his deposition, he did not seek a protective order regarding this information prior to his deposition. The identity of the person that provided the Facebook posts is directly relevant to the issues that the Court will be required to resolve as part of the hearing on the Special Motions to Dismiss. Plaintiff is entitled to this inform because it has direct bearing on the truthfulness of Defendant Oltmann's claims regarding what led him to voice his statements regarding the alleged Antifa conference call.

The following exchange occurred during Defendant Oltmann's deposition:

> Q: [W]ho is the person who gave you access to the Facebook pages by giving you screenshots?
>
> A: Someone that had legally—legal access to those screenshots.
>
> Q: I'm asking you for the name.
>
> A: I won't give you the name. I will not answer that question.
>
> Q: You've been ordered by the Court to answer that question.
>
> A: I understand.

Therefore, Defendant Oltmann's refusal to provide the name of the individual that provided the Facebook posts is a knowing and direct violation of this Court's August 27, 2021 Order compelling him to provide the information and is a proper area for imposition of sanctions by this Court.

3) It appears that while Defendant Oltmann did disclose the substance of the information provided to him by the individual he refers to as "the Researcher", Defendant Oltmann did not

timely disclose his email exchange with the Researcher. However, this discovery deficiency has been resolved.

Pursuant to C.R.C.P. 37(b)(2), if a party fails to obey an order to provide or permit discovery, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

(E) Where a party has failed to comply with an order under Rule 35(a) requiring the party to produce another for examination, such orders as are listed in subparagraphs (A), (B), and (C) of this subsection (2), unless the party failing to comply shows that he is unable to produce such person for examination.

In addition to the permissive sanctions listed above, C.R.C.P. 37(b)(2) also provides for the following mandatory sanction: "in lieu of any of the foregoing orders or in addition thereto, the court <u>shall</u> require the party failing to obey the order, or the attorney advising the party, or both, to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." (emphasis added)

Here, Plaintiff has requested that the following sanctions be imposed against Defendants Oltmann, FEC United and Shuffling Madness Media:

1) An award of attorneys fees and costs entered against Defendants Oltmann, FEC United and Shuffling Madness Media and their counsel;

2) An order striking Defendants Oltmann, FEC United and Shuffling Madness Media' Special Motions to Dismiss; and

3) An order withdrawing the July 19, 2020 protective order.

First, the Court notes that the July 19, 2020 protective order has largely been withdrawn by the Court on unrelated grounds. Therefore, the Court is not considering this request for sanctions.

Second, having found that Defendant Oltmann's refusal to provide the name of the individual that provided the Facebook posts was a knowing and direct violation of this Court's August 27, 2021 Order and is a proper area for imposition of sanctions by this Court, this court is required by C.R.C.P. 37(b)(2) to order Defendant Oltmann and/or his attorneys to pay the reasonable and necessary attorneys fees and costs of Plaintiff caused by Defendant Oltmann's failure to comply with this Court's Order of August 27, 2021, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust. Having considered Defendant Oltmann's claims regarding his failure to disclose the name of the individual that provided him with the Facebook posts, the Court finds that Defendant was <u>not</u> substantially justified and that an award of reasonable fees and costs would <u>not</u> be unjust. Having reviewed the deposition transcript, the Court concludes that Defendant Oltmann unilaterally determined that he would not disclose the required information. As such, the Court ORDERS that Defendant Oltmann alone shall be responsible for payment of Plaintiff's reasonable and necessary attorneys fees and costs incurred related to this discovery violation. Counsel for Plaintiff shall submit an affidavit of reasonable and necessary attorneys fees and costs related to this discovery violation on or before November 12, 2021. Defendant Oltmann shall have 21 days to object to Plaintiff's request.

Finally, the Court has considered Plaintiff's request for an order striking Defendants Oltmann, FEC United and Shuffling Madness Media' Special Motions to Dismiss consistent with the proportionality requirements of C.R.C.P. 37(c).

First, the Court notes that it is only imposing sanctions related to Defendant Oltmann's conduct in refusing to provide the name of the individual that provided the Facebook posts. It would be improper to impose a sanction on FEC United or Shuffling Madness Media related to this violation.

Second, the Court finds that a complete striking of Defendant Oltmann's Special Motion to Dismiss is overly broad when compared to the limited scope of Defendant Oltmann's violation. Therefore, the Court denies Plaintiff's request for a complete striking of Defendants' Special Motion to Dismiss as disproportionate to the discovery violation.

However, in conducting the proportionality review required by C.R.C.P. 37(c), the Court has determined that there is a less drastic evidence preclusion sanction that appropriately addresses Defendant Oltmann's knowing and direct violation of the August 27, 2021 order compelling disclosure of the identity of the individual that provided the Facebook posts to Defendant Oltmann. In ruling on Defendant Oltmann's Special Motion to Dismiss, the Court will not consider Defendant Oltmann's claims as to the source, timing or manner in which he received the Plaintiff's Facebook posts. Defendant Oltmann's refusal to disclose the identity of the individual from whom he received the Facebook posts has precluded Plaintiff from discovering the source, timing and/or manner in which Defendant Oltmann received those posts.

Therefore, the Court ORDERS that Defendant Oltmann shall not be permitted to contest Plaintiff's evidence or claims regarding the source, manner or timing of Defendant Oltmann's receipt of information regarding Plaintiff's Facebook posts. This sanction is consistent with the sanctions that can be imposed under C.R.C.P. 37(b)(2), is proportionate to the discovery violation and is an appropriate remedy to address the harm caused to Plaintiff by Defendant Oltmann's discovery violation.

**SO ORDERED this 12th day of October, 2021.**

BY THE COURT:

Marie Avery Moses
District Court Judge