IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129-NYW-SKC

ERIC COOMER, PH.D.,

    Plaintiff,

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC, AND MY PILLOW, INC.,

    Defendants.

---

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DOCUMENT PRODUCTION AND DEPOSITION TESTIMONY FROM THIRD-PARTY TINA PETERS

Defendants Michael J. Lindell ("Lindell"), FrankSpeech LLC ("FrankSpeech"), and My Pillow, Inc. ("MyPillow") (collectively, "Defendants"), hereby respond to Plaintiff's Motion to Compel Document Production and Deposition Testimony from Third-Party Tina Peters Pursuant to F.R.C.P. 45 and Motion for Sanctions Pursuant to F.R.C.P. 37 ("Motion").

As indicated in Plaintiff's Motion, Defendants take no position on the relief sought. Mot., ECF No. 97, p. 1. In setting forth the basis for that relief, however, Plaintiff avers that "the likelihood that Defendants are actively engaged in potential witness tampering, obstruction, intentional delay, and destruction of evidence are all probabilities that both Plaintiff and the Court must address." Mot., p. 8. Plaintiff offers no evidence to suggest the "likelihood" or "probabilities" of these offenses. Plaintiff generally refers to "sworn

1

testimony from other witnesses in this case describing multiple conversations they had with Peters at the Cyber Symposium, including when she assured them that Lindell would take care of their personal expenses, such as paying off their mortgage." Id. Despite references to witnesses and conversations in the plural, Plaintiff cites only some of Joshua Merritt's deposition testimony recounting one alleged exchange with Ms. Peters. Id., fn 27. It is unclear what "witness tampering, obstruction, intentional delay, and destruction of evidence" this conversation between Ms. Peters and Mr. Merritt in August of 2021 would even demonstrate. To the extent there is direct testimony on Plaintiff's allegations, those allegations are undercut. At his deposition, Mr. Oltmann flatly stated that he had not discussed his testimony with Lindell and had not discussed the subpoena he received. ECF No. 97-5, p. 5 (Oltmann Dep., pp. 10:22-11:16). Plaintiff's broadsides are also uncalled for because Defendants have not obstructed or delayed these proceedings. Defendants have fully engaged in discovery, and at substantial expense have attended five depositions and exchanged voluminous discovery requests and documents with Plaintiff and third parties.

Should Ms. Peters be deposed again, Defendants will of course attend, subject to any order of this Court and to the Federal Rules of Civil Procedure. Many, if not most, of Plaintiff's questions for Ms. Peters at her deposition sought information that is not relevant to the defamation dispute between the parties. To wit, Plaintiff asked 534 questions of Ms. Peters on November 7, 2022; less than one fifth of those mentioned and directly pertained to the Defendants. Peters Dep. Index, Ex. 1, pp. 7, 9, 11 (indicating 84 references to Lindell and 9 references each to MyPillow and FrankSpeech). Based on Plaintiff's prior questioning of Ms. Peters and the documents she has produced, Defendants simply disagree

with Plaintiff's description of Ms. Peters as "an important witness in this case." Mot., p. 4. Defendants' primary concern is that a second deposition spanning all topics raised at her prior deposition would not comport with the relevance and proportionality requirements of Fed. R. Civ. P. 26(b)(1). *See, e.g., Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325 (10th Cir. 1981) (scope of discovery for a deposition subpoena is the same as the scope of discovery under Rule 26(b)). Defendants therefore reserve their rights to seek appropriate relief consistent with the Court's order on Plaintiff's Motion and with the Federal Rules of Civil Procedure.

DATED:  February 17, 2023                **PARKER DANIELS KIBORT LLC**

By: */s/ Ryan P. Malone*
Andrew D. Parker (MN Bar #195042)
Jesse H. Kibort (MN Bar #328595)
Abraham S. Kaplan (MN Bar #399507)
Ryan P. Malone (MN Bar #395795)
123 N. Third Street, Suite 888
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
kibort@parkerdk.com
kaplan@parkerdk.com
malone@parkerdk.com

**ATTORNEYS FOR DEFENDANTS**