IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129-NYW-SKC

ERIC COOMER, Ph.D.,
    Plaintiff

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC,
AND MY PILLOW, INC.,
    Defendants

**PLAINTIFF'S RESPONSE TO TINA PETERS' MOTION FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION TO COMPEL**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Eric Coomer, Ph.D. (Dr. Coomer) and files this Response to the Motion for an Extension of Time to Respond to Plaintiff's Motion to Compel filed by Tina Peters (Peters) [Dkt. 104], stating in support thereof as follows:

**LEGAL STANDARD**

1. When an act may or must be done within a specified time, the Court may, for good cause, extend the time if a request for extension is made before the original time expires. F.R.C.P. 6(b)(1)(A). Pursuant to this Court's practice standards, a motion for extension of time must be filed "no later than **one business day** prior to the operative deadline" and "must articulate good cause for granting an extension of time. **The press of business does not constitute good cause**." J. Wang Practice Standards, § F(1) (emphases in original).

1

## ARGUMENT

2.      During the January 27, 2023 Discovery Hearing, the Court established a briefing schedule with regard to Plaintiff's Motion to Compel.  *See* Dkt. 95.  Plaintiff was required to file his motion no later than February 3, 2023 [Dkt. 97] (Plaintiff's Motion), with Defendants' and Peters' responses due on February 17, 2023.  All counsel indicated their agreement with the timeline of the briefing schedule, including counsel for Peters, Scott Gessler.  Indeed, Mr. Gessler requested additional time to respond from the Court due to his schedule.

3.      Defendants filed their response in accordance with the briefing schedule. *See* Dkt. No. 102.  The Court ordered Plaintiff to file his reply no later than February 22, 2023, five days subsequent to any response.  On *February 17, 2023, at 3:24 p.m.* Plaintiff's counsel received an email from Justin North, who indicated that he was working with Peters' attorney Scott Gessler.  Mr. North requested an additional week to file Peters' response to Plaintiff's Motion.

4.      Undersigned counsel called Mr. North and had a brief discussion to discuss the relief requested.  Contrary to Peters' Motion requesting extra time, undersigned counsel did not use the word "abhorrent" in conferring with Mr. North, but did describing Ms. Peter's conduct during the discovery process as "deeply offensive."  Semantic distinctions aside, the facts outlined in Plaintiff's Motion speak for themselves, and in any case the bases for Plaintiff's objections to the requested relief are in no way "moralistic."

5. Plaintiff deposed Peters on November 7, 2022, more than four months ago. Since that time, the process of simply getting the requested relief in front of the Court has taken a substantial amount of time.

6. Plaintiff objects to the requested extension of time and believes that should the Court grant the requested relief, a similar schedule moving forward would not be feasible.

7. Plaintiff intends to file a motion to challenge third party CD Solutions' confidentiality designations on Friday, February 24, 2023. That motion will address a substantial portion of the McGuire deposition, as well as well over a thousand pages of document designations.

8. The following week, Plaintiff will be deposing FrankSpeech host Brannon Howse in Memphis, Tennessee, on Wednesday, March 1. This deposition, and its related preparations and travel time, will necessarily consume the majority of that week.

9. The week after Mr. Howse's deposition, Plaintiff will be conducting back-to-back Rule 30(b)(6) depositions of Defendants MyPillow, Inc. and FrankSpeech LLC in Minneapolis on March 8 and March 9. Preparation and travel time will be substantial, and will likely consume the entirety of that week as well.

10. Upon returning from Minneapolis, Plaintiff's Answer Brief to the Colorado Court of Appeals in related matter *Coomer v. Herring Networks, Inc. dba One America News Network, et al.*, 2022CA843, is due on Tuesday, March 14. This brief will address fourteen different defendants' efforts to overturn a 136-page order issued by the Denver

3

District Court denying all defendants' attempts to dismiss Plaintiff's case under Colorado's newly enacted anti-SLAPP statute.

11.     As a result, the potential delays associated with Peters' last-minute request for additional time would present significant prejudice to Plaintiff.

12.     Peters describes Plaintiff's inclusion of an exhibit breaking down the ten general topics covered in her deposition as an "unorthodox approach."  Peters Mot. at ¶ 6.  As discussed in *McKnight v. Brown*, No. 1:20-cv-03678-PAB-SKC, 2022 WL 488607 (Dist. Colo. Feb. 17, 2022), this is in fact the standard and predictable procedure for addressing disputes of this nature.  The topic breakdown chart was specifically created to address Peters' counsel's stated concerns in the telephonic conference about which topics Plaintiff believed were not subject to Fifth Amendment protection.  Undersigned counsel stated in the conference that he would create the chart to address these concerns and to assist the Court in its analysis.  Frankly, the chart is just that—an effort to assist the Court.

13.     Peters' stated concerns are of her own making.  Pre-emptive blanket invocations of the Fifth Amendment have been forbidden in Colorado for more than fifty years.  *See People v. Austin*, 412 P.2d 425, 427 (1966).  The numerous pre- and post-deposition communications from undersigned counsel to counsel for Peters described in Plaintiff's Motion afforded Peters ample time to consider the implications of her strategic decision to proceed with this approach.

14.     Should the Court grant Peters' request for additional time to respond, Plaintiff proposes a response deadline of no later than Wednesday, February 22, 2023.  As noted above, Plaintiff has significant pre-existing scheduling conflicts associated with

a potential reply, and may not be reasonably capable of adjusting his schedule in the short term. As a result, Plaintiff reserves the right to seek additional time as necessary, and further reserves the right to seek appropriate sanctions when the matter is ripe for consideration.

## CONCLUSION

For all of the reasons stated herein, the Court should deny third party Peters' Request for an Extension of Time. If the Court grants the requested relief, Plaintiff requests he be allowed sufficient time to reply, and that the Court be cognizant of pre-existing discovery obligations in this case.

Respectfully submitted,

*/s/ Bradley A. Kloewer*
Charles J. Cain, No. 51020
ccain@cstrial.com
Bradley A. Kloewer, No. 50565
bkloewer@cstrial.com
Steve Skarnulis
skarnulis@cstrial.com
Zachary H. Bowman
zbowman@cstrial.com
David E. Jennings, No. 54643
djennings@cstrial.com
**Cain & Skarnulis PLLC**
P. O. Box 1064/101 N. F Street, Suite 207
Salida, Colorado 81201
303 Colorado Street, Suite 2850
Austin, Texas 78701
719-530-3011/512-477-5011 (Fax)

5

Thomas J. Rogers III, No. 28809
trey@rklawpc.com
Mark Grueskin, No. 14621
mark@rklawpc.com
**RechtKornfeld PC**
1600 Stout Street, Suite 1400
Denver, Colorado 80202
303-573-1900
**ATTORNEYS FOR PLAINTIFF**

6