IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129-NYW-SKC

**ERIC COOMER, Ph.D.**

      Plaintiff,

v.

**MICHAEL J. LINDELL, FRANKSPEECH LLC,
AND MY PILLOW, INC.,**

      Defendants.

## DECLARATION OF SCOTT E. GESSLER

As required by 28 U.S.C. § 1746, Scott E. Gessler, declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen, am competent to make this declaration, and do so based on my personal knowledge.

2. I am an attorney with Gessler Blue, LLC, and I am admitted to practice law in the state of Colorado.

3. I am the attorney representing Tina Peters in this proceeding and other civil proceedings that Tina Peters is a party to including cases before the Mesa County District Court and the Office of Administrative Courts. These cases include or included:

   - *Jena Griswold v. Tina Peters,* Case No. 2021CV30214, Mesa County District Court, Colorado;



- *Jena Griswold v. Tina Peters*, Case No. 2022CV30007, Mesa County District Court, Colorado;

- *Tina Peters v. Board of County Commissioners*, Case No. 2022CV30074, Mesa County District Court, Colorado;

- *Tina Peters v. Jean Griswold, et al.*, Case No. 2021SA307, Colorado Supreme Court;

- *Tina Peters v. The Board of County Commissioners of Mesa County Colorado, et al.*, Case No. 2022CV30852; Denver County District Court, Colorado;

- *Colorado Department of Law v. Tina Peters,* Case No. OS 2021-0015, Office of Administrative Court, State of Colorado;

- *In the Matter of Tina Peters*, Complaint 21-18, Colorado Independent Ethics Commission;

- *In the Matter of Tina Peters*, Complaint 22-07, Colorado Independent Ethics Commission; and,

- *In the Matter of Tina Peters*, Complaint 22-22, Colorado Independent Ethics Commission.

4. On September 3, 2021, I met with the District Attorney Daniel Rubinstein regarding potential criminal charges against Tina Peters for her actions in May through August of 2021 regarding Mesa County's election preparation. That meeting included Ms. Peters' then-criminal counsel. Our goal was to determine the scope of the District Attorney's interests and investigation.

2

5. At that time, Mr. Rubenstein told us (1) that he believed Ms. Peters' had violated Colorado criminal laws, (2) that his investigation included her actions at Mike Lindell's August 2021 Cyber Symposium, (3) that he was keenly interested in Ms. Peters' relationship and communications with Mike Lindell, Sherronna Bishop, and others involved in election-integrity efforts and concerns about voting equipment, (4) that he wanted to understand Tina Peters' motivations and actions for imaging the hard drives of certain electronic equipment and publicizing the results of her investigation, to determine whether she understood her actions to be part of her official duties or outside of her official duties.

6. In addition, Mr. Rubenstein explained that his efforts were part of a joint task force dedicated to investigating Ms. Peters and her associates, with respect to her actions in 2021 and possibly other election-related activities. This task force included, at the time, one attorney from the U.S. Attorney's Office for the District of Colorado, and two attorneys from the U.S. Department of Justice, Criminal Division, Public Integrity Section. As an attorney who started my career at the U.S. Department of Justice, Criminal Division, I immediately recognized this to mean that Ms. Peters was facing scrutiny and investigation from the very highest echelons of the federal government.

7. On or about November 15, 2021, the FBI in conjunction with the Mesa County District Attorney's Office and the Colorado Attorney General's Office served a search warrant on Tina Peters and seized all of her electronic devices that contained her emails and texts.

8. The search was tied to alleged criminal activity by Ms. Peters and others, involving her actions from May 2021 until the date of the search and seizure.

3

9. No arrests were made as a result of the search warrant.

10. The FBI and state authorities searched the homes of Ms. Peters and many of her associates, including Ms. Sherronna Bishop.

11. On April 18 and 21, 2022, I represented Tina Peters in a two-day hearing in *Jena Griswold v. Tina Peters*, Case No. 2022CV30007, Mesa County District Court, Colorado. This was a civil matter involving the scope of her official duties.

12. At that time, Ms. Peters was facing state criminal charges.

13. Despite being named as a party Ms. Peters did not attend the hearing, at my direction. I refused to allow Ms. Peters to testify or subject herself to being called as a witness. If she had been called to the witness stand, I would have instructed her to refuse to answer questions on Fifth Amendment grounds.

14. During breaks in that hearing, I watched Mr. Rubenstein confer with opposing counsel. This confirmed to me that Mr. Rubenstein was monitoring the hearing, assisting in the hearing, and seeking to obtain evidence from that hearing for use in the state criminal prosecution.

15. On or about February 10, 2022, Tina Peters was arrested while the Grand Junction Police Department attempted to carry out a search warrant to seize Ms. Peters' iPad to determine whether or not she improperly recorded a criminal court hearing on February 7, 2022. To me, this demonstrated ongoing efforts by state authorities to maximize Ms. Peters' potential criminal liability. At that time, state authorities seized Ms. Peters' iPad.

16. I also represent Ms. Peters in *Colorado Department of Law v. Tina Peters,* Case No. OS 2021-0015, Office of Administrative Court, State of Colorado. This case involves a campaign finance complaint against Ms. Peters.

17. As part of that case, the Colorado Attorney General deposed Ms. Peters on November 3, 2022, despite my efforts to quash the deposition subpoena. During the deposition, I strongly advised Ms. Peters to invoke her Fifth Amendment privilege against self-incrimination in response to nearly every question posed to her. Ms. Peters followed that advice, which was the exact same approach taken in the current disputed matter.

18. I advised Ms. Peters to invoke the Fifth Amendment because she faces substantial criminal liability, because she is subject to a very intense investigation by both state and federal authorities, and because any answer from her will be used to further state and federal criminal prosecution efforts.

19. Prior to my representation of Ms. Peters in the current matter, I received a call from Mr. Brad Kloewer, asking me whether I represented or planned to represent Ms. Peters in the subpoena Mr. Coomer had served seeking production of documents and Ms. Peters' deposition.

20. Mr. Kloewer has represented that this initial conversation took place on October 4, 2022. I believe this is correct.

21. During that conversation, I told Mr. Kloewer that his subpoena was unlikely to produce any information. I specifically told him that Ms. Peters would likely invoke her Fifth Amendment privilege to nearly every question he was likely to ask, and that it was highly unlikely that she had any responsive documents whatsoever.

22. Even though I did not at that time represent Ms. Peters in this matter, I felt confident of my answers because I had contested and grappled with these exact same issues in the campaign finance complaint. I knew that Ms. Peters faced an intensive broad-ranging criminal investigation and prosecution, and I knew her habits regarding communications with others.

23. Mr. Kloewer nonetheless stated that despite my warnings, he planned to go forward with the deposition.

24. I observed and advised Ms. Peters at the deposition on November 7, 2022. At all times she was attentive and focused on the questions presented to her. I did not see her text on her phones at any time during the deposition. Likewise, the deposition was videotaped, and I am unaware of any video footage showing her texting.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 22, 2023.

*(signature)*

Scott E. Gessler