**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-01129

ERIC COOMER, PhD.,

    Plaintiff

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC,
AND MY PILLOW, INC.,

    Defendants

---

**EXHIBIT 2**

---

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| Eric Coomer, Ph.D. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 1:22-cv-01129-WJM |
| Michael J. Lindell, Frankspeech LLC, ) | |
| and My Pillow, Inc. ) | |
| *Defendant* ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     Max McGuire, 7630 Bismarck Lake, Converse, TX 78109

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Cain & Skarnulis PLLC<br>303 Colorado Street, Suite 2850<br>Austin, TX 78701 | Date and Time:<br>11/17/2022 10:00 am |
|---|---|---|

The deposition will be recorded by this method: _____

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

   See attached Exhibit A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  11/17/2022

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | /s/ Charles J. Cain |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Eric Coomer, Ph.D. _____ , who issues or requests this subpoena, are:

Charles J. Cain; P.O. Box 1064, Salida, CO 81202; ccain@cstrial.com, sbeam@cstrial.com; (719) 530-3011

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:22-cv-01129-WJM

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-01129-WJM

ERIC COOMER, Ph.D.,
    Plaintiff

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC,
AND MY PILLOW, INC.,
    Defendants

---

**EXHIBIT A TO SUBPOENA**

---

**DEFINITIONS**

1. "Dr. Coomer" means Eric Coomer, Ph.D., as well as any current or former agents, servants, or representatives acting for or on his behalf.

2. "You," "your," or "yourself" refers to the individual receiving this Subpoena.

3. "Lindell," means Michael J. Lindell, as well as any and all current or former officials, agents, servants, employees, attorneys, affiliates, or representatives acting for or on his behalf.

4. "FrankSpeech" means FrankSpeech LLC, as well as any and all current or former officials, agents, servants, employees, attorneys, affiliates, or representatives acting for or on its behalf.

5. "My Pillow" means My Pillow, Inc., as well as any and all current or former officials, agents, servants, employees, attorneys, affiliates, or representatives acting for or on its behalf.

6. "Oltmann" means Joseph (Joe) Oltmann, as well as any agents, servants, employees, or representatives acting for or on his behalf.

7. "Conservative Daily" means the daily podcast produced and/or owned by CD Solutions Inc.

8. "Dominion Voting Systems" means Dominion Voting Systems, as well as any agents, servants, employees, or representatives acting for or on its behalf.

9. "Cyber Symposium" means the event promoted as Mike Lindell's Cyber Symposium, held from August 10-12, 2021, in Sioux Falls, South Dakota.

10. "Lawsuit" means the present litigation styled, *Eric Coomer, Ph.D. v. Michael J. Lindell, et al.*, Case No. 1:22-cv-01129-WJM, in the United States District Court for the District of Colorado.

11. "Subpoena" means Plaintiff's Subpoena to Attend and Produce in the present Lawsuit.

12. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity and all predecessors or successors in interest.

13. "Communication" means any oral or written communication of which you have knowledge, information, or belief.

14. "Document" or "documents" mean any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally produced, including, without limitation, agreements, contracts, warranties, insurance policies, forms, acknowledgments, invoices, letters, correspondence, memoranda, telegraphs, notes, reports, compilations, electronically stored data, emails, notebooks, appointment books, calendars, work papers, worksheets, photographs, diaries, minutes of meetings, magnetic tape, movie files, microfilm, microfiche, videotapes, print out sheets, summaries or records of telephone conversations, personal conversations or interviews and any and all other writings, typings, printouts, drafts, copies and/or mechanical electronic, or photographic reproductions or recordations thereof in your, your agent's, or your attorney's possession, custody, or control, or known to you whether or not prepared by you. "Document" or "documents" also includes all copies that are not identical to the originals, such as those bearing marginal comments, alterations, or other notations not present on the original as originally written, typed, or otherwise prepared.

15. "Mobile device" means any cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, electronic rolodex, walkie-talkie, or any combination of these devices.

16. "Identify" and "identify" unless otherwise indicated, means with respect to an individual to give the following information:

    (a) full name;
    (b) present or last known home address and phone number;
    (c) present or last known business address and phone number; and
    (d) title, if any.

17. "Identify" and "identify" unless otherwise indicated, when used with respect to any act, activity, practice, effort, event, transaction, discussion, conversation, occurrence, meeting, agreement, or communication means to:

    (a) describe the nature and substance of the act, activity, practice, effort, event, transaction, negotiation, discussion, conversation, occurrence, meeting, agreement, or communication;
    (b) give the date when and place where it occurred;
    (c) identify each person who was a participant therein;
    (d) identify each other person who was a witness thereto; and
    (e) if any such event is claimed to be privileged or work product, in addition to the foregoing information, state as to each:
        (i) a general description thereof, without revealing the specific information as to which privilege is claimed; and
        (ii) the basis on which the claim of privilege is asserted.

18. "Relating to," "referring to," or "concerning" mean including, summarizing, demonstrating, constituting, reflecting, containing, studying, analyzing, considering, explaining, mentioning, showing, discussing, describing, commenting upon, resulting from, prepared for or used in connection with.

19. "State" and "describe" mean to set forth a complete and detailed statement of all information, circumstances, and facts that related to the matter about which information is requested.

# INSTRUCTIONS

1. Unless otherwise specified herein, each request relates to, covers, and requests information and documents from January 1, 2020 to the present. The term "present" as used in this instruction is meant to be a rolling and continuing period of time, rather than the time at which you respond to these Requests.

