# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129

ERIC COOMER, PhD.,

    Plaintiff

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC,
AND MY PILLOW, INC.,

    Defendants

# EXHIBIT 3

Friday, February 24, 2023 at 12:48:53 Mountain Standard Time

| | |
|---|---|
| **Subject:** | RE: Conferral re Coomber v. Lindell et. Al – Deposition of Max McGuire |
| **Date:** | Thursday, November 10, 2022 at 6:03:15 PM Mountain Standard Time |
| **From:** | Dan Coombe |
| **To:** | Charlie Cain, Scotti Beam |
| **CC:** | Robb Schroer, Emily Travis, Randy Corporon, Beth Chambers, Brad Kloewer |
| **Attachments:** | image007.png, image008.png, image009.png, image011.png, image013.png, image015.png, image016.png, image005.png, image006.png, image010.png, image012.png, NDA (McGuire)1.pdf |

 **IRONSCALES couldn't recognize this email as this is the first time you received an email from this sender coombe@ccrjlaw.com**

Charlie,

Thank you for your email and response. As an initial matter, the filing of a Motion for Protective Order in the US District Court for Colorado automatically stays the requested discovery (in this case the deposition) until resolution from the Court. D.C.COLO.LCivR 30.2(a).

In addition, Mr. McGuire also signed an NDA in 2015 with PIN business networks, then I believe to be an affiliate/ subsidiary of CD Solutions (Attached). Consequently, Mr. McGuire is prohibited from discussing matters from that time and outlined in both agreements at this deposition.

Rest assured, we are not trying to shield relevant testimony from a fact witness in a case in which CD Solutions is not a party, but instead seek to enforce CD Solutions' rights under the NDA. While you are correct that you are not bound by those agreements, Mr. McGuire is.

Im open for a call tomorrow at 10 mountain time if you'd like to discuss further. If so, please have Scott send the invite. Thank you and have a pleasant evening.



**Daniel Coombe - Partner**
**Coombe Curry Rich & Jarvis**

Direct: 303.572.4210
coombe@ccrjlaw.com | www.ccrjlaw.com

**From:** Charlie Cain <ccain@cstrial.com>
**Sent:** Thursday, November 10, 2022 5:06 PM
**To:** Dan Coombe <coombe@ccrjlaw.com>; Scotti Beam <sbeam@cstrial.com>
**Cc:** Robb Schroer <schroer@ccrjlaw.com>; Emily Travis <travis@ccrjlaw.com>; Randy Corporon <rbc@corporonlaw.com>; Beth Chambers <bethc@corporonlaw.com>; Brad Kloewer <bkloewer@cstrial.com>
**Subject:** Re: Conferral re Coomber v. Lindell et. Al – Deposition of Max McGuire

> You don't often get email from ccain@cstrial.com. Learn why this is important

As part of our discussion, I don't think we need to get into the actual agreement in detail, but obviously it wasn't effective until September 1, 2021. Much of what we are interested in pre-dates that date. There is also a termination provision upon written notice. Has it been terminated? If so, when? Thanks.

---

**From:** Charles Cain <ccain@cstrial.com>
**Date:** Thursday, November 10, 2022 at 5:55 PM
**To:** Dan Coombe <coombe@ccrjlaw.com>, Scotti Beam <sbeam@cstrial.com>
**Cc:** Robb Schroer <schroer@ccrjlaw.com>, Emily Travis <travis@ccrjlaw.com>, Randy Corporon <rbc@corporonlaw.com>, Beth Chambers <bethc@corporonlaw.com>, Brad Kloewer <bkloewer@cstrial.com>
**Subject:** Re: Conferral re Coomber v. Lindell et. Al – Deposition of Max McGuire

Dan, I'm adding Randy and Beth to this email given that they are representing Mr. McGuire for purposes of this deposition. Also adding Brad Kloewer of my firm.

Mr. McGuire was served on August 30, 2022, and it is unlikely a Court will be able to address your motion prior to his deposition. We are certainly not bound by the NDA and it appears that you are using it to shield relevant testimony from a fact witness who is under subpoena. I'm not quite clear on that point from reading your email, but it merits further discussion.

In any event, I suggest we visit in the morning to see if we can come to an agreement that will keep us on track. Are you available at 11CT/10MT to confer? If so, I'll have Scotti send an invite. I'm also free around 2:30 CT. Obviously, Randy and Beth (and Brad) are also invited.

Regards,

Charlie

**From:** Dan Coombe <coombe@ccrjlaw.com>
**Date:** Thursday, November 10, 2022 at 1:12 PM
**To:** Charles Cain <ccain@cstrial.com>, Scotti Beam <sbeam@cstrial.com>
**Cc:** Robb Schroer <schroer@ccrjlaw.com>, Emily Travis <travis@ccrjlaw.com>
**Subject:** Conferral re Coomber v. Lindell et. Al – Deposition of Max McGuire

Dear Mr. Cain,

My name is Dan Coombe and I represent the interest of CD Solutions, Inc. ("CDS") in the above-referenced matter. I am emailing you today to introduce myself and to discuss the Plaintiff's Notice of Intent to Take Oral and Video Deposition of Max McGuire, set for Thursday, November 17, 2022, in Austin, Texas.  As you know, Mr. McGuire is a former employee (consultant) of CDS and Joe Oltmann was the CEO of CDS at the time of Mr. McGuire's employment.

As I believe you are aware, on September 1, 2021, Mr. McGuire executed a Non-Disclosure Agreement as part of his employment agreement with CDS. See Attached Non-Disclosure Agreement.  Pursuant to that Agreement,  Mr. McGuire is forbidden from disclosing confidential information related to CDS, including but not limited to:

> (a) All information concerning the Disclosing Party's and **its affiliates'**, and their customers', suppliers', and other third parties' past, present, and future business affairs including without limitation, finances, customer information, supplier information, products, services, organizational structure and internal practices, forecasts, sales and other financial results, records and budgets, and business, marketing, development, sales and other commercial strategies;

"Exhibit A" CD Solutions Non-Disclosure Agreement, 1(a) (emphasis added) (See Also Sections 1(b)-1(e)).

It is clear from your Exhibit A to Subpoena that you intend on questioning Mr. McGuire on his discussions with Mr. Oltmann and the business affairs of Conservative Daily, the affiliated podcast produced and/or owned by CDS.  Ex. A to Subpoena, Definition 7. Further, you have requested Mr. McGuire provide documentation and communications related to Mr. Oltmann and Conservative Daily podcasts.  Ex. A to Subpoena, Documents Requested 4, 5.

As the Conservative Daily podcast is either a product or an affiliate of CDS, Mr. McGuire is prohibited from answering any questions or provide any documentation

related to the majority of conversations with Mr. Oltmann, the podcast, CDS, or any other topics listed in the Non-Disclosure Agreement related to CDS and its affiliates.

As such, we are requesting a stay of Mr. McGuire's deposition until this matter can be resolved either between us or via a discovery dispute hearing with the Court. As the case is currently postured, it appears there is an outstanding Motion to Dismiss which should be decided shortly. Further, we will need to resolve the discovery dispute related to the Non-Disclosure Agreement. A stay of the deposition would give time to have some of these issues resolved.

Due to the fact that Mr. McGuire's deposition is set out of State and in a week, we would respectfully request a response to this email by the close of business today or we will be filing a Motion for Protective Order regarding this deposition.

If you have any questions or would like to discuss this matter further, please feel free to call either myself or my colleague, Robb Schroer. We look forward to hearing from you,

Thank you,



**Daniel R. Coombe** – Partner

2000 S. Colorado Boulevard, Tower II, Suite 1050, Denver, Colorado 802
Direct: 303.572.4210 | Main: 303.572.4200

coombe@ccrjlaw.com | www.ccrjlaw.com

*Licensed in Colorado and Illinois*






CONFIDENTIALITY NOTICE: This transmission may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately and delete the copy you received.  Any tax advice contained in this message, including all attachments is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the internal revenue code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.