**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-01129

ERIC COOMER, PhD.,

    Plaintiff

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC,
AND MY PILLOW, INC.,

    Defendants

---

**EXHIBIT 4**

---

| | |
|---|---|
| DISTRICT COURT, CITY & COUNTY OF DENVER COUNTY, COLORADO<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: January 9, 2023 8:17 PM<br>CASE NUMBER: 2020CV34319 |
| ERIC COOMER, Ph.D.,<br>Plaintiff<br><br>vs.<br><br>DONALD J. TRUMP FOR PRESIDENT, INC., et al.,<br>Defendants | ▲ COURT USE ONLY ▲ |
| | Case No:     2020cv034319<br><br>Courtroom:   409 |
| **ORDER REGARDING PLAINTIFF'S NOTICE OF SUBMISSION OF ATTORNEY'S FEES AND COSTS PURSUANT TO ORDER OF COURT OF APPEALS** | |

## **Background**:

On August 29, 2021, the Court entered a sanctions order against Defendant Oltmann granting Plaintiff reasonable and necessary attorney's fees and costs incurred in attending three depositions (Oltmann (non-appearance), FEC United, and Shuffling Madness Media). The order also extended the sanction to counsel for the Oltmann Defendants, Ms. Hall and Ms. DeFranco, for attorney's fees and costs associated with the 30(b)(6) depositions. On September 10, 2021, Plaintiff filed his affidavit of fees and costs pursuant to the order. Plaintiff requested attorney's fees in the amount of $17,500 and costs in the amount of $1,633.10 associated with Defendant Oltmann's non-appearance at his August 11, 2021 deposition. In addition, Plaintiff requested attorney's fees in the amount of $10,000 and costs in the amount of $3,763.64 related to the FEC United and Shuffling Madness Media depositions. On September 24, 2021, the Oltmann Defendants filed their *Objections* to Plaintiff's fees and costs.

1

Also on September 24, 2021, the Oltmann Defendants jointly filed an appeal of the August 29, 2021 sanctions order. This appeal was designated Colorado Court of Appeals Case Number 2021CA1481. On February 3, 2022, in 2021CA1481, Plaintiff filed a *Motion to Dismiss, Motion for Sanctions, and Alternative Motion for Extension of Time to File Answer Brief*. This Motion asserted that the Oltmann Defendants' appeal should be dismissed for lack of jurisdiction because there was no final order related to the Rule 37 sanctions. Plaintiff requested that additional sanctions be imposed on the Oltmann Defendants pursuant to C.A.R. 38 which provides for the imposition of sanctions for frivolous appeals. The Oltmann Defendants did not file a Response to Plaintiff's Motion to Dismiss or Motion for Sanctions. On February 22, 2022, the Court of Appeals granted Plaintiff's motion to dismiss the appeal and awarded Plaintiff his appellate attorney's fees and costs, in an amount to be determined by this Court.

On October 6, 2022, Plaintiff filed his *Notice of Submission of Attorney's Fees and Costs Pursuant to Order of the Court of Appeals*. Plaintiff requested appellate attorneys fees in the amount of $27,895 and appellate costs in the amount of $172. Plaintiff's Submission was supported by the sworn *Declaration of Charles J. Cain Relating to Attorney's Fees and Costs*. On October 20, 2022, the Oltmann Defendants filed a *Response in Opposition to Plaintiff's Submission of Attorneys' Fees and Costs, Objection to Fee Award, and request for Hearing*. Plaintiff filed a *Reply* on October 27, 2022. Based on the *Response* filed by the Oltmann Defendants which raised objections to the reasonableness and necessity of the Plaintiff's appellate fees and which requested a hearing, the Court conducted an evidentiary hearing on January 6, 2023.

At the evidentiary hearing held on January 6, 2023, the Court considered the sworn Declaration of Mr. Cain (*see In re Marriage of Pollock*, 881 P.2d 470 (Colo. App. 1994), the sworn testimony of Mr. Cain and arguments of counsel. No other witnesses were called to testify and no exhibits were offered or admitted into evidence.

### **Standards Applied**:

In determining whether an attorney fee is reasonable, the trial court shall consider the eight factors for determining the reasonableness of fees set forth in Rule 1.5 of the

2

Colorado Rules of Professional Conduct and "other factors may be appropriate to consider in a particular case." *City of Wheat Ridge v. Cerveny*, 913 P.2d 1110, 1115–1116 (Colo. 1996). Here, this Court has considered the eight factors set forth in Rule 1.5 in determining the reasonableness of fees, namely: (1) The time and labor required, the novelty and difficulty of the questions involved, and the skills requisite to perform the legal service properly; (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) The fee customarily charged in the locality for similar legal services; (4) The amount involved and the result obtained; (5) The time limitations imposed by the client or by the circumstances; (6) The nature and length of the professional relationship with the client; (7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) Whether the fee is fixed or contingent. "It remains counsel's burden to prove and establish the reasonableness of each dollar, each hour, above zero." *Payan v. Nash Finch Co.*, 310 P.3d 212, 219 (Colo. App. 2012) (*quoting Mares v. Credit Bureau*, 801 F.2d 1197, 1210 (10th Cir.1986)). A "reasonable" fee should be determined in light of all the circumstances for the time and effort reasonably expended by the prevailing party's attorney. *Spensieri v. Farmers Alliance Mutual Insurance Co.*, 804 P.2d 268 (Colo. App. 1990); *Tallitsch v. Child Support Services*, 926 P.2d 143 (Colo. App. 1996).

In arriving at a reasonable fee amount, the court should initially calculate the "lodestar" amount which represents the number of hours reasonably expended multiplied by a reasonable hourly rate. This lodestar amount carries a strong presumption of reasonableness. *Payan*, *supra*, 310 P.3d at 217. "A trial court should award attorney fees based on the prevailing market rate by private lawyers in the community." *Id.* (*citing Balkind v. Telluride Mountain Title Co.*, 8 P.3d 581, 588–89 (Colo. App. 2000); *Spensieri*, 804 P.2d at 270.

Additionally, the Court has considered potential duplication of attorney services. "For example, [if] three attorneys are present at a hearing when one would suffice, compensation should be denied for the excess time." *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983) (*citing Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)). "The

3

burden is on the requesting party to provide sufficient information and supporting documentation to allow the court to make a reasoned decision for each cost item presented." *See Valentine v. Mountain States Mut. Ins. Cas, Co.*, 252 P.3d 1182, 1187 (Colo. App. 2011); *Moore Western Forge Corp.*, 192 P.2d 427, 439 (Colo. App. 2007). A party seeking costs must provide the court with sufficient information and supporting documentation to allow a judge to make a reasoned decision for each cost item presented. *City of Aurora ex rel. Util. Enter. v. Colo State Eng'r*, 105 P.3d 595, 627 (Colo. 2005).

### Jurisdiction:

The Oltmann Defendants have suggested that this Court does not have subject matter jurisdiction to enter an order regarding the reasonableness and necessity of Plaintiff's appellate attorneys fees because all Defendants have filed interlocutory appeals related to this Court's denial of their Special Motions to Dismiss and the Court's August 29, 2021 Sanctions Order is a subject of that appeal.

This Court finds that a determination of attorneys fees related to a previously filed frivolous appeal regarding discovery sanctions is entirely collateral to the interlocutory appeal regarding the denial of the Defendants' Special Motions to Dismiss, even if the validity of the Sanctions Order is under review. Entry of an order regarding the reasonableness of attorneys fees and costs pursuant to C.A.R. 38 and the directive of the Court of Appeals in 2021CA1481 has no impact or effect whatsoever on the Orders that are subject to the interlocutory appeal concerning the denial of the Special Motions to Dismiss. *See Nelson v. Elway*, 971 P.2d 245 (Colo. App. 1998) (trial court has jurisdiction to rule on those issues not subject to the interlocutory appeal). Therefore, this Court concludes that it has subject matter jurisdiction to enter an order regarding the reasonableness and necessity of Plaintiff's appellate attorney fees and costs incurred in the frivolous appeal that was filed by the Oltmann Defendants in 2021CA1481.

### Findings Regarding Reasonableness and Necessity and Relatedness:

The Court has reviewed the October 6, 2022 sworn *Declaration* of Charles J. Cain and the exhibits attached thereto. In addition, the Court has considered the October 20,

4

2022 *Response in Opposition to Plaintiff's Submission of Attorneys' Fees and Costs, Objection to Fee Award, and Request for Hearing* filed by the Oltmann Defendants. The Court has considered the January 6, 2023 sworn testimony of Mr. Cain, the arguments of counsel, and the record in 2021CA1481.

### **Hourly Rates**:

Charles Cain has averred that, in conjunction and consultation with co-counsel Trey Rogers (an attorney that has practiced law in Colorado since 1997), he is familiar with the fees customarily charged by attorneys in Denver in the area of civil litigation and that, when considering all factors enumerated in Rule of Professional Conduct 1.5, his hourly rate of $500 per hour is reasonable in the community, that the $375 hourly rate of appellate specialist Zachary Bowman is reasonable and "on the low end" of customary appellate rates in Denver, that an hourly rate of $275 is reasonable for associate Brad Kloewer and that $137.50 is a reasonable hourly rate for the firm's paralegal.

Mr. Cain acknowledged that .5 hours of Associate Attorney Romero time billed at $275 per hour, amounting to $137.50, should not be included in the requested appellate attorney fees.

The Oltmann Defendants challenged the rates charged by Plaintiff's attorneys, particularly the rate of Mr. Cain and Mr. Bowman. And, while the Oltmann Defendants questioned the strength of Mr. Cain's basis for expressing an opinion on prevailing appellate billing rates in Denver, the Oltmann Defendants did not provide any testimony to establish what the customary rates would otherwise be. Therefore, the Court accepts the only testimony before it, namely the testimony of Mr. Cain that the following hourly rates are reasonable and consistent with customary appellate attorney rates in Denver Colorado:

| Charles Cain, Partner | $500.00 |
|---|---|
| Zachary Bowman, Junior Partner | $350.00 |
| Bradley Kloewer, Associate Attorney | $275.00 |

5

| | |
|---|---|
| Scotti Beam, Paralegal | $137.50 |

**Reasonable Hours:**

Mr. Cain's sworn Declaration reflects a total of 81.6 hours of combined attorney and paralegal time related to 2021CV1481. The Oltmann Defendants challenge the reasonableness of those hours because the majority of the hours were spent preparing an Answer Brief that was never filed in 2021CV1481. According to the Oltmann Defendants, the majority of those hours were unproductive, unnecessary and unreasonable because they were unrelated to the dismissal of the appeal. The Oltmann Defendants lodge an additional complaint regarding Plaintiff's failure to adequately document the hours billed because of block billing practices.

From the spreadsheet of attorney billing entries, it is clear that Plaintiff's attorneys took the Oltmann Defendants' appeal seriously when it was filed. The Oltmann Defendants filed a 30-page Opening Brief on December 30, 2021. Plaintiff's attorneys immediately began the process of reviewing the Opening Brief and conducting work necessary to prepare an Answer Brief by the filing deadline of February 3, 2022. The Answer Brief was almost ready to be filed with the Court of Appeals on February 2, 2022 when someone at Cain & Skarnulis, PLLC realized that there was a significant jurisdictional problem with the Oltmann Defendants' appeal of the August 29, 2021 Sanctions Order. Attorneys at the firm then pivoted to prepare and file the Motion to Dismiss on the basis of the lack of jurisdiction over an interlocutory sanctions order. The billing records reflect that Plaintiff's attorneys had expended 56.4 hours on the appeal before this jurisdictional issues was recognized and briefed.

The Oltmann Defendants allege that these 56.4 hours were unnecessary because Plaintiff should have immediately recognized the jurisdictional problems of the appeal brought by the Oltmann Defendants. However, the Court finds this argument to be disingenuous since the Oltmann Defendants presumably thought that there was a reasonable basis for proceeding with the appeal. Because the Oltmann Defendants proceeded with the appeal and filed a lengthy Opening Brief, it was reasonable for the

Plaintiff to proceed with preparation of an Answer Brief in response to the arguments raised by the Oltmann Defendants.

The Court finds that preparation of an Answer Brief was reasonable and necessary in response to the Opening Brief filed by the Oltmann Defendants. The fact that Plaintiff did not recognize the jurisdictional defects of the appeal until the end of the briefing process is not unreasonable.

However, the Court must determine whether the time spent on the Answer Brief was reasonable given the factors outlined in Rule 1.5 of the Colorado Rules of Professional Conduct. While most of the Rule 1.5 factors do support the hours expended, the Court finds that it was not reasonable for Mr. Bowman to spend a total of 55.9 hours or $20,962.50 on a brief concerning a sanctions order amounting to approximately $33,000. The Court finds that it was reasonable for Mr. Bowman to spend 40 hours to prepare a reasonable Answer Brief in 2021CA1481. Therefore, the Court reduces Mr. Bowman's hours by 15.9 hours.

The Oltmann Defendants also were critical of the allocation of work between the billers for tasks such as legal research and including case and record citations in the Answer Brief. Specifically, the Oltmann Defendants challenge Mr. Bowman conducting this tasks at an hourly rate of $350. The Court finds that there was nothing inappropriate in Mr. Bowman conducting this work. Indeed, farming this work out to another attorney would likely create inefficiencies because of Mr. Bowman's familiarity with the record and his understanding of the legal authority that he needed to include in his Answer Brief.

The Court finds that the time billed by the other Cain & Skarnulis billers (excluding Associate Romero) was reasonable and necessary to respond to the frivolous appeal filed by the Oltmann Defendants.

In view of all of the above factors and finds, the Court FINDS that the following attorneys fees are reasonable and necessary:

| Timekeeper | Rate | Reasonable Hours | Total Fees |
|---|---|---|---|
| Charles Cain | $500.00 | 5.1 | $2,550.00 |
| Zachary Bowman | $350.00 | 40 + 4.5 (Mtn Dismiss) = 44.5 | $15,575.00 |
| Bradley Kloewer | $275.00 | 3.0 | $825.00 |
| Scotti Beam | $137.50 | 12.6 | $1,732.50 |
| **Total** | | **65.2** | **$20,682.50** |

**Costs**:

The Court has also examined Plaintiff's requests for costs associated with 2021CA1481 and finds costs in the amount of **$172.00** to be reasonable and necessary.

## ORDER

Based on the foregoing lodestar analysis and overall evaluation of the reasonableness and necessity and relatedness of the attorneys fees and costs associated with defending against the Oltmann Defendants' frivolous appeal in 2021CA1481 and the Court of Appeals' determination that Plaintiff is entitled to reasonable and necessary attorney fees and costs pursuant to C.A.R. 38, the Court enters the following ORDERS:

The Oltmann Defendants shall pay the following amounts to Plaintiff within 21 days of this Order:

    Attorneys Fees:    **$20,682.50**
    Costs:    **$172.00**

Dated this 9th day of January, 2023.

BY THE COURT:

_/s/ Marie A. Moses_

_____
MARIE AVERY MOSES
District Court Judge

8