## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129-NYW-SKC

ERIC COOMER, PH.D.

        Plaintiff,

v.

MIKE J. LINDELL, FRANKSPEECH, LLC, MY PILLOW, INC.

        Defendants.

---

## NON-PARTY DOMINION VOTING SYSTEMS, INC'S MOTION TO MODIFY DEFENDANTS' SUBPOENA

---

Pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure, non-party, Dominion Voting Systems, Inc. ("Dominion"), by and through counsel, hereby files the following Motion to Modify Defendants' Subpoena to testify at a deposition in this matter and in support, states as follows:

Dominion accepted service on March 21, 2023, of this third-party Rule 30(b)(6) Subpoena (the "Subpoena") to give testimony at a deposition set for April 19, 2023, in the instant proceedings. The Subpoena contains 33 topics for "Matters for Examination" and 18 requests for "Documents to be Produced." *See* Subpoena, attached hereto as Exhibit A. Undersigned counsel and Defendants' counsel repeatedly conferred on phone calls and through email on narrowing the scope of the Subpoena. Counsel did agree that any topics and requests in the Subpoena include only those events and instances occurring from 2018 to the present, unless otherwise expressly provided. Thus, for any witness designation and production, Dominion is proceeding accordingly. But ultimately, the parties were unable to reach an agreement as to the unduly burdensome nature and overly expansive reach of the proffered topics and requests. While the

nature of the underlying case is a defamation matter between the parties to the proceedings, Defendants here are attempting to make baseless allegations, unrelated to the present litigation, against Dominion during a deposition and embark on a fishing expedition to support their unfounded claims of election fraud.

## STANDARD OF REVIEW

Rule 45(d)(3) of the Federal Rules of Civil Procedure provides for a third-party to move to modify a subpoena. A court must modify a subpoena that, among other reasons, subjects a party to undue burden, and a court may modify a subpoena that seeks the disclosure of a trade secret or other confidential research, development, or commercial information. *See* Fed. R. Civ. Pro. 45(d)(3)(A)(iv); 45(d)(3)(B)(i).

## ARGUMENT

As currently drafted, the Subpoena is unduly burdensome on Dominion, harassing, and improperly seeks proprietary information. Thus, as further identified below, Dominion requests that the Court modify the Subpoena by disallowing Examination Topics Nos. 11-12, 22-4, 26-33, and requests for Documents to be Produced Nos. 18-35.

Although the federal rules permit discovery of non-parties by subpoena, non-parties have a different set of expectations when it comes to what is permitted discovery. *See, e.g.*, *W. Convenience Stores, Inc. v. Suncor Energy (U.S.A.) Inc*., 11-CV-01611-MSK-CBS, 2014 WL 1257762, at *21 (D. Colo. Mar. 27, 2014) ("It is generally recognized that a non-party involuntarily embroiled in civil litigation should not be subjected to undue burden or significant expense merely by virtue of having received a subpoena."). A subpoena served on a non-party under Rule 45 of the Federal Rules of Civil Procedure is subject to the same standards in Rule

- 2 -

26(b)(1)—"it must seek relevant information and be proportional to the needs of the case."[1]

*Infinity Home Collection v. Coleman*, No. 17-MC-00200-MSK-MEH, 2018 WL 1733262, at \*2 (D. Colo. Apr. 10, 2018). Additionally, "[t]he court may also consider the fact that the discovery sought is directed at a nonparty, and in such a case, the ordinary burden imposed under Rule 26 is generally greater." *Charles Schwab & Co. v. Highwater Wealth Mgmt., LLC*, No. 17-CV-00803-CMA-NYW, 2017 WL 4278494, at \*3 (D. Colo. Sept. 27, 2017) (citing *Echostar Commc'ns Corp. v. News Corp.*, 180 F.R.D. 391, 394 (D. Colo. 1998)). Courts have routinely held that "it is a generally accepted rule that standards for non-party discovery require a stronger showing of relevance than for party discovery." *See, e.g.*, *Pinehaven Plantation Prop., LLC v. Mountcastle Family LLC*, No. 1:12-CV-62, 2013 WL 6734117 (M.D. Ga. Dec. 19, 2013); *see also Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) ("Non-parties have a different set of expectations. Accordingly concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs."). And courts will not permit a party to engage in a "fishing expedition" in the hopes of supporting their claim. *See McGee v. Hayes*, 43 Fed. Appx. 214, 217 (10th Cir. 2002).

---

[1] The 2000 Amendments to Federal Rule of Civil Procedure 26 cabined the allowable discovery a party, without the Court's involvement, may receive to those topics that are "relevant to the claim or defense of any party," not broadly that which is relevant to the subject matter. *See In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1188–89 (10th Cir. 2009); *see also* Fed. R. Civ. Pro. 26 advisory committee's note (2000) ("The amendment is designed to involve the court more actively in regulating the breadth of seeping or contentious discovery," because the "Committee has been informed repeatedly by lawyers that involvement of the court in managing discovery is an important method of controlling problems of inappropriately broad discovery.). Dominion maintains that the Subpoena topics identified below relate to neither any claims or defenses of parties to the present litigation, nor to the subject matter of this litigation.

Furthermore, various topics listed in the Subpoena seek Dominion's highly sensitive propriety information and trade secrets. This includes proprietary software and other intellectual property, such alleged product vulnerabilities. Under Rule 45, courts "may quash or modify a subpoena that requires 'disclosing a trade secret or other confidential research, development, or commercial information.'" *Schell v. Amendia, Inc.*, No. 21-MC-00090-PAB-STV, 2021 WL 1541712, at *3 (D. Colo. Apr. 20, 2021) (quoting Fed. R. Civ. P. 45(d)(3)(A), (B)). Although the Court has issued a protective order in, Dominion has concerns that it will be followed.

"A party does not have unfettered or absolute right to conduct discovery," and thus the Court "has considerable discretion to tailor discovery to the circumstances of the case at hand." *Witt v. GC Services Limited Partnership*, 307 F.R.D. 554, 559 (D. Colo. 2014). Rule 45(d)(1) makes clear that the party responsible for issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a [party] subject to the subpoena." And overly broad questions, like those in the Subpoena, defeat the purpose of Rule 30(b)(6). *EEOC v. Thorman & Wright Corp.*, 243 F.R.D. 421, 426 (D. Kansas 2007) ("To allow [Rule 30(b)(6)] to effectively function, the requesting party must take care to designate, with *painstaking specificity*, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." (emphasis added)). Here, it is evident that no efforts were made to tailor the discovery or provide specificity to the topics for examination. The Subpoena spans topics wholly unrelated to the present matter and places an undue burden on Dominion. Therefore, the Court should modify the Subpoena, as "in every case, the court has the discretion, in the interests of justice, to prevent excessive or burdensome discovery." *Qwest Communications Intern., Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).

- 4 -

The Court should modify the Subpoena pursuant to the above authority. The Subpoena as currently styled is unduly burdensome; improperly exceeds the scope of this matter by seeking evidence unrelated to these proceedings; and as drafted, serves to harass Dominion. Therefore, subject to the above considerations, Dominion objects to the following Matters for Examination and states the following:

**Topic No. 11**: "Dominion's personnel hierarchy and ownership structure." This topic is plainly irrelevant to the claims and defenses in the instant litigation. Dominion objects to this topic for examination as it is beyond the scope of these proceedings and is of a harassing nature.

**Topic No. 12**: "Products and services Dominion provided relating to the 2020 presidential election." This topic is plainly outside the scope of the claims and defenses in the instant litigation. Furthermore, it is unduly burdensome and seeks merely to harass Dominion. Subject to and without waiving these objections, Dominion notes that it provided products and services in 28 states across the United States in the 2020 Presidential election. Defendants' proffered topic is overly expansive and does not provide Dominion with proper specificity with which to prepare a witness.

**Topic No. 13**: "Patents held by Dominion identifying Coomer as an inventor." Dominion objects to this topic on the basis of its scope, because it seeks confidential commercial information, and because it is unduly burdensome.

**Topic No. 22**: "Any security vulnerability identified by Coomer to Dominion." Dominion objects to this topic on the basis of its scope, because it seeks confidential commercial information, and because it is unduly burdensome. This topic is designed merely to allow Defendants to make baseless allegations, unrelated to the present litigation, against Dominion during a deposition and embark on a fishing expedition to support their unfounded claims of election fraud. Additionally, Dominion objects to Defendants' broad and baseless definition of

"security vulnerability," as it is unfounded in any technical basis and does not provide adequate specificity.

**Topic No. 23**: "Any security vulnerability you discussed with Coomer." Dominion objects to this topic for examination on the basis of its scope, because it seeks confidential commercial information, and because it is unduly burdensome. This topic is designed merely to embolden election conspiracy theorists and improperly harass Dominion. Additionally, Dominion objects to Defendants' broad and baseless definition of "security vulnerability," as it is unfounded in any technical basis and does not provide adequate specificity.

**Topic No. 24**: "All documents produced by Dominion in this lawsuit, including documents products on February, 13, 2023 (identified as DOMINION000001-27) and all documents produced in response to Requests Nos. 18-35. See Exhibit B." Dominion objects to this topic for examination on the basis of its scope, because it seeks confidential commercial information, and because it is unduly burdensome. Subject to and without waiving the above, Dominion states that it is prepared to provide a designee to testify regarding Dominion's February 13, 2023 production. However, Requests Nos. 18-35 seek documents beyond the scope of the litigation here and are designed merely to embark on a fishing expedition to support Defendants' unfounded claims of election fraud, and thus the topic for examination as to these documents improperly harasses Dominion.

**Topic No. 26**: "The searches and/or other methods used by Dominion to gather all documents responsive to Request Nos. 18-35. See Exhibit B." Dominion objects to this topic for examination on the basis of its scope, because it seeks confidential commercial information, and because it is unduly burdensome and harassing in nature.

**Topic No. 27**: "Dominion's communications with Coomer following his separation from employment with Dominion, including but not limited to Dominion's communications with Coomer regarding this lawsuit." Dominion objects to this topic as it is beyond the scope of the

instant proceedings, is overly burdensome, and seeks to harass Dominion.

**Topic No. 28**: "Dominion's instructions to Coomer relating to his role as an expert witness in the matter of *Curling v. Raffensperger* in the United States District Court for the Northern District of Georgia, Case No. 1:17-cv-2989-AT." Dominion objects to this topic for examination because it is beyond the scope of the instant proceedings, is unduly burdensome, and improperly seeks to harass Dominion. Furthermore, this topic may call for communications subject to attorney-client privilege.

**Topic No. 29**: "Dominion's communications with Coomer relating to J. Alex Halderman." Dominion objects to this topic for examination because it is beyond the scope of the instant proceedings, is unduly burdensome, and improperly seeks to harass Dominion. Additionally, this topic may call for communications subject to attorney-client privilege.

**Topic No. 30**: "Dominion's communications with Coomer relating to Joseph Oltmann and/or the *Conservative Daily* podcast." Dominion objects to this topic because it is beyond the scope of the instant proceedings, is unduly burdensome, and improperly seeks to harass Dominion. Additionally, this topic may call for communications subject to attorney-client privilege.

**Topic No. 31**: "Dominion's revenue from January 1, 2016 through the present date." Dominion objects to this topic for examination because it is blatantly outside the scope of the instant proceedings, is unduly burdensome, and improperly seeks to harass Dominion.

**Topic No. 32**: "Dominion's policies and procedures relating to your employees' use of social media from January 1, 2016 to the present date." Dominion objects to this topic for examination because it is beyond the scope of the instant proceedings, is unduly burdensome, and improperly seeks to harass Dominion.

**Topic No. 33**: "Dominion's policies and procedures relating to your employees' endorsement of candidates for political office from January 1, 2016 to the present date."

Dominion objects to this topic for examination because it is beyond the scope of the instant proceedings, is unduly burdensome, and improperly seeks to harass Dominion.

Dominion also objects to the following requests for Documents to be Produced:

**Request No. 18**: "All documents relating to communications between Dominion and Coomer on and around January 5, 2018, including but not limited to communications relating to: a. Product installations; b. 'Bugs' and other defects in Dominion's systems; and c. The existence or possibility of incorrect vote tabulations." Dominion objects to this request as it is beyond the scope of the instant proceedings, is unduly burdensome, and improperly seeks to harass Dominion. This request merely seeks to allow Defendants to make baseless allegations, unrelated to the present litigation, against Dominion during a deposition and embark on a fishing expedition to support their unfounded claims of election fraud.

**Request No. 19**: "All documents relating to communications between Dominion and Coomer on and around September 25, 2019 in which Coomer opined that Dominion does not 'address [its] weaknesses effectively.'" Dominion objects to this request as it is beyond the scope of the instant proceedings and improperly seeks to harass Dominion. This request merely seeks to allow Defendants to make baseless allegations, unrelated to the present litigation, against Dominion during a deposition and embark on a fishing expedition to support their unfounded claims of election fraud.

**Request No. 20**: "All documents relating to communications between Dominion and Coomer on and around November 5, 2019 in which Coomer wrote that Dominion's 'products suck.'" Dominion objects to this request as it is beyond the scope of the instant proceedings and improperly seeks to harass Dominion. This request merely seeks to allow Defendants to make baseless allegations, unrelated to the present litigation, against Dominion during a deposition and embark on a fishing expedition to support their unfounded claims of election fraud.

**Request No. 21**: "All documents relating to communications between Dominion and Coomer on and around October 30, 2020 in which Coomer stated Dominion's products were "'riddled with bugs.'" Dominion objects to this request as it is beyond the scope of the instant proceedings and improperly seeks to harass Dominion. This request merely seeks to allow Defendants to make baseless allegations, unrelated to the present litigation, against Dominion during a deposition and embark on a fishing expedition to support their unfounded claims of election fraud.

**Request No. 22**: "All documents relating to communications between Dominion and Coomer on and around November 10, 2020 relating to Antrim County, Michigan." Dominion objects to this request as it is beyond the scope of the instant proceedings and is unduly burdensome.

**Request No. 23**: "All documents relating to communications between Dominion and Coomer from January 1, 2018 to May 11, 2021 relating to any confirmed security vulnerability." Dominion objects to this request as it is beyond the scope of the instant proceedings, is unduly burdensome, and seeks to harass Dominion. This request merely seeks to embolden election conspiracy theorists and thus improperly harasses Dominion. Furthermore, this request seeks the inappropriate disclosure of confidential, proprietary information. Finally, Dominion objects to Defendants' broad and baseless definition of "security vulnerability," as it is unfounded in any technical basis and does not provide adequate specificity.

**Request No. 24**: "All documents relating to communications between Dominion and Coomer from January 1, 2018 to May 11, 2021 relating to any potential security vulnerability." Dominion objects to this request on the basis of its scope, because it seeks confidential commercial information, and because it is unduly burdensome and seeks to harass Dominion. Additionally, Dominion objects to Defendants' broad and baseless definition of "security

vulnerability," as it is unfounded in any technical basis and does not provide adequate specificity.

**Request No. 25**: "All documents relating to communications between Dominion and Coomer from May 11, 2021 to the present date." Dominion objects to this request as it is beyond the scope of the instant proceedings, is unduly burdensome, and improperly harasses Dominion.

**Request No. 26**: "All documents relating to communications between Dominion and Coomer relating to the matter of *Curling v. Raffensperger* in the United States District Court for the Northern District of Georgia, Case No. 1:17-cv-2989-AT." Dominion objects to this request as it is beyond the scope of the instant proceedings, is unduly burdensome, and improperly harasses Dominion. Furthermore, Dominion objects to this request to the extent it seeks communications protected by the attorney-client privilege.

**Request No. 27**: "All documents relating to communications between Dominion and Coomer relating to J. Alex Halderman." Dominion objects to this request as it is beyond the scope of the instant proceedings and is unduly burdensome. Additionally, Dominion objects to this request to the extent it seeks communications protected by the attorney-client privilege.

**Request No. 28**: "All documents relating to communications between Dominion and Coomer relating to Joseph Oltmann and/or the *Conservative Daily* podcast." Dominion objects to this request as it is beyond the scope of the instant proceedings and is unduly burdensome. Furthermore, Dominion objects to this request to the extent it seeks communications protected by the attorney-client privilege.

**Request No. 29**: "All documents relating to Dominion's overall revenue from January 1, 2016 through the present date, including but not limited to financial summaries and profit and loss statements." Dominion objects to this request as it is blatantly beyond the scope of the instant proceedings, is unduly burdensome, and improperly seeks to harass Dominion.

**Request No. 30**: All documents relating to agreements under which Dominion provided products and/or services in the State of Colorado from January 1, 2020 through the present date. Dominion objects to this request as it is beyond the scope of the instant proceedings, is unduly burdensome, and improperly seeks to harass Dominion.

**Request No. 31**: "All documents relating to Dominion's organizational charts." Dominion objects to this request as it is beyond the scope of the instant proceedings, is unduly burdensome, and improperly seeks to harass Dominion.

**Requestion No. 32**: "All documents referencing or relating to 'Antifa.'" Dominion objects to this request as it is beyond the scope of the instant proceedings and is unduly burdensome on Dominion. Furthermore, his request merely seeks to embolden election conspiracy theorists and thus improperly harasses Dominion.

**Request No. 33**: "All documents relating to policies and procedures relating to your employees' use of social media from January 1, 2016 to the present date." Dominion objects to this request as it is beyond the scope of the instant proceedings, is unduly burdensome, and improperly seeks to harass Dominion.

**Request No. 34**: "All documents relating to policies and procedures relating to your employees' endorsement of candidates for political office from January 1, 2016 to the present date." Dominion objects to this request as it is beyond the scope of the instant proceedings, is unduly burdensome, and improperly seeks to harass Dominion.

**Request No. 35**: "All documents relating to agreements between Dominion and Coomer." Dominion objects to this request as it is beyond the scope of the instant proceedings, is unduly burdensome, and improperly seeks to harass Dominion. Additionally, this information is equally available to Coomer, a party to this litigation.

## CONCLUSION

For the foregoing reasons, Dominion respectfully requests that this Court modify the

Subpoena in accordance with this Motion and disallow the above stated topics for examination and requests for production. In the alternative, Dominion requests that the Court instruct the parties on the appropriate procedures for resolving this dispute between a non-party and the Defendants, including whether that be further briefing on the matter or a hearing before the Court.

Dated:  April 4, 2023                                        BROWNSTEIN HYATT FARBER SCHRECK, LLP


By: s/ *Rosa L. Baum*
　　　Rosa L. Baum
　　　rbaum@bhfs.com

410 Seventeenth Street
Suite 2200
Denver, CO  80202
Telephone:    303.223.1100
Facsimile:    303.223.1111

Attorney for Non-Party
DOMINION VOTING SYSTEMS, INC.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 4 day of April, 2023, a true and correct copy of the foregoing was filed via the United States District Court's CM/ECF filing system, which will provide electronic notice of the filing to all counsel of record.

s/ *Rosa L. Baum*_____
Rosa L. Baum