IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129-NYW-SKC

ERIC COOMER, PH.D.,

    Plaintiff,

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC, AND MY PILLOW, INC.,

    Defendants.

## DEFENDANTS' RESPONSE TO MOTION TO AMEND SUBPOENA

Defendants Michael J. Lindell, Frankspeech LLC, and My Pillow, Inc. (collectively, "Defendants"), pursuant to the Court's Order (ECF No. 126), hereby respond to Non-Party Dominion Voting Systems Inc.'s Motion to Modify Defendants' Subpoena (ECF No. 125) ("Motion").

## ARGUMENT

Dominion Voting Systems Inc. ("Dominion") appears to bring its Motion under Rule 45(d)(3) of the Federal Rules of Civil Procedure. (Mot., p. 2). However, Dominion has declined to articulate its claimed burden or the risks of disclosure referenced in that Rule. *See* Fed. R. Civ. P. 45(d)(3)(A). *See also Denver Homeless out Loud v. Denver*, Civil Action No. 20-cv-2985-WJM-SKC, 2020 U.S. Dist. LEXIS 229756, at *5 (D. Colo. Dec. 8, 2020) ("A court must quash or modify a subpoena that 'subjects a person to undue burden.' Fed. R. Civ. P. 45(d)(3)(A)(iv). To establish an undue burden, a party moving to

quash a subpoena generally must show good cause or privilege to be protected."). Dominion's Motion should be denied because Dominion has not made the necessary showing of good cause or privilege.[1]

Dominion instead offers its objections to the disputed document requests and deposition topics. These objections generally rest on the notions that the Subpoena seeks information and documents 1) implicating confidential commercial trade secrets and information; 2) irrelevant to and/or beyond the scope of the proceedings; 3) unduly burdensome; 4) intended to harass Dominion; and 5) calling for information protected by the attorney-client privilege. Defendants address each of these below.

1. **The Protective Order Addresses Dominion's Confidentiality Concerns**

Dominion contends that the Subpoena "improperly seeks proprietary information." (Mot., p. 2). When weighing whether to quash or modify a subpoena under Rule 45(d)(3)(B), however, "[t]rade secret or commercially sensitive information must be important proprietary information and the party challenging the subpoena must make a strong showing that it has historically sought to maintain the confidentiality of this information." *Dish Network, L.L.C. v. WNET*, No. 13-cv-00832-PAB-KLM, 2014 U.S. Dist. LEXIS 57281, at *11 (D. Colo. Apr. 24, 2014). Dominion has yet to make the requisite "strong showing," or any showing at all. Rather, Dominion has offered its own

---

[1] As Dominion notes in its Motion, Dominion's counsel and Defense counsel have repeatedly conferred on phone calls and through email on narrowing the scope of the Subpoena. As reflected in those email correspondences, Defendants intend to proceed with a deposition on April 19 relating to Topic Nos. 1-10, 13-21, and 25. Defendants further anticipate receiving all documents responsive to Request Nos. 1-17 to the extent they have not already. Defendants are not opposed to modifying the Subpoena consistent with their agreement with Dominion.

2

boilerplate objections that Topic Nos. 13, 22, 23, 24, and 26, as well as Request No. 24, seek confidential commercial information. (Mot., pp. 5-6, 9).

Even if Dominion had presented evidence making a "strong showing" that the Subpoena seeks confidential information, Dominion still would not have sufficiently supported its Motion. As Dominion is aware, the protective order in this case specifically contemplates that confidential business information will be exchanged in discovery. (Protective Order, ECF No. 77, pp. 1-2). Dominion attempts to waive that aside by arguing "[a]lthough the Court has issued a protective order in [this case], Dominion has concerns that it will be followed." (Mot., p. 4). Because Dominion does not elaborate further, Defendants are left only to guess what those concerns may be, though it appears they would not be grounded in the law or in this case's the record.

Refusal to produce proprietary and confidential information is generally improper where, as here, a protective order is entered. *See, e.g., Outley v. Coca-Cola Enters.,* No. 97-2056-GTV, 1998 U.S. Dist. LEXIS 9984, at *11 (D. Kan. June 29, 1998) ("Information of a confidential, proprietary, or private nature may occasion an appropriate protective order pursuant to Fed. R. Civ. P. 26(c), but is not generally exempt from discovery."); *Atlas Res. v. Liberty Mut. Ins. Co.*, No. 09-1113 WJ/RLP, 2010 U.S. Dist. LEXIS 159129, at *4 (D.N.M. May 5, 2010) ("conclusory assertions of the confidential or proprietary nature of the information sought" will not shield a responding party from discovery obligations). *See also Unimed II v. Progressive Med. Tech.*, No: 97-2292-GTV, 1998 U.S. Dist. LEXIS 3080, at *3 (D. Kan. Mar. 6, 1998); *Mike v. Dymon, Inc.*, No: 95-2405-EEO, 1996 U.S.

Dist. LEXIS 17329, at *10 (D. Kan. Nov. 15, 1996); *Stewart v. Mitchell Transp.*, No. 01-2546-JWL, 2002 U.S. Dist. LEXIS 12958, at *17 (D. Kan. July 11, 2002).

Moreover, the parties and third parties to this litigation have operated under the Court's protective order since it was entered on November 16, 2022, including extensive written discovery and deposition testimony. The harms Dominion alludes to in its Motion are purely speculative, and are insufficient to justify any refusal to respond or otherwise engage in third-party discovery.

**2. All Topics and Document Requests Seek Relevant Information**

Plaintiff's claims and legal theories have left Defendants with no choice but to seek the information and documents identified in their Subpoena. Under Rule 26(b)(1):

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Though Dominion is not a party to this litigation, it is well settled that "the scope of discovery under a [Rule 45] subpoena is the same as the scope of discovery under Rule 26(b)[.]" *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 662 (D. Kan. 2003); *see also Noble Roman's, Inc. v. Hattenhauer Distrib. Co.*, 314 F.R.D. 304, 307 (S.D. Ind. 2016) ("The limits and breadth of discovery expressed in Rule 26 are applicable to non-party discovery under Rule 45."); *Transcor, Inc.*

4

*v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003) (a Rule 45 subpoena must seek relevant information and the same standards set forth in Rule 26(b) apply); *Int'l Bhd. of Teamsters, Airline Div. v. Frontier Airlines, Inc*., No. 11-cv-02007-MSK-KLM, 2012 U.S. Dist. LEXIS 68814, 2012 WL 1801979 at * 7 (D. Colo. May 16, 2012) ("Rule 26 governs the scope of discovery, in the context of a Rule 45 subpoena or otherwise.").

The topics and requests in dispute are relevant to the parties' claims and defenses in this case, and Defendants would be prejudiced if they were precluded from seeking facts that could prove essential at trial. In the First Amended Complaint, Plaintiff alleges that Mr. Lindell's description of Dr. Coomer as the "president of Dominion" and that "Dominion is a 'criminal crime family'" falls under the ambit of a "remarkable series of statements [that] includes numerous falsehoods and defamatory statements." (ECF No. 21, p. 58). In denying Defendants' Motion to Dismiss that Complaint, the Court found "that the purported election fraud 'started with Eric Coomer and Dominion based right here in Colorado'" may also be among the statements at issue in this case. (ECF No. 119, p. 16). Though Mr. Lindell has testified that his statements about Dr. Coomer pertained to Dr. Coomer's settlement agreement with Newsmax, rather than to any specific act of election fraud, statements concerning Dominion generally remain part of the operative pleadings. In order to defend the defamation claims brought against them relating to Dominion, Defendants are entitled under Rule 26(b) to discover facts that allegedly formed the basis for those claims.

Additionally, Plaintiff has represented that:

>With respect to liability, Plaintiff intends to designate Dr. J. Alex Halderman. Dr. Halderman is a professor of computer science and engineering at the University of Michigan. Dr. Halderman is one of the nation's leading experts in election technology. His work focuses on software security, network security, election cybersecurity, computer forensics, and online crime. As noted in Plaintiff's Response in Opposition to Defendants' Motion to Dismiss [Dkt. 45], under the actual malice standard, there are various standards by which a defendant can be determined to have acted with reckless disregard for the truth. As relevant here, some of those considerations include when a story is inherently implausible, when a defendant disregards reliable sources, and when a Defendant willfully avoids the truth. Dr. Halderman's testimony will educate the jury on how election technology actually works, how allegations that Dr. Coomer could have single-handedly rigged the election are inherently implausible, and how numerous readily available sources served to disprove any theory put forward by Defendants at the time their false allegations against Plaintiff were published.

(Pl. Motion for Leave to Designate Third Expert Witness, ECF No. 103).

While Dr. Coomer was employed at Dominion, Dr. Halderman was Dr. Coomer's opposing expert in election security litigation involving Dominion's equipment and processes. *Curling v. Raffensperger*, 493 F. Supp. 3d 1264, 1277, (N.D. Ga. 2020). Plaintiff noticed and recently conducted the deposition of Harri Hursti, who like Dr. Halderman, served as an opposing expert to Dr. Coomer in the *Curling* litigation. *See id. See also* ECF No. 107. Dr. Coomer's involvement in the *Curling* case, and how it related to his employment with Dominion, may prove to be critical issues at trial in light of the fact and expert witnesses Plaintiff has identified. Though Dr. Coomer has testified about his role within the company and his work as an expert in the *Curling* case, that testimony left many questions unresolved. To avoid surprise and prejudice at trial, Defendants need to resolve those questions while discovery remains open.

### 3. The Subpoena is not Unduly Burdensome

Dominion's objections with respect to "burden" are boilerplate and, without elaboration, place Defendants in the untenable position of speculating on Dominion's burden. The law does not call for such speculation. Rather, "[c]ompliance with a subpoena inevitably involves some measure of burden to the producing party, . . . the court will not deny a party access to relevant discovery because compliance inconveniences a nonparty or subjects it to some expense." *Ficep Corp. v. Haas Metal Eng'g, Inc.*, No. 14-243-CM, 2015 U.S. Dist. LEXIS 16483, 2015 WL 566988, at *3 (D. Kan. Feb. 11, 2015) (citations omitted). A nonparty objecting to a subpoena has the burden to show compliance would cause undue burden, typically by presenting an affidavit or other evidentiary proof of the time and expense involved in responding to the subpoena. *Id.* Dominion has yet to present any such proof.

Dominion's objections must also be viewed in light of its improper objections to relevant topics and document requests. The Tenth Circuit referenced the "appropriate balancing test" concerning the information sought and the burden imposed upon the responding party. *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation*, 669 F.2d 620, 623 (10th Cir. 1982). In the context of a party responding to a subpoena, relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party. *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw*, 211 F.R.D. 658, 663 (D. Kan. 2003). A request for discovery should be allowed "unless it is clear that the information sought can have no possible

7

bearing" on the claim or defense of a party. *Id.* As discussed above, the topics and document requests in dispute have more than a "possible bearing" on the claims and defenses in this case. Because Plaintiff seeks to hold Defendants liable for statements about his former employer, Defendants have no choice but to conduct fulsome discovery as to those statements.

Dominion is a party in numerous pending defamation actions bearing on similar issues to those in dispute here. This, of course, includes Defendants Lindell and MyPillow, whom Dominion has sued in the U.S. District Court for the District of Columbia. Defendants doubt that the information sought through their Subpoena is not readily accessible to Dominion, who would have provided or at least gathered it for related litigation. Where possible, Defendants have endeavored to narrow the Subpoena's topics and requests to readily accessible documents and information. Requests Nos. 18-23, for example, specifically identify email communications referenced in public filings in Dominion's litigation with Fox News Network, LLC in Delaware Superior Court. Dominion is almost certainly familiar with, and can readily produce, all documents responsive to these Requests. Sweeping claims of burden, without more, simply do not relieve Dominion of its obligations under Rule 45. *Klesch & Co., Ltd. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo. 2003).

4. **<u>The Topics and Document Requests are not Harassing</u>**

Defendants have not, and have no intention to, "harass" Dominion in any way related to this Subpoena, as Dominion claims repeatedly. (Mot., pp. 2, 5-11). Defendants seek to gather facts that may prove critical to their defenses at trial. An objecting party

8

cannot sustain its burden "with boilerplate claims that the requested discovery is oppressive, burdensome or harassing." *Klesch & Co.,* 217 F.R.D. at 524. *See also E.E.O.C. v. Outback Steakhouse of Florida, Inc*., 251 F.R.D. 603, 608 (D. Colo. 2008); *Bottoms v. Liberty Life Assurance Co. of Boston*, 2011 U.S. Dist. LEXIS 143251, 2011 WL 6181423 at * 7 (D. Colo. 2011). Claims of harassment further ring hollow when viewed in the appropriate context of this litigation. It is certainly no secret that Mr. Lindell has roundly criticized electronic voting machines generally, including Dominion's own products, and Dominion has sued Mr. Lindell over those criticisms. But Plaintiff's designation of Dr. Haldeman and his allegations against Mr. Lindell suggest Plaintiff seeks to recover damages for similar claims, and Rule 26 and Rule 45 entitle Defendants to discover facts bearing on their defenses. For example, Topic Nos. 11, 12, and 23, which relate to the security and efficacy of Dominion's products, fall within the scope of discovery because Plaintiff has alleged statements about those topics defamed him. To the extent Plaintiff proceeds under that theory at trial, Defendants would be prejudiced if not permitted to gather facts within this case's record.

   5. **<u>Defendants do not Seek Privileged Information Through Their Subpoena</u>**

Defendants dispute that they have sought any privileged information from Dominion. A party resisting discovery based on a privilege has the burden of establishing that the privilege applies, *see Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984), and Dominion has failed to meet that burden. In response to Topic Nos. 28-30, Dominion objects because those topics "may call for communication subject to attorney-client privilege." (Mot., p. 7). Dominion raises similar objections with respect to

Requests No. 26-28. (Mot., p. 10). When a party responding to discovery "withholds documents based on a claim of privilege, the party must 'expressly make the claim' and 'describe the nature of the documents . . . and do so in a matter that, without revealing information itself privileged or protected, will enable other parties to assess the claim.' This is ordinarily accomplished through a privilege log." *Midcon Data Servs. v. Ovintiv USA Inc.*, No. CIV-20-00674-PRW, 2022 U.S. Dist. LEXIS 237525, at *13-14 (W.D. Okla. Dec. 13, 2022) (quoting *Zander v. Craig Hosp.*, 743 F. Supp. 2d 1225, 1231-32 (D. Colo. 2010)). Dominion has produced no privilege log or explanation as to how any topic or request seeks privileged information. Any objection on this basis is insufficient until, at the very least, Dominion fulfills the requirements of Rule 26(b)(5). Finally, to the extent Dominion believes any question at a deposition would call for attorney-client communications, it can object accordingly at the deposition. There is no need to modify the Subpoena to resolve a theoretical privilege concern.

## CONCLUSION

Dominion's Motion should be denied for the reasons stated above. Defendants look forward to discussing these matters further at the upcoming status conference.

DATED:  April 10, 2023            **PARKER DANIELS KIBORT LLC**

By: */s/ Ryan P. Malone*
Andrew D. Parker (MN Bar #195042)
Jesse H. Kibort (MN Bar #328595)
Abraham S. Kaplan (MN Bar #399507)
Ryan P. Malone (MN Bar #395795)
123 N. Third Street, Suite 888
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
kibort@parkerdk.com
kaplan@parkerdk.com
malone@parkerdk.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of April, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Ryan P. Malone*
Ryan P. Malone