# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129-NYW-SKC

ERIC COOMER, PH.D.,

    Plaintiff,

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC, AND MY PILLOW, INC.,

    Defendants.

## DEFENDANTS' UNOPPOSED MOTION TO RESTRICT IN PART ACCESS TO DOCKET ENTRY 136

Defendants Michael J. Lindell, Frankspeech LLC, and My Pillow, Inc. (collectively "Defendants"), through their undersigned counsel and pursuant to D.C.COLO.LCivR 7.2(c) and to the Order of the Court (ECF Doc. No. 142), move as follows to restrict in part access to ECF Doc. No. 136.

### Level 1 Restrictions are Needed for Personal Identifying Information in Exhibit 4 to ECF Doc. No. 136

Exhibit 4 to ECF Doc. No. 136 contains excerpts from the March 9, 2023 deposition transcript of Michael J. Lindell. While Defendants do not seek to restrict access to Exhibit 4 in its entirety, they respectfully request that access to Mr. Lindell's personal email address be restricted. His email address is found at lines 10, 11 and 15 of page 381 and lines 13 and 19 of page 382 of Exhibit 4.

Pursuant to paragraphs 1, 5.b. and 6 of the Protective Order (ECF Doc. No. 77) entered in this case, prior to filing ECF Doc. No. 136, Plaintiff had designated these portions of Mr. Lindell's deposition as "Confidential Discovery Material." That confidential designation was based upon a recognition of Mr. Lindell's notoriety among both his supporters and detractors and the resulting concern that wide access to his personal email address, which he also uses to conduct all of his business affairs (ECF Doc. No. 136, Ex. 4, p.381, ll. 11-15) could potentially subject him to such a volume of unsolicited email communications that his ability to conduct his personal and business affairs efficiently would be disrupted.  Level 1 restriction of Mr. Lindell's personal email address is the least restrictive means available to protect Mr. Lindell's reasonable privacy and business interests while assuring that the public maintains access to the essential information contained in Document 136.

**Defendants' Take No Position as the Level of Restriction, If Any, Required for Exhibits 1 through 3 of ECF No. 136**

As required by paragraph 11 of the Protective Order, Defendants maintained the confidentiality Doc. No. 136, Exhibits 1 through 3 when filing them in connection with Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint (ECF Doc. No. 136).  Exhibits 1 through 3 are Plaintiff's objections and answers to certain interrogatories served by Defendants. Plaintiff had denominated those interrogatory answers as "Confidential Objections and Answers" and stamped each of them "Confidential" apparently pursuant to paragraphs 1, 5.a. and 6 of the Protective Order. Defendants do not take a position as to the confidentiality of those

materials and have no objection to them being made publicly available.

Accordingly, Defendants respectfully request that access to Mr. Lindell's email address set forth in Exhibit 4 to ECF Doc. No. 136 be restricted to the parties and the court.

## CERTIFICATE OF CONFERRAL

The parties met and conferred regarding this motion via email on May 17 and May 18, 2023. This motion is unopposed.

DATED: May 19, 2023                     **PARKER DANIELS KIBORT LLC**


By: /s/ Ryan P. Malone
Andrew D. Parker (MN Bar #195042)
Jesse H. Kibort (MN Bar #328595)
Ryan P. Malone (MN Bar #395795)
Abraham S. Kaplan (MN Bar #399507)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
kibort@parkerdk.com
malone@parkerdk.com
kaplan@parkerdk.com

*Counsel for Defendants*