IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129-NYW-SKC

ERIC COOMER, Ph.D.,
    Plaintiff

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC,
AND MY PILLOW, INC.,
    Defendants

**PLAINTIFF'S MOTION TO RESTRICT PURSUANT TO D.C.COLO.LCIVR 7.2**

TO THE HONORABLE MAGISTRATE JUDGE OF THE UNITED STATES DISTRICT COURT:

    Plaintiff Eric Coomer, Ph.D. (Dr. Coomer), through counsel, files this Motion to Restrict Pursuant to D.C.Colo.LCivR 7.2, stating in support thereof as follows:

### CERTIFICATE OF CONFERRAL

    Counsel for Plaintiff has conferred with counsel for Defendants on the relief requested. Defendants oppose the relief requested in this Motion.

### I.    INTRODUCTION

    1.    The overwhelming majority of confidentiality designations asserted in this proceeding should be stricken. The information addressed in this case is preeminently in the public interest, and good cause does not exist to shield these proceedings from public scrutiny. Plaintiff has filed various documents under seal in deference to the Protective Order [Dkt. 77] issued in this case, but "stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction." D.C.Colo.LCivR 7.2(c)(2). With

1

few exceptions, as discussed more specifically below, Plaintiff requests an order striking the restricted designations of multiple filings in this case. Plaintiff addresses each relevant filing individually below.

## II. BACKGROUND

2. On November 14, 2022, the parties filed a Stipulation Regarding Proposed Protective Order [Dkt. 74] *only* with respect to the then pending deposition of third-party witness Josh Merritt. That stipulation expressly noted Plaintiff's objection to a more general protective order applicable to the entirety of this proceeding. *See generally*, Dkt. 74. Merritt was deposed that same day, November 14, and the parties proceeded on a tentative understanding that the stipulation would be granted.

3. That evening, third-party CD Solutions, Inc., who was not subpoenaed and has not moved to intervene, filed a Motion for Protective Order [Dkt. 75] with respect to anticipated testimony and document production from third-party witness Max McGuire. McGuire was scheduled to be deposed three days later, on November 17.

4. On November 16, 2022, the Court denied CD Solutions' motion and ordered the scheduled deposition of Max McGuire to proceed the following day. [Dkt. 78]. In conjunction with that Order, the Court issued a Protective Order Governing the Production and Exchange of Confidential Information [Dkt. 77] that was applicable to *all* parties and third-parties moving forward.

5. In Plaintiff's view, the Protective Order benefited the case in the short term (to allow discovery to proceed) but ultimately has become burdensome. The Order has given rise to time-consuming abuse by third-parties (*see generally*, Dkts. 113, 121), and

2

has been employed to designate a vast swath of information as "Confidential" without good cause. These gratuitous designations are the reason why multiple filings by Plaintiff have been filed under seal. *See* Dkts. 110, 113, 121, 127, and 135.

6. It is Plaintiff's understanding that in order to comply with paragraph 14 of the Protective Order, these filings had to be filed under seal. Specifically, the Protective Order states that:

> Any pleading, brief, memorandum, motion, letter, affidavit, declaration, or other document filed with the Court that discloses, summarizes, describes, characterizes, or otherwise communicates Confidential or Attorneys' Eyes Only Discovery Materials (a "Confidential Filing") must be filed in accordance with the Court's Local Rules and Electronic Case Filing Procedures.

*See* Dkt. 77 at ¶ 14.

7. In light of the foregoing, Plaintiff understands that every time he discusses any material that has been labeled as "Confidential" by either Defendants or any third-party, he must submit that filing under seal. Some confusion has arisen between the parties, however, as to which party is then responsible for filing a subsequent motion to restrict pursuant to D.C.ColoLCivR 7.2 in accordance with the Protective Order.

8. In Plaintiff's view, the proponent of the designations must be the party to file a motion to restrict after a filing is submitted to the Court that incorporates evidence featuring those designations. After all, Plaintiff could not be expected to argue for the necessity of a restriction he does not support or agree with, nor could he raise arguments under D.C.ColoLCivR 7.2 in good faith. In conferral on this issue on March 6, 2023, counsel for Defendants suggested that a motion to restrict remained Plaintiff's burden unless and until the parties had met and conferred with respect to striking specific

designations. Those discussions ended with an impasse, wherein Plaintiff did not agree that it was his burden to file a new motion to restrict every time he incorporated evidence into his arguments that Defendants had designated as confidential, especially when Plaintiff does not believe the designations are proper in the first place.

9. In either case, the 14-day window to file a motion to restrict has long since passed with respect to every filing filed by Plaintiff and referenced in the Court's recent Minute Order on the issue. Subject to the few narrow exceptions proposed below, the Court should issue an Order pursuant to D.C.ColoLCivR 7.2(e) holding that the restrictions asserted with respect to those filings have expired, and that the documents shall be open to public inspection. The parties would also benefit if the Court clarified which party has the obligation to file a motion to restrict following a filing that incorporates material that has been designated as Confidential.

### III. LEGAL STANDARD

10. A motion to restrict shall be open to public inspection and shall:

    (1) identify the document or the proceeding for which restriction is sought;

    (2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction);

    (3) identify a clearly defined and serious injury that would result if access is not restricted;

    (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization,

4

restricted access to exhibits or portions of exhibits); and

(5) identify the level of restriction sought.

D.C.ColoLCivR 7.2(c)(1-5).

### IV. ARGUMENT

#### A. *The overwhelming majority of confidential designations asserted in this proceeding should be stricken.*

11. In its Minute Order requesting this Motion [Dkt. 142], the Court highlighted six separate filings that have been filed under seal, and requested the parties address these designations in this Motion. Plaintiff addresses each filing as follows:

##### a. *Dkt. 110: Plaintiff's Reply to Defendants' Response to Motion to Compel Document Production and Deposition Testimony from Third-Party Tina Peters*

12. Pursuant to paragraph 14 of the Protective Order, Plaintiff filed this Reply under seal because it attached and discussed two exhibits that Defendants designated as confidential. The first exhibit is an August 31, 2022 text message from Joe Oltmann to Defendant Lindell, alerting Lindell to his receipt of the subpoena issued by Plaintiff and requesting guidance on how to respond. The second exhibit is a contract between Defendant FrankSpeech and an entity owned and operated by Oltmann, PiDoxa, Inc. The contract was entered into on September 5, 2022, and indicates that FrankSpeech is paying PiDoxa roughly $1.9 million annually to run the FrankSpeech website.

13. Neither of these exhibits is nor should be considered confidential. Both speak directly to the close personal and financial ties between Defendants and Oltmann,

5

and both are relevant to actual malice arguments that will inevitably be raised again repeatedly throughout the remainder of this dispute.

14. Importantly, the Court's Rules and public policy both favor openness, and this case obviously presents a matter of significant public concern. Oltmann is a deeply unstable extremist who regularly issues calls for vigilante violence against minorities[1] and the summary execution of his political opponents.[2] His close personal ties to Lindell, who is a nationally known public figure who recently ran for Chair of the Republican National Committee, is surely in the public interest. The restrictions currently in place with respect to Dkt. 110 should be stricken accordingly.

### b. Dkt. 113: Plaintiff's Objections to Third-Party CD Solutions Inc.'s Confidentiality Designations

15. Plaintiff submitted this filing under seal in deference to the Protective Order, specifically with respect to confidential designations that had been asserted by third-party CD Solutions, Inc. By the express language of D.C.ColoLCivR 7.2(c)(2), however, "stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction." For the reasons thoroughly laid out in the Motion and associated Reply (discussed below), there is no good faith basis for CD Solutions, Inc.'s confidential

---

[1] *See, e.g.*, **Exhibit 1**, Joe Oltmann, TWITTER, May 8, 2023 (Oltmann: "Breaking: This is what invasion looks like… this ladies and gentlemen is our southern border right now. Go buy ammo. Go buy guns. Get ready supplies and get connected to others.") As Plaintiff has repeatedly noted in other filings, this exhibit, like Exhibit 2, is not particularly unique. It is just one of many recent examples. Oltmann's calls for armed violence are fairly constant, and they have been for years.

[2] *See* **Exhibit 2**, Joe Oltmann, TWITTER, May 15, 2023 (Oltmann: "They all need to be put in front of a firing squad for treason. Americans need to treat them the way Ghaddafi was treated after the coup against Libya orchestrated by the CIA. They betrayed the people.")

designations. The Court should issue an order allowing those designations to expire accordingly.

### c.   Dkt. 121: Plaintiff's Reply in Support of Objections to Third-Party CD Solutions, Inc.'s Confidentiality Designations

16.   Here again, there is no good faith basis for the overwhelming majority of the confidential designations at issue. With one exception, they should be stricken accordingly.

17.   The only item that should remain subject to the Protective Order is Exhibit 10 to that filing, which includes a property description for a residential property in San Antonio, Texas. That document is publicly available, but undersigned counsel stipulated on the record during Oltmann's December 16, 2022 deposition that the address of that property would remain confidential. As a result, that portion of the Oltmann deposition transcript should also retain its confidentiality, and that portion of Exhibit 7 (13:23-24) to that filing should remain redacted. These items should have a Level 1 restriction.

18.   To be clear, Plaintiff does not in any way concede the pretextual basis for Oltmann's insistence on that designation, and as discussed in the Reply, the address itself appears to be a knowing falsehood anyway. In any case, undersigned counsel extended the stipulation in good faith and believes he must honor that stipulation.

### d.   Dkt. 127: Plaintiff's Motion for Leave to File Second Amended Complaint

19.   With one exception, Plaintiff also filed this Motion under seal pursuant to the Protective Order, not because he believes that the interest in protecting the document

7

outweighs the presumption of public access, or because he believes there is a clearly defined and serious injury that would result if access is not restricted.

20. With the exception of the Excel spreadsheet, discussed in more detail below, this Motion and its related exhibits were all filed under seal because they discuss or incorporate evidence that Defendants have designated as being "Confidential." These designations are especially problematic here though, where they are directly relevant to numerous paragraphs in Plaintiff's Proposed Second Amended Complaint.

21. The only item that should remain restricted with respect to Dkt. 127 is the Excel spreadsheet that was submitted to the Court on a separate flash drive. This is the same spreadsheet addressed in Dkt. 135—discussed below. While the spreadsheet itself potentially represents an immediate risk to national security if publicly released, discussion of the spreadsheet itself should not be restricted.

22. The spreadsheet itself contains what purport to be the hacked email passwords of nearly two hundred employees of different election technology companies. Plaintiff has sought and been granted leave to present this information to relevant law enforcement authorities given the obvious criminal implications of this compilation of data [Dkt. 38]. There is no legitimate reason for anyone to have that information, and publicly releasing it could have a grave impact on election security across the country. The spreadsheet should maintain a Level 1 restriction.

      ***e.   Dkt. 135: Stipulation to Disclose Certain Confidential Documents***

23. As discussed above, Plaintiff does not believe that this filing should be restricted, but the spreadsheet it discusses and incorporates as an exhibit absolutely

8

should be. Plaintiff believes that the fact of the spreadsheet's existence is very much in the public interest though, as is the fact that it was shared between Lindell and Robert Herring of One American News.

### f. Dkt. 136: Defendants' Response in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint

24. This is the only filing referenced in the Court's Order that was filed by Defendants. Plaintiff has no objection to the redacted exhibits filed with respect to that motion being unsealed, or for the response itself to be publicly available.

## V. CONCLUSION

25. For all of the reasons stated herein, Plaintiff Eric Coomer, Ph.D. moves for an a very limited order restricting access to Exhibit 10 of his Reply in Support of Objections to Third-Party CD Solutions' Inc.'s Confidentiality Designations [Dkt. 121], as well as all related references to the residential address in question, as described above. Plaintiff similarly reiterates his previously raised objection to public disclosure of the Excel spreadsheet referenced in his Motion for Leave to File Second Amended Complaint [Dkt. 127]. Plaintiff believes discussion of the spreadsheet itself, however, should be permitted without restriction.

26. Plaintiff further requests an Order clarifying which party bears the burden of filing a Motion to Restrict following any filing that incorporates or discusses material labeled "Confidential." Plaintiff requests that the Court clarify that the party asserting the designation bears that burden.

9

Respectfully submitted this 19th day of May 2023.

      /s/ *Bradley A. Kloewer*
Charles J. Cain, No. 51020
ccain@cstrial.com
Bradley A. Kloewer, No. 50565
bkloewer@cstrial.com
Steve Skarnulis
skarnulis@cstrial.com
Zachary H. Bowman
zbowman@cstrial.com
David E. Jennings, No. 54643
djennings@cstrial.com
**Cain & Skarnulis PLLC**
P. O. Box 1064
Salida, Colorado 81201
and
303 Colorado Street, Suite 2850
Austin, Texas 78701
719-530-3011/512-477-5011 (Fax)

Thomas J. Rogers III, No. 28809
trey@rklawpc.com
Mark Grueskin, No. 14621
mark@rklawpc.com
**RechtKornfeld PC**
1600 Stout Street, Suite 1400
Denver, Colorado 80202
303-573-1900
**ATTORNEYS FOR PLAINTIFF**