# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129-NYW-SKC

ERIC COOMER, Ph.D.,
    Plaintiff

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC,
AND MY PILLOW, INC.,
    Defendants

---

## PLAINTIFF'S SUPPLEMENT TO
## MOTION TO RESTRICT PURSUANT TO D.C.COLO.LCIVR 7.2

---

TO THE HONORABLE MAGISTRATE JUDGE OF THE UNITED STATES DISTRICT COURT:

Plaintiff Eric Coomer, Ph.D. (Dr. Coomer), through counsel, files this Supplement to his Motion to Restrict Pursuant to D.C.Colo.LCivR 7.2 [Dkt. 144], stating in support thereof as follows:

1.     On May 22, 2023, this Court issued a Minute Order [Dkt. 146] requesting a supplemental filing from Plaintiff explaining why his May 19, 2023 Motion to Restrict [Dkt. 144] was filed under Restriction Level 1.  The Court is correct that restriction is unnecessary, but as discussed in Plaintiff's Motion, the filing was restricted in accordance with what Plaintiff understands to be his obligations under the Protective Order [Dkt. 77]. Plaintiff agrees that the restriction on the filing should be lifted, but requests clarification from the Court on the scope of the Protective Order so that future filings are not needlessly restricted.

1

2.     The issue here arises from paragraph 14 of the Protective Order, which states, in relevant part:

> Any pleading, brief, memorandum, motion, letter, affidavit, declaration, or other document filed with the Court that discloses, summarizes, describes, characterizes, or otherwise communicates Confidential or Attorneys' Eyes Only Discovery Materials (a "Confidential Filing") must be filed with the Court ***under seal*** in accordance with the Court's Local Rules and Electronic Case Filing Procedures.

*See* Dkt. 77 at ¶ 14 (emphasis added).[1]

3.     As discussed in Plaintiff's Motion to Restrict, this provision is the source of virtually every restricted filing that Plaintiff has made in this case. Defendants, or third-parties, have labeled almost every document produced in this case as "Confidential." As a result, Plaintiff understands that he cannot "disclose, summarize, describe, characterize, or otherwise communicate" any confidential material in any pleading without filing that pleading under seal.

4.     Plaintiff's Motion to Restrict necessarily summarizes, describes, and characterizes material that Defendants have labeled as Confidential, namely text messages, contracts, and other communications produced by Defendants.

5.     Plaintiff requests that the Court lift the restriction under which his Motion to Restrict was filed, and similarly lift the restriction for every other restricted filing discussed therein, subject to the narrow limitations outlined in his Motion. Plaintiff further requests clarification or amendment of the Protective Order so that such circular

---

[1] Upon review of Dkt. 144, undersigned counsel has realized that he somehow inadvertently omitted this essential and operative language in his discussion of the Protective Order in paragraph 6 of his Motion to Restrict. The Protective Order itself though does expressly require that such filings be filed under seal.

2

and redundant pleadings are not necessary in the future. At this point in the proceedings, it is unlikely that any filings between now and trial will not somehow allude to or discuss material labeled as Confidential, and the parties require clarification of this matter moving forward.

## CONCLUSION

The Court should lift the restriction under which Plaintiff filed his Motion to Restrict, and the Court should similarly lift all of the other restrictions identified in that filing. Plaintiff respectfully requests that the Court clarify or amend paragraph 14 of the Protective Order so that this issue does not arise again.

Respectfully submitted this 22nd day of May 2023.

                                              */s/ Bradley A. Kloewer*
Charles J. Cain, No. 51020
ccain@cstrial.com
Bradley A. Kloewer, No. 50565
bkloewer@cstrial.com
Steve Skarnulis
skarnulis@cstrial.com
Zachary H. Bowman
zbowman@cstrial.com
David E. Jennings, No. 54643
djennings@cstrial.com
**Cain & Skarnulis PLLC**
P. O. Box 1064
Salida, Colorado 81201
and
303 Colorado Street, Suite 2850
Austin, Texas 78701
719-530-3011/512-477-5011 (Fax)

3

Thomas J. Rogers III, No. 28809
trey@rklawpc.com
Mark Grueskin, No. 14621
mark@rklawpc.com
**RechtKornfeld PC**
1600 Stout Street, Suite 1400
Denver, Colorado 80202
303-573-1900
**ATTORNEYS FOR PLAINTIFF**

4