IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01129-NYW-SKC

ERIC COOMER, PH.D.,

    Plaintiff,

v.

MICHAEL J. LINDELL,
FRANKSPEECH LLC, and
MY PILLOW, INC.,

    Defendants.

## MINUTE ORDER REGARDING RESTRICTED DOCKET ENTRIES

Entered by Judge Nina Y. Wang

    This matter is before the Court on the (1) Defendants' Unopposed Motion to Restrict in Part Access to Docket Entry 136 ("Defendants' Unopposed Motion to Restrict") [Doc. 143, filed May 19, 2023]; and (2) Plaintiff's Motion to Restrict Pursuant to D.C.COLO.LCivR 7.2 ("Plaintiff's Motion to Restrict") [Doc. 144, filed May 19, 2023] and Supplement [Doc. 147, filed May 22, 2023], filed in response to the Court's sua sponte orders dated May 16, 2023 [Doc. 142] and May 22, 2023 [Doc. 146].

    On May 16, 2023, this Court noted that several filings on the docket had been filed under restriction with no accompanying motion to restrict, *e.g.*, [Doc. 110; Doc. 113; Doc. 121; Doc. 127; Doc. 135; Doc. 136; and associated exhibits]. Under the District of Colorado's Local Rules, "[i]f a document is filed as a restricted document without an accompanying motion to restrict, it shall retain the restriction selected by the filer for 14 days. If no motion to restrict is filed within such time period, the restriction shall expire and the document shall be open to public inspection." D.C.COLO.LCivR 7.2(e). Thus, this Court ordered the Parties to file any motions to restrict by May 19, 2023. [Doc. 142].

    "'Courts have long recognized a common-law right of access to judicial records,' but this right 'is not absolute.'" *JetAway Aviation, LLC v. Bd. of Cnty. Comm'rs of Cnty. of Montrose*, 754 F.3d 824, 826 (10th Cir. 2014) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)). Judges have a responsibility to avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society." *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996). There is a presumption that documents essential to the judicial process are available to the public, but access to them may be restricted when the public's right of access is outweighed by interests which favor nondisclosure. *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997). Accordingly, courts may exercise discretion and restrict the public's right to access judicial

records if that "'right of access is outweighed by competing interests.'" *JetAway*, 754 F.3d at 826 (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)); *cf. United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) ("[T]he question of limiting access is necessarily fact-bound, [therefore] there can be no comprehensive formula for decisionmaking.").

In exercising that discretion, the Court "'weigh[s] the interests of the public, which are presumptively paramount, against those advanced by the parties.'" *United States v. Dillard*, 795 F.3d 1191, 1205 (10th Cir. 2015) (quoting *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)). The presumption against restriction may be overcome if the party seeking to restrict access to records "articulate[s] a real and substantial interest that justifies depriving the public of access to the records that inform [a court's] decision-making process." *JetAway*, 754 F.3d at 826 (quotation omitted); *see also Pine Tel. Co., Inc. v. Alcatel-Lucent USA Inc.*, 617 F. App'x 846, 852 (10th Cir. 2015) (showing of "significant interest" required). "[A] generalized allusion to confidential information" is insufficient, as is a bare reliance on the existence of a protective order pursuant to which the documents were filed. *JetAway*, 754 F.3d at 826–27; *see also* D.C.COLO.LCivR 7.2(c)(2) (stipulations between parties or stipulated protective orders regarding discovery, standing alone, are insufficient to support restriction). But a party may overcome the presumption of public access where the records contain trade secrets, *Pine Tel.*, 617 F. App'x at 852; "business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); information which "could harm the competitive interests of third parties," *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013); private or personally identifiable information, Fed. R. Civ. P. 5.2; or information that otherwise invades privacy interests, *Huddleson v. City of Pueblo, Colo.*, 270 F.R.D. 635, 637 (D. Colo. 2010), such as personal medical information, *Dillard*, 795 F.3d at 1205–06.

***Defendants' Unopposed Motion to Restrict.*** In their Unopposed Motion to Restrict, Defendants seek to restrict Mr. Lindell's personal email address that is found at lines 10, 11, and 15 of page 381, and lines 13 and 19 of page 382, of Exhibit 4 to ECF No. 136. [Doc. 143; Doc. 136 at 37–38]. ECF No. 136 is Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint ("Defendants' Opposition to Motion to Amend") [Doc. 136], which was filed under restriction.[1] As a basis for restriction, Defendants argue that the email address was designated "Confidential Discovery Materials" under the Protective Order [Doc. 77], "based upon a recognition of Mr. Lindell's notoriety among both his supporters and detractors and the resulting concern that wide access to his personal email address, which he also uses to conduct all of his business affairs could potentially subject him to such a volume of unsolicited email communications that his ability to conduct his personal and business affairs efficiently would be disrupted." [Doc. 143 at 2 (citation omitted)].

This Court notes that at least one court in this District has declined to restrict email addresses, noting:

---

[1] Defendants also filed the Opposition and all exhibits as a single, omnibus filing. *See* [Doc. 136]. In the future, all Parties are advised that exhibits to a pleading, motion, or paper should be associated with the primary filing but individually filed, *e.g.* [Doc. 1-1].

2

> [C]ommon experience is that most people do not adequately protect from disclosure their birth dates, home addresses or telephone numbers, e-mail addresses, or drivers' license numbers so as to reasonably call them private or confidential. Instead, that information is regularly disclosed to friends, relatives, vendors, credit card companies, schools, children's sports teams, on hotel registers, and the like.

*SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*, No. 11-cv-01468-WJM-BNB, 2012 WL 2917116, at *2 (D. Colo. July 16, 2012) (quotation omitted). But the Court recognizes that this action is likely to garner more attention than the average case, and that a myriad of witnesses—including but not limited to Dr. Coomer and Mr. Lindell—have articulated concerns regarding their personal safety and privacy in this matter. The Court further notes that Mr. Lindell's email address is not central to the adjudication of the merits of the case, at this point.[2] Accordingly, this Court **GRANTS** Defendants' Unopposed Motion to Restrict [Doc. 143]. However, there is no means by which the Court can functionally restrict only Exhibit 4 to ECF No. 136, nor can it redact Exhibit 4 on behalf of Defendants. **As a result, Defendants are ordered to file an unrestricted version of their Opposition to Motion to Amend, without exhibits, and a redacted version of Exhibit 4 of ECF No. 136**. It does not appear that Defendants conferred with Plaintiff regarding Dr. Coomer's position with respect to Exhibits 1–3. *See generally* [Doc. 143]. Given Plaintiff's Motion to Restrict and Supplement, as discussed in more detail below, this Court reserves ruling on whether to maintain restriction on Exhibits 1–3.

***Plaintiff's Motion to Restrict.*** In Dr. Coomer's Motion to Restrict [Doc. 144] and the associated Supplement [Doc. 147], Plaintiff spends the vast majority of his time arguing against restriction, indicating that he has made filings under restriction based on his interpretation of the Protective Order provision that requires "[a]ny pleading, brief, memorandum, motion, letter, affidavit, declaration, or other document filed with the Court that discloses, summarizes, describes, characterizes, or otherwise communicates Confidential or Attorneys' Eyes Only Discovery Materials (a "Confidential Filing") must be filed with the Court under seal in accordance with the Court's Local Rules and Electronic Case Filing Procedures." [Doc. 77 at ¶ 14]. But the Protective Order in this matter makes clear that designation under it, or filing under restriction, is insufficient to justify a limitation on public access. Instead, the Protective Order expressly states "[n]othing in this Order may be construed as restricting any information and/or documents from the public record. To the extent that any Party or non-party seeks to restrict any filing or portion of such filing from public access, it will comply with the requirements of D.C.COLO.LCivR 7.2." [*Id.* (emphasis in original)].

---

[2] In doing so, the Court notes that there may be subsequent circumstances that require this Court to reconsider its restriction of information—including but not limited to Mr. Lindell's email address—from the public record. For example, the Protective Order contemplates that to the extent that "any Confidential or Attorneys' Eyes Only Discovery Material is used in open court during any court proceeding or filed, marked, or offered as a trial exhibit, the material will lose its confidential status and become part of the public record, unless the Designating Party applies for and obtains an order from this Court specifically maintaining the confidential status of particular material." [Doc. 77 at ¶ 23]. In addition, to the extent that discovery uncovers evidence that confidential information was publicly shared, this Court may unrestrict such publicly available information.

*Applicable Procedures.* Local Rule 7.2(c) of the Local Rules of Civil Practice is quite clear that a motion to restrict "shall be open to public inspection" and a party seeking to restrict access must make a multi-part showing. D.C.COLO.LCivR 7.2(c) (emphasis added). A proponent of restriction must: (1) identify the specific document for which restriction is sought; (2) identify the interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) identify a clear and serious injury that would result if access is not restricted; and (4) explain why alternatives to restricted access—such as redaction, summarization, stipulation, or partial restriction—are not adequate. *Id.*

To address any ambiguity as to the expectations of the Court with respect to the application of these principles, this Court respectfully advises the Parties that before a party files a pleading, paper, or exhibits under restriction, it should meet and confer with the designating party to determine what—if anything—requires restriction in the first instance. D.C.COLO.LCivR 7.1(a)–(b). The Court encourages the Parties to characterize information in a manner that does not trigger restriction, in favor of filing any Confidential and/or Attorney's Eyes Only documents as exhibits. The Parties are further advised that all pleadings, papers, and exhibits that are filed as restricted documents on the docket must be accompanied or followed by an unrestricted motion to restrict addressing the elements of Local Rule 7.2(c) within fourteen days of the filing of the restricted document. *See* D.C.COLO.LCivR 7.2(e). Any objections or responses to such a motion to restrict must be filed within three days of the motion being posted to the website of the United States District Court for the District of Colorado ("the District").[3] *See* D.C.COLO.LCivR 7.2(d). There is no doubt that a party or non-party can describe documents and/or information in a manner that does not compromise the documents and/or information at issue but permits public filing—similar to how privilege issues are vetted. *Cf.* Fed. R. Civ. P 26(b)(5)(A)(ii) (instructing a party who withholds information based on privilege to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim"). Further, to the extent that it is practicable, a party must simultaneously file a public version of the restricted filing with only the sensitive information redacted.

In addition, regardless of which party filed a restricted document, the party seeking to restrict the information from public access bears the responsibility of filing a motion to restrict and the burden to establish that such information and/or document merits restriction from the public record. Indeed, a party "cannot overcome the presumption against sealing judicial records simply by pointing out that the records are subject to a protective order in the district court. Rather, the parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Helm*, 656 F.3d at 1292 (emphasis added); *see also Am. Fin. Corp. v. Pruett*, No. 21-cv-01045-PAB-STV, 2021 WL 5020891, at *1 (D. Colo. May 6, 2021). This showing is distinct from the initial designation under the Protective Order, which may permit designations that ultimately cannot be justified as restrictions from the public

---

[3] All motions to restrict are posted on this District's website for public inspection as "[a]ny person may file an objection to the motion to restrict no later than three court business days after posting." D.C.COLO.LCivR 7.2(d). *See also* Recently Filed Motions to Restrict, https://www.cod.uscourts.gov/Seal.aspx.

record for the important reasons that (1) protective orders facilitate efficient discovery and exchange of information without undue delay, *see Stroup v. United Airlines, Inc.*, No. 15-cv-01389-WYD-CBS, 2016 WL 7176717, at *6 (D. Colo. Sept. 16, 2016) ("It bears repeating that the purpose of a stipulated protective order is to facilitate discovery, not foment distracting disputes."); and (2) many documents designated under a Protective Order will never be filed publicly, thus funneling the Court's limited resources to resolving true disputes:

> The challenge mechanism in a blanket protective order, like that contained in paragraph 9 of the Stipulated Protective Order, and a motion to restrict access under D.C.COLO.LCivR 7.2 serve different purposes. The challenge mechanism is intended to afford the parties the opportunity to determine whether documents marked as confidential may be publicly disclosed or, alternatively, whether their distribution is restricted for use only in connection with the associated lawsuit. Motions invoking the challenge mechanism are rarely filed because once a party has access to a document for use in the lawsuit, whether that document may be disclosed publicly rarely is sufficiently important to justify the expense of the briefing and hearing associated with challenging a designation. When motions are filed invoking the challenge mechanism, the challenged documents normally are not filed with the motion but, instead, are described generally in sufficient detail so as to allow a ruling.
>
> Motions for restricted access, by contrast, are filed when confidential documents must be filed with the court, usually as exhibits to motions for summary judgment or the like. In these instances, the document must be filed with the court so that its contents may be considered in connection with the underlying motion. Motions for restricted access usually address a relatively small number of documents which have been attached as exhibits to the underlying motion, and should not number in the hundreds of pages.

*Skyfire v. ServiceSource, Inc.*, No. 10-cv-03155-WYD-BNB, 2011 WL 6385798, at *1–2 (D. Colo. Dec. 19, 2011).

   *Application.*  As an initial matter, this Court finds no basis to restrict Plaintiff's Motion to Restrict.  Therefore, the Court respectfully **DIRECTS** the Clerk of the Court to unrestrict Plaintiff's Motion to Restrict and the associated exhibits that reflect public commentary on Twitter [Doc. 144; Doc. 144-1; Doc. 144-2].  However, because Plaintiff's Motion to Restrict has not been publicly available, and because of the issues with respect to responsibility and burdens associated with restricting documents from the public record, the Court reserves any substantive ruling to permit public review of Plaintiff's Motion to Restrict, and any further objections or arguments for restriction.  **Further, Plaintiff is ordered to file redacted versions of his Objections to Third-Party CD Solutions Inc.'s Confidentiality Designations [Doc. 113] and Reply to Third-Party CD Solutions Inc.'s Response to Plaintiff's Objections to Confidentiality Designations [Doc. 121] by June 6, 2023.**

5

In addition, in hopes of avoiding unnecessary restrictions and associated filings, this Court makes the following amendments to the entered Protective Order [Doc. 77], and shall enter a separate Amended Protective Order contemporaneously with this Minute Order:

Paragraph 1

Any Producing Party may designate any Discovery Material as "Confidential Discovery Material" under the terms of this Order where such Party in good faith believes that such Discovery Material contains trade secrets, proprietary business information, competitively sensitive information or other information the disclosure of which would, in the good faith judgment of the Party or, as appropriate, non-party designating the material as confidential, be detrimental to the conduct of that Party's or non-party's business or the business of any of that Party's or non-party's customers or clients.  Discovery Material that has been publicly disclosed, including but not limited to through social media (regardless of whether such post is currently publicly available) or another court proceeding, may not be designated "Confidential Discovery Material."

Paragraph 2

Any Producing Party may designate any Discovery Material as "Attorneys' Eyes Only Discovery Material" under the terms of this Order where such Party, after review by counsel of record, in good faith believes that such Discovery Material contains Attorneys' Eyes Only Discovery Material.  Attorneys' Eyes Only Discovery Material is defined as Confidential Discovery Material containing information such that disclosure other than as provided in this Order could reasonably be expected to cause irreparable harm to the Producing Party.  To the extent source code is discoverable, the Parties will meet and confer regarding terms and entry of a separate protective order for the source code before any is permitted to be inspected.  Designation by counsel of any Discovery Material as "Attorneys' Eyes Only Discovery Material" constitutes a certification pursuant to Rule 26(g) of the Federal Rules of Civil Procedure.

Paragraph 14

Generally, filings that summarize, describe, or characterize the nature of Confidential or Attorneys' Eyes Only information, without disclosing the specifics of such information, shall be filed publicly.  Prior to such filing, the filing Party must meet and confer with the designating party about what information may be disclosed in a public filing.  To the extent that a pleading, brief, memorandum, or motion is filed under restriction, it must include a certificate of conferral stating that the Parties conferred by telephone or in person (not only email) and a general description of the objection.  Any pleading, brief, memorandum, motion, letter, affidavit, declaration, or other document filed with the Court that discloses or constitutes ~~, summarizes, describes, characterizes, or otherwise communicates~~ Confidential or Attorneys' Eyes Only Discovery Materials (a "Confidential Filing") must be filed with the Court under seal in accordance with the Court's Local Rules and Electronic Case Filing Procedures.  Nothing in this Order may be construed as restricting any information and/or documents from the public record.  To the extent that any Party or non-party seeks to restrict any filing or portion

6

of such filing from public access, it will comply with the requirements of D.C.COLO.LCivR 7.2.

To facilitate resolution of issues related to existing restricted filings on the Court's docket, this Court **ORDERS the Parties to robustly meet and confer, complete, and jointly file the following table and include any restricted documents that the Court may have missed no later than June 9, 2023**:

| ECF No. | Document | Party Seeking Restriction/Opposed? | Moving Party's Position | Opposing Party's Position |
|---|---|---|---|---|
| [87] | Motion for Leave to Provide Limited Scope Representation | | | |
| | | | | |
| [110] | Reply to Response to Motion to Compel | | | |
| [110-1] | Screenshot (Oltmann texts) | | | |
| [110-2] | Contract (Customer Service Agreement) | | | |
| | | | | |
| [113] | Objections to CD Solutions Confidentiality Designations[4] | | | |
| | | | | |
| [121] | Reply to CD Solutions Response to Objections | | | |
| | | | | |
| [127] | Motion for Leave to Amend Complaint | | | |
| [127-1] | Second Amended Complaint | | | |

---

[4] The exhibits subject to the affirmative Objections [Doc. 113] and Reply [Doc. 121] will be addressed in a separate Order.

| ECF No. | Document | Party Seeking Restriction/Opposed? | Moving Party's Position | Opposing Party's Position |
|---|---|---|---|---|
| [127-2] | Redline re Second Amended Complaint | | | |
| [127-3] | Transcript (Lindell deposition) | | | |
| [127-4] | Transcript (Lindell deposition) | | | |
| [127-5] | Screenshot (Twitter) | | | |
| [127-6] | Screenshot (messages) | | | |
| [127-7] | Screenshot (messages) | | | |
| [127-8] | Excel on USB [Doc. 132] | | | |
| [127-9] | Transcript (Lindell deposition) | | | |
| | | | | |
| [135] | Motion for Leave to Disclose Documents | | | |
| [135-1] | Excel on USB [Doc. 139] | | | |
| [135-2] | Email (Lindell - Herring) | | | |
| | | | | |
| [136] (Ex. 1) | Responses to MyPillow Interrogatories | | | |
| [136] (Ex. 2) | Responses to Lindell Interrogatories | | | |

| ECF No. | Document | Party Seeking Restriction/Opposed? | Moving Party's Position | Opposing Party's Position |
|---|---|---|---|---|
| [136] (Ex. 3) | Responses to FrankSpeech Interrogatories | | | |

In completing the table, the Parties should note that this Court is disinclined to restrict documents on the Court's docket from public access or close the courtroom.  Indeed, "[p]eople in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing." *Press-Enter. Co. v. Superior Ct.*, 464 U.S. 501, 509 (1984).  Further, the Parties should be mindful of the admonition of the United States Court of Appeals for the Tenth Circuit that "parties should not routinely or reflexively seek to seal materials upon which they predicate their arguments for relief," *Lucero v. Sandia Corp.*, 495 F. App'x 903, 913 (10th Cir. 2012), and this Court will be disinclined to grant such requests.

DATED:  June 2, 2023