**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 1:22-cv-01129-NYW-SKC

ERIC COOMER, PH.D.,

    Plaintiff,

v.

MICHAEL J. LINDELL,
FRANKSPEECH LLC, and
MY PILLOW, INC.,

    Defendants.

---

**AMENDED PROTECTIVE ORDER GOVERNING THE PRODUCTION AND
EXCHANGE OF CONFIDENTIAL INFORMATION**

---

    Plaintiff Eric Coomer, Ph.D. ("Plaintiff") and Defendants Michael J. Lindell ("Lindell"), Frankspeech LLC "(Frankspeech") and My Pillow, Inc. ("MyPillow") (collectively referred to herein as "Defendants") are currently engaged in discovery proceedings, which include taking third-party depositions. Discovery proceedings in this action may also include answering interrogatories and producing documents, pending the resolution of Defendants' Motion for Stay of Discovery [Dkt. 57] and Motion to Dismiss [Dkt. 38].

    The Parties believe that certain information that will be produced or that may be produced may contain information that is proprietary, commercially sensitive, subject to a non-disclosure agreement, and/or otherwise non-public. Under Federal Rules of Civil Procedure 5.2 and 26(c), this Order Governing the Production and Exchange of Confidential Information (the "Order") will govern the handling of documents, testimony (in any form whether by affidavit, declaration, or deposition), exhibits, transcripts, written discovery requests, interrogatory responses, responses to

1

requests for admission, and responses to requests for documents, and any other information or material produced, given, or exchanged, including any information contained therein or derived therefrom ("Discovery Material"), by or among any Party or non-Party providing Discovery Material, including written and oral responses to discovery requests and/or subpoenas, (each a "Producing Party") in the above-captioned action (the "Litigation") to the party receiving the Discovery Material ("Receiving Party").

1. Any Producing Party may designate any Discovery Material as "Confidential Discovery Material" under the terms of this Order where such Party in good faith believes that such Discovery Material contains trade secrets, proprietary business information, competitively sensitive information or other information the disclosure of which would, in the good faith judgment of the Party or, as appropriate, non-party designating the material as confidential, be detrimental to the conduct of that Party's or non-party's business or the business of any of that Party's or non-party's customers or clients. Discovery Material that has been publicly disclosed, including but not limited to through social media (regardless of whether such post is currently publicly available) or another court proceeding, may not be designated "Confidential Discovery Material."

2. Any Producing Party may designate any Discovery Material as "Attorneys' Eyes Only Discovery Material" under the terms of this Order where such Party, after review by counsel of record, in good faith believes that such Discovery Material contains Attorneys' Eyes Only Discovery Material. Attorneys' Eyes Only Discovery Material is defined as Confidential Discovery Material containing information such that disclosure other than as provided in this Order could reasonably be expected to cause irreparable harm to the Producing Party. To the extent source code is discoverable, the Parties will meet and confer regarding terms and entry of a separate protective order for the source code before any is permitted to be inspected. Designation by counsel

<u>of any Discovery Material as "Attorneys' Eyes Only Discovery Material" constitutes a certification pursuant to Rule 26(g) of the Federal Rules of Civil Procedure.</u>

3. The Parties agree that any Confidential Discovery Material and Attorneys' Eyes Only Discovery Material produced in the Litigation will be used, except by the Producing Party, solely for purposes of this Litigation and no Receiving Party will provide Discovery Material to any person or entity (including for any other litigation) or make any Discovery Material public except as permitted in this Litigation. Notwithstanding the limitations in the preceding sentence, any Party may use Discovery Material lawfully obtained independently of this Litigation for any purpose consistent with any other limitations placed on that Discovery Material.

4. Notwithstanding any other provision of this Order, no Receiving Party may provide Discovery Material designated as Confidential Material or Attorneys' Eyes Only Material to any person or entity involved in the Litigation unless and until that person or entity confirms their understanding of, and agreement to, abide by the terms of this Order.

5. The designation of Discovery Material as Confidential Discovery Material or Attorneys' Eyes Only Discovery Material will be made in the following manner:

    a. In the case of documents or other written materials (including affidavits and declarations but not pre-trial deposition or other pre-trial testimony: (i) by affixing the legend "Confidential" or "Attorneys' Eyes Only" to each page containing any Confidential or Attorneys' Eyes Only Discovery Material; or (ii) in the case of electronically stored information produced in native format by affixing the legend "Confidential" or "Attorneys' Eyes Only" to the media containing the Discovery Material (e.g., CD, DVD, thumb drive, external hard drive, or secure file transfer).

    b. In the case of testimony: (i) by a statement on the record, by counsel, at the

        time of such disclosure or, in the case of a deposition or other pre-trial oral testimony, before the conclusion of the deposition or pre-trial testimony; or (ii) by written notice, sent to all Parties within 15 business days of receipt of the final deposition transcript or other pre-trial testimony; provided that only those portions of the transcript designated as Confidential or Attorneys' Eyes Only Discovery Material will be deemed Confidential or Attorneys' Eyes Only Discovery Material. Each deposition will be deemed to be Attorneys' Eyes Only Discovery Material until 15 business days after counsel receive a copy of the final transcript, after which the deposition will be treated in accordance with its confidentiality designation, if any. The Parties may modify this procedure for any particular deposition, through agreement in writing before, or on the record at, such deposition, without further order of the Court.

    c.    In the case of any other Discovery Material, by written notice that the Discovery Material constitutes Confidential or Attorneys' Eyes Only Discovery Material.

6.    The designation of Discovery Material as Confidential or Attorneys' Eyes Only Discovery Material will constitute a representation that such Discovery Material has been reviewed by an attorney <u>of record</u> representing the Party making the designation and that there is a good faith basis for such designation.

7.    Inadvertent failure to designate Discovery Material as Confidential or Attorneys' Eyes Only Discovery Material does not constitute a waiver of such claim and may be corrected. A Producing Party may designate as Confidential or Attorneys' Eyes Only any Discovery Material that has already been produced, including Discovery Material that the Producing Party

4

inadvertently failed to designate as Confidential or Attorneys' Eyes Only, (i) by notifying in writing the Receiving Party to whom the production has been made that the Discovery Material constitutes Confidential or Attorneys' Eyes Only Discovery Material, and (ii) providing a replacement copy of the Discovery Material marked in a manner consistent with Paragraph 5. After receiving such notice, the Parties will treat the Discovery Material so designated as Confidential or Attorneys' Eyes Only Discovery Material, and such Discovery Material will be fully subject to this Order from the date of such supplemental notice forward. The Party receiving such notice will make a reasonable, good -faith effort to ensure that any analyses, memoranda, notes, or other such materials generated that include or are based upon such newly designated information are immediately treated as Confidential or Attorneys' Eyes Only Discovery Material. In addition, after receiving such notice, any receiving Party that disclosed the Discovery Material before its designation as "Confidential" or "Attorneys' Eyes Only" will exercise its best efforts to ensure (i) the return or destruction of such Discovery Material, if it was disclosed to anyone not authorized to receive it under this Order, (ii) that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as "Confidential" or "Attorneys' Eyes Only" when originally produced, (iii) that such Discovery Material is not further disclosed except in accordance with the terms of this Order, and (iv) that any such Discovery Material, and any information derived therefrom, is used solely in accordance with this Order.

   8. Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated, orally or in writing, or made available in whole or in

part only to the following persons for use in connection with the Litigation and in accordance with this Order:

    a.    The Parties' current employees who are assisting with or making decisions concerning this Litigation, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation;

    b.    Counsel for the Parties in the Litigation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation;

    c.    Experts, consultants, or independent litigation support services assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation;

    d.    Persons who appear as an author or recipient on the face of the document to be disclosed;

    e.    Witnesses or deponents, and their counsel, but only to the extent necessary to conduct or prepare for depositions or testimony in the Litigation, and only if furnished, shown, or disclosed in accordance with this Order;

  f.  The Court, persons employed by the Court, translators, videographers, and court reporters who are recording and transcribing any hearing, trial, or deposition in the Litigation or any appeal therefrom;

  g.  A videographer, translator, court reporter, or transcriber who reports, tapes, translates, or transcribes testimony in this Litigation at a deposition and agrees by a statement on the record, before recording or transcribing any such testimony constituting Confidential Discovery Materials, that all such testimony and information revealed at the deposition is and will remain confidential and will not be disclosed by such translator, videographer, reporter, or transcriber except to the attorneys for each Party and any other person who is present while such testimony is being given, and that copies of any transcript, reporter's notes or any other transcription records of any such testimony will be retained in confidentiality and safekeeping by such videographer, translator, reporter, or transcriber or will be delivered to the undersigned attorneys;

  h.  Jury consultants and mock jurors, if any, provided each such person executes the form attached as Exhibit A; or

  i.  Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation or statement on the record of agreement by the Producing Party who provided the Discovery Material being disclosed, provided that such person signs an undertaking in the form attached as Exhibit A hereto;

9. Except with the prior written consent of the Producing Party or by Order of the Court, Attorneys' Eyes Only Discovery Material shall not be furnished, shown, or disclosed to any person or entity except to those identified in Paragraph 8(b)–8(i).

10. Confidential or Attorneys' Eyes Only Discovery Material may be provided to persons listed in Paragraph 8(c) only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the Litigation, provided that such expert or consultant (i) is not subject to a non-disclosure agreement, (ii) agrees to use, and does use, the Discovery Material solely in connection with the Litigation and (iii) agrees to be bound by the terms of this Order by signing an undertaking in the form attached as Exhibit A hereto. Counsel for the Party showing, providing, or disclosing Confidential or Attorneys' Eyes Only Discovery Material to any person required to execute an undertaking under this Paragraph will be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof. "Competitors" are persons or entities endeavoring to engage in the same or similar lines of business, who provide the same or similar services, who sell the same or similar products, or who operate in the same markets, as well as any persons who are engaged in any of these activities.

11. Should the need arise for any Party or non-party to disclose Confidential or Attorney's Eyes Only Discovery Material during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party or non-party may do so only after taking such steps as the Court, upon motion of the Producing Party, deems necessary to preserve the confidentiality of such Confidential or Attorneys' Eyes Only Discovery Material.

12. This Order shall not preclude counsel for any Party from using during any deposition in this action any Documents or Testimony which has been designated as Confidential or Attorneys' Eyes Only Discovery Material under the terms hereof. Any deposition witness who is given access to Confidential or Attorney's Eyes Only Discovery Material shall, prior thereto, be provided with a copy of this Order and shall execute a written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Party obtaining the certificate shall supply a copy to counsel for the other Parties and, as appropriate, a non-party that is a Producing Party. If, after being presented with a copy of this Order, a witness refuses to be bound by this Order, the Court shall, upon application, enter an order directing the witness's compliance with the Order.

13. Every person to whom Confidential or Attorneys' Eyes Only Discovery Material is disclosed, summarized, described, characterized, or otherwise communicated or made available, orally or in writing, in whole or in part, will be advised that the information is being disclosed subject to the terms of this Order and may not be disclosed or used for purposes other than those permitted hereunder. Each such person will maintain the Confidential or Attorneys' Eyes Only Discovery Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure. Any Party issuing a subpoena to a non-Party will enclose a copy of this Order and notify the non-Party that the protections of this Order will apply to Discovery Materials of such non-Party.

14. <u>Generally, filings that summarize, describe, or characterize the nature of Confidential or Attorneys' Eyes Only information, without disclosing the specifics of such information, shall be filed publicly. Prior to such filing, the filing Party must meet and confer with the designating party about what information may be disclosed in a public filing. To the extent that a pleading, brief, memorandum, or motion is filed under restriction, it must include a certificate</u>

9

of conferral stating that the Parties conferred by telephone or in person (not only email) and a general description of the objection. Any pleading, brief, memorandum, motion, letter, affidavit, declaration, or other document filed with the Court that discloses or constitutes~~, summarizes, describes, characterizes, or otherwise communicates~~ Confidential or Attorneys' Eyes Only Discovery Materials (a "Confidential Filing") must be filed with the Court under seal in accordance with the Court's Local Rules and Electronic Case Filing Procedures. Nothing in this Order may be construed as restricting any information and/or documents from the public record. To the extent that any Party or non-party seeks to restrict any filing or portion of such filing from public access, it will comply with the requirements of D.C.COLO.LCivR 7.2.

15.     If a Party objects to the designation of Discovery Material as Confidential or Attorneys' Eyes Only Discovery Material, that Party ("the Objecting Party") will send written notice to the Designating Party that includes a date and time for a meet and confer to discuss the disputed designation. The Objecting Party and the Designating Party will thereafter meet and confer either at the suggested date and time or, to the extent the Designating Party is unavailable at the suggested date and time, at some other agreed date and time. If the meet and confer procedure does not resolve the dispute, the Objecting Party may, within seven (7) days of the meet and confer, file a motion with the Court to strike the designation. The Producing Party may, within fourteen (14) days, file a response, and the Objecting Party may file a reply within seven (7) days, after which the matter will be fully briefed and ripe for the Court to resolve the dispute. A hearing may be held at the discretion of the Court. While such an application is pending, the Discovery Material or testimony in question will be treated as Confidential or Attorneys' Eyes Only Discovery Material pursuant to this Order. The burden of establishing that any Discovery Material was properly designated as Confidential or Attorneys' Eyes Only Discovery Material is on the Designating Party. If an Objecting Party seeking to challenge any designation of Discovery

Material or testimony as Confidential or Attorneys' Eyes Only fails to object and propose a meet and confer as described in this paragraph, then the Objecting Party will be deemed to have permanently waived its right to challenge the designation of the disputed Discovery Material as Confidential or Attorneys' Eyes Only.

16. The Parties reserve the right to apply under Federal Rules of Civil Procedure 5.2(e) and 26 for an order seeking additional safeguards with respect to the use and handling of Discovery Material or to modify the terms of this Order.

17. Entering into this Order, or agreeing to or producing or receiving Discovery Material or otherwise complying with the terms of this Order, will not:

    a. prejudice in any way the rights of any Party to (i) seek production of any documents or information in discovery, or (ii) object to the production of any documents or information on the ground that it is not subject to discovery;

    b. operate as an admission by any Party that any particular Discovery Material constitutes Confidential or Attorneys' Eyes Only Discovery Material or contains or reflects trade secrets or any other type of confidential information;

    c. prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purportedly Confidential or Attorneys' Eyes Only Discovery Material, or (ii) seek a determination by the Court whether any Discovery Material or Confidential or Attorneys' Eyes Only Discovery Material should be subject to the terms of this Order;

    d. prevent any Producing Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to their designation

      of any particular Discovery Material;

  e. prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Order;

  f. preclude any Party from objecting to discovery that it believes to be otherwise improper; or

  g. operate as a waiver of any attorney-client, work product, business strategy, trade secret or other privilege.

18. This Order has no effect upon, and will not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose. Nothing herein will prevent a Producing Party from disclosing its own Discovery Material.

19. If Discovery Material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or ground on which production of that information should not be made to any Party ("Inadvertent Production Material") is inadvertently produced by a Producing Party or Parties, such inadvertent production<u>, standing alone,</u> will ~~in no way~~ <u>not</u> prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other applicable privilege.

  a. A claim of inadvertent production will constitute a representation by the Party claiming inadvertent production that the Inadvertent Production Material has been reviewed by an attorney for the Party claiming inadvertent production and that there is a good faith basis for the claim of inadvertent production.

  b. If a claim of inadvertent production is made under this Order, with respect to Discovery Material then in the custody of another Party, the Party

          possessing the Inadvertent Production Material will: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; and (ii) if requested, promptly make a good faith effort to destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact. Once a claim of inadvertent production is made, no Party may use the Inadvertent Production Material for any purpose until further order of the Court.

    c.    The Party claiming inadvertent production and a Receiving Party will follow the same procedure set forth in this order for challenging the designation of Inadvertent Production Material; while any motion relating to the Inadvertent Production Material is pending, the Inadvertent Production Material in question will be treated in accordance with Paragraph 7. A Receiving Party may not assert as a ground for challenging privilege the fact of the inadvertent production, nor may it include or otherwise disclose in any filing relating to the challenge, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof).

20.    Nothing herein will be deemed to waive any applicable common law or statutory privilege or work product protection.

21.    In the event additional Parties join or are joined in the Litigation, they will not have access to Confidential or Attorneys' Eyes Only Discovery Material until the newly joined Party by its counsel has executed this Order and filed with the Court its agreement to be fully bound by it.

22. Subject to the requirements of Federal Rules of Civil Procedure 5.2(e) and 26, the provisions of this Order will, absent written permission of the Designating Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including, without limitation, any appeals therefrom, except as provided in Paragraph 24.

23. In the event that any Confidential or Attorneys' Eyes Only Discovery Material is used in open court during any court proceeding or filed, marked, or offered as a trial exhibit, the material will lose its confidential status and become part of the public record, unless the Designating Party applies for and obtains an order from this Court specifically maintaining the confidential status of particular material. Before any court proceeding in which Confidential or Attorneys' Eyes Only Discovery Material is to be used, counsel will confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Discovery Material.

24. Within 60 days after receiving notice of the entry of an order, judgment, or decree finally disposing of the Litigation, or any other proceeding in which Confidential or Attorneys' Eyes Only Discovery Material is permitted to be used, including the exhaustion of all possible appeals, and upon the written request of the Designating or Producing Party, all persons having received Confidential or Attorneys' Eyes Only Discovery Material will either (i) make a good faith and reasonable effort to return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the Producing Party; or (ii) make a good-faith and reasonable effort to destroy all such Confidential or Attorneys' Eyes Only Discovery Material, and certify to that fact in writing to counsel for the Designating or Producing Party. However, counsel for the Parties will be entitled to retain court papers, trial transcripts, and attorney work product containing

Confidential or Attorneys' Eyes Only Discovery Material, provided that such counsel, and employees of such counsel, will maintain the confidentiality thereof and will not disclose such court papers, trial transcripts, or attorney work product containing Confidential or Attorneys' Eyes Only Discovery Material to any person except under a court order or agreement by the Designating and Producing Party or except as otherwise required by law. All materials returned to the Parties or their counsel by the Court likewise will be disposed of in accordance with this paragraph.

25. If any person in possession of Confidential or Attorneys' Eyes Only Discovery Material receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential or Attorneys' Eyes Only Discovery Material the person neither produced nor designated (collectively, a "Demand"), the person will give written notice to counsel for the Designating and Producing Parties within three business days of receipt of such Demand (or if a response to the Demand is due in less than three business days, at least 24 hours prior to the deadline for a response to the Demand), identifying the Confidential or Attorneys' Eyes Only Discovery Material sought and enclosing a copy of the Demand, and must object to the production of the Confidential or Attorneys' Eyes Only Discovery Material on the grounds of the existence of this Order. The burden of opposing the enforcement of the Demand will fall on the Designating Party. Nothing herein will be construed as requiring the person receiving the Demand or anyone else covered by this Order to challenge or appeal any order requiring production of Confidential or Attorneys' Eyes Only Discovery Material covered by this Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court. Compliance by the person receiving the Demand with any court order directing

production under a Demand of any Confidential or Attorneys' Eyes Only Discovery Material will not constitute a violation of this Order.

26. Absent a court order, no person who is not a party to the Litigation who receives Confidential or Attorneys' Eyes Only Discovery Material as permitted under the terms of this Order ("a Non-Party") will reveal any Confidential or Attorneys' Eyes Only Discovery Material or the information contained therein, to anyone not entitled to receive such Confidential or Attorneys' Eyes Only Discovery Material under the terms of this Order. In the event that Confidential or Attorneys' Eyes Only Discovery Material is disclosed to any person other than in the manner authorized by this Order, or that any information comes to the non-party's attention that may indicate there was or is likely to be a loss of confidentiality of any Confidential or Attorneys' Eyes Only Discovery Material, the non-party responsible for the disclosure or loss of confidentiality will immediately inform the Designating and Producing Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made. The non-party responsible for the disclosure or loss of confidentiality will also make reasonable efforts to prevent disclosure of Confidential or Attorneys' Eyes Only Discovery Material by each unauthorized person who receives the information.

27. The Parties agree that the production of any Discovery Material by any non-party is subject to and governed by the terms of this Order. The Parties will provide a copy of this Protective Order to all non-parties from whom they seek discovery.

28. If a Party or non-party subject to the jurisdiction of this Court violates this Order by intentionally releasing or otherwise disclosing Confidential or Attorneys' Eyes Only Discovery Material to persons or entities not entitled to such material under this Order or learns of the

16

disclosure of such material and does not immediately inform the Designating and Producing Party, the Court may impose sanctions under Federal Rule of Civil Procedure 37(b)(2)(A)(i)-(vi).

29.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO ORDERED.**

DATED:  June 2, 2023                                BY THE COURT:

_____
Nina Y. Wang
United States District Judge

## EXHIBIT A

*Coomer, v. Lindell, et al.*, Case No. 1:22-cv-01129-NYW-SKC

I have read the Protective Order Dated _____, 2022 in this action (the "Order") and undertake to access and use Discovery Material, Confidential Material, and Attorneys' Eyes Only Material only as the Order permits.

Signed this \_\_\_ day of _____, 2022.

_____
[Name]