IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129-NYW-SKC

ERIC COOMER, PH.D.,

    Plaintiff,

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC, AND MY PILLOW, INC.,

    Defendants.

---

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

---

## I. INTRODUCTION

Far after the deadline to amend pleadings, months after the proposed allegations came to light, after the substantive case discovery has already occurred, and shortly before the close of discovery, Plaintiff Eric Coomer moves to file a Second-Amended Complaint adding new causes of action under his claim for defamation. The requested supplementation is improper.

## II. RELEVANT PROCEDURAL HISTORY

Plaintiff filed the Original Complaint against Defendants on April 4, 2022, and Defendants removed the case to this Court's jurisdiction on May 5, 2022. (Dkt. 1).

1

Defendants filed a Motion to Dismiss, on May 27, 2022, for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6) (Dkt. 18). In response, Plaintiff filed the First Amended Complaint (FAC) on June 17, 2022. (Dkt. 21).

On July 7, 2022, the Court entered this lawsuit's Scheduling Order. (Dkt. 32). As proposed by the parties, the Scheduling Order set August 21, 2022, as the deadline for joinder of parties and amendment of pleadings. The Scheduling Order also set March 6, 2023, as the deadline to conclude fact discovery. On February 21, 2023, the Court entered a minute order amending the Scheduling Order:

- Plaintiff may designate expert witnesses on or before May 5, 2023.

- Defendants may designate rebuttal witnesses on or before June 5, 2023.

- Discovery is extended to July 7, 2023, and the deadline to file dispositive motions is extended to August 4, 2023.

(Dkt. 106).

On July 14, 2022, Defendants filed their Motion to Dismiss Plaintiff's FAC (Dkt. 34), then filed a corrected Motion to Dismiss on July 21, 2022 (Dkt. 38). Plaintiff filed his Opposition to Defendants' Motion to Dismiss on August 11, 2022 (Dkt. 45).[1]

Defendants filed a partial Motion to Stay Discovery pending the Court's resolution of their Motion to Dismiss on September 28, 2022 (Dkt. 57). The Court denied that motion on November 15, 2022 (Dkt. 76). Since November 15, 2022, to the present date, the parties

---

[1] The Court subsequently denied Defendant's motion to dismiss on March 15, 2023. (Dkt. 119).

have conducted nearly all the fact discovery for this case, including the case's critical fact depositions.

### III.   ARGUMENT

District of Colorado courts apply a two-step analysis based on both Federal Rules of Civil Procedure 16(b) and Rule 15(a) when faced with a request to amend a complaint after the scheduling order deadline. *Colo. Visionary Acad. v. Medtronic, Inc.,* 194 F.R.D. 684, 687 (D. Colo. 2000); *Pumpco, Inc., the Concrete Pumping Co. v. Schenker Int'l, Inc.,* 204 F.R.D. 667, 668 (D. Colo. 2001); *Perea v. Hunter Douglas Window Fashions, Inc.,* Civil Action No. 06-cv-01374-MSK-MJW, 2008 U.S. Dist. LEXIS 13461, at *6 (D. Colo. Feb. 22, 2008).

First, pursuant to Rule 16(b), a movant must demonstrate to the court that it has good cause for seeking modification of the scheduling deadline. *Perea,* 2008 U.S. Dist. LEXIS 13461, at *6 (D. Colo. Feb. 22, 2008). Second, if the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass a second requirement for amendment under Rule 15(a). *Id*.

Plaintiff's brief in support of the instant motion ignores Rule 16(b) and does not attempt to address how the motion to amend the complaint is timely and for "good cause" when the substantive allegations occurred over seven months ago. Plaintiff's motion to amend his Complaint fails under Rule 15 and Rule 16 of the Federal Rules of Civil Procedure.

3

### A. Plaintiff has not Shown Good Cause to Amend under Rule 16

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that a scheduling order "may be modified only for good cause and with the judge's consent." This "good cause" standard is stricter than Rule 15(a)'s standard governing amendment of pleadings. *Perea*, 2008 U.S. Dist. LEXIS 13461, at *7 (D. Colo. Feb. 22, 2008). The Rule 16(b) standard focuses on the diligence of the party requesting leave to modify the scheduling order. *Ingle v. Dryer,* No. 07-cv-00428-LTB-CBS, 2008 U.S. Dist. LEXIS 88633, at *4 (D. Colo. Apr. 11, 2008). Rule 16(b) requires "some persuasive reason for why the amendment could not have been effected within the time frame established by the court." *Colorado Visionary Academy*, 194 F.R.D. at 687 (citing Rule 16: A Survey and Some considerations for the Bench and Bar, 126 F.R.D. 599, 604 (1989)). A movant cannot satisfy the good cause requirement where their failure to seek the amendment earlier is the result of the movant's failure to do the research necessary to recognize the applicability of the amendment. *Colorado Visionary Academy*, 194 F.R.D. at 688.

In this case, substantively, Plaintiff seeks to add an additional four alleged defamatory statements to his Complaint as new causes of action. Under Colorado law, each alleged defamatory statement is an independent and separate claim. *Walker v. Associated Press*, 160 Colo. 361, 417 P.2d 486 (Colo. 1966); *Corporon v. Safeway Stores, Inc.,* 708 P.2d 1385 (Colo. App. 1985). Three out of the four proposed amendments[2] occurred over

---

[2] Lindell's July 13, 2022 appearance on Conservative Daily (Plaintiff's Exhibit 1 at ¶ 116); the September 7, 2022 FrankSpeech interview with Tina Peters (Plaintiff's Exhibit 1 at ¶¶ 118-122); and Lindell's September 15, 2022 appearance on Conservative Daily (Plaintiff's Exhibit 1 at ¶¶ 124-125).

seven months ago, before the parties began fact discovery in this lawsuit. On July 13, 2022, September 7, 2022, and September 15, 2022, respectively. The first alleged defamatory statement (occurring on July 13, 2022) happened over one month **before** the Scheduling Order's August 21, 2022, amendment to pleading deadline. The remaining two alleged defamatory statements (on September 7 & September 15, 2022) occurred within one month of the amendment deadline.

Plaintiff fails to explain why he did not amend his pleading within the scheduling order's deadline (for the July 13, 2022, allegations), or why Plaintiff waited over seven months to amend his pleading to add the September 2022 allegations. Plaintiff's motion clearly fails the Fed. R. Civ. P. Rule 16 standard that a movant must provide a "persuasive reason" for a party's lack of diligence. *Colorado Visionary Academy*, 194 F.R.D. at 687. Due to Plaintiff's unexplained delay in seeking to amend the Scheduling Order, the Second-Amended Complaint's proposed amendments in ¶¶ 117-127, ¶¶ 118-123, and ¶¶ 124-127 must be rejected.

**B. Plaintiff's Motion fails Under Fed. R. Civ. P. Rule 15.**

Plaintiff's motion to amend also fails to meet the requirements of Fed. R. Civ. P. 15(a)(2). Under Rule 15(a)(2), leave to amend should be freely given when justice requires, however, a motion to amend may be denied for any of the following reasons: a party's undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, prejudice to the opposing party, or futility of the amendment. *Hasan v. AIG Prop. Cas. Co.,* 935 F.3d 1092, 1101 (10th Cir. 2019) citing to *Foman v. Davis*, 371 U.S. 178,182 (1962).

5

In this case, Plaintiff's motion fails because the amendment is untimely; Defendants are prejudiced by the proposed amendments; and the proposed amendments are futile.

### 1. Plaintiff's Motion to Amend the Complaint is Untimely.

In the Tenth Circuit, untimeliness alone is a sufficient reason to deny a leave to amend. *Viernow v. Euripides Development Corp.,* 157 F.3d 785, 799 (10th Cir. 1998). "[T]he longer the delay the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself reason for the court to withhold permission to amend." *Minter v. Prime Equipment Company*, 451 F.3d 1196, 1205 (10th Cir. 2006) (internal quotations removed) (quoting *Steir v. Girl Scouts of the U.S.A.,* 383 F.3d 7, 12 (1st Cir. 2004)). "A party who delays in seeking an amendment is acting contrary to the spirit of [Rule 15] and runs the risk of the court denying permission because of the passage of time." *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1205 (10th Cir. 2006) (quotation omitted). "The Court's inquiry into undue delay focuses primarily on the reasons for the delay." *Id*. at 1206. "[D]enial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay." *Id*. (internal quotations removed); *see also Durham v. Xerox Corp.,* 18 F.3d 836, 840 (10th Cir.1994) (holding that "unexplained delay alone justifies the district court's discretionary decision" to deny leave to amend, even without a showing of prejudice).

As argued above under Defendants' Rule 16 analysis, Plaintiff's motion fails to provide any reason why the July 13, 2022, September 7, 2022, and September 15, 2022, allegations were not added timely to the Plaintiff's Complaint. More damning, Plaintiff admits they were aware of the substance of these allegations by at least September of 2022,

6

and included details of these additional alleged defamatory statements in prior filings to this Court. (See Dkt. #127, Plaintiff's Memorandum in Support of Motion to Amend, page 8).[3] Despite Plaintiff being aware of these alleged statements over eight months ago, Plaintiff chose to delay in bringing a motion to amend his complaint until April 2023, once all critical fact discovery, including party and important witness depositions have already occurred. Plaintiff's motion to add these allegations is untimely and must be rejected.

2. **Plaintiff's Motion to Amend the Complaint is Futile.**

"Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile". *Arvada Dev. Grp., Ltd. Liab. P'ship v. All Envtl., Inc.,* Civil Action No. 07-cv-01107-MSK-KMT, 2008 U.S. Dist. LEXIS 85591, at *7-8 (D. Colo. Oct. 10, 2008). An amendment to a complaint is futile if the plaintiff can prove no set of facts in support of his amendment that would entitle him to relief. *E.g., Beckett v. United States*, 217 F.R.D. 541, 543 (D. Kan. 2003). A district court is clearly justified in denying a motion to amend as futile only if the proposed amendment cannot withstand a motion to dismiss or otherwise fails to state a claim. *See Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992).

In this case, Plaintiff's proposed second-amended complaint includes independent alleged defamatory statements that as a matter of law are not defamation. Specifically,

---

[3] "These publications [amendments] restate or otherwise reaffirm the same defamatory publications already at issue in this dispute and should be understood as arising from the same case and controversy. Indeed, the substance of several of these publications has been brought to this Court's attention in various filings since the time of Plaintiff's FAC. See e.g., Dkts. 53, 80, 97, 121.".

7

statements made on the September 14th and 15th 2022 Conservative Daily podcast related to Mike Lindell's FBI encounter at Hardees (Plaintiff's Ex. 2, ¶¶124-127), and the alleged statements made by Defendant on March 10, 2023 regarding this lawsuit (*Id*., ¶¶ 128-131). As a matter of law, these statements made by Joe Oltmann and Mike Lindell are not defamatory.

To state a claim for defamation under Colorado law, a plaintiff must allege facts plausibly establishing "(1) a defamatory statement concerning another; (2) published to a third party; (3) with fault amounting to at least negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special damages or the existence of special damages to the plaintiff caused by the publication." *Williams v. Dist. Court*, 866 P.2d 908, 911 n.4 (Colo. 1993). "Defamation is a communication that holds an individual up to contempt or ridicule thereby causing him to incur injury or damage," *Keohane v. Stewart*, 882 P.2d 1293, 1297 (Colo. 1994). "Statements of pure opinion are constitutionally protected – that is, they are not actionable defamation." *Lawson v. Stow,* 2014 COA 26, 327 P.3d, 348. "To be entitled to full constitutional protection, the statement must not contain a provably false factual connotation or, if it does, it must not be such that it could reasonably be interpreted as stating actual facts." *Lawson*, 327 P.3d at 348. Colorado courts employ a two-part framework to determine whether a statement is a protected statement of opinion. "First, the court must determine if the statement is sufficiently factual to be susceptible of being proved true or false." *Id*. (internal quotations removed). "Second, the court must determine whether reasonable people would conclude that the assertion is one of fact." *Id*. (internal quotations removed).

8

In this case, Mike Lindell's alleged statements quoted in ¶¶ 126-129 relating to views on Plaintiff's lawsuit against Defendants and Plaintiff's settlement with Newsmax are not actionable. Calling a party and his lawyers "criminals", for bringing a "frivolous" lawsuit cannot reasonably be interpreted as a factual statement of criminality, but rather to manifest Defendants' strong disagreement with the views and actions of an adverse party in litigation. This is a commonplace language of opinion. *See Old Dominion Branch No. 496 v. Austin*, 418 U.S. 264, 266 (1974) (use of the word "traitor" as applied to an employee who crossed a picket line, was "exaggerated rhetoric . . . commonplace in labor disputes."). Likewise, claiming a settlement deal was effectuated between Plaintiff and Newsmax, as a matter of law is not a damaging statement against Plaintiff. These additional alleged defamatory allegations that Plaintiff is attempting to add to his Complaint do not pass the motion to dismiss standard for a claim of defamation, *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992), and must be rejected.

In addition, Plaintiff's Proposed Second-Amended Complaint contains allegations that do not add any additional substance to Plaintiff's claim against Defendants. These allegations relate to Mike Lindell's encounter with the FBI and statements made by Mike Lindell in the heat of the moment related to the Court. (Plaintiff's Ex. 2, Proposed Second-Amended Complaint, at ¶¶ 124, 130). These allegations do not substantively amend Plaintiff's Complaint and serve no purpose under Federal Rules of Civil Procedure pleading standards. These allegations should not be allowed to be added to this lawsuit's pleadings in the closing stages of the litigation. *See Avatar Expl. v. Chevron U.S.A.*, 933

9

F.2d 314, 321 (5th Cir. 1991) (holding where the parties' proposed amendment to pleading provides no legal benefit to the movant the amendment is properly denied).

       3.      **Plaintiff's Motion to Amend the Complaint is Prejudicial to Defendants.**

Although a showing of prejudice is not required for the Court to deny a motion for leave to amend based upon undue delay, denial is also appropriate "[i]f the delay in amending results in prejudice to the opposing party." *Fed. Ins. Co. v. Gates Learjet Corp.,* 823 F.2d 383, 387 (10th Cir. 1987). Undue prejudice is the "most important factor in deciding a motion to amend the pleadings." *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1207 (10th Cir. 2006). Courts can find prejudice when the amendment unfairly affects the opposing party in terms of preparing their defense to the amendment. *Id*. at 1208. Prejudice in this context "means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party." *Taliaferro v. Kansas City, Kan.,* 128 F.R.D. 675, 678 (D. Kan. 1989) (citation omitted).

In this case, not only does the new pleading substantively expand the scope of the case, by adding additional defamatory causes of action, it also adds defamatory allegations for statements made by Joe Oltmann when his deposition has already occurred (on November 7, 2022 and December 16, 2022 respectively). This prejudices Defendants' ability to inquire on these additional statements in further depositions. If Plaintiff would have timely added these allegations to his Complaint, as required by Rule 15(a), the depositions in November and December 2022 could still have questioned Oltmann on these alleged statements.

10

Furthermore, until Plaintiff brought this motion, Tina Peters' purported involvement in this case significantly differed from what Plaintiff now claims. Plaintiff's First Amended Complaint does not claim any alleged defamatory statements connected to her. Allowing Plaintiff to add a new alleged defamer at the close of discovery is a further cause of prejudice to Defendants. Nearly all fact discovery and fact witness depositions have already occurred in this case, including, the critical depositions of Dr. Coomer, Defendant FrankSpeech, Defendant My Pillow, Defendant Frankspeech, and Joe Oltmann. If the Court grants Plaintiff's Motion to include the four new alleged defamatory statements, unless Defendants notice secondary depositions, Defendants would be forced to argue their dispositive motions and proceed to trial without the benefit of a comprehensive deposition record.

Additionally, discovery is outstanding on the operative complaint. Since the start of discovery until present, Plaintiff has refused to disclose (in any detail) the damages he is alleging for the statements and conduct at issue since he filed the First Amended Complaint in July 2022. In response to Defendants' multiple damage interrogatories, Rule 26 disclosures, and deposition questioning that asking Plaintiff to disclose his damages, Plaintiff refuses and claims he will only disclose damages in future expert reports. (*See* Def's Ex. 1, Pl's Resp. to Def. My Pillow's Interrog. No. 15; Ex. 2, Pl's Resp. to Def. Lindell's Interrog. No. 17; Ex. 3, Pl's Resp. to Def. FrankSpeech Interrog. Nos. 1, 2, and 3). Plaintiff improperly kicked all damages inquiry to the end of discovery, forcing Defendants to use this time period to further gather these facts for this purpose.  It is unclear how these forthcoming expert reports will quantify Plaintiff's alleged damages or how

11

those reports can do so consistent with Rule 26 (which requires them near the outset of the case). Even if Plaintiff's expert reports do provide the long overdue computation under Rule 26, Defendants anticipate significant discovery will need to be done on any newly claimed damages.

Plaintiff's delay in amending the Complaint unfairly affects Defendants preparation of their defense and must be rejected.

### C. Plaintiff Are not Entitled to Plead Exemplary Damages.

In Colorado, exemplary or punitive damages are available only by statute. *Stamp v. Vail Corp.,* 172 P.3d 437, 447 n.12 (Colo. 2007). Plaintiff motion to add exemplary damages is pursuant to Colo. Rev. Stat. § 13-21-102. Subsection (1)(a) of the statute provides:

> A claim for exemplary damages in an action governed by this section may not be included in any initial claim for relief. A claim for exemplary damages in an action governed by this section may be allowed by amendment to the pleadings only after the exchange of initial disclosures pursuant to rule 26 of the Colorado rules of civil procedure and the plaintiff establishes prima facie proof of a triable issue. After the plaintiff establishes the existence of a triable issue of exemplary damages, the court may, in its discretion, allow additional discovery on the issue of exemplary damages as the court deems appropriate.

Colo. Rev. Stat. § 13-21-102(15)(a). Exemplary or punitive damages are only appropriate if "the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct." Colo. Rev. Stat. § 13-21-102(1)(a). The statute defines "willful and wanton conduct" as "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others." Colo. Rev. Stat. § 13-21-102(1)(b). For exemplary damages to

be proper, the Court must find Plaintiff establishes prima facie evidence that a defendant purposefully behaved in a dangerous, heedless and reckless manner "without regard to consequences, or of the rights and safety of others." *Qwest Servs. Corp. v. Blood*, 252 P.3d 1071, 1081 (Colo. 2011). A determination of whether the plaintiff can claim for exemplary damages lies within the sound discretion of the trial court. *Ferrer v. Okbamicael*, 2017 CO 14M, 390 P.3d 836, 849 (Colo. 2017). A plaintiff must articulate "[a] reasonable likelihood that the issue will ultimately be submitted to the jury for resolution" to meet their burden of prima facie proof. *Leidholt v. Dist. Court in and for the City and Cnty. of Denver*, 619 P.2d 768, 771 (Colo. 1980).

Deliberateness or recklessness is a necessary element of a claim for defamation under Colorado law. *Zerr v. Johnson*, 894 F. Supp. 372, 376 (D. Colo. 1995) However, the import of "willfulness and wantonness" in the tort of defamation differs from that in C.R.S. § 13-21-102 by virtue of the target to which each is directed. *Id*. The question of how one could prove another "knowingly or recklessly" published a false statement about one is not the same as pursuing exemplary damages pursuant to Colo. Rev. Stat. § 13-21-102. *Id*. In the first instance (for defamation), the statement is published knowing it is false or wantonly indifferent to its falsity while in the second instance the publication is uttered with intent or reckless disregard to the injury it may cause. *See also Sergent v. Ulrich*, Civil Action No. 21-cv-00556-CMA-NRN, 2021 U.S. Dist. LEXIS 249440, at *6 (D. Colo. Dec. 15, 2021) (holding that the "willful and wanton" standard, requires that the actor act not only unlawfully, but with the intent to injure, or in conscious disregard of the probability that his acts would result in injury to the plaintiff.). In this case the standard is further

13

heightened, since, as ruled by the Court, the heightened "actual malice" standard applies to Plaintiff's defamation claim. (Dkt. 119, Order on Motion to Dismiss).

In this case, Plaintiff's primarily points to an April 8, 2022 email that Mike Lindell received in his inbox as his support for exemplary damages pursuant to Colo. Rev. Stat. § 13-21-102. First, Defendant has testified that the data was not requested, looked at, or even opened up. Willful actions or malicious intent by the sender of the email cannot be imputed to Defendants to bolster Plaintiff's claim. Because Plaintiff brings this motion at the close of discovery, the questions surrounding this email have already been resolved. Mike Lindell has testified that he does not remember receiving the email and testified it was unlikely that he personally responded to the email. Defendant's Ex. 4, My Pillow, Inc. Dep. 377:7-383:23. Mr. Lindell has also testified that he never asked for this document to be sent to him and had never seen the document before his deposition. *Id*., at 383:17-23.

Moreover, this evidence does not prove Defendants' caused Plaintiff injury with willful and wanton disregard as required by Colo. Rev. Stat. § 13-21-102(1)(a). This email was exchanged after any alleged statements of defamation, indeed right after Defendants were sued by Plaintiff. Any argued willful and wanton conduct that occurred after the injury of defamation cannot be used to show a state of mind for prior defamation as required by *Zerr v. Johnson*, 894 F. Supp. 372, 376 (D. Colo. 1995).

Plaintiff's request to amend the Complaint to add exemplary damages must be denied.

## IV.   CONCLUSION

The "basic aim" of allowing supplemental pleadings is to "achieve an orderly and fair administration of justice." *Griffin v. Cnty. Sch. Bd.*, 377 U.S. 218, 227 (1964). Plaintiff has failed to meet his burden to amend the Complaint pursuant to Federal Rules of Civil Procedure Rule 15 and 16. Plaintiff also fails to meet his prima facia burden pursuant to Colo. Rev. Stat. § 13-21-102 to pursue exemplary damages. Defendants respectfully request the Court deny Plaintiff's motion in its entirety.

### REQUEST FOR ORAL ARGUMENT

Defendants request oral argument on Plaintiff's Motion for Leave to File Second Amended Compliant. Should the Court grant Defendants' request, Defendants certify that they will be represented at oral argument by either Jessica L. Hays or Abraham S. Kaplan, both of whom have seven years of experience as an attorney.

DATED:  April 27, 2023            **PARKER DANIELS KIBORT LLC**

By: */s/ Abraham S. Kaplan*
Andrew D. Parker (MN Bar #195042)
Jesse H. Kibort (MN Bar #328595)
Ryan P. Malone (MN Bar #395795)
Abraham S. Kaplan (MN Bar #399507)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
malone@parkerdk.com
kaplan@parkerdk.com

DATED: April 27, 2023            THE REISCH LAW FIRM

By: */s/ Jessica L. Hays*
R. Scott Reisch, Atty. Reg. #: 26892
Jessica L. Hays, Atty. Reg. #: 53905
1490 W. 121st Avenue, Suite 202
Denver, CO 80234
Phone: (303) 291-0555
Fax: (720) 904-5797
Email: scott@reischalwfirm.com
         jessica@reischlawfirm.com


*Counsel for Defendants*

1

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of April, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

CAIN & SKARNULIS, PLLC

Charles J. Cain
Bradley A. Kloewer, #50565
P.O. Box 1064
Salida, Colorado 81201
ccain@cstrial.com

Bradley A. Kloewer
101 North F Street
Suite 207
Salida, CO 81201
bkloewer@cstrial.com


**Attorneys for Plaintiff**


                                        */s/ Abraham S. Kaplan*
                                        Abraham S. Kaplan