# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01129-NYW-SKC

ERIC COOMER, PH.D.,

    Plaintiff,

v.

MICHAEL J. LINDELL,
FRANKSPEECH LLC, and
MY PILLOW, INC.,

    Defendants.

## MINUTE ORDER

**Entered by Judge Nina Y. Wang**

This matter is before the Court on Plaintiff Dr. Eric Coomer's Objection to Third-Party CD Solutions Inc.'s Confidentiality Designations ("Objection to CD Solutions' Designations" or "Objection") [Doc. 113, filed February 24, 2023]. Third-Party CD Solutions, Inc. ("CD Solutions") filed a Response [Doc. 118] and Dr. Coomer filed a Reply [Doc. 121; Doc. 122].

Originally, Plaintiff's Objection to CD Solution's Designations [Doc. 113], his Reply [Doc. 121], and their respective exhibits were all filed under Level 1 restriction. By Order dated June 2, 2023, this Court directed Plaintiff to file redacted versions of his Objection and Reply. In addition, upon its review of the exhibits to Plaintiff's Objection and Reply that were filed under restriction, this Court finds that the majority of these filings should be unrestricted because they simply do not satisfy the requirements for restriction.

As previously discussed in detail, *see* [Doc. 148], there is a common law right of access to judicial records. *JetAway Aviation, LLC v. Bd. of Cnty. Comm'rs of Cnty. of Montrose*, 754 F.3d 824, 826 (10th Cir. 2014). Although the right is not absolute, there is a "strong presumption in favor of public access," and it can only be overcome where countervailing interests heavily outweigh the public interests in access—which are "presumptively paramount." *United States v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020) (quotations omitted).

Presumably, Dr. Coomer filed his Objection, Reply, and exhibits under restriction out of an abundance of caution[1] under a broad reading of the Protective Order that stated, at the time:

---

[1] While this Court appreciates the Parties' caution with respect to hewing to the Protective Order, this Court notes that the over-filing of documents as restricted causes the Court to expend limited resources that would be better utilized in other ways.

"Any pleading, brief, memorandum, motion, letter, affidavit, declaration, or other document filed with the Court that discloses, summarizes, describes, characterizes, or otherwise communicates Confidential or Attorneys' Eyes Only Discovery Materials (a "Confidential Filing") must be filed with the Court under seal in accordance with the Court's Local Rules and Electronic Case Filing Procedures." [Doc. 77 at ¶ 14]. But some of the filings clearly do not meet that standard. For instance, Exhibit 2 to the Objection is the subpoena to Max McGuire issued from this Court [Doc. 113-2] and Exhibit 4 to the Objection and Exhibit 15 to the Reply are public orders from the Denver District Court [Doc. 113-4; Doc. 121-15]. Exhibit 19 to the Reply is a public filing made by Joseph Oltmann in Denver District Court in *Coomer v. Donald J. Trump for President, Inc.*, Case No. 2020CV034319. [Doc. 121-19]. Public records of the Colorado Secretary of State [Doc. 121-11; Doc. 121-12; Doc. 121-17; Doc. 121-18]; and public records from the Delaware Division of Corporations [Doc. 121-16] that are accessible online also do not meet this definition. Not only are these documents public court documents, they do not appear to disclose, summarize, describe, characterize, or otherwise communication Confidential or Attorney's Eyes Only Discovery Materials.

In addition, certain restricted filings were previously publicly available and thus, cannot now be restricted. The Non-Disclosure Agreement between PIN and Mr. McGuire [Doc. 113-17] was previously filed publicly by CD Solutions as an exhibit to CD Solutions's Motion for Protective Order and is filed publicly as part of its Response to the Objection. *See* [Doc. 75-1; Doc. 118-2]. Mr. McGuire's prior statements made publicly, through social media or otherwise, are not confidential. [Doc. 113-20]. Similarly, public statements by Mr. Oltmann viewed by thousands [Doc. 121-2]; public tweets by Mr. Oltmann or others [Doc. 121-1; Doc. 121-3]; and public social media posts by third parties [Doc. 121-9] are not properly restricted.

Furthermore, communications between opposing counsel [Doc. 113-3] that discuss respective legal positions and do not disclose any specific Confidential or Attorney's Eyes Only information are neither private nor privileged, and do not merit public restriction (or any designation under the Protective Order).

Accordingly, **IT IS ORDERED** that:

(1) The Clerk of the Court will **UNRESTRICT** the following documents immediately: Doc. 113-2; Doc. 113-3; Doc. 113-4; Doc. 113-17; Doc. 113-20; Doc. 121-1; Doc. 121-2; Doc. 121-3; Doc. 121-9; Doc. 121-11; Doc. 121-12; Doc. 121-15; Doc. 121-16; Doc. 121-17; Doc. 121-18; and Doc. 121-19;

(2) With respect to the remaining documents, Dr. Coomer **SHALL MEET AND CONFER** with Third-Party CD Solutions and **JOINTLY FILE** a completed table **no later than June 9, 2023**:

| ECF No. | Document | Party Seeking Restriction/Opposed? | Moving Party's Position | Opposing Party's Position |
|---|---|---|---|---|
| [113-1] | Transcript (McGuire deposition) | | | |

| ECF No. | Document | Party Seeking Restriction/Opposed? | Moving Party's Position | Opposing Party's Position |
|---|---|---|---|---|
| [113-5] | Screenshot (Oltmann texts) | | | |
| [113-6] | Messages | | | |
| [113-7] | Messages | | | |
| [113-8] | Messages | | | |
| [113-9] | Messages | | | |
| [113-10] | Messages | | | |
| [113-11] | Messages | | | |
| [113-12] | Messages | | | |
| [113-13] | Messages | | | |
| [113-14] | Messages | | | |
| [113-15] | Messages | | | |
| [113-16] | Notes (McGuire deposition) | | | |
| [113-18] | Contract (Consulting Agreement) | | | |
| [113-19] | Correspondence and Notes (McGuire deposition) | | | |
| [113-21] | Transcript (Oltmann deposition) | | | |
| | | | | |
| [121-4] | Messages | | | |
| [121-5] | Messages | | | |
| [121-6] | Transcript (McGuire deposition) | | | |
| [121-7] | Transcript (Oltmann deposition) | | | |
| [121-8] | Screenshot (Camp texts) | | | |
| [121-10] | Property Records | | | |
| [121-13] | Messages | | | |
| [121-14] | Property Records | | | |

DATED:  June 6, 2023