IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 22-cv-01129-NYW-SKC

ERIC COOMER, PH.D.

    Plaintiff,

v.

MICHAEL J. LINDELL,
FRANKSPEECH LLC., and
MY PILLOW, INC.

    Defendants.

## JOINT TABLE REGARDING RESTRICTED DOCKET ENTRIES REQUIRED BY COURT MINUTE ORDER DOCKET 148

Plaintiff Dr. Eric Coomer, PhD. (Dr. Coomer), through counsel, and Defendants Michael J. Lindell, Frankspeech LLC, and My Pillow, Inc. (collectively Defendants), through counsel, file this Joint Table Regarding Restricted Docket Entries Required by Court Minute Order Docket 148. Where applicable, the parties have attached proposed redacted re-filings for the Court's review. The parties have also conferred regarding Plaintiff's Motion to Restrict Pursuant to D.C.Colo.LCivR 7.2 (ECF 144). The parties deem the Motion to Restrict as moot in light of the Court's Minute Order (ECF 148), the Amended Protective Order (ECF 149), and this Joint Table.

| ECF No. | Document | Party Seeking Restriction/Opposed? | Moving Party's Position | Opposing Party's Position |
|---|---|---|---|---|
| [87] | Motion for Leave to Provide Limited Scope Representation | None | | |
| | | | | |

1

| ECF No. | Document | Party Seeking Restriction/Opposed? | Moving Party's Position | Opposing Party's Position |
|---|---|---|---|---|
| [110] | Reply to Response to Motion to Compel | None. The parties have conferred and agree to remove filing restrictions on this document. | | |
| [110-1] | Screenshot (Oltmann texts) | None. The parties have conferred and agree to remove filing restrictions on this document. | | |
| [110-2][1] | Contract (Customer Service Agreement) | Defendants | The specific payment terms of this contract amount to commercially sensitive information, which is appropriate for designation as "Confidential Discovery Material" under Paragraph 1 of the Amended Protective Order. ECF 149. This document also contains phone numbers and email addresses unrelated to Plaintiff's reply brief and unnecessary for public disclosure. Defendants have proposed that to the extent this document is made publicly available, such commercially sensitive information is appropriately redacted. | Plaintiff has no objection to redaction of phone numbers or email addresses, but maintains that the significant commercial and financial ties between Defendants and Oltmann are highly relevant to this dispute, both factually and legally, and should therefore not be restricted. |

---

[1] *See* **Exhibit 1**, Defendants' proposed redactions to ECF 110-2.

2

| ECF No. | Document | Party Seeking Restriction/Opposed? | Moving Party's Position | Opposing Party's Position |
|---|---|---|---|---|
| [113] | Objections to CD Solutions Confidentiality Designations[2] | None. The parties have conferred and agree to remove filing restrictions on this document. | | |
| [121] | Reply to CD Solutions Response to Objections | None. The parties have conferred and agree to remove filing restrictions on this document. | | |
| [127] | Motion for Leave to Amend Complaint | None. The parties have conferred and agree to remove filing restrictions on this document. | | |
| [127-1] | Second Amended Complaint | None. The parties have conferred and agree to remove filing restrictions on this document. | | |
| [127-2] | Redline re Second Amended Complaint | None. The parties have conferred and agreed to remove filing restrictions on this document. | | |
| [127-3] | Transcript (Lindell deposition) | None. Defendants had not designated the excerpted portions of this transcript as confidential. | | |
| [127-4] | Transcript (Lindell deposition) | None.  Defendants had not designated the excerpted portions of this transcript as confidential. | | |

---

[2] Per the Court's Minute Order Regarding Restricted Docket Entries, the exhibits subject are the affirmative Objections [Doc. 113] and Reply [Doc. 121] will be addressed in a separate order.

3

| ECF No. | Document | Party Seeking Restriction/Opposed? | Moving Party's Position | Opposing Party's Position |
|---|---|---|---|---|
| [127-5] | Screenshot (Twitter) | None. Defendants had not designated the excerpted portions of this transcript as confidential. | | |
| [127-6] | Screenshot (messages) | Defendants | These messages contain commercially sensitive information, appropriate for designation as "Confidential Discovery Material" under Paragraph 1 of the Amended Protective Order. These messages also contain cellular phone numbers and an email address unnecessary for public disclosure. Defendants have proposed that to the extent this document is made publicly available, such information is redacted. | As noted elsewhere, Plaintiff has no objection to the redaction of personal email addresses or phone numbers, but maintains that the information contained in exhibit 6 speaks to the significant financial motive associated with Defendants' defamation against Plaintiff, as well as as the significant financial gain achieved by those defamatory publications. As a result, the information contained in exhibit 6 is both legally and factually relevant to this dispute, and should not be restricted. As the Court noted in its Minute Order, the Court is disinclined to seal materials upon which the parties predicate their arguments for relief. ECF 148, p. 9. |

| ECF No. | Document | Party Seeking Restriction/Opposed? | Moving Party's Position | Opposing Party's Position |
|---|---|---|---|---|
| [127-7] | Screenshot (messages) | Defendants | These messages contain commercially sensitive information, appropriate for designation as "Confidential Discovery Material" under Paragraph 1 of the Amended Protective Order. These messages also contain an email address unnecessary for public disclosure. Defendants have proposed that to the extent this document is made publicly available, such information is redacted. | See above. Plaintiff's position with respect to ECF 127-6 is equally applicable with respect to ECF 127-7. |
| [127-8] | Excel on USB [Doc.132] | Plaintiff | Plaintiff asserts that the information contained in the "Passwords" tab of the Excel spreadsheet presents a potential threat to election security across the country, as well as a significant commercial threat to multiple third parties not privy to the document's existence or its contents. As a result, this exhibit should not be publicly disclosed for any reason. | The parties have previously conferred on this matter. See ECF 135. Though Defendants disagree with Plaintiff's characterization of the Excel spreadsheet, Defendants do not oppose, and have not previously opposed, any filing restrictions Plaintiff seeks for that document. |
| [127-9] | Transcript (Lindell deposition) | None. Defendants had not designated the excerpted portions of this transcript has confidential. | | |

5

| ECF No. | Document | Party Seeking Restriction/Opposed? | Moving Party's Position | Opposing Party's Position |
|---|---|---|---|---|
| [135] | Motion for Leave to Disclose Documents | None. The parties have conferred and agree to remove filing restrictions on this document. | | |
| [135-1] | Excel on USB [Doc.139] | Plaintiff | See above. Plaintiff's position with respect to ECF 127-8 is equally applicable with respect to ECF 135-1. | Defendants' position with respect to ECF 127-8 is also applicable with respect to ECF 135-1. |
| [135-2][3] | Email (Lindell-Herring) | Defendants | These messages contain email addresses unnecessary for public disclosure. Following a meet-and-confer, Defendants have proposed that to the extent this document is made publicly available, such information is redacted. | Plaintiff does not object to the redaction of personal email addresses, but believes the correspondence itself is both factually and legally significant, and should, therefore, not be restricted. |
| [136] Ex. 1 | Responses to MyPillow Interrogatories | None. The parties have conferred and agree to remove filing restrictions on this document. | | |
| [136] Ex. 2 | Responses to Lindell Interrogatories | None. The parties have conferred and agree to remove filing restrictions on this document. | | |
| [136] Ex. 3 | Responses to FrankSpeech Interrogatories | None. The parties have conferred and agree to remove filing restrictions on this document. | | |

---

[3] *See* **Exhibit 2**, Defendants' proposed redactions to ECF 135-2.

DATED:  June 9, 2023

| */s/ Charles J Cain* | */s/ Ryan P. Malone* |
|---|---|
| Charles J. Cain, No. 51020 | Andrew D. Parker, MN # 195042 |
| ccain@cstrial.com | parker@parkerdk.com |
| Bradley A. Kloewer, No. 50565 | Abraham S. Kaplan, MN #399507 |
| bkloewer@cstrial.com | kaplan@parkerdk.com |
| Steve Skarnulis | Ryan P. Malone, MN Bar # 395795 |
| skarnulis@cstrial.com | malone@parkerdk.com |
| Zachary H. Bowman | Jesse H. Kibort, MN # 328595 |
| zbowman@cstrial.com | kibort@parkerdk.com |
| **Cain & Skarnulis PLLC** | **Parker Daniels Kibort LLC** |
| P. O. Box 1064/101 N. F Street, Suite 207 | 888 Colwell Building |
| Salida, Colorado 81201 | 123 N. Third Street |
| and | Minneapolis, Minnesota 55401 |
| 303 Colorado Street, Suite 2850 | 612-355-4100 |
| Austin, Texas 78701 | 612-355-4101—Facsimile |
| 719-530-3011/512-477-5011 (Fax) | **ATTORNEYS FOR DEFENDANTS** |
| | |
| Thomas J. Rogers III, No. 28809 | |
| trey@rklawpc.com | |
| Mark Grueskin, No. 14621 | |
| mark@rklawpc.com | |
| **RechtKornfeld PC** | |
| 1600 Stout Street, Suite 1400 | |
| Denver, Colorado 80202 | |
| 303-573-1900 | |
| **ATTORNEYS FOR PLAINTIFF** | |