**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-01129-NYW-SKC

ERIC COOMER, PhD.,

      Plaintiff

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC,
AND MY PILLOW, INC.,

      Defendants

---

**JOINT SUBMISSION REGARDING CERTAIN RESTRICTED FILINGS**

---

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

    Plaintiff Dr. Eric Coomer, PhD. (Dr. Coomer), by and through counsel, and Third-Party

CD Solutions, Inc., by and through counsel, and pursuant to the Court's Minute Order issued on

June 6, 2023 [Dkt. 156], submit the following table regarding certain restricted filings:

| ECF No. | Document | Party Seeking Restriction/Opposed? | Moving Party's Position | Opposing Party's Position |
|---|---|---|---|---|
| 113-5 | Screenshot (Oltmann texts) | Defendants had previously asserted confidentiality over this document, but have withdrawn that assertion. Neither Plaintiff nor third party CDS seek restriction of this document. | | |
| 113-6 | Messages | CDS | These non-public messages are between two CDS employees. Taken as a whole document, this | CDS has no standing to assert confidentiality designations in this matter.[1] At no point |

---

[1] *S.E.C. v. Dowdell*, 144 Fed. Appx. 716, 722 (10th Cir. 2005). "Our precedent clearly states that 'the correct procedure for a nonparty to challenge a protective order is through intervention for that purpose.'" *Id*., (*citing United Nuclear Corp. v. Cranford Ins. Co*., 905 F.2d 1424, 1427 (10th Cir. 1990); *SEC v. Tucker*, 130 F.R.D. 461, 462 (S.D. Fla.

| ECF No. | Document | Party Seeking Restriction/Opposed? | Moving Party's Position | Opposing Party's Position |
|---|---|---|---|---|
| | | | exchange includes proprietary business information, competitively sensitive information, and other information which would be detrimental to the conduct of CDS's business and is restricted under the Court's Protective Order. | have they moved to intervene in this case, nor have they provided either Plaintiff or the Court with an explanation for their failure to do so.  CDS is not a producing party and was not previously and is not now in possession of many of the communications they seek to restrict other than by virtue of the production by Mr. McGuire. It is therefore not entitled to any protection here. The producing party, McGuire, has not asserted any confidentiality designations with respect to any of this material. As argued in ECF 113 and ECF 121, Plaintiff maintains that these communications are not subject to either NDA, nor do they constitute trade secrets within the meaning of either C.R.S. § 7-74-102(4) or the factors that this Court must apply in making such an assessment.  *See Porter Indus., Inc. v. Higgins*, 680 P.2d 1339 (Colo. App. 1984). |

1990) (holding that third-party may not move for Rule 26(c) protective order when movant is not a party to the underlying action, has not intervened, and is not the party from whom discovery is sought); *see also* F.R.C.P. 26(c)(1)(G) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending") (emphasis added).

| ECF No. | Document | Party Seeking Restriction/Opposed? | Moving Party's Position | Opposing Party's Position |
|---|---|---|---|---|
| | | | | CDS' blanket invocation of confidentiality remains improper, and unsupportable pursuant to this Court's recent Minute Orders [*See* Dkts. 148, 156]. CDS has acknowledged familiarity with this Court's orders disfavoring restriction, but has made no concessions with respect to its broad designations here.<br><br>With respect to this specific document, it is clearly a personal exchange between McGuire and Oltmann that took place after McGuire's employment with CDS had indisputably ceased. |
| 113-7 | Messages | CDS | These non-public messages are between two CDS employees. Taken as a whole document, this exchange includes proprietary business information, competitively sensitive information, and other information which would be detrimental to the conduct of CDS' s business and is restricted under the Court's Protective Order. | See above. Plaintiff's response with respect to ECF 113-6 is equally applicable to ECF 113-7.<br><br>With respect to this specific document, neither McGuire nor Hammerling are still employed by CDS. There is no indication that Mr. Hammerling is or ever was bound by any alleged NDA, and both McGuire and Hammerling have made public statements regarding many of the matters addressed in these 1,128 pages of text messages. |

| ECF No. | Document | Party Seeking Restriction/Opposed? | Moving Party's Position | Opposing Party's Position |
|---|---|---|---|---|
| 113-8 | Messages | CDS | These non-public messages are between two CDS employees. Taken as a whole document, this exchange includes proprietary business information, competitively sensitive information, and other information which would be detrimental to the conduct of CDS' s business and is restricted under the Court's Protective Order. | See above.  Plaintiff's response with respect to ECF 113-6 is equally applicable to ECF 113-8. |
| 113-9 | Messages | CDS | These non-public messages are between two CDS employees. Taken as a whole document, this exchange includes proprietary business information, competitively sensitive information, and other information which would be detrimental to the conduct of CDS' s business and is restricted under the Court's Protective Order. | See above.  Plaintiff's response with respect to ECF 113-6 is equally applicable to ECF 113-9.  With respect to this specific document, neither McGuire nor Hammerling are still employed by CDS. There is no indication that Mr. Hammerling is or ever was bound by any alleged NDA, and both McGuire and Hammerling have made public statements regarding many of the matters addressed in these 44 pages of text messages. |
| 113-10 | Messages | CDS | These non-public messages are between two CDS employees. Taken as a whole document, this exchange includes proprietary business information, competitively sensitive information, and other information which | See above.  Plaintiff's response with respect to ECF 113-6 is equally applicable to ECF 113-10.  With respect to this specific document, neither McGuire nor Hammerling are still employed by CDS. |

| ECF No. | Document | Party Seeking Restriction/Opposed? | Moving Party's Position | Opposing Party's Position |
|---|---|---|---|---|
| | | | would be detrimental to the conduct of CDS's business and is restricted under the Court's Protective Order. | There is no indication that Mr. Hammerling is or ever was bound by any alleged NDA, and both McGuire and Hammerling have made public statements regarding many of the matters addressed in this document.<br><br>This document also includes a variety of screenshots of social media posts. The Court has expressly held that social media posts are not subject to protection. *See* Dkt. 148, p. 6; *see also* Dkt. 149 ¶ 1. |
| 113-11 | Messages | CDS | These non-public messages are between two CDS employees. Taken as a whole document, this exchange includes proprietary business information, competitively sensitive information, and other information which would be detrimental to the conduct of CDS's business and is restricted under the Court's Protective Order. | See above.  Plaintiff's response with respect to ECF 113-6 is equally applicable to ECF 113-11.<br><br>With respect to this specific document, neither McGuire nor Hammerling are still employed by CDS. There is no indication that Mr. Hammerling is or ever was bound by any alleged NDA, and both McGuire and Hammerling have made public statements regarding many of the matters addressed in this document.<br><br>This document also includes a variety of screenshots of social media posts. The Court has expressly held that social media |

| ECF No. | Document | Party Seeking Restriction/Opposed? | Moving Party's Position | Opposing Party's Position |
|---|---|---|---|---|
| | | | | posts are not subject to protection. *See* Dkt. 148, p. 6; *see also* Dkt. 149 ¶ 1. |
| 113-12 | Messages | CDS | These non-public messages are between two CDS employees. Taken as a whole document, this exchange includes proprietary business information, competitively sensitive information, and other information which would be detrimental to the conduct of CDS' s business and is restricted under the Court's Protective Order. | See above.  Plaintiff's response with respect to ECF 113-6 is equally applicable to ECF 113-12.<br><br>With respect to this specific document, neither McGuire nor Hammerling are still employed by CDS. There is no indication that Mr. Hammerling is or ever was bound by any alleged NDA, and both McGuire and Hammerling have made public statements regarding many of the matters addressed in these messages.<br><br>This document also includes several pages of text messages with McGuire's own mother, which CDS concedes elsewhere are not subject to protection. |
| 113-13 | Messages | CDS | These non-public messages are between two CDS employees. Taken as a whole document, this exchange includes proprietary business information, competitively sensitive information, and other information which would be detrimental to the conduct of CDS' s business and is restricted under the | See above.  Plaintiff's response with respect to ECF 113-6 is equally applicable to ECF 113-13.<br><br>With respect to this specific document, neither McGuire nor Hammerling are still employed by CDS. There is no indication that Mr. Hammerling is or ever was bound by any alleged NDA, and both McGuire and |

| ECF No. | Document | Party Seeking Restriction/Opposed? | Moving Party's Position | Opposing Party's Position |
|---|---|---|---|---|
| | | | Court's Protective Order. | Hammerling have made public statements regarding many of the matters addressed in these messages. |
| 113-14 | Messages | No party seeks restriction of ECF 113-14. | | |
| 113-15 | Messages | CDS | These non-public messages are between two CDS employees. Taken as a whole document, this exchange includes proprietary business information, competitively sensitive information, and other information which would be detrimental to the conduct of CDS' business and is restricted under the Court's Protective Order. | See above. Plaintiff's response with respect to ECF 113-6 is equally applicable to ECF 113-15.

With respect to this specific document, neither McGuire nor Hammerling are still employed by CDS. There is no indication that either Mr. Hammerling or Mr. Sawarynski are or ever were bound by any alleged NDA, and both McGuire and Hammerling have made public statements regarding on many of the matters addressed in these messages. |
| 113-16 | Notes (McGuire deposition) | CDS | As the testimony of a third-party pursuant to the Protective Order, ¶5b, this testimony includes proprietary business information, competitively sensitive information, and other information which would be detrimental to the conduct of CDS' business and is restricted under the Court's Protective Order. | See above. Plaintiff's response with respect to ECF 113-6 is equally applicable to ECF 113-16.

In its Response to Plaintiff's Objections, Dkt. 118, CDS attached a complete and unredacted copy of the McGuire deposition. That document has now been publicly available for over three months, and |

| ECF No. | Document | Party Seeking Restriction/Opposed? | Moving Party's Position | Opposing Party's Position |
|---|---|---|---|---|
| | | | | remains so today. Pursuant to this Court's Orders, "Discovery Material that has been publicly disclosed … may not be designated "Confidential Discovery Material."" *See* Dkt. 148, p. 6; *see also* Dkt. 149 ¶ 1.<br><br>As a result, neither this document nor the corresponding transcript are subject to protection. |
| 113-18 | Contract (Consulting Agreement) | No party seeks restriction of ECF 113-18. | | |
| 113-19 | Correspondence and Notes (McGuire deposition0 | CDS | As the testimony of a third-party pursuant to the Protective Order, ¶5b, this testimony includes proprietary business information, competitively sensitive information, and other information which would be detrimental to the conduct of CDS' s business and is restricted under the Court's Protective Order. | See above. Plaintiff's response with respect to ECF 113-6 is equally applicable to ECF 113-19.<br><br>See also Plaintiff's response to 113-16, above. |
| 113-21 | Transcript (Oltmann deposition) | Both Plaintiff and CDS | As the testimony of a third-party pursuant to the Protective Order, ¶5b, this testimony includes proprietary business information, competitively sensitive information, and other information which would be detrimental to the conduct of CDS' s business and is restricted under the Court's Protective Order. | See above. Plaintiff's response with respect to ECF 113-6 is equally applicable to ECF 113-21.<br><br>Plaintiff requests to leave the testimony contained in this transcript at 13:23-24 subject to confidentiality, and can provide an appropriately redacted copy for refiling. |

| ECF No. | Document | Party Seeking Restriction/Opposed? | Moving Party's Position | Opposing Party's Position |
|---|---|---|---|---|
| | | | | Plaintiff's counsel stipulated on the record with third party Oltmann that this residential address would be subject to the protective order. The remainder of the transcript should be publicly available.

Plaintiff objects to CDS' attempt to assert any confidentiality over this transcript. The deposition of Joseph Oltmann occurred on Dec. 16, 2022. Pursuant to the protective order, any confidentiality designations had to be made within 15 days of receipt of the transcript. Furthermore, a copy of this transcript was attached as an exhibit to Dkt. 97, and has been publicly available for months. |
| 121-4 | Messages | No party seeks restriction of ECF 121-4. | | |
| 121-5 | Messages | CDS | These non-public messages are between two CDS employees. Taken as a whole document, this exchange includes proprietary business information, competitively sensitive information, and other information which would be detrimental to the conduct of CDS' s business and is restricted under the Court's Protective Order. | See above. Plaintiff's response with respect to ECF 113-6 is equally applicable to ECF 121-5. |

| ECF No. | Document | Party Seeking Restriction/Opposed? | Moving Party's Position | Opposing Party's Position |
|---|---|---|---|---|
| 121-6 | Transcript (McGuire deposition) | | As the testimony of a third-party pursuant to the Protective Order, ¶5b, this testimony includes proprietary business information, competitively sensitive information, and other information which would be detrimental to the conduct of CDS' s business and is restricted under the Court's Protective Order | See above.  Plaintiff's response with respect to ECF 113-6 is equally applicable to ECF 121-6.  See also Plaintiff's response to 113-16, which Plaintiff similarly incorporates by reference. |
| 121-7 | Transcript (Oltmann deposition) | Both Plaintiff and CDS. | As the testimony of a third-party pursuant to the Protective Order, ¶5b, this testimony includes proprietary business information, competitively sensitive information, and other information which would be detrimental to the conduct of CDS' s business and is restricted under the Court's Protective Order | See above. Plaintiff's response with respect to ECF 113-21 is equally applicable to ECF 121-7. |
| 121-8 | Screenshot (Camp texts) | Plaintiff | Plaintiff requests only redaction of Charlie Cain's personal cell phone number, and can provide an appropriately redacted copy of ECF 121-8 upon request.  This information is not in any way relevant to this dispute, but could give rise to harassment if publicly available. The remainder of the document should be public. | |
| 121-10 | Property Records | Plaintiff | See above. See above. Plaintiff's response with respect to ECF 113-21 is equally | |

| ECF No. | Document | Party Seeking Restriction/Opposed? | Moving Party's Position | Opposing Party's Position |
|---------|----------|-----------------------------------|-------------------------|---------------------------|
| | | | applicable to ECF 121-10.<br><br>Plaintiff acknowledges that this document is publicly available, but believes the address on this document should be redacted in keeping with the stipulation made with respect to the residential address described above in 13:23-24 of the Oltmann deposition. | |
| 121-13 | Messages | No party seeks restriction of this document. | | |
| 121-14 | Property Records | No party seeks restriction of this document. | | |

Respectfully submitted this 9th day of June 2023.

| /s/ Brad Kloewer | /s/ Daniel R. Coombe |
|---|---|
| Charles J. Cain, No. 51020<br>ccain@cstrial.com<br>Bradley A. Kloewer, No. 50565<br>bkloewer@cstrial.com<br>Steve Skarnulis<br>skarnulis@cstrial.com<br>Zachary H. Bowman<br>zbowman@cstrial.com<br>**Cain & Skarnulis PLLC**<br>P. O. Box 1064/101 N. F Street, Suite 207<br>Salida, Colorado 81201<br>and<br>303 Colorado Street, Suite 2850<br>Austin, Texas 78701<br>719-530-3011/512-477-5011 (Fax)<br><br>Thomas J. Rogers III, No. 28809<br>trey@rklawpc.com<br>Mark Grueskin, No. 14621<br>mark@rklawpc.com<br>**RechtKornfeld PC**<br>1600 Stout Street, Suite 1400<br>Denver, Colorado 80202<br>303-573-1900<br>**ATTORNEYS FOR PLAINTIFF** | Daniel R. Coombe, No. 36294<br>coombe@ccrjlaw.com<br>Gregory Robert Schroer, No. 36811<br>schroer@ccrjlaw.com<br>**Coombe Curry Rich and Jarvis**<br>2000 South Colorado Boulevard<br>Tower II, Suite 1050<br>Denver, Colorado 80222<br>303-529-9275<br>**ATTORNEY FOR THIRD-PARTY**<br>**CD SOLUTIONS, INC.** |