**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-01129-NYW-SKC

ERIC COOMER, PH.D.,

      Plaintiff,

v.

MICHAEL J. LINDELL, FRANKSPEECH
LLC, AND MY PILLOW, INC.,

      Defendants.

---

**DEFENDANTS' RESPONSE TO PLAINTIFF'S**
**MOTION FOR EXTENSION OF TIME IN WHICH TO COMPLETE**
**DISCOVERY AND LEAVE TO EXCEED NUMBER OF DEPOSITIONS**

---

      Defendants Michael J. Lindell, FrankSpeech LLC, and My Pillow, Inc. (collectively, "Defendants") hereby respond to Plaintiff's Motion for Extension of Time in Which to Complete Discovery and Leave to Exceed Number of Depositions (Doc. 162) ("Motion").

## <u>INTRODUCTION</u>

      Plaintiff's Motion is partially opposed because Plaintiff should not be granted leave to exceed 10 depositions. Plaintiff acknowledges the Court must grant leave for him to take more than 10 depositions, yet fails to provide the Court with good cause to do so. Defendants agree that the Court should extend the discovery deadline to permit the parties

1

to depose witnesses who either challenged their subpoena or have been unavailable. Defendants respectfully request that the Court deny the rest of Plaintiff's Motion.

## ARGUMENT

As Plaintiff notes in the Motion, the standard for "good cause" to amend is the diligence demonstrated by the moving party in attempting to meet the Court's deadlines. (Mot., p. 2) (citing *Colorado Visionary Academy v. Medtronic, Inc*., 194 F.R.D. 684, 687 (D. Colo. 2000)). Defendants do not dispute the parties have generally acted with diligence to meet the Court's deadlines. (Mot., pp. 3, 6). Good cause exists to amend the Scheduling Order to allow for third-party discovery the parties have sought – but will not be able to obtain – before the current deadline. This includes Dr. Halderman's deposition, as he will be out of the country until that deadline. (Mot., p. 4). It certainly also includes the depositions of Christopher Ruddy, Dennis Montgomery, and the Dominion corporate representative, which are subject to pending motions. (Mot., p. 5; Defendants' Motion to Compel Deposition of Dennis Montgomery (attached as Exhibit 1); Christopher Ruddy's Motion to Quash Subpoenas for Deposition (Doc. 162-1); Minute Order (Doc. 133)).

Under Rule 16(b), however, Plaintiff has not shown good cause to amend the Scheduling Order's 10-deposition limit. Plaintiff simply indicates he "still requires the depositions of Defendants' experts" (Mot., p. 4), while providing no basis for that requirement and no reason for the Court to grant leave. "Good cause to modify the Scheduling Order and substantially increase the number of depositions beyond ten cannot be shown merely by demonstrating that many people could have discoverable information." *MedCorp, Inc. v. Pinpoint Techs., Inc*., Civil Action No. 08-cv-00867-MSK-

KLM, 2008 U.S. Dist. LEXIS 104421, at *4 (D. Colo. Dec. 12, 2008) (citing *Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 692 (D. Kan. 1996) ("The mere fact that many individuals may have discoverable information does not necessarily entitle a party to depose each such individual.").

In addition to being set by the Scheduling Order, 10 is also the presumptive deposition limit under Rule 30. Fed. R. Civ. P. 30(a)(2)(A)(i). "If a party wishes to take more than 10 depositions, leave of Court is required. This provision reflects the parties' 'professional obligation to develop a mutual cost-effective plan for discovery.'" *United States v. Springer,* No. 08-CV-278-TCK-PJC, 2009 U.S. Dist. LEXIS 155069, at *7 (N.D. Okla. Feb. 24, 2009) (quoting Fed. R. Civ. P. 30 advisory committee's notes, 1993 amendments). Under Rule 30, when a party seeks leave of court to obtain further depositions, "the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2)(A)(i). Rule 26 provides that:

> …Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit…
>
> …On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(1)-(2).

Within this framework, "[a] party seeking leave to take more than 10 depositions must make a 'particularized showing of why the discovery is necessary.'" *Springer*, 2009 U.S. Dist. LEXIS 155069, at *8 (quoting *Archer Daniels Midland Co. v. Aon Risk Services, Inc.*, 187 F.R.D. 578, 586 (D. Minn. 1999)).

Plaintiff has not yet attempted to make a particularized showing of why he needs 12 depositions in this case. *Id. See also Lloyd v. Valley Forge Life Ins. Co.,* No. C06-5325 FDB, 2007 U.S. Dist. LEXIS 40526, 2007 WL 906150, at *2 (W.D. Wash. Mar. 23, 2007) ("A party seeking to exceed the presumptive number of depositions must make a particularized showing of why the discovery is necessary"); *Ocean Garden Prod. Inc. v. Blessings Inc.,* No. CV-18-00322-TUC-RM, 2020 U.S. Dist. LEXIS 18755, 2020 WL 570947, at *2 (D. Ariz. Feb. 5, 2020) ("The party moving to exceed the presumptive ten-deposition limit has the burden to demonstrate good cause for doing so") (quotations and citation omitted).

The nine depositions Plaintiff has already taken have commanded considerable resources from the parties. Two depositions beyond the current limit will further deviate from the "mutual cost-effective plan for discovery" to which the parties have agreed. Fed. R. Civ. P. 30 advisory committee's notes, 1993 amendments. Defendants should not bear the costs of further discovery where several prior deponents had little, if any, personal

knowledge of this litigation or its central issues. Plaintiff alludes in the Motion to the pending Motion to Compel against Tina Peters (Doc. 97) as another possible reason to extend the discovery deadline. (Mot., p. 6). Though Defendants take no position on the specific relief sought by that motion (Doc. 102), Ms. Peters's deposition, as well as several others, simply did not need to be taken in this case. As noted, "[t]he mere fact that many individuals may have discoverable information does not necessarily entitle a party to depose each such individual." *Dixon*, 164 F.R.D. at 692. Even if Ms. Peters, or for that matter Harri Hursti, Max McGuire, Joshua Merritt, or Brannon Howse each had "discoverable information" in the broadest sense of the term, Plaintiff offers no explanation why these depositions were so essential that Plaintiff cannot adhere to the presumptive limit.

Moreover, Plaintiff still has one deposition remaining under the Scheduling Order. Plaintiff has indicated the intent to use that deposition on Mr. Lindell, who has already offered extensive testimony detailing his knowledge, statements, and beliefs about Plaintiff and his former employer. If Plaintiff deems it necessary to depose him again, rather than Mr. Kent or Mr. Bremer, then that is Plaintiff's prerogative. *See, e.g., Grynberg v. Total S.A.,* No. 03-cv-01280-WYD-BNB, 2006 U.S. Dist. LEXIS 28854, at *17 (D. Colo. May 3, 2006) (nature of the Federal Rules require litigants to "determine the priorities of discovery") (quoting *Hilt v. SFC Inc*., 170 F.R.D. 182, 187 (D. Kan. 1997)).

Plaintiff almost certainly disagrees with Defendants as to the value of each deponent's testimony, but it is Plaintiff's burden to articulate that value to the Court.

Plaintiff did meet this burden through his Motion, which shows no cause to exceed the deposition limits of the Scheduling Order and Rule 30.

Even if Plaintiff had shown good cause to take 12 depositions, which he has not, Plaintiff has not shown that he should also be granted additional time to do so. When a court is asked to amend its scheduling order, the primary inquiry is whether the moving party demonstrated diligence in attempting to meet the Court's deadlines. *See Colorado Visionary Academy,* 194 F.R.D. at 687. With respect to taking depositions of Defendants' experts,[1] Plaintiff has not and cannot make that demonstration.

Plaintiff has been aware of the Scheduling Order's deposition limit since it was issued July 7 of last year. (Doc. 32). At Plaintiff's request, the expert disclosure deadlines were twice postponed, and the limit on testifying experts was expanded from two to three per side. (Doc. 92, 93, 103, 106). Plaintiff has known since no later than February 21 that the rebuttal expert disclosure deadline was June 6, a month before the end of discovery. (Doc. 106). Plaintiff has served no notice of deposition for Defendants' rebuttal experts, nor was it otherwise communicated prior to this Motion that Plaintiff would require these depositions. (Mot., p. 4). Should Plaintiff confirm that Mr. Bremer or Mr. Kent will be Plaintiff's final deposition witness, Defendants will, of course, work with the witness and with Plaintiff to coordinate that deposition.

---

[1] Defendants reiterate the parties have generally acted with great diligence to attempt to meet the Court's deadlines in this action. *See supra,* p. 2. Defendants only and respectfully contest that diligence as it relates to rebuttal expert depositions.

## <u>CONCLUSION</u>

Defendants partially join Plaintiff's Motion because good cause exists to allow depositions sought before the current discovery deadline. Plaintiff has not shown good cause to amend the Scheduling Order in any other respect, including to exceed the number of depositions allotted to the parties. Plaintiff's Motion therefore should be granted in part and denied in part.

DATED:  June 23, 2023

**PARKER DANIELS KIBORT LLC**

By: */s/* Ryan P. Malone
Andrew D. Parker (MN Bar #195042)
Jesse H. Kibort (MN Bar #328595)
Ryan P. Malone (MN Bar #395795)
Abraham S. Kaplan (MN Bar #399507)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
kibort@parkerdk.com
malone@parkerdk.com
kaplan@parkerdk.com

**ATTORNEYS FOR DEFENDANTS**