# EXHIBIT 1

Case No. 1:22-cv-01129-NYW-SKC   Document 164-1   filed 06/23/23   USDC Colorado   pg 2
of 12
Case 2:23-cv-00445   Document 1   Filed 06/19/23   Page 1 of 11 PageID 1

# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

|  |  |
|---|---|
| ERIC COOMER, PH.D.,<br><br>              Plaintiff,<br><br>v.<br><br>MICHAEL J. LINDELL,<br>FRANKSPEECH LLC, and MY<br>PILLOW, INC.<br><br>              Defendants. | Misc. Case No.:<br>_____<br><br>Underlying action pending in, and subpoena issued by, the United States District Court for the District of Colorado, Case No. 1:22-cv-01129-NYW-SKC |

**MOTION TO COMPEL COMPLIANCE WITH DEPOSITION SUBPOENA
TO NON-PARTY DENNIS MONTGOMERY,
AND INCORPORATED MEMORANDUM OF LAW
(Fed. R. Civ. P. 45(g))**

Case No. 1:22-cv-01129-NYW-SKC   Document 164-1   filed 06/23/23   USDC Colorado   pg 3
of 12
Case 2:23-cv-00445   Document 1   Filed 06/19/23   Page 2 of 11 PageID 2

Michael J. Lindell ("Lindell") and My Pillow, Inc. ("MyPillow") (collectively, "Defendants"), by and through their attorneys, respectfully move this Court to issue an order compelling non-party Dennis Montgomery to comply with a deposition subpoena dated May 11, 2023.

## INTRODUCTION

Defendants have been sued in an action pending in the United States District Court for the District of Colorado. On May 11, 2023, counsel for Defendants issued a subpoena to Dennis Montgomery commanding him to appear for deposition on June 20, 2023 at a location in this District. Counsel for Mr. Montgomery informed Defendants' counsel that Mr. Montgomery would not appear as commanded without a further court order "pursuant to a motion or motions to compel." Mr. Montgomery then confirmed his refusal to appear for deposition as commanded, without filing any objections to the subpoena or moving to quash it. Defendants now bring this motion to compel his deposition testimony.

## STATEMENT OF FACTS

Defendants are parties to a diversity action pending in the United States District Court for the District of Colorado (the "Issuing Court"), titled *Coomer v. Lindell et al.,* Case No. 1:22-cv-01129-NYW-SKC (the "Coomer Action").

2

Case No. 1:22-cv-01129-NYW-SKC   Document 164-1   filed 06/23/23   USDC Colorado   pg 4
of 12
Case 2:23-cv-00445   Document 1   Filed 06/19/23   Page 3 of 11 PageID 3

Declaration of Andrew Parker ¶ 2 & Ex. 1. In the Coomer Action, the Plaintiff is a former Director of Product Strategy and Security for Dominion Voting Systems, Inc. *Id*. ¶ 2. The Plaintiff claims that, following the 2020 election, Defendants defamed him through statements made by Defendant Lindell that allegedly "falsely assert Dr. Coomer has participated in a conspiracy that undermined the integrity of the election; disenfranchised millions of voters; and fraudulently elected the president of the United States. Defendants falsely allege Dr. Coomer accomplished this through fraudulent business practices as an employee of Dominion." *Id.* Ex. 1 ¶ 119. Among the material issues in the Coomer Action is whether Mr. Lindell believed or should have believed due to inherent implausibility those statements to be false when he made them. *Id.* ¶ 120. In part, Mr. Lindell relied on information he received or learned about from Dennis Montgomery, when he made statements that Plaintiff Eric Coomer asserts as a basis for claims against Mr. Lindell. Decl. of Michael Lindell ¶ 2.

On May 11, 2023, Defendants' counsel issued a subpoena commanding Mr. Montgomery to appear for deposition in the Coomer Action on June 20, 2023 (the "Subpoena"). Parker Decl. ¶ 3 & Ex. 2. The address where the Subpoena commands Mr. Montgomery to appear is in Naples, Florida (the "Place of Compliance"). *Id.*

Defendants' counsel had previously been instructed by Mr. Montgomery's

3

attorney, Patrick McSweeney, that the Subpoena could be served upon Mr. Montgomery by emailing a copy of the Subpoena to Mr. McSweeney. *Id.* ¶ 4. On May 11, 2023, Defendants' counsel caused the Subpoena to be sent by email to McSweeney. *Id.* ¶ 4 & Ex. 3. There is no dispute regarding proper service in this matter.

On May 16, 2023, Mr. McSweeney informed Defendants' counsel that Mr. Montgomery would not appear for the deposition unless he was compelled to do so by court order. *Id.* ¶ 5 & Ex. 4.

Mr. Montgomery has served no objections to the Subpoena and has not filed a motion to quash or a motion for a protective order with the Issuing Court. *Id.* ¶ 6. To the knowledge of Defendants' counsel, Mr. Montgomery has not filed any motion regarding the Subpoena with any court. *Id.*

Plaintiff in the Coomer Action has not objected to the Subpoena, and Plaintiff's counsel has cooperated with Defendants' counsel in attempting to schedule Mr. Montgomery's deposition. *Id.* ¶ 7.

The Place of Compliance for the Subpoena is within this District. *Id.* ¶ 8. The Place of Compliance is within 100 miles of Mr. Montgomery's residence. *Id.*

Defendants also inform the Court that there are additional related subpoenas that Defendants have directed to Mr. Montgomery in this case and in other similar

4

Case No. 1:22-cv-01129-NYW-SKC   Document 164-1   filed 06/23/23   USDC Colorado   pg 6
of 12
Case 2:23-cv-00445   Document 1   Filed 06/19/23   Page 5 of 11 PageID 5

cases involving other plaintiffs. Those subpoenas require compliance in the Middle District of Florida and in the Southern District of Florida, and Mr. Montgomery has likewise refused to comply with those subpoenas. *Id.* ¶ 9. Defendants are also filing motions in this District and in the Southern District to compel compliance with those related subpoenas. *Id*.

The relevance of Mr. Montgomery's testimony to the claims and defenses in the Coomer Action is as follows.

To the extent Mr. Lindell made or published the allegedly defamatory statements that there was "a conspiracy that undermined the integrity of the election; disenfranchised millions of voters; and fraudulently elected the president of the United States," and/or that Dominion engaged in "fraudulent business practices," as the plaintiff alleges in the Coomer Action, Parker Decl. Ex. 1 ¶ 119, those statements were made or published in reliance upon information Mr. Lindell received concerning Dennis Montgomery. Lindell Decl. ¶ 2.

In January and February 2021, Mr. Lindell obtained information about Mr. Montgomery through talking to other people with knowledge of Mr. Montgomery and ultimately through communications directly with Mr. Montgomery. *Id.* ¶ 3. Mr. Lindell learned that Mr. Montgomery is a computer programmer whose companies the federal government paid millions of dollars for his technical services, that the

5

federal government has long asserted a "state secrets" privilege concerning Mr. Montgomery's work, and that Mr. Montgomery had used his technical skills to obtain electronic data showing that the 2020 presidential election had been hacked and vote tallies manipulated. *Id*. ¶ 4. Mr. Montgomery confirmed in direct communications with Mr. Lindell that the information Mr. Lindell had received about Mr. Montgomery and his work was correct. *Id.* ¶ 5.

Relying, in part, on information he received about and from Mr. Montgomery, Mr. Lindell spoke out publicly about the 2020 presidential election, presenting evidence that the 2020 presidential election had been stolen. Lindell Decl. ¶ 6. A significant basis, in part, for his statements was the information Mr. Lindell had received about and from Mr. Montgomery. *Id.* Accordingly, Mr. Lindell has a strong interest in obtaining testimony from Mr. Montgomery, as squarely relevant information further showing that the facts Mr. Lindell received about Montgomery, and then publicized, are true, and that the statements Mr. Lindell made in reliance on the information he received about Montgomery were not inherently implausible.[1]

---

[1] Defendants assert and maintain the defense against Coomer's claims that Lindell did not speak with "actual malice" under *New York Times v. Sullivan*, 376 U.S. 254 (1964), and therefore the First Amendment shields him against a defamation claim. Under the *Times v. Sullivan* test, factors relevant to the presence or absence of "actual malice" include whether the defendant believed his statements to be true, and whether the statements were inherently implausible. The Coomer Complaint alleges

6

Case No. 1:22-cv-01129-NYW-SKC   Document 164-1   filed 06/23/23   USDC Colorado   pg 8
of 12
Case 2:23-cv-00445   Document 1   Filed 06/19/23   Page 7 of 11 PageID 7

On August 20, 2022, Mr. Montgomery filed a declaration in the United States District Court for the District of Nevada, in which Mr. Montgomery made numerous statements that confirm he possesses documents concerning the matters about which Defendants seek to obtain documents, through the Subpoena. *See* Parker Decl. ¶ 10 & Ex. 5.

## ARGUMENT

Federal Rule of Civil Procedure 45 provides the procedure for enforcing a subpoena to a non-party witness. *See generally Pennwalt Corp. v. Durand-Wayland, Inc.,* 708 F.2d 492, 494 & 494 n.4 (9th Cir. 1983); *United States ex rel. Am. Builders & Contractors Supply Co. v. Great Am. Ins. Co.,* No. 3:12-mc-36-J-34TEM, 2012 U.S. Dist. LEXIS 196592, at *1 (M.D. Fla. June 26, 2012).

Rule 45(g) provides that a motion to enforce a subpoena must be brought in "[t]he court for the district where compliance is required." The place where compliance is required is the deposition or production location identified in the subpoena. *See* Fed. R. Civ. P. 45(c) ("Place of Compliance"); *Narcoossee Acquisitions, LLC v. Kohl's Dep't Stores, Inc.,* No. 6:14-cv-203, 2014 U.S. Dist.

---

Mr. Lindell "knew" his statements were false or "acted with reckless disregard for whether the statements and implications were true." Parker Decl. Ex. 1 ¶ 120.

7

Case No. 1:22-cv-01129-NYW-SKC   Document 164-1   filed 06/23/23   USDC Colorado   pg 9
of 12
Case 2:23-cv-00445   Document 1   Filed 06/19/23   Page 8 of 11 PageID 8

LEXIS 120376, at *3 (M.D. Fla. Aug. 28, 2014).

A non-party who fails to obey a subpoena is subject to contempt or an order compelling compliance. Fed. R. Civ. P. 45(g) and 2013 advisory comm. note. When a civil subpoena is disobeyed, courts will routinely first issue "an order to comply" in lieu of a formal show-cause contempt order, to give the recalcitrant witness a last chance to avoid contempt proceedings. Fed. R. Civ. P. 45, 2013 advisory comm. note; *see also* Wright & Miller, 9A Fed. Prac. & Proc. § 2465 (3d ed. & Apr. 2023 Supp.); *see, e.g., Fit Tea LLC v. Alani Nutrition LLC*, No. 6:23-mc-1-WWB-LHP, 2023 U.S. Dist. LEXIS 36005, at *7 (M.D. Fla. Mar. 3, 2023); *CITGO Petro. Corp. v. Petro. Logistics Serv. USA, Inc.,* No. 22-mc-20762-ALTMAN/REID, 2023 U.S. Dist. LEXIS 26527, at *12-*17 (S.D. Fla. Jan. 17, 2023). Defendants accordingly are requesting the Court to issue an order that Mr. Montgomery comply with the Subpoena by providing deposition testimony.

There are no contestable issues regarding the subpoena. Mr. Montgomery's counsel accepted and acknowledged service of the subpoena, effecting a valid service under Rule 45. Parker Decl. ¶¶ 3-4 & Ex. 4*; see, e.g., TracFone Wireless, Inc. v. SCS Supply Chain LLC,* 330 F.R.D. 613, 616 (S.D. Fla. 2019) ("Rule 45 does not require personal service; rather, it requires service reasonably calculated to ensure receipt of the subpoena by the witness."); *accord Saadi v. Pierre A Maroun*

8

Case No. 1:22-cv-01129-NYW-SKC   Document 164-1   filed 06/23/23   USDC Colorado   pg 10
of 12
Case 2:23-cv-00445   Document 1   Filed 06/19/23   Page 9 of 11 PageID 9

*& Maroun's Int'l, LLC*, No. 8:07-cv-1976-SCB-JSS, 2021 U.S. Dist. LEXIS 258625, at *4 (M.D. Fla. Mar. 22, 2021). Mr. Montgomery's testimony is relevant to the Coomer Action and his counsel has acknowledged that Mr. Montgomery's testimony is "responsive" to the Subpoena. Parker Decl. Ex. 4.

Mr. Montgomery has also waived any objections to the subpoena, as he chose not to file any objections or file a motion to quash. *Noel-Wagstaffe v. Metro. Cas. Ins. Co.,* No. 17-Civ-61039, 2017 U.S. Dist. LEXIS 201610, at *3 (S.D. Fla. Dec. 7, 2017); *accord Fit Tea LLC v. Alani Nutrition LLC,* No. 6:23-mc-1-WWB-LHP, 2023 WL 2351657, at *3 (M.D.Fla. Mar. 3, 2023); *Stephenson v. Taser Int'l, Inc.,* No. 6:22-mc-41-PGB-LHP, 2023 U.S. Dist. LEXIS 21529, at *7 (M.D. Fla. Feb. 8, 2023).

Instead of objecting to the Subpoena, Mr. McSweeney responded with statement that, because Mr. Montgomery has performed work for the federal government, the government might try to prevent his deposition. Parker Decl. Ex. 4. But according to Mr. McSweeney, the government took no action to quash his deposition after Mr. Montgomery invited it to do so. *Id.*

Mr. Montgomery's attorney has forthrightly stated that Mr. Montgomery will not comply with the Subpoena unless ordered to do so by the Court, but has not interposed any basis under the Federal Rules of Civil Procedure that would excuse

9

him from providing deposition testimony. *Id*. The Court should enter order compelling Mr. Montgomery to provide a deposition in compliance with the Subpoena.

## PRAYER FOR RELIEF

For all the foregoing reasons, Defendants respectfully request the Court to grant their motion and issue an order compelling Mr. Montgomery to attend his deposition at a date and time convenient to counsel, within three weeks of the order's issuance, and granting any other relief as the Court may deem just and necessary.

Dated:  June 16, 2023　　　　　　**PARKER DANIELS KIBORT LLC**

　　　　　　　　　　　　　　　　By */s/ Andrew D. Parker*
　　　　　　　　　　　　　　　　　Andrew D. Parker*
　　　　　　　　　　　　　　　　　Ryan Malone*
　　　　　　　　　　　　　　　　　888 Colwell Building
　　　　　　　　　　　　　　　　　123 N. Third Street
　　　　　　　　　　　　　　　　　Minneapolis, MN 55401
　　　　　　　　　　　　　　　　　Telephone: (612) 355-4100
　　　　　　　　　　　　　　　　　Facsimile: (612) 355-4101
　　　　　　　　　　　　　　　　　parker@parkerdk.com
　　　　　　　　　　　　　　　　　malone@parkerdk.com

　　　　　　　　　　　　　　　　*Counsel for Defendants*

　　　　　　　　　　　　　　　　*To be admitted *pro hac vice*

Case No. 1:22-cv-01129-NYW-SKC   Document 164-1   filed 06/23/23   USDC Colorado   pg 12
of 12
Case 2:23-cv-00445   Document 1   Filed 06/19/23   Page 11 of 11 PageID 11

**WALTERS LEVINE & DEGRAVE**

By *Heather A. DeGrave*
   Heather A. DeGrave
   FBN 756601
   601 Bayshore Blvd., Suite 720
   Tampa, FL 33606
   Telephone: (813) 254-7474
   Facsimile: (813) 254-7341
   hdegrave@walterslevine.com
   jduncan@walterslevine.com
   *Local Counsel for Defendants*

**LOCAL RULE 3.01(G) CERTIFICATION**

Pursuant to Local Rule 3.01(g), I hereby certify that counsel for the movant has conferred by email and telephone with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues. Specifically, Plaintiff Eric Coomer, PhD, consents to the relief requested in this motion, and non-party Dennis Montgomery opposes this motion.

   */s/ Andrew Parker*
   Andrew Parker
   888 Colwell Building
   123 N. Third Street
   Minneapolis, MN 55401
   Telephone: (612) 355-4100
   Facsimile: (612) 355-4101
   parker@parkerdk.com