## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129-NYW-SKC

ERIC COOMER, Ph.D.,
    Plaintiff

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC,
AND MY PILLOW, INC.,
    Defendants

### PLAINTIFF'S REPLY IN SUPPORT OF
### MOTION FOR EXTENSION
### OF TIME IN WHICH TO COMPLETE DISCOVERY
### AND LEAVE TO EXCEED NUMBER OF DEPOSITIONS

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Eric Coomer, Ph.D. (Dr. Coomer) files this Reply in Support of his Motion for Extension of Time in Which to Complete Discovery and Leave to Exceed Number of Depositions [Dkt. 162], and shows as follows:

### I. SUMMARY

1. The parties agree that the discovery schedule should be amended to allow for various depositions to be taken. Plaintiff has taken nine depositions so far, and still needs to take the deposition of Defendant Lindell and Defendants' expert witnesses. This could be accomplished within the timeframe proposed in the Motion and will not result in prejudice to any party. If anything, disallowing Plaintiff the opportunity to depose Defendants' expert witnesses would require Plaintiff to take discovery at trial and would

1

unnecessarily complicate pre-trial matters anticipated by the current scheduling order deadlines set forth in this Court's February 21, 2023 Minute Order [Dkt. 106].

2. Discovery in this case has been difficult because various witnesses purporting to have knowledge of relevant facts have either professed to no such knowledge or have refused to answer questions altogether. For example, third-party Tina Peters did not answer a single deposition question nor did she provide any responsive documents to Plaintiff's subpoena. Similarly, Lindell, serving as the corporate representative for both Defendants MyPillow and FrankSpeech, purported to have no knowledge of how or why Joe Oltmann repeatedly ended up onstage at his own Cyber Symposium. Instead, Lindell asserted that his attorney, Kurt Olsen, was the individual who could answer those questions. MyPillow and FrankSpeech also denied knowledge of facts relating to the information presented at the Symposium, thus requiring Plaintiff to seek the deposition of Harri Hursti, a cybersecurity expert present at the Symposium.

3. Plaintiff did not anticipate the need to depose either Olsen or Hursti, nor did he anticipate that the deposition of Tina Peters would yield no information whatsoever. Plaintiff should not be penalized for following the evidence throughout discovery, nor should Defendants or uncooperative third-parties be rewarded for their claimed ignorance of basic facts in this case.

4. At the end of the day, the Court and jury would be best served by allowing two additional depositions before trial.

## II.   ARGUMENT

5.   The standard for amending a Scheduling Order is provided by F.R.C.P. 16(b), which holds that "[a] schedule shall not be modified except upon a showing of good cause . . ." The decision to modify the Scheduling Order rests within the sound discretion of the trial court. *Sedillos v. Board of Educ. Of Sch. Dist. Order No. 1,* No. 0301526, 2005 U.S. Dist. LEXIS 36816 (D. Colo. Aug. 29, 2005). The standard for "good cause" is the diligence demonstrated by the moving party in attempting to meet the Court's deadlines. *Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).

6.   As noted in the Motion, Plaintiff has been working diligently to meet the Court's deadlines and has already taken nine depositions across the country over the last eight months.

7.   Plaintiff did not know which, if any, of his expert witnesses Defendants would designate as rebuttal experts until Defendants disclosed their rebuttal witnesses just weeks ago, on June 5, 2023. At that time, substantial confusion still existed as to which depositions would be taken and when, thus making any requested extension of time premature. For example, the very next day, June 6, third-party Kurt Olsen first raised objections to the subpoena which had been served on him on May 10, and requested an extension to produce documents and appear for a deposition. The day after that, June 7, third-party Chris Ruddy first indicated his intention to file a motion to quash, despite months of prior communications with both Plaintiff and Defendants. On June 9,

3

third-party Dominion Voting Systems requested a change in date to some indeterminate date in the future (Dominion's deposition is currently set for July 11).

8.   There can be no dispute that Defendants' rebuttal witnesses have relevant and necessary related to Defendants' anticipated affirmative defenses,[1] nor can there be any dispute that Plaintiff did not know who these individuals were, what their opinions would be, or if Defendants would even designate rebuttal witnesses at all until June 5, 2023.

9.   Defendants generally take issue with the other depositions Plaintiff has taken in this case.  For example, they suggest that the deposition of Tina Peters was a waste of time and resources and should not have been noticed in the first place.  Plaintiff agrees that the deposition was a waste of time and resources, but not because Peters is not a relevant witness.  Peters pleaded the Fifth Amendment more than five hundred times, refused to answer a single question, and did not produce any responsive documents.  As a result, the extent of her relevance remains unknown, but various facts alleged in the Complaint speak directly to her extensive involvement with Defendants and Joe Oltmann.  By contrast, Josh Merritt, Max McGuire, Harri Hursti, and Brannon Howse all provided highly relevant documents and sworn testimony.

10.   Plaintiff has worked diligently to complete all discovery necessary in this case within the timelines established by the Court.  The additional depositions of Defendants' expert witnesses within the additional timeframe requested and agreed upon

---

[1] Defendants have still not filed an Answer, and pursuant to agreement between the parties, await this Court's order on Plaintiff's Motion for Leave to File Second Amended Complaint [Dkt. 127].

by the parties will not result in prejudice, but will assist the Court in assessing the merits of any pre-trial motions that may address the scope of their testimony. Plaintiff has been very diligent and has exhibited good faith in balancing the need for discovery versus economy in a complicated area involving allegations of election interference. Two additional depositions for Defendants' experts will streamline this case for trial and, hopefully, assist the Court in its gatekeeping function.

Based on the foregoing, Plaintiff Eric Coomer, Ph.D. respectfully requests the Court modify the current Schedule Order as indicated above and for such other and further relief to which he may be entitled.

Respectfully submitted this 27th day of June 2023.

>                   Respectfully submitted,
>
>                   */s/ Charles J. Cain*
>                   Charles J. Cain, No. 51020
>                   ccain@cstrial.com
>                   Bradley A. Kloewer, No. 50565
>                   bkloewer@cstrial.com
>                   Steve Skarnulis
>                   skarnulis@cstrial.com
>                   Zachary H. Bowman
>                   zbowman@cstrial.com
>                   David E. Jennings, No. 54643
>                   djennings@cstrial.com
>                   **Cain & Skarnulis PLLC**
>                   P. O. Box 1064/101 N. F Street, Suite 207
>                   Salida, Colorado 81201
>                   303 Colorado Street, Suite 2850
>                   Austin, Texas 78701
>                   719-530-3011/512-477-5011 (Fax)

Thomas J. Rogers III, No. 28809
trey@rklawpc.com
Mark Grueskin, No. 14621
mark@rklawpc.com
**RechtKornfeld PC**
1600 Stout Street, Suite 1400
Denver, Colorado 80202
303-573-1900
**ATTORNEYS FOR PLAINTIFF**