# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01129-NYW-SKC

ERIC COOMER, PH.D.,

    Plaintiff,

v.

MICHAEL J. LINDELL,
FRANKSPEECH LLC, and
MY PILLOW, INC.,

    Defendants.

## MINUTE ORDER

**Entered by Judge Nina Y. Wang**

This matter is before the Court on Plaintiff's Motion for Extension of Time in which to Complete Discovery and Leave to Exceed Number of Depositions ("Motion for Extension of Discovery"), [Doc. 162, filed June 19, 2023]. Defendants filed a Response to the Motion for Extension of Discovery, [Doc. 164], and Plaintiff filed a Reply, [Doc. 165].

This case arises from statements made or published by Defendants Michael J. Lindell ("Defendant Lindell" or "Mr. Lindell"); FrankSpeech LLC ("Defendant FrankSpeech" or "FrankSpeech"); and My Pillow, Inc. ("Defendant MyPillow" or "MyPillow") (collectively, "Defendants"). Dr. Coomer avers that Defendants have made a series of defamatory statements, both prior to and after the filing of this action, about alleged involvement by Plaintiff Eric Coomer, Ph.D. ("Plaintiff" or "Dr. Coomer") with Antifa[1] and interference in the 2020 United States presidential election. [Doc. 21]. Dr. Coomer asserts three causes of action: (1) defamation, (2) intentional infliction of emotional distress, and (3) civil conspiracy. [*Id.* at ¶¶ 117–30].

A Scheduling Order entered on July 7, 2022, and pretrial discovery proceeded. [Doc. 32]. Plaintiff made clear in the Scheduling Order that he anticipated seeking the depositions of various third parties. [*Id.* at 10]. Defendants filed a partial Motion to Stay Discovery pending the Court's resolution of their Motion to Dismiss on September 28, 2022. [Doc. 57]. The Court denied the stay on November 15, 2022. [Doc. 76]. Pursuant to the operative deadlines in this case, discovery is set to close on July 7, 2023. [Doc. 106].

---

[1] The First Amended Complaint does not define "Antifa." This Court understands "antifa" as an umbrella term used to refer to the left-wing anti-fascism movement. https://en.wikipedia.org/wiki/Antifa_(United_States).

On June 19, 2023, Dr. Coomer filed the instant Motion for Extension of Discovery, seeking additional time to complete discovery and to expand the number of depositions from ten to twelve. [Doc. 162]. Specifically, Dr. Coomer seeks to extend the discovery deadline from July 7, 2023, to August 18, 2023, and the dispositive motions deadline until September 8, 2023. [*Id.* at 6]. Defendants do not oppose the extension of the discovery deadline until August 18, 2023, but do oppose the expansion of the number of depositions from ten to twelve. [Doc. 164]. Defendants contend that Plaintiff has not shown good cause to take the depositions of Defendants' experts that would increase the number of Plaintiff's depositions in this case from ten to twelve. [*Id.*]. On Reply, Dr. Coomer explains that discovery has been difficult in this action because various witnesses have either professed no knowledge or have refused to answer questions altogether. [Doc. 165].

Since discovery opened, a number of discovery disputes have arisen between the Parties and remain pending before this Court, i.e., Plaintiff's Motion to Compel Document Production and Deposition Testimony from Third-Party Tina Peters Pursuant to F.R.C.P. 45 and Motion for Sanctions Pursuant to F.R.C.P. 37, [Doc. 97, filed February 2, 2023]; Plaintiff's Objection to Third-Party CD Solutions Inc.'s Confidentiality Designations, [Doc. 113, filed February 24, 2023]; Non-Party Dominion Voting Systems, Inc.'s Motion to Modify Defendants' Subpoena, [Doc. 125, filed April 4, 2023]; and Plaintiff's Motion to Restrict Pursuant to D.C.COLO.LCivR 7.2 ("Motion to Restrict") [Doc. 144, filed May 19, 2023]. The Court is mindful that along with the Parties' own scheduling issues, the lack of resolution on these outstanding discovery issues has impacted the Parties' ability to proceed efficiently, and thus, finds good cause to extend the discovery deadline up to and including **August 18, 2023**; and the dispositive motions deadline up to and including **September 8, 2023**.

As Defendants note, [Doc. 164 at 2–3], "good cause to modify the Scheduling Order and substantially increase the number of depositions beyond ten cannot be shown merely by demonstrating that many people could have discoverable information. *See Medcorp, Inc. v. Pinpoint Techs., Inc.*, No. 08-cv-00867-MSK-KLM, 2009 WL 1049758, at *5 (D. Colo. Apr. 20, 2009) (citing *Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 692 (D. Kan. 1996) ("The mere fact that many individuals may have discoverable information does not necessarily entitle a party to depose each such individual.")). Here, Dr. Coomer does not seek to substantially increase the number of depositions beyond the presumptive limit of ten per side contemplated by Rule 30(a)(2) of the Federal Rules of Civil Procedure. Instead, he seeks to exceed the presumptive limit of ten depositions with an additional two depositions, including the depositions of Defendants' experts. As other district courts have noted, the case law is ambiguous as to whether expert depositions count toward the ten-deposition limit in Rule 30(a)(2). *See Andamiro U.S.A. v. Konami Amusement of Am., Inc.*, No. CV00-8561, 2001 WL 535667, at *2 (C.D. Cal. Apr. 26, 2001) ("It is not clear whether expert depositions under Fed. R. Civ. P. 26(b)(4) are governed by Fed. R. Civ. P. 30(a)(2)(A)."); *Sound View Innovations, LLC v. Hulu, LLC*, No. CV 17-4146-JAK (PLAx), 2019 WL 13026395, at *3 (C.D. Cal. Mar. 18, 2019); *Safeco Ins. Co. of Am. v. City of Jacksonville*, No. 3:08-cv-338-J-25JRK, 2011 WL 13176635, at *3 (M.D. Fla. Apr. 20, 2011) (concluding that "[a] fair reading of the Rules suggests that expert witnesses are not contemplated by Rule 30").

Without passing on the merits of Plaintiff's arguments with respect to whether or not various witnesses in this action have appropriately responded to discovery in this Minute Order,

this Court finds good cause to minimally expand the number of depositions that Plaintiff is permitted to take from ten to **twelve**.

Accordingly, **IT IS ORDERED** that:

(1) Plaintiff's Motion for Extension of Time in which to Complete Discovery and Leave to Exceed Number of Depositions [Doc. 162] is **GRANTED**;

(2) The discovery deadline is **EXTENDED** up to and including **August 18, 2023**; and

(3) The dispositive motions deadline is **EXTENDED** up to and including **September 8, 2023**.


DATED: July 6, 2023