## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129-NYW-SKC

ERIC COOMER, PH.D.,

      Plaintiff,

v.

MICHAEL J. LINDELL, FRANKSPEECH
LLC, AND MY PILLOW, INC.,

      Defendants.

---

## DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

---

Defendants Michael J. Lindell ("Lindell"), Frankspeech, LLC (now known as Frankspeech Inc.) ("FrankSpeech") and My Pillow, Inc. ("MyPillow") (collectively referred to herein as "Defendants") for their Answer to the Second Amended Complaint, ECF No. 170 ("Complaint"), of Plaintiff Eric Coomer ("Plaintiff") in the above-entitled matter, denies each allegation contained therein, unless otherwise admitted or qualified herein. Defendants state and allege as follows:

### I.      INTRODUCTION

1.      Defendants deny the allegations as stated in Paragraph 1 of the Complaint and place Plaintiff to his burden to prove such allegations.

2.      For the Answer to Paragraph 2 of the Complaint, Defendants assert that no response is required to the allegations therein which are not directed at Defendants, but to

the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. Defendants deny the remaining allegations as stated in Paragraph 2 and place Plaintiff to his burden to prove such allegations.

3.      For the Answer to Paragraph 3 of the Complaint, Defendants admit only that Lindell has used the phrases "traitor to the United States," "treasonous," and "criminal," in the context of characterizing Plaintiff, and the phrase "did crimes against the United States and quite frankly all of humanity" in the context of a hypothetical involving Plaintiff, that depictions of Lindell using one or more of these phrases were accessible on the website frankspeech.com, and that the Cyber Symposium was available for viewing within the frankspeech.com domain. Defendants deny the remaining allegations as stated in Paragraph 3 of the Complaint, including those allegations which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications.

4.      Defendants deny the allegations as stated in Paragraph 4 of the Complaint and place Plaintiff to his burden to prove such allegations.

5.      Defendants deny the allegations as stated in Paragraph 5 of the Complaint and place Plaintiff to his burden to prove such allegations.

## II.      PARTIES

6.      Paragraph 6 of the Complaint is not directed at Defendants and requires no response from Defendants.

7.      For the Answer to Paragraph 7 of the Complaint, Defendants admit only that Lindell is an individual domiciled in Minnesota, and the founder and CEO of FrankSpeech and MyPillow, and that Lindell has appeared in this litigation. Defendants deny the remaining allegations as stated in Paragraph 7 and place Plaintiff to his burden to prove such allegations.

8.      For the Answer to Paragraph 8 of the Complaint, Defendants assert that no response is required to the allegations therein which contain statements and conclusions of law, but to the extent a response is deemed required, Defendants deny those allegations. Defendants further state that they admit only that FrankSpeech LLC was formerly a limited liability company organized and existing under the laws of the state of Delaware that is now known as FrankSpeech Inc., that FrankSpeech has appeared in this litigation, and that FrankSpeech broadcasts its programming to a national audience on its own website frankspeech.com. Defendants deny the remaining allegations as stated in Paragraph 8 and place Plaintiff to his burden to prove such allegations.

9.      For the Answer to Paragraph 9 of the Complaint, Defendants admit only that My Pillow, Inc. is a for-profit corporation with its principal place of business in Chaska, Minnesota and that MyPillow has appeared in this litigation. Defendants deny the remaining allegations as stated in Paragraph 9 and place Plaintiff to his burden to prove such allegations.

### III.    JURISDICTION AND VENUE

10.    Paragraph 10 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendants do not dispute the subject matter jurisdiction of this Court.

11.    Paragraph 11 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit this Court has personal jurisdiction over Defendants in this action. Defendants deny the remaining allegations as stated in Paragraph 11 place Plaintiff to his burden to prove such allegations.

12.    For the Answer to Paragraph 12 of the Complaint, including footnotes 1 through 3, Defendants admit only that this Court has personal jurisdiction over Lindell. Defendants deny the remaining allegations as stated in Paragraph 12 and place Plaintiff to his burden to prove such allegations.

13.    For the Answer to Paragraph 13 of the Complaint, including footnotes 4 through 6, Defendants admit only that this Court has personal jurisdiction over FrankSpeech. Defendants deny the remaining allegations as stated in Paragraph 13 and place Plaintiff to his burden to prove such allegations.

14.    For the Answer to Paragraph 14 of the Complaint, including footnotes 7 through 9, Defendants admit only that this Court has personal jurisdiction over MyPillow. Defendants deny the remaining allegations as stated in Paragraph 14 and place Plaintiff to his burden to prove such allegations.

15.    For the Answer to Paragraph 15 of the Complaint, Defendants admit only that this Court has personal jurisdiction over Defendants and that venue is not improper in this Court. Defendants deny the remaining allegations as stated in Paragraph 15 and place Plaintiff to his burden to prove such allegations.

16.    For the Answer to Paragraph 16 of the Complaint, Defendants admit only that this Court has personal jurisdiction over Defendants and that venue is not improper in this Court. Defendants deny the remaining allegations as stated in Paragraph 16 and place Plaintiff to his burden to prove such allegations.

## IV.    FACTS

17.    For the Answer to Paragraph 17 of the Complaint, Defendants admit only that Plaintiff is the former Director of Product Strategy and Security for Dominion Voting Systems, which is based in Denver, Colorado and provides election support services across the United States. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations as stated in Paragraph 17, the legal effect of which is a denial.

**A.    *The 2020 presidential election was a free and fair election.*[1]**

18.    For the Answer to Paragraph 18 of the Complaint, including footnotes 10 through 12, Defendants assert that no response is required because the allegations are not directed at Defendants. To the extent a response is deemed required, Defendants admit only

---

[1] For the Answer to this sub-heading, Defendants assert that no response is required because the allegations are not directed at Defendants.

that Paragraph 18 contains Plaintiff's characterization of sources he references or cites therein.

19.     For the Answer to Paragraph 19 of the Complaint, including footnote 13, Defendants assert that no response is required because the allegations are not directed at Defendants. To the extent a response is deemed required, Defendants admit only that Paragraph 19 contains Plaintiff's characterization of sources he references or cites therein.

20.     For the Answer to Paragraph 20 of the Complaint, including footnote 14, Defendants assert that no response is required because the allegations are not directed at Defendants. To the extent a response is deemed required, Defendants admit only that Paragraph 20 contains Plaintiff's characterization of sources he references or cites therein.

21.     For the Answer to Paragraph 21 of the Complaint, including footnote 15, Defendants assert that no response is required because the allegations are not directed at Defendants. To the extent a response is deemed required, Defendants admit only that Paragraph 21 contains Plaintiff's characterization of sources he references or cites therein.

22.     For the Answer to Paragraph 22 of the Complaint, including footnote 16, Defendants assert that no response is required because the allegations are not directed at Defendants. To the extent a response is deemed required, Defendants admit only that Paragraph 22 contains Plaintiff's characterization of sources he references or cites therein.

23.     For the Answer to Paragraph 23 of the Complaint, including footnotes 17 through 19, Defendants assert that no response is required because the allegations are not directed at Defendants. To the extent a response is deemed required, Defendants admit only

that Paragraph 23 contains Plaintiff's characterization of sources he references or cites therein.

24.     For the Answer to Paragraph 24 of the Complaint, including footnotes 20 through 24, Defendants assert that no response is required because the allegations are not directed at Defendants. To the extent a response is deemed required, Defendants admit only that Paragraph 24 contains Plaintiff's characterization of sources he references or cites therein.

25.     For the Answer to Paragraph 25 of the Complaint, including footnotes 25 and 26, Defendants assert that no response is required because the allegations are not directed at Defendants. To the extent a response is deemed required, Defendants admit only that Paragraph 25 contains Plaintiff's characterization of sources he references or cites therein.

26.     For the Answer to Paragraph 26 of the Complaint, including footnotes 27 and 28, Defendants assert that no response is required because the allegations are not directed at Defendants. To the extent a response is deemed required, Defendants admit only that Paragraph 26 contains Plaintiff's characterization of sources he references or cites therein.

27.     For the Answer to Paragraph 27 of the Complaint, including footnote 29, Defendants assert that no response is required because the allegations are not directed at Defendants. To the extent a response is deemed required, Defendants admit only that Paragraph 27 contains Plaintiff's characterization of sources he references or cites therein.

**B.      *Oltmann fabricated a conspiracy.*[2]**

28.     For the Answer to Paragraph 28 of the Complaint, including footnotes 31 through 34, Defendants assert that no response is required because the allegations are not directed at Defendants. To the extent a response is deemed required, Defendants further state that they admit only that Paragraph 28 contains Plaintiff's characterization of sources he references or cites therein, that they deny any allegations directed at Defendants as well as those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents, and lack sufficient knowledge or information to form a belief about the truth of the remaining allegations, the legal effect of which is a denial.

29.     For the Answer to Paragraph 29 of the Complaint, including footnotes 35 through 39, Defendants assert that no response is required because the allegations are not directed at Defendants. To the extent a response is deemed required, Defendants further state that they admit only that Paragraph 29 contains Plaintiff's characterization of sources he references or cites therein, that they deny any allegations directed at Defendants as well

---

[2] For the Answer to this sub-heading, including footnote 30, Defendants assert that no response is required because the allegations are not directed at Defendants. To the extent a response is deemed required, Defendants further state that they deny, and place Plaintiff to his burden to prove, those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents, and that Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations made in this sub-heading and footnote 30, the legal effect of which is a denial, and place Plaintiff to his burden to prove such allegations.

as those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents, and lack sufficient knowledge or information to form a belief about the truth of the remaining allegations, the legal effect of which is a denial.

30.     For the Answer to Paragraph 30 of the Complaint, including footnotes 40 and 41, Defendants assert that no response is required because the allegations are not directed at Defendants. To the extent a response is deemed required, Defendants further state that they admit only that Paragraph 30 contains Plaintiff's characterization of sources he references or cites therein, that they deny any allegations directed at Defendants as well as those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents, and lack sufficient knowledge or information to form a belief about the truth of the remaining allegations, the legal effect of which is a denial.

31.     For the Answer to Paragraph 31 of the Complaint, including footnote 42, Defendants assert that no response is required because the allegations are not directed at Defendants. To the extent a response is deemed required, Defendants further state that they admit only that Paragraph 31 contains Plaintiff's characterization of sources he references or cites therein, that they deny any allegations directed at Defendants as well as those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including

documents which must be interpreted as a whole and/or which are the best evidence of their own contents, and lack sufficient knowledge or information to form a belief about the truth of the remaining allegations, the legal effect of which is a denial.

32.     For the Answer to Paragraph 32 of the Complaint, Defendants assert that no response is required because the allegations are not directed at Defendants. Defendants further assert that no response is required to the allegations therein which contain statements and conclusions of law. To the extent a response is deemed required, Defendants admit that the ability to have a political opinion in this country is a protected right.

**C.     *Oltmann spreads the conspiracy theory.*[3]**

33.     For the Answer to Paragraph 33 of the Complaint, including footnotes 43 through 52, Defendants assert that no response is required because the allegations are not directed at Defendants. To the extent a response is deemed required, Defendants further state that they admit only that Paragraph 33 contains Plaintiff's characterization of sources he references or cites therein, that they deny any allegations directed at Defendants as well as those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of

---

[3] For the Answer to this sub-heading, Defendants assert that no response is required because the allegations are not directed at Defendants. To the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of the allegations made in this sub-heading, the legal effect of which is a denial, and place Plaintiff to his burden to prove such allegations.

their own contents, and lack sufficient knowledge or information to form a belief about the truth of the remaining allegations, the legal effect of which is a denial.

34.     For the Answer to Paragraph 34 of the Complaint, including footnote 53, Defendants assert that no response is required because the allegations are not directed at Defendants. To the extent a response is deemed required, Defendants further state that they admit only that Paragraph 34 contains Plaintiff's characterization of sources he references or cites therein, that they deny any allegations directed at Defendants as well as those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents, and lack sufficient knowledge or information to form a belief about the truth of the remaining allegations, the legal effect of which is a denial.

35.     For the Answer to Paragraph 35 of the Complaint, including footnotes 54 through 56, Defendants assert that no response is required because the allegations are not directed at Defendants. To the extent a response is deemed required, Defendants further state that they admit only that Paragraph 35 contains Plaintiff's characterization of sources he references or cites therein, that they deny any allegations directed at Defendants as well as those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents, and lack sufficient knowledge or information to form a belief about the truth of the remaining allegations, the legal effect of which is a denial.

36.     For the Answer to Paragraph 36 of the Complaint, including footnotes 57 through 62, Defendants assert that no response is required because the allegations are not directed at Defendants. To the extent a response is deemed required, Defendants admit only that Paragraph 36 contains Plaintiff's characterization of sources he references or cites therein, that they deny any allegations directed at Defendants as well as those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents, and lack sufficient knowledge or information to form a belief about the truth of the remaining allegations, the legal effect of which is a denial.

37.     For the Answer to Paragraph 37 of the Complaint, including footnotes 63 and 64, Defendants assert that no response is required because the allegations are not directed at Defendants. To the extent a response is deemed required, Defendants admit only that Paragraph 37 contains Plaintiff's characterization of sources he references or cites therein, that they deny any allegations directed at Defendants as well as those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents, and lack sufficient knowledge or information to form a belief about the truth of the remaining allegations, the legal effect of which is a denial.

38.     For the Answer to Paragraph 38 of the Complaint, including footnote 65, Defendants assert that no response is required because the allegations are not directed at

Defendants. To the extent a response is deemed required, Defendants admit only that Paragraph 38 contains Plaintiff's characterization of sources he references or cites therein, that they deny any allegations directed at Defendants as well as those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents, and lack sufficient knowledge or information to form a belief about the truth of the remaining allegations, the legal effect of which is a denial.

39.    Defendants deny the allegations as stated in Paragraph 39 of the Complaint and place Plaintiff to his burden to prove such allegations.

**D.    *Defendants have a history of promoting false claims of election fraud.*[4]**

40.    For the Answer to Paragraph 40 of the Complaint, including footnotes 66 through 70, Defendants admit only that Paragraph 40 contains Plaintiff's characterization of sources he references or cites therein, and that Lindell has supported President Trump since Summer 2016, when Mr. Trump was then a candidate for President. Defendants deny the remaining allegations as stated in Paragraph 40, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

---

[4] Defendants deny the allegations made in this sub-heading and place Plaintiff to his burden to prove such allegations.

41.     For the Answer to Paragraph 41 of the Complaint, including footnotes 71 and 72, Defendants admit only that Paragraph 41 contains Plaintiff's characterization of sources he references or cites therein. Defendants deny the remaining allegations as stated in Paragraph 41, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

42.     For the Answer to Paragraph 42 of the Complaint, including footnote 73, Defendants admit only that Paragraph 42 contains Plaintiff's characterizations of sources he references or cites therein and that Dominion Voting Systems sent a letter to Lindell on or around December 23, 2020. Defendants deny the remaining allegations as stated in Paragraph 42 and place Plaintiff to his burden to prove such allegations.

43.     For the Answer to Paragraph 43 of the Complaint, including footnotes 74 and 75, Defendants assert that no response is required to the allegations therein which are not directed at Defendants and which are redundant, immaterial, impertinent, and/or scandalous. To the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. To the extent of the allegations directed at Defendants, Defendants admit only that Paragraph 43, including footnotes 74 and 75, contains Plaintiff's characterizations of sources he references or cites therein and deny the remaining allegations as stated in Paragraph 43, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude

from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

44.     For the Answer to Paragraph 44 of the Complaint, including footnote 76, Defendants admit only that Paragraph 44 contains Plaintiff's characterization of the source cited therein and that Dominion sent a letter to Lindell on or around January 8, 2021. Defendants deny the remaining allegations as stated in Paragraph 44, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

45.     For the Answer to Paragraph 45 of the Complaint, including footnotes 77 and 78, Defendants assert that no response is required to the allegations therein which are not directed at Defendants, and which are redundant, immaterial, impertinent, and/or scandalous. Defendants admit only that Paragraph 45 contains Plaintiff's characterization of the sources cited therein, that Lindell met with President Trump and was photographed outside the White House on January 15, 2021, and that Lindell claimed on January 18, 2021 that he was speaking with Sidney Powell at least twice a day. Defendants deny the remaining allegations as stated in Paragraph 45, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

46.     For the Answer to Paragraph 46 of the Complaint, including footnote 79, Defendants admit only that Paragraph 46 contains Plaintiff's characterization of the source cited therein and that Dominion sued Lindell and MyPillow. Defendants deny the remaining allegations as stated in Paragraph 46, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

47.     For the Answer to Paragraph 47 of the Complaint, including footnotes 80 and 81, Defendants assert that no response is required to the allegations therein which are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. To the extent the allegations of Paragraph 47, including footnotes 80 and 81, are directed at Defendants, Defendants admit only that FrankSpeech is a social media platform, that Paragraph 47 contains Plaintiff's characterization of the sources cited therein, that Lindell appeared as a guest on Oltmann's "Conservative Daily" podcast on or around March 11, 2021, and that the "CD21" MyPillow promotional code refers to promotions of MyPillow by the podcast. Defendants deny the remaining allegations as stated in Paragraph 47, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

48.     For the Answer to Paragraph 48 of the Complaint, including footnotes 82 through 84, Defendants admit only that FrankSpeech is a social media platform, that Paragraph 48 contains Plaintiff's characterization of the source cited therein, and that Lindell appeared as a guest on the Eric Metaxas Radio Show on or around March 30, 2021. Defendants deny the remaining allegations as stated in Paragraph 48, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

49.     For the Answer to Paragraph 49 of the Complaint, including footnotes 85 and 86, Defendants admit only that Paragraph 49 contains Plaintiff's characterization of the sources cited therein and that frankspeech.com officially launched on April 19, 2021. Defendants deny the remaining allegations, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

**E.      Defendants defame Dr. Coomer via frankspeech.com.[5]**

50.     Defendants deny the allegations of Paragraph 50 of the Complaint, including footnote 87, and place Plaintiff to his burden to prove such allegations.

---

[5] Defendants deny the allegations of this sub-heading and place Plaintiff to his burden to prove such allegations.

51.     For the Answer to Paragraph 51 of the Complaint, including footnote 88, Defendants assert that no response is required to the allegations therein which are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. To the extent the allegations of Paragraph 51, including footnote 88, are directed at Defendants, Defendants admit only that Paragraph 51 contains Plaintiff's characterization of the sources cited therein, that the FrankSpeech website includes a wide variety of content, including a 24-hour livestream of Lindell TV, links to various news articles and segments produced either by FrankSpeech or by various other third-parties, and a podcast page where dozens of podcasts are platformed. Defendants deny the remaining allegations as stated in Paragraph 51, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

52.     For the Answer to Paragraph 52 of the Complaint, including footnote 89, Defendants admit only that Paragraph 52 contains Plaintiff's characterization of the sources cited therein. Defendants deny the remaining allegations as stated in Paragraph 52, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

53.     For the Answer to Paragraph 53 of the Complaint, including footnote 90, Defendants deny the allegation that Defendants "published" the cited article. Answering further, Defendants assert that no response is required to the allegations in Paragraph 53 which are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. To the extent the allegations of Paragraph 53, including footnote 90, are directed at Defendants, Defendants admit only that Paragraph 53 contains references or characterizations of the matter contained in the source cited therein. Defendants deny those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations, the legal effect of which is a denial.

54.     For the Answer to Paragraph 54 of the Complaint, including footnote 91, Defendants assert that no response is required to the allegations therein which are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. To the extent the allegations of Paragraph 54, including footnote 91, are directed at Defendants, Defendants admit only that Paragraph 54 contains references or characterizations of the matter contained in the source cited therein. Defendants deny the remaining allegations as stated in Paragraph 54,

including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

55.     For the Answer to Paragraph 55 of the Complaint, Defendants assert that no response is required to the allegations therein which are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. To the extent the allegations of Paragraph 55 are directed at Defendants, Defendants admit only that Paragraph 55 contains references or characterizations of the matter contained in the source cited in the preceding Paragraph. Defendants deny the remaining allegations as stated in Paragraph 55, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

56.     For the Answer to Paragraph 56 of the Complaint, Defendants assert that no response is required to the allegations therein which are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. To the extent the allegations of Paragraph 56 are directed at Defendants, Defendants admit only that Paragraph 56 contains references or

characterizations of the matter contained in the source cited in Paragraph 54. Defendants deny the remaining allegations as stated in Paragraph 56, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

57.    For the Answer to Paragraph 57 of the Complaint, including footnote 92, Defendants assert that no response is required to the allegations therein which are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. To the extent the allegations of Paragraph 57, including footnote 92, are directed at Defendants, Defendants admit only that Paragraph 57 contains references or characterizations of the matter contained in the source cited in Paragraph 54. Defendants deny the remaining allegations as stated in Paragraph 57, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

58.    For the Answer to Paragraph 58 of the Complaint, Defendants assert that no response is required to the allegations therein which are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. To the extent the allegations of Paragraph 58 are directed at

Defendants, Defendants admit only that Paragraph 58 contains references or characterizations of the matter contained in the source cited in Paragraph 54. Defendants deny the remaining allegations as stated in Paragraph 58, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

59. For the Answer to Paragraph 59 of the Complaint, Defendants assert that no response is required to the allegations therein which are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. To the extent the allegations of Paragraph 59 are directed at Defendants, Defendants admit only that Paragraph 59 contains references or characterizations of the matter contained in the source cited in Paragraph 54. Defendants deny the remaining allegations as stated in Paragraph 59, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

60. For the Answer to Paragraph 60 of the Complaint, Defendants assert that no response is required to the allegations therein which are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. To the extent the allegations of Paragraph 60 are directed at

Defendants, Defendants admit only that Paragraph 60 contains references or characterizations of the matter contained in the source cited in Paragraph 54. Defendants deny the remaining allegations as stated in Paragraph 60, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

61.     For the Answer to Paragraph 61 of the Complaint, Defendants assert that no response is required to the allegations therein which are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. To the extent the allegations of Paragraph 61 are directed at Defendants, Defendants admit only that Paragraph 61 contains references or characterizations of the matter contained in the source cited in Paragraph 54. Defendants deny the remaining allegations as stated in Paragraph 61, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

62.     For the Answer to Paragraph 62 of the Complaint, including footnote 93, Defendants assert that no response is required to the allegations therein which are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. To the extent the allegations of

Paragraph 62, including footnote 93, are directed at Defendants, Defendants admit that Paragraph 62 contains references or characterizations of the matter contained in the sources cited therein. Defendants further admit that Newsmax had been sued in conjunction with various other defendants in *Coomer v. Donald J. Trump for President, Inc. et. al.* and that Newsmax reached a settlement agreement with Plaintiff. Defendants deny the remaining allegations as stated in Paragraph 62, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

63.     For the Answer to Paragraph 63 of the Complaint, including footnote 94, Defendants admit only that Paragraph 63 contains references or characterizations of the matter contained in the source cited therein. Defendants deny the remaining allegations as stated in Paragraph 63, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

64.     Defendants deny the allegations as stated in Paragraph 64 of the Complaint and place Plaintiff to his burden to prove such allegations.

65.     Defendants deny the allegations of Paragraph 65 of the Complaint, including footnote 95, and place Plaintiff to his burden to prove such allegations.

66.     For the Answer to Paragraph 66 of the Complaint, including footnotes 96 through 99, Defendants assert that no response is required to the allegations therein which

are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. To the extent the allegations of Paragraph 66, including footnotes 96 through 99, are directed at Defendants, Defendants admit only that Paragraph 66 contains references or characterizations of the matter contained in the sources cited therein. Defendants deny the remaining allegations as stated in Paragraph 66, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

67.     For the Answer to Paragraph 67 of the Complaint, including footnotes 100 and 101, Defendants deny the allegation that "Defendants' publications also appear to violate Frankspeech's own posted 'Terms of Use'…" Answering further, Defendants admit only that Paragraph 67 contains references or characterizations of the matter contained in the source cited therein. Defendants deny the remaining allegations as stated in Paragraph 67, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

68.     For the Answer to Paragraph 68 of the Complaint, including footnote 102, Defendants admit only that Paragraph 68 contains references or characterizations of the matter contained in the source cited therein. Defendants deny the remaining allegations as

stated in Paragraph 68, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

69.     For the Answer to Paragraph 69 of the Complaint, including footnote 103, Defendants deny the allegation that "[t]he defamatory content produced and published by Frankspeech also violates its own published 'Community Standards.'"  Answering further, Defendants admit only that Paragraph 69 contains references or characterizations of the matter contained in the source cited therein. Defendants deny the remaining allegations as stated in Paragraph 69, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

70.     For the Answer to Paragraph 70 of the Complaint, Defendants assert that no response is required to the allegations therein which are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. To the extent the allegations of Paragraph 70 are directed at Defendants, Defendants admit only that Paragraph 70 contains references or characterizations of the matter contained in the source referenced therein. Defendants deny the remaining allegations stated in Paragraph 70, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude

from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

71.     Defendants deny the allegations as stated in Paragraph 71 of the Complaint and place Plaintiff to his burden to prove such allegations.

**F.     *Defendants defame Dr. Coomer at the "Cyber Symposium" in Sioux Falls, South Dakota.[6]***

72.     For the Answer to Paragraph 72 of the Complaint, including footnote 104, Defendants admit only that Lindell hosted a Cyber Symposium in Sioux Falls, South Dakota in August 2021 and that Lindell posted a videotaped advertisement for the Symposium. Defendants deny the remaining allegations as stated in Paragraph 72, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

73.     For the Answer to Paragraph 73 of the Complaint, including footnotes 105 through 107, Defendants admit only that Lindell appeared on OAN on July 2, 2021. Defendants deny the remaining allegations as stated in Paragraph 73, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including

---

[6] Defendants deny the allegations of this sub-heading and place Plaintiff to his burden to prove such allegations.

documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

74.     For the Answer to Paragraph 74 of the Complaint, including footnotes 108 through 110, Defendants admit only that Paragraph 74 contains references or characterizations of the matter contained in the source referenced therein. Defendants deny the remaining allegations as stated in Paragraph 74, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

75.     For the Answer to Paragraph 75 of the Complaint, including footnotes 111 and 112, Defendants admit only that Paragraph 75 contains references or characterizations of the matter contained in the source referenced therein. Defendants deny the remaining allegations as stated in Paragraph 75, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

76.     For the Answer to Paragraph 76 of the Complaint, Defendants admit only that local, state, and federal legislators were invited to the Symposium. In response to the allegation that "[t]hese legislators are some of the same individuals that Dr. Coomer interacted with," Defendants state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial.

Defendants deny the remaining allegations as stated in Paragraph 76 and place Plaintiff to his burden to prove such allegations.

77.     For the Answer to Paragraph 77 of the Complaint, including footnotes 113 through 116, Defendants assert that no response is required to the allegations therein which are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. To the extent the allegations of Paragraph 77, including footnotes 113 through 116, are directed at Defendants, Defendants admit only that Paragraph 77 contains references or characterizations of the matter contained in the sources referenced therein and that Peters and Smith were present, and Watkins appeared on video, at the Cyber Symposium. Defendants deny the remaining allegations as stated in Paragraph 77, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

78.     Defendants deny the allegations as stated in Paragraph 78 of the Complaint and place Plaintiff to his burden to prove such allegations.

79.     For the Answer to Paragraph 79 of the Complaint, including footnotes 117 through 123, Defendants assert that no response is required to the allegations therein which are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. To the extent the allegations

of Paragraph 79, including footnotes 117 through 123, are directed at Defendants, Defendants admit only that Paragraph 79 contains references or characterizations of the matter contained in the sources referenced therein. Defendants deny the remaining allegations, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

80.     For the Answer to Paragraph 80 of the Complaint, including footnotes 124 through 126, Defendants assert that no response is required to the allegations therein which are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. To the extent the allegations of Paragraph 80, including footnotes 124 through 126, are directed at Defendants, Defendants admit only that Paragraph 80 contains references or characterizations of the matter contained in the sources referenced therein. Defendants deny the remaining allegations as stated in Paragraph 80, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

81.     For the Answer to Paragraph 81 of the Complaint, including footnotes 127 and 128, Defendants admit only that the order denying the motion to dismiss the complaint of Dominion Voting Systems by MyPillow and Lindell was issued during the Cyber

Symposium and that Paragraph 81 contains references or characterizations of the matter contained in the sources referenced therein. Defendants deny the remaining allegations as stated in Paragraph 81, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

82.     Defendants deny the allegations of Paragraph 82 of the Complaint and place Plaintiff to his burden to prove such allegations.

83.     For the Answer to Paragraph 83 of the Complaint, Defendants assert that no response is required to the allegations therein which are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. To the extent the allegations are directed at Defendants, Defendants admit only that Oltmann, Clements, Waldron, Colbeck, and Merritt appeared at the Symposium. Defendants deny the remaining allegations as stated in Paragraph 83 and place Plaintiff to his burden to prove such allegations.

84.     For the Answer to Paragraph 84 of the Complaint, including footnote 129, Defendants assert that no response is required to the allegations therein which are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. To the extent the allegations of Paragraph 84, including footnote 129, are directed at Defendants, Defendants admit only

that Paragraph 84 contains references or characterizations of the matter contained in the sources referenced therein. Defendants deny the remaining allegations, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

85.     For the Answer to Paragraph 85 of the Complaint, Defendants assert that no response is required to the allegations therein which are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. To the extent the allegations of Paragraph 85 are directed at Defendants, Defendants admit only that Paragraph 85 contains references or characterizations of the matter contained in the sources referenced therein. Defendants deny the remaining allegations as stated in Paragraph 85, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

86.     For the Answer to Paragraph 86 of the Complaint, Defendants assert that no response is required to the allegations therein which are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. To the extent the allegations of Paragraph 86 are directed at

Defendants, Defendants admit only that Paragraph 86 contains references or characterizations of the matter contained in the sources referenced therein. Defendants deny the remaining allegations as stated in Paragraph 86, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

87. For the Answer to Paragraph 87 of the Complaint, Defendants deny the allegation that Defendants published a presentation by Clements. Answering further, Defendants assert that no response is required to the allegations therein which are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. To the extent the allegations of Paragraph 87 are directed at Defendants, Defendants admit only that Paragraph 87 contains references or characterizations of the matter contained in the sources referenced therein. Defendants deny the remaining allegations as stated in Paragraph 87, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

88. For the Answer to Paragraph 88 of the Complaint, Defendants assert that no response is required to the allegations therein which are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they lack knowledge

or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. To the extent the allegations of Paragraph 88 are directed at Defendants, Defendants admit only that Paragraph 88 contains references or characterizations of the matter contained in the sources referenced therein. Defendants deny the remaining allegations as stated in Paragraph 88, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

89.     For the Answer to Paragraph 89 of the Complaint, Defendants assert that no response is required to the allegations therein which are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. To the extent the allegations of Paragraph 89 are directed at Defendants, Defendants admit only that Paragraph 89 contains references or characterizations of the matter contained in the sources referenced therein. Defendants deny the remaining allegations as stated in Paragraph 89, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

90.     For the Answer to Paragraph 90 of the Complaint, Defendants assert that no response is required to the allegations therein which are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they lack knowledge

or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. To the extent the allegations of Paragraph 90 are directed at Defendants, Defendants admit only that Paragraph 90 contains references or characterizations of the matter contained in the sources referenced therein. Defendants deny the remaining allegations as stated in Paragraph 90, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

91.     For the Answer to Paragraph 91 of the Complaint, Defendants assert that no response is required to the allegations therein which are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. To the extent the allegations of Paragraph 91 are directed at Defendants, Defendants admit only that Paragraph 91 contains references or characterizations of the matter contained in the sources referenced therein. Defendants deny the remaining allegations as stated in Paragraph 91, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

92.     Defendants deny the allegations as stated in Paragraph 92 of the Complaint and place Plaintiff to his burden to prove such allegations.

93.     For the Answer to Paragraph 93 of the Complaint, Defendants admit only that the FrankSpeech website had 13,986,053 pageviews from August 10–12, 2021 and that this was the most pageviews FrankSpeech had had over any three-day period up to that time. In response to the allegation that "no subsequent 3-day period has ever reached anything comparable to the user engagement that FrankSpeech enjoyed during the three days of the Symposium, Defendants state that they lack knowledge or information sufficient to form a belief about the truth of the allegation, the legal effect of which is a denial. Defendants deny the remaining allegations.

94.     For the Answer to Paragraph 94 of the Complaint, Defendants admit only that from August 2–15, 2021, the Frank33 promo code generated approximately $1,832,500 in revenue for MyPillow, with approximately $850,100 of that sum accruing from August 10–12. Defendants deny the remaining allegations as stated in Paragraph 94 and place Plaintiff to his burden to prove such allegations.

95.     For the Answer to Paragraph 95 of the Complaint, Defendants admit only that Paragraph 95 contains Plaintiff's characterization of statements made by Lindell at the Symposium and that Lindell informed the Symposium audience that they could use the promo code "Audit" to save up to 66% when purchasing MyPillow products. Defendants deny the remaining allegations as stated in Paragraph 95, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

96.     Defendants admit that MyPillow customers utilizing the promo code "Audit" had purchased at least $442,449 in MyPillow products as of August 13, 2021. Defendants deny that the use of such promo code related to Plaintiff or any of Lindell's statements about Plaintiff.

97.     Defendants deny the allegations as stated in Paragraph 97 of the Complaint and place Plaintiff to his burden to prove such allegations.

**G.      *Lindell continues to target Colorado with election falsehoods.*[7]**

98.     For the Answer to Paragraph 98 of the Complaint, including footnotes 130 and 131, Defendants assert that no response is required to the allegations therein which are not directed at Defendants and which are redundant, immaterial, impertinent, and/or scandalous. To the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. To the extent the allegations of Paragraph 98, including footnotes 130 and 131, are directed at Defendants, Defendants admit only that Paragraph 98 contains references or characterizations of the matter contained in the sources referenced therein. Defendants deny the remaining allegations as stated in Paragraph 98, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

---

[7] Defendants deny the allegations of this sub-heading and place Plaintiff to his burden to prove such allegations.

99.    For the Answer to Paragraph 99 of the Complaint, including footnotes 132 through 134, Defendants assert that no response is required to the allegations therein which are not directed at Defendants and which are redundant, immaterial, impertinent, and/or scandalous. To the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. To the extent the allegations of Paragraph 99, including footnotes 132 through 134, are directed at Defendants, Defendants admit only that Paragraph 99 contains references or characterizations of the matter contained in the sources referenced therein. Defendants deny the remaining allegations as stated in Paragraph 99, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

## H.    Defendants' post-lawsuit defamation blitz.[8]

100.    For the Answer to Paragraph 100 of the Complaint, Defendants admit only that Plaintiff filed his lawsuit in Denver District Court on April 4, 2022. Defendants deny the remaining allegations as stated in Paragraph 100 and place Plaintiff to his burden to prove such allegations.

101.    For the Answer to Paragraph 101 of the Complaint, including footnote 135, Defendants admit only that they were served with Plaintiff's lawsuit on the steps of the

---

[8] Defendants deny the allegations of this sub-heading and place Plaintiff to his burden to prove such allegations.

Capitol and that Defendant Lindell reviewed the original complaint. In response to the allegation that "Lindell was […] escorted through the crowd by Oltmann's personal bodyguard and occasional Conservative Daily co-host, Gregory Papas," Defendants state that they lack knowledge or information sufficient to form a belief about the truth of the allegation, the legal effect of which is a denial. Defendants deny the remaining allegations as stated in Paragraph 101 and place Plaintiff to his burden to prove such allegations.

102.    For the Answer to Paragraph 102 of the Complaint, including footnote 136, Defendants deny that Defendant Lindell asserted and/or promulgated any defamatory falsehoods and place Plaintiff to his burden to prove such allegations. Answering further, Defendants admit only that Paragraph 102 contains references or characterizations of the matter contained in the sources cited therein. Defendants deny the remaining allegations as stated in Paragraph 102, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

103.    For the Answer to Paragraph 103 of the Complaint, including footnote 137, Defendants deny that FrankSpeech and/or Lindell published "defamatory tirade against Dr. Coomer" and place Plaintiff to his burden to prove such allegations. Answering further, Defendants admit only that Paragraph 103 contains references or characterizations of the matter contained in the source cited therein. Defendants deny the remaining allegations as stated in Paragraph 103, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or

communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

104.    For the Answer to Paragraph 104 of the Complaint, including footnotes 138 and 139, Defendants admit only that Paragraph 104 contains Plaintiff's characterizations of a statement made by Lindell. Defendants deny the remaining allegations, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents. Defendants deny that any of the statements identified in Paragraph 104, including subparagraphs (a)–(s), are defamatory and place Plaintiff to his burden of proof.

105.    For the Answer to Paragraph 105 of the Complaint, Defendants admit only that Defendant Lindell "means every word, and he intends for his audience to know that he means what he is saying." Defendants deny the remaining allegations as stated in Paragraph 105 and place Plaintiff to his burden to prove such allegations.

106.    For the Answer to Paragraph 106 of the Complaint, Defendants deny that a "defamatory exchange took place." Answering further, Defendants admit only that Paragraph 106 contains Plaintiff's characterizations of statements made by Lindell and Bannon. Defendants deny the remaining allegations as stated in Paragraph 106, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

107.    For the Answer to Paragraph 107 of the Complaint, Defendants deny the allegation "[t]hat Lindell would so confidently publish such utter nonsense further confirms his reckless disregard for the truth in order to sustain his preconceived narrative that the election was rigged." Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations as stated in Paragraph 107, the legal effect of which is a denial.

108.    For the Answer to Paragraph 108 of the Complaint, including footnote 140, Defendants admit only that Paragraph 108 contains Plaintiff's characterizations of statements made by Lindell. Defendants deny the remaining allegations as stated in Paragraph 108 and place Plaintiff to his burden to prove such allegations.

109.    For the Answer to Paragraph 109 of the Complaint, Defendants admit only that Paragraph 109 contains Plaintiff's characterizations of statements made by Metaxas. Defendants assert that no response that no response is required to the allegations in Paragraph 109 which are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. Defendants deny the remaining allegations, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

110.    For the Answer to Paragraph 110 of the Complaint, Defendants admit only that on April 8, 2022, Lindell's MyPillow email address received and replied to the email

referenced therein. Defendants deny those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 110, the legal effect of which is a denial.

111.   For the Answer to Paragraph 111 of the Complaint, Defendants admit only that the email referenced in Paragraph 110 contained attachments. Defendants deny the remaining allegations in Paragraph 111 as stated, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

112.   For the Answer to Paragraph 112 of the Complaint, Defendants assert that no response is required to the allegations in Paragraph 112 which are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. Defendants deny those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 112, the legal effect of which is a denial.

113.   For the Answer to Paragraph 113 of the Complaint, Defendants assert that no response is required to the allegations in Paragraph 113 which are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. Defendants deny those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 113, the legal effect of which is a denial.

114.   For the Answer to Paragraph 114 of the Complaint, Defendants assert that no response is required because the allegations therein rely upon false assumptions or characterizations, rendering Paragraph 114 purely hypothetical. To the extent that Paragraph 114 is deemed to require a response, Defendants deny having any knowledge of the contents of the referenced spreadsheet prior to the time Plaintiff's counsel showed the spreadsheet to Defendant Lindell and further deny having any duty to make any report to law enforcement regarding the spreadsheet referenced in Paragraph 114.

115.   For the Answer to Paragraph 115 of the Complaint, Defendants admit only that Paragraph 115 contains Plaintiff's characterizations of Lindell's interview on RSBN on May 6, 2022. Defendants deny the remaining allegations as stated in Paragraph 115, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications,

including documents which must be interpreted as a whole and/or which are the best evidence of their own contents. Defendants specifically deny the allegations as stated in Paragraph 115 that Lindell was acting within the scope of his employment of and/or role at MyPillow and place Plaintiff to his burden to prove such allegations.

116.    For the Answer to Paragraph 116 of the Complaint, including footnote 141, Defendants admit only that Paragraph 116 contains Plaintiff's characterizations of Lindell's appearance on the "Conservative Daily" podcast on May 23, 2022. Defendants deny the remaining allegations as stated in Paragraph 116, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

117.    For the Answer to Paragraph 117 of the Complaint, including footnote 142, Defendants admit only that Paragraph 117 contains Plaintiff's characterizations of Lindell's appearance on the "Conservative Daily" podcast on July 13, 2022 and at the Moment of Truth Summit which occurred on August 20–21, 2022. Defendants deny the remaining allegations as stated in Paragraph 117, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

118.    For the Answer to Paragraph 118 of the Complaint, Defendants admit only that Paragraph 118 contains Plaintiff's characterizations of an agreement between FrankSpeech and Pidoxa. Defendants admit they are aware Oltmann is affiliated with

Pidoxa. Defendants deny the remaining allegations as stated in Paragraph 118, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

119.    For the Answer to Paragraph 119 of the Complaint, including footnote 143, Defendants assert that no response is required to the allegations therein which are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. To the extent the allegations of Paragraph 119, including footnote 143, are directed at Defendants, Defendants admit only that Paragraph 119 contains Plaintiff's characterizations of an interview of Peters on Brannon Howse Live on September 7, 2022. Defendants deny the remaining allegations as stated in Paragraph 119, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents. Defendants specifically deny the allegation that FrankSpeech "published another interview defaming Dr. Coomer" and place Plaintiff to his burden to prove this allegation.

120.    For the Answer to Paragraph 120 of the Complaint, Defendants assert that no response is required to the allegations therein which are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they lack

knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. To the extent the allegations of Paragraph 120 are directed at Defendants, Defendants admit only that Paragraph 120 contains Plaintiff's characterizations of an interview of Peters on Brannon Howse Live on September 7, 2022. Defendants deny the remaining allegations as stated in Paragraph 120, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

121.   For the Answer to Paragraph 121 of the Complaint, Defendants assert that no response is required because the allegations therein are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they deny those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents, and that they lack knowledge or information sufficient to form a belief about the truth of remaining allegations of Paragraph 121, the legal effect of which is a denial.

122.   Defendants deny the allegations as stated in Paragraph 122 of the Complaint as stated and place Plaintiff to his burden to prove such allegations.

123.   For the Answer to Paragraph 123 of the Complaint, Defendants assert that no response is required because the allegations therein are not directed at Defendants, but

to the extent a response is deemed required, Defendants further state that they deny those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents, and that they lack knowledge or information sufficient to form a belief about the truth of remaining allegations of Paragraph 123, the legal effect of which is a denial.

124.    For the Answer to Paragraph 124 of the Complaint, including footnotes 144 and 145, Defendants assert that no response is required to the allegations of Paragraph 124 which are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. To the extent the allegations of Paragraph 124, including footnotes 144 and 145, are directed at Defendants, Defendants admit only that Paragraph 124 contains Plaintiff's characterizations of the sources identified therein, that on September 13, 2022, the FBI seized Lindell's cell phone at a Hardee's Restaurant in Minnesota. Defendants deny the remaining allegations as stated in Paragraph 124, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

125.    For the Answer to Paragraph 125 of the Complaint, including footnote 146, Defendants admit only that Paragraph 125 contains Plaintiff's characterizations of

Oltmann's statements on the Conservative Daily Podcast on September 15, 2022. Defendants assert that no response is required to the allegations Paragraph 125 which are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. Defendants deny the remaining allegations, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

126.    Defendants deny the allegations as stated Paragraph 126 of the Complaint, including deny those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

127.    Defendants deny the allegations as stated in Paragraph 127 of the Complaint and place Plaintiff to his burden to prove such allegations.

128.    For the Answer to Paragraph 128 of the Complaint, including footnote 147, Defendants admit only that Paragraph 128 contains Plaintiff's characterizations of Lindell's statements in an interview with Brannon Howse on the Lindell Report on March 10, 2023. Defendants deny the remaining allegations as stated in Paragraph 128, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including

documents which must be interpreted as a whole and/or which are the best evidence of their own contents. Defendants specifically deny the allegation as stated in Paragraph 128 that Defendant Lindell acted as an agent of MyPillow and place Plaintiff to his burden to prove such allegations.

129.    For the Answer to Paragraph 129 of the Complaint, Defendants admit only that Paragraph 129 contains Plaintiff's characterizations of Lindell's statements. Defendants deny the remaining allegations as stated in Paragraph 129, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

130.    For the Answer to Paragraph 130 of the Complaint, Defendants admit only that Paragraph 130 contains Plaintiff's characterizations of Lindell's statements. Defendants deny the remaining allegations as stated in Paragraph 130, including those matters which inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents.

131.    For the Answer to Paragraph 131 of the Complaint, Defendants admit only that MyPillow products are of high quality and available at low prices, and that Paragraph 131 contains Plaintiff's characterizations of Lindell's and Howse's statements. Defendants deny the remaining allegations as stated in Paragraph 131, including those matters which

inaccurately, incompletely, or out-of-context imply, characterize, summarize, or conclude from or about documents and/or communications, including documents which must be interpreted as a whole and/or which are the best evidence of their own contents. To the extent alleged in Paragraph 131, Defendants deny that Lindell and/or Howse acted as an agent of MyPillow and place Plaintiff to his burden to prove such allegation.

132.    Defendants assert that no response is required to the allegations in Paragraph 132 of the Complaint, which are vague allusions to purported acts outside the scope of the Complaint and which are redundant, immaterial, impertinent, and/or scandalous. To the extent a response is deemed required, Defendants deny the allegations as stated in Paragraph 132 of the Complaint and place Plaintiff to his burden to prove such allegations.

**I.      Defendants' allegations against Dr. Coomer were made with actual malice.[9]**

133.    Defendants deny the allegations as stated in Paragraph 133 of the Complaint and place Plaintiff to his burden to prove such allegations.

134.    For the Answer to Paragraph 134 of the Complaint, Defendants assert that no response is required to the allegations therein which are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial.

135.    For the Answer to Paragraph 135 of the Complaint, Defendants assert that no response is required to the allegations therein which are not directed at Defendants, but

---

[9] Defendants deny the allegations of this sub-heading and place Plaintiff to his burden to prove such allegations.

to the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial.

136. For the Answer to Paragraph 136 of the Complaint, Defendants assert that no response is required to the allegations therein which are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial.

137. For the Answer to Paragraph 137 of the Complaint, including footnote 148, Defendants assert that no response is required to the allegations therein which are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial.

138. For the Answer to Paragraph 138 of the Complaint, Defendants assert that no response is required to the allegations therein which are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. Defendants deny the remaining allegations as stated in Paragraph 138 and place Plaintiff to his burden to prove such allegations.

139. For the Answer to Paragraph 139 of the Complaint, Defendants assert that no response is required to the allegations therein which are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they lack

knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. Defendants deny the remaining allegations as stated in Paragraph 139 and place Plaintiff to his burden to prove such allegations.

140.    For the Answer to Paragraph 140 of the Complaint, Defendants admit only that Lindell relied on the statements of Newsmax CEO Christopher Ruddy in forming his belief that Plaintiff made a "deal" to financially harm him and MyPillow by preventing Lindell from appearing on Newsmax and promoting his products. Defendants deny the remaining allegations as stated in Paragraph 140 and place Plaintiff to his burden to prove such allegations.

## J.    Defendants harmed Dr. Coomer.[10]

141.    For the Answer to Paragraph 141 of the Complaint, including footnote 149, Defendants deny the allegations as stated in Paragraph 141 and place Plaintiff to his burden to prove such allegations.

142.    For the Answer to Paragraph 142 of the Complaint, Defendants assert that no response is required because the allegations are not directed at Defendants. To the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial.

143.    For the Answer to Paragraph 143 of the Complaint, Defendants assert that no response is required because the allegations are not directed at Defendants. To the extent

---

[10] Defendants deny the allegations of this sub-heading and place Plaintiff to his burden to prove such allegations.

a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial.

144.    For the Answer to Paragraph 144 of the Complaint, Defendants assert that no response is required because the allegations are not directed at Defendants. To the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial.

145.    Defendants deny the allegations as stated in Paragraph 145 of the Complaint, including footnote 150, and place Plaintiff to his burden to prove such allegations.

## V.    CAUSES OF ACTION

### A.    *Defamation Against Defendants*

146.    Defendants restate and re-allege all preceding Paragraphs of this Answer.

147.    Defendants deny the allegations as stated in Paragraph 147 of the Complaint and place Plaintiff to his burden to prove such allegations.

148.    Defendants deny the allegations as stated in Paragraph 148 of the Complaint and place Plaintiff to his burden to prove such allegations.

149.    Defendants deny the allegations as stated in Paragraph 149 of the Complaint and place Plaintiff to his burden to prove such allegations.

150.    Defendants deny the allegations as stated in Paragraph 150 of the Complaint and place Plaintiff to his burden to prove such allegations.

**B.    *Intentional Infliction of Emotional Distress Against Defendants***

151.    Defendants restate and re-allege all preceding Paragraphs of this Answer.

152.    For the Answer to Paragraph 152 of the Complaint, Defendants assert that no response is required to the allegations therein which are not directed at Defendants, but to the extent a response is deemed required, Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of such allegations, the legal effect of which is a denial. Defendants all remaining allegations as stated in Paragraph 152 of the Complaint and place Plaintiff to his burden to prove such allegations.

153.    Defendants deny the allegations as stated in Paragraph 153 of the Complaint and place Plaintiff to his burden to prove such allegations.

154.    Defendants deny the allegations as stated in Paragraph 154 of the Complaint and place Plaintiff to his burden to prove such allegations.

**C.    *Civil Conspiracy Against Defendants***

155.    Defendants restate and re-allege all preceding Paragraphs of this Answer.

156.    Defendants deny the allegations as stated in Paragraph 156 of the Complaint and place Plaintiff to his burden to prove such allegations.

157.    Defendants deny the allegations as stated in Paragraph 157 of the Complaint and place Plaintiff to his burden to prove such allegations.

158.    Defendants deny the allegations as stated in Paragraph 158 of the Complaint and place Plaintiff to his burden to prove such allegations.

159.    Defendants deny the allegations as stated in Paragraph 159 of the Complaint and place Plaintiff to his burden to prove such allegations.

### D.      Permanent Injunction

160.    Defendants restate and re-allege all preceding Paragraphs of this Answer.

161.    Defendants deny having made and/or published any defamatory statements relating to Plaintiff and deny that Plaintiff is entitled to injunctive relief.

### E.      Exemplary damages

162.    Defendants restate and re-allege all preceding Paragraphs of this Answer.

163.    Defendants deny the allegations as stated in Paragraph 163 of the Complaint and place Plaintiff to his burden to prove such allegations.

164.    Defendants deny the allegations as stated in Paragraph 164 of the Complaint and place Plaintiff to his burden to prove such allegations.

165.    Defendants deny the allegations as stated in Paragraph 165 of the Complaint and place Plaintiff to his burden to prove such allegations.

166.    Defendants deny the allegations as stated in Paragraph 166 of the Complaint and place Plaintiff to his burden to prove such allegations.

167.    Defendants deny the allegations as stated in Paragraph 167 of the Complaint and place Plaintiff to his burden to prove such allegations.

168.    Defendants deny the allegations as stated in Paragraph 168 of the Complaint and place Plaintiff to his burden to prove such allegations.

169.    Defendants deny the allegations as stated in Paragraph 169 of the Complaint and place Plaintiff to his burden to prove such allegations.

170.    For the Answer to Paragraph 170 of the Complaint, Defendants admit only that Lindell did not personally read Plaintiff's First Amended Complaint until March of

this year. Defendants deny the remaining allegations as stated in Paragraph 170 of the Complaint and place Plaintiff to his burden to prove such allegations.

171.    Defendants deny the allegations as stated in Paragraph 171 of the Complaint and place Plaintiff to his burden to prove such allegations.

172.    Defendants deny the allegations as stated in Paragraph 172 of the Complaint and place Plaintiff to his burden to prove such allegations.

173.    Paragraph 173 of the Complaint contains unfounded and scandalous allegations that should be stricken from the Complaint. These allegations require no response from Defendants. To the extent a response is deemed required, Defendants deny the allegations as stated in Paragraph 173 of the Complaint and place Plaintiff to his burden to prove such allegations.

174.    Defendants deny the allegations as stated in Paragraph 174 of the Complaint and place Plaintiff to his burden to prove such allegations.

## VI.    DEMAND FOR RETRACTION

175.    Defendants deny having made and/or published any defamatory statements relating to Plaintiff and deny that they need to retract any statement alleged by Plaintiff. Defendants further reserve the right to oppose Plaintiff's further amendment of the pleadings.

## VII.    JURY DEMAND

176.    Defendants do not dispute trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1.      That Plaintiff's Second Amended Complaint be dismissed with prejudice in its entirety;

2.      That Defendants recover their reasonable costs, attorneys' fees, and disbursements;

3.      For such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Defendants allege and assert the following affirmative defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, subject to their responses above, Defendants expressly reserve the right to allege additional defenses that become known through the course of discovery and/or trial.

1.      Plaintiff cannot recover because Mr. Lindell believed his allegedly defamatory statements were true when the statements were made.

2.      Plaintiff cannot recover because the allegedly defamatory statements were substantially true.

3.      Plaintiff cannot recover because the allegedly defamatory statements were expressions of opinion, not fact.

4.      Plaintiff's claims are barred because the allegedly defamatory statements were made without actual malice.

5.      Plaintiff's claims are barred by Section 230 of the Communications Decency Act of 1996 (47 U.S.C. § 230).

6.      The statements alleged in the Complaint are protected by the First Amendment to the United States Constitution and by law. *See, e.g., New York Times Co. v. Sullivan,* 376 U.S. 254 (1964). Plaintiff is therefore constitutionally and legally barred from recovering on his claims.

7.      Defendants bear no responsibility for the statements alleged in the Complaint to be defamatory because and to the extent Defendants neither made nor endorsed the statements.

8.      Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and/or the single publication rule.

9.      Plaintiff's claims are barred in whole or in part because the allegedly defamatory statements are of and concerning Plaintiff in his role as a governmental actor, which deprives him of standing to sue and/or creates an absolute privilege for the statements.

10.     Plaintiff has suffered no damages arising from any act by Defendants.

11.     Plaintiff has failed to mitigate his alleged damages.

12.     Plaintiff has failed to name and join necessary parties who are responsible for any alleged damages.

13.     Plaintiff has failed to plead special damages under the heightened pleading requirements of Federal Rule of Civil Procedure 9(g).

14.     Plaintiff has failed to identify damages under Federal Rule of Civil Procedure 26(a)(1)(iii).

15.     Plaintiff's claims are barred in whole or in part because some or all of any alleged damages suffered by Plaintiff were not caused by the statements allegedly made by Defendants and were, in fact, caused by intervening, supervening, and/or preceding causes independent of Defendants' conduct.

16.     By his actions, activities, omissions, and/or words, Plaintiff assumed the risk of any damages he suffered. Through his own public statements while employed by Dominion, Plaintiff assumed the risks of criticism, public debate, emotional distress, loss of employment, and/or the loss of future employment opportunities.

17.     Plaintiff is barred from recovery by his own illegal and inequitable conduct.

18.     Plaintiff is barred from recovery in this litigation because and to the extent he has been made whole by settlement agreement(s) with non-parties.

19.     Plaintiff is estopped from recovering under his claims.

20.     Plaintiff has waived any right to recovery for his claims.

21.     Plaintiff is barred from recovery by his unclean hands.

22.     Plaintiff's claims are barred in whole or in part by Plaintiff's own contributory negligence.

23.     Plaintiff's claims are barred in whole or in part by the incremental harm doctrine.

24.     Plaintiff's claims are barred in whole or in part by the libel-proof plaintiff doctrine. Defendants' statements failed to cause Plaintiff harm as his reputation had already been damaged beyond repair by his own conduct.

## RESERVATION OF RIGHTS

Defendants reserve the right to revise, supplement, and/or amend their Answer and Defenses, including reserving any defenses permitted under the Federal Rules of Civil Procedure, and/or at law or in equity, that may now exist or may in the future be available based on discovery and/or further investigation in this case.

WHEREFORE, Defendants respectfully pray for an order and judgment of this Court in their favor against Plaintiff as follows:

1.     Dismissing Plaintiff's Second Amended Complaint with prejudice and on the merits.

2.     That Defendants be awarded their costs and reasonable attorneys' fees incurred in the defense of this action.

3.     Awarding Defendants such other and further relief as the Court deems just and equitable.

DATED:  July 21, 2023          **PARKER DANIELS KIBORT LLC**

By: */s/* Ryan P. Malone
Andrew D. Parker (MN Bar #195042)
Jesse H. Kibort (MN Bar #328595)
Ryan P. Malone (MN Bar #395795)
Abraham S. Kaplan (MN Bar #399507)
123 N. Third Street, Suite 888
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
kibort@parkerdk.com
malone@parkerdk.com
kaplan@parkerdk.com

*Counsel for Defendants*