IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129-NYW-SKC

ERIC COOMER, Ph.D.,
    Plaintiff

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC,
AND MY PILLOW, INC.,
    Defendants

**PLAINTIFF'S MOTION TO COMPEL DEPOSITION TESTIMONY FROM DEFENDANT MICHAEL J. LINDELL AND MOTION FOR SANCTIONS PURSUANT TO F.R.C.P. 30 AND F.R.C.P. 37**

TO THE HONORABLE THE UNITED STATES DISTRICT COURT:

Plaintiff Eric Coomer, Ph.D. (Dr. Coomer), through counsel, files this Motion to Compel and for Sanctions, stating in support thereof as follows:

**CERTIFICATE OF CONFERRAL**

Plaintiff has conferred with counsel for Defendants. Defendants are opposed to the relief requested herein.

**INTRODUCTION**

During three depositions, Defendant Michael J. Lindell (Mr. Lindell) was vulgar, threatening, loud, disrespectful to Dr. Coomer's counsel and the Court, evasive, and largely non-responsive to questioning. His last deposition, taken in Minneapolis on August 23, 2023, ended after Mr. Lindell left the witness chair during an unscheduled

1

break while, again, disparaging counsel. This led to the suspension of the deposition and the filing of this Motion.

Dr. Coomer is providing the Court with the transcripts of the three depositions and selected video evidence but wishes to focus the Court's attention on the most recent deposition of Mr. Lindell. Through this Motion, Dr. Coomer seeks an order compelling Mr. Lindell to appear before the Court or the Magistrate Judge in Denver, Colorado, so that decorum can be maintained and contemporaneous rulings can be sought during a rescheduled deposition. Dr. Coomer further seeks attorney fees and expenses associated with Mr. Lindell's discovery abuse.

Pursuant to the Amended Protective Order [Dkt. 149], which allows a window for confidentiality designations that has not yet expired, Dr. Coomer files the August 23, 2023 deposition transcript of Mr. Lindell under seal, (**Exhibit 1**), and submits it for conventional filing as part of the record in this matter, along with video footage of the deposition (**Exhibits 2-5**) for the Court's review on a USB flash drive in a folder identified as CONFIDENTIAL. The transcripts for the March 8-9, 2023 30(b)(6) deposition of MyPillow, Inc., (**Exhibit 6-7**), and the March 9, 2023 30(b)(6) deposition of FrankSpeech LLC, (**Exhibit 8**), as well as excerpted video footage for each (**Exhibits 9-34**) are also included as exhibits not under seal as the window for confidentiality designations with respect to those depositions has expired. **Exhibits 6-34**, as well as below identified **Exhibit 35** may be accessed via this link: https://caincloud.egnyte.com/fl/fYk81AMK4m; however, are also being submitted for

2

conventional filing as part of the record in this matter on a USB flash drive in a folder separate from that identified as CONFIDENTIAL.

## I. BACKGROUND

1. Prior to the deposition of Mr. Lindell in his individual capacity, which was scheduled by agreement of the parties for August 23, 2023, Mr. Lindell had been deposed in his corporate capacity for the named corporate Defendants herein My Pillow, Inc. (on March 8-9, 2023), and Frankspeech LLC (on March 9, 2023).

2. During both prior depositions of Mr. Lindell, he was combative, vulgar, disrespectful, non-responsive, evasive, and consistently loud. He constantly refused requests to answer the questions asked, to slow down in his responses (primarily for the court reporter's benefit, who refused to come back for a second day and had to be replaced), and to speak quietly and clearly. He repeatedly demeaned Dr. Coomer's counsel in derogatory, personal attacks, including derisive references such as "ambulance chasing asshole.[1]" Dr. Coomer's counsel objected to his answers as non-responsive numerous times, and he was repeatedly reprimanded on the record by counsel present.[2]

3. Mr. Lindell's August 23 deposition, in his personal capacity, was even more chaotic. Dr. Coomer attended this deposition, and Mr. Lindell acknowledged his presence

---

[1] *See* **Exhibits 6-7**, 30(b)(6) Depo. Tr. MyPillow, Inc., (March 8-9, 2023), at 7:1-8:1; 9:20-10:20; 12:14-16:18; 93:11-19; 99:9-15; 103:2-24; 105:2-5; 181:1-182:3; 186:22-187:6; 208:15-22; 209:19-25; 233:11-24; 263:5-17; 277:4-278:7; 279:13-280:6; 288:2-14; 289:16-21; 392:2-393:7; *see also* **Exhibits 9-26**. *See* **Exhibit 8**, 30(b)(6) Depo. Tr. FrankSpeech LLC (March 9, 2023), at 142:15-143:5; 149:17-150:9; 203:10-19; 276:24-277:6; 280:7-9; 295:20-25; 296:6-298:3; 306:14-25; *see also* **Exhibits 27-34**.

[2] *See* **Exhibits 6-7**, at 12:14-16:18; 35:2-8; 52:14; 59:25-60:25; 102:7-103:24; 110:2-111:25; 116:2-3; 209:19; 224:8-225:19; 225:20-226:13; 266:17-20; 280:10-281:14; 284:16-286:22; 289:22-24; 382:4-10; 392:2-17. *See also* **Exhibit 8**, at 208:15-22.

3

by simply stating, "disgusting slime." Indeed, Mr. Lindell's conduct was so outrageous that counsel for Dr. Coomer alerted Mr. Lindell's counsel of the potential for sanctions even before the parties went on the record.[3]

4. The attached transcripts and videos speak for themselves, but various matters warrant discussion. Mr. Lindell made numerous personal attacks on both Dr. Coomer and his counsel, referring to them as "criminals," "liars," "slime," "disgusting," "ambulance chasers," and "ridiculous," among various other pejoratives too numerous to list here.[4] He sarcastically referred to counsel as "your highness,"[5] answered questions by stating "let me see if I can get this through your thick skull,"[6] and repeatedly shouted, "what is wrong with you?"[7] He repeatedly referred to Judge Wang as "disgusting" while mocking these proceedings.[8]

5. Mr. Lindell refused to provide a direct answer to virtually every question asked, instead opting to shout over Dr. Coomer's counsel and then provide lengthy, meandering filibusters that each consumed substantial amounts of time and several pages of transcript. Counsel objected to these non-sequiturs as non-responsive no less than

---

[3] Mr. Lindell subsequently confirmed this interaction had occurred, and insisted that his use of the phrase "disgusting slime" be captured on the record. *See* **Exhibit 1**, 74:7-75:8.

[4] *See, e.g.*, **Exhibit 1**, Depo. Tr. Michael Lindell, (Aug. 23, 2023), at 6:9-11; 7:18-8:7; 8:10-9:9; 10:10-11:20; 18:3-19:2; 80:4-81:10; 96:3-97:24; 144:20-145:25; 149:17-150:18; 160:10-23; 209:20-211:4; 223:1-25; 287:13-24; 307:1-7; 330:24-331:9; 357:11-358:17.

[5] *Id.*, at 48:22-50:17.

[6] *Id.*, at 96:3-97:24.

[7] *Id.*, at 160:10-23; 287:13-24.

[8] *Id.*, at 78:21-79:25; 80:4-81:10

4

thirty-three (33) times.[9] Both Dr. Coomer's counsel and Mr. Lindell's counsel made numerous efforts to manage Mr. Lindell's outrageous and disruptive conduct, but to no avail. At least twenty-six separate admonitions on the record from both counsels were entirely futile.[10]

6. In addition to this stream of constant personal attacks and refusals to answer questions, Mr. Lindell insisted on various breaks. At one point, he left the deposition to go appear on Steve Bannon's podcast "War Room."[11] He kept his cell phone on and insisted on taking calls.[12] Dr. Coomer's counsel finally suspended the deposition when Mr. Lindell again stood up and walked out of the room to take a call, shouting that Dr. Coomer's counsel was a "jerk" as he left.[13] The video record of these events is provided herein and is demonstrably worse than any attempt to describe the conduct.

7. On account of these constant breaks and disturbances, when Dr. Coomer's counsel finally suspended the deposition at 3:47 p.m., he had only managed to complete a total of 4 hours and 35 minutes on the record with Mr. Lindell in his individual capacity.

---

[9] *Id.*, at 25:7-27:9; 29:5-30:7; 41:23-42:1; 48:18-19; 52:7-8; 52:17-18; 57:9-10; 64:23-65:1; 77:7-8; 103:22-104:18; 104:19-25; 113:5-114:21; 138:1-24; 139:20-141:14; 144:20-145:25; 156:14-158:8; 179:8-16; 185:18-187:6; 197:16-199:18; 202:6-203:18; 218:10-219:11; 280:18-281:20; 283:23-284:14; 295:9-296:10; 300:2-301:9; 309:4-310:18; 324:18-325:9; 327:13-328:23; 332:1-333:11; 336:5-337:14; 339:4-340:19; 340:23-341:24; 342:3-344:3.

[10] *Id.*, at 8:18-10:9; 13:9-17; 20:4-5; 21:15-20; 27:22-23; 31:22; 48:22-50:17; 73:21-74:4; 75:13-76:11; 131:19-20; 143:15-144:3; 146:15-21; 149:17-150:18; 165:21-166:18; 178:6-10; 179:8-16; 184:17-185:9; 189:10-17; 193:25-194:9; 209:20-211:4; 212:10-213:1; 223:1-25; 242:24-243:20; 276:18-23; 307:1-7; 330:24-331:6.

[11] **Exhibit 35,** *Bannon's War Room Podcast, Episode 2975: Selling out MAGA With Your Dollar; Return of the Mask* (Aug. 23, 2023). Mr. Lindell started the interview by stating, "Well, Steve, I had to jump into a room here. I'm in the middle of deposition for a big attack on MyPillow right now." Bannon concluded the interview by stating, "Go back into your deposition and give 'em hell. Give 'em hell from the war room."

[12] *Id.*, at 100:16-101:2; 114:22-115:16; 122:16-22; 288:14-25; 357:11-358:17.

[13] *Id.*, at 357:11-358:17.

During this time, Dr. Coomer's counsel was barely able to complete any questioning at all on account of Mr. Lindell's shouting, rapid-fire filibusters and refusals to allow counsel to ask questions.  This repetitive shouting of non-sequiturs amounted to a remarkable 367 pages of transcript, despite the relatively brief duration recorded.  Upon suspension of the deposition, Dr. Coomer's counsel specifically noted on the record the numerous topics he had prepared to address but was unable to because of Mr. Lindell's obfuscation.[14]

8. Throughout these events, Mr. Lindell's counsel was incapable of managing his conduct and was unable to get the deposition back on track.  Dr. Coomer recognizes the challenges associated with representing such an unmanageable client, and does not seek sanctions against Mr. Lindell's counsel at this time.  Nonetheless, the Rules impose duties on attorneys in these circumstances too, and Dr. Coomer requests an Order similarly putting counsel on notice that their clients' conduct will not be tolerated.

## II.    LEGAL STANDARD

9. Imposition of sanctions for abuse of discovery is a matter within the discretion of the trial court.  *Orjias v. Stevenson*, 31 F.3d 995, 1005 (10th Cir. 1994). FED. R. CIV. P. 30(c)(1) requires that ". . . [t]he examination and cross-examination of a deponent proceeds as they would at trial . . . ."  In addition, Federal Rule of Civil Procedure 30(d)(2) allows the Court to "impose an appropriate sanction–including the reasonable expenses and attorney's fees incurred by any party–on a person who impedes, delays, or frustrates the fair examination of the deponent."

---

[14] *Id.*, at 362:6-366:7.

10. Pursuant to Federal Rule of Civil Procedure 37(a)(4), evasive responses during a deposition are treated "as a failure to disclose, answer, or respond." *Carroll v. Allstate Fire & Cas. Ins. Co.*, No. 12-CV-00007-WJM-KLM, 2014 WL 859238, at *7 (D. Colo. Mar. 4, 2014). In addition, F.R.C.P. 30(d)(2) allows to Court to "impose an appropriate sanction, including the reasonable expenses and attorney's fees incurred by any party, on a person who impedes, delays, or frustrates the fair examination of the deponent." Although often applied to third parties accused of interrupting the deposition, the Rule supports the imposition of sanctions based on the deponent's own behavior during the deposition. *Id.* (citing *Rapaport v. Soffer*, 2013 WL 6451768, at *5 (D. Nev. Dec. 9, 2013); *Van Stelton v. Van Stelton,* 2013 WL 5574566, at *18 (N.D. Iowa Oct. 9, 2013) (awarding sanctions based on the behavior of the deponent and stating "the express language of Rule 30(c) applies to any participant in the deposition . . . ."); *GMAC Bank v. HTFC Corp.*, 248 F.R.D. 182, 193 (finding deponent's behavior violated Rule 37(a)(3)(B)(i) and Rule 30(d)(2) and imposing sanctions on the deponent).

11. The imposition of sanctions under Rule 30(d)(2) requires the movant to identify language or behavior that impeded, delayed, or frustrated the fair examination of the deponent. *See* F.R.C.P. 30(d)(2). When making this inquiry, the Court will look to: (1) the specific language used (e.g. use of offensive words or inappropriate tones); (2) the conduct of the parties (e.g. excessive objections or speaking objections); and (3) the length of the deposition. Second, the movant must identify "an appropriate sanction." *Dunn v. Wal-Mart Stores, Inc.*, 2013 WL 5940099, at *5 (D.Nev. Nov. 1, 2013).

### III.   ARGUMENT

#### A.   *Sanctions are warranted under F.R.C.P. 30*

12.     Pursuant to Federal Rule of Civil Procedure 30(d)(2), the Court may impose an appropriate sanction, including attorneys fees incurred by any party, on a person who impedes, delays, or frustrates the fair examination of the deponent.  F.R.C.P. 30(d)(2); *see also* D.C.COLO.LCivR 30.3(d) ("When a judicial officer determines that a party . . . unreasonably has interrupted, delayed, or prolonged a deposition, . . . that party or its counsel, or both, may be ordered to pay each other party's expenses, including without limitation, reasonably necessary . . . attorney fees . . . for that portion of the deposition determined to be excessive.").  *Holland v. Williams*, No. 1:16-CV-00138-RM-MLC, 2018 WL 942228, at *1 (D. Colo. Feb. 12, 2018).

13.     Mr. Lindell's conduct during his August 23, 2023 deposition easily meets the standard for sanctions under Rule 30, and in fact far exceeds other instances where this Court has issued relief similar to that sought here.  For example, in *Carroll v. Allstate Fire and Casualty Ins. Co.*, the Court awarded attorney's fees and costs against an expert witness who engaged in personal attacks against counsel and repeated obstructionist tactics throughout his deposition.  No. 12-CV-00007-WJM-KLM, 2014 WL 859238, at *10-11 (D. Colo. Mar. 4, 2014).  In support of its finding, the Court in *Carroll* noted instances where the deponent would not allow counsel to ask questions, mocked his approach to the deposition, and issued personal attacks.  *Id*. at pp. 8-10.

14.     The dozens of record cites provided above are too numerous to address individually here, but a few examples are illustrative of the conduct at issue here.

8

- Mr. Lindell started the deposition by referring to this case as "the criminals versus Mike Lindell,"[15]

- Mr. Lindell went on to refer to Dr. Coomer and his counsel as "criminals" at least another thirteen times.[16]

- Mr. Lindell referred to both Dr. Coomer (who was present for the deposition) and his counsel, stating, "Anybody that would do what you and this guy have done is disgusting, it's slimy, you're an ambulance chasing, slimy, scumbag lawyer.  And you're a money-grubbing, evil person.  And your client there for him going after MyPillow and my employees, same thing.  End of story."[17]

- In response to a question about whether he harbored ill will against Dr. Coomer and his counsel, Mr. Lindell stated, "I think you're one of the slimiest lawyers that ever walked the planet in the United States.  One of the slimiest.  Anybody, and your client, for whatever gain you got to try and – to extract people and hurt people for your own monetary gain.  I think it's the slimiest, scummiest lawyer – you're the reasons that our law system in this country should be looked at because ambulance chasing, slimy lawyers like yourself."[18]

- When reprimanded for his constant non-responsiveness, even by his own counsel, Mr. Lindell responded, "I'm so sorry, Your Highness,"[19] and continued with the exact same conduct.

- Mr. Lindell showed contempt for the Court by repeatedly referred to U.S. District Judge Wang as "disgusting."[20]

- In response to a question about the basis for his published comments about Dr. Coomer, Mr. Lindell started his response with, "I will answer this as clear as I can to get it through your thick skull."[21]

---

[15] *Id.*, at 7:18-8:7.

[16] *Id.*, at 9:6-9; 10:10-11:8; 20:12-21:2; 21:15-25; 210:9-211:4

[17] *Id.*, at 74:19-75:2.

[18] *Id.*, at 72:8-74:4.

[19] *Id.*, at 48:22-50:17.

[20] *Id.*, at 78:21-79:25; 80:4-81:10.

[21] *Id.*, at 96:3-97:24

- Mr. Lindell left the deposition to go appear on Steve Bannon's podcast, where he discussed the deposition while promoting MyPillow products.[22]

- Mr. Lindell was reprimanded for his abusive, non-responsive, interrupting, disrespectful, and evasive conduct literally dozens of times, including repeatedly by his own counsel, and still refused to make any effort to adjust his conduct.[23]

15.   The result of this conduct was to effectively render all of Dr. Coomer's preparations for the deposition, and the deposition itself, a complete waste of time and resources for everyone involved. Under these circumstances, sanctions are appropriate and necessary.

## B.   *Sanctions are warranted under F.R.C.P. 37*

16.   As noted above, pursuant to Federal Rule of Civil Procedure 37(a)(4), evasive responses during a deposition are treated "as a failure to disclose, answer, or respond." *Carroll v. Allstate Fire & Cas. Ins. Co.*, No. 12-CV-00007-WJM-KLM, 2014 WL 859238, at *7 (D. Colo. Mar. 4, 2014).

17.   Mr. Lindell's conduct throughout the entirety of his deposition was evasive in the extreme. His countless refusals to answer the questions asked, or to even allow counsel to ask them, are rightly understood as failures to disclose, answer, or respond. Sanctions are, therefore, appropriate under Federal Rule of Civil Procedure 37 as well.

## C.   *Relief Sought*

18.   Dr. Coomer requests all attorney fees and costs associated with preparation for the deposition, the deposition itself, all related costs associated with travel and

---

[22] *Id.*, at 114:22-115:16; 122:16-22; *see also* **Exhibit 35**.
[23] *Supra* n. 10-11.

10

accommodations, and all fees associated with this Motion and any reply. Dr. Coomer will submit an affidavit of fees and costs when briefing on this matter is concluded and assuming the Court grants the requested relief.

19. Dr. Coomer also requests an order compelling Mr. Lindell to appear in the United States Courthouse in Denver, Colorado, for a rescheduled deposition. This relief is necessary to maintain decorum and for Dr. Coomer to seek contemporaneous rulings or orders, if necessary. It is important to note that Mr. Lindell's abusive conduct and rhetoric are part of a pattern that has escalated over time.[24] His personal contempt for Dr. Coomer and his counsel is palpable, and his own counsel is incapable of managing his conduct. The discovery deadline has expired, and Dr. Coomer cannot risk traveling for another futile attempt to obtain deposition testimony from Mr. Lindell where he shouts non-sequiturs for hours on end which would lead to another time-consuming motion to compel thereafter. The interests of the parties and the Court are best served by an order compelling the continuation of Mr. Lindell's deposition to take place in a forum where it is most likely to serve its intended function. The requested relief is in keeping with this Court's practice in this same proceeding, where at least one other uncooperative witness was previously compelled to appear for deposition at the Alfred A. Arraj United States Courthouse to provide deposition testimony.[25]

---

[24] *See, e.g.*, **Exhibits 6-8**.

[25] *See* Minute Order, Dec. 13, 2022 [Dkt. 86], compelling Joseph Oltmann to appear for a deposition at the Alfred A. Arraj United States Courthouse.

## IV. CONCLUSION

For the reasons stated above, Eric Coomer, Ph.D. requests an order awarding the following:

- All fees and costs associated with preparation for the deposition;

- All fees and costs associated with traveling to and from Minnesota to conduct the deposition, including accommodations;

- All fees and costs associated with taking the deposition itself;

- Attorney fees associated with review of the transcripts and drafting of this Motion and any associated reply; and

- An order compelling Mr. Lindell to appear before the Court or the Magistrate Judge in Denver, Colorado, for a period of seven (7) hours on the record in order to complete his individual deposition.

Respectfully submitted this 7th day of September 2023.

            */s/ Charles J. Cain*
            Charles J. Cain, No. 51020
            ccain@cstrial.com
            Bradley A. Kloewer, No. 50565
            bkloewer@cstrial.com
            David E. Jennings, No. 54643
            djennings@cstrial.com
            Steve Skarnulis
            skarnulis@cstrial.com
            Zachary H. Bowman
            zbowman@cstrial.com
            **Cain & Skarnulis PLLC**
            P. O. Box 1064
            Salida, Colorado 81201
            and
            303 Colorado Street, Suite 2850
            Austin, Texas 78701
            719-530-3011/512-477-5011 (Fax)

Thomas J. Rogers III, No. 28809
trey@rklawpc.com
Mark Grueskin, No. 14621
mark@rklawpc.com
**RechtKornfeld PC**
1600 Stout Street, Suite 1400
Denver, Colorado 80202
303-573-1900
**ATTORNEYS FOR PLAINTIFF**