IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129-NYW-SKC

ERIC COOMER, PH.D.,

   Plaintiff,

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC, AND MY PILLOW, INC.,

   Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO DEFENDANTS' OMNIBUS MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR EXPEDITED ORDER**

## INTRODUCTION

Plaintiff filed an improper motion and now seeks to use it for further relief. No good cause exists to deviate from the standard briefing schedule of D.C.COLO.LCivR 56.1(a), and Plaintiff's Motion for Extension of Time (ECF #182) should be denied.

## ARGUMENT

1.   Plaintiff filed a Motion for Sanctions on September 7. (ECF #172). Defendants will respond in due course to that Motion on or before the deadline of September 28, 2023. D.C.COLO.LCivR 7.1(d).

2.   As Defendants' forthcoming response will detail, Plaintiff's Motion for Sanctions is improper because Plaintiff did not make a good-faith effort to meet and confer prior to bringing it, as required by Federal Rule of Civil Procedure 37(a)(1), D.C.COLO.LCivR 7.1(a), and Section 12 of the Court's Scheduling Order (ECF #32 (citing D.C.COLO.LCivR 7.1(a))). Instead, Plaintiff

sent a single email stating "We'll be filing a motion for sanctions under FRCP 30 and 37 arising from Lindell's conduct in his deposition on August 23. I assume you'll oppose, but please confirm." (Ex. 1). This email was a declaration of Plaintiff's predetermined course of action—not an attempt to resolve the issue.

3. Defendants' forthcoming response will also detail that the Motion for Sanctions is improper because Plaintiff failed to seek an order to compel a disclosure or response prior to filing the Motion. *Compare* Fed. R. Civ. P. 37(a)(3)(B)(i)*, with id.* at 37(b)(1)–(2) (requiring disobedience of a court order prior to a finding of contempt or the issuance of "further just orders" such as sanctions).

4. Because Plaintiff failed to follow the Court's Scheduling Order, the Local Rules of Practice, and the Federal Rules of Civil Procedure in filing the Motion for Sanctions, the Court should strike the Motion for Sanctions "without substantive consideration or [order] other appropriate sanctions." Civ. Practice Standard 1.1(c); *see also id.* at 7.1A(c) (permitting Court to deny without prejudice or strike *sua sponte* motions filed without proper certification under D.C.COLO. LCiv 7.1(a)).

5. As Defendants will further detail in their forthcoming response to Plaintiff's Motion for Sanctions, that Motion, even if it had been filed timely and after a good-faith effort to meet and confer, is also legally insufficient to sustain any sanction under Fed. R. Civ. P. 30.

6. A district court has discretion, but is "in no way obligated to," impose appropriate sanctions when a person "'impedes, delays, or frustrates the fair examination of the deponent.'" *Nebeker v. Nat'l Auto Plaza*, 643 Fed. Appx. 817, 826 (10th Cir. 2016) (quoting Fed. R. Civ. P. 30(d)(2)). To prevail on a sanctions motion under Rule 30, assuming it is properly brought in the first instance, the moving party "must identify language or behavior that impeded, delayed, or

frustrated the fair examination of the deponent. When making this inquiry, the court will look to: (1) the specific language used (e.g., use of offensive words or inappropriate tones); (2) the conduct of the parties (e.g., excessive objections or speaking objections); and (3) the length of the deposition." *Nichols v. Denver Health & Hosp. Auth.*, No. 19-cv-02818-DDD-KLM, 2020 U.S. Dist. LEXIS 167381,[1] at * 6–7 (D. Colo. Sept. 14, 2020) (citing Fed. R. Civ. P. 30(d)(2); *Dunn v. Wal-Mart Stores, Inc.*, No. 2:12-cv-01660-GMN-VCF, 2013 U.S. Dist. LEXIS 157554,[2] at *14 (D. Nev. Nov. 1, 2013)).

7. Defendant Lindell did not impede, delay, or frustrate his examination on August 23, 2023. He answered all questions fully and truthfully. Indeed, within the first fifteen minutes of his deposition, it had apparently already been decided that Plaintiff would be bringing the Motion for Sanctions. (Lindell Dep., ECF #173 (Restricted), at 21:15–20). Lindell's deposition then proceeded for another four hours of on-the-record time, and approximately six hours of real time, before Plaintiff opted to end it. (*See id.* at 4:1 (on the record at 9:22 am), 116:13–15 (off the record at 10:42 am), 116:18–20 (on the record at 11:04 am), 230:1–2 (off the record at 12:30 pm), 230:5–7 (on the record at 1:42 pm), 289:23–25 (off the record at 2:29 pm), 290:5–7 (on the record at 2:30 pm), 319:2–4 (off the record at 2:51 pm), 319:7–9 (on the record at 3:06 pm), 359:18–19 (off the record at 3:37 pm), 359:22–24 (on the record at 3:40 pm), 367:18 (off the record at 3:47 pm)).

8. As stated herein and as will be more fully addressed in Defendants' response to the Motion for Sanctions, Plaintiff's Motion for Extension of Time is therefore based on Plaintiff's procedurally improper and legally insufficient Motion for Sanctions. The Motion for Extension of Time should be denied on that basis alone.

---

[1] 2020 WL 5517355

[2] 2013 WL 5940099

9. However, even if Plaintiff's Motion for Sanctions were not procedurally and substantively deficient, Plaintiff still has not shown good cause to amend the standard deadlines of D.C.COLO.LCivR 56.1(a).

10. It is inaccurate that Plaintiff's requested relief "will guarantee an orderly adjudication of issues in this dispute by ensuring that Dr. Coomer's response to Defendants' Motion encompasses all evidence potentially relevant to the Court's disposition of Defendants' Motion, rather that potentially requiring amendments or supplements subsequent to full briefing." (ECF #182, ¶ 7).

11. Granting Plaintiff's Motion for Extension of Time cannot "guarantee" such "orderly adjudication," because, as Plaintiff acknowledges, there are already other motions relevant to discovery that remain pending before the Court. (*Id.* ¶ 9). Plaintiff's Motion for Extension of Time seeks to move an improper motion to the front of the line.

12. The deposition topics and document requests under advisement following Dominion's Motion to Modify Subpoena (ECF #125) directly relate to Defendants' arguments that some of the complained-of statements were not "inherently improbable" for purposes of actual malice. (*See* Minute Order, ECF #133 (noting deposition topic nos. 12, 22, 23, 27–30 and request for production nos. 30, 32, and 35 are under advisement); *see also* Def. Mot. Summ. J., ECF #177, at 42–46). Depending on how the Court resolves Dominion's pending motion, Plaintiff's motions related to Tina Peters, (ECF #97), and Plaintiff's Objection to CD Solutions Inc.'s Confidentiality Designations (ECF #113), it may be necessary to amend and/or supplement the record regardless of how the Court resolves Plaintiff's Motion for Sanctions.

13. Plaintiff also has not shown good cause to obtain additional time to respond to Defendants' Motion for Summary Judgment because the relief Plaintiff seeks, if appropriate, is

4

presently available under Rule 56. In responding to a motion for summary judgment, a nonmovant may show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," thereby allowing the Court to "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

14. Defendants doubt Plaintiff will be able to make this showing given the extensive record bearing on Lindell's state of mind. Nonetheless, Plaintiff has the opportunity to identify all outstanding issues in a timely response to Defendants' Motion for Summary Judgment. Defendants reserve all rights to respond to any affidavits or declarations submitted under Rule 56(d) in their reply.

## **CONCLUSION**

Plaintiff's Motion for Extension of Time should be denied for all reasons set forth above. Defendants further reserve all rights to oppose Plaintiff's Motion for Sanctions and to seek appropriate relief arising from that motion.

DATED: September 15, 2023   **PARKER DANIELS KIBORT LLC**

By: */s/ Ryan P. Malone*
Andrew D. Parker (MN Bar #195042)
Ryan P. Malone (MN Bar #395795)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
malone@parkerdk.com

*Counsel for Defendants*