## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129-NYW-SKC

ERIC COOMER, PH.D.,

     Plaintiff,

v.

MICHAEL J. LINDELL, FRANKSPEECH
LLC, AND MY PILLOW, INC.,

     Defendants.

---

## DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE MOTION TO EXCLUDE TESTIMONY OF J. ALEX HALDERMAN

Defendants Michael J. Lindell, Frankspeech LLC, and My Pillow, Inc. (collectively "Defendants"), through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 16(b)(4) and this Court's Civil Practice Standard 7.1C, hereby move the Court for leave to file a motion under Federal Rule of Evidence 702, namely the attached Motion to Exclude the Testimony of J. Alex Halderman. ("Motion to Exclude") (Exhibit 1). Defendants state as follows in support of this motion:

1.     J. Alex Halderman ("Halderman") is one of Plaintiff's expert witnesses in this matter.

2.     On May 5, 2023, Plaintiff produced expert disclosures under Fed. R. Civ. P. 26(a)(2)(B). Plaintiff's disclosures included the report of J. Alex Halderman.

3.     Defendants contacted Plaintiff via email on May 24, 2023 to request potential deposition dates for Halderman. (Exhibit 2).

1

4.     The parties conferred in good faith to accommodate Halderman's schedule. Defendants were ultimately advised that Halderman would be available "from July 17-27, or after August 11." (Exhibit 3).

5.     The parties and Halderman agreed to hold his deposition on August 16, 2023, in Ann Arbor, Michigan.

6.     Defendants, having reviewed Halderman's report and deposition transcript, have determined good cause exists to bring the Motion to Exclude for all reasons set forth therein. The Motion to Exclude is based, in part, on Federal Rule of Evidence 702.

7.     "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To the extent the Motion to Exclude is based on Federal Rule of Evidence 702, good cause exists under these circumstances to allow Defendants to bring the Motion to Exclude beyond the default deadline under D. Colo. Civ. Practice Standard 7.1C. Halderman was not available to testify within 30 days after the deadline for disclosure of rebuttal witnesses, which in this case was June 5. (ECF #106).

8.     Plaintiff does not oppose this motion and would not be prejudiced if Defendants were granted leave to file the Motion to Exclude.

9.     Moreover, no trial date has yet been set in this matter. The pendency of this motion could not delay or hinder Plaintiff in trial preparation efforts, and Defendants do not seek to exclude Halderman from testifying entirely if this case proceeds to trial.

10.     If this motion is granted, and unless directed otherwise by the Court, Defendants will promptly refile the Motion to Exclude as a new docket entry. Defendants will also file all exhibits supporting the Motion to Exclude, including Halderman's report and relevant portions of

his deposition transcript.

11.     Defendants reserve all rights to bring future motions in limine, in accordance with deadlines to be set by the Court's future orders, including any appropriate motion to exclude Halderman's testimony under Federal Rule of Evidence 402.

<u>**CERTIFICATE OF CONFERRAL**</u>

The parties met and conferred regarding this motion via email on September 15 and 18, 2023. This motion is unopposed. If this motion is granted, Plaintiff intends to oppose the Motion to Exclude on the merits.

DATED:  September 18, 2023          **PARKER DANIELS KIBORT LLC**

By: *<u>/s/ Ryan P. Malone</u>*
Andrew D. Parker (MN Bar #195042)
Ryan P. Malone (MN Bar #395795)
Abraham S. Kaplan (MN Bar #399507)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
malone@parkerdk.com
kaplan@parkerdk.com

*Counsel for Defendants*