IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129-NYW-SKC

ERIC COOMER, PH.D.,

    Plaintiff,

v.

MICHAEL J. LINDELL, FRANKSPEECH
LLC, AND MY PILLOW, INC.,

    Defendants.

---

### DEFENDANTS' MOTION TO RESTRICT ACCESS TO DOCUMENTS

---

    Defendants Michael J. Lindell, Frankspeech LLC, and My Pillow, Inc. (collectively, "Defendants"), through their undersigned counsel and pursuant to D.C.COLO.LCivR 7.2, file this Motion to Restrict Access to: ECF #173 (identified in placeholder exhibit filed as ECF #172-1); ECF #180; and conventionally filed documents identified in placeholder exhibits filed as ECF ##172-2, 172-3, 172-4, and 172-5. Defendants state as follows in support of this Motion:

    1.    Plaintiff Eric Coomer, Ph.D. ("Plaintiff") filed ECF #173 as Restricted Exhibit 1 of his Motion to Compel Deposition Testimony and for Sanctions (ECF #172) ("Plaintiff's Motion to Compel"), and publicly filed ECF #172-1 as a placeholder for ECF #173. ECF #173 is the entire written transcript of the August 23, 2023 deposition of Defendant Michael J. Lindell ("Lindell").

    2.    Plaintiff also conventionally filed Restricted Exhibits 2 through 5 of Plaintiff's Motion to Compel by providing the Court with a USB flash drive containing these Exhibits in a

folder therein identified as CONFIDENTIAL,[1] and publicly filed ECF ##172-2, 172-3, 172-4, and 172-5 as placeholders for the conventionally filed Restricted Exhibits 2 through 5 of Plaintiff's Motion to Compel. The conventionally filed Restricted Exhibits 2 through 5 of Plaintiff's Motion to Compel comprise the entire video transcript of the August 23, 2023 Lindell Deposition.

3. Defendants filed ECF #180 as Restricted Exhibit 12 of their Omnibus Motion for Summary Judgment (ECF #177) ("Defendants' Motion for Summary Judgment"). ECF #180 contains excerpts from the written transcript of the August 23, 2023 Lindell Deposition.

4. Based on Federal Rule of Civil Procedure 30(e), the Court's Minute Order Regarding Restricted Docket Entries (ECF #148) ("the Minute Order"), and the Protective Order currently in place (ECF #149) ("the Protective Order"), Defendants move the Court for an order that ECF #173, the conventionally filed Restricted Exhibits 2 through 5 of Plaintiff's Motion to Compel, and ECF #180[2] should maintain their current Level 1 Restriction until October 25, 2023.

5. Pursuant to the Protective Order, "[e]ach deposition will be deemed to be Attorneys' Eyes Only Discovery Material until 15 business days after counsel receive a copy of the final transcript." (ECF #149 ¶ 5.b).

6. The Lindell Deposition took place on August 23, 2023. (*See generally* ECF #173). Lindell reserved the right to review and make changes to the deposition transcript within 30 days of receipt thereof pursuant to Federal Rule of Civil Procedure 30(e). (*See id.* at 371–72).

7. The transcript was made available for Lindell's review on August 28, 2023 and has not yet been signed. (*See id.* at 369, 371:2–6). The Lindell Deposition Transcripts are therefore not

---

[1] *See* ECF #172 at 2.

[2] Defendants hereinafter collectively refer to ECF #173, the conventionally filed Restricted Exhibits 2 through 5 of Plaintiff's Motion to Compel, and ECF #180 as "the Lindell Deposition Transcripts."

yet "final" and constitute Attorneys Eyes Only Discovery Material under the Protective Order. (ECF #149 ¶ 5.b).

8. The Protective Order further provides that "[a]ny . . . document filed with the Court that discloses or constitutes . . . Attorneys' Eyes Only Discovery Materials . . . must be filed with the Court under seal in accordance with the Court's Local Rules and Electronic Case Filing Procedures." (*Id.* ¶ 14).

9. Given that the Lindell Deposition Transcripts currently constitute Attorneys Eyes Only Discovery Material, (*id.* ¶ 5.b), the parties accordingly filed the Lindell Deposition Transcripts under seal when filing them as exhibits, respectively, to Plaintiff's Motion to Compel and Defendants' Motion for Summary Judgment.

10. Pursuant to D.C.COLO.LCivR 7.2, a party moving to restrict public access to documents filed with the Court must:

(1) identify the document or the proceeding for which restriction is sought;

(2) address the interest to be protected and why such interest outweighs the presumption of public access . . .;

(3) identify a clearly defined and serious injury that would result if access is not restricted;

(4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question . . .; and

(5) identify the level of restriction sought.

11. Defendants seek an order temporarily retaining the Level 1 Restriction of the Lindell Deposition Transcripts based on the significant safety and privacy concerns implicated in this high-profile matter.

12. In the Minute Order, this Court noted "that this action is likely to garner more attention than the average case, and that a myriad of witnesses—including but not limited to Dr.

Coomer and Mr. Lindell—have articulated concerns regarding their personal safety and privacy in this matter." (ECF #148 at 3). Although "[p]ublic access to the courts is fundamental to our system of justice," Civ. Practice Standard 7.2(a), the parties' safety and privacy concerns temporarily militate against public access to the Lindell Deposition Transcripts until the parties have had a chance to review and meet and confer regarding the confidentiality of the transcript contents. This is apparent based on the Protective Order's mandatory designation of deposition transcripts as Attorneys' Eyes Only Discovery Material for 15 business days after counsel receive a final copy. (ECF #149 ¶ 5.b).

13. Based on the litigants' and others' safety and privacy concerns, as recognized by the parties and the Court in the Minute Order and the Protective Order, Defendants request that the Court order that the Lindell Deposition Transcripts should retain Level 1 Restriction until the parties have had a reasonable opportunity to review and meet and confer regarding the confidentiality of the transcript contents.

14. Under Federal Rule of Civil Procedure 30(e), Lindell's opportunity to review and make changes to the transcript expires on September 27, 2023, thirty days after it was made available to him. (*See* ECF #173 at 371:5–6). The transcript retains the presumption of confidentiality for 15 business days after it becomes final so that the parties may review it and meet and confer regarding confidentiality. (ECF #149 ¶ 5.b). That 15-business day period will expire no later than October 18, 2023.

15. In order to give the parties a reasonable opportunity to review and meet and confer regarding the confidentiality of the Lindell Deposition Transcripts, and to move for a further order for restriction narrowly tailored to any materials therein which require permanent protection from public disclosure, Defendants request that the Court order that the Lindell Deposition Transcripts

4

shall retain Level 1 Restriction until October 25, 2023—one week after the latest date for the expiration of the mandatory designation of the entire transcript as Attorneys' Eyes Only Discovery Material pursuant to the Protective Order.

## CONCLUSION

For the reasons stated herein, Defendants request that the Court enter an order that the Lindell Deposition Transcripts filed as restricted in ECF ##173 and 180 and conventionally filed as Restricted Exhibits 2 through 5 of Plaintiff's Motion to Compel shall retain Level 1 Restriction from public access until October 25, 2023.

## CERTIFICATE OF CONFERRAL

Defendants contacted Plaintiff regarding this Motion via email on September 21, 2023. Defendants do not know whether this Motion is unopposed or opposed at this time, and reserve all rights available under D.C.COLO.LCivR 7.2(d).

DATED:  September 21, 2023                **PARKER DANIELS KIBORT LLC**


By: /s/ Ryan P. Malone
Andrew D. Parker (MN Bar #195042)
Ryan P. Malone (MN Bar #395795)
Abraham S. Kaplan (MN Bar #399507)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
malone@parkerdk.com
kaplan@parkerdk.com

*Counsel for Defendants*