IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129-NYW-SKC

ERIC COOMER, PH.D.

      Plaintiff,

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC, MY PILLOW, INC.

      Defendants.

## UNOPPOSED MOTION TO RESTRICT ACCESS TO DOCUMENTS

Pursuant to D.C.COLO.LCivR 7.2, non-party Dominion Voting Systems, Inc. ("Dominion"), by and through undersigned counsel, hereby respectfully requests that this Court continue to restrict access to Exhibit 4 [Doc. 179] to Defendants Frankspeech LLC, Michael J. Lindell, and My Pillow, Inc.'s (collectively, "Defendants") Motion for Summary Judgment [Doc. 177]. In support, Dominion states as follows:

### CERTIFICATE OF CONFERRAL

Counsel for Dominion has conferred with counsel for Plaintiff and Defendants in accordance with D.C.COLO.LCivR 7.1 regarding the relief requested. The motion is unopposed.

Defendants filed their Motion for Summary Judgment [Doc. 177] on September 8, 2023. In support of their Motion, Defendants filed several exhibits, including Exhibit 4 [Doc. 179]. Defendants filed Exhibit 4 [Doc. 179] as restricted. Dominion is hereby requesting that this Court continue to restrict access to Doc. 179.

D.C.COLO.LCivR 7.2(c) allows a party to file a motion to restrict public access to documents filed with the Court. The rule outlines a five-part analysis for a motion to restrict. The motion must: (1) identify the document to be restricted; (2) state the interest to be protected and

explain why that interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that will result without restriction; (4) explain why no alternative to restricted access is available or why only restricted access will adequately protect the relevant interest; and (5) state the level of restriction for the document. These requirements are addressed below.

1. The document to be restricted is Exhibit 4 [Doc. 179] to Defendants' Motion for Summary Judgment [Doc. 177]. Doc. 179 consists of four documents. The four documents were previously produced by Dominion and designated as "Highly Confidential Attorneys Eyes Only" pursuant to the Amended Protective Order Governing the Production and Exchange of Confidential Information [Doc. 149], which defines such material as that for which "disclosure other than as provided in this Order could reasonably be expected to cause irreparable harm to the Producing Party."

2. These documents are not publicly available. The documents are employment-related and part of a former Dominion employee's personnel file. These documents contain confidential information such as compensation, personal identifying information such as home address, and also reflect personal employment decision-making. These documents therefore implicate the right to privacy and safety. The privacy and safety interests implicated by these documents outweigh the presumption of public access. Release of these documents would be harmful because the public would have access to sensitive and confidential employment information.

3. A lesser means of restriction is not practicable.

4. Therefore, Dominion seeks Level 1 restriction and requests that access to Doc. 179 continue to be restricted to the parties and the Court.

For the foregoing reasons, Dominion respectfully requests that the Court restrict Doc. 179 at Level 1.

Dated: September 22, 2023    GARNETT POWELL MAXIMON BARLOW

By: *s/ Stanley L. Garnett*
Stanley L. Garnett
900 Arapahoe Avenue
Boulder, Colorado 80302
303.991.3344
stan.garnett@garnettlegalgroup.com

Attorney for Non-Party
DOMINION VOTING SYSTEMS, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 22nd day of September, 2023, a true and correct copy of the foregoing was filed via the United States District Court's CM/ECF filing system, which will provide electronic notice of the filing to all counsel of record.

*s/ Tracy Williams*
Tracy Williams