IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129-NYW-SKC

ERIC COOMER, PH.D.,

    Plaintiff,

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC, AND MY PILLOW, INC.,

    Defendants.

### DEFENDANTS' DESIGNATION OF NONPARTIES AT FAULT

Defendants Michael J. Lindell ("Lindell"), Frankspeech LLC ("Frankspeech"), and My Pillow, Inc. ("MyPillow") (collectively "Defendants") hereby give notice pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b) of the following nonparties at fault:

    1.    **Newsmax Media, Inc.** ("Newsmax"). Newsmax was a Defendant in a separate action brought by Plaintiff Eric Coomer, Ph.D. ("Plaintiff"), *Coomer v. Donald J. Trump for President, Inc., et al.*, Case No. 2020CV34319, proceeding before the Colorado Second Judicial District Court in Denver County, Colorado (the "Trump Campaign Action"). In his First Amended Complaint in the Trump Campaign Action (filed in the Trump Campaign Action under filing ID 5D2B3A08F794E), Plaintiff alleged Newsmax was a corporation organized and existing under the laws of Delaware, with its principal place of business located in Florida, and may be served through its registered agent Cogency Global Inc., 115 North Calhoun Street, Suite 4, Tallahassee, Florida 32301. In the Trump Campaign Action, Newsmax was represented by the law firms Duane Morris LLP, 1201 N Market St., Ste. 501, Wilmington, DE 19801-1160, and Davis Graham & Stubbs LLP, 1550 17th St., Ste. 500, Denver, CO 80202. Pursuant to Colo. Rev.

1

Stat. § 13-21-111.5(3)(b), the jury shall return a special verdict determining the percentage of negligence or fault attributable to Newsmax because Plaintiff entered into a settlement agreement with Newsmax relative to Plaintiff's claims against Newsmax in the Trump Campaign Action.

2. **Herring Networks, Inc. d/b/a One America News Network**. Herring Networks, Inc. d/b/a One America News Network was a Defendant in the Trump Campaign Action. In his First Amended Complaint in the Trump Campaign Action, Plaintiff alleged Herring Networks, Inc. d/b/a One America News Network was a corporation organized and existing under the laws of California which owns and operates One America News Network ("OAN"), and that OAN may be served through its agent for service Seth B. Bobroff at 6256 Greenwich Drive, Suite 500, San Diego, California 92117. In the Trump Campaign Action, OAN was represented by the law firm Killmer, Lane & Newman, LLP, 1543 Champa Street, Suite 400, Denver, CO 80202. Pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b), the jury shall return a special verdict determining the percentage of negligence or fault attributable to OAN because Plaintiff entered into a settlement agreement with OAN relative to Plaintiff's claims against OAN in the Trump Campaign Action.

3. **Chanel Rion** ("Rion"). Rion was a Defendant in the Trump Campaign Action. In his First Amended Complaint in the Trump Campaign Action, Plaintiff alleged Rion was an individual residing in New York who may be served with process at 622 Acorn Hill Road, Olivesbridge, New York 12461. In the Trump Campaign Action, Rion was represented by the law firm Killmer, Lane & Newman, LLP, 1543 Champa Street, Suite 400, Denver, CO 80202. Pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b), the jury shall return a special verdict determining the percentage of negligence or fault attributable to Rion because Plaintiff entered

into a settlement agreement with Rion relative to Plaintiff's claims against Rion in the Trump Campaign Action.

4. **Joseph Oltmann** ("Oltmann"). Oltmann is a Defendant in the Trump Campaign Action. In his First Amended Complaint in the Trump Campaign Action, Plaintiff alleges Oltmann is an individual residing in Colorado who may be served with process at 8245 Keith Court, Castle Rock, Colorado 80108. In Paragraph 6 of his First Amended Complaint in the Trump Campaign Action, Plaintiff alleges that Oltmann claimed to have infiltrated a conference call with Antifa activists, that, on this call, Oltmann claimed to have heard Plaintiff state that Plaintiff "would ensure the election went to President Biden," and that "[w]ith no additional evidence, Oltmann then used these statements to falsely assert that [Plaintiff] subverted the results of the election" (the "Alleged Conspiracy Theory"). In Paragraph 9 of his First Amended Complaint in the Trump Campaign Action, Plaintiff alleges that, although the Alleged Conspiracy Theory "has been thoroughly rejected," Oltmann "knowingly circulated and amplified" it, "[w]ithout concern for the truth or the consequences of" doing so, and "branded [Plaintiff] a traitor to the United States, a terrorist, and a criminal of the highest order," resulting in "immense injury to [Plaintiff]'s reputation, professional standing, safety, and privacy," including "an onslaught of offensive messages and harassment" and "credible death threats" which "forced [Plaintiff] to leave his home in fear for his safety." Pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b), the jury shall return a special verdict determining the percentage of negligence or fault attributable to Oltmann because, in this action, Plaintiff claims Defendants are liable for causing the same alleged damage that Plaintiff alleges to have suffered as a result of Oltmann's conduct which Plaintiff alleges to have been tortious throughout the First Amended

Complaint in the Trump Campaign Action and the Second Amended Complaint in this action (ECF #170).

5. **Sidney Powell** ("Powell"). In his First Amended Complaint in the Trump Campaign Action, Plaintiff alleges that Powell is an individual residing in Texas who may be served at 3831 Turtle Creek Boulevard, Unit 5B, Dallas, Texas 75219. In Paragraph 9 of his First Amended Complaint in the Trump Campaign Action, Plaintiff alleges that, although the Alleged Conspiracy Theory "has been thoroughly rejected," Powell "knowingly circulated and amplified" it, "[w]ithout concern for the truth or the consequences of" doing so, and "branded [Plaintiff] a traitor to the United States, a terrorist, and a criminal of the highest order," resulting in "immense injury to [Plaintiff]'s reputation, professional standing, safety, and privacy," including "an onslaught of offensive messages and harassment" and "credible death threats" which "forced [Plaintiff] to leave his home in fear for his safety." Pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b), the jury shall return a special verdict determining the percentage of negligence or fault attributable to Powell because, in this action, Plaintiff claims Defendants are liable for causing the same alleged damage that Plaintiff alleges to have suffered as a result of Powell's conduct which Plaintiff alleges to have been tortious throughout the First Amended Complaint in the Trump Campaign Action and the Second Amended Complaint in this action (ECF #170).

6. **Sidney Powell, P.C.** In his First Amended Complaint in the Trump Campaign Action, Plaintiff alleges that Sidney Powell, P.C. is a professional corporation organized and existing under the laws of Texas and may be served with process through its registered agent Powell at 3831 Turtle Creek Boulevard, Unit 5B, Dallas, Texas 75219. In Paragraph 9 of his First Amended Complaint in the Trump Campaign Action, Plaintiff alleges that, although the Alleged

4

Conspiracy Theory "has been thoroughly rejected," Sidney Powell, P.C. "knowingly circulated and amplified" it, "[w]ithout concern for the truth or the consequences of" doing so, and "branded [Plaintiff] a traitor to the United States, a terrorist, and a criminal of the highest order," resulting in "immense injury to [Plaintiff]'s reputation, professional standing, safety, and privacy," including "an onslaught of offensive messages and harassment" and "credible death threats" which "forced [Plaintiff] to leave his home in fear for his safety." Pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b), the jury shall return a special verdict determining the percentage of negligence or fault attributable to Sidney Powell, P.C. because, in this action, Plaintiff claims Defendants are liable for causing the same alleged damage that Plaintiff alleges to have suffered as a result of Sidney Powell, P.C.'s conduct which Plaintiff alleges to have been tortious throughout the First Amended Complaint in the Trump Campaign Action and the Second Amended Complaint in this action (ECF #170).

7. **Defending the Republic, Inc.** ("Defending the Republic"). In his First Amended Complaint in the Trump Campaign Action, Plaintiff alleges that Defending the Republic is a nonprofit corporation organized and existing under the laws of Texas and may be served with process through its registered agent Capitol Corporate Services, Inc. at 206 E. 9th Street, Suite 1300, Austin, Texas 78701. In Paragraph 9 of his First Amended Complaint in the Trump Campaign Action, Plaintiff alleges that, although the Alleged Conspiracy Theory "has been thoroughly rejected," Defending the Republic "knowingly circulated and amplified" it, "[w]ithout concern for the truth or the consequences of" doing so, and "branded [Plaintiff] a traitor to the United States, a terrorist, and a criminal of the highest order," resulting in "immense injury to [Plaintiff]'s reputation, professional standing, safety, and privacy," including "an onslaught of offensive messages and harassment" and "credible death threats" which "forced

5

[Plaintiff] to leave his home in fear for his safety." Pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b), the jury shall return a special verdict determining the percentage of negligence or fault attributable to Defending the Republic because, in this action, Plaintiff claims Defendants are liable for causing the same alleged damage that Plaintiff alleges to have suffered as a result of Defending the Republic's conduct which Plaintiff alleges to have been tortious throughout the First Amended Complaint in the Trump Campaign Action and the Second Amended Complaint in this action (ECF #170).

8. **Rudolph Giuliani** ("Giuliani"). In his First Amended Complaint in the Trump Campaign Action, Plaintiff alleges that Giuliani is an individual residing in New York who may be served at 445 Park Avenue, Floor 18, New York, New York 10022. In Paragraph 9 of his First Amended Complaint in the Trump Campaign Action, Plaintiff alleges that, although the Alleged Conspiracy Theory "has been thoroughly rejected," Giuliani "knowingly circulated and amplified" it, "[w]ithout concern for the truth or the consequences of" doing so, and "branded [Plaintiff] a traitor to the United States, a terrorist, and a criminal of the highest order," resulting in "immense injury to [Plaintiff]'s reputation, professional standing, safety, and privacy," including "an onslaught of offensive messages and harassment" and "credible death threats" which "forced [Plaintiff] to leave his home in fear for his safety." Pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b), the jury shall return a special verdict determining the percentage of negligence or fault attributable to Giuliani because, in this action, Plaintiff claims Defendants are liable for causing the same alleged damage that Plaintiff alleges to have suffered as a result of Giuliani's conduct which Plaintiff alleges to have been tortious throughout the First Amended Complaint in the Trump Campaign Action and the Second Amended Complaint in this action (ECF #170).

6

9. **Donald J. Trump for President Inc.** (the "Trump Campaign"). In his First Amended Complaint in the Trump Campaign Action, Plaintiff alleges that the Trump Campaign is a corporation organized and existing under the laws of Virginia that may be served through its registered agent for service CT Corporation System at 4701 Cox Road, Suite 284, Glen Allen, Virginia 23060-6808. In Paragraph 9 of his First Amended Complaint in the Trump Campaign Action, Plaintiff alleges that, although the Alleged Conspiracy Theory "has been thoroughly rejected," the Trump Campaign "knowingly circulated and amplified" it, "[w]ithout concern for the truth or the consequences of" doing so, and "branded [Plaintiff] a traitor to the United States, a terrorist, and a criminal of the highest order," resulting in "immense injury to [Plaintiff]'s reputation, professional standing, safety, and privacy," including "an onslaught of offensive messages and harassment" and "credible death threats" which "forced [Plaintiff] to leave his home in fear for his safety." Pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b), the jury shall return a special verdict determining the percentage of negligence or fault attributable to the Trump Campaign because, in this action, Plaintiff claims Defendants are liable for causing the same alleged damage that Plaintiff alleges to have suffered as a result of the Trump Campaign's conduct which Plaintiff alleges to have been tortious throughout the First Amended Complaint in the Trump Campaign Action and the Second Amended Complaint in this action (ECF #170).

10. **FEC United**. In his First Amended Complaint in the Trump Campaign Action, Plaintiff alleges that FEC United is a nonprofit corporation organized and existing under the laws of Colorado with its principal place of business located in Denver, Colorado and may be served with process through its registered agent Pacific Registered Agents, Inc. at 44 Cook Street, Suite 100, Denver, Colorado 80206. In Paragraph 9 of his First Amended Complaint in the Trump Campaign Action, Plaintiff alleges that, although the Alleged Conspiracy Theory "has been

thoroughly rejected," FEC United "knowingly circulated and amplified" it, "[w]ithout concern for the truth or the consequences of" doing so, and "branded [Plaintiff] a traitor to the United States, a terrorist, and a criminal of the highest order," resulting in "immense injury to [Plaintiff]'s reputation, professional standing, safety, and privacy," including "an onslaught of offensive messages and harassment" and "credible death threats" which "forced [Plaintiff] to leave his home in fear for his safety." Pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b), the jury shall return a special verdict determining the percentage of negligence or fault attributable to FEC United because, in this action, Plaintiff claims Defendants are liable for causing the same alleged damage that Plaintiff alleges to have suffered as a result of FEC United's conduct which Plaintiff alleges to have been tortious throughout the First Amended Complaint in the Trump Campaign Action and the Second Amended Complaint in this action (ECF #170).

        11.     **Shuffling Madness Media, Inc. d//b/a Conservative Daily** ("Conservative Daily"). In his First Amended Complaint in the Trump Campaign Action, Plaintiff alleges that Conservative Daily is a corporation organized and existing under the laws of Delaware with its principal place of business located in Colorado and may be served with process through its registered agent Oltmann at 10750 S. Pine Drive, Parker, Colorado 80138. In Paragraph 9 of his First Amended Complaint in the Trump Campaign Action, Plaintiff alleges that, although the Alleged Conspiracy Theory "has been thoroughly rejected," Conservative Daily "knowingly circulated and amplified" it, "[w]ithout concern for the truth or the consequences of" doing so, and "branded [Plaintiff] a traitor to the United States, a terrorist, and a criminal of the highest order," resulting in "immense injury to [Plaintiff]'s reputation, professional standing, safety, and privacy," including "an onslaught of offensive messages and harassment" and "credible death threats" which "forced [Plaintiff] to leave his home in fear for his safety." Pursuant to Colo. Rev.

Stat. § 13-21-111.5(3)(b), the jury shall return a special verdict determining the percentage of negligence or fault attributable to Conservative Daily because, in this action, Plaintiff claims Defendants are liable for causing the same alleged damage that Plaintiff alleges to have suffered as a result of Conservative Daily's conduct which Plaintiff alleges to have been tortious throughout the First Amended Complaint in the Trump Campaign Action and the Second Amended Complaint in this action (ECF #170).

12. **James Hoft** ("Hoft"). In his First Amended Complaint in the Trump Campaign Action, Plaintiff alleges that Hoft is an individual residing in Missouri who may be served at 12 Godwin Lane, St. Louis, Missouri 63124. In Paragraph 9 of his First Amended Complaint in the Trump Campaign Action, Plaintiff alleges that, although the Alleged Conspiracy Theory "has been thoroughly rejected," Hoft "knowingly circulated and amplified" it, "[w]ithout concern for the truth or the consequences of" doing so, and "branded [Plaintiff] a traitor to the United States, a terrorist, and a criminal of the highest order," resulting in "immense injury to [Plaintiff]'s reputation, professional standing, safety, and privacy," including "an onslaught of offensive messages and harassment" and "credible death threats" which "forced [Plaintiff] to leave his home in fear for his safety." Pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b), the jury shall return a special verdict determining the percentage of negligence or fault attributable to Hoft because, in this action, Plaintiff claims Defendants are liable for causing the same alleged damage that Plaintiff alleges to have suffered as a result of Hoft's conduct which Plaintiff alleges to have been tortious throughout the First Amended Complaint in the Trump Campaign Action and the Second Amended Complaint in this action (ECF #170).

13. **Michelle Malkin** ("Malkin"). In his First Amended Complaint in the Trump Campaign Action, Plaintiff alleges that Malkin is an individual residing in Colorado who may be

served at 171 Larkspur Lane, Avon, Colorado 81620. In Paragraph 9 of his First Amended Complaint in the Trump Campaign Action, Plaintiff alleges that, although the Alleged Conspiracy Theory "has been thoroughly rejected," Malkin "knowingly circulated and amplified" it, "[w]ithout concern for the truth or the consequences of" doing so, and "branded [Plaintiff] a traitor to the United States, a terrorist, and a criminal of the highest order," resulting in "immense injury to [Plaintiff]'s reputation, professional standing, safety, and privacy," including "an onslaught of offensive messages and harassment" and "credible death threats" which "forced [Plaintiff] to leave his home in fear for his safety." Pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b), the jury shall return a special verdict determining the percentage of negligence or fault attributable to Malkin because, in this action, Plaintiff claims Defendants are liable for causing the same alleged damage that Plaintiff alleges to have suffered as a result of Malkin's conduct which Plaintiff alleges to have been tortious throughout the First Amended Complaint in the Trump Campaign Action and the Second Amended Complaint in this action (ECF #170).

14. **Eric Metaxas** ("Metaxas"). In his First Amended Complaint in the Trump Campaign Action, Plaintiff alleges that Metaxas is an individual residing in New York who may be served at 35 East 84th Street, Apt. 5A, New York, New York 10028. In Paragraph 9 of his First Amended Complaint in the Trump Campaign Action, Plaintiff alleges that, although the Alleged Conspiracy Theory "has been thoroughly rejected," Metaxas "knowingly circulated and amplified" it, "[w]ithout concern for the truth or the consequences of" doing so, and "branded [Plaintiff] a traitor to the United States, a terrorist, and a criminal of the highest order," resulting in "immense injury to [Plaintiff]'s reputation, professional standing, safety, and privacy," including "an onslaught of offensive messages and harassment" and "credible death threats"

which "forced [Plaintiff] to leave his home in fear for his safety." Pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b), the jury shall return a special verdict determining the percentage of negligence or fault attributable to Metaxas because, in this action, Plaintiff claims Defendants are liable for causing the same alleged damage that Plaintiff alleges to have suffered as a result of Metaxas's conduct which Plaintiff alleges to have been tortious throughout the First Amended Complaint in the Trump Campaign Action and the Second Amended Complaint in this action (ECF #170).

15.     **TGP Communications LLC d/b/a The Gateway Pundit** ("The Gateway Pundit"). In his First Amended Complaint in the Trump Campaign Action, Plaintiff alleges that The Gateway Pundit is a limited liability company organized and existing under the laws of Missouri that may be served with process through its registered agent Gregory J. Hickel at 12300 Old Tesson Road, Suite 400-G, St. Louis, Missouri 63128. In Paragraph 9 of his First Amended Complaint in the Trump Campaign Action, Plaintiff alleges that, although the Alleged Conspiracy Theory "has been thoroughly rejected," The Gateway Pundit "knowingly circulated and amplified" it, "[w]ithout concern for the truth or the consequences of" doing so, and "branded [Plaintiff] a traitor to the United States, a terrorist, and a criminal of the highest order," resulting in "immense injury to [Plaintiff]'s reputation, professional standing, safety, and privacy," including "an onslaught of offensive messages and harassment" and "credible death threats" which "forced [Plaintiff] to leave his home in fear for his safety." Pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b), the jury shall return a special verdict determining the percentage of negligence or fault attributable to The Gateway Pundit because, in this action, Plaintiff claims Defendants are liable for causing the same alleged damage that Plaintiff alleges to have suffered as a result of The Gateway Pundit's conduct which Plaintiff alleges to have been tortious

11

throughout the First Amended Complaint in the Trump Campaign Action and the Second Amended Complaint in this action (ECF #170).

16. **Randy Corporon** ("Corporon"). Corporon is a Defendant in a separate action brought by Plaintiff, *Coomer v. Salem Media of Colorado, Inc., et al.*, Case No. 2021CV33632, proceeding before the Colorado Second Judicial District Court in Denver County, Colorado (the "Corporon Action"). In his Complaint in the Corporon Action (filed in the Corporon Action under filing ID EDE609249490E), Plaintiff alleges Corporon is an individual residing in Colorado who may be served with process at 7775 S. Biscay Street, Centennial, Colorado 80016. Throughout his Complaint in the Corporon Action, Plaintiff alleges that Corporon disseminated and promoted the Alleged Conspiracy Theory with knowledge that it was false or with reckless disregard for its truth, and that Corporon falsely alleged Plaintiff is a traitor, harming Plaintiff's reputation and subjecting him to threats from his community. Pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b), the jury shall return a special verdict determining the percentage of negligence or fault attributable to Corporon because, in this action, Plaintiff claims Defendants are liable for causing the same alleged damage that Plaintiff alleges to have suffered as a result of Corporon's conduct which Plaintiff alleges to have been tortious throughout the Complaint in the Corporon Action and the Second Amended Complaint in this action (ECF #170).

17. **Salem Media of Colorado, Inc.** ("Salem Media"). Salem Media is a Defendant in the Corporon Action. In his Complaint in the Corporon Action, Plaintiff alleges Salem Media is a corporation organized and existing under the laws of Colorado and may be served with process through its registered agent Corporation Service Company at 1900 W. Littleton Boulevard, Littleton, Colorado 80120. Throughout his Complaint in the Corporon Action, Plaintiff alleges that Salem Media disseminated and promoted the Alleged Conspiracy Theory,

including alleged falsehoods about Plaintiff, with knowledge that it was false or with reckless disregard for its truth, causing Plaintiff irreparable harm, constant death threats, and indelible trauma. Pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b), the jury shall return a special verdict determining the percentage of negligence or fault attributable to Salem Media because, in this action, Plaintiff claims Defendants are liable for causing the same alleged damage that Plaintiff alleges to have suffered as a result of Salem Media's conduct which Plaintiff alleges to have been tortious throughout the Complaint in the Corporon Action.

18. **Make Your Life Epic LLC d/b/a Thrivetime Show** ("Thrivetime"). Thirvetime is a Defendant in a separate action brought by Plaintiff, *Coomer v. Make Your Life Epic LLC, et al.*, Case No. 1:21-cv-03440-WJM-KAS, proceeding before the United States District Court for the District of Colorado (the "Thrivetime Action"). In his Complaint in the Thrivetime Action, filed as ECF #1 therein, Plaintiff alleges that Thrivetime is a limited liability company organized and existing under the laws of Oklahoma and may be served with process through its registered agent Vanessa Clark at 513 East New Orleans Street, Broken Arrow, Oklahoma 74011. Throughout his Complaint in the Thrivetime Action, Plaintiff alleges that Thrivetime has persisted in promoting, publishing, and profiting off of its publication of the Alleged Conspiracy Theory, including falsehoods about Plaintiff, causing Plaintiff immense damage including irreparable damage to his reputation and death threats. Pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b), the jury shall return a special verdict determining the percentage of negligence or fault attributable to Thrivetime because, in this action, Plaintiff claims Defendants are liable for causing the same alleged damage that Plaintiff alleges to have suffered as a result of Thrivetime's conduct which Plaintiff alleges to have been tortious throughout the Complaint in the Thrivetime Action.

19. **Clayton Thomas Clark** ("Clark"). Clark is a Defendant in the Thrivetime Action. In his Complaint in the Thrivetime Action, Plaintiff alleges that Clark is an individual residing in Oklahoma who may be served with process at 513 East New Orleans Street, Broken Arrow, Oklahoma 74011. Throughout his Complaint in the Thrivetime Action, Plaintiff alleges that Clark has persisted in promoting, publishing, and profiting off of his publication of the Alleged Conspiracy Theory, including falsehoods about Plaintiff, causing Plaintiff immense damage including irreparable damage to his reputation and death threats. Pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b), the jury shall return a special verdict determining the percentage of negligence or fault attributable to Clark because, in this action, Plaintiff claims Defendants are liable for causing the same alleged damage that Plaintiff alleges to have suffered as a result of Clark's conduct which Plaintiff alleges to have been tortious throughout the Complaint in the Thrivetime Action.

20. **David K. Clements** ("Clements"). On information and belief, Clements is an individual residing in Las Cruces, New Mexico. Throughout the Second Amended Complaint in this action (ECF #170), Plaintiff describes Clements's amplification of the Alleged Conspiracy Theory with knowledge of its falsity or reckless disregard for its truth, and further alleges in Paragraph 89 of the Second Amended Complaint that Clements directed an apparent threat at Plaintiff related to Clements's alleged claims that Plaintiff participated in a vote trafficking conspiracy. Pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b), the jury shall return a special verdict determining the percentage of negligence or fault attributable to Clements because, in this action, Plaintiff claims Defendants are liable for causing the same alleged damage that Plaintiff alleges to have suffered as a result of Clements's conduct which Plaintiff alleges to have been tortious in the Second Amended Complaint in this action (ECF #170).

21. **Patrick Byrne** ("Byrne"). Byrne is a Defendant in a separate action brought by Plaintiff, *Coomer v. Byrne, at al.*, Case No. 1:22-cv-01575-RM-SKC, proceeding before the United States District Court for the District of Colorado (the "Byrne Action"). In his Complaint in the Byrne Action, filed as ECF #1 therein, Plaintiff alleges that Byrne is an individual residing in Florida who may be served with process at: 458 E. Mac Ewen Drive, Osprey, Florida 34229; 8388 S. Tamiami Trail, Suite 293, Sarasota, Florida 34238; or wherever he may be located. Throughout his Complaint in the Byrne Action, Plaintiff alleges that Byrne published statements about the Alleged Conspiracy, including defamatory content about Plaintiff, with knowledge of their falsity or reckless disregard for the truth which have caused damage to Plaintiff's reputation and credible death threats to Plaintiff. Pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b), the jury shall return a special verdict determining the percentage of negligence or fault attributable to Byrne because, in this action, Plaintiff claims Defendants are liable for causing the same alleged damage that Plaintiff alleges to have suffered as a result of Byrne's conduct which Plaintiff alleges to have been tortious throughout the Complaint in the Byrne Action.

22. **Steven Lucescu** ("Lucescu"). Lucescu is a Defendant in the Byrne Action. In his Complaint in the Byrne Action, Plaintiff alleges that Lucescu is an individual residing in Georgia who may be served with process at 61 Gravitt Drive, Rising Fawn, Georgia 30738, or wherever he may be located. Throughout his Complaint in the Byrne Action, Plaintiff alleges that Lucescu published statements about the Alleged Conspiracy, including defamatory content about Plaintiff, with knowledge of their falsity or reckless disregard for the truth which have caused damage to Plaintiff's reputation and credible death threats to Plaintiff. Pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b), the jury shall return a special verdict determining the percentage of negligence or fault attributable to Lucescu because, in this action, Plaintiff claims Defendants are

liable for causing the same alleged damage that Plaintiff alleges to have suffered as a result of Lucescu's conduct which Plaintiff alleges to have been tortious throughout the Complaint in the Byrne Action.

23.     **The America Project, Inc.** ("TAP"). TAP is a Defendant in the Byrne Action. In his Complaint in the Byrne Action, Plaintiff alleges that TAP is a Florida not-for-profit corporation which may be served with process through its registered agent at Abel Bean Law, P.A., 100 N. Laura Street, Suite 501, Jacksonville, Florida 32202. Throughout his Complaint in the Byrne Action, Plaintiff alleges that TAP published statements about the Alleged Conspiracy, including defamatory content about Plaintiff, with knowledge of their falsity or reckless disregard for the truth which have caused damage to Plaintiff's reputation and credible death threats to Plaintiff. Pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b), the jury shall return a special verdict determining the percentage of negligence or fault attributable to TAP because, in this action, Plaintiff claims Defendants are liable for causing the same alleged damage that Plaintiff alleges to have suffered as a result of TAP's conduct which Plaintiff alleges to have been tortious throughout the Complaint in the Byrne Action.

DATED: October 5, 2023                    **PARKER DANIELS KIBORT LLC**

                                          By: */s/ Ryan P. Malone*
                                              Andrew D. Parker (MN Bar #195042)
                                              Ryan P. Malone (MN Bar #395795)
                                              888 Colwell Building
                                              123 N. Third Street
                                              Minneapolis, MN 55401
                                              Telephone: (612) 355-4100
                                              Facsimile: (612) 355-4101
                                              parker@parkerdk.com
                                              malone@parkerdk.com

                                          *Counsel for Defendants*