IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129-NYW-SKC

ERIC COOMER, Ph.D.,
    Plaintiff

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC,
AND MY PILLOW, INC.,
    Defendants

**PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO COMPEL DEPOSITION TESTIMONY FROM DEFENDANT
MICHAEL J. LINDELL AND MOTION FOR SANCTIONS PURSUANT TO
F.R.C.P. 30 AND F.R.C.P. 37**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Eric Coomer, Ph.D. (Dr. Coomer) files this Reply in Support of his Motion to Compel and for Sanctions [Dkt. 172], and shows as follows:

### I.    INTRODUCTION

1.    Dr. Coomer's Motion, and indeed this entire case, arises from Defendant Lindell's contempt for the rule of law and his deep personal animus towards those willing to hold him accountable for his constant lies. True to form, Lindell has used the Motion as a vehicle to spread more falsehoods about Plaintiff and these proceedings,[1] all while

---

[1] *See generally*, **Exhibit 3**, FrankSpeech, *Mike Lindell: Charlie Cain, You Are Part of a Crime Family As Far As I'm Concerned*, LINDELL TV, Sep. 9, 2023, https://caincloud.egnyte.com/dl/iYSsDxaiuv/EXHIBIT_3_2023-09-09_Frank_Speech_Lindell_Cain_Apart_of_Criminal_Crime_Family.mov_ ; **Exhibit 4**, FrankSpeech, *Video Clips of Mike Lindell Depositions Released and Media Goes Nuts*, THE LINDELL REPORT, Sep. 9, 2023, https://caincloud.egnyte.com/dl/U6KLtllVXu/EXHIBIT_4_2023-09-09_Frank_Speech_Lindell_Depo_Released.mov_ ; **Exhibit 6**, FrankSpeech, *Paxton Impeachment*

1

dropping promo codes and directing his audience to both the MyPillow website and the FrankSpeech app.

2.      After media outlets began reporting on some of the exhibits attached to Plaintiff's Motion, Lindell fled to the right-wing podcast circuit in an effort to spin the coverage and sell pillows.  For example, on September 11, Lindell gave a half hour interview on Alex Jones's Infowars podcast, where he stated, "I was very upset with these lawyers, these ambulance chasing, corrupt lawyers, that started in on My Pillows and calling them 'lumpy pillows' and attacking employees of My Pillow."[2]  He went on to again disparage the Court, stating, "It's really important, everybody, the judge in that case, was appointed by Biden a year ago in July, and it was her first case in history was Mike Lindell and this guy named Eric Coomer suing Mike Lindell.  An ex-employee of Dominion about this election stuff or whatever."[3]  As is typical with Defendants, this interview too was a constant back and forth between election lies, My Pillow promotions, and requests for listeners to download the FrankSpeech app.

---

*Exposes Uniparty and Release of Mike Lindell Deposition Video Exposes Lawfare*, BRANNON HOWSE LIVE, Sep. 9, 2023, https://caincloud.egnyte.com/dl/byrxMlCMVY/EXHIBIT_6_2023-09-09_Rumble_Release_of_Lindell_Depo_Video_Exposes_Lawfare.mov ; **Exhibit 8**, Alex Jones, *EXCLUSIVE MUST SEE INTERVIEW: Mike Lindell Responds to Leaked Deposition Footage,* INFOWARS, Sep. 11, 2023, https://caincloud.egnyte.com/dl/5zQ2Isuw2f/EXHIBIT_8_2023-09-11_Info_Wars_Lindell_Responds_to_Leaked_Deposition_Footage.mov ; **Exhibit 12**, Emerald Robinson, *Mike Lindell Issues the Greatest Deposition Ever*, THE ABSOLUTE TRUTH, Sep. 12, 2023, https://caincloud.egnyte.com/dl/CdpSZZN4nT/EXHIBIT_12_2023-09-12_Mike_Lindell_Absolute_Truth_re_Lindell_Deposition.mov .  Note: all a/v links will be submitted to the Clerk on an external USB drive for traditional filing as part of the record in this matter.

[2]     **Exhibit 8**, https://caincloud.egnyte.com/dl/lQ2s0f5fGj/EXHIBIT_8_2023-09-11_Info_Wars_Lindell_Responds_to_Leaked_Deposition_Footage.mov  at 4:10.

[3] *Id*. at 4:38.

3. In the interview, Lindell referred to a portion of his deposition where he repeatedly shouted that Plaintiff's counsel was an "ambulance chasing asshole." Contrary to Lindell's description, however, at no point did Plaintiff's counsel ever attack MyPillow employees or disparage their products. On the contrary, he was proposing a hypothetical as part of a line of questioning aimed at addressing calls about alleged election fraud that are directed at MyPillow's customer service helpline. Plaintiff has attached the relevant deposition transcripts in their entirety to correct this false narrative.[4] In any case, the only person threatening MyPillow employees' livelihoods is Mike Lindell, who famously enlisted his company in a nationwide effort to overturn the 2020 election results, demanded that Dominion Voting Systems sue him, and then squandered tens of millions of dollars on transparently baseless nonsense and a parade of grifters who have rightly identified him as an easy mark.

4. Lindell's media blitz had its predictable and intended effect, and Plaintiff (and his counsel) endured yet another wave of harassment. For example, one of Lindell's associates, and a close ally during the Cyber Symposium, began a promotion on his own podcast promising to deliver a MyPillow and a pocket constitution to one of Plaintiff's counsel's offices in Austin if buyers used promo code SCUMBAG.[5] At least nineteen boxes

---

[4] *See generally*, **Exhibit 16**, 30(b)(6) Depo. Tr. MyPillow, Inc., Day One, Mar. 8, 2023; **Exhibit 17**, 30(b)(6) Depo. Tr. MyPillow, Inc., Day Two, Mar. 9, 2023.

[5] *See* **Exhibit 9**, Pete Santilli, *Let's Ship a TRUCKLOAD of Pillows to Scumbag Ambulance Chasing Dominion Attorney!*, THE PETE SANTILLI SHOW, Sep. 11, 2023, https://caincloud.egnyte.com/dl/e5ze2DXMKp/EXHIBIT_9__2023-09-11_Rumble_Ship_Truckload_Pillows_to_Charlie_Cain.mov_ ; **Exhibit 14**, Letter from Santilli to Cain, Sep. 20, 2023; **Exhibit 15**, Pistol Pete Store, *MyPillow 2.0 – Charlie Cain Edition with "AMBULANCE CHASER" Loft Support!*

of pillows were delivered as a result of this effort.[6] Various other email and paper correspondence was similarly delivered to Plaintiff's counsel as a result.[7]

5. Defendants' Response attempts to sidestep Defendants' contemptuous conduct by focusing on three main arguments: (1) that Plaintiff failed to adequately confer before filing his Motion; and that (2) Federal Rule of Civil Procedure 30 and (3) Federal Rule of Civil Procedure 37 do not provide for Plaintiff's requested relief. Upon closer inspection, however, Defendants' Federal Rule of Civil Procedure 37 argument is largely the same as their initial failure to confer argument. Regardless, all of Defendants' arguments fail.

6. Because Plaintiff adequately conferred and his Motion is procedurally proper, this Court should grant his Motion, and both compel testimony from Lindell and personally sanction him.

## II. ARGUMENT

### A. *Plaintiff adequately conferred with Defendants before filing his Motion.*

7. Defendants rely almost entirely on their allegation that Plaintiff failed to adequately confer before filing his Motion in their response. This allegation disingenuously takes Plaintiff's counsel's email completely out of context.

8. The transcripts and videos of the depositions unambiguously demonstrate Lindell's repeated behavior over the course of three depositions.[8] Plaintiff does not

---

[6] These products are being donated to a shelter in Austin, Texas, serving the homeless veteran community along with a donation from the firm.

[7] *See, e.g.*, **Exhibit 7**; **Exhibit 13**.

[8] *See* Plaintiff's Motion at pp. 8-10.

4

dispute that his counsel sent Defendants' counsel an email saying, "We'll be filing a motion for sanctions under FRCP 30 and 37 arising from Lindell's conduct in his deposition on August 23. I assume you'll oppose, but please confirm." Defendants' response was similarly brief, stating simply "Yes, we will oppose."[9] Notably, this response did not seek any clarification, propose any alternatives, or express any surprise.

9. Rather than being the "sole effort made" to remedy the deficiencies in Lindell's responses, the email from Plaintiff's counsel actually represented the *final effort* after repeated attempts to bring Lindell into compliance with the Federal Rules of Civil Procedure. As noted in the Motion, Plaintiff's counsel attempted to remedy Lindell's deficient responses and abusive conduct *multiple times* both on and off the record during all three depositions. In fact, before being deposed in his personal capacity on August 23, 2023, Plaintiff's counsel expressly warned Lindell and his counsel that if Lindell repeated his behavior from the two prior depositions, or persisted in the behavior he was already displaying prior to going on the record, Plaintiff would likely seek sanctions. Rather than adjust course, Lindell chose to double down. For example, Lindell insisted that the record reflect that he had in fact referred to Dr. Coomer as "disgusting slime" after being introduced to him in person at the deposition. Although far from being the only—or even worst—example of Lindell's conduct, this is demonstrative of the futility of Plaintiff's attempts at conferral.

---

[9] **Exhibit 18**, conferral email, Sept. 6, 2023.

### B. *Federal Rule of Civil Procedure 30 provides for Plaintiff's requested relief.*

10. Next, Defendants erroneously contend that Federal Rule of Civil Procedure 30 does not provide for Plaintiff's requested relief because it "is typically reserved for sanctioning someone other than the deponent for interrupting a deposition."[10] Such a narrow reading of Federal Rule of Civil Procedure 30 would unduly limit the Court's inherent authority and runs counter to how courts have typically applied the rule.

11. As a general rule, "[t]he district court's discretion to choose a sanction is limited in that the chosen sanction must be both 'just' and 'related to the particular "claim" which was at issue in the order to provide discovery.'" *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). Further, courts have the "inherent authority to sanction bad-faith conduct in litigation." *Tom v. S.B., Inc.*, 280 F.R.D. 603, 612-13 (D.N.M. 2012). Defendants vastly inflate the importance of the number of cases Plaintiff cites from the District of Colorado.[11] And irrespective of the number of cases applying Plaintiff's requested sanctions in this jurisdiction,[12] the plain language of Federal Rule of Civil Procedure 30(d)(2) permits the sanctions requested. Plaintiff also specified that D.C.COLO.LCivR 30.3(d) *expressly* contemplates his requested relief. Consequently,

---

[10] Defendants' Response, p. 8.

[11] Tellingly, Defendants fail to cite to any cases from any jurisdiction holding that the sanctions Plaintiff requests are *not* permitted by the Federal Rules of Civil Procedure.

[12] Various other jurisdictions have used their discretion to interpret Federal Rule of Civil Procedure 30(d)(2) as permitting the type of sanctions requested here. *See GMAC Bank v. HTFC Corp.*, 248 F.R.D. 182, 185 n.4 (E.D. Penn. 2008) (collecting cases).

6

such sanctions can hardly be described as being "extraordinary" given Lindell's bad-faith conduct.

12. Defendants also appeal to the Court's sympathies regarding the length of time that Lindell has spent being deposed in this case. Setting aside for now Lindell's conduct in those depositions and the related deficiencies in his responses, he was not required to sit for the depositions of FrankSpeech LLC and MyPillow, Inc., as their designated representative. That was his decision. The only deposition he *had* to sit for was his own. As a result, his complaints about the length of time he has already testified are unavailing because the Rules dictate deposition length and Defendants chose their corporate representatives. In any case, as the transcripts demonstrate, the subject matter addressed in those depositions was unique, extensive, and specific to each.

13. And finally, Defendants' implication that Plaintiff is responsible for the ensuing media coverage of Lindell's "meltdowns" during the various depositions is irrelevant to the Court's analysis. Plaintiff attached the deposition videos to provide the full context for Lindell's behavior; what the media choose to do or not do with any public court pleadings is entirely beyond Plaintiff's control. As noted above, however, Defendants themselves readily embraced any ensuing media coverage, including through various publications of their own.[13] In fact, Lindell himself republished the videos

---

[13] *Supra* n. 1.

repeatedly to his personal Twitter page, apparently reveling in the praise his conduct earned from his followers.[14]

14. By contrast, Plaintiff and Plaintiff's counsel made no media appearances.

## C. *Federal Rule of Civil Procedure 37 provides for Plaintiff's requested relief.*

15. Much of Defendants' argument relating to Federal Rule of Civil Procedure 37 rehashes their argument that Plaintiff failed to adequately confer. This argument fails here for the same reasons discussed above.

16. Additionally, Federal Rule of Civil Procedure 37(a)(4) expressly contemplates that sanctions may be warranted for evasive or incomplete disclosures, answers, or responses. Contrary to Defendants' assertions about the quality of Lindell's answers, even a cursory review of the deposition videos, transcripts, and Plaintiff's citations reveals Lindell's non-responsiveness.[15] And this conduct continued at Lindell's deposition in his personal capacity. Again, there—based on his prior conduct—he was warned before going on the record about the potential for sanctions if he continued being evasive and abusive, and yet he still insisted on behaving as he had done at the prior depositions.[16]

---

[14] *See* **Exhibit 1**, **Exhibit 10**, https://caincloud.egnyte.com/dl/6F9sDRGGmz/EXHIBIT_10__2023-09-11_Twitter_RealMikeLindell_re_Calling_Cain_an_Ambulance_Chaser.mov_; **Exhibit 11**, https://caincloud.egnyte.com/dl/755i9QdWPX/EXHIBIT_11__2023-09-11_Twitter_realMikeLindell.mov_.

[15] *See* **Plaintiff's Exhibit 6**, pp. 11-16; 99-103; 279-81; 286, [Dkt. 172-6].

[16] *See* **Plaintiff's Exhibit 1**, 74:7-75:8, [Dkt. 172-1].

8

## CONCLUSION

For the reasons stated in Plaintiff's Motion, Eric Coomer, Ph.D. requests an order awarding the following:

- All fees and costs associated with preparation for the deposition;

- All fees and costs associated with traveling to and from Minnesota to conduct the deposition, including accommodations;

- All fees and costs associated with taking the deposition itself;

- Attorney fees associated with review of the transcripts and drafting of this Motion and any associated reply; and

- An order compelling Lindell to appear before the Court or the Magistrate Judge in Denver, Colorado, for a period of seven (7) hours on the record in order to complete his individual deposition.

Respectfully submitted this 13th day of October 2023.

        Respectfully submitted,

        */s/ Charles J. Cain*
Charles J. Cain, No. 51020
ccain@cstrial.com
Bradley A. Kloewer, No. 50565
bkloewer@cstrial.com
Steve Skarnulis
skarnulis@cstrial.com
Zachary H. Bowman
zbowman@cstrial.com
David E. Jennings, No. 54643
djennings@cstrial.com
**Cain & Skarnulis PLLC**
P. O. Box 1064/101 N. F Street, Suite 207
Salida, Colorado 81201
303 Colorado Street, Suite 2850
Austin, Texas 78701
719-530-3011/512-477-5011 (Fax)

Thomas J. Rogers III, No. 28809
trey@rklawpc.com
Mark Grueskin, No. 14621
mark@rklawpc.com
**RechtKornfeld PC**
1600 Stout Street, Suite 1400
Denver, Colorado 80202
303-573-1900
**ATTORNEYS FOR PLAINTIFF**