# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01129-NYW-SKC

ERIC COOMER, PH.D.,

    Plaintiff,

v.

MICHAEL J. LINDELL,
FRANKSPEECH LLC, and
MY PILLOW, INC.,

    Defendants.

## MINUTE ORDER

**Entered by Judge Nina Y. Wang**

    This matter is before the Court on Plaintiff's Motion to Restrict Pursuant to D.C.COLO.LCivR 7.2, [Doc. 144, filed May 19, 2023], filed by Plaintiff Eric Coomer, Ph.D. ("Plaintiff" or "Dr. Coomer"); the Joint Table Regarding Restricted Docket Entries Required by Court Minute Order Docket 148 ("First Joint Table"), [Doc. 157, filed June 9, 2023], filed by Dr. Coomer and Defendants Michael J. Lindell ("Mr. Lindell"), Frankspeech LLC, and My Pillow, Inc. (together, "Defendants"); the Joint Submission Regarding Certain Restricted Filings ("Second Joint Table"), [Doc. 158, filed June 9, 2023], filed by Dr. Coomer and third-party CD Solutions, Inc. ("CD Solutions"); Defendants' Motion to Restrict Access to Documents, [Doc. 192, filed September 21, 2023]; and Plaintiff's Notice of Withdrawal or Modification of Certain Confidentiality Designations ("Plaintiff's Notice"), [Doc. 196, filed September 29, 2023].

    As the Court has discussed in detail, *see* [Doc. 148], there is a common law right of access to judicial records. *JetAway Aviation, LLC v. Bd. of Cnty. Comm'rs of Cnty. of Montrose*, 754 F.3d 824, 826 (10th Cir. 2014). Although the right is not absolute, there is a "strong presumption in favor of public access," and it can only be overcome where countervailing interests heavily outweigh the public interests in access—which are "presumptively paramount." *United States v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020) (quotations omitted). Considering the number of restriction issues pending before the Court, and the underlying content's often tangential relevance to the merits of this proceeding, the Court notes that many of its determinations to restrict or redact filings in this Order are grounded in the need to preserve judicial resources and promote efficiency, and do not necessarily mean that the underlying material may be properly restricted if a Party seeks to file it again. *Cf.* Fed. R. Civ. P. 1. As always, any document that is filed under restriction must be followed by a proper motion to restrict within fourteen days, or the Court will lift the restriction. *See* D.C.COLO.LCivR 7.2(e). The Court organizes this Order by reference to the filings subject to restriction, as indicated in the table below.

| Docket Entry | Ruling |
|---|---|
| [Doc. 110-2] | Plaintiff does not oppose Defendants' request to restrict the personal contact information in this contract. *See* [Doc. 157 at 2]. The Court has previously restricted personal contact information in this matter, [Doc. 148 at 3], and finds that restriction of the personal contact information in [Doc. 110-2] is warranted for the same reasons. Defendants further seek to restrict the "commercially sensitive" payment terms in the document, while Plaintiff argues that "the significant commercial and financial ties" between the parties to the contract are "highly relevant" and should not be restricted. *See* [Doc. 157 at 2]. Defendants have supplied a proposed redacted version of [Doc. 110-2]. *See* [Doc. 157-1]. The Court will permit the continued restriction of [Doc. 110-2] in light of the redacted version and the posture in which the document was filed. |
| [Doc. 113-1][1] | The deposition of Max McGuire ("Mr. McGuire") has been publicly available in unredacted form on the docket since March 2023. *See* [Doc. 118-3 (filed by CD Solutions)]. The Court will not restrict a document that has been accessible for seven months. |
| [Doc. 113-6] | With respect to the thousands of pages of email and text message conversations attached to [Doc. 113], the Court cannot conclude that total restriction is proper, but the Court also recognizes that some of these conversations or messages contain personal contact information, such as phone numbers, or other particularly sensitive content. To balance these concerns and preserve judicial resources, the Court will permit the filing of a narrowly redacted version of [Doc. 113-6] that accounts for the presumption of public access. If no redactions are filed, the Court will unrestrict the document. |
| [Doc. 113-7] | For the reasons discussed above, the Court will permit the filing of a narrowly redacted version of [Doc. 113-7] that accounts for the presumption of public access. If no redactions are filed, the Court will unrestrict the document. |
| [Doc. 113-8] | For the reasons discussed above, the Court will permit the filing of a narrowly redacted version of [Doc. 113-8] that accounts for the presumption of public access. If no redactions are filed, the Court will unrestrict the document. |

---

[1] [Doc. 113-1] does not appear in the Second Joint Table, which states Plaintiff's and CD Solutions's positions on the restriction of certain attachments to [Doc. 113] and [Doc. 121]. *Compare* [Doc. 156 at 2], *with* [Doc. 158 at 1]. However, because [Doc. 121-6] is the same transcript as [Doc. 113-1], the Court applies the Parties' positions on the restriction of that document to [Doc. 113-1].

| [Doc. 113-9]  | For the reasons discussed above, the Court will permit the filing of a narrowly redacted version of [Doc. 113-9] that accounts for the presumption of public access.  If no redactions are filed, the Court will unrestrict the document. |
|---|---|
| [Doc. 113-10] | For the reasons discussed above, the Court will permit the filing of a narrowly redacted version of [Doc. 113-10] that accounts for the presumption of public access.  If no redactions are filed, the Court will unrestrict the document. |
| [Doc. 113-11] | For the reasons discussed above, the Court will permit the filing of a narrowly redacted version of [Doc. 113-11] that accounts for the presumption of public access.  If no redactions are filed, the Court will unrestrict the document. |
| [Doc. 113-12] | For the reasons discussed above, the Court will permit the filing of a narrowly redacted version of [Doc. 113-12] that accounts for the presumption of public access.  If no redactions are filed, the Court will unrestrict the document. |
| [Doc. 113-13] | For the reasons discussed above, the Court will permit the filing of a narrowly redacted version of [Doc. 113-13] that accounts for the presumption of public access.  If no redactions are filed, the Court will unrestrict the document. |
| [Doc. 113-15] | For the reasons discussed above, the Court will permit the filing of a narrowly redacted version of [Doc. 113-15] that accounts for the presumption of public access.  If no redactions are filed, the Court will unrestrict the document. |
| [Doc. 113-16] | The deposition of Mr. McGuire has been publicly available in unredacted form on the docket since March 2023.  *See* [Doc. 118-3].  The Court will not restrict summaries related to a deposition whose transcript has been publicly available for seven months. |
| [Doc. 113-19] | The deposition of Mr. McGuire has been publicly available in unredacted form on the docket since March 2023.  *See* [Doc. 118-3].  The Court will not restrict attorney emails and summaries related to a deposition whose transcript has been publicly available for seven months. |
| [Doc. 113-21] | The deposition of Joseph Oltmann is available with minimal redactions at [Doc. 97-5].  For purposes of efficiency, the Court will permit the continued restriction of [Doc. 113-21]. |
| [Doc. 121-5]  | [Doc. 121-5] appears to be identical to [Doc. 113-6].  For the reasons discussed above, the Court will permit the filing of a narrowly redacted version of [Doc. 121-5] that accounts for the presumption of public access.  If no redactions are filed, the Court will unrestrict the document. |
| [Doc. 121-6]  | [Doc. 121-6] appears to be identical to [Doc. 113-1] and will be unrestricted accordingly.  The deposition of Mr. McGuire has been publicly available in unredacted form on the docket since March 2023.  *See* [Doc. 118-3]. |

| | |
|---|---|
| [Doc. 121-7] | [Doc. 121-7] appears to be identical to [Doc. 113-21]. As discussed above, for purposes of efficiency in light of the availability of a minimally redacted transcript at [Doc. 97-5], the Court will permit the continued restriction of [Doc. 121-7]. |
| [Doc. 121-8] | Plaintiff seeks to restrict [Doc. 121-8] because it contains Attorney Charlie Cain's personal phone number. *See* [Doc. 158 at 10]. The Court has previously restricted personal contact information in this matter, [Doc. 148 at 3], and finds that restriction of [Doc. 121-8], and the filing of a version that redacts the phone number, is warranted for the same reasons. |
| [Doc. 121-10] | The Court has previously restricted personal contact information in this matter, [Doc. 148 at 3], and finds that restriction of [Doc. 121-10], and the filing of a version that redacts the residential address underlying the restriction request, is warranted for the same reasons. *See* [Doc. 158 at 11]. |
| [Doc. 127-6] | The Court is disinclined to redact information relied upon in seeking relief without a particularized showing of a need to limit public access. This document was an exhibit to Plaintiff's Motion to [sic] Leave to File Second Amended Complaint, *see* [Doc. 127 at 10], and Defendants have not shown a need for total restriction. However, Defendants propose redacting the personal contact information in the document. *See* [Doc. 157 at 4]. The Court has previously restricted personal contact information in this matter, [Doc. 148 at 3], and finds that redaction of [Doc. 127-6] is warranted for the same reasons. |
| [Doc. 127-7] | The Court is disinclined to redact information relied upon in seeking relief without a particularized showing of a need to limit public access. This document was an exhibit to Plaintiff's Motion to [sic] Leave to File Second Amended Complaint, *see* [Doc. 127 at 10], and Defendants have not shown a need for total restriction. However, Defendants propose redacting the personal contact information in the document. *See* [Doc. 157 at 5]. The Court has previously restricted personal contact information in this matter, [Doc. 148 at 3], and finds that redaction of [Doc. 127-7] is warranted for the same reasons. |
| [Doc. 127-8], conventionally filed at [Doc. 132] | Plaintiff asserts that certain information in a conventionally filed spreadsheet "presents a potential threat to election security across the country, as well as a significant commercial threat to multiple third parties." [Doc. 157 at 5]; *see also* [Doc. 144 at 8–9]. Defendants do not oppose restriction of the employee passwords at issue. *See* [Doc. 157 at 5]. The Court agrees that continued restriction of this document is warranted |

4

| | |
|---|---|
| | based on security concerns and the personal information in the spreadsheet.[2] |
| [Doc. 135-1], conventionally filed at [Doc. 139] | The content of [Doc. 135-1], conventionally filed at [Doc. 139], is identical to that of [Doc. 127-8], conventionally filed at [Doc. 132], and will accordingly remain restricted. |
| [Doc. 135-2] | Defendants seek to restrict the personal email addresses in this document. *See* [Doc. 157 at 6]. Plaintiff does not oppose. *See* [*id.*]. The Court has previously restricted personal contact information in this matter, [Doc. 148 at 3], and finds that restriction of [Doc. 135-2] is warranted for the same reasons. The Court further notes that Defendants have submitted a version of [Doc. 135-2] that redacts the email addresses at issue. *See* [Doc. 157-2]. |
| [Doc. 172-2], conventionally filed at [Doc. 175] | Defendants have timely moved to restrict transcripts or video of Mr. Lindell's deposition until October 25, 2023, to permit Defendants time to finalize the transcript and give all Parties time to review the deposition and potentially "move for a further order for restriction narrowly tailored to any materials therein which require permanent protection from public disclosure." [Doc. 192 at 4–5]. The Court finds that good cause exists to maintain the restriction of Mr. Lindell's deposition until October 25, 2023. If no renewed motion to restrict is filed on or before that date, the Court will unrestrict the document. |
| [Doc. 172-3], conventionally filed at [Doc. 175] | As discussed above, the Court finds that good cause exists to maintain the restriction of Mr. Lindell's deposition until October 25, 2023. |
| [Doc. 172-4], conventionally filed at [Doc. 175] | As discussed above, the Court finds that good cause exists to maintain the restriction of Mr. Lindell's deposition until October 25, 2023. |
| [Doc. 172-5], conventionally filed at [Doc. 175] | As discussed above, the Court finds that good cause exists to maintain the restriction of Mr. Lindell's deposition until October 25, 2023. |
| [Doc. 173] | As discussed above, the Court finds that good cause exists to maintain the restriction of Mr. Lindell's deposition until October 25, 2023. |
| [Doc. 178] | Plaintiff's Notice indicates that Dr. Coomer is narrowing his confidentiality designations as to this deposition transcript, states that he "has identified a few subject areas still warranting redaction," and attaches a redacted version. [Doc. 196 at 2]; *see also* [Doc. 196-4]. For purposes of efficiency, the Court will excuse the untimeliness of Plaintiff's Notice, to the extent that |

---

[2] For practical purposes, restricting the spreadsheet also entails restricting the video clips housed on the same conventionally filed flash drive. The Court's reasoning with respect to restriction does not extend to those clips.

| | |
|---|---|
| | it is intended as a motion to restrict, and permit the continued restriction of [Doc. 178] in light of the filing of [Doc. 196-4]. |
| [Doc. 180] | As discussed above, the Court finds that good cause exists to maintain the restriction of Mr. Lindell's deposition until October 25, 2023. |
| [Doc. 189] | The Court has received no timely motion seeking continued restriction of this document and will therefore unrestrict it. |
| [Doc. 190] | The Court has received no timely motion seeking continued restriction of this document and will therefore unrestrict it. |
| [Doc. 191] | The Court construes Plaintiff's Notice as a motion to restrict [Doc. 191] based on the inclusion of "personal phone numbers." [Doc. 196 at 2]. The Court has previously restricted personal contact information in this matter, [Doc. 148 at 3], and finds that restriction of [Doc. 191] is warranted for the same reasons. The Court further notes that Plaintiff has submitted a version of [Doc. 191] that redacts the phone numbers. *See* [Doc. 196-3]. |

Finally, this Court notes that significant resources have been expended on confidentiality and restriction issues raised by the Parties and non-parties. This Court expects that, going forward, the Parties and any non-parties seeking to designate materials under the Amended Protective Order Governing the Production and Exchange of Confidential Information [Doc. 149] will heed the principles that this Court has articulated and consider whether (1) the exhibits attached to court filings and (2) relief sought are truly necessary for the just, expedient, and economical adjudication of the issues raised by this action.

Accordingly, **IT IS ORDERED** that:

(1) Plaintiff's Motion to Restrict Pursuant to D.C.COLO.LCivR 7.2 [Doc. 144] is **GRANTED**;

(2) Defendants' Motion to Restrict Access to Documents [Doc. 192] is **GRANTED**;

(3) The following documents will **REMAIN RESTRICTED**, subject to no additional procedures: Doc. 110-2; Doc. 113-21; Doc. 121-7; Doc. 127-8; Doc. 132; Doc. 135-1; Doc. 135-2; Doc. 139; Doc. 178; and Doc. 191;

(4) The Clerk of the Court will **UNRESTRICT** the following documents immediately: Doc. 113-1; Doc. 113-16; Doc. 113-19; Doc. 121-6; Doc. 189; and Doc. 190.

(5) On or before **November 3, 2023**, the Parties **SHALL REFILE** the following documents, **REDACTED** consistent with this Order, as attachments to a Joint Notice of Filing: Doc. 121-8; Doc. 121-10; Doc. 127-6; and Doc. 127-7;

(6) If redacted versions of the following documents are not filed on or before **November 3, 2023, they will be unrestricted without further notice**: Doc. 113-6; Doc. 113-7; Doc. 113-8; Doc. 113-9; Doc. 113-10; Doc. 113-11; Doc. 113-12; Doc. 113-13; Doc. 113-15; and Doc. 121-5; and

(7) If no renewed motion to restrict is filed with respect to the following entries on or before **October 25, 2023, <u>they will be unrestricted without further notice</u>**: Doc. 172-2; Doc. 172-3; Doc. 172-4; Doc. 172-5; Doc. 173; Doc. 175; and Doc. 180.

DATED:  October 18, 2023