IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129-NYW-SKC

ERIC COOMER, PH.D.,

    Plaintiff,

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC, AND MY PILLOW, INC.,

    Defendants.

**DEFENDANTS' MOTION TO PARTIALLY RESTRICT ACCESS TO DOCUMENTS**

    Defendants Michael J. Lindell, Frankspeech LLC, and My Pillow, Inc. (collectively, "Defendants"), through their undersigned counsel and pursuant to D.C.COLO.LCivR 7.2, file this Motion to Partially Restrict Access to: ECF #173 (identified in placeholder exhibit filed as ECF #172-1) and the conventionally filed document identified in the placeholder exhibit filed as ECF #172-3. Defendants state as follows in support of this Motion:

    1.    Plaintiff Eric Coomer, Ph.D. ("Plaintiff") filed ECF #173 as Restricted Exhibit 1 of his Motion to Compel Deposition Testimony and for Sanctions (ECF #172) ("Plaintiff's Motion to Compel"), and publicly filed ECF #172-1 as a placeholder for ECF #173. ECF #173 is the entire written transcript of the August 23, 2023 deposition of Defendant Michael J. Lindell ("Lindell").

    2.    Plaintiff also conventionally filed Restricted Exhibit 3 of Plaintiff's Motion to Compel by providing the Court with a USB flash drive containing this Exhibit, among others, in a

folder therein identified as CONFIDENTIAL,[1] and publicly filed ECF #172-3 as a placeholder for the conventionally filed Restricted Exhibit 3 of Plaintiff's Motion to Compel. The conventionally filed Restricted Exhibit 3 of Plaintiff's Motion to Compel contains a portion of the video transcript of the August 23, 2023 Lindell Deposition.

3. Pursuant to D.C.COLO.LCivR 7.2, a party moving to restrict public access to documents filed with the Court must:

(1) identify the document or the proceeding for which restriction is sought;

(2) address the interest to be protected and why such interest outweighs the presumption of public access . . .;

(3) identify a clearly defined and serious injury that would result if access is not restricted;

(4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question . . .; and

(5) identify the level of restriction sought.

4. Defendants seek an order retaining the Level 1 Restriction of email addresses contained within portions of the Lindell Deposition Transcripts based on the significant safety and privacy concerns implicated in this high-profile matter:

5. In the Minute Order, this Court noted "that this action is likely to garner more attention than the average case, and that a myriad of witnesses—including but not limited to Dr. Coomer and Mr. Lindell—have articulated concerns regarding their personal safety and privacy in this matter." (ECF #148 at 3). Although "[p]ublic access to the courts is fundamental to our system of justice," Civ. Practice Standard 7.2(a), the parties' safety and privacy concerns, as recognized

---

[1] *See* ECF #172 at 2.

by the parties and the Court in the Minute Order and the Protective Order, (*see, e.g.*, ECF #149), militates against public access to email addresses contained in the Lindell Deposition Transcripts.

6. Defendants therefore request that the Court order that the Lindell Deposition Transcripts should retain Level 1 Restriction as to email addresses contained in the Lindell Deposition Transcripts, which may be accomplished through the public re-filing of ECF #173 (identified in placeholder exhibit filed as ECF #172-1) and the conventionally filed document identified in the placeholder exhibit filed as ECF #172-3 <u>with the redaction of all email addresses therein, which may be found at the following locations:</u>

- ECF #173 at 212:8;
- ECF #173 at 215:12, 14, and 18;
- ECF #173 at 217:6;
- ECF #173 at 289:22;
- ECF #172-3 at time 12:17:43–12:17:47;
- ECF #172-3 at time 12:20:17–12:20:19;
- ECF #172-3 at time 12:20:21–12:20:22;
- ECF #172-3 at time 12:20:28–12:20:30; and
- ECF #172-3 at time 12:21:14–12:21:15.

7. Redactions of these portions of ECF #173 and the conventionally filed document identified in the placeholder exhibit filed as ECF #172-3 are the least restrictive and minimally adequate means of protecting against the disclosure of the email addresses contained within the Lindell Deposition Transcripts.

8. Should the Court grant the relief requested herein, Defendants will publicly re-file ECF #173 and the conventionally filed document identified in the placeholder exhibit filed as ECF #172-3 with the redactions reflected in Paragraph 6 above.

**CONCLUSION**

For the reasons stated herein, Defendants request that the Court enter an order that the written transcript of the Lindell Deposition filed as restricted in ECF #173, and the portion of the video transcript conventionally filed as Restricted Exhibit 3 of Plaintiff's Motion to Compel (and identified in the placeholder exhibit filed as ECF #172-3), remain restricted as to all email addresses contained therein.

**CERTIFICATE OF CONFERRAL**

Defendants do not know whether this Motion is unopposed or opposed at this time, and will make efforts to reach agreement with Plaintiff where possible. Defendants reserve all rights available under D.C.COLO.LCivR 7.2(d).

DATED:  October 25, 2023                **PARKER DANIELS KIBORT LLC**

By: */s/ Ryan P. Malone*
Andrew D. Parker (MN Bar #195042)
Ryan P. Malone (MN Bar #395795)
Abraham S. Kaplan (MN Bar #399507)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
malone@parkerdk.com
kaplan@parkerdk.com

*Counsel for Defendants*

4