## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01129-NYW-SKC

ERIC COOMER, PH.D.,

      Plaintiff,

v.

MICHAEL J. LINDELL,
FRANKSPEECH LLC, and
MY PILLOW, INC.,

      Defendants.

---

## MINUTE ORDER

---

**Entered by Judge Nina Y. Wang**

This matter is before the Court on Plaintiff's Motion to Compel Deposition Testimony from Defendant Michael J. Lindell and Motion for Sanctions Pursuant to F.R.C.P. 30 and F.R.C.P. 37 ("Motion to Compel"), [Doc. 172, filed September 7, 2023], filed by Plaintiff Eric Coomer, Ph.D. ("Plaintiff" or "Dr. Coomer"). The Motion to Compel arises out of the individual deposition of Defendant Michael J. Lindell ("Defendant Lindell" or "Mr. Lindell"). Mr. Lindell has opposed the Motion to Dismiss, [Doc. 195, filed September 28, 2023], and Plaintiff has submitted a Reply, [Doc. 210, filed October 13, 2023]. As discussed below, the Court respectfully **GRANTS in part** and **DENIES in part** the Motion to Compel.

**Background.** Defendant Lindell has been deposed as the corporate designee pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure on behalf of Defendant Frankspeech LLC and Defendant My Pillow, Inc., as well as in his individual capacity. In the Motion to Compel, Plaintiff contends that, at the individual deposition on August 23, 2023, Mr. Lindell, "was vulgar, threatening, loud, disrespectful to Dr. Coomer's counsel and the Court, evasive, and largely non-responsive to questioning." [Doc. 172 at 1]. Pursuant to Rules 30 and 37 of the Federal Rules of Civil Procedure, Plaintiff seeks fees and costs in connection with preparing for the individual deposition, taking the individual deposition, and drafting the Motion to Compel and Reply. *See* [*id.* at 12]. Plaintiff further requests "[a]n order compelling Mr. Lindell to appear before the Court or the Magistrate Judge in Denver, Colorado, for a period of seven (7) hours on the record in order to complete his individual deposition." [*Id.*]. Defendant responds that the Motion to Compel "is procedurally and legally deficient, and it does not serve to advance a fair resolution of the parties' claims or defenses in this action." [Doc. 195 at 1–2]. The Motion to Compel is now ripe for resolution.

***Legal Standard.***   The Federal Rules of Civil Procedure provide for discovery procedures that seek to further the interests of justice by minimizing surprise at trial and ensuring wide-ranging discovery of information.  *See Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 619 (D. Colo. 2007).  Rule 37 provides for various sanctions when a party fails to comply with her discovery obligations.  *See* Fed. R. Civ. P. 37; *Mize v. Kai, Inc.*, No. 17-cv-00915-NYW, 2018 WL 1035084, at *3 (D. Colo. Feb. 23, 2018) ("Rule 37 serves as the mechanism for enforcing compliance with discovery obligations.").  Ultimately, the court retains broad discretion to impose an appropriate sanction for the disobedient conduct.  *See Est. of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 862 (10th Cir. 2005).  Under Rule 30, "[t]he court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent."  Fed. R. Civ. P. 30(d)(2).

***Discussion.***   The Court has reviewed the transcript, [Doc. 173], and video recording, [Doc. 172-2; Doc. 172-3; Doc. 172-4; Doc. 172-5; Doc. 175], associated with Mr. Lindell's August 23, 2023, individual deposition.  At the outset, the Court agrees with Plaintiff that Mr. Lindell's deposition conduct was often inappropriate, disrespectful, and unnecessarily contentious, and that his testimony was often unresponsive.  The Court also recognizes that, shortly into the deposition, Plaintiff's counsel indicated that the instant Motion to Compel would be filed, but then engaged in several additional hours of examination and, according to Mr. Lindell, did not try to resume or reschedule the deposition after its suspension.  *See* [Doc. 173 at 21:15–21; Doc. 195 at 7].  Nor is this Court aware of any attempt by Plaintiff's counsel to contact the Court during the deposition to address Mr. Lindell's conduct.  As always, the Court's goals include advancing the efficient administration of this action, preserving limited judicial resources, and optimizing the discovery process for purposes of trial and dispositive motions.  *See, e.g.*, Fed. R. Civ. P. 1.  From that perspective, and considering Mr. Lindell's conduct across several depositions and the state of this litigation, the Court does not find that either sanctions with respect to the individual deposition, or an additional individual deposition carried out under Court supervision, will be effective or useful measures in this case.

That said, the Court is mindful of how Mr. Lindell has contributed to the serious issues Plaintiff identifies in the Motion to Compel.  The most significant problem with Mr. Lindell's individual deposition appears to be that, as Plaintiff submits, "Mr. Lindell refused to provide a direct answer to virtually every question asked, instead opting to shout over Dr. Coomer's counsel and then provide lengthy, meandering filibusters."  [Doc. 172 at 4].  To permit Plaintiff to understand Mr. Lindell's position and lay the groundwork for effective use of his deposition testimony in preparation for, and at, a trial in this matter, Plaintiff is entitled to clear answers to proper questions.  *Cf.* Fed. R. Civ. P. 26(b)(1).  Accordingly, exercising this Court's considerable latitude to shape discovery, *see, e.g., Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1188–89 (10th Cir. 2010), the Motion to Compel is **GRANTED in part** and **DENIED in part** as follows.

Plaintiff's various requests for costs, fees, and a rescheduled deposition are respectfully **DENIED without prejudice**.  However, the Court will grant limited additional discovery that is targeted toward remedying defects in Mr. Lindell's deposition.  Accordingly, on or before November 3, 2023, Dr. Coomer may serve up to 20 additional requests for admission on Mr. Lindell in his individual capacity based on the testimony that Mr. Lindell provided in his individual

deposition. Alternatively, Dr. Coomer shall file a Notice indicating that he does not seek to engage in such additional discovery. As outlined below, Defendant Lindell shall file *sworn* responses to any requests for admission, and Dr. Coomer may serve one additional follow-up interrogatory that is limited to seeking the factual basis for any denial of a request for admission. The Court finds that this procedure is best suited to managing and redressing the concerns raised by Mr. Lindell's deposition conduct. *See Goode v. Ramsaur*, No. 20-cv-00947-DDD-KLM, 2023 WL 3305923, at *6 (D. Colo. May 8, 2023) ("The decision to impose sanctions for discovery violations and any determination as to what sanctions are appropriate are matters generally entrusted to the discretion of the district court." (quotation omitted)). **And the Court cautions Mr. Lindell that continued hostility or attempts to circumvent the discovery process, including but not limited to responding to any forthcoming discovery in anything other than a straightforward and appropriate manner, will be met with appropriate sanctions.**

*Other Issues.* The Court next addresses the effect of the additional discovery permitted by this Order on two additional matters. First, on September 8, 2023, the day after Plaintiff filed the instant Motion to Compel, Defendants filed their Omnibus Motion for Summary Judgment. [Doc. 177]. Plaintiff then requested an indefinite extension of time to respond to the Omnibus Motion for Summary Judgment to permit him to obtain information through the Motion to Compel. *See* [Doc. 182]. The Court granted the extension and indicated that it would set a date certain for the filing of Plaintiff's response upon deciding the Motion to Compel. [Doc. 185]. Accordingly, Plaintiff shall file his response to the Omnibus Motion for Summary Judgment on or before **December 10, 2023**. The Court will grant no additional extensions of time except in extraordinary circumstances. Second, Defendants' attorneys have moved to withdraw from their representations. *See* [Doc. 200; Doc. 204]. Once any additional discovery pursuant to this Order is complete, the Court will hold a conference with respect to the Motion to Withdraw as Counsel, [Doc. 200], and Motion to Withdraw the Reisch Law Firm as Counsel for Defendants, [Doc. 204].

*Restriction.* Finally, all docket entries associated with Mr. Lindell's individual deposition were initially filed under restriction. *See* [Doc. 172-2; Doc. 172-3; Doc. 172-4; Doc. 172-5; Doc. 173; Doc. 175; Doc. 180]. The complete transcript is [Doc. 173] and an excerpt of the transcript is [Doc. 180]. The video recording of the deposition is divided into four parts, [Doc. 172-2; Doc. 172-3; Doc. 172-4; Doc. 172-5], that have been conventionally filed on a flash drive at [Doc. 175].

Pursuant to this Court's Minute Order of October 18, 2023, Defendants have filed a Motion to Partially Restrict Access to Documents, [Doc. 214, filed October 25, 2023], in which they propose maintaining restriction of the full transcript, [Doc. 173], and one section of the recording, [Doc. 172-3], while filing versions of the transcript and recording that redact or omit several references to email addresses. *See* [Doc. 214 at 3]. The Court has previously permitted the restriction of personal contact information, including email addresses, in this litigation. *See, e.g.*, [Doc. 148 at 3; Doc. 212 at 2, 4–6]. Accordingly, Defendants' Motion to Partially Restrict Access to Documents is **GRANTED**. The transcript, [Doc. 173], shall remain restricted and Defendant shall refile an appropriately redacted version. For purposes of efficiency, [Doc. 175] shall remain restricted in full, and Plaintiff shall conventionally file a drive that is identical in content, with the exception of the modifications sought.[1] Additionally, the Clerk of Court will **UNRESTRICT**

---

[1] In its October 18, 2023, Minute Order, this Court advised the Parties that all four segments of the videotaped deposition, [Doc. 172-2; Doc. 172-3; Doc. 172-4; Doc. 172-5], and the drive on which

[Doc. 180], as it is outside the scope of Defendants' motion, and the deadline for seeking its continued restriction has passed. *See* [Doc. 212 at 6–7]. <u>In the future, the Parties are encouraged to redact sensitive email addresses in their initial submissions unless they are substantively relevant to the filing.</u>

Accordingly, **IT IS ORDERED** that:

(1)     Defendants' Motion to Partially Restrict Access to Documents [Doc. 214] is **GRANTED**;

(2)     On or before **November 10, 2023**, Defendants **SHALL REFILE** [Doc. 173], **REDACTED** consistent with this Order, as well as the conventionally filed drive docketed at [Doc. 175], with Exhibits 1 and 3 **REDACTED** consistent with this Order;

(3)     The Clerk of the Court will immediately **UNRESTRICT** [Doc. 180];

(4)     Plaintiff's Motion to Compel Deposition Testimony from Defendant Michael J. Lindell and Motion for Sanctions Pursuant to F.R.C.P. 30 and F.R.C.P. 37 [Doc. 172] is **GRANTED in part** and **DENIED in part**;

(5)     On or before **November 3, 2023**, Plaintiff may serve **up to 20 additional requests for admission** on Defendant Lindell, based on the testimony provided at his individual deposition, and Defendant Lindell shall serve responses, **sworn under oath**, on or before **November 17, 2023**;

(6)     On or before **November 20, 2023**, Plaintiff may serve **one additional follow-up interrogatory** that is limited to seeking the factual basis for the denial of any requests for admission served pursuant to this Order;

(7)     If the follow-up interrogatory is served, Defendant Lindell shall serve his response, **sworn under oath**, on or before **November 27, 2023**;

(8)     If Plaintiff does not elect to engage in additional discovery pursuant to this Order, he shall file a Notice to that effect on or before **November 3, 2023**;

(9)     Plaintiff shall file any Response in Opposition to Defendants' Omnibus Motion for Summary Judgment [Doc. 177] on or before **December 10, 2023**; and

(10)    Subject to rescheduling if Plaintiff does not engage in additional discovery pursuant to this Order, or if additional attorneys appear on Defendants' behalf in the interim,

---

they are housed, [Doc. 175], would be unrestricted absent a renewed request for restriction. *See* [Doc. 212 at 7]. In their Motion to Partially Restrict Access to Documents, Defendants technically seek restriction only with respect to [Doc. 172-3]. *See* [Doc. 214 at 4]. However, piecemeal restriction of documents stored on a conventionally filed drive is impracticable, so the Court will direct Defendants to refile the drive, albeit with limited modifications pursuant to this Order.

a Telephonic Status Conference is **SET** for **November 28, 2023**, at **8:30 AM**, with respect to the Motion to Withdraw as Counsel [Doc. 200] and Motion to Withdraw the Reisch Law Firm as Counsel for Defendants [Doc. 204]. **Counsel for Defendant Lindell shall ensure that Mr. Lindell attends the Telephonic Status Conference.** The Parties shall participate using the following dial-in information: 888-363-4749; Access Code: 5738976#.

DATED:  October 26, 2023