**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-01129-NYW-SKC

ERIC COOMER, Ph.D.,
    Plaintiff

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC,
AND MY PILLOW, INC.,
    Defendants

---

**PLAINTIFF'S OBJECION TO DEFENDANTS
DESIGNATION OF NONPARTIES AT FAULT AND
MOTION TO STRIKE DESIGNATION**

---

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Eric Coomer, Ph.D. (Dr. Coomer) files this Objection to Defendants' Designation of Nonparties at Fault and Motion to Strike Designation, and shows as follows:

### I.   INTRODUCTION

1. As their counsel's final act before moving to withdraw from this case, Defendants filed their Designation of Nonparties at Fault [Dkt. 199] (the Designation) on October 5, 2023. The Designation is untimely by the express language of the statute upon which Defendants rely. Further, even if the Designation were not time-barred, it fails as a matter of law and should be denied.

1

## II.   ARGUMENT

### A.   *The Designation is time-barred.*

2.   Defendants cite C.R.S. § 13-21-111.5(3)(b) as authority to file the Designation, but that statute expressly holds that "Negligence or fault of a nonparty may be considered if . . . the defending party gives notice that a nonparty was wholly or partially at fault *within ninety days following commencement of the action* unless the court determines that a longer period is necessary." (Emphasis added).

3.   Assuming the referenced statute applies, the Designation is 428 days late. Specifically, Plaintiff filed this lawsuit in the Denver County District Court on April 4, 2022, and it was removed to this Court on May 5, 2022. As a result, Defendants' deadline to file the Designation was August 3, 2022, or 428 days prior to the October 5, 2023 filing.

### B.   *There is no basis for the Court to determine that a longer designation period is necessary.*

4.   Defendants make no argument to suggest that a longer designation period was warranted, nor could they. With one exception, discussed below, the Designation simply lists defendants in other lawsuits filed by Plaintiff. But Plaintiff filed a timely Notice of Related Cases on June 17, 2022 [Dkt. 22], well within the designation window identified above. Following the filing of Plaintiff's fifth and final lawsuit against Patrick Byrne, Steve Lucescu, and The America Project, Inc., Plaintiff again filed a timely First Supplemental Notice of Related Cases on August 19, 2022 [Dkt. 46].

5.   The only individual listed in the Designation that Plaintiff has not filed suit against is David Clements. *See* Designation, at ¶ 20. But there can be no excuse for the delay in designating Clements either, because statements made by Clements at "Mike

2

Lindell's Cyber Symposium" were expressly described for several paragraphs in the Complaint. *See* Plaintiff's Complaint [Dkt. 1], at ¶¶ 78, 80-84.

6. Even if Defendants did argue for an extended deadline, which they have not, such a request should be denied as designation at this late stage would materially prejudice Plaintiff. The discovery deadline was August 18, 2023, more than two months ago. [Dkt. 166]. Defendants have already filed a Motion for Summary Judgment [Dkt. 177] and their counsel has now moved to withdraw from this case altogether [Dkt. 200]. To allow the designation of *dozens* of nonparties at fault at this extremely late juncture, with ongoing representation by Defendants' counsel still in question, would serve to significantly complicate and potentially delay this case even further.

### C. *The designations themselves are insufficient as a matter of law.*

7. Even if the Designation were not time-barred, and even if Defendants had argued some basis for extending that timeline, the Designation would still be inadequate as a matter of law. A simple statement supporting only causation does not satisfy the statutory requirement of an allegation of "fault or negligence." *Redden v. SCI Colorado Funeral Services, Inc.*, 38 P.3d 75, 80 (Colo. 2001). "Courts should construe designation requirements strictly to avoid a defendant attributing liability to a non-party from whom the plaintiff cannot recover." *Id.* (citing *Thompson v. Colo. & E.R.R. Co.*, 852 P.2d 1328, 1329 (Colo. App. 1993). "When a court does not believe a defendant has established legal culpability against an alleged non-party, the designation is properly disallowed." *Id.*

8. Here, with a single exception of David Clements, Defendants have not made any argument that the dozens of nonparties they have designated at fault played any role

3

in the defamatory publications at issue in this dispute. Nor could they. The publications identified in Plaintiff's Complaint were made by Defendants. Among other elements, a defamation claim requires that the defamatory statements at issue were published to a third party, with fault amounting to at least negligence on the part of the publisher. *Lawson v. Stow*, 327 P.3d 240 (Colo. App. 2014). Defendants cannot designate nonparties at fault for publishing specific statements when they indisputably have no potential relation to those publications. With respect to Clements, the single sentence imputing only causation is insufficient, as discussed above.

9. In any case, designation of nonparties at fault is not the proper means of addressing the concern that Defendants attempt to raise. A defendant may always attempt to interpose a complete defense that his acts or omissions were not the cause of the plaintiff's injuries. *Redden*, 28 P.3d at 81 (*citing Graven v. Vail Assocs. Inc.*, 909 P.2d 514, 520 (Colo. 1995). But a defense that the defendant did not cause the plaintiff's injuries is not equivalent to the designation of a nonparty because it cannot result in apportionment of liability. *Id*. The Designation should be rejected for this reason as well.

## CONCLUSION

For the reasons stated herein, Plaintiff Eric Coomer, Ph.D. requests that Defendants' Designation of Nonparties at Fault be denied and moves the Court to strike the Designation. Plaintiff Eric Coomer, Ph.D. further requests such other and further relief to which he may be entitled to receive.

4

Respectfully submitted this 26th day of October 2023.

        */s/ Charles J. Cain*
Charles J. Cain, No. 51020
ccain@cstrial.com
Bradley A. Kloewer, No. 50565
bkloewer@cstrial.com
Steve Skarnulis
skarnulis@cstrial.com
Zachary H. Bowman
zbowman@cstrial.com
David E. Jennings, No. 54643
djennings@cstrial.com
**Cain & Skarnulis PLLC**
P. O. Box 1064/101 N. F Street, Suite 207
Salida, Colorado 81201
303 Colorado Street, Suite 2850
Austin, Texas 78701
719-530-3011/512-477-5011 (Fax)

Thomas J. Rogers III, No. 28809
trey@rklawpc.com
Mark Grueskin, No. 14621
mark@rklawpc.com
**RechtKornfeld PC**
1600 Stout Street, Suite 1400
Denver, Colorado 80202
303-573-1900
**ATTORNEYS FOR PLAINTIFF**

5