IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129-NYW-SKC

ERIC COOMER, PH.D.,

    Plaintiff,

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC, AND MY PILLOW, INC.,

    Defendants.

---

### DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION AND MOTION TO STRIKE DEFENDANTS' DESIGNATION OF NONPARTIES AT FAULT

---

Defendants Michael J. Lindell ("Lindell"), Frankspeech LLC ("Frankspeech"), and My Pillow, Inc. ("MyPillow") (collectively "Defendants") respond as follows to Plaintiff Eric Coomer, Ph. D.'s ("Plaintiff's") Objection to Defendants' Designation of Nonparties at Fault and Motion to Strike Designation ("Plaintiff's Motion") (ECF #216):

### FACTS

1. Plaintiff originally filed his Complaint (ECF #4) in state court on April 4, 2022. (*See* Notice of Removal, ECF #1, ¶ 1).

2. Defendants removed this action to federal court based on diversity jurisdiction on May 5, 2022. (*See generally id.*).

3. On May 11, 2022, the parties stipulated to extend the deadline for Defendants' pleading responsive to the Complaint until May 27, 2022. (ECF #14).

4. On May 27, 2022, Defendants filed a Motion to Dismiss the Complaint (ECF #18).

5. On June 17, 2022, Plaintiff filed an Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B). (*See* ECF ##20–21).

6. On July 18, 2022, the Court granted Defendants leave to file an Amended Motion to Dismiss the Amended Complaint by July 22, 2022. (ECF #37).

7. On July 21, 2022, Defendants filed their Amended Motion to Dismiss the Amended Complaint (ECF #38).

8. On March 15, 2023, the Court denied Defendants' Amended Motion to Dismiss the Amended Complaint. (ECF #119).

9. On March 28, 2023, Defendants filed an Unopposed Motion for Extension of Time to Answer the Amended Complaint (ECF #124). This Motion was based on Plaintiff's notification to Defendants that Plaintiff intended to file a motion for leave to file a Second Amended Complaint, and the Motion sought an extension of time to answer until within 14 days of the Court's order on Plaintiff's anticipated Motion for Leave to File Second Amended Complaint. (*See* ECF #124 ¶¶ 4–9). The Court granted Defendants' Unopposed Motion for Extension of Time on April 12, 2023. (*See* ECF #133, 1).

10. On April 6, 2023, Plaintiff filed his Motion for Leave to File Second Amended Complaint. (ECF #127).

11. On July 7, 2023, the Court granted Plaintiff's Motion for Leave to File Second Amended Complaint (ECF #127), ordered the separate docketing of Plaintiff's Second Amended Complaint (ECF #170), and ordered Defendants to answer the Second Amended Complaint no later than July 21, 2023. (Order, ECF #169, at 16–17).

12. On July 21, 2023, Defendants filed their Answer to the Second Amended Complaint (ECF #171). This was the first time Defendants were required to file an answer in this action.

13. On October 5, 2023, Defendants filed their Designation of Nonparties at Fault ("Defendants' Designation") (ECF #199) pursuant to C.R.S. 13-21-111.5(b)(3). Defendants' Designation identifies 23 nonparties ("the Designated Nonparties") whose degrees or percentages of negligence or fault must be determined by the jury's special verdict to ensure that "no defendant shall be liable for an amount greater than that represented by the degree or percentage of the negligence or fault attributable to such defendant." C.R.S. 13-21-111.5(b)(1).

14. As described in Defendants' Designation, Plaintiff has filed several other lawsuits which, as in this action, arise out of Plaintiff's allegations that Designated Nonparty Joseph Oltmann ("Oltmann") claimed to have infiltrated a conference call with Antifa activists, that, on this call, Oltmann claimed to have heard Plaintiff state that Plaintiff "would ensure the election went to President Biden," and that "[w]ith no additional evidence, Oltmann then used these statements to falsely assert that [Plaintiff] subverted the results of the election" ("the Alleged Conspiracy Theory"). (ECF #199 ¶ 4 (citing Ex. 1, Am. Compl. in *Coomer v. Donald J. Trump for President, Inc., et al.*, ¶ 6). *Compare, e.g.*, Ex. 1 ¶ 6, *with* ECF #170 ¶ 2). In each of these lawsuits ("the Coomer Defamation Lawsuits"), as in this action, Plaintiff claims to have suffered damages in the form of threats and harm to reputation as a result of the defamatory publication, dissemination, and/or amplification of the Alleged Conspiracy Theory by the defendants. (*See generally* Exs. 1–4, Am. Compl. in *Coomer v. Donald J. Trump for President, Inc., et al.* and the respective Complaints in *Coomer v. Salem Media of Colorado, Inc., et al.*, *Coomer v. Make Your Life Epic LLC, et al.*, and *Coomer v. Byrne, et al.*; *see also* ECF #170 ¶ 141). With the exception

3

of Designated Nonparty David K. Clements ("Clements"), each of the Designated Nonparties is either a defendant in a Coomer Defamation Lawsuit or was a defendant in a Coomer Defamation Lawsuit prior to settling with Plaintiff.

15. Plaintiff's Motion was filed on October 26, 2023. (ECF #216). Plaintiff did not meet and confer before filing Plaintiff's Motion and did not certify compliance with D.C.COLO.LCivR 7.1(a) in connection therewith.

## ARGUMENT

### I. DEFENDANTS' DESIGNATION IS TIMELY

Plaintiff requests the Court to strike Defendants' Designation as untimely. Plaintiff argues that Defendants' Designation, which was filed on October 5, 2023, should have been filed by April 4, 2022. (*See* ECF #216 ¶¶ 2–3). Defendants' Designation is timely, however, because it was filed within ninety (90) days of the filing of the operative complaint, the Second Amended Complaint filed on July 7, 2023. *See Nelson v. Toyota Motor Corp.*, No. 20-cv-03119-NYW-KLM, No. 21-cv-00104, 2023 U.S. Dist. LEXIS 67799,[1] at *4–5 (D. Colo. Apr. 18, 2023) (citing Ex. 5, ECF #81 in *Nelson* (Jan. 18, 2022) (order denying motion to strike designation of nonparties at fault as moot upon the filing of Third Amended Complaint)).

Under C.R.S. § 13-21-111.5(2), "[t]he jury shall return a special verdict . . . determining the percentage of negligence or fault attributable to each of the parties and any persons not parties to the action of whom notice has been given pursuant to [C.R.S. § 13-21-111.5(3)(b)] to whom some negligence or fault is found." To give proper notice of a nonparty at fault under C.R.S. 13-21-111.5(3)(b), the defendant must, "within ninety days following commencement of the action unless the court determines that a longer period is necessary," file a pleading

---

[1] 2023 WL 2991433

identifying the nonparty "together with a brief statement of the basis for believing such nonparty to be at fault."

Plaintiff argues that Defendants' Designation is untimely because it was not filed "within ninety days following commencement of the action." (ECF #216 ¶¶ 2–3). Defendants' Designation was filed on October 5, 2023. (ECF #199). According to Plaintiff, the action commenced no later than May 5, 2022, when Defendants removed the action to this Court, (ECF #1), and therefore that Defendants should have filed a designation of nonparties at fault no later than August 3, 2022.

However, the phrase "commencement of the action" refers to the time of filing of the "operative pleading," as demonstrated in *Nelson v. Toyota Motor Corp.*, a matter currently pending in this Court under case numbers 20-cv-03119-NYW-KLM and 21-cv-00104. In *Nelson*, the defendants filed a designation of nonparties at fault on March 16, 2021. *Nelson*, 2023 U.S. Dist. LEXIS at *4. Plaintiff moved to strike the designation. *Id.* While the motion to strike was pending, Plaintiff filed a third amended complaint on January 18, 2022. *See id.*; *see also* Ex. 5. On the very same date that Plaintiff filed the third amended complaint, the Court denied plaintiff's motion to strike defendant's designation because it was mooted by the amendment of the operative pleading. *See* Ex. 5 (quoting *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect."); *Gotfredson v. Larsen LP*, 432 F. Supp. 2d 1163, 1172 (D. Colo. 2006) (noting that dispositive motions are "technically moot [when] directed at a pleading that is no longer operative"); *Birman v. Berkebile*, No. 14-cv-00376-KLM, 2015 U.S. Dist. LEXIS 117708, at *2, 2015 WL 5159078, at *1 (D. Colo. Sept. 3, 2015) (denying a motion for summary judgment as moot due to the filing of an amended complaint). The defendants then

5

filed a new designation on January 31, 2022, and plaintiff filed, and this Court heard, a motion to strike the <u>new</u> designation. *Nelson*, 2023 U.S. Dist. LEXIS 67799 at *5.

This Court's denial as moot of the original motion to strike and hearing of the motion to strike the <u>new</u> designation in *Nelson* demonstrates that the time for filing a designation of nonparties begins to run from the filing of the operative complaint. A designation of nonparties at fault, just like an answer or a motion to dismiss, is a "pleading" responsive to a complaint. C.R.S. 13-21-111.5(3)(b) ("The notice shall be given by filing a pleading . . . ."); *see also Nelson*, 2023 U.S. Dist. LEXIS 6799 at *6 ("Some courts in this District have noted that the 'designation of a non-party at fault is a pleading in the nature of an affirmative defense in that it pleads matters extraneous to a plaintiff's prima facie case and attempts to deny, in part, a plaintiff's right to recover regardless of the truth of the facts alleged in the complaint.'" (quoting *Resolution Tr. Corp. v. Ascher*, 839 F. Supp. 764, 766 (D. Colo. 1993)). Just like an answer or a motion to dismiss, a designation of nonparties at fault is moot when the plaintiff files an amended complaint. This is because an amended complaint "supersedes the original and renders it of no legal effect." Ex. 5 (quoting *Davis*, 929 F.2d at 1517). Accordingly, upon the filing of an amended complaint, the defendant is not forced to rely on pleadings responsive to the original complaint, but rather has a new opportunity to file an answer, motion to dismiss, and designation of nonparties at fault which responds to the amended, operative allegations.[2]

---

[2] If this were not true then, in *Nelson*, this Court would have considered the motion to strike the defendants' original designation, rather than the designation filed responsive to the third amended complaint.

Further, a defendant is permitted to file a pleading responsive to an amended complaint even if the defendant has not answered the original complaint. For example, in *Nelson*, the plaintiff filed an amended complaint pursuant to Rule 15(a)(1) before the defendants answered the original complaint. Defendants, of course, were not required to answer the original complaint but were permitted to answer the amended complaint. The same is true in this case: Defendants have only answered the Second Amended Complaint. The Complaint and First Amended Complaint being

6

Defendants' interpretation of the phrase "ninety days following commencement of the action" in C.R.S. § 13-21-111.5(3)(b) as equivalent to "ninety days following the filing of the operative complaint" not only harmonizes with this Court's construction of the Federal Rules of Civil Procedure as applied to other forms of responsive pleading but is also consistent with the policy and general scheme of C.R.S. § 13-21-111.5. The purpose of C.R.S. § 13-21-111.5(3)(b) is to "ensure that a party that is found liable will not be responsible for more than its fair share of the damages," *Blatchley v. St. Anthony Summit Med. Ctr.*, 822 Fed. Appx. 663, 669 (10th Cir. 2020) (quoting *Stone v. Satriana*, 41 P.3d 705, 708–09 (Colo. 2002)), and it is therefore "designed to avoid holding defendants liable for an amount of compensatory damages reflecting more than their respective degrees of fault," *id.* (quoting *B.G.'s, Inc. v. Gross*, 23 P.3d 691, 694 (Colo. 2001)*, as modified* (May 21, 2001)). Under the statute, in order to designate a nonparty at fault, a defendant must state the basis for believing the nonparty to be at fault in a pleading subject to C.R.S. 13-17-102, which requires the court to award attorney fees against a party which submits a pleading lacking substantial justification. Given this context, in order to further rather than hinder the policy of C.R.S. § 13-21-111.5, it is necessary that a defendant be given a new opportunity to file a designation of nonparties at fault each time a complaint is amended. Otherwise, a defendant would be forced to rely on a designation setting forth only those nonparties whom defendant could identify with substantial justification, ninety days after the filing of the original complaint, as having tortiously caused the same injuries about which plaintiff complains in the original complaint, notwithstanding the fact that the amended complaint raises different allegations. This is obviously not in accord with the mandate of C.R.S.

---

"of no legal effect," Defendants are not required to have filed any pleadings responsive to the Complaint or First Amended Complaint.

§ 13-21-111.5(1) that "no defendant shall be liable for an amount greater than that represented by the degree or percentage of the negligence or fault attributable to such defendant."

The Court should deny Plaintiff's Motion to the extent it is based on the argument that Defendants' Designation was untimely. Plaintiff's argument is inconsistent with the Federal Rules of Civil Procedure applicable to responsive pleadings, the policy and scheme of C.R.S. 13-21-111.5, and this Court's construction of the statute in *Nelson*. Rather, Defendants' Designation was timely filed on October 5, 2023, ninety days after the filing of the Second Amended Complaint on July 7, 2023.[3]

## II.   IF DEFENDANTS' DESIGNATION IS NOT TIMELY, THE FILING DEADLINE SHOULD BE EXTENDED

Defendants maintain that Defendants' Designation was timely filed. If it was not, however, it is appropriate for the Court to extend the deadline and consider Defendants' Designation timely filed. The deadline to designate nonparties at fault may be extended when "the court determines that a longer period is necessary." C.R.S. § 13-21-111.5(3)(b). The three

---

[3] To the extent the Court reverses its approach in *Nelson* by determining that Plaintiff's Complaint had the legal effect of triggering Defendants' ninety days to file a designation of nonparties at fault, notwithstanding that an amended complaint renders the original "of no legal effect," Ex. 5 (quoting *Davis*, 929 F.2d at 1517), Defendants argue that the deadline to designate does not begin to run until the event triggering a defendant's duty to file an answer. In this case, Defendants were never obligated to answer until the filing of the Second Amended Complaint because of the pendency of Defendants' Rule 12(b) motions to dismiss and the filing of orders and stipulations for extensions of time, including the extension of time to answer pending the Court's ruling on Plaintiff's Motion for Leave to File the Second Amended Complaint. (*See, e.g.*, ECF ##14, 18, 37, 38, 124, 133). This interpretation is consistent with and furthers the policy of C.R.S. § 13-21-111.5, and harmonizes with the Federal Rules of Civil Procedure, because it would not make sense to require the defendant to file a designation, with substantial justification for the nonparty's fault in producing the plaintiff's claimed injuries, before the defendant is even required to answer the plaintiff's allegations (let alone allege that others are responsible for the same injuries). *See, e.g.*, Fed. R. Civ. P. 12(b) (requiring a defendant to file a Rule 12(b) motion before a responsive pleading); C.R.S. 13-21-111.5(3)(b) (defining the designation as a "pleading"); *Nelson*, 2023 U.S. Dist. LEXIS 6799 at *6 (noting that a designation is a "pleading" which responds to a complaint by setting forth a defense).

8

factors for "consider[ation] in determining whether to extend the 90 day period [are]: (1) whether the neglect was excusable; (2) whether the party making the late designation has alleged a meritorious defense or claim; and (3) whether relief from the deadline would be inconsistent with equitable considerations." *Barradale v. Travelers Home & Marine Ins. Co.*, No. 20-cv-02355-NYW, 2021 U.S. Dist. LEXIS 263861,[4] at *16–17 (D. Colo. Apr. 27, 2021) (quoting *Daugherty v. Bissell*, No. 08-cv-01931-WYD-BNB, 2009 U.S. Dist. LEXIS 85807,[5] at *4–5 (D. Colo. Sept. 1, 2009)); *see also Redden v. Sci Colo. Funeral Servs.*, 38 P.3d 75, 83–84 (Colo. 2001) (citing *Craig v. Rider*, 651 P.2d 397 (Colo. 1982)) (holding that the same criteria for finding "good cause" to re-open a default judgment in a probate case applies to determining whether to extend the deadline for a designation of nonparties at fault).

Defendants satisfy the first factor of "good cause" to extend the time for filing the designation because Defendants' neglect, if any, was excusable. In this instance, to the extent Defendants were required to file Defendants' Designation prior to October 5, 2023, Defendants' neglect to do so was excusable given its continued belief, as argued here, that the deadline for filing was October 5, 2023. If Defendants are mistaken in their clearly justifiable interpretation of C.R.S. § 13-21-111.5(3)(b), Defendants' neglect to file sooner is excusable. *See Martin v. Home Depot USA, Inc.*, No. 12-cv-01593-REB-KMT, 2013 U.S. Dist. LEXIS 10190,[6] at *8–9 (D. Colo. Jan. 25, 2013) (holding that defendant's neglect was "excusable" when defendant filed designation within ninety days of "counsel's mistaken view of the commencement of the ninety day period").

---

[4] 2021 WL 10131834

[5] 2009 WL 2853108

[6] 2013 WL 303059

Defendants also satisfy the second factor because Defendants' Designation alleges a meritorious defense. Defendants "need not prove the merits of their defense" in order to satisfy the designation requirements. *Barradale*, 2021 U.S. Dist. LEXIS at *18–19 (citation omitted). Rather, "a designation alleges a meritorious defense if it 'minimally sets forth facts sufficient to permit a plaintiff to identify the transaction or occurrence which purportedly leads to the non-party's fault.'" *Id.* (quoting *Fourhorn v. City & Cnty. Of Denver*, No. 08-cv-01693-MSK-KLM, 2008 U.S. Dist. LEXIS 106014,[7] at *11–12 (D. Colo. Dec. 30, 2008)) (citing cases)). In evaluating the sufficiency of Defendants' Designation, the court must view the evidence, draw all inferences, and resolve all factual ambiguities in favor of Defendants. *Nelson*, 2023 U.S. Dist. LEXIS at *34 (citing *Phillips v. Miser*, No. 19-cv-3332-WJM-SKC, 2021 U.S. Dist. LEXIS 205601,[8] at *1–2 (D. Colo. Aug. 12, 2021)). A motion to strike a timely designation is granted only when the court determines "as a matter of law based on the record before it, that [the designated nonparties] could not be [at fault]" for the damage claimed by the plaintiff. *Id.* at *14.

Defendants' Designation clearly sets forth a meritorious defense of comparative fault as to each of the Designated Nonparties. Of the 23 Designated Nonparties, 22 of them either is or was (prior to settling) a defendant in a Coomer Defamation Lawsuit. As he does against Defendants in this case, Plaintiff alleges the defendants in the Coomer Defamation Lawsuits have defamed him by publishing, dissemination, and/or amplifying the Alleged Conspiracy Theory. (*Compare, e.g.*, Ex. 1 ¶ 6, *with* ECF #170 ¶ 2). Plaintiff also alleges the same damage in this case as he does in the Coomer Defamation Lawsuits. (*Compare, generally*, Exs. 1–4, *with, e.g.*, ECF #170 ¶ 141).

---

[7] 2008 WL 5423349

[8] 2021 WL 4914395

As for the only Designated Nonparty who has not been a defendant in a Coomer Defamation Lawsuit, Clements, Plaintiff's allegations in the Second Amended Complaint establish a prima facie case of defamation against Clements when viewing the allegations in the light most favorable to Defendants. Although Plaintiff did not sue Clements for defamation, unlike the other 22 Designated Parties and Defendants, Plaintiff identified Clements 14 times in the Second Amended Complaint. (ECF #170 ¶¶ 83, 85–89). As in the Second Amended Complaint and in the Coomer Defamation Lawsuits, Plaintiff alleges Clements published, disseminated, and/or amplified the Alleged Conspiracy Theory. For example, Plaintiff calls Clements a "conspiracy theorist," (*id.* ¶ 83), purports to directly quote Clements's statement that Plaintiff "has deep ties with Antifa," (*id.* ¶ 85), alleges that Clements endorsed the Alleged Conspiracy Theory as true, (*id.* ¶ 86 (alleging Clements called Oltmann "a truth teller" in the context of Oltmann's telling of the Alleged Conspiracy Theory)), alleges that Clements analogized Plaintiff's (alleged) conduct in rigging the election through vote trafficking to the conduct of the "trigger man" in a murder investigation involving a drug trafficking gang, (*id.* ¶¶ 87–88), and alleges that Clements directly threatened Plaintiff (*id.* ¶¶ 89).

Based on the other allegations in the Second Amended Complaint, Plaintiff denies Clements's false assertions and denies there is any basis for Clements to have made these assertions—and Plaintiff's claims in fact depend on his allegation that the Alleged Conspiracy Theory was published with actual malice. Viewing Plaintiff's allegations about Clements in the light most favorable to Defendants' Designation, a reasonable jury could determine that Clements's alleged statements were defamatory and that they caused the same injuries of which Plaintiff claims herein. Defendants' Designation, therefore, sets forth a meritorious defense of comparative fault against Clements, and Defendants' Designation satisfies the second factor for

the Court's determination of whether an extension of time is appropriate because Defendants' Designation is meritorious as to all Designated Nonparties.[9]

As for the third factor in the inquiry, "whether relief from the deadline would be inconsistent with equitable considerations," there is no question that equity favors an extension of the deadline for Defendants' Designation if that is necessary to render it timely. C.R.S. § 13-21-111.5(1) mandates that "no defendant shall be liable for an amount greater than that represented by the degree or percentage of the negligence or fault attributable to such defendant." The purpose of C.R.S. § 13-21-111.5(3)(b) is to "ensure that a party that is found liable will not be responsible for more than its fair share of the damages," *Blatchley*, 822 Fed. Appx. at 669 (quoting *Stone*, 41 P.3d at 708–09), and it is therefore "designed to avoid holding defendants liable for an amount of compensatory damages reflecting more than their respective degrees of fault," *id.* (quoting *B.G.'s, Inc.*, 23 P.3d at 694, *as modified*). Plaintiff will suffer no prejudice if the Court considers Defendants' Designation timely, given that Plaintiff is obviously acutely aware of the Designated Nonparties' conduct as Plaintiff describes it in the Second Amended Complaint and in the Coomer Defamation Lawsuits. On the other hand, striking Defendants' Designation could be enormously prejudicial to Defendants because it could result in Plaintiff's improper double recovery of all damages attributable to the fault of the Designated Parties—the first recovery being against the Designated Parties and the second being against

---

[9] Plaintiff argues that "Defendants cannot designate nonparties at fault for publishing specific statements when they indisputably have no potential relation to those publications." (ECF #216 ¶ 8). The question is not whether Defendants and the Designated Nonparties committed the same tort. *See Moody v. A.G. Edwards & Sons, Inc.*, 847 P.2d 215, 217 (Colo. Ct. App. 1992) ("[T]he acts on the part of a designated nonparty which have contributed to a plaintiff's injury are not required to have been the *same* tortious acts as those of a defendant."). However, even if it were, the Second Amended Complaint and the operative complaints in the Coomer Defamation Lawsuits all revolve around alleged publications which are the same or similar in substance, that being, as Plaintiff alleges, the publication, dissemination, and/or amplification the Alleged Conspiracy Theory.

Defendants due to the failure of the Designated Parties to appear on the special verdict form—in contravention of the mandate, policy, and design of C.R.S. § 13-21-111.5.

Defendants timely filed Defendants' Designation on October 5, 2023. To the extent the Court disagrees, good cause exists to find it "necessary" to extend the deadline for Defendants' Designation based on all three factors of the inquiry.

### III. DEFENDANTS' DESIGNATION IS NECESSARY TO AVOID PREJUDICE AT TRIAL

Plaintiff's Motion states in Paragraph 9 that "designation of nonparties at fault is not the proper means of addressing the concern that Defendants attempt to raise." To be clear about the issue "Defendants attempt to raise," Defendants filed Defendants' Designation pursuant to C.R.S. § 13-21-111.5(3)(b) for the purpose of providing notice that the Designated Nonparties should be added to the special verdict form, requiring the jury to determine the degree or percentage of fault applicable to each of the Designated Nonparties.

The statute requires that Defendants be adjudged liable, at most (subject to statutory tort limits and adjustments, if applicable), to the damages in proportion to Defendants' percentage of fault for causing Plaintiff's damages, if any. In order to determine the degree or percentage of Defendants' fault, if any, the jury must also determine the degree or percentage of fault of all others who tortiously caused Plaintiff's alleged injuries.

Defendants agree with Plaintiff's statement in Paragraph 9 that the tortious conduct of nonparties is always admissible as evidence that Defendants did not cause Plaintiff's alleged injuries, and therefore that Defendants should be completely exonerated. However, in the absence of a designation of nonparties at fault, if a defendant fails to establish a complete defense, then no nonparty will appear on the special verdict form, and, presumably, the defendant would be liable for all of the plaintiff's damages other than the amount in proportion to the fault

13

of the other parties including the plaintiff. *See Danko v. Conyers*, 432 P.3d 958, 963–64 (Colo. App. 2018).

Defendants of course intend to offer evidence that Defendants did not cause Plaintiff's alleged injuries. Should Defendants be found liable at trial, however, the Designated Nonparties must appear on the special verdict form for the determination of their degrees or percentages of fault because Defendants' Designation is timely and sufficient pursuant to C.R.S. § 13-21-111.5(3)(b).

## IV. PLAINTIFF'S MOTION SHOULD BE DENIED OR STRICKEN BECAUSE DEFENDANT FAILED TO COMPLY WITH D.C.COLO.LCivR 7.1(a)

Before filing a motion, counsel for the moving party must attempt to meet and confer with opposing counsel and certify their efforts to meet and confer pursuant to D.C.COLO.LCivR 7.1(a). Plaintiff filed Plaintiff's Motion without meeting and conferring with Defendants and did not certify any efforts to meet and confer regarding Plaintiff's Motion. The Court should therefore deny or strike Plaintiff's Motion. *See* Civ. Practice Standard 7.1A(c).

## V. THE FACTFINDER MUST CONSIDER THE FAULT OF ALL DESIGNATED NONPARTIES WHO SETTLE WITH PLAINTIFF

Even if the Court determines that Defendants' Designation was untimely, that good cause does not exist to extend the deadline, and that Plaintiff's Motion should not be denied or stricken due to Plaintiff's failure to make and certify efforts to meet and confer, the factfinder must consider the fault of all Designated Nonparties who settle with Plaintiff as of the time of the trial in this matter. Under C.R.S. § 13-21-111.5(3)(b), a defendant is not required to give statutory notice of the negligence or fault of a nonparty who has settled with the Plaintiff. *See* C.R.S. § 13-21-111.5(3)(b) ("Negligence or fault of a nonparty may be if the claimant entered into a settlement agreement with the nonparty <u>or</u> if the defending party gives notice . . . . (emphasis added)). On the issue of "whether § 13-21-111.5(3)(b) requires a defendant to file a nonparty

designation . . . in order for the factfinder to consider the negligence or fault of a settling codefendant," the Tenth Circuit Court of Appeals has held that "Colorado law requires only that a defendant in such a situation 'invoke' § 13-21-111.5," which may be done by filing a designation before trial which "cit[es] the statute and identif[ies] the codefendants with whom the [plaintiff] had settled." *Blatchley*, 822 Fed. Appx. at 667–69.

Defendants' Designation cites C.R.S. § 13-21-111.5(3)(b). Plaintiff makes no argument that Defendants' Designation fails to state the identity of the Designated Nonparties. Defendants have therefore "invoked" C.R.S. § 13-21-111.5(3)(b) with respect to each of the Designated Nonparties. Under the statute and *Blatchley*, each Designated Nonparty who settles with Plaintiff up to the time of the trial in this matter must appear on the special verdict form for the jury to determine the degree or percentage of fault attributable to such settling Designated Nonparty—even if Defendants' Designation of non-settling nonparties is untimely or is otherwise inadequate.

## **CONCLUSION**

For the reasons set forth herein, Plaintiff's Motion should be denied. Defendants timely filed Defendants' Designation, and, even if they did not, good cause exists to extend the time for Defendants' Designation. Regardless of the merits of Plaintiff's Motion, Plaintiff's Motion should be stricken or denied due to Plaintiff's failure to make and certify efforts to meet and confer before filing Plaintiff's Motion.

Even if the Court grants Plaintiff's Motion, Defendant has "invoked" C.R.S. § 13-21-111.5(3)(b) with respect to each Designated Nonparty. The jury, therefore, must render a special verdict determining the degree or percentage of fault attributable to each Designated Nonparty who settles with Plaintiff before the trial of this matter.

DATED: November 16, 2023          **PARKER DANIELS KIBORT LLC**

By: <u>*/s/ Ryan P. Malone*</u>
    Andrew D. Parker (MN Bar #195042)
    Ryan P. Malone (MN Bar #395795)
    888 Colwell Building
    123 N. Third Street
    Minneapolis, MN 55401
    Telephone: (612) 355-4100
    Facsimile: (612) 355-4101
    parker@parkerdk.com
    malone@parkerdk.com

*Counsel for Defendants*