IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129-NYW-SKC

ERIC COOMER, Ph.D.,
    Plaintiff

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC,
AND MY PILLOW, INC.,
    Defendants

---

**PLAINTIFF'S REPLY IN SUPPORT OF OBJECION TO DEFENDANTS DESIGNATION OF NONPARTIES AT FAULT AND MOTION TO STRIKE DESIGNATION**

---

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Eric Coomer, Ph.D. (Dr. Coomer) files this Reply in Support of Objection to Defendants' Designation of Nonparties at Fault and Motion to Strike Designation, and shows as follows:

### I.    INTRODUCTION

1. After the close of discovery, and over a year and a half after this lawsuit commenced, Defendants are attempting to designate 23 nonparties at fault for the damages caused by publications that those nonparties indisputably played no part in.[1]

2. On October 5, 2023, Defendants filed a Designation of Nonparties at Fault [Dkt. 199]. Dr. Coomer filed his objection thereto and Motion to Strike Designation

---

[1] With very limited exceptions, as discussed below.

1

[Dkt. 216] on October 26, 2023. Defendants filed a response thereto on November 16, 2023 [Dkt. 224].

3. Like here, some of the courts adjudicating Dr. Coomer's other claims against the proposed nonparties have found that the actual malice standard applies to their publications, thereby requiring the fact intensive, subjective inquiry underway in this proceeding.[2] At least one other court has not even made an actual malice determination yet, rendering Dr. Coomer's evidentiary burden in that dispute still unclear.[3] Requiring the jury to determine the degree or percentage of fault applicable to these nonparties, when many of them are actively litigating or pursuing interlocutory appeals with respect to their separate publications, would render trial of this dispute a lengthy sideshow requiring dozens of witnesses and countless evidentiary determinations with respect to publications not before the Court. The potential prejudice to Dr. Coomer from this approach, especially this close to trial and with Defendants' ongoing representation still unclear, would be substantial.

4. The better course would be for this Court to follow the precedent cited in Dr. Coomer's Objection and adhered to *Nelson v. Toyota Motor Corp.*, 2023 WL 2991433, (D. Colo. Apr. 18, 2023). There, the Court applied established precedent that a simple statement supporting only causation is insufficient for purposes of designating

---

[2] *See Coomer v. Donald J. Trump for President, Inc. et. al.*, Case No. 2020cv34319, Order Regarding All Defendants' Special Motions to Dismiss Pursuant to C.R.S. 13-20-1101, May 13, 2023 (Denver Dist. Ct.); *Coomer v. Make Your Life Epic, LLC dba Thrivetime Show, et. al.*, Case No. 1:21-cv-3440-WJM-KAS, Order Denying Defendants' Special Motion to Dismiss and Defendants' Motion to Strike, March 7, 2023 (Dist. Ct. Colo.); *Coomer v. Salem Media of Colo. Inc. et. al.*, Case No. 2021CV33632, Order Re: Defendant Salem Media and Randy Corporon's Special Motion to Dismiss, June 9, 2023 (Denver Dist. Ct.).

[3] *See generally, Coomer v. Byrne et. al.*, Case No. 1:22-cv-1575-RM-SKC (Dist. Ct. Colo. 2022).

nonparties at fault. *Id.*, at *3-4 (*citing Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.3d 75, 80 (Colo. 2001)). It then struck various proposed nonparty designations where legal culpability could not be established as a matter of law. *Id.*

## II.     ARGUMENT

### A.     *The designation should be time-barred.*

5.      Defendants rely primarily on *Nelson v. Toyota Motor Corp.*, 2023 WL 2991433, (D. Colo. Apr. 18, 2023), for the proposition that their designations are timely. In *Nelson*, the Court determined that the filing of an amended complaint mooted a prior challenge to an effort to designate nonparties at fault, thereby restarting the 90-day window permissible for such designations.

6.      This case is distinct from *Nelson* in that the defendants there filed designations of nonparties at fault in response to the plaintiff's second amended complaint prior to filing the same designations immediately after filing of the third amended complaint. *Id.* Here, Defendants neither sought leave for an extension of time to designate nonparties at fault following the Court's Order Denying Defendants' Motion to Dismiss [Dkt. 119],[4] nor did they actually do so within the 90-day window allowed for such designations.[5]

7.      Notably, there are no additions or revisions included in the Second Amended Complaint (SAC) that materially alter the analysis with respect to Defendants'

---

[4] *See* Defendants' Unopposed Motion for Extension of Time to Answer Amended Complaint, March 28, 2023 [Dkt. 124], making no reference whatsoever to designations of nonparties at fault.

[5] A 90-day window following the Court's Order Denying Defendants' Motion to Dismiss would have established a deadline of June 13, 2023, roughly three weeks prior to the Court's Order granting Plaintiff's Motion for Leave to File Second Amended Complaint.

proposed designations. Instead, the SAC simply adds additional allegations directed specifically at Defendants, and seeks exemplary damages on the basis of those additional allegations. Defendants missed their deadline to make those designations the first time around, and now seek to take advantage of a procedural loophole to identify nearly two dozen nonparties at fault after the close of discovery, immediately prior to the presumptive setting of this matter for trial, and while their counsel is attempting to withdraw from this case. This prior neglect should weigh against allowance of designation at this late juncture.

### B. *The designations themselves remain insufficient as a matter of law.*

8. Even if the Court determines that Defendants' designations are timely, they still must fail as a matter of law.

9. As noted in Dr. Coomer's Motion, and as cited and relied upon by the Court in *Nelson*, a simple statement supporting only causation does not satisfy the statutory requirement of an allegation of "fault or negligence." *Redden v. SCI Colorado Funeral Services, Inc.*, 38 P.3d 75, 80 (Colo. 2001). "Courts should construe designation requirements strictly to avoid a defendant attributing liability to a non-party from whom the plaintiff cannot recover." *Id.* (citing *Thompson v. Colo. & E.R.R. Co.*, 852 P.2d 1328, 1329 (Colo. App. 1993). "When a court does not believe a defendant has established legal culpability against an alleged non-party, the designation is properly disallowed." *Id.* "The party designating a nonparty at fault must be able to demonstrate that the nonparty at fault is either negligent or at fault *legally*." *Nelson*, at *4 (emphasis in original).

4

10. Defendants do not argue, nor could they, that the overwhelming majority of their proposed nonparties played any role whatsoever in the publications at issue in this dispute. They cannot claim, for example, that Rudy Giuliani published the Cyber Symposium, nor that Sidney Powell gave Lindell's speech on the steps of the Colorado Capitol promising that Dr. Coomer would be imprisoned for his crimes. Only Defendants partook in those actions, and that conduct is what is at issue in this dispute. Importantly, the subjective actual malice standards that are applied to those publications are the *legal* means by which the jury must determine and apportion fault in this case. There can be no argument that Defendants cannot establish even the first element of *legal* culpability for virtually any of the proposed nonparties—publication—with respect to any of the defamatory publications at issue in this dispute.

11. That standard was applied in both *Redden* and *Nelson*, and should similarly be applied here. In *Redden*, the Court addressed a case wherein a defendant attempted to designate a chiropractor at fault for injuries sustained in a car accident prior to the plaintiff's treatment by the chiropractor. *Redden*, 38 P.3d at 78-79. The Court addressed three iterations of a defendant's attempt to designate nonparties at fault, finding the third was sufficient, but deferring to the trial court's discretion in finding the third designations untimely. *Id.* at 84. In finding the first and second iterations of attempted designations were insufficient as a matter of law, the Court focused on the legal elements necessary to establish potential liability. The Court stressed that it "recognize[d] the designation statute requires only a 'brief' statement, but that statement must show the non-party can be found legally at fault." *Id.* at 81. In declining to find the first two designations

5

sufficient, the Court noted that the defendant's proposed designations failed to adequately address all of the elements necessary to establish legal liability. Similarly, in *Nelson*, the Court struck multiple proposed designations, finding that the defendant had failed to identify a legally cognizable theory of duty. *Nelson*, at *11.

12. Here, Defendants have not only failed to identify how the proposed nonparties are responsible for the publications at issue, but also how their conduct would meet the actual malice standard identified by the Court as applying to the claims at issue here. In fact, nowhere in the entirety of Defendants' designation do they acknowledge the legal standard or attempt to demonstrate how the proposed nonparties meet that standard with respect to the publications at issue here. Instead, Defendants simply repeat factual allegations from Dr. Coomer's other complaints. As cited above, these bare allegations of causation are insufficient as a matter of law.

13. The only possible exceptions to this fundamental deficiency are with respect to David Clements and Joseph Oltmann, both of whom contributed commentary to some of the defamatory publications at issue. Here again though, Defendants make no effort to explain how either Clements or Oltmann meet the actual malice standard, or how their conduct might somehow serve to diminish Defendants' own fault for the publications described in Plaintiff's SAC.

14. Beyond the significant legal obstacles to the proposed designations, the facts of this case also demonstrate the impropriety of allowing Defendants to claim the proposed nonparties are responsible for the damages caused by Defendants. Unlike any other nonparty, for example, Defendants embarked on a monthslong advertising

6

campaign to promote one of the publications at issue here, the Cyber Symposium. As part of that effort, they deliberately targeted a new and unique audience by directly calling and emailing legislators, journalists, and cyber security experts from across the country to encourage them to attend and view the Symposium. The suggestion that Newsmax, for example, could somehow be responsible for a portion of damages for this conduct would only confuse and mislead the jury. Newsmax had already issued an on-air apology to Dr. Coomer at that point and explicitly retracted the falsehoods they had published ten months prior. These fact intensive distinctions are numerous and complicated.

### C. *The designations are not warranted as to other parties that have settled with Dr. Coomer.*

15. Defendants last argue that the Court must still allow the factfinder to consider the fault of all nonparties that settle with Dr. Coomer, and that "each Designated Nonparty who settles with Plaintiff up to the time of trial in this matter must appear on the special verdict form for the jury to determine the degree or percentage of fault attributable to such settling Designated Nonparty." Response, at p. 15. This argument fails on account of the same deficiencies described above.

16. Defendants rely principally upon *Blatchley v. St. Anthony Summit Med. Ctr.*, 822 Fed. Appx. 663 (10th Cir. 2020) for this proposition, but the Court in *Blatchley* expressly highlighted the fact that it was addressing only settling co-defendants. *Blatchley*, 822 Fed. Appx. at 667 ("*Redden*, however, dealt with the designation of a nonparty that was never a party to the action, not the designation of a codefendant with whom the plaintiff has settled.").

7

17. *Blatchley* was a medical malpractice case involving various doctors and physicians assistants who all partook in treatment of a patient that allegedly gave rise to subsequent injuries. The Court found the district court had abused its discretion in striking a nonparty designation because it ultimately allowed for a double recovery for the conduct at issue in that dispute. There is no such risk here, where Dr. Coomer is not seeking to hold any of the proposed nonparties liable for the publications at issue in this dispute.

### D.   *The Motion should not be stricken on the basis of non-conferral.*

18. As noted in Dr. Coomer's Motion, Defendants filed their proposed Designations simultaneously with a Motion to Withdraw as Counsel. In light of this filing, and in consideration of the arguments raised above, Dr. Coomer understood that conferral on this matter would be futile. Dr. Coomer will continue to work with Defendants' counsel moving forward though, or with Defendants' new counsel if any such counsel is retained, or with Lindell directly if necessary. Given the substantial prejudice that would result from allowance of the Designations, however, Dr. Coomer maintains that striking the Motion altogether as a result of non-conferral would be an excessive penalty under the circumstances.

### CONCLUSION

For the reasons stated herein and his previously filed objection and motion to strike, Plaintiff Eric Coomer, Ph.D. requests that Defendants' Designation of Nonparties at Fault be denied and moves the Court to strike the designations. Plaintiff Eric Coomer, Ph.D. further requests such other and further relief to which he may be entitled to receive.

Respectfully submitted this 22nd day of November 2023.

/s/ *Charles J. Cain*
Charles J. Cain, No. 51020
ccain@cstrial.com
Bradley A. Kloewer, No. 50565
bkloewer@cstrial.com
Steve Skarnulis
skarnulis@cstrial.com
Zachary H. Bowman
zbowman@cstrial.com
David E. Jennings, No. 54643
djennings@cstrial.com
**Cain & Skarnulis PLLC**
P. O. Box 1064/101 N. F Street, Suite 207
Salida, Colorado 81201
303 Colorado Street, Suite 2850
Austin, Texas 78701
719-530-3011/512-477-5011 (Fax)

Thomas J. Rogers III, No. 28809
trey@rklawpc.com
Mark Grueskin, No. 14621
mark@rklawpc.com
**RechtKornfeld PC**
1600 Stout Street, Suite 1400
Denver, Colorado 80202
303-573-1900
**ATTORNEYS FOR PLAINTIFF**

9