**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-01129

ERIC COOMER, PhD.,

    Plaintiff

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC,
AND MY PILLOW, INC.,

    Defendants

---

**EXHIBIT 1-3**

---

**Subject:** RE: Conferral re: Oltmann production and preservation order
**Date:** Wednesday, December 29, 2021 at 4:50:11 PM Mountain Standard Time
**From:** Andrea Hall
**To:** Charlie Cain, andrew@rklawpc.com, angie.maher@jacksonkelly.com, barry@arringtonpc.com, bethc@corporonlaw.com, bkimrey@vedderprice.com, Brad Kloewer, bclark@vedderprice.com, tblf@pm.me, cseerveld@drc-law.com, dfreeman@grsm.com, eric.holway@jacksonkelly.com, eadams@grsm.com, fpatterson@prpclegal.com, gblue@gesslerblue.com, gqueenan@prpclegal.com, howard@kleinhendler.com, ingrid.defranco@gmail.com, jpark@vedderprice.com, sibley@camarasibley.com, jszakhem@jacksonkelly.com, jkoechley@vedderprice.com, jmann@jw.com, krw@corporonlaw.com, kstark@grsm.com, mboehmer@grsm.com, mark@rklawpc.com, mvo@jacksonkelly.com, mreagor@drc-law.com, nicole.grimmesey@jacksonkelly.com, rbc@corporonlaw.com, rwestfall@westfall.law, risler@vedderprice.com, sgessler@gesslerblue.com, shaun@pearmanlawfirm.com, Steve Skarnulis, tquinn@grsm.com, trey@rklawpc.com, Zach Bowman, Scotti Beam

Charlie,

I have reviewed your email.  I do not believe the email to serve as a proper meet and confer.  It is the holidays and I have interrupted a long-planned break to deal with your alleged four-alarm fire.  Further, I do not begin to comprehend how you feel empowered to dictate deadlines to me, or to consider your demands appropriate, in good faith,  civil, or within your authority.  You did not attempt even to contact me regarding this issue prior to sending the email.  I would refer you to the  court's civility order.

I have spoken with my client repeatedly, and at length.  I am fully aware of the rules on the preservation of evidence, unlike your client who destroyed evidence pending this lawsuit and he has admitted that under oath.  I have confirmed that my client did, in fact, perform the Google search on September 26, 2020, as the screenshot indicates.  The PDF that was provided is the evidence we have in our possession.  There is no native format that I can produce, and nothing other than what has been provided.  My client's original computer that was used for the search on September 26, 2020, is no longer available and became unavailable sometime later in 2020 before he was even aware of a lawsuit.  I have had my client reach out to his IT staff to provide documentation on the day that the computer was no longer used by Mr. Oltmann and the date his data was transferred to his new computer.

You are also correct that the doodle on the screenshot is from November 12, 2020.  My client was able to retrieve the URL from the search he did on September 26, 2020, because, by November 12, your client had begun a thorough scrubbing of his internet presence.  He re-created the September 26 search, using the original url, on  November 12, 2020.  This re-creation was done for the affidavit that was created for Ms. Sidney Powell under the advice of counsel.  If you look at the discovery we turned over on page 201 you can see that the "live" search conducted on November 12, 2020, is much different than the "URL" search that was conducted on September 26, 2020, and re-created on November 12, 2020.  On November 12, 2020, the scrubbing by your client resulted in very different results, as you can see the two searches are very different.

My client has not purposefully destroyed any evidence and should this case proceed, you will be able to depose Mr. Oltmann further  on this issue.  He has not lied, he has not withheld any evidence, nor has he fabricated any evidence as you suggested in your email.  He will be able to educate you further on the process of Google, the URL's and how you can search with a URL under the tools option of the

google search bar.  There is no so-called smoking gun as the news media or you would like to portray.  No one edited or created a fake document, or disclosed one.

Should you wish to discuss this further I will be back in the office on January 4, but will not be responding further through the holidays.
Thanks,
Andrea


Andrea M. Hall
The Hall Law Office, LLC
970-419-8234
andrea@thehalllawoffice.com

---

**From:** Charlie Cain <ccain@cstrial.com>
**Sent:** Monday, December 27, 2021 2:59 PM
**To:** Andrea Hall <andrea@thehalllawoffice.com>; andrew@rklawpc.com; angie.maher@jacksonkelly.com; barry@arringtonpc.com; bethc@corporonlaw.com; bkimrey@vedderprice.com; Brad Kloewer <bkloewer@cstrial.com>; bclark@vedderprice.com; tblf@pm.me; Charlie Cain <ccain@cstrial.com>; cseerveld@drc-law.com; dfreeman@grsm.com; eric.holway@jacksonkelly.com; eadams@grsm.com; fpatterson@prpclegal.com; gblue@gesslerblue.com; gqueenan@prpclegal.com; howard@kleinhendler.com; ingrid.defranco@gmail.com; jpark@vedderprice.com; sibley@camarasibley.com; jszakhem@jacksonkelly.com; jkoechley@vedderprice.com; jmann@jw.com; krw@corporonlaw.com; kstark@grsm.com; mboehmer@grsm.com; mark@rklawpc.com; mvo@jacksonkelly.com; mreagor@drc-law.com; nicole.grimmesey@jacksonkelly.com; rbc@corporonlaw.com; rwestfall@westfall.law; risler@vedderprice.com; sgessler@gesslerblue.com; shaun@pearmanlawfirm.com; Steve Skarnulis <skarnulis@cstrial.com>; tquinn@grsm.com; trey@rklawpc.com; Zach Bowman <ZBowman@cstrial.com>; Scotti Beam <sbeam@cstrial.com>
**Subject:** Conferral re: Oltmann production and preservation order

Counsel,

I hope everyone had a wonderful Christmas holiday.

I write to confer, primarily with Mr. Oltmann's counsel, regarding the production of a .pdf purporting to be a screenshot of a google search by Mr. Oltmann.

Specifically, over the weekend we became aware of various reports (it goes without saying that this case has received substantial media scrutiny) regarding Mr. Oltmann's disclosures and his corresponding sworn testimony about the attached document labeled JODisclosures-0199.  Mr. Oltmann has previously averred that this document is a screenshot he took on September 26, 2020 of Google search results for "Eric Dominion Denver Colorado".  Mr. Oltmann has testified that the date indicated on the document provided is the only way he knows when the call occurred, and he has argued elsewhere that the date of the screenshot is proof that he became aware of Dr. Coomer at some time in late September.

Google publishes a new "doodle" on its homepage almost every day, with a smaller version of that doodle visible alongside search results for searches conducted on that particular day. As a result, the doodle serves as a unique and traceable timestamp.  These doodles are archived by Google and perhaps other sources.  The concern we have is that the Google doodle icon included in the screenshot produced by Mr. Oltmann is not from September 26, 2020, as indicated in the document title.  An archive search indicates that there was no

doodle on Google's homepage on September 26, and that the image included on the top left in JODisclosures-0199 is actually a specific doodle that was commissioned by Google for Veteran's Day, November 11, 2020.  You can confirm that the image included in JODisclosures-0199 was employed by Google on November 11, 2020 (two days after Oltmann's original claims about Dr. Coomer, and two days before describing his Google search to Michelle Malkin) by reviewing the Google doodle archive, here: https://www.google.com/doodles/veterans-day-2020 Similarly, there was no doodle on September 26: https://web.archive.org/web/20200926001035/https://www.google.com/doodles

Thus, it appears likely that the Google search in question actually occurred on November 11, 2020, and not on September 26.  There is simply no way that this image could have made its way onto a screenshot that was actually taken months prior.  It is also clear the title for the document produced has been altered to reflect a different date, which is the day before the date indicated in Oltmann's November 13 sworn affidavit.  As you may know, Mr. Oltmann published a public response to reports of the fabricated document on his personal Telegram page on December 23.  The response does not provide an intelligible rebuttal to the conclusion that the search was conducted on November 11, or that the document title was intentionally altered.

The document disclosed as JODisclosures-0199 is in .pdf format.  We are writing to request that Mr. Oltmann through counsel immediately produce the original document in its native format (likely .png) so that we can perform the necessary forensic analysis to determine when the image was taken as well as when the document title was altered and by who.  **Because of the significance of this issue to the case, please provide us with the requested native file by close of business on December 29.**

Secondly, we ask that all defense counsel provide us with their position by close of business on December 29 as to whether your client(s) are opposed to a request  by Plaintiff for a preservation order concerning the relevant computer(s), hard drive(s), and native files for all documents produced by Mr. Oltmann and his related entities to date.

Thank you,

Effective 11-22-21, our office has moved.  Please update your records with the information listed below.

************
Charles J. Cain
Cain & Skarnulis PLLC
303 Colorado Street, Suite 2850
Austin, Texas 78701
512-477-5000
512-477-5011-Fax
719-530-3011 (Salida Office)
ccain@cstrial.com

IMPORTANT NOTICE:  The information in this email and any attachments is confidential and may be protected by legal privileges and work product immunities.  If you are not the intended recipient, you must not use or disseminate the information.  Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work-product privilege.  If you have received this email in error, please immediately notify me by "Reply" command and permanently delete the original and any copies or printouts thereof.  Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Cain & Skarnulis PLLC for any loss or damage arising in any way from its use.