# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129

ERIC COOMER, PhD.,

    Plaintiff

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC,
AND MY PILLOW, INC.,

    Defendants

# EXHIBIT 32

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129-SKC

ERIC COOMER, PH.D.,

    Plaintiff,

v.

MICHAEL J. LINDELL, FRANK SPEECH LLC, AND MY PILLOW, INC.,

    Defendants.

---

**DEFENDANT MICHAEL J. LINDELL'S RESPONSES TO
PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSION**

---

To:    Plaintiff Eric Coomer, Ph.D., by and through his attorneys, Bradley A. Kloewer, Cain & Skarnulis PLLC, P.O. Box 1064, Salida, Colorado 81201.

Under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure and other applicable rules, Defendant Michael J. Lindell ("Lindell") responds, by and through undersigned counsel, as follows to Plaintiff Eric Coomer, Ph.D.'s ("Plaintiff" or "Coomer") Requests for Admission:

**GENERAL STATEMENT**

Lindell restates and incorporates by reference Defendants' Motion for Summary Judgment and all exhibits supporting the same. No Response to any Request is in any way intended as a waiver or modification of any argument raised in Defendants' Motion for Summary Judgment. Lindell expressly reserves all rights to rely and/or to not rely on any evidence identified in the Responses below should this case proceed to trial.

Further, Lindell generally objects to these Requests as beyond the scope of the Court's Order, dated October 26, 2023, which permits Plaintiff to serve Requests for Admission "on

Defendant Lindell, based on the testimony provided at his individual deposition." As noted throughout Lindell's Responses below, the Requests generally seek information Lindell has previously and willingly provided in his capacity as the corporate representative for Defendants My Pillow, Inc. and Frankspeech LLC. Further, Lindell generally objects to the Requests below to the extent they do not seek information related to the following issues, which Plaintiff's counsel indicated Plaintiff intended to address before terminating Lindell's deposition:

- Lindell's response to Dennis Montgomery's recent deposition testimony (Lindell Dep., pp. 362:23-363:3);

- Dennis Montgomery's purported ability to "give testimony and address the so-called 'gag order'" (*id*., p. 363:4-11);

- The onstage presentations at the Cyber Symposium, including those by Joe Oltmann (*id*., p. 363:12-16);

- The use of My Pillow employees to assist with the Cyber Symposium (*id*., p. 363:17-22);

- The purported lack of experts identified by Lindell and the "technical possibility of Mr. Lindell's theories" (*id*., pp. 363:23-364:12);

- Instances in which Lindell "called [Dr.] Coomer a criminal" and "accused him of committing crimes against the United States" (*id*., p. 364:13-24);

- Lindell's personal and professional relationship with Joe Oltmann (*id*., pp. 364:25-365:7);

- Audits and recounts after the 2020 Election that Plaintiff claims "would directly contradict Mr. Lindell's claims of election interference." (*id*., p. 365:8-12);

- Lindell's motivations with respect to President Trump (*id*., p. 365:13-18); and

- Lindell's individual net worth and the value of My Pillow (*id*., p. 365:19-23).

Notwithstanding these objections, and pursuant to the Court's October 26, 2023 Order, Lindell responds as follows to Plaintiff's Requests:

2

### RESPONSES TO SECOND SET OF REQUESTS FOR ADMISSION

1. Admit that you have no corroborating evidence that Dr. Coomer participated in an "Antifa call" as described by Oltmann at your Cyber Symposium.

    **RESPONSE:**

    **Lindell objects to this Request as cumulative and duplicative because the information sought by this Request has been sought and provided. *See, e.g.,* MyPillow Dep., pp. 304-305; Frankspeech Dep., p. 194. Subject to this objection, and as he has previously testified, Lindell admits.**

2. Admit that, prior to your Cyber Symposium, you neither performed any investigation nor commissioned any investigation into Oltmann's claim that Dr. Coomer participated in an "Antifa call" as described by Oltmann at your Cyber Symposium.

    **RESPONSE:**

    **Lindell objects to this Request as cumulative and duplicative because the information sought by this Request has been sought and provided. *See, e.g.,* MyPillow Dep., pp. 304-305; Frankspeech Dep., p. 194. Subject to this objection, and as he has previously testified, Lindell admits.**

3. Admit that you have no evidence that Dr. Coomer stated words to the effect that he "made sure" Donald Trump would not win the 2020 presidential election.

    **RESPONSE:**

    **Lindell objects to the term "evidence" in this context as vague, particularly where Request No. 1 specifically refers to "corroborating evidence." Subject to this objection and applying the plain meaning of the term "evidence," Lindell denies because Oltmann has testified Dr. Coomer stated these words. *See, e.g.,* Oltmann Dep., pp. 264-65.**

4. Admit that you have no evidence that Dr. Coomer in fact played a role in rigging the 2020 presidential election.

    **RESPONSE:**

    **Lindell objects to the term "evidence" in this context as vague, particularly where Request No. 1 specifically refers to "corroborating evidence." Subject to this objection and applying the plain meaning of the term "evidence," Lindell denies because Oltmann has testified Dr. Coomer, in fact, played a role in rigging the 2020 presidential election. *See, e.g.,* Oltmann Dep., pp. 160-62.**

5. Admit that you have publicly claimed that Dr. Coomer committed treason or engaged in treasonous conduct. For purposes of this request, the definition of treason can be

found in Article III, Section 3, Clause 1 of the United States Constitution.

**RESPONSE:**

**Lindell objects to this Request as calling for a lay witness to make a legal conclusion. Lindell further objects to this Request as cumulative and duplicative because the information sought by this Request has been sought and provided. Subject to these objections, Lindell denies. Lindell used hyperbolic language to describe the harms he believes Dr. Coomer unduly caused to MyPillow.** *See, e.g.,* **Lindell Dep., pp. 81-87, 92-93; Frankspeech, Dep. pp. 144-45, 183-87, 194, 204, 206-207.** *See also* **Def. Mot. S.J., p. 23.**

6. Admit that you have no evidence that Dr. Coomer has in fact committed treason or engaged in treasonous conduct. For purposes of this request, the definition of treason can be found in Article III, Section 3, Clause 1 of the United States Constitution.

    **RESPONSE:**

    **Lindell objects to this Request as calling for a lay witness to make a legal conclusion. Lindell further objects to the term "evidence" in this context as vague, particularly where Request No. 1 specifically refers to "corroborating evidence." Subject to these objections and applying the plain meaning of the term "evidence," Lindell denies. Oltmann has claimed and testified that Dr. Coomer committed treason and/or engaged in treasonous conduct through acts related to the 2020 election.** *See, e.g.,* **Pl. Sec. Am. Compl., ¶ 33; Oltmann Dep., pp. 160-62.**

7. Admit that you have publicly associated Dr. Coomer with Dominion Voting Systems as part of your allegation that Dominion Voting System participated in rigging the 2020 presidential election.

    **RESPONSE:**

    **Lindell objects to this Request as cumulative and duplicative because the information sought by this Request has been sought and provided.** *See, e.g.,* **Frankspeech Dep., pp. 179-80. Subject to this objection, and as he has previously testified, Lindell denies.**

8. Admit that you have no evidence that Dr. Coomer, in his role at Dominion Voting Systems, in fact participated in rigging the 2020 presidential election.

    **RESPONSE:**

    **Lindell objects to the term "evidence" in this context as vague, particularly where Request No. 1 specifically refers to "corroborating evidence." Subject to this objection and applying the plain meaning of the term "evidence," Lindell denies. Oltmann has claimed and testified that Dr. Coomer, in his role at Dominion Voting**

4

**Systems, participated in rigging the 2020 presidential election.** *See, e.g.*, **Pl. Sec. Am. Compl., ¶¶ 33, 85; Oltmann Dep., pp. 81-83, 160-62, 268-69.**

9. Admit that you have publicly accused Dr. Coomer of committing a crime such that he would "be the first one behind bars when we melt down the machines."

    **RESPONSE:**

    **Lindell objects to this Request as calling for a lay witness to make a legal conclusion. Lindell further objects to this Request as cumulative and duplicative because the information sought by this Request has been sought and provided. Subject to these objections, Lindell denies. As he has previously testified, Lindell was referring to the tactic of suppressing speech through the judicial process when he said Plaintiff would "be the first one behind bars when we melt down the machines."** *See, e.g.,* **Lindell Dep., pp. 102-104, 147-148.**

10. Admit that you have no evidence that Dr. Coomer has in fact committed a crime that, if convicted, would lead to his imprisonment.

    **RESPONSE:**

    **Lindell objects to this Request as calling for a lay witness to make multiple legal conclusions. Subject to these objections and applying the plain meaning of the term "evidence," Lindell denies. Dr. Coomer has admitted to having been convicted and imprisoned for criminal offenses.** *See, e.g.,* **Pl. Dep., pp. 9-16, 54-55; Pl. Dep. Ex. 7.**

11. Admit that you have publicly claimed that Dr. Coomer was "part of the biggest crime that the world has seen."

    **RESPONSE:**

    **Lindell objects to this Request as cumulative and duplicative because the information sought by this Request has been sought and provided.** *See, e.g.*, **Frankspeech Dep., pp. 283-284. Subject to this objection, and as he has previously testified, Lindell admits.**

12. Admit that you have no evidence that Dr. Coomer was in fact "part of the biggest crime that the world has seen."

    **RESPONSE:**

    **Lindell objects to the term "evidence" in this context as vague, particularly where Request No. 1 specifically refers to "corroborating evidence." Subject to these objections and applying the plain meaning of the term "evidence," Lindell denies because Oltmann has claimed and testified that Dr. Coomer, in his role at Dominion Voting Systems, in fact participated in rigging the 2020 presidential election.** *See, e.g.*, **Pl. Sec. Am. Compl., ¶¶ 33, 85; Oltmann Dep., pp. 81-83, 160-62,**

5

**268-69.**

13. Admit that you are not an expert in voting systems technology.

    **RESPONSE:**

    **Lindell objects to this Request as cumulative and duplicative because the information sought by this Request has been sought and provided. *See, e.g.,* Lindell Dep., p. 301. Subject to this objection, and as he has previously testified, Lindell admits.**

14. Admit that Terri Pietz was employed by My Pillow between August 1, 2021 and August 10, 2021.

    **RESPONSE:**

    **Lindell objects to this Request as beyond the scope of the Court's Order, dated October 26, 2023, which permits Plaintiff to serve Requests for Admission "on Defendant Lindell, based on the testimony provided at his individual deposition. This Request is not within the scope of Lindell's testimony in his personal capacity. Subject to these objections, Lindell admits.**

15. Admit that multiple people warned you that Dennis Montgomery was an unreliable source of election-related data prior to the Cyber Symposium.

    **RESPONSE:**

    **Lindell objects to this Request as cumulative and duplicative because the information sought by this Request has been sought and provided. *See, e.g.*, Lindell Dep., pp. 197-200, 207-09. Subject to this objection, and as Lindell has previously testified, Lindell admits.**

16. Admit that Dennis Montgomery was the source of the "pcap data" that you intended to display at the Cyber Symposium.

    **RESPONSE:**

    **Lindell objects to this Request as cumulative and duplicative because the information sought by this Request has been sought and provided. *See, e.g.*, Lindell Dep., pp. 252-53. Subject to this objection, and as Lindell has previously testified, Lindell admits.**

17. Admit that you have no evidence that Dr. Coomer manipulated the adjudication process of any ballot in any jurisdiction during the 2020 presidential election.

6

**RESPONSE:**

**Lindell objects to the term "evidence" in this context as vague, particularly where Request No. 1 specifically refers to "corroborating evidence." Subject to this objection and applying the plain meaning of the term "evidence," Lindell denies because Oltmann has claimed and testified that Dr. Coomer, in his role at Dominion Voting Systems, in fact participated in rigging the 2020 presidential election.** *See, e.g.***, Pl. Sec. Am. Compl., ¶¶ 33, 85; Oltmann Dep., pp. 81-83, 160-62, 268-69.**

18. Admit that you have no evidence, beyond what you allege Chris Ruddy told you, of an actual agreement between Dr. Coomer and Newsmax that barred you from appearing on Newsmax at any time.

    **Lindell objects to the term "actual agreement" as vague in this context. Subject to this objection, Lindell denies. Lindell is not aware of a written agreement between Dr. Coomer and Newsmax, as he has previously testified.** *See, e.g.***, Lindell Dep., pp. 26-27, 54-55, 68-69. In addition to Lindell's conversations with Mr. Ruddy, and applying the plain meaning of the term "evidence," Lindell's reduced appearances on Newsmax's airwaves and the ensuing drop in MyPillow sales following Dr. Coomer's settlement with Newsmax are further evidence of some agreement and contributed to Lindell's statements about Dr. Coomer.**

19. Admit that you provided financial support to Conan Hayes in connection with obtaining the election system data in Mesa County, Colorado, that was ultimately displayed at the Cyber Symposium.

    **RESPONSE:**

    **Lindell objects to this Request as cumulative and duplicative because the information sought by this Request has been sought and provided. Subject to this objection, Lindell denies. As he has previously testified, Lindell was not involved with Mr. Hayes's activities in Mesa County, Colorado, and is not aware of who provided financial support for any such activities. My Pillow Dep., pp. 330-31.**

20. Admit that you provided financial support to Tina Peters in connection with obtaining the election system data from Mesa County, Colorado, that was ultimately displayed at the Cyber Symposium.

    **RESPONSE:**

    **Lindell denies. As he has previously testified, Lindell did not know Ms. Peters prior to the Cyber Symposium. My Pillow Dep., pp. 329-30.**

7

**As to objections:**

DATED: November 17, 2023                **PARKER DANIELS KIBORT LLC**


By: */s/ Ryan P. Malone*
Andrew D. Parker (MN Bar #195042)
Ryan P. Malone (MN Bar #395795)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
parker@parkerdk.com
malone@parkerdk.com

*Counsel for Defendant Michael J. Lindell*

8

As to admissions:

DATED: November 17th, 2023

_____
Michael J. Lindell

STATE OF __MN__
COUNTY OF __Carver__

This document was acknowledged before me on __11/17/23__ (date) by __Michael Lindell__ (name(s) of individual(s)).

__Cynthia M Taylor__
(Signature of notarial officer)

[Notary stamp: Cynthia M Taylor, Notary Public, Minnesota, My Commission Expires January 31, 2028]

__Notary Public__ Title
(and Rank)
My commission expires: __1/31/28__

2