# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129-NYW-SKC

ERIC COOMER, PH.D.,

Plaintiff,

v.

MICHAEL J. LINDELL, FRANKSPEECH, LLC, and
MYPILLOW, INC.,

Defendants.

---

## DEFENDANTS MICHAEL J. LINDELL AND FRANKSPEECH, LLC'S MOTION TO STRIKE

---

Pursuant to FED.R.CIV.P. 12(f), Defendants Michael J. Lindell and Frankspeech, LLC move the Court for an Order striking references and citations to newspaper and online articles in Plaintiff's Omnibus Response to Defendants' Omnibus Motion for Summary Judgment [ECF No. 235]. The references and footnote citations to such newspaper articles are on pages 7 and 11 of Plaintiff's Response and footnotes 20. 21, and 46.

Defendants specifically request that (1) the clause in the first line of page 7 which reads: "a notorious con artist who has been involved with decades of well-publicized scams on government agencies, entities, and individuals," (2) footnote

1

20 on page 7, (3) the entirety of paragraph 18 on page 7, (4) footnote 21 on page 7,

(4) the sentence on page 11 which reads: "Olsen worked to establish a lineup of

speakers for the Symposium, which would go on to include both Oltmann and

David Clements," and (5) footnote 47 on page 11 be stricken.

Articles published in newpapers and magazines, as well as online news

articles, are inadmissible hearsay. *New England Mut. Ins. Co. v. Anderson,* 888

F.2d 646, 650 (10th Cir. 1989); *Miles v. Ramsey,* 31 F.Supp.2d 869, 875 (D.Colo.

1988); FED.R.EVID. 801-804. Such inadmissible documents may not be considered

in the context of a motion for summary judgment. *Sec. & Exch. Comm'n v.*

*GenAudio Inc.,* 32 F.4th 902, 936 (10th Cir. 2022) ("It is well settled in this circuit

that we can consider only admissible evidence in reviewing an order granting

summary judgment."); *Gross v. Burggraf Construction Co.,* 53 F.3d 1531, 1541

(10th Cir. 1995) ("Hearsay testimony cannot be considered because "[a] third

party's description of [a witness'] supposed testimony is not suitable grist for the

summary judgment mill."); *Warming Trends, LLC v. Stone*, No. 19-CV-03027-

PAB-STV, 2023 WL 2713954, at *8 (D. Colo. Mar. 30, 2023) ("The Tenth Circuit

explains that, '[t]o determine whether genuine issues of material fact make a jury

trial necessary, a court necessarily may consider only the evidence that would be

available to the jury.'") (quoting *Argo v. Blue Cross & Blue Shield of Kan., Inc*.,

452 F.3d 1193, 1199 (10th Cir. 2006)); *United States v. Fennell,* 381 F.Supp.2d

1312,1314 (D.N.M. 2005) ("Inadmissible hearsay cannot be considered on a motion for summary judgment…. Exhibits 3, 4 and 12 are old newspaper articles. These articles also constitute inadmissible hearsay."). *See also* FED.R.CIV.P. 56(c) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.").

Wherefore, Defendants request that the Court enter an Order granting their Motion to Strike. Plaintiff's counsel has advised us that Plaintiff opposes this Motion.

Dated: January 2, 2024

Respectfully submitted,

MICHAEL J. LINDELL and
FRANKSPEECH LLC

By:-
/s/ *Robert J. Cynkar*
Patrick M.McSweeney
Robert J. Cynkar
Christopher I. Kachouroff
Lyndsey L. Bisch
*McSweeney, Cynkar & Kachouroff, PLLC*
10506 Milkweed Drive
Great Falls, Virginia 22066
(703) 621-3300
rcynkar@mck-lawyers.com

Counsel for Michael J. Lindell and
Frankspeech

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2024 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

zbowman@cstrial.com

ccain@cstrial.com

bkloewer@cstrial.com

djennings@cstrial.com

skarnulis@cstrial.com

sbeam@cstrial.com

/s/ *Robert J. Cynkar*