**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 22-cv-01129-NYW-SBP

ERIC COOMER,

      Plaintiff,

v.

MICHAEL J. LINDELL,
FRANKSPEECH LLC, and
MY PILLOW, INC.,

      Defendants.

_____

**TRIAL PREPARATION ORDER**
_____

This civil action has been set for a ten-day Jury Trial to commence on **Monday, June 2, 2025**.  **Counsel for Parties should be available to the Court at 8:30 a.m. to address any last-minute matters.  All counsel who will try the case must be present for the 8:30 a.m. conference.**

1.    <u>Final Pretrial/Trial Preparation Conference.</u>    This matter has been scheduled for a Final Pretrial/Trial Preparation Conference on **April 21, 2025 at 1:30 p.m.** No later than **March 17, 2025**, the Parties shall submit a proposed Final Pretrial Order using the form found on the District of Colorado's website.  The Parties shall jointly file their proposed Final Pretrial Order via CM/ECF and shall also send an editable Microsoft Word version to Wang_Chambers@cod.uscourts.gov.  Any disputes with respect to the proposed exhibit lists, witness lists, *voir dire*, or opening jury instructions will be discussed at the Final Pretrial/Trial Preparation Conference, including any pending motions in

limine/motions to strike and whether or not the Parties waive the reporting of the final jury instructions.

2.   <u>Jury Instructions/Verdict Forms.</u>   Proposed jury instructions and verdict forms are due no later than **March 10, 2025**.  Each of the proposed jury instructions must:

(a)   be submitted on a separate page;

(b)   be numbered;

(c)   identify the source of the instruction and any supporting authority.

The Parties must use their best efforts to stipulate to jury instructions.  To the extent there are disputes with respect to proposed jury instructions, each Party shall submit their own proposed jury instruction.   In addition, the Parties shall jointly submit a single, redlined jury instruction in which they delineate the language they respectively propose. For example:

<u>Plaintiff's Proposed Jury Instruction</u>:  The reasonableness of an insurer's conduct is to be determined objectively, according to industry standards and must be evaluated based on the information before the insurer at the time of the conduct.

<u>Defendant's Proposed Jury Instruction</u>:  The reasonableness of an insurer's conduct is to be determined objectively, according to industry standards<u>.</u> and must be evaluated based on the information before the insurer at the time of the conduct.

The Parties shall follow this format for each disputed jury instruction.

The Parties shall meet and confer and stipulate to a proposed verdict form. The Court strongly encourages counsel to craft a stipulated verdict form that is readily understandable to laypersons.

The Parties shall file joint proposed jury instructions, any disputed proposed jury instructions, and proposed verdict form (in separate filings) via CM/ECF, and shall also send an editable Microsoft Word version of each document to Wang_Chambers@cod.uscourts.gov.

3.      Proposed Witness/Exhibit Lists.   Proposed witness and exhibit lists are due to the Court no later than **March 17, 2025**. Please follow the format attached to this Order for these lists.

For witnesses, please estimate the time for all examinations, e.g., direct and re-direct. Please note that the cumulative estimated times for trial witnesses should not exceed the total time allotted for a Party to present its case. The Court will strictly enforce the estimated time allotted for each witness's testimony.

Exhibits shall be labeled on the Joint Exhibit List in numeric order, with no designation as to whether it is "Plaintiff's Exhibit" or "Defendant's Exhibit." The Parties must stipulate to the authenticity and admissibility of as many exhibits as possible, marking the appropriate box on the proposed exhibit list. The Parties' stipulation as to the admissibility of a document does not guarantee its admissibility; each document the Parties intend to submit to the jury must be offered to and accepted by the Court.

4.      Deposition testimony.   If the Parties anticipate the use of deposition testimony at trial, the Party offering such testimony shall designate the deposition testimony and indicate whether the testimony will be read or presented from a video

recording no later than **March 3, 2025**.  The Parties shall make any counter-designations no later than **March 10, 2025**.  Prior to the Final Pretrial/Trial Preparation Conference, the Parties shall meet and confer regarding their deposition designations and objections. After a good-faith meet and confer process, the Parties shall identify any remaining objections by page and line citation and provide (1) a copy of the transcript(s); (2) an explanation for each objection; and (3) any relevant or supporting case law to Wang_Chambers@cod.uscourts.gov no later than **March 17, 2025**. Transcripts submitted to the Court should have each Party's designations in a different color of highlighting, with a clear legend of the designated colors.

5. *Voir Dire*.  No later than **March 17, 2025**, the Parties shall file their respective proposed *voir dire* questions via CM/ECF and shall jointly send editable Microsoft Word versions to Wang_Chambers@cod.uscourts.gov.  The Parties shall be prepared to discuss their proposed *voir dire* at the Final Pretrial/Trial Preparation Conference.

6. Glossary.  No later than **May 21, 2025**, the Parties shall file a Glossary of any difficult, unusual, scientific, technical, and/or medical jargon, words, names, terms and/or phrases.  Before trial commences, the Parties shall submit to the Courtroom Deputy, Emily Buchanan, three paper copies of the Glossary and shall submit additional paper copies of the Glossary to opposing counsel and any *pro se* party.

7. Technology.  No later than **March 24, 2025**, the Parties shall identify the technology needed for the trial and jointly contact the Courtroom Deputy by email at Emily_Buchanan@cod.uscourts.gov to determine whether the Court can accommodate

the request.  All technology set-up and take-down must occur outside the hours set for trial.

        a.    <u>PowerPoints or Slides.</u>  To the extent any Party intends to utilize PowerPoints, slides, or any other demonstrative items for opening statements, the Parties shall exchange such items no later than **May 15, 2025**, and shall provide copies of the same to Wang_Chambers@cod.uscourts.gov.  The Court will consider objections to the use of such items prior to their use, generally, the morning of the first day of trial.  Parties shall exchange PowerPoint slides for closing arguments no later than **24 hours** in advance of closing arguments.

        8.    <u>Exhibit notebooks.</u>  No later than **March 17, 2025**, the Parties shall jointly provide to the Courtroom Deputy one copy of all exhibits in a notebook format.  The notebooks should be labeled with the following information: (a) case caption; (b) scheduled commencement date and time of the trial; and (c) designation of "witness" or "Court."  The Parties shall separate all documents by numbered tabs and reproduce each exhibit in the manner in which it will be shown to the witness and jury, e.g., colored exhibits should appear in color in the notebooks.  Multi-page exhibits should include internal numbering for ease of the witness and the Court.  All exhibits will be sequentially numbered, without any attribution to Plaintiff or Defendant.

In addition to submitting exhibit notebooks, Parties shall jointly provide to the Courtroom Deputy two flash drives that each contain a copy of all exhibits, numbered sequentially in the same numeric order used in the exhibit notebooks, no later than **March 17, 2025**.

9.    <u>Motions in Limine.</u>  Each side may file one omnibus motion in limine, not to exceed fifteen (15) pages.  Motions in limine shall be filed no later than **February 10, 2025**.  Responses shall be filed no later than **February 24, 2025**.  No replies will be permitted absent leave of Court and good cause shown.

10.    <u>Trial Briefs.</u>  The Court typically does not permit the filing of trial briefs.  However, if a Party believes that the circumstances of the case necessitate a trial brief, the Party may seek leave of Court to submit a trial brief by filing a formal motion, and must articulate specific issue(s) that the Party seeks to brief.  The trial brief should not be used to repeat any arguments made in a motion in limine or a dispositive motion.  Only after leave is granted shall the Court enter an order with page limitations and/or specific instructions.  Trial briefs must be submitted to the Court via CM/ECF no later than **forty-five days** prior to the commencement of trial.

11.    <u>Trial days.</u>  Trial days will typically begin at 9:00 a.m. and end at 4:00 p.m., with a fifteen-minute break in the morning, an hour break for lunch, and a fifteen-minute break in the afternoon.  Given the ten-day jury trial schedule, each side is permitted approximately **27.5 hours** of trial time, including opening statements and closing arguments.  The Court generally limits opening statements to thirty (30) minutes per side.

Counsel shall be available to the Court no later than 8:30 a.m. each morning so that the Parties may discuss matters that cannot be resolved in front of the jury.  The Parties should have witnesses queued for testimony so as to avoid delay between testifying witnesses.  If a witness needs to be accommodated out of order, the Parties shall alert the Court of the instance during the morning conference.  Bench conferences

are strongly discouraged; matters should be addressed in the morning conference, during the morning or afternoon break, or after the conclusion of the trial day.

    12.    <u>Additional questions.</u>    The Court anticipates that counsel may have additional questions or issues not addressed by this Order.  So that all may fully prepare for the Final Pretrial/Trial Preparation Conference, the Parties shall submit any questions or issues they wish addressed at the Final Pretrial/Trial Preparation Conference directly to chambers at Wang_Chambers@cod.uscourts.gov no later than **April 7, 2025**.

DATED:  October 2, 2024                    BY THE COURT:

                                           _____
                                           Nina Y. Wang
                                           United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**JUDGE NINA Y. WANG**

Case No. _____          Date: _____

Case Title:
_____

_____ WITNESS LIST
       (Plaintiff/Defendant)

<u>WITNESS/</u>
<u>DESCRIPTION OF TESTIMONY</u>

<u>ESTIMATED DATE(S) AND</u>
<u>LENGTH OF TESTIMONY</u>

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

CASE CAPTION: _____

CASE NO.: _____

EXHIBIT LIST OF: _____

(Name and Party Designation)

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | **Court Use Only** |
|---------|---------|-------------------|-------------|---------|----------|---------|--------------------|
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |