IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129-NYW-SBP

ERIC COOMER, Ph.D.,
    Plaintiff

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC,
AND MY PILLOW, INC.,
    Defendants

---

**PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY
IN SUPPORT OF MOTION IN LIMINE**

---

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Eric Coomer, Ph.D. (Dr. Coomer), through counsel, files this Motion for Leave to File Reply in Support of Motion in Limine, stating in support thereof as follows:

**CONFERRAL STATEMENT**

Undersigned counsel reached out to counsel for Defendants via email with respect to the relief requested herein on the morning of this filing. Defendants oppose the relief requested herein.

**ARGUMENT**

1. Defendants' Response to Plaintiff's Motion in Limine was filed after the deadline without seeking leave, and without demonstrating either good cause or excusable neglect. To the extent the Court is still willing to consider the arguments raised therein, Plaintiff seeks leave to file a Reply to address two specific matters.

1

2.     First, Defendants' Response in Opposition to Plaintiff's Motion in Limine makes various arguments which are directly contradicted by Defendants' own sworn testimony.  Second, Defendants' arguments are implicitly couched in either the incremental harm doctrine or the libel proof plaintiff doctrine, both of which the Tenth Circuit has declined to adopt.  *See Bustos v. A&E Television Networks*, 646 F.3d 762 (10th Cir. 2011).  Plaintiff seeks leave to file a Reply in support of his Motion in Limine to bring these matters to the Court's attention.

3.     Pursuant to the Court's Trial Preparation Order, "No replies will be permitted absent leave of Court and good cause shown."[1]  In the related context of a movant's request to file a sur-reply, the Tenth Circuit has held that "when a moving party uses their reply to present new material—*i.e.*, new evidence or new legal arguments—and if the court *relies* on that new material, it should give the nonmoving party an opportunity to respond." *James v. Boyd Gaming Corporation*, 522 F.Supp.3d 892, 902-903 (D. Kan. March 2, 2021) (*citing Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005) (emphasis in original).

4.     Defendants argue that certain information addressed in the Motion in Limine is necessary to rebut Dr. Coomer's claims with respect to actual malice, that it provides context to their published statements, and that it challenges Dr. Coomer's allegations of emotional distress and reputational harm.  But Defendants expressly disclaimed knowledge of those many of those matters under oath.  As a result, they cannot be relevant to Defendants' subjective state of mind at the time of the publications.

---

[1] Doc. 265, p. 6.

Plaintiff could not have anticipated that Defendants would argue that information with which they swore they were unfamiliar would be necessary to demonstrate their subjective state of mind at the time of the publications at issue. Good cause, therefore, warrants a reply on this issue.

5. Plaintiff further seeks leave to address Defendants' arguments that irrelevant matters somehow have a bearing on Plaintiff's character and reputation *with respect to the facts at issue in this case*, namely Dr. Coomer's career in the elections industry and the false claims that he partook in rigging the 2020 presidential election. Defendants do not explicitly acknowledge that the evidentiary theories presented in the Response arise from the doctrines of "incremental harm" or the "libel proof plaintiff," but the Tenth Circuit has expressly declined to adopt either doctrine. *See Bustos v. A&E Television Networks*, 646 F.3d 762, 765-766 (10th Cir. 2011) (*citing Liberty Lobby, Inc. v. Anderson*, 746 F.2d 1563, 1568 (D.C. Cir. 1984) ("[E]ven more troubling is the doctrine's breadth … an incremental harm rule assumes that an individual's reputation is 'a monolith which stands or falls in its entirety.' And common experience suggests this premise is a doubtful one – a liar and a thief, after all, may still be a good family man – and saying otherwise may still do material damage to his public reputation. Taken to its logical conclusion, moreover, incremental harm analysis suggests that individuals with really bad reputations in one area may be 'libel proof' in all areas, free game for the publication of even the most outrageous and damaging lies.") Defendants have not yet attempted to argue for the adoption of either of these doctrines, and Plaintiff, therefore,

3

did not anticipate argument implying them here. Good cause warrants a reply on this issue as well.

## CONCLUSION

For all of the reasons stated herein, Plaintiff Eric Coomer, Ph.D. moves for an order granting him leave to file a Reply in Support of his Motion in Limine.

Respectfully submitted this 27th day of February 2025.

        */s/ Charles J. Cain*
Charles J. Cain, No. 51020
ccain@cstrial.com
Bradley A. Kloewer, No. 50565
bkloewer@cstrial.com
**CAIN & SKARNULIS PLLC**
P. O. Box 1064
Salida, Colorado 81201
719-530-3011/512-477-5011 (Fax)

Ashley N. Morgan
amorgan@cstrial.com
**CAIN & SKARNULIS PLLC**
303 Colorado Street, Suite 2850
Austin, Texas 78701
512-477-5000/512-477-5011 (Fax)

Thomas J. Rogers III, No. 28809
trey@rklawpc.com
Mark Grueskin, No. 14621
mark@rklawpc.com
David M. Beller, No. 35767
david@rklawpc.com
**RECHTKORNFELD PC**
1600 Stout Street, Suite 1400
Denver, Colorado 80202
303-573-1900
**ATTORNEYS FOR PLAINTIFF**

4