IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129-NYW-SBP

ERIC COOMER, Ph.D.,
    Plaintiff

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC,
AND MY PILLOW, INC.,
    Defendants

---

**PLAINTIFF'S MOTION TO STRIKE DEPOSITION DESIGNATIONS**

---

TO THE HONORABLE UNITED STATES DISTRICT COURT:

    Plaintiff Eric Coomer, Ph.D. (Dr. Coomer), through counsel, files this Motion to Strike Deposition Designations, stating in support thereof as follows:

**CONFERRAL STATEMENT**

    Undersigned counsel emailed counsel for Defendants on March 11, 2025, with respect to the specific relief requested herein. Defendants responded on March 12, 2025, and stated that they oppose the relief requested. At Plaintiff's invitation, Defendants offered to discuss the matter further on March 14. However, given the pending deadlines in the Trial Preparation Order and the impact on Plaintiff's ability to respond to blanket designations of entire deposition transcripts, Plaintiff must get this matter before the Court immediately and will further update the Court following any additional conferral by March 14.

1

## I.     BACKGROUND

1.     The Court issued its Trial Preparation Order[1] on October 2, 2024.

2.     The Court ordered the parties to designate deposition testimony and indicate whether the testimony would be read or presented from a video at trial no later than March 3, 2025.[2]

3.     On March 3, 2025, Plaintiff served his Designation of Deposition Testimony to be Presented at trial.[3]  These designations were detailed with highlighted transcripts and page/line designations.

4.     Defendants did not serve any designations on March 3, 2025.

5.     At 8:25 pm (cdt) on March 10, 2025, the date counter-designations were required by the Court, Defendants sent an email to counsel for Plaintiff designating the entirety of four depositions, presumably meant as counter-designations.[4]  The designated deposition transcripts were of Dennis Montgomery, taken on August 21-22, 2023, totaling 10 hours and 4 minutes deposition time; Brannon Howse taken on May 20, 2023, totaling 6 hours and 47 minutes of deposition time; Josh Merritt taken on November 14, 2022, totaling 5 hours and 43 minutes of deposition time; and Kurt Olsen taken on June 15, 2023, totaling 5 hours and 52 minutes of deposition time.  In sum, this amounts to twenty-eight hours and twenty-six minutes of deposition

---

[1] Doc. 265.

[2] *Id.*, ¶ 4.

[3] *See* **Exhibit A**.

[4] *See* **Exhibit B**, email correspondence from Defendants' counsel to Plaintiff's counsel with counter deposition designations (Mar. 10, 2025).

2

time, comprising 1,183 pages of transcripts. All of the testimony was from depositions that Plaintiff previously noticed and conducted.

6. This last-minute designation is consistent with the conduct that led to the Court striking the parties' jury instruction and verdict form submission.[5] There, Plaintiff provided a draft of his jury instructions to Defendants on Friday, March 7, 2025, to allow Defendants to review over the weekend. Plaintiff did not receive a draft of Defendants' jury instructions until 4:53 pm (mdt) on March 10, 2025—the day they were due—and just seven minutes prior to a scheduled conferral call on the same. This, in Plaintiff's view, made it impossible to conform the submission to the Court's requirements. The Court agreed and struck the submission.

7. Finally, the Court may wish to consider this Motion and the related conduct in light of the recent order of contempt against Mr. Lindell and My Pillow, Inc. in the *Smartmatic* case.[6]

## II.    ARGUMENT

8. The Court's Trial Preparation Order is clear. Any party wishing to offer deposition testimony was required to serve their deposition designations by March 3.[7] Defendants did not do so.

9. The counter-designations served on March 10, which designated entire deposition transcripts, were also non-compliant. The Court requires transcript offerings to be designated by different highlighting based on the party offering the testimony.[8] The Court further requires conferral on any objections to the relevant designated portions. Plaintiff cannot be reasonably

---

[5] Doc. 294.

[6] *See* **Exhibit C**; *Order of Contempt*, dated March 6, 2025.

[7] Doc. 265, ¶ 4.

[8] *See id.*

3

expected to determine whether it has objections to *every* question and answer in over twenty-eight hours of deposition time.  As ordered, Plaintiff designated portions of testimony from each of these four depositions and clearly does not have objections to the portions he designated.  Defendants obviously do not have objections to these portions as well since they designated the entire transcripts.  That said, the remaining portions of the transcript cannot serve as a counter-designation.  If they did, then Defendants' case would be subsumed by hours of irrelevant testimony and would vitiate the intent of the Court's Trial Preparation Order.

10.    Plaintiff wishes to have an orderly trial and intends to comply with every order of the Court to the best of his ability, but he is being prejudiced by this shambolic and dilatory pre-trial conduct, especially in circumstances where joint submissions are required.  As to the matter at hand, Plaintiff's remedy is clear.  The Court should strike Defendants' designation because it is non-compliant with the Court's rules and clearly prejudices Plaintiff in his efforts to prepare for trial.  *See* FED. R. CIV. P. 16(f)(1)(C); *Commodity Futures Trading Comm'n v. Brockbank*, 316 Fed. Appx. 707, 713-714 (10th Cir. 2008) (court did not abuse its discretion under FRCP 16 and 37 to impose sanctions against a party who fails to obey a scheduling or pretrial order where court prohibited party from presenting witnesses or exhibits at trial after the party did not timely file his witness and exhibit lists); *Shugars v. Glismann*, No. 19-cv-02142-RMR-GPG, 2024 WL 5046705, at *3 (D. Colo. Sept. 17, 2024) (ordering party who did not timely designate depositions for use at trial to pay other party's attorney's fees for preparing cross/counter designations and objections).  *See also Sec. & Exch. Comm'n v. Goldstone,* No. CIV 12-0257 JB/BW, 2016 WL 4487896, at *1, 12 (D.N.M. July 12, 2016) (granting motion to exclude in part, stating the "Court will not allow the SEC to use full [deposition] transcripts in its exhibit list, because it would place

4

an undue burden on the Defendants to review over 1,400 pages of transcripts to prepare objections on their content"); *Coffey v. Chevron U.S.A. Inc.*, No. 2:16-CV-001-SWS, 2017 WL 3457117, at *3 (D. Wyo. Feb. 15, 2017) (granting motion to strike and exclude untimely designations of deposition testimony on the basis failure to comply with the court's pretrial order disrupts trial preparation of counsel and creates a disruption for the court).

11. As these cases make clear, the Court is well within its discretion to and should strike the untimely and non-compliant designations and exclude the related testimony from presentation at trial by Defendants. Alternatively, if the Court grants lesser sanction, Plaintiff requests an award of attorney's fees resulting from the additional time, expense, and burden on Plaintiff's counsel.

### III.     CONCLUSION

For all of the reasons stated herein, Plaintiff Eric Coomer, Ph.D. moves for an order striking Defendants' designations contained in **Exhibit B** and the improperly designated testimony. Alternatively, Plaintiff requests an award of attorney's fees should the Court decide to impose a lesser sanction. Plaintiff further prays for such other and further relief to which he may be entitled to receive.

Respectfully submitted this 12th day of March 2025.

       */s/ Charles J. Cain*
Charles J. Cain, No. 51020
ccain@cstrial.com
Bradley A. Kloewer, No. 50565
bkloewer@cstrial.com
**CAIN & SKARNULIS PLLC**
P. O. Box 1064
Salida, Colorado 81201
719-530-3011/512-477-5011 (Fax)

Ashley N. Morgan
amorgan@cstrial.com
**CAIN & SKARNULIS PLLC**
303 Colorado Street, Suite 2850
Austin, Texas 78701
512-477-5000/512-477-5011 (Fax)


Thomas J. Rogers III, No. 28809
trey@rklawpc.com
Mark Grueskin, No. 14621
mark@rklawpc.com
David M. Beller, No. 35767
david@rklawpc.com
**RECHTKORNFELD PC**
1600 Stout Street, Suite 1400
Denver, Colorado 80202
303-573-1900
**ATTORNEYS FOR PLAINTIFF**