# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129-NYW-SBP

ERIC COOMER, PhD.,

      Plaintiff

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC,
AND MY PILLOW, INC.,

      Defendants

---

# EXHIBIT C

---

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

|  |  |
|---|---|
| Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited, | Case No. 22-CV-00098 (JMB/JFD) |
| Plaintiffs, | |
| v. | **ORDER** |
| Michael J. Lindell and My Pillow, Inc., | |
| Defendants. | |

Christopher K. Larus, Emily Jean Tremblay, and William E. Manske, Robins Kaplan LLP, Minneapolis, MN; Timothy M. Frey (*pro hac vice*), Christopher Letkewicz (*pro hac vice*), Joel Erik Connolly (*pro hac vice*), Julie Loftus (*pro hac vice*), Laura Seferian (*pro hac vice*), Maura Levine-Patton (*pro hac vice*), Nicole Wrigley (*pro hac vice*), Olivia Elizabeth Sullivan (*pro hac vice*), Ronald S. Betman (*pro hac vice*), and William Edward Walsh (*pro hac vice*), Benesch Friedlander Coplan & Aronoff LLP, Chicago, IL; Alyssa A. Moscarino (*pro hac vice*), James Richard Bedell (*pro hac vice*), John W. Breig, Jr. (*pro hac vice*) and Michael J. Montgomery (*pro hac vice*), Benesch Friedlander Coplan & Aronoff, Cleveland, OH; Bruce R. Braun (*pro hac vice*), Sidley Austin LLP, Chicago, IL; and Jamie Ward (*pro hac vice*), Jones Day, Chicago, IL, for Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited.

Douglas G. Wardlow and Jeremiah David Pilon, My Pillow, Inc. Chaska, MN; Christopher Kachouroff (*pro hac vice*), McSweeney, Cynkar & Kachouroff, PLLC, Woodbridge, VA; Robert J. Cynkar (*pro hac vice*), McSweeney, Cynkar & Kachouroff PLLC, Great Falls, VA; and Jennifer DeMaster, DeMaster Law LLC, Grafton, WI, for Defendants Michael J. Lindell and My Pillow, Inc.

This matter is before the Court on Plaintiffs Smartmatic USA Corp.'s, Smartmatic International Holding B.V.'s, and SGO Corporation Limited's (together, Smartmatic) motion for contempt (Doc. No. 377), in which Smartmatic seeks an order that finds

Defendants Michael J. Lindell and My Pillow, Inc. (together, Defendants) in contempt of two discovery orders issued by Magistrate Judge John F. Docherty. (Doc. Nos. 160, 239.) On December 10, 2024, the undersigned presided over a hearing on the motion.[1]  For the reasons discussed below, the Court grants the motion.

**FINDINGS OF FACT[2]**

A.     **Pretrial Schedule**

1.     Smartmatic filed its Initial Complaint on January 18, 2022. (Doc. No. 1.) On October 5, 2022, the parties filed a joint Rule 26(f) report, in which they agreed to complete fact discovery by December 29, 2023, and to file and serve all non-dispositive motions relating to fact discovery by February 27, 2024. (Doc. No. 62 at 2, 5.)  The parties further agreed to have the case ready for trial on or after October 14, 2024. (*Id.* at 5.)

---

[1] Once a Magistrate Judge has certified facts to the District Judge, the District Judge conducts a hearing to determine de novo the facts and whether to grant a motion for contempt based on conduct before a Magistrate Judge. *See* 28 U.S.C. § 636(e)(6)(B) (stating that the District Judge considers the evidentiary record and determines whether to order sanctions "in the same manner and to the extent as for a contempt committed before a district judge"); *see also, e.g.*, *Wallace v. Kmart Corp.*, 687 F.3d 86, 91 (3d Cir. 2012) (explaining that after a Magistrate Judge certifies facts, the District Judge then conducts a de novo hearing).

[2] Magistrate Judge John F. Docherty certified facts in an order requiring Defendants to show cause why they should not be held in contempt (Doc. No. 308). *See* 28 U.S.C. § 636(e)(6)(B) (requiring the magistrate to certify facts when granting a motion to show cause in a contempt proceeding); *see also COKeM Int'l, Ltd. v. MSI Ent. LLC*, No. 19-CV-3114 (JRT/HB), 2021 WL 6425378, at *1–3 (D. Minn. Sept. 10, 2021). Neither party made any objections to the certified facts. The Court makes its findings of fact based on the unobjected-to certified facts, the parties' written submissions, and the parties' statements at the hearing on this motion.

2.      On October 12, 2022, the Magistrate Judge issued an initial pretrial scheduling order, which set the deadline for completion of fact discovery to June 30, 2023. (Doc. No. 64 at 1.)  Non-dispositive motions related to fact discovery were to be filed and served on or before June 30, 2023.  (*Id.* at 3.)  The case was to be ready for a jury trial on April 1, 2024.  (*Id.* at 5.)  The Magistrate Judge has since issued three amended pretrial scheduling orders, the last of which delayed fact discovery completion until June 11, 2024. (Doc. No. 267 at 57.)

**B.      Interrogatory No. 15 (Website Analytics Regarding Viewership)**

3.      On October 17, 2022, Smartmatic timely served Interrogatory No. 15 on Defendants.  (Doc. No. 81-3.)  Interrogatory No. 15 asks Defendants to "[i]dentify all metrics You use to quantify the number of individuals who viewed an ACCUSED PROGRAM or DEFAMATORY BROADCAST and provide the corresponding data for each ACCUSED PROGRAM or DEFAMATORY BROADCAST."  (*Id.* at No. 15 (emphasis in original).)

4.      On December 5, 2022, Defendants served their responses to Interrogatory No. 15. (Doc. No. 81-7 at 7–8; Doc. No. 81-8 at 7–8.)  Defendants made general objections and represented that "[d]iscovery is continuing and not complete."  (Doc. No. 81-7 at 2; Doc. No. 81-8 at 2.)  They also represented that they "did not utilize metrics to quantify the number of individuals who viewed the media referenced."  (Doc. No. 81-7 at 8; Doc. No. 81-8 at 8.)  The Defendants did not identify responsive documents that they were withholding due to objections.  (Doc. No. 81-7 at 7–8; Doc. No. 81-8 at 7–8.)

5.     On December 14, 2022, Smartmatic informed Defendants that it viewed their response to Interrogatory No. 15 (among others) as deficient.  (Doc. No. 81-10 at 7.)  In the deficiency notice, Smartmatic requested clarification on whether Defendants were withholding documents pursuant to their objections.  (*Id.* at 1.)  Smartmatic also requested clarity about the phrase "discovery continues."  (*Id.*)  Smartmatic also observed that Defendants' substantive responses were false because discovery in *U.S. Dominion, Inc. v. My Pillow, Inc.*, No. 21-CV-445 (CJN/MAU) (D.D.C.) included Defendants' production of a text message stating, "Absolute Proof has now been seen by 97million [sic] people."[3] (*Id.* at 7.)  Smartmatic also cited an email to Lindell that discussed "initial data usage stats for Absolute Interference" and stated that "[w]e have a good start with metrics."  (*Id.*)

6.     On December 21, 2022, Defendants responded to Smartmatic.  (Doc. No. 81-11.)  In it, Defendants stated that the parties agreed to document production "on a rolling basis," that "Defendants' document production is not complete at this time," and that "[o]nce Defendants have completed their review, they will be better positioned to identify which (if any) objections they are withdrawing, and which documents (if any) will be withheld because of an applicable objection or on the basis of an applicable privilege." (Doc. No. 81-11 at 2.)  Defendants did not discuss their responses to Interrogatory No. 15 in any greater detail.

7.     On January 11, 2023, Defendants supplemented their interrogatory responses, including their responses to Interrogatory No. 15.  (Doc. No. 81-19; Doc. No.

---

[3] *Absolute Proof* is a video that Smartmatic alleges contains defamatory statements.  (Doc. No. 125 ¶ 85.)

81-20.)  Defendants stated that "[t]he purported metric data identified by Plaintiffs as originating from Johnston Howse was inaccurate and incomplete and not 'used' by Defendant."  (Doc. No. 81-19 at 9; Doc. No. 81-20 at 9.)

8.      On February 1, 2023, Smartmatic filed a motion to compel Defendants to answer Interrogatory No. 15, among others.  (Doc. No. 72.)  Smartmatic argued that Defendants "refuse to comply with basic discovery requests" (Doc. No. 80 at 6) and "refuse to identify the documents that they will produce and the documents they believe are objectionable" (*id.* at 7); and that "Defendants' tactics violate Rule 34 of the Federal Rules of Civil Procedure, and they also prevent Smartmatic from determining, as a threshold matter, whether discovery disputes even exist."  (*Id.*)  Additionally, Smartmatic argued that Defendants' claim that they never used any data to determine viewership despite public statements by Lindell that 100 million people watched *Absolute Proof* for "1 hour and 53 minutes" on average and that he had used an online site to track viewership data.  (*Id.* at 7, 32.)  Defendants' response was due on February 16, 2023.  (*See* Doc. No. 92.)

9.      Defendants missed the February 16 deadline to respond to Smartmatic's motion to compel and filed a memorandum in opposition only after the Magistrate Judge issued an order to respond.  (Doc. Nos. 92, 97.)  In their response, Defendants stated that, "[t]o the extent that Defendants have 'metrics' data, that data is contained in the documents Defendants have produced or will produce."  (*Id.* at 18.)  Defendants also stated that they "do not accept that data they received from a third party is accurate or complete, and accordingly they do not 'use' the data."  (*Id.*)

10.    On February 23, 2023, the Magistrate Judge held a hearing on Smartmatic's motion to compel. (Doc. No. 101.) At the hearing, Defendants said, "[W]e're aware that there's a necessity to tell [Plaintiffs] what we're withholding" pursuant to objections. (Doc. No. 108 at 12:17–18.) The Magistrate Judge noted that Defendants "haven't identified anything that's facially wrong with the interrogatory [No. 15] or that would excuse performance." (*Id.* at 51:21–23.)

11.    On August 1, 2023, the Magistrate Judge denied as moot Smartmatic's motion to compel a response to Interrogatory No. 15 (August 1 Order). (Doc. No. 160.) The Magistrate Judge reasoned that the issue was moot on the basis of Defendants' representation "that they have or will disclose all metrics data." (*Id.* at 10 ("Defendants are voluntarily providing the metrics in question.").) The Magistrate Judge also ordered Defendants to comply with Federal Rule of Civil Procedure 34 and "supplement their disclosures and modify their supplemental disclosures as necessary until fact discovery closes." (*Id.* at 14.)

12.    On May 20, 2024, Lindell "affirm[ed] his prior answer" to Interrogatory No. 15, clarified that "[h]e does not keep records of metrics with respect to viewership," and explained that he extracted data from Google Analytics but that data did not accurately reflect viewer metrics. (Doc. No. 277-1 at 4.) Lindell claimed that the data reflected web visits, not video views, and that unique viewer data was not retained. (*Id.* at 4, 5.)

13.    On June 7, 2024, Smartmatic filed a motion to show cause. (Doc. No. 274.) In it, Smartmatic argued that Defendants failed to respond to Interrogatory No. 15 despite their representations to the Magistrate Judge that they would. (Doc. No. 276 at 7.)

Defendants countered that Smartmatic had received metrics data from FrankSpeech, that there is no viewership data in Lindell's possession, and Lindell explained why no data was kept. (Doc. No. 281 at 3.) At the hearing before the Magistrate Judge, Defendants represented that the Google Analytics viewership data on www.michaeljlindell.com was available to Smartmatic. (Doc. No. 312 at 22:24–23:3.) But four days after the hearing, Smartmatic informed the Magistrate Judge that the data is available only to the site owner and, as a result, the data is in Defendants' exclusive control. (Doc. No. 284.) The Magistrate Judge issued an order granting Smartmatic's motion to show cause and required Defendants to appear before the undersigned to show cause why they should not be held in contempt. (Doc. No. 308)

14.    Smartmatic subsequently filed a motion for contempt. (Doc. No. 377.) In support, Smartmatic appended a July 29, 2024 email exchange between Defendants' attorney Christopher Kachouroff and Smartmatic's attorney Julie Loftus. (Doc. No. 380-10 at 1–4.) In that exchange, Kachouroff asked Loftus what Smartmatic contends is missing from Defendants' response to Interrogatory No. 15. (Doc. No. 380-10 at 4 ("[W]hat do you contend is missing from our production because I have no idea?").) Loftus responded that Smartmatic is seeking "analytics data for michaeljlindell.com." (*Id.* at 3.) Kachouroff thereafter sent Loftus a single screenshot of a Google Analytics webpage and asked her, "Is this what you wanted? If so, I'll PDF it and bate stamp [sic] it." (*Id.* at 2–3.) Loftus told Kachouroff that "[i]t is difficult to tell exactly what you are proposing from this one screenshot." (*Id.* at 2.) Loftus then requested six discrete data analytics points for michaeljlindell.com for the period of February 1, 2021 through August 31, 2021. (*Id.*)

Loftus noted that those data points parallel those found within documents that Defendants previously generated for one of their other websites using the Google Analytics program. (*Id.*; *see also* Doc. No. 281 at 5–9.)  There is no evidence that Kachouroff responded.

15.    At the December 10, 2024 hearing before the undersigned, Defendants' counsel again represented that all viewership data had been provided, but when pressed, acknowledged that the information provided was only the single screenshot from Kachouroff's email response.  Defendants' counsel contended that the screenshot image was, in fact, viewership data.  Counsel ultimately conceded that, apart from this screenshot, they had not produced any Google Analytics data for michaeljlindell.com.

### C.    Request for Production Nos. 30 and 32 (Lindell's Financial Condition and IRS Audit)

16.    On March 23, 2023, Smartmatic served Request for Production (RFP) Nos. 30 and 32 on Defendants.  (Doc. No. 143-1.)  RFP No. 30 asked for "[d]ocuments sufficient to show LINDELL's financial condition from 2020 to the present, including, but not limited to, annual financial reports and tax returns."  (*Id.* at 8.)  RFP No. 32 asked for "[d]ocuments and communications relating to any audit of LINDELL by the U.S. Internal Revenue Service from 2020 to the present."  (*Id.*)

17.    On April 28, 2023, Defendants responded to RFP Nos. 30 and 32.  (Doc. No. 143-2.)  Defendants objected to both requests on relevance and privilege grounds.  (*Id.* at 5.)  On May 16, 2023, Smartmatic sent Defendants a deficiency letter, in which they stated that the information requested in RFP Nos. 30 and 32 was relevant to the issue of actual malice and their claim for punitive damages.  (Doc. No. 143-3 at 1–2.)

18.    On May 25, 2023, Smartmatic agreed to narrow RFP No. 30 to (1) tax returns, supporting documents, and Schedule K-1 forms for 2020, 2021, and 2022; and (2) documents reflecting Lindell's investments. (Doc. No. 143-4 at 4–5.) On June 1, 2023, Defendants reasserted their relevance objection to RFP Nos. 30 and 32 on grounds that Smartmatic's claims did not involve punitive damages. (*Id.* at 3–4.)

19.    On July 10, 2023, Smartmatic filed a motion to compel production of RFP Nos. 30 and 32, among others. (Doc. No. 140.)

20.    On October 19, 2023, the Magistrate Judge granted the motion. The Magistrate Judge rejected Defendants' relevance objection and compelled production of RFP Nos. 30 and 32 (October 19 Order). (Doc. No. 239.) On May 20, 2024, Lindell produced some documents responsive to RFP Nos. 30 and 32. (Doc. No. 277-1 at 6–7.) He stated that he "previously provided and provides again, the tax returns that were in his possession." (*Id.* at 6.) He also stated that tax returns for 2022 and 2023 were still being compiled and would be turned over upon completion. (*Id.*)

21.    On June 7, 2024, Smartmatic filed a motion for an order to show cause. (Doc. No. 274.) Smartmatic argued that Defendants violated the October 19 Order for multiple reasons. First, although Defendants provided Lindell's personal tax returns for 2019, 2020, and 2021, they had not provided the tax returns for 2022 and 2023. (Doc. No. 276 at 5.) Second, Defendants admitted that documents exist relating to the 2022 and 2023 tax returns (even if the returns themselves are not complete), but they did not provide those documents. (*Id.* at 5–6.) Third, Defendants produced "a letter from the IRS notifying Lindell that it

has placed a tax lien on property he owns," which references other relevant communications from the IRS that Defendants did not produce. (*Id.* at 6.)

22.    In response, Defendants argued that RFP Nos. 30 and 32 "have been and will be satisfied." (Doc. No. 281 at 1.) They stated that Lindell's tax returns for 2022 and 2023 are not finished and that Lindell has provided all documents in his accountant's possession. (*Id.* at 1–2.) Defendants also represented that, "[a]s soon as [Lindell's] 2022 and 2023 tax returns are completed, he will turn them over *immediately*." (*Id.* at 2 (emphasis in original).)

23.    On June 25, 2024, after the hearing on the show-cause motion, Defendants notified the Magistrate Judge that they were in compliance with RFP No. 32. (Doc. No. 283 at 1.) The next day, Smartmatic responded that Defendants were in compliance with RFP Nos. 30 and 32 as they relate to the years 2020 and 2021 but they still had not produced responsive documents for 2022 and 2023. (Doc. No. 286 at 1.)

24.    On September 23, 2024, Smartmatic filed its motion for contempt. (Doc. No. 377.) Smartmatic argued that Defendants failed to produce documents responsive to RFP No. 30 for tax years 2022 and 2023.[4] On December 10, 2024, at the hearing on the

---

[4] Smartmatic does not make any specific arguments concerning outstanding disclosure or the existence of undisclosed documents that are responsive to RFP No. 32. Indeed, RFP No. 32 relates to IRS audits of Lindell since 2020, and Smartmatic acknowledged that the IRS audits concern tax years 2020 and 2021. The parties agree that the documents produced on or about June 25, 2024, include discovery for those two tax years, and it appears that Defendants have complied with RFP No. 32, albeit eight months after the October 19 Order was issued and only after the hearing on Smartmatic's motion for an order to show cause (Doc. No. 283).

motion, Smartmatic still had not received Lindell's 2022 and 2023 personal tax returns or the documents that underly those tax returns.

## DISCUSSION

Smartmatic asks the Court to find Defendants in contempt. Smartmatic argues that Defendants failed to produce viewership data for michaeljlindell.com as requested in Interrogatory No. 15 and failed to produce documents as requested in RFP No. 30. As discussed below, the Court concludes that Defendants disobeyed the October 19 Order and August 1 Order. Therefore, the Court grants Smartmatic's motion and finds Defendants in contempt.

District courts have "inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966). The party moving for civil contempt must prove, by clear and convincing evidence, that the alleged contemnor violated the court's order. *Chicago Truck Drivers v. Bhd. Lab. Leasing*, 207 F.3d 500, 504 (8th Cir. 2000). Courts typically address such motion in two steps. First, the movant must show the following three elements: (1) the existence of a valid order; (2) that the alleged contemnor had knowledge of that order; and (3) that the alleged contemnor disobeyed that order. *United States v. Thornton*, No. 13-MC-0087 (SRN/TNL), 2015 WL 1522245, at *2 (D. Minn. Mar. 27, 2015). Second, if the movant produces such evidence, the burden shifts to the alleged contemnor to show the following three elements, which can excuse violative conduct: (1) the alleged contemnor was unable to comply with the court order at issue; (2) that the inability to comply "was not self-induced"; and (3) that

the alleged contemnor "made in good faith all reasonable efforts to comply." *United States v. Santee Sioux Tribe of Neb.*, 254 F.3d 728, 736 (8th Cir. 2001) (quotation omitted).

## I.    SMARTMATIC'S INTERROGATORY NO. 15

In the August 1 Order, the Magistrate Judge denied Smartmatic's motion to compel a response to Interrogatory No. 15 as moot based solely on Defendants' (later unfulfilled) representations that they had produced or would produce the requested viewership data for michaeljlindell.com.  (Doc. No. 97 at 17–18; *see* Doc. No. 160 at 10.)  Smartmatic argues that the Court should find Defendants in contempt of court for failing to produce the requested data.  (Doc. No. 379 at 13–15.)[5]  The Court agrees.

Defendants do not dispute the fact that the Magistrate Judge ordered them to disclose the requested viewership data or that they had knowledge of that order. Defendants make no argument that they were unable to produce the requested viewership data.  Rather, Defendants argue that they complied with the Magistrate Judge's order.  That is the only element in dispute.   After review of the record, the Court concludes that Defendants mischaracterize the information that they disclosed.

In the July 29, 2024 email exchange between attorneys Kachouroff and Loftus, Kachouroff sent a single screenshot of a Google Analytics webpage, and requested that

_____

[5] At oral argument on this motion, Defendants alluded for the first time to a possible waiver issue on grounds that Smartmatic did not timely appeal the denial of its motion to compel as moot.  The Court declines to consider this argument because it was not developed in a timely manner, and the adoption of Defendants' urged position would enable litigants to avoid the enforcement of discovery orders.  In addition, this new argument conflicts with the portion of the August 1 Order requiring Defendants to comply with Rule 34 by "supplement[ing] their disclosures and modify[ing] their supplemental disclosures as necessary until fact discovery closes."  (Doc. 160 at 14.)

Loftus confirm that was the information requested in Interrogatory No. 15. (Doc. No. 380-10.) Loftus unequivocally asked for additional information, stating first that she could not determine "exactly what [Kachouroff was] proposing from this one screenshot." (*Id.* at 2.) Loftus then listed six specific pieces of data that would be responsive to Interrogatory No. 15, noting that Defendants previously disclosed these same six pieces of data for one of their other websites using the Google Analytics program. (*Id.*; *see also* Doc. No. 281 at 5–9.) Despite their opponent's clear request, Defendants did not respond, let alone produce or show an attempt to produce the requested data.

Instead, Defendants now characterize the single screenshot image in Kachouroff's email as compliance with the August 1 Order. This characterization is false. The screenshot image itself is not data. Moreover, Loftus explained that she was unable to decipher what information was represented in the image. The Court is likewise unable to discern what is being represented in the image. In addition, after receiving the unsatisfactory image, Loftus detailed the six specific data points that would be responsive and that Defendants previously produced for other websites. Defendants conceded at the hearing that they own the website at issue, and as such, they have access to the data represented in the screenshot image but disclosed none. Thus, Defendants' production of the single screenshot cannot constitute compliance with the August 1 Order.

Smartmatic has shown by clear and convincing evidence that Defendants failed to produce the data requested in Interrogatory No. 15, which Defendants had unequivocally represented to the Magistrate Judge they would produce. In light of their failure, the Court finds Defendants in contempt.

## II.    SMARTMATIC'S REQUEST FOR PRODUCTION NO. 30

The October 19 Order granted Smartmatic's motion to compel production of documents responsive to RFP Nos. 30 and 32.  (Doc. No. 239 at 10–11.)  Smartmatic now argues that the Court should hold Defendants in contempt for failing to produce Lindell's personal tax returns for tax years 2022 and 2023 as well as the documents that underly them (documents responsive to RFP No. 30).[6]  (Doc. No. 379 at 11–12.)  Defendants concede that they have not turned over Lindell's 2022 and 2023 tax returns because they are still being worked on (Doc. No. 384 at 2) but claim to have "turned over to Plaintiffs over 5,000 pages of the documents underlying the tax returns and Defendants' finances generally."  (*Id.* at 2.)  Again, Defendants mischaracterize their conduct.

RFP No. 30 required Defendants to produce documents sufficient to show Lindell's financial condition from 2020 to present.  (Doc. No. 143-1 at 8.)  In support of this motion, Smartmatic attached an attorney declaration, which states that, as of September 23, 2024, Smartmatic had not received Lindell's personal tax returns for 2022 or 2023, or the documents underlying those tax returns.  (Doc. No. 380 ¶¶ 5, 6.)  At the hearing on this motion, Smartmatic's counsel represented to the Court that Smartmatic still had not

---

[6] Smartmatic does not argue that Defendants should be held in contempt for failing to comply with RFP No. 32.  (*See* Doc. No. 379.)  While the undisputed certified facts show that Defendants did not produce the documents responsive to RFP No. 32 until June 25, 2024—after the hearing on Smartmatic's motion for an order to show cause (Doc. No. 283)—the Court declines to find Defendants in contempt on this issue, absent an argument from Smartmatic and given the parties agreement that Defendants have now complied. (*See* Doc. Nos. 283, 309.)

received Lindell's 2022 and 2023 personal tax returns or the documents that underly them.[7] This record establishes by clear and convincing evidence that Defendants have not produced documents as ordered by the Magistrate Judge concerning RFP No. 30. Accordingly, the Court finds Defendants in contempt of that order for failing to produce documents sufficient to show Lindell's financial condition for years 2022 and 2023.

## III.    REQUEST FOR ATTORNEY'S FEES AND COSTS

Smartmatic seeks compensation for the fees it expended to enforce the August 1 Order and October 19 Order. (Doc. No. 379 at 18–19.) If an alleged contemnor is found to be in contempt, the Court may award attorney's fees and costs incurred in prosecuting the contempt motion to the moving party. *See Kehm v. Procter & Gamble Mfg. Co.*, 724 F.2d 630, 630–31 (8th Cir. 1984) (per curiam) (affirming award of attorney's fees for litigating successful contempt motion). The Court will award Smartmatic reasonable attorneys' fees and costs incurred in preparing this motion for contempt upon Smartmatic's submission of an accounting of those fees and costs.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.    Smartmatic's motion for contempt (Doc. No. 377) is GRANTED.

---

[7] At the hearing, Defendants' counsel stated that documents underlying Lindell's 2022 and 2023 personal tax returns were included in their production of a tranche of over 5,000 pages of documents. During the hearing, the Court took a recess to provide counsel with an opportunity to identify by Bates number any documents included in that production that would be responsive to RFP No. 30. Counsel was not able to identify any in the time provided and has not since.

2.      By **March 27, 2025**, Defendants shall provide the following six data points for michaeljlindell.com for the period of February 1, 2021 through August 31, 2021: (1) tracked pageview; (2) unique pageviews; (3) average time on page; (4) entrances; (5) bounce rate; and (6) exit percent.  If such data points are not retrievable, Defendants must submit an affidavit made by someone with adequate foundation to explain what efforts were undertaken to retrieve the data points and why the data points were ultimately not retrievable.

3.      By **March 13, 2025**, Defendants shall provide any documents that were given to those who are assisting in preparing Lindell's 2022 and 2023 tax returns.

4.      Defendants shall provide Lindell's 2022 and 2023 tax returns upon completion.  If Defendants have not produced the 2022 and 2023 tax returns by **April 3, 2025**, Defendants shall file an affidavit by Lindell on **April 3, 2025**, explaining why either or both returns have not yet been completed and providing an estimated date by which the returns will be completed.

5.      If Defendants do not comply, Smartmatic is invited to bring another motion for an order to show cause or to seek further relief.

6.      Smartmatic shall submit an accounting of the reasonable expenses it incurred in prosecuting this motion, and the Court will issue a decision based on those submissions.

Dated:  March 6, 2025                              /s/ *Jeffrey M. Bryan*
                                                  Judge Jeffrey M. Bryan
                                                  United States District Court

16