IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129-WJM

ERIC COOMER, Ph.D.,
    Plaintiff

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC,
AND MY PILLOW, INC.,
    Defendants

**PLAINTIFF'S UNOPPOSED MOTION FOR SUBSTITUTED SERVICE OF SUBPOENA TO APPEAR AND TESTIFY AT A HEARING OR TRIAL IN A CIVIL ACTION DIRECTED AT JOSEPH OLTMANN**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Plaintiff Eric Coomer, Ph.D., through counsel, files this Unopposed Motion for Substituted Service of Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action directed at Joseph Oltmann, stating in support thereof as follows:

**CERTIFICATE OF CONFERRAL**

On March 19, 2025, the undersigned contacted counsel for Defendants wherein he described Plaintiff's efforts to serve Non-Party Witness Joseph Oltmann (Oltmann) with a subpoena to appear at trial set for June 2, 2025. Previously, counsel for Defendants indicated that they intended to call Oltmann as at witness at trial of this matter as well. During a conferral call on March 20, Defendants' counsel stated they are unopposed to Plaintiff's request for substituted service.

1

Additionally, on March 19, 2025, the undersigned counsel contacted Mark Sares who has appeared as counsel for Oltmann in a related matter bearing Civil Action No. 1:21-cv-03440-WJM-KAS, styled *Coomer v. Make Your Life Epic LLC et al.* pending before the Hon. William Martinez in this district and inquired if he would accept service on behalf of Oltmann. Mr. Sares indicated he was not authorized to accept service of the trial subpoena on behalf of Oltmann.

Additionally, on March 19, 2025, the undersigned counsel contacted Randy Corporon who has appeared as counsel for Oltmann in a related matter bearing Case No. 24-1390, styled *Coomer v. Make Your Life Epic LLC et al.* pending before the United States Court of Appeals for the Tenth Circuit, and inquired if he would accept service on behalf of Oltmann. Plaintiff's counsel requested a response no later than noon MT on March 21. As of the time of filing this Motion, Mr. Corporon did not respond to the inquiry.

## I. BACKGROUND

1. On October 4, 2022, this Court granted Plaintiff's request for substituted service on Oltmann for a deposition subpoena. (Doc. 63). In that instance, the Court ordered service on Oltmann's prior counsel, Andrea Hall. This service afforded Oltmann sufficient due process and he, in fact, was present at his subsequent deposition.

2. Plaintiff's latest attempt to serve Oltmann began on February 25, 2025, when Plaintiff issued a Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action to Non-Party Witness Joseph Oltmann.[1] Since the issuance of this trial subpoena,

---

[1] *See* **Exhibit 1**.

Plaintiff has not been successful in his efforts to obtain personal service through the Douglas County Sherriff's Office (DCSO).

3. Specifically, according to their records, the DCSO made four separate attempts to serve Oltmann at his residence in Douglas County between March 3 and March 13, 2025.[2] The residence is located at 8245 Keith Court, Castle Rock, Colorado 80108. According to Douglas County assessor records, this home is owned by Joseph T. Oltmann and Erica A Oltmann.[3] During these efforts a card was left on the door with a request to contact the sheriff's office. Oltmann never did.

4. In addition, Plaintiff's own process server made a separate attempt to serve Oltmann at the Keith Court address on March 12, 2025. Upon arrival, he observed three vehicles parked in the residence driveway. Upon arriving at the front door, the previously left DCSO business card was still affixed to the front door. Several dogs could be heard barking in the residence, but the front door was not answered. It should be noted that there is a private road that leads to the Oltmann residence with no trespassing signs affixed on several trees and along the driveway to the home.

5. Oltmann is currently represented by Randy Corporon in a matter styled *Coomer v. Make Your Life Epic LLC dba Thrivetime Show, et al. v. Oltmann,* (Oltmann Appeal). Mr. Corporon is an attorney who offices in Greenwood Village, Colorado.

6. The Oltmann Appeal was filed after Oltmann was held in contempt of court by Judge Martinez. The contempt order relates to Oltmann's refusal to answer

---

[2] *See* **Exhibit 2**.
[3] *See* **Exhibit 3**.

court-ordered questions that are also material to this case and Oltmann's decision to instead flee the courthouse during the middle of his deposition.

7.      Mr. Corporon last filed a pleading in the Oltmann Appeal, styled "Nonparty-Appellant's Unopposed Motion for Leave to File Amended Reply Brief *Nunc Pro Tunc*," on March 18, 2025—three days ago.[4]  Mr. Corporon has been non-responsive to inquiries about the present Motion.  This conduct is unusual as Mr. Corporon has been very responsive during the entirety of the Oltmann Appeal.

8.      Mr. Corporon has not withdrawn from the representation as of the filing of this Motion.

9.      When convenient, Oltmann claims he is a resident of the State of Texas. However, Oltmann has owned his home at the Keith Court address since 2015.[5]  He also owns or controls several Colorado-based businesses.

## II.   MOTION

10.     This Motion requests the Court's authorization for substituted service to assist in Plaintiff's efforts to obtain service of the trial subpoena on Oltmann, who is an essential Non-Party Witness.

11.     As outlined in the attached declarations, service by the DCSO as well Plaintiff's private process server have been futile.

12.     Accordingly, Plaintiff requests substituted service of the trial subpoena in two ways in order to insure appropriate due process concerns are addressed.  First,

---

[4] *See* **Exhibit 4**.

[5] *See* **Exhibit 3**.

4

Plaintiff requests the Court approve service of the subpoena on Oltmann's current personal counsel, Randy Corporon.  Second, Plaintiff also requests the Court approve service of the trial subpoena by affixing a copy of same on the front door of his residence located at 8245 Keith Court, or, alternatively, if the door is answered, by leaving a copy with someone of suitable age and discretion who resides there.  *See* FED. R. CIV. P. 4(e)(2)(B).

### III. LEGAL STANDARD

13. Under Rule 45 of the Federal Rules of Civil Procedure, "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." FED. R. CIV. P. 45(b)(1).  Rule 45 does not use the language of "personal service," nor does it specify the means by which a party can "deliver" a copy to the named person. *Id.*  Neither the Federal Rules of Civil Procedure nor the United States Court of Appeals for the Tenth Circuit squarely address the question of what constitutes service by "delivering a copy to the named person" under Rule 45.  Courts in this District, including this Court, have found that service must be made in a manner which reasonably ensures actual receipt of the subpoena, and have not limited such delivery to personal hand-to-hand service.  *See E.A. Renfroe & Co. v. Moran*, No. 08-CV-00732-RPM-KMT, 2008 WL 1815535 at *5 (D. Colo. Apr. 18, 2008); *see also Collins v. Trans Union, LLC*, No. 14-CV-00742-RBJ-NYW, 2015 WL 1932044, at *3 (D. Colo. Apr. 28, 2015).  Courts outside this District have made the same finding.  *See, e.g., Fujikura v. Finisar Corp.*, No. 15-mc-80110-HRL (JSC), 2015 WL 5782351, at *5 (N.D.Cal. Oct. 5, 2015) (noting a "growing . . .

5

trend among courts to allow substitute service of a Rule 45 subpoena . . . so long as the method of service is reasonably calculated to provide timely, fair notice and an opportunity to object or file a motion to quash"); *see also Toni Brattin & Co. v. Mosaic Int'l, LLC*, No. 15-mc-80090-MEJ, 2015 WL 1844056, at *4 (N.D. Cal. Apr. 9, 2015).[6] While certain out-of-Circuit federal courts have found that personal service is necessary to effect service of a subpoena, *see e.g., Klockner Namasco Holdings Corp. v. Daily Access. Com, Inc.*, 211 F.R.D. 685, 687 (N.D. Ga. 2002); *Weiss v. Allstate Ins. Co.*, 512 F. Supp. 2d 463 (E.D. La. 2007), this Court has found that the weight of authority across the country leans in favor of interpreting Rule 45 as to not require personal hand-to-hand service, and to permit service of a subpoena through other means.

14. Under Rules 26 and 45, as well as under Rule 1, of the Federal Rules of Civil Procedure, this Court has followed the weight of authority and found that the appropriate inquiry is whether the contemplated means—beyond personal hand-to-hand delivery—is reasonably calculated to provide Oltmann with "timely, fair notice" of the subpoena. *See Fujikura*, 2015 WL 5782351, at *3. Applying this standard, the Court has previously concluded the substituted service directed at Oltmann's counsel was appropriate based on the particular circumstances of this case (with respect to Oltmann's deposition

---

[6] Other courts have addressed this topic as well, and have likewise found that Rule 45 is not limited to personal service. *Western Resources, Inc. v. Union Pacific R. Co.*, No. 00-2043, 2002 WL 1822432, *2 (D. Kan. July 23, 2002); *Cordius Trust v. Kummerfeld*, No. 99 CIV. 3200, 2000 WL 10268, *2 (S.D.N.Y. Jan. 3, 2000); *Codrington v. Anheuser-Busch, Inc.*, No. 98-2417-CIV-T-26F, 1999 WL 1043861, *1 (M.D. Fla. Oct.15, 1999); *King v. Crown Plastering Corp.*, 170 F.R.D. 355, 356 (E.D.N.Y. 1997); *First Nationwide Bank v. Shur*, 184 B.R. 640, 642 (E.D.N.Y. 1995); *Doe v. Hersemann*, 155 F.R.D. 630, 630-31 (N.D. Ind.1994); *see also Catskill Development, L.L.C. v. Park Place Entertainment Corp.*, 206 F.R.D. 78, 84 (S.D.N.Y. 2002).

6

subpoena) even when Oltmann's prior counsel claimed that she was no longer Oltmann's attorney. (Doc. 63)

15. The Tenth Circuit has consistently held that "[s]trong policies favor resolution of disputes on their merits." *Davis v. Kaiser*, 12 F. App'x 902, 904 (2001); *see also M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872 (10th Cir. 1987); *United States v. Bauer*, No. 18-cv-00034-PAB-NRN, 2019 WL 4751792, at *3 (D. Colo. Sept. 30, 2019) (denying motion to substitute service where the plaintiff failed to identify a substitute, but noting the strong policy in favor of resolving disputes on their merits). Permitting substituted service on Oltmann now will allow the Court to address any specific, substantive objections to the subpoena prior to trial, and will allow for a more efficient presentation of evidence during trial. FED. R. CIV. P. 1 (directing courts that the Federal Rules of Civil Procedure should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding). As the Court is likely aware, Oltmann has contested every attempt for him to provide complete testimony in this matter. The sooner he is served, the better equipped the Court will be to address Oltmann's evasiveness prior to trial.

16. Additionally, Oltmann may still be served in person, as is contemplated by the Federal Rules of Civil Procedure and as requested herein. *See* FED. R. CIV. P. 45(b).

## IV.   ARGUMENT

### A.   *Substituted Service on Oltmann's Counsel of Record is Appropriate.*

17. Plaintiff has satisfied all of the requirements to allow for substituted service of the trial subpoena on Oltmann's current counsel, Randy Corporon. As indicated by

declaration provided by Plaintiff's private process server and civil process affidavit from the DCSO, Plaintiff has exercised due diligence through multiple efforts to obtain personal service on Oltmann, as well as through communications to his current counsel (Mr. Sares and Mr. Corporon) requesting a waiver.[7] Oltmann is keenly aware that Plaintiff is attempting to serve him with a trial subpoena, and Mr. Humphries' declaration and the DCSO's return of service indicates Oltmann is refusing to contact the process server and deliberately eluding service.[8] In addition, Oltmann has a well-documented history of refusing to provide testimony about his claims, as well as knowingly misleading the Court and counsel for Plaintiff in his efforts to avoid being questioned under oath. All of these facts suggest that further attempts to personally serve Oltmann will be futile, or at a minimum will force Plaintiff to incur undue expense and delay.

18.    Substituted service on Oltmann's counsel of record in the Oltmann Appeal would quickly and easily resolve the issue. Pursuant to C.R.C.P. 4(f), service on Randy Corporon is "appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effected." There is no dispute that Oltmann is and remains represented by Randy Corporon in the Oltmann Appeal. Mr. Corporon regularly responds to emails from undersigned counsel on behalf of is client. The most recent email received from Mr. Corporon was on March 17, 2025, and is attached.[9] Mr. Corporon's signature block provides his business address in Greenwood Village, his email address, and both his office and cell phone.

---

[7] *See* **Exhibits 1, 2, and 4**.

[8] *See* **Exhibits 1 and 2**.

[9] *See* **Exhibit 5**.

19. In Colorado, "generally service of process on an attorney of record is improper unless the attorney has been specifically authorized by his client to accept service. *See Colony Ins. Co. v. Bristlecone Montessori Sch.*, No. 20-cv-01269 CMA-STV, 2021 WL 50893, at *2 (D. Colo. Jan. 5, 2021) (quoting *State Farm Fire & Cas. Co. v. Webb*, No. 18-cv-02722-WYD-NRN, 2019 WL 1296632, at *2 (D. Colo. Mar. 21, 2019). However, courts in this District have also held that Colorado law allows a plaintiff to serve a defendant's attorney if the attorney is currently representing or has recently represented the defendant. *Two Rivers*, 2019 WL 5535227, at *3 (finding that counsel, who had represented the defendants in "a contemporaneous arbitration proceeding relating to the same matters at issue in [the] case" had "a professional obligation to provide actual notice to Defendants of this substituted service"); *see also JDK LLC v. Hodge*, No. 15-cv-00494-NYW, 2015 WL 2455504, at *2 (D. Colo. May 22, 2015) (finding that an attorney who had represented the defendants in negotiations related to the lawsuit was an appropriate person to serve under the circumstances, despite the fact that the attorney did not then represent the defendants). Courts similarly have approved substituted service on an attorney where the attorney to be served is then representing the defendant in a different, but related, case. *See Webb*, 2019 WL 1296632, at *3.

20. Mr. Corporon is in regular contact with Oltmann due to the ongoing activity in the Oltmann Appeal. Rule 1.4 of the Colorado Rules of Professional Conduct requires that a lawyer "promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(e), is required by these Rules;" "reasonably consult with the client about the means by which the client's objectives are to

9

be accomplished;" and "keep the client reasonably informed about the status of the matter." Colo. R. Prof'l. Cond. 1.4. Mr. Corporon is presumably following these Rules in his current representation of Oltmann.

21. For all of these reasons, substituted service of process on Mr. Corporon would be reasonably calculated to provide actual notice of the trial subpoena at issue, and its corresponding obligations, to Oltmann. Plaintiff proposes serving Mr. Corporon both via email and via certified mail to his place of business.

### B. *Service at Oltmann's Residence.*

22. In addition, Plaintiff moves for substituted service by means of authorizing the DCSO or Plaintiff's private process server to leave copies of the subpoena on the door at Oltmann's residence. This request is made as a "belts and suspenders" approach given the importance of Oltmann's testimony in this case.

23. Oltmann resides 8245 Keith Court, Castle Rock, Colorado 80108. Upon information and belief, at least one adult family member currently resides at the same residence as evidenced by the vehicles parked at the home and the dogs living inside. Affixing a copy of the trial subpoena to the door of the residence or leaving a copy with a qualified person if the door is answered would be appropriate under the circumstances and reasonably calculated to give Oltmann notice of the subpoena.

### V. CONCLUSION

24. For all of the reasons stated herein, Plaintiff Eric Coomer, Ph.D. requests the Court grant this Motion for Substituted Service of Subpoena Duces Tecum Directed at Joseph Oltmann, and allow him to serve the subpoena on Oltmann's counsel of record

10

in the Oltmann Appeal, Randy Corporon, through email and certified mail to his office, and to affix a copy of the subpoena to the front door of Oltmann's residence or by leaving the subpoena with a qualified person should the door be answered during the visit.

Respectfully submitted this 21st day of March 2025.

          */s/ Charles J. Cain*
Charles J. Cain, No. 51020
ccain@cstrial.com
Bradley A. Kloewer, No. 50565
bkloewer@cstrial.com
**CAIN & SKARNULIS PLLC**
P. O. Box 1064
Salida, Colorado 81201
719-530-3011/512-477-5011 (Fax)

Ashley N. Morgan
amorgan@cstrial.com
**CAIN & SKARNULIS PLLC**
303 Colorado Street, Suite 2850
Austin, Texas 78701
512-477-5000/512-477-5011 (Fax)

Thomas J. Rogers III, No. 28809
trey@rklawpc.com
Mark Grueskin, No. 14621
mark@rklawpc.com
David M. Beller, No. 35767
david@rklawpc.com
**RECHTKORNFELD PC**
1600 Stout Street, Suite 1400
Denver, Colorado 80202
303-573-1900
**ATTORNEYS FOR PLAINTIFF**