IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129-NYW-~~SKC~~SBP

ERIC COOMER, Ph.D.,
    Plaintiff

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC,
AND MY PILLOW, INC.,
    Defendants

---

**FINAL PRETRIAL ORDER**

---

### 1. DATE AND APPEARANCES

Plaintiff Eric Coomer, Ph.D. (Dr. Coomer) appear through his counsel Charles J. Cain, Bradley A. Kloewer, and Ashley N. Morgan.

Defendants Michael J. Lindell, My Pillow, Inc., and Frankspeech LLC (collectively, Defendants) appear through their counsel Christopher I. Kachouroff and Jennifer T. DeMaster.

The Parties appeared before the Court on April 21, 2025 at 1:30 p.m.

### 2. JURISDICTION

The parties agree that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff, who is domiciled in Colorado, and Defendants, who are domiciled in Minnesota, and the amount in controversy exceeds $75,000. The parties agree that this Court has personal

1

jurisdiction over Defendants pursuant to C.R.S. § 13-1-124. FED. R. CIV. P. 4(k). The parties agree that venue is proper in this Court pursuant to 28 U.S.C. §1391.

### 3. CLAIMS AND DEFENSES

**Plaintiff's claims:** Plaintiff contends that the Defendants, Mike Lindell (Lindell), My Pillow, Inc. (My Pillow), and Lindell's online media platform, Frankspeech LLC (Frankspeech), defamed Dr. Coomer by either directly publishing defamatory statements, participating in the publication of the defamatory statements, or through their publication of defamatory statements made by third parties. The direct statements include assertions by Lindell that Dr. Coomer should be jailed for treason as a result of his role in rigging the 2020 election in favor of former President Biden. Defendants also gave a platform to and participated in the publication of the false story told by Joe Oltmann (Oltmann) that Dr. Coomer confessed to rigging the 2020 election during an "antifa" call and did in fact do so through his role at Dominion Voting Systems and the technology he patented, including an election function known as adjudication. The evidence adduced at trial will support claims for defamation, intentional infliction of emotional distress/extreme and outrageous conduct, punitive damages, and civil conspiracy among the Defendants.

Defendants are purveyors of various false election fraud theories which have seriously damaged American democracy and subjected election workers to widespread harassment. These theories, including the claims about Dr. Coomer, were highlighted during Mike Lindell's Cyber Symposium on August 10-12, 2021. There, the Defendants invited governors, US Senators, US House Representatives, state representatives, cyber experts, media, and other guests to hear speakers address various election conspiracy

claims and to see proof of those claims. Lindell even offered a $5 million reward to anyone who could disprove that the election-rigging data he had acquired, called packet captures or PCAPs for short, was not from the 2020 election. The data was, of course, bogus and Lindell ended up being ordered to pay the $5 million to one of the symposium attendees.

The narrative of election fraud at the Cyber Symposium provided context for the claims of election-rigging made about Dr. Coomer while Joe Oltmann and others were on stage. They repeated the false claims about Dr. Coomer while on stage and personified him as the face of the insider who had access to and manipulated the election levers during the 2020 presidential election.

The event was promoted by Defendants and each Defendant sought to profit from it in various ways. The event was live streamed to over 2.5 million viewers on Frankspeech, an entity controlled by Lindell, and has been viewed many other times since the live stream. The Cyber Symposium served as the first major event published by Frankspeech, which had been hemorrhaging money until it published the event in August 2021. Lindell also promoted both Frankspeech and My Pillow during the event and provided a corresponding promo code for use to purchase My Pillow's products. My Pillow employees were involved in event logistics and Lindell's attorney, Kurt Olsen, was charged with coordinating event speakers. For their part, Lindell and Oltmann began a series of business deals together, including promotion of My Pillow products on Oltmann's podcast, Conservative Daily, and through a multi-million dollar contract for Oltmann to perform services for FrankSpeech's online platform.

3

Dr. Coomer contends that the record is replete with evidence of *all* of the judicially recognized indices of actual malice with respect to these publications.  Defendants each had a financial and political motive to publish the defamatory statements.  None of the Defendants performed any investigation about Oltmann's claims before publishing them.  The claims themselves are inherently improbable, as will be established through expert and fact witness testimony, and clearly fabricated.  There is abundant evidence that Defendants had reason to know that Oltmann was an unreliable source, including the fact that he refused to disclose his own key anonymous sources and evidence.  Indeed, some of the evidence that Oltmann did disclose was itself fabricated.  Oltmann, who was known to record his conversations, inexplicably failed to record (if his testimony is to be believed) the operative "antifa" call.  In sum, the Defendants, like the candidate they supported for president, promoted a preconceived narrative that the 2020 election was stolen.  This evidence, and other evidence presented at trial, establishes that Defendants either in fact entertained serious doubts as to the truth of the defamatory statements about Dr. Coomer, or that the statements were made with reckless disregard for the truth.

Dr. Coomer's career and life have been destroyed.  At trial, he will discuss the harm the Defendants' have caused him and the abuse he has sustained.  Before these claims were made about him, Dr. Coomer was not a public figure.  He was a respected private employee of Dominion Voting Systems.  He now lives an anonymous life.  But the threats have spiked yet again following the election of Defendants' preferred candidate with many renewed public calls for his arrest and incarceration (or worse).  Dr. Coomer will seek both his economic loss in the form of lost income and reputational repair costs,

4

as well as his non-economic loss based on Defendants' conduct in damaging his reputation and inflicting severe emotional distress on him. He will also seek exemplary damages due to the intentional and malicious conduct of the Defendants.

Dr. Coomer understands the Defendants may seek to assert various affirmative defenses at trial. However, the only jury issue relating to an affirmative defense provided by the Court's March 7 deadline was the defense of "fault of designated nonparty." This defense has already been rejected by the Court. (Doc. 261).

**Defendants' position:** Plaintiff Eric Coomer filed a lawsuit against Defendants Michael J. Lindell, Frankspeech LLC, and MyPillow, Inc., alleging three claims against all Defendants: defamation, intentional infliction of emotional distress, and civil conspiracy. Plaintiff claims that statements made by the Defendants regarding his alleged involvement in election fraud or injury to the United States were false and have caused him injuries including loss of his job and opportunities in elections services as well as reputational and emotional harm.

Plaintiff argues that the Defendants falsely accused him of tampering with the 2020 presidential election, labeling him a "traitor" and a criminal and a narrative that he was involved with election tampering. He contends that these statements—publicized through media platforms such as Frankspeech and social media—damaged his professional standing, harmed his reputation, and led to threats against his safety.

Plaintiff asserts that these alleged statements published by Defendants constituted extreme and outrageous conduct and caused him severe emotional distress. Plaintiff also contends that the Defendants acted in concert to defame him and harm his

5

reputation. He alleges that they knowingly spread false claims about his involvement in election rigging to advance a broader agenda and amplify their message.

The Defendants broadly deny all allegations, asserting that they did not defame Dr. Coomer, cause him emotional distress, or conspire against him. All claims in this case are based on the same statements. Every statement at issue in this case involves a matter of public concern, which requires that Plaintiff prove actual malice for all statements at issue. Defendants maintain their statements are protected under the First Amendment, citing *New York Times v. Sullivan*, which requires the Plaintiff to prove actual malice.

~~Lindell and Frankspeech assert that their statements were expressions of opinion rather than factual claims.~~ Frankspeech invokes immunity under Section 230 of the Communications Decency Act, claiming it is not liable for third-party content.

Defendants argue there was no actual malice, insisting they did not knowingly publish false information or act with reckless disregard for the truth. They also challenge causation and damages, asserting that any reputational harm or emotional distress Dr. Coomer experienced resulted from unrelated factors. They claim he did not lose job opportunities due to their statements and that he failed to mitigate his damages.

Defendants also invoke contributory negligence and unclean hands, asserting that Coomer's own conduct contributed to any harm he suffered. Additionally, they argue that prior settlements with other parties may bar Dr. Coomer's claims and that any damages should be offset by statements or actions from third parties.

6

Even if the statements were deemed factual and defamatory, or otherwise not protected under the First Amendment, Defendants maintain they were substantially true. They also argue that even if liability were established, Dr. Coomer must show actual malice by any third parties responsible for his alleged injuries. Finally, Defendants assert that Coomer's claims of injury are exaggerated or unrelated to their actions, and that, at most, he would be entitled only to nominal damages. The Defendants contend that any injuries Plaintiff suffered are attributable to the conduct of other nonparties—not Defendants.

4. STIPULATIONS

The parties stipulate to the following:

**~~Defendants' proposed stipulated applicability of statutes, laws, evidence, and facts~~:**

~~1. The parties stipulate to the authenticity of the following Exhibits:~~

~~The Parties stipulate to the admissibility of all exhibits listed on the Joint Exhibit List unless an objection is noted thereon.~~

5. PENDING MOTIONS

The following motions remain pending before the Court:

| Docket No. | Date | Title |
|---|---|---|
| ~~N/A~~ [**302**]; granted [**306**] | N/A | Forthcoming Motion for Substituted Service of Trial Subpoena on Joe Oltmann |
| [279] | February 10, 2025 | Plaintiff's Motion in Limine |

6. WITNESSES

Plaintiff and Defendants attach their Witness Lists and provide the following:

7

a. List the **nonexpert witnesses** to be called by each party. List separately:

(1) witnesses **who will be present** at trial (see FED. R. CIV. P. 26(a)(3)(A));

**PLAINTIFF'S RESPONSE**

| Witness Name and Contact Info | Testimony | Estimated Dates and Length of Testimony |
|---|---|---|
| Eric Coomer, Ph.D.<br>c/o Cain & Skarnulis PLLC<br>P. O. Box 1064<br>Salida, Colorado 81201<br>719-530-3011 | Dr. Coomer will testify both based as his experience as an election security expert and a fact witness. He will testify about the falsity of claims made against him, their inherent improbability, and the impact they have had on him. | 6 hrs. 30 min. |
| Beedle, Heidi<br>[Address intentionally withheld] | Ms. Beedle is a journalist who is alleged to have been on the "Antifa" call. She will testify about that topic, her knowledge of Joe Oltmann, and her coverage and experience with activist groups. | 1 hr. |
| Lindell, Mike<br>c/o McSweeny, Cynkar & Kachouroff PLLC<br>13649 Office Place, Ste. 101<br>Woodbridge, VA 22191<br>703-621-3300<br>c/o Jennifer T. DeMaster<br>361 Falls Road, Suite 610<br>Grafton, WI 53024<br>414-235-7488 | Mr. Lindell is expected to deny all allegations against him and claim that Dr. Coomer and his lawyers are criminals. | 4 hrs. |
| Oltmann, Joe<br>8245 Keith Court<br>Castle Rock, CO 80108 | Mr. Oltmann is the original source of the false conspiracy theories about Dr. Coomer and DVS. He is expected to testify about some of the basis | 3 hrs. |

| Witness Name and Contact Info | Testimony | Estimated Dates and Length of Testimony |
|---|---|---|
|  | for these claims, but is currently in contempt of Court (Judge Martinez) for his refusal to reveal key "evidence." |  |
| Crane, Matt<br>[Address intentionally withheld] | Mr. Crane is the ED of the CO. Cty. Clerks Assoc.  He will testify about Colorado election integrity issues, his experiences with Dr. Coomer and DVS, and the impact that false election fraud claims have on election workers, including Dr. Coomer. | 1 hr. |

**DEFENDANTS' RESPONSE**

| Witness Name and Contact Info | Testimony | Estimated Dates and Length of Testimony |
|---|---|---|
| Brannon Howse | Information regarding the Defendants' knowledge and intent | 2 hr. |
| Eric Coomer<br>[Contact info provided] | Plaintiff in this case testify about allegations and damages | 3 hr. |
| Michael J. Lindell<br>[Contact info provided] | Defendant (and corporation representative for My Pillow and Frank Speech) in this case – testify about his defenses | 5 hr. |
| Joseph Oltmann<br>[Contact info provided] | Information known and provided to the parties or public (Defendant) | 3 hr. |
| Dennis Montgomery | Information known about computer vulnerabilities and voting machines | 5 hr. |

| Witness Name and Contact Info | Testimony | Estimated Dates and Length of Testimony |
|---|---|---|
| [Contact info previously provided] | | |
| Max McGuire<br>[Contact info previously provided] | Information regarding the Defendants' knowledge and intent | 2 hr. |
| Kurt Olsen<br>[Contact info previously provided] | Information regarding the Defendants' knowledge and intent | 1 hr. |

(2) witnesses who *may be present* at trial if the need arises (*see* Fed. R. Civ. P. 26(a)(3)(A)); and

**PLAINTIFF'S RESPONSE**

| Witness Name and Contact Info | Testimony | Estimated Dates and Length of Testimony |
|---|---|---|
| Williams, Wayne | Mr. Williams is a former CO Secretary of State and may testify about his knowledge of Dr. Coomer's reputation as an election security worker. | 30 min. |
| Noell, Sheree<br>c/o Stephen Shackelford<br>Susman Godfrey L.L.P.<br>One Manhattan West<br>New York, New York 10001<br>212-729-2012<br>Sshackleford@susmangodfrey.com | Ms. Noell is an employee of DVS and may testify about her knowledge of Dr. Coomer's value to that company. | 30 min. |
| Stimson, Kay<br>c/o Stephen Shackelford<br>Susman Godfrey L.L.P.<br>One Manhattan West<br>New York, New York 10001 | Ms. Stimson is an employee of DVS and may testify about her knowledge of Dr. Coomer's value to that company. | 30 min. |

| Witness Name and Contact Info | Testimony | Estimated Dates and Length of Testimony |
|---|---|---|
| 212-729-2012 Sshackleford@susmangodfrey.com | | |

**DEFENDANTS' RESPONSE**

| Witness Name and Contact Info | Testimony | Estimated Dates and Length of Testimony |
|---|---|---|
| Tina Peters | Information regarding the Defendants' knowledge and intent | 1 hr. |

(3) witnesses where testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.  See Fed. R. Civ. P. 26(a)(3)(B).

**PLAINTIFF'S RESPONSE**

| Witness Name and Contact Info | Testimony | Estimated Dates and Length of Testimony |
|---|---|---|
| Howse, Brannon (video) | Mr. Howse is a former host on Frankspeech.  He will testify regarding the lack of investigation concerning claims made about Dr. Coomer on that platform. | 55 min. |
| Merritt, Josh (video) | Mr. Merritt (aka "Spyder") served on Lindell's "Red Team" during Lindell's Cyber Symposium and will testify about his observations of the event and the false data presented. | 1 hr. 10 min. |

11

| Witness Name and Contact Info | Testimony | Estimated Dates and Length of Testimony |
|---|---|---|
| Montgomery, Dennis (video) | Mr. Montgomery is the source of false election data presented at the Cyber Symposium. His claims are part of the debunked Hammer/Scorecard election fraud allegation disseminated by Lindell and imputed to Dr. Coomer and DVS. | 40 min. |
| Olsen, Kurt (video) | Mr. Olsen is an attorney for Donald Trump and Lindell. He is expected to testify about the coordination of speakers, including Joe Oltmann, at Lindell's Cyber Symposium. | 1 hr. 25 min. |
| Ruddy, Chris (video) | Mr. Ruddy is the CEO of Newsmax. He is expected to testify that Lindell's claim that Dr. Coomer's settlement with Newsmax contained a term that prevented Lindell from appearing on that network is false. Lindell has stated this as a basis for his defamatory statements about Dr. Coomer. | 32 min. |
| Finkell, Jared (transcript) | Dr. Finkell is a therapist who provided counseling to Dr. Coomer and prescribed related medications. He is expected to testify that Dr. Coomer suffered non-economic damages arising from the claims at issue in this dispute. | 30 min. |

| Witness Name and Contact Info | Testimony | Estimated Dates and Length of Testimony |
|---|---|---|
| Hursti, Harri (video) | Mr. Hursti attended Lindell's Cyber Symposium on behalf of CNN and will testify that the election fraud claims made there constituted false disinformation and were harmful to US election security and election workers such as Dr. Coomer. | 2 hrs. |
| McGuire, Max (video) | Mr. McGuire is Joe Oltmann's former co-host and will testify regarding their production of the relevant podcasts about Dr. Coomer and his belief that the claims about Dr. Coomer are unsupported. | 1 hr. 50 min. |
| Peters, Tina (video) | Ms. Peters is the former County Clerk of Mesa County. She is a close ally of Mr. Lindell and is expected to testify about her role in publicly disseminating highly sensitive election data during Lindell's Cyber Symposium. | 1 hr. 20 min. |
| Klopman, Susan (video) | Ms. Klopman is a representative of DVS. She will testify about Dr. Coomer's work history at Dominion and his import to the company. | 30 min. |

**DEFENDANTS' RESPONSE**

| Witness Name and Contact Info | Testimony | Estimated Dates and Length of Testimony |
|---|---|---|
| Kurt Olsen | Information regarding the Defendants' knowledge and intent. | 1 hr. |

13

| Witness Name and Contact Info | Testimony | Estimated Dates and Length of Testimony |
|---|---|---|
| Brannon Howse | Information regarding the Defendants' knowledge and intent. | 1 hr. |

b.  List the **expert witnesses** to be called by each party.  List separately:

(1)  witnesses *who will be present* at trial (*see* FED. R. CIV. P. 26(a)(3)(A));

**PLAINTIFF'S RESPONSE**

| Witness Name and Contact Info | Testimony | Estimated Dates and Length of Testimony |
|---|---|---|
| Halderman, J. Alex | Mr. Halderman is an election security expert who will testify about the inherent implausibility of Lindell's claims. | 2.5 hrs. |
| Bania, Doug | Mr. Bania is a reputational harm and damages expert who will testify as to the economic cost to repair Dr. Coomer's reputation. | 2 hrs. |
| Fuller, David | Mr. Fuller is an economic damages expert who will testify about Dr. Coomer's lost income. | 1.5 hrs. |
| Peter Kent | Defense expert | 30 min. |

**DEFENDANTS' RESPONSE**

| Witness Name and Contact Info | Testimony | Estimated Dates and Length of Testimony |
|---|---|---|
| Peter Kent | Expert Testimony | 2 hr. |

(2)  witnesses *who may be present* at trial if the need arises (*see* FED. R. CIV. P. 26(a)(3)(A)); and

14

**PLAINTIFF'S RESPONSE**

| Witness Name and Contact Info | Testimony | Estimated Dates and Length of Testimony |
|---|---|---|
| Jerry Bremmer | Defense expert | 30 min. |

**DEFENDANTS' RESPONSE**

| Witness Name and Contact Info | Testimony | Estimated Dates and Length of Testimony |
|---|---|---|
| Jerry Bremmer | Expert testimony | 1 hr. |

(3) witnesses where testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony. *See* FED. R. CIV. P. 26(a)(3)(B).

**PLAINTIFF'S RESPONSE**

| Witness Name and Contact Info | Testimony | Estimated Dates and Length of Testimony |
|---|---|---|
| N/A | | |

**DEFENDANTS' RESPONSE**

| Witness Name and Contact Info | Testimony | Estimated Dates and Length of Testimony |
|---|---|---|
| N/A | | |

Defendants: Impeachment material not disclosed at this time.

## 7.    EXHIBITS

a.  List of exhibits to be offered by each party with identification of those to be stipulated into evidence are as follows:  **See attached Joint Exhibit List**.

b.  Copies of listed exhibits must be provided to opposing counsel and any pro se party no later than 30 days before trial.  The objections contemplated by Federal Rule of Civil Procedure 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days after the exhibits are provided.

### 8. DISCOVERY

Discovery has been completed.

### 9. SPECIAL ISSUES

**Plaintiff's Response:  Defendants' Liability for Publications.**  Plaintiff believes the Court will need to determine the sufficiency of proof necessary to hold each of the Defendants liable for publishing the relevant defamatory statements.  This issue is sufficiently unique to warrant further examination and Plaintiff requests leave to brief the Court more fully on the issue.  Specifically, it is Plaintiff's understanding that Defendants My Pillow, Inc. and Frankspeech LLC contend that they may only be vicariously liable for the publication of defamatory statements through the traditional application of respondeat superior.  For example, was Mike Lindell acting in the course and scope of his employment as CEO of My Pillow when he made the defamatory statement?  Plaintiff contends that, in addition to respondeat superior, liability may directly attach to any person who has been involved in or takes part in the publication.  This was the standard adopted by District Judge Barber in *Coomer v. Byrne, et. al.*, after performing an extensive

survey of various states' laws, including Colorado law.[1] This direct liability is distinct from vicarious liability arising from a civil conspiracy or respondeat superior finding.

**Defendants' Response:** Plaintiff misunderstands the standard that District Judge Barber applied in *Coomer v. Byrne et. al*. There, Judge Barber denied the defendants' motion to dismiss because each of the defendants was alleged to have been involved in producing or distributing the allegedly defamatory film at issue and to have acted with knowledge of falsity or with reckless disregard of the falsity of the statements at issue in the film. *Coomer v. Byrne et. al.*, Case No. 8:24-cv-8-TPB-SPF, Order Granting in Part and Denying in Part Defendants' Motions to Dismiss, p. 12 (Doc. 175) (M.D. Fla. Jan. 14, 2025). In this case, however, there is no allegation that MyPillow was actively involved in the production or distribution of the statements at issue, let alone that MyPillow acted with knowledge or reckless disregard. Even assuming the truth of Plaintiff's allegations that one or more MyPillow employees were involved with logistics for the Cyber Symposium event and that MyPillow products were promoted on Oltmann's podcast, those allegations do not show that MyPillow was actively involved in publication. Consequently, MyPillow can only be held liable, if at all, on a vicarious basis.

### 10. SETTLEMENT

a. Counsel for the parties and any pro se party met by telephone on March 14, 2025, to discuss in good faith the settlement of the case.

b. The participants in the settlement conference were counsel only.

---

[1] *Coomer v. Byrne et. al*., Case No. 8:24-cv-8-TPB-SPF, Order Granting in Part and Denying in Part Defendants' Motions to Dismiss, pp. 10-13 (Doc. 175) (M.D. Fla. Jan. 14, 2025).

17

c. Counsel for the parties and any pro se party do not intend to hold future settlement conferences.

e. It appears from the discussion by all counsel and any pro se party that there is no possibility of settlement.

f. Counsel for the parties and any pro se party considered ADR in accordance with D.C.COLO.LCivR.16.6.

### 11. OFFER OF JUDGMENT

Counsel and any pro se party acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure. Counsel have discussed it with the clients against whom claims are made in this case.

### 12. EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice. The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order. In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

### 13. TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

1. The trial will be to a jury.

2. Trial is estimated to be 10 days.

3. The trial will be conducted in Courtroom A902 at the Alfred A. Arraj United States Courthouse, in Denver, Colorado.

DATE:  April 21, 2025

BY THE COURT:

Nina Y. Wang
United States District Judge

Respectfully submitted this 17th day of March 2025.

|  |  |
|---|---|
| /s/ Charles J Cain | /s/ Christopher I. Kachouroff |
| Charles J. Cain, No. 51020 | Christopher I. Kachouroff |
| ccain@cstrial.com | chris@mck-lawyers.com |
| Bradley A. Kloewer, No. 50565 | Robert J. Cynkar |
| bkloewer@cstrial.com | rcynkar@mck-lawyers.com |
| Cain & Skarnulis PLLC | McSweeny, Cynkar & Kachouroff PLLC |
| P. O. Box 1064 | 13649 Office Place, Suite 101 |
| Salida, Colorado 81201 | Woodbridge, Virginia 22192 |
| 719-530-3011/512-477-5011 (Fax) | 703-621-3300 |

Ashley N. Morgan
amorgan@cstrial.com
Cain & Skarnulis PLLC
303 Colorado Street, Suite 2850
Austin, Texas 78701
512-477-5000/512-477-5011 (Fax)

/s/ Jennifer T. DeMaster
Jennifer T. DeMaster
361 Falls Road, Suite 610
Grafton, Wisconsin 53024
414-235-7488

Thomas J. Rogers III, No. 28809
trey@rklawpc.com
Mark Grueskin, No. 14621
mark@rklawpc.com
RechtKornfeld PC
1600 Stout Street, Suite 1400
Denver, Colorado 80202
303-573-1900

**ATTORNEYS FOR DEFENDANTS**

**ATTORNEYS FOR PLAINTIFF**

19