IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 22-cv-01129-NYW-SBP

ERIC COOMER,

    Plaintiff,

v.

MICHAEL J. LINDELL,
FRANKSPEECH LLC, and
MY PILLOW, INC.,

    Defendants.

## ORDER TO SHOW CAUSE

This matter is before the Court on Defendants' Brief in Opposition to Plaintiff's Motion in Limine. [Doc. 283]. The Parties appeared before this Court for a Final Pretrial/Trial Preparation Conference held on April 21, 2025. [Doc. 307]. Christopher I. Kachouroff ("Mr. Kachouroff") of the law firm of McSweeney Cynkar & Kachouroff PLLC appeared as lead counsel for Defendants Michael J. Lindell ("Mr. Lindell"), FrankSpeech LLC ("FrankSpeech"), and My Pillow, Inc. ("My Pillow") (collectively, "Defendants").

In anticipation of trial in this matter, Plaintiff filed a Motion in Limine ("Plaintiff's Motion in Limine"), [Doc. 279, filed February 10, 2025]. Defendants filed their Brief in Opposition to Plaintiff's Motion in Limine ("the Opposition"), [Doc. 283, filed February 25, 2025], signed by McSweeney Cynkar & Kachouroff, PLLC by Mr. Kachouroff, [*id.* at 15]. It was also signed by Jennifer T. DeMaster ("Ms. DeMaster") and further identified

Douglas G. Wardlow ("Mr. Wardlow") and Jeremiah D. Pilon ("Mr. Pilon").[1]  Plaintiff then filed a Reply.  [Doc. 288, filed March 7, 2025].  Plaintiff's Motion in Limine remained pending at the time of the Final Pretrial/Trial Preparation Conference.  As part of the Trial Preparation Order—which set the deadlines for the filing of motions in limine and other pretrial submissions—the Court expressly advised the Parties that "[a]ny disputes with respect to the proposed exhibit lists, witness lists, *voir dire*, or opening jury instructions will be discussed at the Final Pretrial/Trial Preparation Conference, including **any pending motions in limine**/motions to strike and whether or not the Parties waive the reporting of the final jury instructions."  [Doc. 265 at 1–2 (emphasis added)].  Thus, no later than October 2, 2024, the Parties and their counsel were on notice that the Court intended to discuss any pending motions in limine during the Final Pretrial/Trial Preparation Conference.

Despite this unequivocal provision in the Trial Preparation Order, Mr. Kachouroff, lead counsel for Defendants, repeatedly represented during the Final Pretrial/Trial Preparation Conference that he was unaware that Plaintiff's Motion in Limine would be discussed at the conference.  Nor was he prepared to do so; indeed, Mr. Kachouroff did not have a copy of the Opposition with him.  [Hearing Tr. 83:2–5].[2]  As discussed

---

[1] Based on their email addresses, Mr. Wardlow and Mr. Pilon appear to be in-house counsel for My Pillow.  *See* [Doc. 283 at 15].  Neither has formally entered an appearance in this case, and Mr. Pilon does not appear to be a member of the Bar of the United States District Court for the District of Colorado.

[2] The Court cites to a preliminary nonpublic version of the transcript of the April 21, 2025 Final Pretrial/Trial Preparation Conference in this matter.  Accordingly, there may be some variations with respect to page numbers, line numbers, and precise language, should an official transcript be ordered and prepared.

2

extensively on the record, after confirming with Mr. Kachouroff that he signed the Opposition consistent with his obligations under Rule 11 of the Federal Rules of Civil Procedure,[3] the Court identified nearly thirty defective citations in the Opposition. *See generally* [Hearing Tr. at 82:11–101:16].  These defects include but are not limited to misquotes of cited cases; misrepresentations of principles of law associated with cited cases, including discussions of legal principles that simply do not appear within such decisions; misstatements regarding whether case law originated from a binding authority such as the United States Court of Appeals for the Tenth Circuit; misattributions of case law to this District; and most egregiously, citation of cases that do not exist. *See* [*id.*].

Despite having every opportunity to do so, Mr. Kachouroff declined to explain to the Court how the Opposition became replete with such fundamental errors.  For example, when confronted with the first misquotation in a parenthetical appearing on page 3 of the Opposition—purportedly drawn from *Mata v. City of Farmington*, 798 F. Supp. 2d 1215, 1227 (D.N.M. 2011), [Doc. 283 at 3]—Mr. Kachouroff stated to the Court:

> Your Honor I may have made a mistake and I may have paraphrased and put quotes by mistake.  I wasn't intending to mislead the Court.  I don't think the quote is far off from what you read to me.

---

[3] Rule 11(b) of the Federal Rules of Civil Procedure provides:

**Representations to the Court**.  By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
. . .
(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]

Fed. R. Civ. P. 11(b).

[Hearing Tr. 83:22–25]. When asked how a case from the United States District Court for the Eastern District of Kentucky became attributable to the United States District Court for the District of Colorado, see [Doc. 283 at 4 (emphasis added) (compare Ginter v. Nw. Mut. Life Ins. Co., 576 F. Supp. 627, 630 (**D. Colo.** 1984), with Ginter v. Nw. Mut. Life. Ins. Co., 576 F. Supp. 627, 630 (E.D. Ky. 1984)], Mr. Kachouroff indicated that he "had given the cite checking to another person," later identified as Ms. DeMaster, see [Hearing Tr. 86:1–6]. When asked whether he would be surprised to find out that the citation Perkins v. Fed. Fruit & Produce Co., 945 F.3d 1242, 1251 (10th Cir. 2019)[4] appearing on page 6 of Defendants' Opposition did not exist as an actual case, Mr. Kachouroff indicated that he would be surprised. See [Hearing Tr. 88:10–89:1]. Time and time again, when Mr. Kachouroff was asked for an explanation of why citations to legal authorities were inaccurate, he declined to offer any explanation, see, e.g., [id. at 89:19–90:5; 100:18–22], or suggested that it was a "draft pleading," [id. at 92:8–13].

Not until this Court asked Mr. Kachouroff directly whether the Opposition was the product of generative artificial intelligence did Mr. Kachouroff admit that he did, in fact, use generative artificial intelligence. [Id. at 101:17–23]. After further questioning, Mr. Kachouroff admitted that he failed to cite check the authority in the Opposition after such use before filing it with the Court—despite understanding his obligations under Rule 11

---

[4] There is a District of Colorado case of Perkins v. Fed. Fruit & Produce Co., 945 F. Supp. 2d 1225 (D. Colo. 2013), appeal dismissed, No. 13-1250 (10th Cir. July 29, 2013), but such case does not stand for the proposition asserted by Defendants, i.e., that a Court of Appeals affirmed "admitting evidence of prior emotional difficulties to challenge damages claims," [Doc. 283 at 6]. Defendants' reporter citation for Perkins corresponds to United States ex rel. Alexander Volkhoff, LLC v. Janssen Pharmaceutica N.V., 945 F.3d 1237 (9th Cir. 2020), a case arising under the False Claims Act, with no discussion of prior emotional difficulties or damages.

4

of the Federal Rules of Civil Procedure. [*Id.* at 101:24–102:2]. Even then, Mr. Kachouroff represented that he personally outlined and wrote a draft of a brief before utilizing generative artificial intelligence. [*Id.* at 101:21–23]. Given the pervasiveness of the errors in the legal authority provided to it, this Court treats this representation with skepticism.

Mr. Kachouroff and Ms. DeMaster, like all counsel who appear before this Court, are bound by the standards of professional conduct set forth in the Colorado Rules of Professional Conduct ("Colo. RPC"), subject to certain exceptions not applicable here. D.C.COLO.LAttyR 2(a). Rule 3.3 of the Colorado Rules of Professional Conduct, entitled "Candor Toward the Tribunal," provides:

> A lawyer shall not knowingly: (1) make a false statement of material fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer.

Colo. RPC 3.3. And Rules 1.1 and 1.3 respectively require:

> A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

and

> A lawyer shall act with reasonable diligence and promptness in representing a client.

Colo. RPC 1.1, 1.3. Both Virginia, where Mr. Kachouroff is a member of the Bar, and Wisconsin, where Ms. DeMaster is a member of the Bar, have corresponding Rules 1.1, 1.3, and 3.3 of Professional Conduct. *See* Va. Rules of Pro. Conduct 1.1, 1.3, 3.3; Wis. Sup. Ct. R. 20:1.1, 20:1.3, 20:3.3.

Given the record before the Court on the wholly deficient preparation and filing of Defendants' Opposition to Plaintiff's Motion in Limine, **IT IS ORDERED** that:

(1) On or before **May 5, 2025**, Defendants' counsel shall **SHOW CAUSE** in

5

writing why this Court should not **SANCTION** Defendants Michael Lindell, FrankSpeech LLC, and My Pillow, Inc.; the law firm of McSweeney, Cynkar and Kachouroff, PLLC; and the individual counsel, Christopher I. Kachouroff and Jennifer T. DeMaster, who signed the Opposition to Plaintiff's Motion in Limine, [Doc. 283];

(2)  On or before **May 5, 2025**, Defendants' counsel shall **SHOW CAUSE** in writing why this Court should not **REFER** Christopher I. Kachouroff and Jennifer T. DeMaster to disciplinary proceedings for violations of applicable Rules of Professional Conduct;

(3)  Counsel will specifically address, under the oath subject to the penalty of perjury, the circumstances surrounding the preparation of the Opposition to Plaintiff's Motion in Limine, including but not limited to whether Defendants were advised and approved of their counsel's use of generative artificial intelligence;

(4)  No later than May 5, 2025, defense counsel of record **SHALL CERTIFY** that a copy of this Order has been provided to Defendant Michael Lindell **personally**; and

(5)  A copy of this Order shall be sent to:

>   Douglas G. Wardlow (MN Bar #339544)
>   1550 Audubon Rd.
>   Chaska, MN 55318

DATED:  April 23, 2025

BY THE COURT:

Nina Y. Wang
United States District Judge

6