IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

ERIC COOMER, Ph.D.,

        Plaintiff,

v.                                                                                         Case No. 1:22-cv-01129-NYW-SKC

MICHAEL J. LINDELL, FRANKSPEECH LLC,
AND MY PILLOW, INC.,

        Defendants

**RESPONSE TO SHOW CAUSE ORDER
AND MOTION FOR LEAVE TO CORRECT FILING**

On February 25, 2025, counsel for Defendants filed what they believed to be the correct Opposition response (Doc. 283) to Plaintiff's Motion in Limine. Almost two months later, at the conclusion of the April 21 pre-trial conference and without any notice, the discussion unexpectedly turned into an evidentiary hearing focused on the substance of Defendants' Opposition. Defense counsel was caught off-guard with the Court's line of questioning as he was unaware of any errors or issues with his response filed 55 days earlier, and had no reasonable opportunity to investigate any problem to be able to engage in constructive discussion about Doc. No. 283. Defense Counsel had no advanced indication that the Court appeared to have conclusively assumed that Defense counsel blindly relied on generative artificial intelligence in their filing. Defense counsel respectfully submits that the lack of advance notice left them unprepared to explain the filing at the time. The Court was obviously prepared to conduct its examination well in advance, catching Defense counsel wholly unprepared.

During the April 21 hearing, Defense counsel tried to slow down the Court's examination of case citations in Doc. 283 because it was moving rapidly and Defense counsel was still unaware

of the reasoning behind the Court's questioning. Defense counsel asked to return to a particular Westlaw citation and commented that the citation was odd, that this was not the way that counsel formats his cites, and that this document may have been a draft. At other times, counsel told the Court that he needed to check into it since, again, at this time he was still uncertain as to how this error could have occurred. The Court rejected these comments because it seemed to assumed that defense counsel blindly relied on a response produced by AI. The Court insisted on going through every case citation asking, "Would you be surprised . . . ?" And of course, Defense counsel answered that he was surprised. He could not recall Doc. 283 which had been filed 55 days earlier, let alone the correct legal authorities used to support the various arguments made in Doc. 283.

The Court's order insinuates that it had to confront Defense counsel directly in order to gain an admission that AI was used. Respectfully, this is not accurate. There is nothing wrong with using AI when used properly. At that time, counsel had no reason to believe that an AI-generated or unverified draft had been submitted.

After the hearing and having a subsequent opportunity to investigate Doc. 283, it was immediately clear that the document filed was not the correct version. It was a prior draft. It was inadvertent, an erroneous filing that was not done intentionally, and was filed mistakenly through human error. Counsel acted swiftly to rectify the error.

D.C.Colo.LCivR 7.1(i) permits this court to strike Doc. 283 and return the response for revision. The correct response is attached as Exhibit A *without alteration and does not include a completed certificate of service*. If permitted by the Court after consideration of the attached exhibits, we would submit the form of Exhibit A with an errata or corrected title and an updated certificate of service.

A Microsoft Word generated comparison of the changes between the incorrect response (Doc. 283) that was filed and the correct response counsel intended to file is attached as Exhibit B. Also included in Exhibit B is an appendix of changes created on April 21, 2025. Exhibit B shows the numerous and substantive changes to what was the final and correct document.

The mistaken filing occurred under circumstances which were entirely inadvertent. For example, the day prior to the filing of the wrong version, Defendants' counsel worked together to remove troublesome citations and shore up the main argument. See Exhibit C – 2025.02.24 Emails between DeMaster and Kachouroff.

Also included with this response and motion are screen shots of the document properties from the incorrect and correct versions of the Opposition so that the Court can compare the two and see that no changes were made to the intended, correct document after the February 25, 2025 filing date. See Exhibit D – Document Properties Comparison.

Finally, Counsels' declarations detail the circumstances under which the inadvertent filing occurred and why it occurred. See Exhibits E - Decl. Demaster and F – Decl. Kachouroff. Again, the mistaken filing was human error and Doc. 283 was not intended to be filed. There was no lack of diligence on the part of Defense counsel and no intent to mislead this Court whatsoever.

Within hours of the Court's hearing, Defendants' counsel prepared a Motion for Leave to substitute Doc. 283. Pursuant to D.C.Colo.LCivR 7.1(a) and upon returning to his home state, Counsel conferred with opposing counsel by telephone on April 22, 2025, discussed the substance of Defendants' Motion for Leave including the circumstances for the mistaken filing, and apologized to opposing counsel for the inconvenience. Because of the severe nature of the level of sanctions hinted at in the Court's order, Defense counsel sent Plaintiff's counsel, a copy of the motion on April 23, 2025 and defense counsel also texted and left a message for opposing counsel

to see whether they would oppose this filing. Plaintiff's counsel stated that they would not take a position on the motion for leave.

While waiting for Plaintiff's counsel's response, the Court issued its rule to show cause (Doc. 308). This motion was modified to include Defense counsel's response to the show cause order. Defense counsel has ensured this error was immediately corrected with sincere apology to this Court and opposing counsel.

We are not asking this Court to rehear any part of Plaintiff's motion in limine but we are seeking leave to file the revised and correct version in lieu of Doc. 283. All arguments made in the corrected version would be bound by statements, arguments, and withdrawals made at the hearing on April 21, 2025. We are also asking the Court, after considering the totality of the circumstances shown in the affidavits, to dismiss the rule to show cause.

Dated: April 25, 2025.

Respectfully Submitted,

**MCSWEENEY, CYNKAR & KACHOUROFF, PLLC**

By */s/ Christopher I. Kachouroff*
Christopher I. Kachouroff (VA Bar No. 44216)
Robert J. Cynkar (VA Bar No. 23349)
13649 Office Place, Suite 101
Woodbridge, Virginia 22192
Telephone: (703) 621-3300
chris@mck-lawyers.com

Jennifer T. DeMaster (WI Bar No. 1124201)
361 Falls Rd., Ste 610
Grafton, WI 53024
Telephone: (414) 235-7488
jennifer@demasterlaw.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATION OF SERVICE

I certify that on April 25, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

**Cain & Skarnulis PLLC**

Charles J. Cain, No. 51020
ccain@cstrial.com
Bradley A. Kloewer, No. 50565
bkloewer@cstrial.com
Ashley N. Morgan
amorgan@cstrial.com

**Recht & Kornfeld, P.C.**

David Matthew Beller
david@rklawpc.com

By */s/ Christopher I. Kachouroff*
Christopher I. Kachouroff* (VA Bar No. 44216)