THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CITE DISTRICT

ERIC COOMER,

        Plaintiff,

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC, AND MY PILLOW, INC.,

        Defendants.

Case No. 1:22-cv-01129-NYW-SBP

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S OMNIBUS MOTION IN LIMINE**

**PRELIMINARY STATEMENT**

Plaintiff Eric Coomer has alleged that he suffered millions of dollars in reputational damage based on alleged defamatory statements and "intentional infliction of emotional distress" caused by, what he claims, were Mr. Lindel's alleged "extreme and outrageous" false statements. Dr. Coomer also alleges that he suffered mental anguish, reputational injuries, and emotional damages. Despite these claims and purported injuries, Dr. Coomer now asks the Court to prohibit Defendants from introducing any character evidence that is essential to rebutting Dr. Coomer's claims, injuries, and damages. The Federal Rules do not provide Dr. Coomer the shield of protection he seeks—specifically because his entire case and damages he alleges rely on this relevant character evidence. For the following reasons, the Court should deny Dr. Coomer's omnibus motion in limine in its entirety.

**LEGAL STANDARD**

The admission or exclusion of evidence lies within the sound discretion of the trial court. *Robinson*



DEFENDANT'S EXHIBIT

A

*v. Mo. Pac. R.R. Co.*, 16 F.3d 1083, 1086 (10th Cir. 1994); see also *United States v. Golden*, 671 F.2d 369, 371 (10th Cir. 1982) (emphasizing trial court's discretion in evidentiary matters). Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. "The standard for relevancy is particularly loose under rule 401, because '[a]ny more stringent requirement is unworkable and unrealistic.'" *Rivero v. Bd. of Regents of Univ. of New Mexico*, No. CIV 16-0318 JB\SCY, 2019 WL 1085179, at *78 (D.N.M. Mar. 7, 2019), aff'd, 950 F.3d 754 (10th Cir. 2020) (internal citations omitted).

"Relevant evidence is inherently prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403." *United States v. Naranjo*, 710 F.2d 1465, 1469 (10th Cir. 1983) (emphasis in original) (quotations omitted). The Tenth Circuit has reminded district courts that they should be "mindful" that "exclusion of evidence under Rule 403 that is otherwise admissible under the other rules is an extraordinary remedy and should be used sparingly." *United States v. Smalls*, 605 F.3d 765, 787 (10th Cir. 2010) (internal quotations and citations omitted).

The trial court's discretion to balance possible unfair prejudice against probative value is broad. While Federal Rule of Evidence 404(a) generally prohibits character evidence to prove conduct in conformity therewith, Rule 405(b) expressly permits evidence of specific instances of conduct when character is an essential element of a claim or defense. The Tenth Circuit consistently holds that character evidence is particularly relevant in defamation cases where reputation is directly at issue. See *World Wide Ass'n of Specialty Programs v. Pure, Inc.*, 450 F.3d 1132, 1139 (2006) (recognizing that "reputation and character are inextricably intertwined" in defamation cases). Additionally, under Rule 608(b), specific instances of conduct may be inquired into on cross-examination if probative of truthfulness. *New Mexico ex rel. Balderas v. Real Estate Law Center, P.C.*, 409 F.Supp.3d 1122, 1128 (2019) (allowing cross-

2

examination about specific instances of dishonesty).

The Court must balance the probative value of evidence against the danger of unfair prejudice under Rule 403. However, evidence is not unfairly prejudicial merely because it damages a party's case – the evidence must have "an undue tendency to suggest decision on an improper basis." Fed. R. Evid. 403 advisory committee notes. Rule 403 permits inclusion of evidence when the probative value is so crucial to a necessary issue that Dr. Coomer cannot show any prejudice "substantially outweighs" the probative value. *Id.;* see also Fed. R. Evid. 405(b).

## ARGUMENT

### I. Evidence of Dr. Coomer's Credibility and Honesty is Relevant and Admissible.

Dr. Coomer seeks to exclude body camera footage showing his interactions with law enforcement during a hit-and-run investigation in September 2021, in which Dr. Coomer is shown lying to police officers about his involvement. This evidence is directly relevant to Dr. Coomer's credibility and character for truthfulness, which are central issues in this defamation case.

The Tenth Circuit has long recognized that character evidence, including specific instances of conduct, can be admitted when character is an essential element of the case. See *World Wide Ass'n,,* at 1139. In defamation actions particularly, courts routinely admit evidence probative of truthfulness given that a plaintiff's reputation and credibility are directly at issue. See *Perrin v. Anderson*, 784 F.2d 1040, 1045 (10th Cir. 1986) (noting character evidence is admissible when it constitutes "an essential element of a charge, claim, or defense").

The District of Colorado has specifically addressed the admissibility of evidence showing untruthful conduct in similar contexts. In *Ginter v. Northwestern Mut. Life Ins. Co.*, 576 F. Supp. 627, 630 (E. D. Kentucky, Covington 1984), the court held that "where the focal issue in a case is the plaintiff's character... evidence of specific instances of conduct becomes admissible." The body camera footage

3

shows Dr. Coomer initially denying involvement in the accident before later admitting to it - conduct that directly bears on his truthfulness. Courts in the Tenth Circuit have admitted evidence of uncharged acts where the evidence is relevant to showing credibility and honesty. *See e.g. United States v. Begay*, 497 F. Supp. 3d 1025, 1061 (D.N.M. 2020) (prior uncharged acts admissible and relevant in criminal matter to show proclivity to commit charged acts).

While Federal Rule of Evidence 608(b) generally prohibits extrinsic evidence to prove specific instances of conduct, the Court may permit questioning about such instances on cross-examination if probative of truthfulness. *See id.;* Fed. R. Evid. 608(b). The circumstances of the accident and Dr. Coomer's conduct are proper subjects for cross-examination under Rule 608(b). Further, the body cam footage should be admissible on cross examination because it concerns Dr. Coomer's mental state and pre-existing conditions affecting his psychological well-being, both of which the plaintiff here has put at issue.

## II. Evidence of Dr. Coomer's Statements About President Trump and Law Enforcement is Relevant to Core Issues.

Dr. Coomer seeks to exclude evidence of his social media posts and statements expressing animosity toward President Trump, law enforcement, and related political issues. This evidence is directly relevant to:

- Rebutting Dr. Coomer's claims that Defendants acted with actual malice;
- Providing context for Defendants' statements and demonstrating their reasonableness given publicly available information about Dr. Coomer;
- Challenging Dr. Coomer's allegations of severe emotional distress and reputational harm.

Under Federal Rule 405(b), specific instances of conduct are admissible when character is an essential element of a claim or defense. Here, Dr. Coomer has put his character and reputation directly at issue through his defamation and emotional distress claims alleging that the Defendants had no basis to make

4

any statement regarding Coomer's conduct or hatred involving President Trump or his supporters in the 2020 election—including law enforcement. The Defendants are permitted to introduce evidence of Coomer's disdain for President Trump and his law enforcement supporters specifically to show the reasonableness of Mr. Lindell's alleged statements on public concern and to rebut Coomer's "actual malice" evidence. *Spacecon Specialty Contractors, LLC v. Bensinger*, 713 F.3d 1028, 1041–42 (10th Cir. 2013); citing *St. Amant v. Thompson,* 390 U.S. 727, 731, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968); *Garrison v. Louisiana,* 379 U.S. 64, 74, 85 S.Ct. 209, 13 L.Ed.2d 125 (1964).

Coomer's public statements on these topics are relevant to assessing both the truth of the alleged defamatory statements and the extent of damages claimed. Further, this evidence is directly relevant to the Defendants' state of mind regarding reasonableness and actual malice in any alleged statements at issue since every single statement relates to Dr. Coomer's involvement with President Trump's purported 2020 election loss.

### III. Evidence of Prior Drug/Alcohol Use and Mental Health History is Relevant to Rebut Damages Claims.

Dr. Coomer seeks to exclude evidence of his past struggles with addiction and mental health treatment. However, this evidence is directly relevant to rebut his claims of emotional distress damages allegedly caused by Defendants' conduct. Courts consistently recognize the admissibility of pre-existing mental health conditions in cases involving emotional distress claims. *See Csuha v. Best Friends Animal Soc'y,* 524 F. Supp. 3d 1196, 1200 (D. Utah 2021) (finding prior emotional state and alcohol abuse relevant where plaintiff had placed mental state at issue with emotional distress damages).

Rule 608 permits exclusion *only if* the Defendants' introduction is done for the "sole purpose" of attacking a witness's character for truthfulness. Fed. R. Evid. 608 advisory committee's note to 2003 amendment. That is not why Defendants seek introduction of this evidence. Notably, even Defendant Lindell acknowledged in his deposition testimony that he, himself, is a recovered addict and My Pillow

5

regularly hires those with past struggles - demonstrating that this evidence is not being offered to unfairly prejudice Dr. Coomer's truthfulness, but rather to properly contextualize and contradict his damages claims as far as psychological injuries.

### IV. The 118-Page Background Document is Relevant to Multiple Defense Issues and is not being offered for its truth.

The 118-page document titled *Eric Coomer: Pawn, Plant or Perp?* that Dr. Coomer seeks to exclude is directly relevant to multiple defenses and should be admitted. While Dr. Coomer characterizes it as inadmissible hearsay, the document serves several non-hearsay purposes critical to the Defendants' defense.

A. <u>The Document Is Not Hearsay When Offered to Show Notice and State of Mind</u>

This document is not hearsay because it is not being offered for the truth of its contents. *See* Fed. R. Evid. 801(c)(2). The document is admissible solely to show the Defendants' state of mind and knowledge of information about Dr. Coomer prior to any alleged statements at issue. *Id.; see St. Amant v. Thompson*, 390 U.S. 727, 732 (1968) (fact finder should assess all evidence to determine a defendant's "good faith"). Rather, the document is offered to demonstrate:

- The justification and reasonableness of Defendants' statements given publicly available information about Dr. Coomer;
- The absence of actual malice;
- That Defendants' conduct was not "extreme and outrageous" given the context.

Each of the above justifications shows the probative value of the evidence in the document Dr. Coomer seeks to exclude. Further, even if the document contains information the Court may deem inadmissible, those facets can be redacted while preserving the document's relevant and admissible aspects. Wholesale exclusion is not warranted, and the Tenth Circuit has long held that whole "exclusion of relevant evidence under Rule 403 is an extraordinary remedy to be used sparingly." *Wheeler v. John*

*Deere Co.,* 862 F.2d 1404, 1410 (10th Cir.1988) (citations omitted). To the extent specific portions contain inadmissible content, those can be redacted while preserving the document's relevant and admissible aspects.

    B. <u>Introduction of Character Evidence by Plaintiff's Counsel</u>

It bears noting that Plaintiff's counsel has repeatedly emphasized Plaintiff's academic credentials by prefacing his name with "Dr." throughout court filings and proceedings. This strategic use of Plaintiff's Ph.D. title constitutes an implicit attempt to bolster his credibility and professional reputation - the very character traits at issue in this defamation case. Courts have long recognized that when a party introduces evidence of good character, the opposing party is entitled to rebut with contrary character evidence. See *Michelson v. United States*, 335 U.S. 469, 479 (1948) (discussing the "door opening" principle for character evidence).

Here, having opened the door to evidence of Plaintiff's credentials and professional standing, Plaintiff cannot now seek to exclude evidence that provides a complete picture of his character and reputation, certainly where his character and reputation was well known and published many times prior to any alleged statements by the Defendants at issue here. *See also* Fed. R. Evid. 405(b).

    **V. Evidence About Religious Views and Social Media Posts is Relevant to Reputation.**

    A. <u>Social Media Evidence Admissibility</u>.

Courts admit social media evidence in defamation cases when relevant to reputation and damages. See *Hassan,* 742 F.3d 104, 133 (10th Cir. 2014). Coomer's role in essentially programming equipment for United States elections gives the general public heightened interest in his statements about political or public issues—specifically regarding issues of importance during the 2020 election. *Anaya v. CBS Broad. Inc.,* 626 F. Supp. 2d 1158, 1198 (D.N.M. 2009), citing *Rosenblatt v. Baer,* 383 U.S. at 85 (public has generalized and particularly heightened interest in statements and qualifications of persons responsible for

7

public functions, including the plaintiff's honesty in relation to their government purpose and position). Coomer's position with Dominion's election and voting technology invites and permits public scrutiny of the type that Coomer alleges against the Defendants here, which go to Defendants' defenses of actual malice in any statements or injuries at issue here. Notably, this includes social media statements showing mental impressions of Commer about political issues surrounding the time that Coomer was involved in election management for a company (Dominion) that oversees elections in multiple U.S. states. This is precisely the type of evidence that would allow the jury to determine the defendants' reasonableness, actual malice, or "good faith." *See St. Amant v. Thompson,* at 732; *Sanchez v. Duffy*, 416 F.Supp.3d 1131, 1142 (D. Colo. 2018) (allowing relevant Facebook posts to show plaintiff's mental state and prior conduct).

B. <u>Religious Beliefs Evidence Under Rule 610.</u>

While Rule 610 prohibits evidence of religious beliefs "to attack or support the witness's credibility," it does not bar such evidence when offered for other relevant purposes. The advisory committee notes to Rule 610 clarify that the rule "does not bar evidence of religious beliefs when otherwise relevant." Fed. R. Evid. 601, Advisory Notes. Here, Dr. Coomer's statements about religion are not being offered to attack credibility but rather to show (1) Dr. Coomer's pre-existing public persona and reputation, (2) context for Defendants' statements, and (3) alternative causes of Dr. Coomer's alleged reputational harm.

C. <u>Non-Hearsay Treatment of Background Documents</u>

The 118-page background document should be admitted as it is not being offered for the truth of the matters asserted but rather for multiple non-hearsay purposes recognized by courts:

- To show notice and state of mind. Fed. R. Evid. 803(3) (admitting documents to show effect on reader's state of mind);

- To demonstrate the context and basis for Defendants' statements. See *New York Times Co. v. Sullivan*, 376 U.S. 254, 286 (1964) (considering information that was available to defendants prior to alleged defamation in assessing actual malice);

8

- To establish the reasonableness of Defendants' conduct or statements. *See id.*

The Tenth Circuit has specifically admitted background documents in defamation cases to show justification or basis for any alleged statements at issue. See e.g. *World Wide Ass'n of Specialty Programs v. Pure, Inc.,* 450 F.3d 1132, 1144 (10th Cir. 2006) (admitting background materials to show basis for statements); *Schwartz v. American College of Emergency Physicians*, 215 F.3d 1140, 1146 (10th Cir. 2000) (permitting evidence of background information available to defendants).

D. <u>Rule 403 Balancing in Defamation Cases</u>

Courts in the Tenth Circuit lend careful consideration to Rule 403 balancing in defamation or intentional infliction cases because, unlike other legal claims, evidence that is central to reputation and reputational or emotional damages is far more probative to these claims regardless of purported prejudice to a plaintiff. See *id.* (recognizing broad discretion of trial courts in admitting evidence of accounts and reputation in defamation cases as an element at issue); Fed. R. Evid. 405(b). To aid consideration of such evidence in defamation cases, the Tenth Circuit relies on principles in the Federal Rules to balancing probative value and limitation on unfair prejudice, while incorporating the principle that character evidence can be admissible where it is an essential element of a claim, like defamation or intentional infliction of emotional distress. *Id.; see also* Fed. R. Evid. 403. Here, the Plaintiff has made his character and reputation an essential element of his defamation claims in that he did not act out of political bias regarding an election, and the Defendants are entitled to present certain relevant statements and character traits both that show reasonableness of belief and to rebut evidence of good character.

**VI. Alternatively, the Defendants are Entitled to Individual Analysis or Limiting Instructions Considering the Intersection of Evidentiary Principles and Cumulative Analysis.**

The various categories of evidence Dr. Coomer seeks to exclude must be analyzed not only individually but also in terms of their interrelated nature and cumulative significance to the defense. Courts

9

recognize that evidence often serves multiple purposes and implicates multiple evidentiary rules. See *United States v. Reaves*, 649 F.3d 862, 867-68 (8th Cir. 2011) (analyzing evidence under multiple rules where it served overlapping purposes). Indeed, Dr. Coomer's vast request to exclude broad swaths of evidence ignores fundamental principles permitting individualized admissibility including, but not limited to, authentication issues, limiting and jury instructions, timeliness, rule of completeness, and curative measures. For social media and electronic evidence, authentication requirements can be satisfied, by example, through direct testimony from witnesses or circumstantial evidence. Fed. Rs. Evid. 901(b)(1) & (4).

Next, when evidence serves multiple purposes - some permissible and some potentially problematic - courts regularly employ limiting instructions rather than excluding the evidence entirely. See *Csuha* (D. Utah 2021). Defendants suggested limiting instructions could address considering social media posts not for their truth or determining prior statements for damages assessments, not credibility. Further, the timing of evidence must be considered under multiple frameworks including pre-existing reputation evidence or statements contemporaneous to alleged defamation (relevant to damages and actual malice) or subsequent evidence showing impact (relevant to causation). See *World Wide Ass'n of Specialty Programs v. Pure, Inc.*, 450 F.3d 1132, 1144 (10th Cir. 2006) (considering timing in assessing evidentiary relevance).

This also goes to the Constitutional considerations in defamation law where the Court must consider First Amendment protections for speech on matters of public concern and a defendant's right to present evidence that they acted reasonably and without actual malice. See *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964); *St. Amant*, at 732 (1968) (noting that the finder of fact must be able to determine if statements at issue were made in "good faith").

Additionally, the rule of completeness (Rule 106) may require admission of otherwise excludable evidence to provide necessary context. See *United States v. Lopez-Medina*, 596 F.3d 716, 735 (10th Cir. 2010) (discussing completeness doctrine). This particularly applies to full social media conversations and threads, complete background documents rather than excerpts, and entire video recordings of incidents that provide insight into Dr. Coomer's credibility, mental state, honesty, and reputation *prior* to the Defendants' alleged statements at issue here.

Finally, to the extent this Court grants any part of the plaintiff's motion, the defendants may be entitled to introduce any evidence to rebut such showings under Rule 403 if the evidence introduced by plaintiff at trial creates a false impression or becomes more probative at trial because of the plaintiff's introduction. *See e.g. Young v. Corr. Healthcare Companies, Inc.*, 721 F. Supp. 3d 1209, 1227 (N.D. Okla. 2024), appeal dismissed, No. 24-5033, 2025 WL 752336 (10th Cir. Mar. 10, 2025). Defendants respectfully request that any decision by the Court include an exception that such evidence may become relevant or otherwise admissible at trial under the curative admissibility doctrine or the court's discretion.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion in Limine in its entirety. In the alternative, Defendants request the opportunity to address specific items individually rather than excluding broad categories of relevant evidence.

Dated: April 23, 2025.

Respectfully Submitted,

*/s/ Jennifer T. DeMaster*
Jennifer T. DeMaster (WI Bar No. 1124201)
361 Falls Rd., Ste 610
Grafton, WI 53024
Telephone: (414) 235-7488
jennifer@demasterlaw.com
**Of Counsel*

11

Christopher I. Kachouroff* (VA Bar No. 44216)
Robert J. Cynkar* (VA Bar No. 23349)
MCSWEENY, CYNKAR & KACHOUROFF PLLC
13649 Office Place, Suite 101
Woodbridge, Virginia 22192
Telephone: (703) 621-3300
chris@mck-lawyers.com

Douglas G. Wardlow (MN Bar #339544)
Jeremiah D. Pilon (MN Bar #392825)
1550 Audubon Rd.
Chaska, MN 55318
Telephone: (952) 826-8658
doug@mypillow.com
jpilon@mypillow.com

ATTORNEY FOR MY PILLOW, INC. AND MICHAEL LINDELL

12

## CERTIFICATE OF SERVICE

  I hereby certify that on this ==CITE== day of ==CITE== 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Charles J. Cain
Cain & Skarnulis PLLC
P. O. Box 1064
Salida, CO 81201
ccain@cstrial.com

Bradley A. Kloewer
101 North F Street
Suite 207
Salida, CO 81201
bkloewer@cstrial.com

Ashley N. Morgan
303 Colorado Street
Suite 2850
Austin, TX 78701
amorgan@cstrial.com

David Matthew Beller
Recht & Kornfeld, P.C.
1600 Stout Street
Suite 1400
Denver, CO 80202
david@rklawpc.com

Thomas Melvin Rogers , III
Recht & Kornfeld, P.C.
1600 Stout Street
Suite 1400
Denver, CO 80202
trey@rklawpc.com

**Attorneys for Plaintiff**

                 *s/ Jennifer T. DeMaster*
                 Jennifer T. DeMaster