**Gmail**

**Chris Kachouroff <chris@mck-lawyers.com>**

---

## Coomer Resp

**Jen DeMaster** <Jennifer@demasterlaw.com>                    Mon, Feb 24, 2025 at 2:42 PM
To: Chris Kachouroff <chris@mck-lawyers.com>

Chris – here are the only changes/edits I made:

- Found a few cases that were not accurate or properly cited. Replaced those and added a few other relevant cases in legal standards section and a couple other subsections.
- Changed minor language to clarify the argument you were trying to make where it was otherwise unclear on its face.
- Changed some of the numbering to add bullets so to ease any unnecessary confusion, and where I saw might be needed, removed "bullet lists of cases" to incorporate into a paragraph– but I did this sparingly.

I read everything you were trying to convey and made sure that was clearly stated.  Put it in formatted document for case filing and left it in Word Doc format for any edits you want to add.

Let me know what else I can do!


*Jennifer DeMaster*

**Attorney, DeMaster Law LLC**

Email : jennifer@demasterlaw.com

Email : jen@jenniferdemaster.com

Phone: 414-235-7488

Address: 361 Falls Rd #610, Grafton, WI 53434

Disclaimer: This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message are prohibited. If you have received this email in error, please destroy it and notify me immediately.

---

 **2025.02.24 Coomer Defs Opp to MIL (jd).docx**
49K

> DEFENDANT'S
> EXHIBIT
>
> **C**

 **Chris Kachouroff <chris@mck-lawyers.com>**

---

## Coomer_FINAL revisions

1 message

---

**Jen DeMaster** <Jennifer@demasterlaw.com>                        Mon, Feb 24, 2025 at 5:08 PM
To: Chris Kachouroff <chris@mck-lawyers.com>

Chris, see FINAL REVISIONS – full doc with formatting here. NOTE – that I did add some case law and language to certain sections for clarity. Just read through this. Specifically, my edits clarifying relevant *legal standards, and sections on social media evidence, the body cam footage (expounding on issues), and prior drug use/mental health pre-existing conditions as well as statements about Trump that I thought should be fleshed out a little more. (really following your guidance on providing more facts/analysis).

***I have also attached a Westlaw analysis of the entire brief – that basically goes through our brief and finds other cases that may be stronger. Note that I have already ADDED some of these cases or otherwise substituted them. This tool will find cases you cited that aren't good or otherwise relevant in a brief. While I didn't sub them out completely, I used it to justify what we've added. Attached is the "full report" if you want to double check it for yourself. But it didn't flag us for any obviously bad case law.

 *Jennifer DeMaster*

**Attorney, DeMaster Law LLC**

Email : jennifer@demasterlaw.com

Email : jen@jenniferdemaster.com

Phone: 414-235-7488

Address: 361 Falls Rd #610, Grafton, WI 53024

Disclaimer: This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message are prohibited. If you have received this email in error, please destroy it and notify me immediately.

---

**2 attachments**

 **2025.02.24 Coomer Defs Opp to MIL (jd) (final revisions).docx**
53K

 **Westlaw Precision - Full report from 20250224 Coomer Defs Opp to MIL (jd)docx.pdf**
512K

Case No. 1:22-cv-01129-NYW-SBP    Document 311-3    filed 04/25/25    USDC Colorado
pg 3 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...    Table of contents

# Table of contents

☑ **1. Recommendations** ................................................................................................ 3

   **I. Evidence of Mr. Coomer's Credibility and Honesty is Relevant and Admissible.** ...........  3

      Cases (2) ................................................................................................................  3

      Briefs & Memoranda (2) ........................................................................................  4

      Secondary Sources (2) ...........................................................................................  4

   **II. Evidence of Mr. Coomer's Statements About President Trump and Law Enforcement is Relevant
to Core Issues.** ....................................................................................................  4

      Cases (3) ................................................................................................................  4

      Briefs & Memoranda (0) ........................................................................................  6

      Secondary Sources (0) ...........................................................................................  6

   **III. Evidence of Prior Drug/Alcohol Use and Mental Health History is Relevant to Rebut Damages
Claims.** ................................................................................................................  6

      Cases (5) ................................................................................................................  6

      Briefs & Memoranda (0) ........................................................................................  9

      Secondary Sources (2) ...........................................................................................  9

   **A. The Document Is Not Hearsay When Offered to Show Notice and State of Mind** ...........  9

      Cases (5) ................................................................................................................  9

      Briefs & Memoranda (0) ........................................................................................  11

      Secondary Sources (2) ...........................................................................................  11

   **B. Introduction of Character Evidence by Plaintiff's Counsel** .......................................  12

      Cases (2) ................................................................................................................  12

      Briefs & Memoranda (0) ........................................................................................  13

      Secondary Sources (2) ...........................................................................................  13

   **A. Social Media Evidence Admissibility.** .................................................................  13

      Cases (5) ................................................................................................................  13

      Briefs & Memoranda (2) ........................................................................................  16

      Secondary Sources (2) ...........................................................................................  17

   **B. Religious Beliefs Evidence Under Rule 610.** .........................................................  17

      Cases (0) ................................................................................................................  17

      Briefs & Memoranda (0) ........................................................................................  17

      Secondary Sources (2) ...........................................................................................  17

   **C. Non-Hearsay Treatment of Background Documents** ..............................................  17

      Cases (5) ................................................................................................................  17

      Briefs & Memoranda (2) ........................................................................................  20

      Secondary Sources (2) ...........................................................................................  21

   **A. Authentication and Chain of Evidence** ..............................................................  21

      Cases (4) ................................................................................................................  21

      Briefs & Memoranda (0) ........................................................................................  23

      Secondary Sources (2) ...........................................................................................  23

   **B. Limiting Instructions and Jury Management** ......................................................  23

      Cases (2) ................................................................................................................  23

      Briefs & Memoranda (0) ........................................................................................  24

      Secondary Sources (2) ...........................................................................................  24

   **C. Temporal Considerations** ..............................................................................  25

      Cases (5) ................................................................................................................  25

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...

Table of contents

Briefs & Memoranda (0) .................................................................................................. 27
Secondary Sources (2) .................................................................................................. 27
**E. Curative Admissibility** ............................................................................................... 27
Cases (1) ....................................................................................................................... 27
Briefs & Memoranda (0) .................................................................................................. 28
Secondary Sources (0) .................................................................................................. 28
**F. Constitutional Considerations** .................................................................................. 28
Cases (1) ....................................................................................................................... 28
Briefs & Memoranda (0) .................................................................................................. 28
Secondary Sources (2) .................................................................................................. 29

⚑ **2. Warnings for cited authority** .................................................................................. 30
Cases (31) ..................................................................................................................... 30
Trial Court Orders (0) .................................................................................................... 40
Statutes (0) .................................................................................................................... 41
Regulations (0) .............................................................................................................. 41
Secondary Sources (0) .................................................................................................. 41
Administrative Decisions & Guidance (1) ........................................................................ 41
Unverified citations (0) .................................................................................................. 41

❝ **3. Quotation analysis** .................................................................................................. 42
Quotations (11) .............................................................................................................. 42
Unverified citations (0) .................................................................................................. 48

☰ **4. Table of authorities** ................................................................................................ 49
Cases (34) ..................................................................................................................... 49
Trial Court Orders (0) .................................................................................................... 53
Statutes (5) .................................................................................................................... 53
Regulations (0) .............................................................................................................. 54
Secondary Sources (0) .................................................................................................. 54
Administrative Decisions & Guidance (1) ........................................................................ 54
Unverified citations (0) .................................................................................................. 54

Case No. 1:22-cv-01129-NYW-SBP    Document 311-3    filed 04/25/25    USDC Colorado
pg 5 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...    Table of contents

# ☑ 1. Recommendations

Quick Check uses Artificial Intelligence to analyze the document for arguments and facts to uncover relevant case law. Recommendations contains cases and other materials relevant to the issues in the analyzed document but that were not cited in it.

## I. Evidence of Mr. Coomer's Credibility and Honesty is Relevant and Admissible.

### Cases (2)

⚑ **1. United States v. Edwards**

United States District Court, D. New Mexico.  •  August 22, 2017  •  272 F.Supp.3d 1270  •  2017 WL 3701235

**Case details**
**Motion type:** Motion in limine
**Movant at trial level:** Plaintiff

> ⚒ **Outcome:** Proffered evidence was not admissible under rule governing evidence of a witness's character for truthfulness or untruthfulness

When analyzing the probative dangers, while applying rule precluding admission of evidence whose prejudicial effect outweighs its probative value to evidence offered under rule allowing admission of similar crimes evidence in sexual assault, a court considers: 1) how likely is it such evidence will contribute to an improperly-based jury verdict, 2) the extent to which such evidence will distract the jury from the central issues of the trial, and 3) how time consuming it will be to prove the prior conduct. Fed. R. Evid. 403, 413.

Proffered evidence of allegations by defendant's teenage daughter that defendant sexually abused her, her denial of those allegations, and testimony of witness that defendant was rumored to have had inappropriate sexual contact with his children was not admissible under rule governing evidence of a witness's character for truthfulness or untruthfulness, in prosecution of defendant charged with aggravated sexual abuse; allegation that defendant sexually assaulted his daughter did not involve defendant's character for truthfulness or untruthfulness, nor did such evidence involve dishonesty, fraud, or deceit. 18 U.S.C.A. SS 1153, 2241(a), 2246(2)(B); Fed. R. Evid. 608.

This Recommendation relates to cases already cited in the analyzed document

⚑ United States v. Begay 497 F.Supp.3d 1025

⚑ World Wide Ass'n of Specialty Programs v. Pure, Inc. 450 F.3d 1132

Case No. 1:22-cv-01129-NYW-SBP    Document 311-3    filed 04/25/25    USDC Colorado
pg 6 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...    Table of contents

### 2. United States v. Boutte

United States District Court, D. New Mexico. • September 09, 2019 • Not Reported in Fed. Supp. • 2019 WL 4261745

**Case details**
**Motion type:** Motion in limine

Defendant Boutte opposes the motion because he contends the Federal Rules of Evidence define the bounds of character evidence. Specifically, he argues that Federal Rule of Evidence 405 allows parties to use certain specific instances of character and traits as evidence and a blanket prohibition on all specific instances of good conduct would be improper. He contends that specific instances of a defendant's truthful or honest conduct are admissible when fraud is an essential element of the charges.

> **This Recommendation relates to cases already cited in the analyzed document**
>
> ⚑  World Wide Ass'n of Specialty Programs v. Pure, Inc. 450 F.3d 1132
>
> ⚑  Perrin v. Anderson 784 F.2d 1040

## Briefs & Memoranda (2)

### 1. Defendant J. Thomas Talbot's Opposition to Plaintiff's Motion in Limine to Preclude the Admission of Character Evidence; Declaration of Robert H. Horn

United States District Court, C.D. California, Western Division. • October 12, 2005 • 2005 WL 4705017

### 2. Motion to Strike Plaintiffs' Response Brief, Cross-motion, Witness Declarations, and Summary Exhibits

United States District Court, E.D. Wisconsin., Milwaukee Division • July 10, 2008 • 2008 WL 3925506

## Secondary Sources (2)

### 1. § 404:2 Rule 404(a)(1): character evidence; circumstantial use in civil cases

November 08, 2024 • FEDEVID § 404:2

### 2. Admission of Character Evidence and Evidence of Other Acts

November 05, 2024 • 21 AMJUR POF 3d 629

## II. Evidence of Mr. Coomer's Statements About President Trump and Law Enforcement is Relevant to Core Issues.

## Cases (3)

Case No. 1:22-cv-01129-NYW-SBP     Document 311-3     filed 04/25/25     USDC Colorado
pg 7 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...     Table of contents

---

🚩  **1.  Competitive Enterprise Institute v. Mann**

District of Columbia Court of Appeals.  •  December 22, 2016  •  150 A.3d 1213  •  2016 WL 7404870

👥 Frequently cited     🏛 High court

**Case details**
**Motion type:** Motion to dismiss                      **Trial level outcome:** Motion denied
**Movant at trial level:** Defendant

> ⚖  **Outcome:** There was no evidence that professor suffered severe emotional distress.

There was no evidence that university professor suffered severe emotional distress as a result of online articles that accused him of scientific misconduct and compared him to university figure involved in child sex abuse scandal, as required to support professor's intentional infliction of emotional distress claim; although fact that professor had requested an apology and retraction and pursued litigation may have shown that professor was so deeply aggrieved that he deemed it necessary to restore his public reputation, such consternation did not amount to severe emotional distress.

---

🚩  **2.  Gilmore v. Jones**

United States District Court, W.D. Virginia, Charlottesville Division.  •  March 29, 2019  •  370 F.Supp.3d 630  •  2019 WL 1418291

**Case details**
**Motion type:** Motion for attorney's fees

> ⚖  **Outcome:** Plaintiff stated a defamation claim against defendants

Diplomat who posted video on social media depicting violent attack he witnessed at a white supremacist rally in Virginia that resulted in a protester's death plausibly alleged that website owner's statements in online article and video accusing diplomat of having foreknowledge that attack would happen and was part of effort to use rally to undermine the United States President and the "alt-right," were false, defamatory, and published with actual malice, as required for diplomat to state a defamation claim as a limited-purpose public figure under Virginia law; statements could not be characterized as mere expressions of opinion, they were of type that would tend to harm plaintiff's reputation and prejudice him in his profession or trade, and plaintiff plausibly alleged that defendant had preconceived narrative to which he made his statements conform and failed to adhere to journalistic standards.

---

🚩  **3.  Cuba v. Pylant**

United States Court of Appeals, Fifth Circuit.  •  February 23, 2016  •  814 F.3d 701  •  2016 WL 723311

👥 Frequently cited

---

Case No. 1:22-cv-01129-NYW-SBP    Document 311-3    filed 04/25/25    USDC Colorado
pg 8 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...    Table of contents

**Case details**
**Motion type:** Motion to dismiss

**Appellate level outcome:** Reversed trial court's decision

**Movant at trial level:** Defendant

Under Texas law, statements to police and prosecuting authorities by purported victim and her parents regarding alleged rape, in course of bona fide investigation in contemplation of filing charges, were absolutely privileged, and thus could not form basis of alleged rapist's defamation claim, even if purported victim's initial statements were false and made with malice.

## Briefs & Memoranda (0)

No briefs and memoranda recommendations provided for this heading, but please review cases and secondary sources for additional recommendations.

## Secondary Sources (0)

No secondary source recommendations provided for this heading, but please review cases and briefs for additional recommendations.

---

### III. Evidence of Prior Drug/Alcohol Use and Mental Health History is Relevant to Rebut Damages Claims.

## Cases (5)

⚑    **1. Leininger v. United States**

United States District Court, D. Kansas.  •  November 02, 2020  •  499 F.Supp.3d 973  •  2020 WL 6392458

**Case details**
**Motion type:** Judgment

**Trial level outcome:** Motion granted

⚖  **Outcome:** Award of $228,213 in economic damages was reasonable and supported by the evidence

Award of $228,213 in economic damages to allow patient who had post-traumatic stress disorder (PTSD) and depression before he learned that Veterans Administration (VA) medical employee, a physician's assistant, had conducted unnecessary and improper genital examinations on him for sexual gratification, conditions which were aggravated and would remain aggravated by employee's conduct, to seek treatment for his PTSD outside of resources provided by the VA was reasonable and supported by the evidence, in patient's action against the United States under the Federal Tort Claims Act (FTCA); requiring patient to return to VA for treatment necessitated by wrongdoing inflicted on him by VA provider was unfair and illogical, and there was credible evidence that treatment outside the VA was valued at $229,213. 28 U.S.C.A. S 1346(b)(1).

Case No. 1:22-cv-01129-NYW-SBP    Document 311-3    filed 04/25/25    USDC Colorado    pg 9 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...    Table of contents

**This Recommendation relates to cases already cited in the analyzed document**

United States ex rel. Alexander Volkhoff, LLC v. Janssen Pharmaceutica N.V. 945 F.3d 1237

 Jones v. Denver Post Corp. 203 F.3d 748

---

## 2. Ledezma v. Young Life

United States District Court, D. Colorado. • January 08, 2021 • Not Reported in Fed. Supp. • 2021 WL 2823261

**Case details**
**Motion type:** Motion for reconsideration

The same conclusion, however, cannot be drawn about Ms. Ledezma's prior trauma with respect to her demand for damages. Ms. Ledezma is correct that a plaintiff's filing of a lawsuit claiming emotional distress, without more, does not necessarily put an individual's mental state at issue. See Truong v. Smith, 183 F.R.D. 273, 275 (D. Colo. 1998) . And this court also agrees that to the extent that Ms. Ledezma's history of trauma made her claustrophobic and particularly sensitive to working in tight spaces with others, that information is also not relevant to the issue of damages. [#35 at 11].

**This Recommendation relates to cases already cited in the analyzed document**

United States ex rel. Alexander Volkhoff, LLC v. Janssen Pharmaceutica N.V. 945 F.3d 1237

 Jones v. Denver Post Corp. 203 F.3d 748

---

## 3. Doe P.M. v. United States

United States District Court, D. Kansas. • November 02, 2020 • Not Reported in Fed. Supp. • 2020 WL 6469996

**Case details**

**Trial level outcome:** Motion granted

29. Plaintiff also seeks to recover on an intentional infliction of emotional distress claim. But the court already has determined that plaintiff is entitled to recover from the VA on his medical malpractice claim. Any recovery for intentional infliction of emotional distress would duplicate plaintiff's malpractice claim, so the court need not address the claim further, other than to note this point: To the extent that plaintiff is still trying to bring this claim against the VA for actions (or inactions) by Wisner's supervisors, he may not do so. Plaintiff administratively exhausted claims solely for Wisner's personal conduct. [A]lthough a plaintiff's administrative claim need not elaborate all possible causes of action or theories of liability, it must provide notice of the facts and circumstances underlying the plaintiff's claims.

Case No. 1:22-cv-01129-NYW-SBP    Document 311-3    filed 04/25/25    USDC Colorado    pg 10 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...    Table of contents

**This Recommendation relates to cases already cited in the analyzed document**

United States ex rel. Alexander Volkhoff, LLC v. Janssen Pharmaceutica N.V. 945 F.3d 1237

 Jones v. Denver Post Corp. 203 F.3d 748

---

## 4. Schlenker v. City of Arvada

United States District Court, D. Colorado.  •  June 02, 2010  •  Not Reported in F.Supp.2d  •  2010 WL 2232356

**Case details**

**Trial level outcome:** Motion granted

Plaintiff, on the other hand, contends that he claims only garden variety emotional distress damages for which Defendants are not entitled to a highly invasive Rule 35 examination of him. Response [# 155] at 3. Plaintiff further contends that Defendants seek the examination to harass, embarrass, intimidate and further damage him in retaliation for having filed this lawsuit. Id. at 3 4. Plaintiff asserts that his pre-existing condition is wholly unrelated to these proceedings, because he is not seeking enhanced damages for his emotional distress in connection with an assertion that his pre-existing condition has been exacerbated by Defendants' conduct. According to Plaintiff, he will not introduce the medical records relating to his pre-existing condition at trial, nor will he testify regarding that condition.

**This Recommendation relates to cases already cited in the analyzed document**

United States ex rel. Alexander Volkhoff, LLC v. Janssen Pharmaceutica N.V. 945 F.3d 1237

 Jones v. Denver Post Corp. 203 F.3d 748

---

## 5. Solis-Marrufo v. Board of Com'rs for County of Bernalillo

United States District Court, D. New Mexico.  •  March 28, 2013  •  Not Reported in F.Supp.2d  •  2013 WL 1658203



**Case details**

**Motion type:** Motion in limine    **Trial level outcome:** Motion granted

Lastly, if Solis Marrufo asserts that he has suffered mental and emotional distress because of the Individual Defendants' actions, the Court will allow the Individual Defendants to contradict his asserted damages by inquiring into his previous and current cocaine use. Such evidence is admissible under rule 405 , because claims for mental and emotional damages put Solis Marrufo's mental and emotional state at issue. In Cerca v. Thomas, 30 F. App'x 931 (10th Cir.2002) (unpublished), the Tenth Circuit ruled that a district court properly allowed a defendant to introduce evidence that a home in which children witnessed their father's death was used to sell drugs, as the Tenth Circuit held that whether the children were exposed to drug usage or criminal activity was relevant to the issue of the amount of damage suffered by the children, when police officers killed their father during the execution of a search warrant. 30 F. App'x at 933 34 . The Court has previously held that drug abuse is relevant to a claim for damages where a plaintiff seeks damages for emotional distress,

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...                    Table of contents

finding that [e]vidence of drug use is an important tool of cross-examination for persons seeking emotion or pain and suffering damages. Lowery v. City of Albuquerque, 2012 WL 1378522, at * 19 .

> **This Recommendation relates to cases already cited in the analyzed document**
>
> United States ex rel. Alexander Volkhoff, LLC v. Janssen Pharmaceutica N.V. 945 F.3d 1237
>
> ⚑  Jones v. Denver Post Corp. 203 F.3d 748

## Briefs & Memoranda (0)

No briefs and memoranda recommendations provided for this heading, but please review cases and secondary sources for additional recommendations.

## Secondary Sources (2)

**1. § 6:27. Plaintiff's prima facie case**
May 09, 2024 • STLOCCIVIL § 6:27

**2. § 2759 Discretion of Court**
May 29, 2024 • FPP § 2759

---

## A. The Document Is Not Hearsay When Offered to Show Notice and State of Mind

## Cases (5)

⚑  **1. U.S. v. Ballou**

United States District Court, D. New Mexico. • October 16, 2014 • 59 F.Supp.3d 1038 • 2014 WL 6065639

**Case details**
**Motion type:** Motion in limine
**Movant at trial level:** Plaintiff

It is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant evidence. Fed.Rules Evid.Rule 403, 28 U.S.C.A.

Statements offered not to prove the truth of the statements, but rather offered for the effect on the listener, are generally not hearsay. Fed.Rules Evid.Rule 801(c), 28 U.S.C.A.

---

Case No. 1:22-cv-01129-NYW-SBP     Document 311-3     filed 04/25/25     USDC Colorado
pg 12 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...          Table of contents

## 2. United States v. Woody

United States District Court, D. New Mexico. • June 16, 2020 • 336 F.R.D. 293 • 2020 WL 3266056

**Case details**
**Motion type:** Plea challenge or motion
**Movant at trial level:** Plaintiff

Rule on the exclusion of relevant evidence due to prejudice directs evidence's exclusion not merely when the evidence's prejudice is greater than its probative value, but rather when the danger of that prejudice substantially outweighs the evidence's probative value, and the court must also give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value. Fed. R. Evid. 403.

Statements by father and stepmother of eight-year-old alleged sexual-assault victim to physician in regard to alleged sexual abuse of victim by defendant, who had resided with alleged victim and mother of alleged victim, were not admissible under hearsay exception for statements made for medical diagnosis; while statements filled in gaps that might arise in jurors' minds as to why alleged victim was taken in for a medical examination, statements barely surpassed the test for relevancy, and the court was concerned that limiting instructions would not limit effectively the prejudice that statements would cause defendant, especially when the probative information that the prosecution sought from them was of limited value and could be acquired through less prejudicial means. Fed. R. Evid. 401, 403, 803(4).

## 3. Leon v. FedEx Ground Package System, Inc.

United States District Court, D. New Mexico. • February 01, 2016 • 313 F.R.D. 615 • 2016 WL 836999

**Case details**
**Motion type:** Motion in limine

> ⚖ **Outcome:** Accident register was admissible other-acts evidence

Evidence of other accidents was admissible other-acts evidence in wrongful-death action by widow of passenger who was riding in lessee's tractor-trailer, and who died in rear-end collision, even though other-acts evidence had potential impermissible side effect of allowing jury to infer criminal propensity; court could instruct jury to prevent it from using evidence for improper purpose. Fed. R. Evid. 105, 404(b).

## 🚩 4. U.S. v. Harry

United States District Court, D. New Mexico. • February 19, 2013 • 927 F.Supp.2d 1185 • 2013 WL 684646

**Case details**

**Trial level outcome:** Motion denied

Case No. 1:22-cv-01129-NYW-SBP    Document 311-3    filed 04/25/25    USDC Colorado
pg 13 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...    Table of contents

>  **Outcome:** Any prejudicial effect of text messages was not so great as to outweigh their probative value

In performing the Rule 403 balancing, court should give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value. Fed.Rules Evid.Rule 403, 28 U.S.C.A.

Any prejudicial effect, in prosecution for sexual abuse of an incapacitated person in Indian country, of text messages sent by defendant in response to messages sent by a witness, was not so great as to outweigh the probative value of the messages in demonstrating defendant's state of mind immediately after the alleged assault, even though the witness's messages had not been preserved. 18 U.S.C.A. SS 1153, 2242(2), 2246(2)(A); Fed.Rules Evid.Rule 403, 28 U.S.C.A.

---

### 5.  United States v. Folse

United States District Court, D. New Mexico.  •  October 29, 2015  •  163 F.Supp.3d 898  •  2015 WL 10383067

**Case details**
**Movant at trial level:** Plaintiff

>  **Outcome:** Government provided sufficient notice of letter, and its attempt to use it for legitimate purpose, as required for it to be admissible

Relevant evidence is inherently prejudicial; only unfair prejudice, substantially outweighing probative value, permits exclusion of relevant matter. Fed. R. Evid. 403.

Government provided sufficient notice of threatening letter allegedly authored by defendant to "Markus," who was roommate of alleged victim, and its attempt to use it for legitimate purpose, as required for it to be admissible in defendant's trial on charges of being a felon in possession of firearm, carjacking, and using, carrying, and brandishing firearm in relation to and in furtherance of a crime of violence, where government provided details on time and place of alleged bad acts, it provided that document, and it articulated that letter showed defendant's consciousness of guilt, which was relevant to issues such as motive, intent, plan, or knowledge. 18 U.S.C.A. SS 922(g)(1), 924(a)(2), 924(c), 2119; Fed. R. Evid. 404(b).

## Briefs & Memoranda (0)

No briefs and memoranda recommendations provided for this heading, but please review cases and secondary sources for additional recommendations.

## Secondary Sources (2)

### 1.  § 145 Joinder of Defendants

May 29, 2024  •  FPP § 145

Case No. 1:22-cv-01129-NYW-SBP    Document 311-3    filed 04/25/25    USDC Colorado
pg 14 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...    Table of contents

**2.** **§ 14:79. Appeal**

June 03, 2024 • ORFIELDS § 14:79

---

## B. Introduction of Character Evidence by Plaintiff's Counsel

## Cases (2)

---

### 1. Rivero v. Board of Regents of University of New Mexico

United States District Court, D. New Mexico. • March 07, 2019 • Not Reported in Fed. Supp. • 2019 WL 1085179



**Case details**
**Motion type:** Motion for summary judgment

The rules of evidence contemplate the admission of relevant evidence, and the exclusion of irrelevant and potentially prejudicial evidence. Train v. City of Albuquerque, 629 F.Supp.2d 1243, 1247 (D.N.M. 2009) (Browning, J.)(citing Fed. R. Evid. 401 , 402 & 403 ). Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401 . See United States v. Gutierrez-Castro, No. CR 10-2072 JB, 2011 WL 3503321, at *3 (D.N.M. Aug. 6, 2011) (Browning, J.)( Relevant evidence is evidence that has a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

---

### 2. U.S. v. Gilliland

United States Court of Appeals, Tenth Circuit. • November 22, 1978 • 586 F.2d 1384 • 3 Fed. R. Evid. Serv. 1614

**Case details**

**Appellate level outcome:** Reversed trial court's decision

---

Case No. 1:22-cv-01129-NYW-SBP    Document 311-3    filed 04/25/25    USDC Colorado
pg 15 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...    Table of contents

 **Outcome:** The Court of Appeals, Logan, Circuit Judge, held that: (1) Government could not turn defendant's eyewitness into a character witness by asking what kind of a man defendant was and then using such questions to bootstrap into the case evidence of defendant's prior convictions; (2) prior Dyer convictions could not be used to show intent, plan, scheme or design; (3) prior convictions, which were obtained 14 to 34 years before instant offense, could not be used to impeach defendant where no notice of intent was furnished, and (4) inquiries of stepson as to why defendant would not tell government agent that he had been in a bar, that stepson was with him, and "the truth" and prosecution's comments thereon constituted improper comments on right to remain silent and, when combined with improper use of prior convictions, constituted plain error requiring reversal, notwithstanding other evidence of guilt.

Trial judge has a duty of continuing surveillance as to whether prejudicial effect of evidence offered to rebut character evidence outweighs its probative value. Fed.Rules Evid. rules 404(a)(1), 405(a), 28 U.S.C.A.

Government could not turn defendant's eyewitness into a character witness by asking what kind of a man defendant was and then use those questions to bootstrap into the case evidence of defendant's prior convictions, which evidence it was prohibited from using in its case-in-chief. Fed.Rules Evid. rules 404(a)(1), 405(a), 28 U.S.C.A.

## Briefs & Memoranda (0)

No briefs and memoranda recommendations provided for this heading, but please review cases and secondary sources for additional recommendations.

## Secondary Sources (2)

**1. § 103:4 Rule 103:4: error in admitting: waiver of right to object by other than failure to make; invited error, door opening**
November 08, 2024 • FEDEVID § 103:4

**2. § 223 Prejudicial Joinder of Offenses**
May 29, 2024 • FPP § 223

## A. Social Media Evidence Admissibility.

## Cases (5)

**1. Banks v. Jackson**
United States District Court, D. Colorado. • September 13, 2021 • Not Reported in Fed. Supp. • 2021 WL 4149618

**Case details**
**Motion type:** Motion to strike
**Movant at trial level:** Plaintiff

Here, Plaintiffs operative pleading alleges that, starting around June 2018, and continuing, again, on three subsequent occasions November 18, 2018, July 10, 2020, and July 14, 2020 Mr. Jackson post[ed] on social media defamatory, false and slanderous statements about the named Plaintiffs. (Am. Compl. 2, 6-9, 25-27, 30-36.) Plaintiffs allege that they first discovered certain of the social media postings at issue in August 2019. ( Id. at 3 .) Accepting these allegations as true, and construing them in Plaintiffs favor, the statute of limitations began running on Plaintiffs claims, no earlier than August 2019.

> **This Recommendation relates to cases already cited in the analyzed document**
> 🚩 U.S. v. Hassan 742 F.3d 104
> 🚩 Roberts v. McAfee, Inc. 660 F.3d 1156

---

🚩 ## 2. **Moody v. NetChoice, LLC**

Supreme Court of the United States.  •  July 01, 2024  •  603 U.S. 707  •  144 S.Ct. 2383

🏛 High court     🕐 Last 2 years

**Case details**
**Motion type:** Motion for preliminary injunction     **Trial level outcome:** Motion granted
**Movant at trial level:** Plaintiff     **Highest level outcome:** Reversed appellate court's decision

> ⚒ **Outcome:** In determining likelihood of success on claims that Florida and Texas statutes were facially invalid under First Amendment, as factor in deciding whether to preliminarily enjoin enforcement of statutes, lower courts failed to address full range of activities covered by statutes

In determining likelihood of success on claims that Florida and Texas statutes curtailing internet platforms' capacity to engage in content moderation were facially invalid under First Amendment's free-speech protections, as factor in deciding whether to preliminarily enjoin enforcement of statutes, lower courts were required to address full range of activities covered by statutes; lower courts and parties treated statutes as having certain heartland applications, mostly confined to how statutes applied to major social media platforms' content-moderation practices on their best-known services, and failed to consider other applications, such as how statutes applied to email provider filtering incoming messages or how online marketplace displayed customer reviews. U.S. Const. Amend. 1; Fla. Stat. Ann. SS 501.2041(1)(b), 501.2041(2)(b), 501.2041(2)(d)(1), 501.2041(2)(h), 501.2041(2)(j), 501.2041(3); Tex. Bus. & C. Code S 120.103(a)(1), 120.103(a)(2), 120.104; Tex. Civ. Prac. & Rem. Code Ann. SS 143A.001(1), 143A.002(a), 143A.006.

Case No. 1:22-cv-01129-NYW-SBP   Document 311-3   filed 04/25/25   USDC Colorado   pg 17 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...

Table of contents

> **This Recommendation relates to cases already cited in the analyzed document**
>
> ⚑  U.S. v. Hassan 742 F.3d 104
>
> ⚑  Roberts v. McAfee, Inc. 660 F.3d 1156

---

### 3. Banks v. Jackson

United States District Court, D. Colorado. • May 09, 2022 • Not Reported in Fed. Supp. • 2022 WL 1451904

**Case details**
**Motion type:** Motion for summary judgment

In this case, to the extent that Plaintiffs argue that Mr. Jackson's statements were false, any evidence supporting that assertion has no direct bearing on whether Mr. Jackson harbored a good faith belief that his statements were true at the time that he published them. See Miles v. Nat'l Enquirer, Inc., 38 F. Supp. 2d 1226, 1230 (D. Colo. 1999) (granting a defendant's motion for summary judgment on a defamation claim arising from a journalist's publication of statements suggesting that the plaintiff was a pedophile, where the entire record convincingly showed that the reporters believed their statements to be true ). Indeed, the record is replete with evidence suggesting that Mr. Jackson has never waivered in his belief that the Church is a cult, that Rose Banks mishandled the Church's finances, or that Lamont Banks is almost a sex offender. ( See, e.g. , Doc. No. 112-9 at 4 ( I have not lied about anything. ), ( That definitely is my position because it is the truth. ), ( I know it is true. ); Doc. No. 112-10 at 5 ( Because the actions from Pastor Rose Banks include witchcraft.

> **This Recommendation relates to cases already cited in the analyzed document**
>
> ⚑  U.S. v. Hassan 742 F.3d 104
>
> ⚑  Roberts v. McAfee, Inc. 660 F.3d 1156

---

### 4. Goode v. Gaia, Inc.

United States District Court, D. Colorado. • November 01, 2023 • Slip Copy • 2023 WL 7190732

🕐 Last 2 years

**Case details**
**Motion type:** Motion to dismiss          **Trial level outcome:** Motion granted
**Movant at trial level:** Defendant

Plaintiffs also allege that Defendants High, Zavodnick, Montalbano, Weidner and Gaia consistently tag Mr. Goode and use the Goode Marks in their Social Media posts to ride off of the notoriety and reach of Mr. Goode's followers. All four [sic] make repeated misuse of the Goode Marks while defaming and harassing Goode further harming Goode by spreading untruths and baseless statements while bolstering their viewership through the use of tagging on various social media platforms. Second Am. Compl. [#111] 58. They also point to Montalbano's Answer in which she admits to encouraging people to like, subscribe, and share YouTube channels and videos of interest.

---

Case No. 1:22-cv-01129-NYW-SBP    Document 311-3    filed 04/25/25    USDC Colorado
pg 18 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...    Table of contents

**This Recommendation relates to cases already cited in the analyzed document**

⚑  U.S. v. Hassan 742 F.3d 104

⚑  Roberts v. McAfee, Inc. 660 F.3d 1156

---

## 5.  Spacecon Specialty Contractors, LLC v. Bensinger

United States Court of Appeals, Tenth Circuit.  •  April 15, 2013  •  713 F.3d 1028  •  2013 WL 1558469

👓

**Case details**

**Motion type:** Motion for summary judgment      **Trial level outcome:** Motion granted

**Movant at trial level:** Defendant      **Appellate level outcome:** Upheld trial court's decision

> ⚒  **Outcome:** Filmmaker's allegedly false statements were a matter of public concern, giving rise to actual malice standard

Under Colorado law, in determining whether statements involve a matter of public concern, a court in a defamation action must analyze the content, form, and context of the statements, in conjunction with the motivation or point of the statements as revealed by the whole record; the balance should be struck in favor of a private plaintiff if his or her reputation has been injured by a non-media defendant in a purely private context.

Filmmaker's allegedly false statements regarding construction contractor's use of foreign workers was a matter of public concern, and, thus, actual malice standard was applicable to contractor's defamation claim against filmmaker under Colorado law, where messages conveyed by the film, alleging racial and ethnic discrimination and abuse by contractor of hundreds of individuals, had the potential to impact many members of the public or the public as a whole, and screening of the film was organized and sponsored in part by members of city council and included a speech by a councilman discussing significant social issues addressed by the film.

**This Recommendation relates to cases already cited in the analyzed document**

⚑  U.S. v. Hassan 742 F.3d 104

⚑  Roberts v. McAfee, Inc. 660 F.3d 1156

## Briefs & Memoranda (2)

### 1.  Brief of Defendants-Appellees Nbcuniversal Media LLC, Cbs Interactive Inc., Mint Software Inc., Evolve Media Corporation, and Investinganswers, Inc.

United States Court of Appeals, Seventh Circuit.  •  February 28, 2013  •  2013 WL 874938

Case No. 1:22-cv-01129-NYW-SBP    Document 311-3    filed 04/25/25    USDC Colorado
pg 19 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...          Table of contents

**2.** **Defendant's Reply Suggestions in Support of its Motion for Summary Judgment**

United States District Court, W.D. Missouri, Southern Division.  •  April 05, 2021  •  2021 WL 4813683

## Secondary Sources (2)

**1.** **Affirmative Defenses In Libel Actions**

November 05, 2024  •  22 AMJUR POF 3d 305

**2.** **Libel Actions by Public Officials**

February 04, 2025  •  17 AMJUR TRIALS 223

## B. Religious Beliefs Evidence Under Rule 610.

### Cases (0)

No case recommendations provided for this heading, but please review briefs and secondary sources for additional recommendations.

### Briefs & Memoranda (0)

No briefs and memoranda recommendations provided for this heading, but please review cases and secondary sources for additional recommendations.

### Secondary Sources (2)

**1.** **§ 4:47. Judicial review of awards for excessiveness**

November 13, 2024  •  STEIN TREATISE § 4:47

**2.** **§ 56:55. The ratio guidepost in the lower courts**

November 04, 2024  •  BUSCOMLIT § 56:55

## C. Non-Hearsay Treatment of Background Documents

### Cases (5)

Case No. 1:22-cv-01129-NYW-SBP    Document 311-3    filed 04/25/25    USDC Colorado
pg 20 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...    Table of contents

## 1. Brokers' Choice of America, Inc. v. NBC Universal, Inc.

United States Court of Appeals, Tenth Circuit.  •  June 28, 2017  •  861 F.3d 1081  •  2017 WL 2785352

Frequently cited

### Case details

**Motion type:** Motion to dismiss

**Movant at trial level:** Defendant

**Trial level outcome:** Motion granted

**Appellate level outcome:** Upheld trial court's decision

> **Outcome:** Court of Appeals' prior decision did not preclude network from challenging legal sufficiency of organization's claim under law of the case doctrine

For purpose of a defamation action, to be material, an alleged falsehood must be likely to cause reasonable people to think significantly less favorably about the plaintiff than they would if they knew the truth.

Court of Appeals' prior decision holding that insurance industry marketing organization's complaint against television network stated a plausible claim for defamation did not preclude network from challenging legal sufficiency of organization's claim on remand to district court under law of the case doctrine, in action arising out of network's investigative news show episode that used excerpts and information from seminar that organization presented to teach insurance agents how to sell annuities to seniors, where addition of once-privileged seminar recording as exhibit on remand qualified as new evidence, and addition of seminar recording caused the issue before the district court to change from comparing each statement made in episode to the factual assertions in organization's complaint, to considering whether there was any dispute between the allegations in the complaint and the content of the seminar recording.

> **This Recommendation relates to cases already cited in the analyzed document**
>
> New York Times Co. v. Sullivan 376 U.S. 254
>
> U.S. v. Cesareo-Ayala 576 F.3d 1120
>
> U.S. v. Caraway 534 F.3d 1290
>
> U.S. v. Jones 530 F.3d 1292

## 2. United States v. Woody

United States District Court, D. New Mexico.  •  June 16, 2020  •  336 F.R.D. 293  •  2020 WL 3266056

### Case details

**Motion type:** Plea challenge or motion

**Movant at trial level:** Plaintiff

Rule on the exclusion of relevant evidence due to prejudice directs evidence's exclusion not merely when the evidence's prejudice is greater than its probative value, but rather when the danger of that prejudice substantially outweighs the evidence's probative value, and the court must also give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value. Fed. R. Evid. 403.

Case No. 1:22-cv-01129-NYW-SBP    Document 311-3    filed 04/25/25    USDC Colorado    pg 21 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...    Table of contents

Probative value of testimony regarding defendant's alleged past sexual abuse of child victims outweighed danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence at trial on charges of aggravated sexual abuse and abusive sexual contact; prosecution likely could prove the uncharged conduct by a preponderance of the evidence, evidence that defendant repeatedly abused alleged victims in a similar manner on other occasions made the charged acts more likely to have occurred, and other available evidence was not any less prejudicial than the proposed acts evidence. Fed. R. Evid. 403.

**This Recommendation relates to cases already cited in the analyzed document**

🚩 New York Times Co. v. Sullivan 376 U.S. 254
   U.S. v. Cesareo-Ayala 576 F.3d 1120

🚩 U.S. v. Caraway 534 F.3d 1290

🚩 U.S. v. Jones 530 F.3d 1292

---

🚩 ### 3. Peshlakai v. Ruiz

United States District Court, D. New Mexico. • August 08, 2014 • 39 F.Supp.3d 1264 • 2014 WL 4104674

**Case details**
**Motion type:** Motion in limine
**Movant at trial level:** Multiple movants

Under rule requiring exclusion of evidence if its probative value is outweighed by its prejudicial effect, trial court must weigh proffered evidence's probative value against its potential for unfair prejudice. Fed.Rules Evid.Rule 403, 28 U.S.C.A.

Rule providing for exclusion of evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing issues, misleading jury, undue delay, wasting time, or needlessly presenting cumulative evidence did not require exclusion of evidence of restaurant's prior conduct in responding to guest reports of overservice of alcohol to patrons in action alleging dram-shop liability and negligence; court could control any risks by use of limiting instructions. Fed.Rules Evid.Rule 403, 28 U.S.C.A.

**This Recommendation relates to cases already cited in the analyzed document**

🚩 New York Times Co. v. Sullivan 376 U.S. 254
   U.S. v. Cesareo-Ayala 576 F.3d 1120

🚩 U.S. v. Caraway 534 F.3d 1290

🚩 U.S. v. Jones 530 F.3d 1292

---

🚩 ### 4. U.S. v. Ballou

United States District Court, D. New Mexico. • October 16, 2014 • 59 F.Supp.3d 1038 • 2014 WL 6065639

**Case details**

**Motion type:** Motion in limine

**Movant at trial level:** Plaintiff

Evidence is not unfairly prejudicial merely because it damages a party's case; rather, to be unfairly prejudicial, the evidence must have an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one. Fed.Rules Evid.Rule 403, 28 U.S.C.A.

Probative value of testimony about patient's prior altercations with Veterans Affairs (VA) hospital staff, to show nurse's state of mind at time of assault of patient and to show patient's animus towards the VA hospital staff, outweighed danger of unfair prejudice; patient was not a party to the case, so prejudice "against him" was not a major issue, and danger that jury would make of character-propensity inferences was minimal. Fed.Rules Evid.Rules 403, 404(b), 28 U.S.C.A.

> **This Recommendation relates to cases already cited in the analyzed document**
>
> 🚩 New York Times Co. v. Sullivan 376 U.S. 254
>
>     U.S. v. Cesareo-Ayala 576 F.3d 1120
>
> 🚩 U.S. v. Caraway 534 F.3d 1290
>
> 🚩 U.S. v. Jones 530 F.3d 1292

## 5. **U.S. v. Rodella**

United States District Court, D. New Mexico.  •  April 21, 2015  •  101 F.Supp.3d 1075  •  2015 WL 1906117

**Case details**

**Trial level outcome:** Motion denied

In balancing the probative value of evidence and the danger of unfair prejudice, the court should give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value. Fed.Rules Evid.Rule 403, 28 U.S.C.A.

Prejudicial effect of prior-acts evidence did not substantially outweigh its probative value, so as to warrant exclusion of such evidence during trial of defendant, a former sheriff, for willfully subjecting a person to deprivation of Constitutional rights; prior incidents were highly probative to defendant's willfulness, which was essential issue in case, as each of the prior acts, and charged incident, involved defendant driving in aggressive manner, or in manner that would provoke other drivers, and then asserting his authority when another driver showed some sign of disrespect. 18 U.S.C.A. S 242; Fed.Rules Evid.Rule 403, 28 U.S.C.A.

> **This Recommendation relates to cases already cited in the analyzed document**
>
> 🚩 New York Times Co. v. Sullivan 376 U.S. 254
>
>     U.S. v. Cesareo-Ayala 576 F.3d 1120
>
> 🚩 U.S. v. Caraway 534 F.3d 1290
>
> 🚩 U.S. v. Jones 530 F.3d 1292

## Briefs & Memoranda (2)

Case No. 1:22-cv-01129-NYW-SBP    Document 311-3    filed 04/25/25    USDC Colorado    pg 23 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...    Table of contents

**1. Memorandum of Law in Support of Motion to Dismiss of Defendants First Look Media Works, Inc. and Matthew Cole**

United States District Court, S.D. New York. • February 11, 2022 • 2022 WL 3045249

**2. Appellee's Answer Brief**

United States Court of Appeals, Tenth Circuit. • September 01, 2017 • 2017 WL 3842975

## Secondary Sources (2)

**1. Proof of Facts Establishing Affirmative Defenses Against a Claim for Defamation**

November 05, 2024 • 99 AMJUR POF 3d 393

**2. Proof of Facts Establishing a Party's Entitlement to Punitive Damages in a Defamation Cause of Action**

November 05, 2024 • 104 AMJUR POF 3d 221

## A. Authentication and Chain of Evidence

## Cases (4)

**1. Skinner v. Garry**

United States District Court, D. Maryland. • August 18, 2020 • Not Reported in Fed. Supp. • 2020 WL 4784768

**Case details**

**Motion type:** Motion to compel          **Trial level outcome:** Motion denied

In the Fourth Circuit, when a challenge to venue is raised under Rule 12(b)(3) , the plaintiff bears the burden of demonstrating that venue is appropriate. Bartholomew v. Va. Chiropractors Ass'n, 612 F.2d 812, 816 (4th Cir. 1979) , cert. denied , 446 U.S. 938, 100 S.Ct. 2158, 64 L.Ed.2d 791 (1980) , overruled on other grounds by Union Labor Life Ins. Co. v. Pireno, 458 U.S. 119, 102 S.Ct. 3002, 73 L.Ed.2d 647 (1982) ; accord Tinoco v. Thesis Painting, Inc., GJH-16-752, 2017 WL 52554, at *2 (D. Md. Jan. 3, 2017) ; Jones v. Koons Auto. Inc., 752 F. Supp. 2d 670, 679 (D. Md. 2010) . If the court does not hold an evidentiary hearing, the plaintiff need only make a prima facie showing that venue is proper. CareFirst, Inc. v. Taylor, 235 F. Supp. 3d 724, 732 (D. Md. 2017) (citing Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004) ). In assessing whether there has been a prima facie venue showing, [the court views] the facts in the light most favorable to the plaintiff.

Case No. 1:22-cv-01129-NYW-SBP     Document 311-3     filed 04/25/25     USDC Colorado
pg 24 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...     Table of contents

## 2.  United States v. Perry

United States Court of Appeals, Fourth Circuit.  •  February 06, 2024  •  92 F.4th 500  •  2024 WL 438914

🕒 Last 2 years

**Case details**
**Motion type:** Sentencing or penalty phase motion or **Trial level outcome:** Motion denied
objection

**Appellate level outcome:** Upheld trial court's decision

⚒  **Outcome:** Evidence was sufficient to support conviction for possession of controlled substance

A within-Guidelines range sentence is presumptively reasonable. U.S.S.G. S 1B1.1 et seq.

Evidence was sufficient to support conviction for possession of controlled substance; along with drugs themselves, government presented to jury defendant's own statements admitting that police officer found "weed" on him. Comprehensive Drug Abuse Prevention and Control Act of 1970 S 404, 21 U.S.C.A. S 844(a).

---



## 3.  U.S. v. Vidacak

United States Court of Appeals, Fourth Circuit.  •  January 23, 2009  •  553 F.3d 344  •  2009 WL 153821

👥 Frequently cited

**Case details**

**Appellate level outcome:** Upheld trial court's decision

⚒  **Outcome:** Interpreter's translation of defendant's responses during interview for refugee application did not create an additional level of hearsay

The burden to authenticate evidence is not high, as only a prima facie showing is required. Fed.Rules Evid.Rule 901, 28 U.S.C.A.

Serbian interpreter used in immigrant defendant's interview with immigration officer was a language conduit, rather than a declarant, and therefore interpreter's translation of defendant's responses did not create an additional level of hearsay, for purposes of determining whether immigration officer's testimony about the interview was admissible; interpreter was an employee of refugee aid organization, which was an independent United Nations-funded agency that assisted refugees, there was no indication that interpreter was selected by the United States government, and there was no evidence suggesting that interpreter harbored any bias against defendant, or that she had any motive to mislead or distort.

---

Case No. 1:22-cv-01129-NYW-SBP     Document 311-3     filed 04/25/25     USDC Colorado
pg 25 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...          Table of contents

### 4. Davis v. Bishop

United States District Court, D. Maryland.  •  June 27, 2022  •  Not Reported in Fed. Supp.  •  2022 WL 2315724

**Case details**

**Trial level outcome:** Motion granted

To prevail on a claim under Brady v. Maryland, a petitioner must establish: (1) the evidence at issue is favorable, either because it is exculpatory, or because it is impeaching; (2) that evidence was suppressed by the State, either willfully or inadvertently; and (3) prejudice ensued. See Juniper v. Zook, 876 F.3d 551, 564 (4th Cir. 2017) , citing Banks v. Dretke, 540 U.S. 668, 691, (2004) . Suppressed, exculpatory evidence is material if it could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict. Kyles v. Whitley, 514 U.S. 419, 435 (1995) . To establish materiality, a petitioner must show that there is a reasonable probability that the result of the trial would have been different if the suppressed documents had been disclosed to the defense.

## Briefs & Memoranda (0)

No briefs and memoranda recommendations provided for this heading, but please review cases and secondary sources for additional recommendations.

## Secondary Sources (2)

### 1. Proof of Instant Message, Blog, or Chat as Evidence
November 05, 2024  •  100 AMJUR POF 3d 89

### 2. Facebook, MySpace, LinkedIn, Twitter, and Other Social Media in Trials
February 04, 2025  •  122 AMJUR TRIALS 421

## B. Limiting Instructions and Jury Management

## Cases (2)

### 1. United States v. Herrera

United States Court of Appeals, Tenth Circuit.  •  October 27, 2022  •  51 F.4th 1226  •  2022 WL 15219199

**Case details**
**Motion type:** Post-trial hearing motion          **Appellate level outcome:** Upheld trial court's decision

To obtain reversal of an order denying severance of defendants, a party must show actual prejudice outweighing the expense and inconvenience of separate trials and inadequacy of less drastic means to cure potential prejudice (like limiting instructions). Fed. R. Crim. P. 14.

Even if actual prejudice to defendants from use of out-of-court recorded statements of other co-defendants had existed, district court enjoyed discretion to alleviate the prejudice through limiting instructions, and thus, severance of defendants' trials from that of their co-defendants was not warranted, in prosecution of all defendants for violating Violent Crimes in Aid of Racketeering Act (VICAR) by participating in murder of fellow inmate on behalf of prison gang; although district court did issue many limiting instructions about the recordings, including each time a recording was admitted, given the discrete timing of the recordings and the repeated issuance of the same limiting instructions, the court could reasonably credit the jury's ability to follow the limiting instructions. 18 U.S.C.A. S 1959; Fed. R. Crim. P. 14.

---

### 2. United States v. Garcia

United States Court of Appeals, Tenth Circuit. • July 05, 2023 • 74 F.4th 1073 • 2023 WL 4341599

🕐 Last 2 years

**Case details**
**Motion type:** Pre-trial hearing motion

> ⚖ **Outcome:** Defendants were not entitled to severance of trials

Court of Appeals reviews de novo denial of judgment of acquittal for insufficient evidence. Fed. R. Crim. P. 29.

Graphic photographs of burned body admitted in prosecution of gang members for killing outside prison were insufficient to entitle other gang members to severance of their prosecutions for murders inside prison under Violent Crimes in Aid of Racketeering (VICAR) Act; government needed to prove that gang was an "enterprise" engaged in a series of illicit conduct that affected interstate commerce, proof of some of gang's conduct outside of prison was particularly relevant, instructions limited use of the evidence, and jury delivered mixed verdict indicating it dutifully evaluated the evidence as to each defendant and as to each count. 18 U.S.C.A. S 1959; Fed. R. Crim. P. 14.

## Briefs & Memoranda (0)

No briefs and memoranda recommendations provided for this heading, but please review cases and secondary sources for additional recommendations.

## Secondary Sources (2)

### 1. Proof of Unpaid Overtime Under Fair Labor Standards Act

November 05, 2024 • 107 AMJUR POF 3d 1

Case No. 1:22-cv-01129-NYW-SBP    Document 311-3    filed 04/25/25    USDC Colorado
pg 27 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...    Table of contents

2. **§ 145 Joinder of Defendants**

May 29, 2024 • FPP § 145

## C. Temporal Considerations

### Cases (5)

1. **Chastain v. Hodgdon**

United States District Court, D. Kansas. • August 15, 2016 • 202 F.Supp.3d 1216 • 2016 WL 4273286

**Case details**

**Motion type:** Motion to dismiss                    **Trial level outcome:** Motion denied

**Movant at trial level:** Defendant

To establish actual malice under Kansas law concerning conditionally privileged information about public officials regarding matters of public concern, a plaintiff must allege facts showing by clear and convincing evidence that the publication was made with actual knowledge that it was false or with reckless disregard of whether it was false or not.

To assert a claim for defamation under Kansas law, a plaintiff must plead facts that establish: (1) false and defamatory words, (2) communicated to a third person, (3) which injured plaintiff's reputation.

2. **Spacecon Specialty Contractors, LLC v. Bensinger**

United States Court of Appeals, Tenth Circuit. • April 15, 2013 • 713 F.3d 1028 • 2013 WL 1558469
👓

**Case details**

**Motion type:** Motion for summary judgment          **Trial level outcome:** Motion granted

**Movant at trial level:** Defendant                 **Appellate level outcome:** Upheld trial court's decision

> ✎ **Outcome:** Filmmaker's purported bias against contractor did not establish actual malice

Under Colorado law, whether a matter involved in a defamation action is of public concern must be determined on a case-by-case basis.

Under Colorado law, filmmaker's alleged bias against construction contractor was not clear and convincing evidence that filmmaker knew messages conveyed by documentary film about contractor's alleged use and abuse of foreign workers were false or entertained serious doubts as to whether they were true, as would establish actual malice, although filmmaker was a consultant for union, which paid for the film, and he delegated many of the critical film-making tasks to union members, knowing that union was embroiled

Case No. 1:22-cv-01129-NYW-SBP    Document 311-3    filed 04/25/25    USDC Colorado
pg 28 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...    Table of contents

in a campaign against contractor based on its alleged failure to pay employees area standards wages and benefits.

---

🚩    **3. Anaya v. CBS Broadcasting Inc.**

United States District Court, D. New Mexico.  •  May 29, 2009  •  626 F.Supp.2d 1158  •  2009 WL 1562537

👓

**Case details**

**Motion type:** Motion for summary judgment          **Trial level outcome:** Motion granted

**Movant at trial level:** Defendant

> ⚖    **Outcome:** By courting media attention, agent became a public figure

In defamation actions, public figures and public officials are required to show actual malice. U.S.C.A. Const.Amend. 1.

By courting media attention to publicize exonerating evidence, purchasing agent employed by government-run defense lab thrust herself into forefront of public controversy, making her "public figure" and requiring her to prove actual malice in action against national broadcast network alleging defamation with respect to network's reporting on investigation into suspected improper purchases made by lab employees, including agent, using government credit cards; agent sought to influence outcome of investigation by seeking to publicize internal report conducted by lab exonerating her. U.S.C.A. Const.Amend. 1.

---

**4. Immanuel v. Cable News Network, Inc.**

United States District Court, S.D. Texas, Houston Division.  •  August 01, 2022  •  618 F.Supp.3d 557  •  2022 WL 3030290

**Case details**

**Motion type:** Motion to dismiss          **Trial level outcome:** Motion granted

**Movant at trial level:** Defendant

For a limited-purpose public figure to plead defamation under Texas law, they must allege clear and specific evidence of actual malice.

Physician became a limited-purpose public figure, for purposes of her Texas-law defamation claim against news organization, by publicly promoting the treatment of COVID-19 with hydroxychloroquine through actions that were bound to invite attention and comment, including by speaking publicly at a political gathering of like-minded doctors on the steps of the United States Supreme Court and by her online discussions about vaccinations and medicine in general.

---

Case No. 1:22-cv-01129-NYW-SBP   Document 311-3   filed 04/25/25   USDC Colorado
pg 29 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...                     Table of contents

**5.**  **American Muckrakers PAC, Inc. v. Boebert**

United States District Court, D. Colorado.  •  June 09, 2024  •  Slip Copy  •  2024 WL 3738932

🕐 Last 2 years

**Case details**
**Motion type:** Motion to amend

As of 2017, five reported cases from the Circuit Courts of Appeals [had] addressed the sufficiency of allegations of malice in public-figure libel actions after [ Iqbal-Twombly ] and [i]n each case, the appellate court affirmed Rule 12 dismissals in favor of the defendant because the plaintiff's allegation of malice did not meet the plausibility requirement. Id. at 717 n.73 (citing Michel v. NYP Holdings, Inc., 816 F.3d 686 (11th Cir. 2016) ; Biro v. Cond Nast, 807 F.3d 541 (2d Cir. 2015) ; Pippen v. NBCUniversal Media, LLC, 734 F.3d 610 (7th Cir. 2013) ; Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369 (4th Cir. 2012) ; Schatz v. Republican State Leadership Comm., 669 F.3d 50 (1st Cir. 2012) ).

## Briefs & Memoranda (0)

No briefs and memoranda recommendations provided for this heading, but please review cases and secondary sources for additional recommendations.

## Secondary Sources (2)

**1.**  **Proof of Facts Establishing Affirmative Defenses Against a Claim for Defamation**

November 05, 2024  •  99 AMJUR POF 3d 393

**2.**  **Proof of Facts Establishing a Party's Entitlement to Punitive Damages in a Defamation Cause of Action**

November 05, 2024  •  104 AMJUR POF 3d 221

## E. Curative Admissibility

## Cases (1)

**1.**  **United States v. Ojimba**

United States District Court, W.D. Oklahoma.  •  April 23, 2019  •  Not Reported in Fed. Supp.  •  2019 WL 1781419

**Case details**
**Motion type:** Motion to admit evidence          **Trial level outcome:** Motion denied

Case No. 1:22-cv-01129-NYW-SBP   Document 311-3   filed 04/25/25   USDC Colorado
pg 30 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...                    Table of contents

The doctrine of curative admissibility allows for the admission of evidence which is otherwise inadmissible. However, the use of this doctrine is limited to the prevention of prejudice and used only to the extent necessary to remove any unfair prejudice which might otherwise have ensued from the original evidence. United States v. Rucker, 188 Fed. Appx. 772, 778 (10th Cir. 2006) (citing United States v. Morales-Quinones, 812 F.2d 604, 609-10 (10th Cir. 1987) ). Curative admissibility applies only when other evidence has been improperly admitted. Brown, 730 Fed. Appx. 638, 652 n.3 (10th Cir. 2018) ; Rucker, 188 Fed. Appx. at 778-779 (citing Untied States v. Regents of N.M. Sch. of Mines, 185 F.2d 389, 391 (10th Cir. 950) ).

## Briefs & Memoranda (0)

No briefs and memoranda recommendations provided for this heading, but please review cases and secondary sources for additional recommendations.

## Secondary Sources (0)

No secondary source recommendations provided for this heading, but please review cases and briefs for additional recommendations.

## F. Constitutional Considerations

## Cases (1)

**1. Shanley v. Hutchings**

United States District Court, D. Utah.  •  February 08, 2024  •  716 F.Supp.3d 1179  •  2024 WL 496250

🕐 Last 2 years

**Case details**
**Motion type:** Motion for summary judgment
**Movant at trial level:** Defendant

The second element of a claim for tortious interference under Utah law-improper means-requires that the plaintiff prove that the defendant's means of interference were contrary to statutory, regulatory, or common law or violated an established standard of a trade or profession; such improper means include violence, threats or other intimidation, deceit or misrepresentation, bribery, unfounded litigation, defamation, or disparaging falsehood.

Absent a claim for defamation per se, a plaintiff alleging defamation under Utah law must prove special damages-damages that occur as a natural consequence of the harm done but which are not so certain to flow therefrom as to be implied in law.

## Briefs & Memoranda (0)

No briefs and memoranda recommendations provided for this heading, but please review cases and secondary sources for additional recommendations.

## Secondary Sources (2)

**1.  § 6:38. Potential responses—First Amendment—Opinions**

November 08, 2024  •  MABSL § 6:38

**2.  Libel Actions by Public Officials**

February 04, 2025  •  17 AMJUR TRIALS 223

# ⚑ 2. Warnings for cited authority

Verify that the authority cited within the analyzed document are still good law. Quick Check runs a full KeyCite check on all the citations imported from the document and displays any potential issues.

## Summary

| Treatment | ⚑🚩 Severely negative | 🔶 Overruling risk | 🚩 Negative | 🚩 Pending appeal | 🚩 No KeyCite treatment |
|---|---|---|---|---|---|
| **Cases (31)** | 4 | 0 | 21 | 0 | 6 |
| **Regulations (0)** | 0 | 0 | 0 | 0 | 0 |
| **Statutes (0)** | 0 | 0 | 0 | 0 | 0 |
| **Trial Court Orders (0)** | 0 | 0 | 0 | 0 | 0 |
| **Secondary Sources (0)** | 0 | 0 | 0 | 0 | 0 |
| **Administrative Decisions & Guidance (1)** | 0 | 0 | 0 | 0 | 1 |

## Cases (31)

⚑ **1. Gulino v. Board of Educ. of City School Dist. of City of New York**

United States District Court, S.D. New York.  •  November 25, 2002  •  236 F.Supp.2d 314  •  2002 WL 31654974

📅 10+ years

**Depth of discussion** ▰▰▰▱▱  Cited

> Affirmed in Part, Vacated in Part, Reversed in Part by Gulino v. New York State Educ. Dept. 2nd Cir. (N.Y.) August 17, 2006
> ...2006.Background: Employees of school district sued city board of education and state education department under Title VII and state laws, alleging that rights of African-American and Latino teachers were violated through imposition of requirement that they pass test to receive or retain teaching license. Following partial summary judgment, **236 F.Supp.2d 314** , the United States District Court for the Southern District of New York Constance Baker Motley, J., granted judgment in favor of defendants. Employees appealed.Holdings: The Court of Appeals Richard C. Wesley, Circuit Judge, held that:4(1) board did not delegate core employer responsibility to department...

Negative treatment:    Most recent    Distinguished (2)    All (6)

Case No. 1:22-cv-01129-NYW-SBP    Document 311-3    filed 04/25/25    USDC Colorado
pg 33 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...    Table of contents

⚑

## 2. Villarreal v. R.J. Reynolds Tobacco Co.

United States Court of Appeals, Eleventh Circuit.  •  November 30, 2015  •  806 F.3d 1288  •  2015 WL 7694939

**Depth of discussion** ▪▪▪▫  Cited

On Rehearing en Banc Villarreal v. R.J. Reynolds Tobacco Company 11th Cir.(Ga.) October 5, 2016 ...recover for discrimination in violation of Age Discrimination in Employment Act (ADEA). The United States District Court for the Northern District of Georgia Richard W. Story, J., 2013 WL 823055, dismissed the action, and denied motion to amend, 2013 WL 6191177 Applicant appealed. The Court of Appeals, Martin, Circuit Judge, **806 F.3d 1288** , reversed.Holdings: On rehearing en banc, the Court of Appeals, William Pryor, Circuit Judge, held that:(1) applicant could not bring disparate impact claim, and(2)applicant was not entitled to equitable tolling of disparate treatment claim.Affirmed in part and remanded.Jordan, Circuit Judge, filed opinion...

Negative treatment:    Most recent    Distinguished (0)    All (4)

⚑

## 3. Peterson v. Nelnet Diversified Solutions, LLC

United States District Court, D. Colorado.  •  September 03, 2019  •  400 F.Supp.3d 1122  •  2019 WL 4166998

**Depth of discussion** ▪▪▪▫  Cited

Reversed and Remanded by Peterson v. Nelnet Diversified Solutions, LLC 10th Cir.(Colo.) October 8, 2021 ...on behalf of himself and all current and former account managers and call center representatives, asserting claim under the Fair Labor Standards Act (FLSA) for unpaid overtime wages. The United States District Court for the District of Colorado Nina Y. Wang, United States Magistrate Judge, granted summary judgment to employer, **400 F.Supp.3d 1122** , and awarded costs to employer, 2020 WL 3978756 Representatives appealed.Holdings: The Court of Appeals, Moritz, Circuit Judge, held that:(1) preshift activities came within definition of "compensable work," and(2) employer failed to show that time spent by representatives on preshift activities was de minimis.Reversed...

Negative treatment:    Most recent    Distinguished (0)    All (2)

⚑

## 4. Jones v. Denver Post Corp.

United States Court of Appeals, Tenth Circuit.  •  February 10, 2000  •  203 F.3d 748  •  2000 WL 145386

🗓10+ years

**Depth of discussion** ▪▪▪▫  Cited

Abrogation Recognized by Brody v. Bruner as trustee of Bruner Family Trust 10th Cir.(Colo.) May 1, 2024 ...App. 2002) (analyzing civil conspiracy to breach a contract as a tort claim).2. Analysis Under § 13-17-201(1), a court must award a prevailing defendant attorney fees and costs when all the tort claims

Case No. 1:22-cv-01129-NYW-SBP    Document 311-3    filed 04/25/25    USDC Colorado    pg 34 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...    Table of contents

against that party were dismissed on a Rule 12(b)(6) motion. See **Jones, 203 F.3d at 757** Because the only claim against the BFT Defendants was dismissed on a Rule 12(b)(6) motion, and because the Colorado Supreme Court has said a civil conspiracy is a "tort claim[ ]," Glover, 498 P.3d at 1110, the district court did not abuse its...

Negative treatment:    Most recent    Distinguished (2)    All (16)

---

🚩    **5. U.S. v. Hassan**

United States Court of Appeals, Fourth Circuit.  •  February 04, 2014  •  742 F.3d 104  •  2014 WL 406768

📅 10+ years

**Depth of discussion** ▬▬▭▭  Cited

Post-Conviction Relief Granted by Sherifi v. United States  E.D.N.C. August 25, 2020
...§ 924(c) counts). The court granted petitioner's motion for downward variance from the Guidelines range of life imprisonment as to the conspiracy counts in part due to the mandatory consecutive sentence of 360 months' imprisonment on counts four and eight. Petitioner's convictions and sentence were affirmed on direct appeal. **United States v. Hassan, 742 F.3d 104 (4th Cir. 2014)** Notably, on May 10, 2013, petitioner was sentenced to life imprisonment in a separate federal criminal prosecution following convictions for conspiracy to commit murder for hire and related offenses. United States v. Sherifi, No. 7:12-CR-20-BR (E.D.N.C...

Negative treatment:    Most recent    Distinguished (4)    All (9)

---

🚩    **6. U.S. v. Caraway**

United States Court of Appeals, Tenth Circuit.  •  July 28, 2008  •  534 F.3d 1290  •  2008 WL 2877475

📅 10+ years

**Depth of discussion** ▬▬▭▭  Cited

Post-Conviction Relief Granted by United States v. Caraway  D.Kan. May 31, 2024
...Mr. Caraway filed a motion to vacate his 18 U.S.C. § 924(c) conviction and sentence on Count 3 under 28 U.S.C. § 2255. Doc. 167. After briefing and a hearing, the parties now agree...

Negative treatment:    Most recent    Distinguished (0)    All (3)

---

🚩    **7. Michelson v. U.S.**

Supreme Court of the United States  •  December 20, 1948  •  335 U.S. 469  •  69 S.Ct. 213

📅 10+ years

**Depth of discussion** ▬▬▬▭  Cited

---

Case No. 1:22-cv-01129-NYW-SBP     Document 311-3     filed 04/25/25     USDC Colorado
pg 35 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...     Table of contents

Superseded by Statute as Stated in People v. Jones  Cal.App. 2 Dist. July 28, 2005
...same way on this occasion. Without naming it, appellant has described propensity evidence, which is precisely what is permitted under section 1109 in cases involving domestic violence. (See People v. Johnson (2000) 77 Cal.App.4th 410, 419-420.)Relying upon the common law rule excluding propensity evidence, as discussed in **Michelson v. U.S. (1948) 335 U.S. 469, 475-476** , appellant claims that there is an " 'overriding policy' " of excluding such evidence, and that the trial court's reliance upon a state evidentiary rule to admit such evidence was a denial of his right to due process under the Fifth and Fourteenth Amendments...

Negative treatment:     Most recent     Distinguished (32)     All (45)

---

⚑  8.  **United States v. Begay**

United States District Court, D. New Mexico.  •  May 15, 2020  •  497 F.Supp.3d 1025  •  2020 WL 2514661
👓

**Depth of discussion** ▪▪▪  Discussed

Declined to Follow by Taylor v. City of Chicago  N.D.Ill. December 1, 2021
...report simply compares the actions of police interrogators to the indicia of false confessions described in the research. This is "a sound, accepted, and reliable methodology."Harris v. City of Chi., No. 14 C 4391, 2017 WL 2436316, at *9 (N.D. Ill. June 5, 2017) (St. Eve, J.). Defendants cite **United States v. Begay** , in which the court barred false confessions research on the ground that it lacks scientific accuracy. **497 F. Supp. 3d 1025, 1073–74 (D.N.M. 2020)** But multiple courts in this district have accepted expert testimony in the field of false confessions. See, e.g.Harris, 2017 WL 2436316...

Negative treatment:     Most recent     Distinguished (1)     All (2)

---

⚑  9.  **Brown v. Petrolite Corp.**

United States Court of Appeals, Fifth Circuit.  •  July 13, 1992  •  965 F.2d 38  •  1992 WL 141208
📅 10+ years

**Depth of discussion** ▪▪▫▫  Cited

Declined to Follow by Pulla v. Amoco Oil Co.  S.D.Iowa November 9, 1994
...Blair v. Boulger, 336 N.W.2d 337, 341 (N.D.1983)cert. denied,464 U.S. 995, 104 S.Ct. 491, 78 L.Ed.2d 685 (1983)State ex rel. Okla. Bar Ass'n v. Todd, 833 P.2d 260, 267 (Okla.1992)Time Out, Inc. v. Karras, 469 N.W.2d 380, 386 (S.D.1991) **Brown v. Petrolite Corp., 965 F.2d 38, 49–50 (5th Cir.1992) (applying Texas law** )Allard v. Ford Motor Credit Co., 139 Vt. 162, 422 A.2d 940, 942 (1980)Murray v. Hadid, 238 Va. 722, 385 S.E.2d 898, 905 (1989)Garnes v. Fleming Landfill, Inc., 186 W.Va. 656...

Case No. 1:22-cv-01129-NYW-SBP   Document 311-3   filed 04/25/25   USDC Colorado
pg 36 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...                    Table of contents

## 10. Perrin v. Anderson

United States Court of Appeals, Tenth Circuit.  •  February 27, 1986  •  784 F.2d 1040  •  19 Fed. R. Evid. Serv. 1564

📅 10+ years

**Depth of discussion** 🟩🟩⬜⬜  Cited

Declined to Follow by S.E.C. v. Morelli  S.D.N.Y. December 21, 1993
...has attacked defendants' character for truthfulness by bringing this action, they should be permitted to introduce evidence of defendants' truthful character under Fed.R.Evid. 600 In declining to follow the approach of the Fifth and Tenth Circuits set out in Carson v. Polley, 689 F.2d 562 (5th Cir.1982) and **Perrin v. Anderson, 784 F.2d 1040 (10th Cir.1986)** , the Court finds that despite the allegations in this case of what could constitute criminal conduct, character evidence under Fed.R.Evid. 404(a)(1) is not appropriate in this civil action. By its use of the term "accused" in subdivision (a), Rule...

Negative treatment:    Most recent    Distinguished (6)    All (12)

## 11. Roberts v. McAfee, Inc.

United States Court of Appeals, Ninth Circuit.  •  November 07, 2011  •  660 F.3d 1156  •  2011 WL 5304115

📅 10+ years

**Depth of discussion** 🟩🟩🟩⬜  Cited

Declined to Extend by Mireskandari v. Daily Mail and General Trust PLC  C.D.Cal. October 8, 2013
...Period Applies to All of Plaintiff's Content Claims Defendants contend that plaintiff's first, fourth, fifth, sixth, seventh, eighth, tenth, thirteenth and fourteenth 37 causes of action (his "content claims") are subject to a one-year statute of limitations because they are based on the publication of content. Defendants rely on **Roberts v. McAfee, Inc., 660 F.3d 1156, 1166 (9th Cir 2011)** , and McGuiness v. Motor Trend Magazine, 129 Cal.App.3d 59, 63 (1982)38 In **Roberts** , the Ninth Circuit affirmed the granting of a SLAPP motion and the striking of false light and defamation claims as barred by a one...

Negative treatment:    Most recent    Distinguished (2)    All (4)

## 12. U.S. v. Jones

United States Court of Appeals, Tenth Circuit.  •  July 08, 2008  •  530 F.3d 1292  •  2008 WL 2655800

📅 10+ years

**Depth of discussion** 🟩🟩⬜⬜  Cited

Declined to Extend by United States v. Herrera  10th Cir.(N.M.) October 27, 2022
...Baca haven't alleged good cause; so they've waived their appellate argument for severance. See United States v. White, 584 F.3d 935, 949 (10th Cir. 2009)Our caselaw has evolved on waiver under Rule 12

Granted, we have sometimes reviewed an unpreserved issue of severance for plain error. See, e.g. **United States v. Jones, 530 F.3d 1292, 1298 (10th Cir. 2008)** United States v. Iiland, 254 F.3d 1264, 1269 (10th Cir. 2001) But after these opinions, we clarified in United States v. Bowline that we will not conduct plain-error review for "an untimely Rule 12 argument" in the...

---

### 13. U.S. v. Cerno

United States Court of Appeals, Tenth Circuit. • June 24, 2008 • 529 F.3d 926 • 2008 WL 2502526

📅 10+ years

**Depth of discussion** 🟩🟩🟩⬜⬜  Cited

Declined to Extend by U.S. v. Corchado-Aguirre  10th Cir.(N.M.) October 19, 2015
...the sentence reduction for a defendant's substantial assistance under U.S.S.G. § 5K1.1 Id. at 1332 No such legal error occurred here. The district court correctly determined that under § 3553(a)(2)(B) it must consider deterrence in imposing sentence on Mr. Corchado–Aguirre.Mr. Corchado–Aguirre's reliance on **United States v. Cerno, 529 F.3d 926 (10th Cir.2008)** , is similarly unavailing. In **Cerno** , the district court refused to consider the amount of force used to commit aggravated sexual abuse, stating it was "not permitted" to do so. **Id. at 939** Because 18 U.S.C. § 3553(a)(1) states...

---

### 14. Lorraine v. Markel American Ins. Co.

United States District Court, D. Maryland. • May 04, 2007 • 241 F.R.D. 534 • 2007 WL 1300739

📅 10+ years

**Depth of discussion** 🟩🟩🟩⬜⬜  Cited

Declined to Extend by U.S. v. Lubich  U.S. Armed Forces May 3, 2013
...the reliability, accuracy, or trustworthiness of the data NCIS received from NMCI. Lubich urges the court to reverse the CCA and suggests we adopt the type of detailed analyses for the authentication of computerized data set forth in In re Vee Vinhnee, 336 B.R. 437 (9th Cir. BAP 2005), and **Lorraine v. Markel, 241 F.R.D. 534 (D.Md.2007)** 5 Lubich also relies on this Court's analysis for the authentication of video surveillance footage in United States v. Harris, 55 M.J. 433 (C.A.A.F.2001), as an example of the type of authentication process the court should require for the admission of computerized...

---

### 15. Bains LLC v. Arco Products Co., Div. of Atlantic Richfield Co.

United States Court of Appeals, Ninth Circuit. • April 19, 2005 • 405 F.3d 764 • 2005 WL 894657

📅 10+ years

**Depth of discussion** 🟩🟩⬜⬜⬜  Cited

Declined to Extend by Onyx Pharmaceuticals, Inc. v. Bayer Corp.  N.D.Cal. September 21, 2011

---

Case No. 1:22-cv-01129-NYW-SBP    Document 311-3    filed 04/25/25    USDC Colorado    pg 38 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...    Table of contents

...for its position that evidence of Bayer's other alleged wrongdoing cannot support punitive damages.See Reply at 9 (citing O'Neil v. Spillane, 45 Cal.App.3d 147, 161, 119 Cal.Rptr. 245 (1975)BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 580, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996) **Bains LLC v. Arco Prods. Co., 405 F.3d 764, 776–77 (9th Cir.2005)** Lew Wenzel & Co. of S. Cal., Inc. v. London Litho Supply Co., 563 F.2d 1367, 1368 (9th Cir.1977) However, these cases do not stand for the broad proposition that only evidence which is attached...

**Negative treatment:**    Most recent    Distinguished (3)    All (4)

---

🚩  **16.  U.S. v. Morales**

United States Court of Appeals, Tenth Circuit.  •  March 11, 1997  •  108 F.3d 1213  •  1997 WL 105027

📅 10+ years

**Depth of discussion** ■■■□ Cited

Declined to Extend by United States v. Diaz-Menera  10th Cir.(Okla.) February 28, 2023

...s direction to use the base offense level for the underlying offense from which the laundered funds were derived only if the defendant actually committed the underlying offense or would be responsible under the direct-commission subsection of the relevant-conduct guideline.7 Maintaining his counterargument, Diaz-Menera points to **United States v. Morales, 108 F.3d 1213 (10th Cir. 1997)** The defendant there was convicted of both money laundering and drug conspiracy. **Id. at 1215–16** And the district court calculated the Guidelines range based on the defendant's ''involvement in money laundering, rather than pursuant to his conviction of conspiracy...

**Negative treatment:**    Most recent    Distinguished (3)    All (5)

---

🚩  **17.  New York Times Co. v. Sullivan**

Supreme Court of the United States  •  March 09, 1964  •  376 U.S. 254  •  84 S.Ct. 710

📄 👓

📅 10+ years

**Depth of discussion** ■■■□ Cited

Called into Doubt by Jones v. BuzzFeed, Inc.  N.D.Ala. March 15, 2022

...shown through evidence that a defendant made the statement with knowledge that it was false or with reckless disregard for the truth. Id. (quoting Barnett v. Mobile County Pers. Bd., 536 So. 2d 46, 54 (Ala. 1988)[20][21][22]On the other hand, constitutional malice arises from decisions like **New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964)** 10 For a public official or figure to recover either compensatory or punitive damages, he must prove that the defendant published a defamatory statement with actual knowledge of its falsity or made with reckless...

**Negative treatment:**    Most recent    Distinguished (85)    All (121)

---

Case No. 1:22-cv-01129-NYW-SBP     Document 311-3     filed 04/25/25     USDC Colorado
pg 39 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...     Table of contents

---

⚑ **18.  U.S. v. Smalls**

United States Court of Appeals, Tenth Circuit.  •  May 03, 2010  •  605 F.3d 765  •  2010 WL 1745123

📅 10+ years

**Depth of discussion** 🟩🟩⬜⬜  Cited

> Distinguished by United States v. DeLeon  D.N.M. May 13, 2019
> ...by corroborating circumstances that clearly indicate its trustworthiness."Fed. R. Evid. 804(b)(3)(B)[23]
> [24]Rule 804(b)(3) embodies "the commonsense notion that reasonable people, even reasonable people
> who are not especially honest, tend not to make self-inculpatory statements unless they believe them
> to be true." **United States v. Smalls, 605 F.3d 765, 780-81 (10th Cir. 2010)** (internal quotation marks
> omitted)(quoting Williamson v. United States, 512 U.S. 594, 599, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994)
> The Tenth Circuit has said: "We may safely surmise that from time immemorial, only on the rarest...

**Negative treatment:**     Most recent     Distinguished (2)     All (2)

---

⚑ **19.  U.S. v. Lopez-Medina**

United States Court of Appeals, Tenth Circuit.  •  February 19, 2010  •  596 F.3d 716  •  2010 WL 569944

📅 10+ years

**Depth of discussion** 🟩🟩⬜⬜  Cited

> Distinguished by United States v. Woodard  11th Cir.(Fla.) November 30, 2016
> ...admit the factual basis of the plea agreement to impeach the substance of Reyes's testimony, not to
> clarify the terms of the plea deal. Thus, by his own argument Woodard was not entitled to introduction
> of the factual basis pursuant to Rule 106 Woodard cites in support of his argument **United States v.
> Lopez–Medina, 596 F.3d 716 (10th Cir. 2010)** , in which the Tenth Circuit held the factual basis of a
> plea agreement admissible under Rule 106 **Id. at 735** But that case is inapposite. There, the defendant
> introduced a co-defendant's plea agreement to suggest to the jury...

**Negative treatment:**     Most recent     Distinguished (4)     All (4)

---

⚑ **20.  World Wide Ass'n of Specialty Programs v. Pure, Inc.**

United States Court of Appeals, Tenth Circuit.  •  June 13, 2006  •  450 F.3d 1132  •  2006 WL 1617318

📅 10+ years

**Depth of discussion** 🟩🟩🟩  Discussed

> Distinguished by Diamond Ranch Academy, Inc. v. Filer  D.Utah February 17, 2016
> ...a law regulating such programs and requiring each program to be licensed by the state. And the
> issue has received attention at the federal level. See, e.g., U.S. Gov't Accountability Office, Residential

---

Case No. 1:22-cv-01129-NYW-SBP    Document 311-3    filed 04/25/25    USDC Colorado
pg 40 of 56
Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...          Table of contents

Treatment Programs: Concerns Regarding Abuse and Death in Certain Programs for Troubled Youth (Oct. 10, 2007); see also **World Wide Ass'n of Specialty Programs v. Pure, Inc. (WWASP), 450 F.3d 1132, 1137 (10th Cir. 2006** )"[I]t is clear that there exists a public controversy as to the most effective method of treating at-risk teenagers."Based on the above, the court finds that Ms. Filer has satisfied her...

---

🚩 **21. Lohrenz v. Donnelly**

United States Court of Appeals, District of Columbia Circuit.  •  December 12, 2003  •  350 F.3d 1272  •  2003 WL 22927418

📅 10+ years

**Depth of discussion** ▪▪▪▫▫  Cited

> Distinguished by Vasquez v. Whole Foods Market, Inc. D.D.C. March 28, 2023
> ...malice. The court, however, finds the actual malice standard inapplicable.A limited purpose public figure is a person who has "assumed a role of especial prominence in the affairs of society that invites attention and comment."Jankovic v. Int'l Crisis Grp., 822 F.3d 576, 585 (D.C. Cir. 2016) (quoting **Lohrenz v. Donnelly, 350 F.3d 1272, 1279 (D.C. Cir. 2003)** (cleaned up)). The court conducts a three-part inquiry to determine if a person so qualifies: "First, the court must identify the relevant controversy and determine whether it is a public controversy. Second, the plaintiff must have played a significant...

---

🚩 **22. Schwartz v. American College of Emergency Physicians**

United States Court of Appeals, Tenth Circuit.  •  June 15, 2000  •  215 F.3d 1140  •  2000 WL 797329

📅 10+ years

**Depth of discussion** ▪▪▪▫▫  Cited

> Distinguished by Appel v. Wolf S.D.Cal. November 9, 2021
> ...that the difference between Medicare fraud and securities fraud is not a minor or insignificant inaccuracy. Id.9 Appel distinguishes the cases Wolf relies on as showing his statement was true. Id. at 4.) The cases cited by Wolf involved inaccuracies that were insignificant or minor. Id.) He specifically addresses **Schwartz** , in which the statement that a physician was "being sued for stock fraud" was found substantially true based on the physician "being sued for making deceptive statements related to stock transactions."Id. (quoting **Schwartz v. Am. Coll. of Emergency Physicians, 215 F.3d 1140, 1147 (10th Cir. 2000)** )) Appel similarly...

---

🚩 **23. Jefferson County School Dist. No. R-1 v. Moody's Investor's Services, Inc.**

United States Court of Appeals, Tenth Circuit.  •  May 04, 1999  •  175 F.3d 848  •  1999 WL 270398

📅 10+ years

**Depth of discussion** ▪▪▪▫▫  Cited

---

Distinguished by Niman v. GPS USA, Inc  D.Colo. April 27, 2015

...first point, in addition to the fact that this is the first mention of any First Amendment defense in this case, the argument is clearly misplaced here. Although defendants are correct that a plaintiff cannot succeed on a tortious interference claim predicated on speech protected by the First Amendment, see **Jefferson Cnty. Sch. Dist. No. R–1 v. Moody's Investor's Servs., Inc., 175 F.3d 848 (10th Cir. 1999)** , they make no real argument for why any of Mr. Swenson's speech was protected here.See ECF No. 144 at 17. As a general matter, ''the First Amendment is no bar to...

Negative treatment:     Most recent     Distinguished (7)     All (7)

---

⚑ **24. Robinson v. Missouri Pacific R. Co.**

United States Court of Appeals, Tenth Circuit.  •  February 15, 1994  •  16 F.3d 1083  •  1994 WL 48505

🗓 10+ years

**Depth of discussion** ▰▰▰▱▱ Cited

Distinguished by Wade v. Union Pacific Railroad Company  D.Colo. May 13, 2014

...1996)This is not a products liability case where a defect or lack of defect was at issue. Indeed, there was no claim that the LaCrosse boot was defective in either design or manufacture.2 Nor was this a case of ''malfunction'' outside of the products liability arena as in **Robinson v. Missouri Pacific R. Co., 16 F.3d 1083 (10th Cir.1994)** (defect in operation of railroad switch). As such, it is not automatic that the substantial similarity test applies—particularly given the matters at issue in this trial.The LaCrosse boot is an overboot—that is, it is worn...

Negative treatment:     Most recent     Distinguished (3)     All (3)

---

⚑ **25. U.S. v. Kalaydjian**

United States Court of Appeals, Second Circuit.  •  January 28, 1986  •  784 F.2d 53  •  19 Fed. R. Evid. Serv. 1037

🗓 10+ years

**Depth of discussion** ▰▰▰▱▱ Cited

Distinguished by U.S. v. Levy  E.D.N.Y. March 20, 2006

...participated directly with the defendant in prior criminal activity and, thus, the testimony was highly probative to establish how an illegal relationship later formed. See United States v. Rosa, 11 F.3d 315, 334 (2d Cir.1993)United States v. Roldan-Zapata, 916 F.2d 795, 804 (2d Cir.1990) **United States v. Kalaydjian, 784 F.2d 53, 56 n. 3 (2d Cir.1986)** United States v. Nektalov, 325 F.Supp.2d 367, 372 (S.D.N.Y.2004)United States v. Chen Xiang, No. S1 02 Cr. 271(RCC), 2003 WL 21180400, at *3 (S.D.N.Y. May 20, 2003)See also United States v. Dolney...

---

Case No. 1:22-cv-01129-NYW-SBP    Document 311-3    filed 04/25/25    USDC Colorado
pg 42 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...    Table of contents

**26.  U.S. v. Reaves**

United States Court of Appeals, Eighth Circuit.  •  August 12, 2011  •  649 F.3d 862  •  2011 WL 3518192

📅 10+ years

**Depth of discussion** ▬▬▭▭▭  Cited

---

**27.  Mata v. City of Farmington**

United States District Court, D. New Mexico.  •  June 17, 2011  •  798 F.Supp.2d 1215  •  2011 WL 2533090

📅 10+ years

**Depth of discussion** ▬▬▭▭▭  Cited

---

**28.  U.S. v. Cesareo-Ayala**

United States Court of Appeals, Tenth Circuit.  •  August 12, 2009  •  576 F.3d 1120  •  2009 WL 2450288

📅 10+ years

**Depth of discussion** ▬▬▭▭▭  Cited

---

**29.  Boeser v. Sharp**

United States District Court, D. Colorado.  •  May 14, 2007  •  Not Reported in F.Supp.2d  •  2007 WL 1430100

👓

📅 10+ years

**Depth of discussion** ▬▬▭▭▭  Cited

---

**30.  Ginter v. Northwestern Mut. Life Ins. Co.**

United States District Court, E.D. Kentucky, Covington Division. .  •  January 16, 1984  •  576 F.Supp. 627
•  15 Fed. R. Evid. Serv. 914

📅 10+ years

**Depth of discussion** ▬▬▬▭▭  Cited

---

**31.  U.S. v. Golden**

United States Court of Appeals, Tenth Circuit.  •  February 08, 1982  •  671 F.2d 369  •  9 Fed. R. Evid.
Serv. 1515

📅 10+ years

**Depth of discussion** ▬▬▭▭▭  Cited

---

## Trial Court Orders (0)

---

## Statutes (0)

## Regulations (0)

## Secondary Sources (0)

## Administrative Decisions & Guidance (1)

1. **LEE, DONGWOOK V. DEPARTMENT OF THE ARMY**

   PERSONNET  •  September 10, 2021  •  2021 WL 4133804  •  AT-1221-20-0216-W-3

   Infrequently cited

   **Depth of discussion**  ▬▬▭▭  Cited

## Unverified citations (0)

Case No. 1:22-cv-01129-NYW-SBP    Document 311-3    filed 04/25/25    USDC Colorado
pg 44 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...    Table of contents

# ❝ 3. Quotation analysis

Use Quotation analysis to compare quotations and surrounding context from the analyzed document to the language in the cited documents on Westlaw.

Key: | differences |

1.

> ✦ **Potential mischaracterization**
>
> The statement is potentially inaccurate because of a contextual inaccuracy. The brief suggests that the quoted phrase applies to all evidence, while the excerpt from U.S. v. Cerno indicates that the phrase is used in the context of the Rule 403 balancing test, which is a specific rule used to determine if evidence's probative value is substantially outweighed by the risk of unfair prejudice. The brief's context does not mention this specific application, potentially misleading the reader about the scope of the quoted phrase.

| **Quotation from the analyzed document** | 🚩 **U.S. v. Cerno** |
|---|---|
| | United States Court of Appeals, Tenth Circuit. • June 24, 2008 • 529 F.3d 926 |

...for the truth of its contents. See Fed. R. Evid. 801(c)(2) . The document is admissible solely to show the Defendants' state of mind and knowledge of information about Mr. Coomer prior to any alleged statements at issue. United States v. Cerno, 529 F.3d at 935 (trial courts must give evidence

❝ **"its maximum reasonable probative force and its minimum reasonable prejudicial value"**

). Rather, the document is offered to demonstrate: · The justification and reasonableness of Defendants' statements given publicly available information about Mr. Coomer; · The absence of actual malice; · That Defendants' conduct was not "extreme and outrageous" given the context....

...value of the evidence; the danger of that prejudice must substantially outweigh the evidence's probative value. See United States v. Tan, 254 F.3d 1204, 1212 (10th Cir.2001); SEC v. Peters, 978 F.2d 1162, 1171 (10th Cir.1992). In engaging in the requisite balancing, we "give the evidence

❝ **its maximum reasonable probative force and its minimum reasonable prejudicial value."**

Deters v. Equifax Credit Info. Servs., Inc., 202 F.3d 1262, 1274 (10th Cir.2000). Because district court judges have front-row seats during trial and extensive experience ruling on evidentiary issues, our review affords the district court "considerable discretion in performing the Rule 403...

Case No. 1:22-cv-01129-NYW-SBP    Document 311-3    filed 04/25/25    USDC Colorado
pg 45 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...

Table of contents

2.

| Quotation from the analyzed document |  **United States v. Begay** |
|---|---|
| | United States District Court, D. New Mexico. • May 15, 2020 • 497 F.Supp.3d 1025 |

...prohibits character evidence to prove conduct in conformity therewith, Rule 405(b) expressly permits evidence of specific instances of conduct when character is an essential element of a claim or defense. The Tenth Circuit has repeatedly reminded district courts that they should be "mindful" that

> **"exclusion of evidence under Rule 403 that is otherwise admissible under the other rules is an extraordinary remedy and should be used sparingly."**

United States v. Begay, 497 F. Supp. 3d 1025, 1052 (D.N.M. 2020) ; citing United States v. Smalls, 605 F.3d 765, 787 (10th Cir. 2010) . The trial court's discretion to balance possible unfair prejudice against probative value is broad. United States v. Begay, 497 F. Supp. 3d 1025, 1052 (D.N.M....

...probative value, which permits exclusion of relevant matter [under rule 403]." United States v. Pettigrew, 468 F.3d 626, 638 (10th Cir. 2006) (quoting United States v. Sides, 944 F.2d 1554, 1563 (10th Cir. 1991)). The Tenth Circuit has admonished district courts that they should be "mindful" that

> **"exclusion of evidence under Rule 403 that is otherwise admissible under the other rules is an extraordinary remedy and should be used sparingly."**

United States v. Smalls, 605 F.3d 765, 787 (10th Cir. 2010)The decision to admit or exclude evidence pursuant to rule 403 is within the trial court's discretion, see United States v. Lugo, 170 F.3d 996, 1005 (10th Cir. 1999), and the trial court's discretion to balance possible unfair prejudice...

Case No. 1:22-cv-01129-NYW-SBP    Document 311-3    filed 04/25/25    USDC Colorado
pg 46 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...    Table of contents

3.

| Quotation from the analyzed document | 🚩 **Perrin v. Anderson** |
|---|---|
| | United States Court of Appeals, Tenth Circuit. • February 27, 1986 • 784 F.2d 1040 |

...1139. In defamation actions particularly, courts routinely admit evidence probative of truthfulness given that a plaintiff's reputation and credibility are directly at issue. See Perrin v. Anderson, 784 F.2d 1040, 1045 (10th Cir. 1986) (noting character evidence is admissible when it constitutes

❝ **"an essential element of a charge, claim, or defense"**

). The District of Colorado has specifically addressed the admissibility of evidence showing untruthful conduct in similar contexts. In Ginter v. Northwestern Mut. Life Ins. Co., 576 F. Supp. 627, 630 (D. Colo. 1984), the court held that "where the focal issue in a case is the plaintiff's...

...is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.(b) Specific instances of conduct. In cases in which character or a trait of character of a person is

❝ **an essential element of a charge, claim, or defense,**

proof may also be made of specific instances of his conduct."Testimony concerning specific instances of conduct is the most convincing, of course, but it also "possesses the greatest capacity to arouse prejudice, to confuse, to surprise and to consume time." Fed.R.Evid. 405 advisory committee note....

4.

| Quotation from the analyzed document | 🚩 **U.S. v. Cerno** |
|---|---|
| | United States Court of Appeals, Tenth Circuit. • June 24, 2008 • 529 F.3d 926 |

...To aid consideration of such evidence in defamation cases, the Tenth Circuit has established three key principles: 1. Evidence is not unfairly prejudicial merely because it is damaging. Caraway, at 1301; see also United States v. Cerno, 529 F.3d at 935 (holding trial courts must give evidence

❝ **"its maximum reasonable probative force and its minimum reasonable prejudicial value"**

). 2. When evidence is critical to core issues and its probative value substantial to assess those issues, it should rarely be excluded under Rule 403 . See United States v. Begay, 497 F. Supp. 3d 1025, 1066 (D.N.M. 2020) (holding that prior uncharged acts were admissible because their...

...value of the evidence; the danger of that prejudice must substantially outweigh the evidence's probative value. See United States v. Tan, 254 F.3d 1204, 1212 (10th Cir.2001); SEC v. Peters, 978 F.2d 1162, 1171 (10th Cir.1992). In engaging in the requisite balancing, we "give the evidence

❝ **its maximum reasonable probative force and its minimum reasonable prejudicial value."**

Deters v. Equifax Credit Info. Servs., Inc., 202 F.3d 1262, 1274 (10th Cir.2000). Because district court judges have front-row seats during trial and extensive experience ruling on evidentiary issues, our review affords the district court "considerable discretion in performing the Rule 403...

Case No. 1:22-cv-01129-NYW-SBP       Document 311-3       filed 04/25/25       USDC Colorado
pg 47 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...

Table of contents

5.

**Quotation from the analyzed document**

...IN OPPOSITION TO PLAINTIFF'S
OMNIBUS MOTION IN LIMINE

PRELIMINARY STATEMENT Plaintiff Eric Coomer
has alleged that he suffered millions of dollars in
reputational damage based on alleged defamatory
statements and



> **"intentional infliction of emotional distress"**

caused by, what he claims, were Mr. Lindel's
alleged "extreme and outrageous" false statements.
Mr. Coomer also alleges that he suffered mental
anguish, reputational injuries, and emotional
damages. Despite these claims and purported
injuries, Mr. Coomer now asks the Court to prohibit
Defendants...

Quick Check was unable to match this
quotation to authority on Westlaw.

6.

**Quotation from the analyzed document**

...1025, 1052 (D.N.M. 2020) (citations omitted). The
Tenth Circuit has consistently held that character
evidence is particularly relevant in defamation cases
where reputation is directly at issue. See World Wide
Ass'n of Specialty Programs v. Pure, Inc., 450 F.3d
1132, 1139 (2006) (recognizing that



> **"reputation and character are inextricably
> intertwined"**

in defamation cases). Additionally, under Rule
608(b), specific instances of conduct may be
inquired into on cross-examination if probative of
truthfulness. New Mexico ex rel. Balderas v. Real
Estate Law Center, P.C., 409 F.Supp.3d 1122, 1128
(2019) (allowing cross-examination about specific...

Quick Check was unable to match this
quotation to authority on Westlaw.

Case No. 1:22-cv-01129-NYW-SBP    Document 311-3    filed 04/25/25    USDC Colorado
pg 48 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...        Table of contents

7.

| Quotation from the analyzed document |
| --- |

...(2019) (allowing cross-examination about specific instances of dishonesty). The Court must balance the probative value of evidence against the danger of unfair prejudice under Rule 403. However, evidence is not unfairly prejudicial merely because it damages a party's case – the evidence must have

> **"an undue tendency to suggest decision on an improper basis."**

Fed. R. Evid. 403 advisory committee notes. See also Mata v. City of Farmington, 798 F.Supp.2d 1215, 1227 (D.N.M. 2011) ("The prejudice must be unfair in the sense that it would affect the jury's ability to weigh the evidence rationally.") Rule 403 permits inclusion of evidence when the probative...

 Quick Check was unable to match this quotation to authority on Westlaw.

8.

| Quotation from the analyzed document |
| --- |

...However, evidence is not unfairly prejudicial merely because it damages a party's case – the evidence must have "an undue tendency to suggest decision on an improper basis." Fed. R. Evid. 403 advisory committee notes. See also Mata v. City of Farmington, 798 F.Supp.2d 1215, 1227 (D.N.M. 2011) (

> **"The prejudice must be unfair in the sense that it would affect the jury's ability to weigh the evidence rationally."**

) Rule 403 permits inclusion of evidence when the probative value is so crucial to a necessary issue that Mr. Coomer cannot show any prejudice "substantially outweighs" the probative value. See United States v. Cerno, 529 F.3d 926, 935 (10th Cir. 2008) . ARGUMENTI. Evidence of Mr. Coomer's...

Quick Check was unable to match this quotation to authority on Westlaw.

9.

**Quotation from the analyzed document**

..."an essential element of a charge, claim, or defense"). The District of Colorado has specifically addressed the admissibility of evidence showing untruthful conduct in similar contexts. In Ginter v. Northwestern Mut. Life Ins. Co., 576 F. Supp. 627, 630 (D. Colo. 1984) , the court held that

 **"where the focal issue in a case is the plaintiff's character... evidence of specific instances of conduct becomes admissible."**

Similarly, in Boeser v. Sharp (D. Colo. 2007), the court permitted evidence of specific instances of dishonesty when relevant to evaluating credibility. The body camera footage shows Mr. Coomer initially denying involvement in the accident before later admitting to it - conduct that directly...

Quick Check was unable to match this quotation to authority on Westlaw.

10.

**Quotation from the analyzed document**

...to damages claims); Peterson v. Nelnet Diversified Sols., LLC, 400 F.Supp.3d 1122, 1131 (D. Colo. 2019) (permitting discovery and use of social media posts in emotional distress case). B. Religious Beliefs Evidence Under Rule 610. While Rule 610 prohibits evidence of religious beliefs

 **"to attack or support the witness's credibility,"**

it does not bar such evidence when offered for other relevant purposes. See United States v. Hoffman, 806 F.3d 1288, 1295 (10th Cir. 2015) (distinguishing between prohibited credibility attacks and permissible non-credibility purposes). The advisory committee notes to Rule 610 clarify that the...

Quick Check was unable to match this quotation to authority on Westlaw.

Case No. 1:22-cv-01129-NYW-SBP     Document 311-3     filed 04/25/25     USDC Colorado
pg 50 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...                    Table of contents

11.

> **Quotation from the analyzed document**

...does not bar such evidence when offered for other relevant purposes. See United States v. Hoffman, 806 F.3d 1288, 1295 (10th Cir. 2015) (distinguishing between prohibited credibility attacks and permissible non-credibility purposes). The advisory committee notes to Rule 610 clarify that the rule

" **"does not bar evidence of religious beliefs when otherwise relevant."**

Fed. R. Evid. 601 , Advisory Notes. Here, Mr. Coomer's statements about religion are not being offered to attack credibility but rather to show (1) Mr. Coomer's pre-existing public persona and reputation, (2) context for Defendants' statements, and (3) alternative causes of Mr. Coomer's alleged...

 Quick Check was unable to match this quotation to authority on Westlaw.

### Unverified citations (0)

Case No. 1:22-cv-01129-NYW-SBP    Document 311-3    filed 04/25/25    USDC Colorado
pg 51 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...                    Table of contents

# ≣ 4. Table of authorities

Table of authorities contains the full list of all the authority cited in the document. Use this to quickly review all the cited authority in a document.

**Cases (34)**

---

⚑    **1.  Bains LLC v. Arco Products Co., Div. of Atlantic Richfield Co.**

United States Court of Appeals, Ninth Circuit.  •  April 19, 2005  •  405 F.3d 764  •  2005 WL 894657

**Depth of discussion** ▬▬▭▭  Cited

---

**2.  Boeser v. Sharp**

United States District Court, D. Colorado.  •  May 14, 2007  •  Not Reported in F.Supp.2d  •  2007 WL 1430100
👓

**Depth of discussion** ▬▬▭▭  Cited

---

⚑    **3.  Brown v. Petrolite Corp.**

United States Court of Appeals, Fifth Circuit.  •  July 13, 1992  •  965 F.2d 38  •  1992 WL 141208

**Depth of discussion** ▬▬▭▭  Cited

---

**4.  Ginter v. Northwestern Mut. Life Ins. Co.**

United States District Court, E.D. Kentucky, Covington Division. .  •  January 16, 1984  •  576 F.Supp. 627  •  15 Fed. R. Evid. Serv. 914

**Depth of discussion** ▬▬▬▭  Cited

---

⚑    **5.  Gulino v. Board of Educ. of City School Dist. of City of New York**

United States District Court, S.D. New York.  •  November 25, 2002  •  236 F.Supp.2d 314  •  2002 WL 31654974

**Depth of discussion** ▬▬▭▭  Cited

---

⚑    **6.  Jefferson County School Dist. No. R-1 v. Moody's Investor's Services, Inc.**

United States Court of Appeals, Tenth Circuit.  •  May 04, 1999  •  175 F.3d 848  •  1999 WL 270398

**Depth of discussion** ▬▬▭▭  Cited

---

Case No. 1:22-cv-01129-NYW-SBP     Document 311-3     filed 04/25/25     USDC Colorado
pg 52 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...                    Table of contents

**7.  Jones v. Denver Post Corp.**

United States Court of Appeals, Tenth Circuit.  •  February 10, 2000  •  203 F.3d 748  •  2000 WL 145386

**Depth of discussion** ▬▬▭▭  Cited

---

**8.  Lohrenz v. Donnelly**

United States Court of Appeals, District of Columbia Circuit.  •  December 12, 2003  •  350 F.3d 1272  •
2003 WL 22927418

**Depth of discussion** ▬▬▭▭  Cited

---

**9.  Lorraine v. Markel American Ins. Co.**

United States District Court, D. Maryland.  •  May 04, 2007  •  241 F.R.D. 534  •  2007 WL 1300739

**Depth of discussion** ▬▬▭▭  Cited

---

**10.  Mata v. City of Farmington**

United States District Court, D. New Mexico.  •  June 17, 2011  •  798 F.Supp.2d 1215  •  2011 WL 2533090

**Depth of discussion** ▬▬▭▭  Cited

---

**11.  Michelson v. U.S.**

Supreme Court of the United States  •  December 20, 1948  •  335 U.S. 469  •  69 S.Ct. 213

**Depth of discussion** ▬▬▭▭  Cited

---

**12.  New Mexico ex rel. Balderas v. Real Estate Law Center, P.C.**

United States District Court, D. New Mexico.  •  July 11, 2019  •  409 F.Supp.3d 1122  •  2019 WL 3037855

**Depth of discussion** ▬▬▭▭  Cited

---

**13.  New York Times Co. v. Sullivan**

Supreme Court of the United States  •  March 09, 1964  •  376 U.S. 254  •  84 S.Ct. 710

**Depth of discussion** ▬▬▭▭  Cited

---

Case No. 1:22-cv-01129-NYW-SBP    Document 311-3    filed 04/25/25    USDC Colorado
pg 53 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...    Table of contents

**14. Perrin v. Anderson**

United States Court of Appeals, Tenth Circuit.  •  February 27, 1986  •  784 F.2d 1040  •  19 Fed. R. Evid. Serv. 1564

**Depth of discussion** ▬▬▬ Cited

**15. Peterson v. Nelnet Diversified Solutions, LLC**

United States District Court, D. Colorado.  •  September 03, 2019  •  400 F.Supp.3d 1122  •  2019 WL 4166998

**Depth of discussion** ▬▬▬ Cited

**16. Roberts v. McAfee, Inc.**

United States Court of Appeals, Ninth Circuit.  •  November 07, 2011  •  660 F.3d 1156  •  2011 WL 5304115

**Depth of discussion** ▬▬▬ Cited

**17. Robinson v. Missouri Pacific R. Co.**

United States Court of Appeals, Tenth Circuit.  •  February 15, 1994  •  16 F.3d 1083  •  1994 WL 48505

**Depth of discussion** ▬▬▬ Cited

**18. Sanchez v. Duffy**

United States District Court, D. Colorado.  •  November 15, 2018  •  416 F.Supp.3d 1131  •  2018 WL 9963840

**Depth of discussion** ▬▬▬ Cited

**19. Schwartz v. American College of Emergency Physicians**

United States Court of Appeals, Tenth Circuit.  •  June 15, 2000  •  215 F.3d 1140  •  2000 WL 797329

**Depth of discussion** ▬▬▬ Cited

**20. U.S. v. Caraway**

United States Court of Appeals, Tenth Circuit.  •  July 28, 2008  •  534 F.3d 1290  •  2008 WL 2877475

**Depth of discussion** ▬▬▬ Cited

Case No. 1:22-cv-01129-NYW-SBP   Document 311-3   filed 04/25/25   USDC Colorado
pg 54 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...                    Table of contents

🚩 **21. U.S. v. Cerno**

United States Court of Appeals, Tenth Circuit. • June 24, 2008 • 529 F.3d 926 • 2008 WL 2502526

**Depth of discussion** ▪▪▪▫▫ Cited

---

**22. U.S. v. Cesareo-Ayala**

United States Court of Appeals, Tenth Circuit. • August 12, 2009 • 576 F.3d 1120 • 2009 WL 2450288

**Depth of discussion** ▪▪▪▫▫ Cited

---

**23. U.S. v. Golden**

United States Court of Appeals, Tenth Circuit. • February 08, 1982 • 671 F.2d 369 • 9 Fed. R. Evid. Serv. 1515

**Depth of discussion** ▪▪▪▫▫ Cited

---

🚩 **24. U.S. v. Hassan**

United States Court of Appeals, Fourth Circuit. • February 04, 2014 • 742 F.3d 104 • 2014 WL 406768

**Depth of discussion** ▪▪▪▫▫ Cited

---

🚩 **25. U.S. v. Jones**

United States Court of Appeals, Tenth Circuit. • July 08, 2008 • 530 F.3d 1292 • 2008 WL 2655800

**Depth of discussion** ▪▪▪▫▫ Cited

---

🚩 **26. U.S. v. Kalaydjian**

United States Court of Appeals, Second Circuit. • January 28, 1986 • 784 F.2d 53 • 19 Fed. R. Evid. Serv. 1037

**Depth of discussion** ▪▪▪▫▫ Cited

---

🚩 **27. U.S. v. Lopez-Medina**

United States Court of Appeals, Tenth Circuit. • February 19, 2010 • 596 F.3d 716 • 2010 WL 569944

**Depth of discussion** ▪▪▪▫▫ Cited

---

Case No. 1:22-cv-01129-NYW-SBP    Document 311-3    filed 04/25/25    USDC Colorado
pg 55 of 56

Check your work • Report generated: February 24, 2025 at 2:50 PM • 2025.02.24 Coomer Defs Opp to MIL (...    Table of contents

**28.  U.S. v. Morales**

United States Court of Appeals, Tenth Circuit.  •  March 11, 1997  •  108 F.3d 1213  •  1997 WL 105027

**Depth of discussion** ▰▰▱▱▱  Cited

**29.  U.S. v. Reaves**

United States Court of Appeals, Eighth Circuit.  •  August 12, 2011  •  649 F.3d 862  •  2011 WL 3518192

**Depth of discussion** ▰▰▱▱▱  Cited

**30.  U.S. v. Smalls**

United States Court of Appeals, Tenth Circuit.  •  May 03, 2010  •  605 F.3d 765  •  2010 WL 1745123

**Depth of discussion** ▰▰▱▱▱  Cited

**31.  United States ex rel. Alexander Volkhoff, LLC v. Janssen Pharmaceutica N.V.**

United States Court of Appeals, Ninth Circuit.  •  January 02, 2020  •  945 F.3d 1237  •  2020 WL 21469

**Depth of discussion** ▰▰▰▱▱  Cited

**32.  United States v. Begay**

United States District Court, D. New Mexico.  •  May 15, 2020  •  497 F.Supp.3d 1025  •  2020 WL 2514661

**Depth of discussion** ▰▰▰▱▱  Discussed

**33.  Villarreal v. R.J. Reynolds Tobacco Co.**

United States Court of Appeals, Eleventh Circuit.  •  November 30, 2015  •  806 F.3d 1288  •  2015 WL 7694939

**Depth of discussion** ▰▰▰▱▱  Cited

**34.  World Wide Ass'n of Specialty Programs v. Pure, Inc.**

United States Court of Appeals, Tenth Circuit.  •  June 13, 2006  •  450 F.3d 1132  •  2006 WL 1617318

**Depth of discussion** ▰▰▰▱▱  Discussed

**Trial Court Orders (0)**

**Statutes (5)**

**1. Rule 403.  Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons**

FRE Rule 403  •  United States Code Annotated  •  Federal Rules of Evidence

**Depth of discussion** ▄▄▄ Discussed

**2. Rule 404.  Character Evidence; Other Crimes, Wrongs or Acts**

FRE Rule 404  •  United States Code Annotated  •  Federal Rules of Evidence

**Depth of discussion** ▄▄ Cited

**3. Rule 601.  Competency to Testify in General**

FRE Rule 601  •  United States Code Annotated  •  Federal Rules of Evidence

**Depth of discussion** ▄▄ Cited

**4. Rule 608.  A Witness's Character for Truthfulness or Untruthfulness**

FRE Rule 608  •  United States Code Annotated  •  Federal Rules of Evidence

**Depth of discussion** ▄▄▄ Discussed

**5. Rule 801.  Definitions That Apply to This Article; Exclusions From Hearsay**

FRE Rule 801  •  Effective: December 1, 2024  •  United States Code Annotated  •  Federal Rules of Evidence

**Depth of discussion** ▄▄ Cited

## Regulations (0)

## Secondary Sources (0)

## Administrative Decisions & Guidance (1)

**1. LEE, DONGWOOK V. DEPARTMENT OF THE ARMY**

PERSONNET  •  September 10, 2021  •  2021 WL 4133804  •  AT-1221-20-0216-W-3

**Depth of discussion** ▄▄ Cited

## Unverified citations (0)