# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

ERIC COOMER,

        Plaintiff,

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC,  
AND MY PILLOW, INC.,

Case No. 1:22-cv-01129-NYW-SBP

        Defendants.

## DECLARATION OF JENNIFER DEMASTER

I, Jennifer T. DeMaster, hereby declare the following:

1. I am an attorney representing Defendants Michael Lindell, Frankspeech, and My Pillow, Inc. in this action. I filed my Notice of Appearance on February 25, 2025.

2. Mr. Kachouroff had begun working on a draft outline to respond to Plaintiff's Motion in Limine (ECF 279). On or around February 24, 2025, I created a final rough draft for Defendants' Opposition.

3. Typically, we prefer to collaboratively co-edit a single master document using Word online to avoid the possibility of different drafts. In this instance, I made what I intended to be the final version to incorporate all of our edits to send to Mr. Kachouroff for his edits. It was titled "FINAL MIL 2025.02.24 Coomer Defs Opp to MIL (jd) (final revisions)". This version became Doc. No. 283.

4. To make my own revisions, I made my own copy of that same document that I titled "2025.02.24 Coomer Defs Opp to MIL2 (jd) – copy" on February 25, 2025. I intended to incorporate my edits here into his document which would serve as our "final revisions."

5. Mr. Kachouroff was out of the country between February 22, 2025 to March 1, 2025. During that week, he called me and advised that internet access was intermittent and interminably slow preventing him from efficiently working. I knew this filing was due and told him I would assist him with a final version to include using Westlaw to check citations because I had no internet issues.

6. During multiple, lengthy phone calls, we discussed the problems of the case citations which had been added to the drafts. He told me that he had been focused on the logic of the arguments and believed some of these citations were likely from AI drafts and he wanted them deleted. Both of us were concerned about their reliability. I told him I would check the citations and use Westlaw to validate authority. See Exhibit C – 2025.02.24 Emails from DeMaster to Kachouroff. We also discussed the viability of certain arguments.

7. Instead of circulating duplicative drafts back and forth, we thought it would be more efficient to go through all edits over the phone together and have me make those changes. I deleted many case citations that we could not find or were otherwise unverifiable, added Federal Rules of Evidence citations, added other cases that we discussed, kept relevant citations that were verifiable, and made some revisions to parentheticals for accuracy. I also corrected typographical errors, italicized case citations, checked "blue book" format, added one or two case citations that better represented our argument, deleted arguments and shortened sections, changed the title of "Mr." Coomer to "Dr." Coomer after reviewing the pleadings, and made other minor changes.

8. During our calls, I confirmed with Mr. Kachouroff that the edits were made, and he received drafts of them. I conducted Westlaw verification on February 24, 2025 by running a verification report that I sent to him. See Exhibit C. We spent several hours on the 24th and decided to let the document sit overnight and then do a final pass the next day.

9. On February 25, 2025, we continued to review and make changes. At some point, Mr. Kachouroff said he was satisfied and would try to file the Opposition. I received another call from Mr. Kachouroff and he told me that his ECF account was not allowing him into the case. He apologized because he knew that I had other filings and asked for my assistance. At Mr. Kachouroff's request, I called the District of Colorado clerk to determine what was wrong with his account. The clerk advised that annual dues were not paid and even if paid immediately, he would not have access for several days. I informed Mr. Kachouroff and he immediately performed a search of his email and told me that he found the dues notification in his junk email folder. I told him that I could easily file the final version.

10. In order to file in this case, I opened another word document template and generated a Notice of Appearance so that I could appear and make sure the Defendants' response was timely filed in the Court's ECF.

11. I edited the court caption and added dates to a certificate of service for what I believed was the final version of Defendants' response. I converted the document to PDF for filing. I apparently selected the wrong document. As can be seen from Exhibit A, in the correct version, the court caption still contains "CITE" and the Certificate of Service dates are missing.

12. On April 21, 2025 at approximately 5:40 p.m. CST, I received a call from Mr. Kachouroff who was in Colorado, asking me to check to see whether the document currently labeled Doc. 283 matched the final version. He advised that he had just left the courtroom and that the Court raised numerous flaws in the case citations of Doc. 283.

13. After comparing the documents, my drafts, and Doc. 283, I discovered that I had filed the wrong draft of the Defendants' opposition brief. I inadvertently selected the longer, 17-page version which had none of our changes, edits, and deletions.

14. The incorrect version I inadvertently filed is docketed as Doc. 283. The correct version that should have been filed was titled "2025.02.24 Coomer Defs Opp to MIL2 (jd) – copy". After my review it is apparent that I unintentionally made all the edits to this file rather than the "final revisions" file. This version, containing all of our revisions, is attached as Exhibit A to Defendants' Motion for Leave and is a true and correct copy of the file currently on my computer.

15. After discovering this error on April 21, 2025, I compiled an appendix detailing the changes and explanations for edits not included in the filed version. We also generated a comparison of the two documents using Microsoft Word to show the changes between the old draft (Doc. No. 283) and the correct version that should have been filed. This comparison and appendix are attached as Exhibit B and accurately reflect the extensive revisions we made. Although I do not recall the specific rationale for every edit, the general purpose was to avoid redundancies, enhance accuracy, conciseness, proper citation to authoritative federal rules and cases, delete cases we could not verify or were inaccurate, and correct the title of Mr. Coomer to Dr. Coomer.

16. I have included two true and accurate screen shots of the document properties for the two versions as Exhibit D to Defendants' Motion for Leave that show the time edits to both versions of the documents. This Exhibit is a true and correct copy of screen shots from my computer. As can be seen, the last edit was done to the incorrect version and it was edited for six minutes. The purpose of that very brief edit was to ensure the certificate of service date was filled out and Court caption was changed to Colorado.

17. I unintentionally and inadvertently selected the wrong document for those final two changes apparently thinking that the "final revisions" document was the correct one. It was not.

18. I sincerely apologize to the Court for filing the wrong version and the inconvenience this has caused to this Court and the parties. It was not done intentionally, to mislead the Court, in bad faith, or for any improper purpose. I have consistently tried to ensure as best as possible that all filings comport

4

with the Local Rules of this Court and any court I am before. I share responsibility for this inadvertent error and assure this Court and opposing counsel that this was an anomaly, and I will thoroughly and sufficiently review all drafts converted to PDF before filing with this Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 25, 2025.

<u>*/s/ Jennifer T. DeMaster*</u>