2. If a claim of privilege is asserted with respect to any discovery request, in whole or in part, or you refuse to answer any discovery request on any other ground, specify the exact basis for your claim that such discovery request need not be answered. If the refusal is based on an assertion of privilege, pursuant to Federal Rule of Civil Procedure 34, produce a privilege log to:

    (a) describe the items withheld such that the parties can assess the applicability of the privilege; and
    (b) assert a specific privilege for each item or group of items withheld.

3. Each request for production is to secure documents in the possession, custody, or control of you, or your accountants, agents, employees, officers, investigators, consultants, and other representatives. When a request for production is directed to you, it is also directed to each of these persons.

4. In those instances when requested information is stored only on software or other data compilations, you should either produce the raw data along with all codes and programs for translating it into usable form or produce the information in a finished usable form, which would include all necessary glossaries, keys, and indices for interpretation of the material.

5. In making documents available, all documents which are physically attached to each other in files shall be made available in this form. Documents which are segregated or separated from other documents whether by inclusion in binders, files, sub-files, or by use of dividers, tabs, or any other method, shall be made available in that form. Documents shall be made available in the order in which they were maintained.

6. If any portion of a document is responsive to a request, the entire document should be produced. If documents that are produced in response to a request are normally kept in a file or other folder, then also produce that file or folder with any labels attached thereto.

7. If a request calls for the production of a document that no longer exists, cannot be located, has been placed beyond your control, or otherwise disposed of, set forth with respect to each such document:

      (a)    the author of the document;
      (b)    the addressee, if any, and those persons, if any, who have seen or received a copy of the document or who are specified in the document to receive a copy thereof;
      (c)    the title of the document, if any, or other identifying data;
      (d)    the type of document (*i.e.*, letter, memorandum); and
      (e)    a summary of its nature and subject matter.

8.    With respect to production of e-mails or other electronic communications, the data is hereby requested in the following format:

      (a)    OCR multipage text files, in a folder named "OCR";
      (b)    Load file .opt or .log;
      (c)    Metadata associated with the documents in a .dat file;
      (d)    Native File;
      (e)    Summation Load File (.dii), Concordance Load File (.dat), Ipro Load File (.lfp); and
      (f)    Metadata, including:

| | | | |
|---|---|---|---|
| 1. | To | 11. | Date Created |
| 2. | From | 12. | Date Modified |
| 3. | CC | 13. | Date Printed |
| 4. | BCC | 14. | Filename |
| 5. | Date/Time Sent | 15. | MD5/SHA1 Hash Value |
| 6. | Date/Time Received | 16. | Author |
| 7. | Subject | 17. | Organization |
| 8. | Attachment File name | 18. | Title |
| 9. | Email/Attachment Relationship Information | 19. | File Size |
| | | 20. | Custodian |
| | | 21. | Source |
| 10. | Message ID | | |

**DOCUMENTS REQUESTED**

1. All written communications between You and Lindell, FrankSpeech, or My Pillow between January 1, 2020 and the present, including, but not limited to, all written communications relating to Dr. Coomer or Dominion Voting Systems.

2. All written communications between You and Oltmann between January 1, 2020 and the present, including, but not limited to, all written communications relating to Dr. Coomer or Dominion Voting Systems.

3. All documents and communications authored, sent, or received by You relating to Oltmann's personal legal defense fund.

4. All documents and communications authored, sent, or received by You relating to proposed topics for Conservative Daily episodes that you or any other Conservative Daily employee or contractor objected to between January 1, 2020 and the present.

5. All documents and communications authored, sent, or received by You concerning the accuracy of claims made by Oltmann on Conservative Daily between January 1, 2020 and the present.

6. All documents and communications authored, sent, or received by You relating to the Cyber Symposium held in Sioux Falls, South Dakota from August 10-12, 2021.

7. All documents and communications authored, sent, or received by You relating to the claims that Dr. Coomer participated in an "Antifa call," that he claimed on that call to have rigged the 2020 presidential election, and that he did in fact rig the 2020 presidential election.

8. All documents and communications authored, sent, or received by You relating to any surveillance of, threats directed towards, or harassment of Dr. Coomer between January 1, 2020 and the present.

9. All documents and communications authored, sent, or received by You relating to any of the alleged participants of the "Antifa call," the means by which Oltmann supposedly accessed the "Antifa call," any alleged witnesses to the "Antifa call," any evidence demonstrating the occurrence of the "Antifa call," or any other documents or communications related in any way to the "Antifa call."

10. All documents and communications authored, sent, or received by You concerning instances when Oltmann manipulated, fabricated, falsified, or altered in any way alleged evidence of fraud in the 2020 presidential election, including, but not limited to, all documents or communications relating to instances when Oltmann encouraged others to manipulate, fabricate, falsify, or alter evidence, or when he knowingly disregarded the manipulation, fabrication, falsification or alteration of alleged evidence of fraud offered by others relating to the 2020 presidential election.

11. All documents and communications authored, sent, or received by You relating to Joey Camp (aka Joseph A. Camp, aka Jojo Camp).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:22-cv-01129-WJM

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* **Max McGuire**
on *(date)* **8/30/22**.

☒ I served the subpoena by delivering a copy to the named individual as follows: **Max McGuire @ 7630 Bismarck Lake, Converse, Texas 78109**
on *(date)* **8/31/22** ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ **40.00** .

My fees are $ _____ for travel and $ _____ for services, for a total of $ **0.00** .

I declare under penalty of perjury that this information is true.

Date: **8/31/22**

_____
*Server's signature*

**David D. Pace   Process Server   PSC-1820**
*Printed name and title*

**2441 Nacogdoches Rd. #515 San Antonio, Texas 78217**
*Server's address*

Additional information regarding attempted service, etc.: