IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129-NYW-SBP

ERIC COOMER, Ph.D.,
    Plaintiff

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC,
AND MY PILLOW, INC.,
    Defendants

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO AMEND PRETRIAL ORDER AND TO CONTINUE TRIAL**

---

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Plaintiff Eric Coomer, Ph.D. (Plaintiff or Dr. Coomer), through counsel, files his Response in Opposition to Defendants' Motion to Amend Pretrial Order and to Continue Trial (Doc. 312), and states as follows:

### I. INTRODUCTION

Defendants seek to modify the Final Pretrial Order (Doc. 308), six days after it was entered and seek to continue the trial setting for forty-five days. Plaintiff is opposed to the delay. More fundamentally, a rebuke by a federal judge placing attorneys "under intense scrutiny" has never to Plaintiff's knowledge served as good cause to continue a trial setting. As discussed in more detail below, and applying the correct legal standard, there are at least four independent reasons the Court should deny the relief requested in the Motion.

1

## II. ARGUMENT

1. First, Defendants seek to modify the wrong order. The current trial date was set on October 2, 2024, during a telephonic status conference. This is evidenced by the subsequent Minute Order. (Doc. 264). Mr. Kachouroff appeared at that conference telephonically and agreed to the trial date. This is the operative order that Defendants should have sought to amend.

2. By contrast, the purpose of the Final Pretrial Order entered on April 22, 2025, was to detail the trial plan. *See* Fed. R. Civ. P. 16(e) and (Doc. 308). The Final Pretrial Order did not set the trial date. That had been set seven months prior. Instead, the Final Pretrial Order stated that the trial would be to a jury, was estimated to last ten days, and would be conducted in Courtroom A902. (Doc. 308 at ¶ 13). It did not set the trial date because that was not the function of the order. This misconception leads to the second point.

3. Second, Defendants fail to cite to or apply the appropriate standard to modify the scheduled trial date. Under Civ. Practice Standard 6.1B, motions to continue (including motions to vacate or reset) hearing and trials are determined pursuant to D.C.COLO.LCivR 6.1[1] and 7.1, the Uniform Civil Practice Standards, *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007), and *United States v. West*, 828 F.2d 1468, 1469-70). Defendants' Motion fails to cite or adhere to these standards and, instead, relies on the "manifest injustice" standard applied in *Koch* to pretrial orders.

---

[1] D.C.COLO.LCivR 6.1(e) required service of the pending Motion on his or her client. The Motion does not reference or certify compliance with this requirement.

2

*See* Motion at pp. 3-4. Your Honor has spoken publicly about the Uniform Practice Standards and their implementation is not a mystery.

4.   The *Rogers* case lists the factors the Court must consider when a party seeks to continue a trial date. The factors are as follows: the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; and the need asserted for the continuance and the harm that appellant might suffer as a result of the district court's denial of the continuance. *Rogers*, 502 F.3d at 1151 (denying continuance of trial date). No single factor is determinative, and the weight given to any one factor may vary depending on the extent of the moving party's showing on the others. *See id.*

5.   The *West* case cites to the same factors as *Rogers* but holds differently because the requested continuance in *West* was granted due to a witness's failure to appear at trial due to a minor date error on the subpoena and the fact that the minimal delay it caused in the trial was not prejudicial. *See Rogers*, 828 F.2d at 1470-71. In sum, *West* exemplifies the type of situations that can occur during and around a trial setting where attorneys should be afforded some lenience and understanding.[2]

---

[2] In addition to *Rogers* and *West*, the Tenth Circuit has held that "good cause is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party . . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Tesone v. Empire Mktg. Strategies,* 942 F.3d 979, 988-89 (10th Cir. 2019) (finding good cause was lacking when motion to amend scheduling order was not filed until nine months after expert disclosure deadline).

3

6. The third reason to deny the pending Motion is that Defendants have not made the requisite showing under the *Rogers/West* factors to merit a continuance. Notably, Defendants limit their argument to the eight days that start with the final pretrial conference (April 21) and end with the filing of the present Motion (April 28). *See* Motion at pp. 4-8. Defendants contend that a trial continuance is necessary due to (i) significant distractions from trial preparation; (ii) media coverage; (iii) (a lack of) attorney resources; (iv) the Show Cause Order's impact on effective representation; and (v) the minimal prejudice to the Plaintiff.

7. The first four arguments result from circumstances that, by definition, are of Defendants' own making and do not support a finding in their favor under the *Roger/West* factors. Defendants' counsel, by his own admission, was unprepared for the final pretrial conference. In the approximately fifty days that preceded the conference, Defendants failed to sufficiently review their AI-generated filing in preparation for the hearing to alert the Court to the claimed errors. Defendants' counsel failed to understand that pending motions would be considered during the hearing despite the clear rules governing the proceeding. He then blamed the Court for his own failures. In short, had Defendants' counsel shown diligence in the weeks leading up to the final pretrial conference, some of their own self-inflicted harm could have been mitigated.

8. Further, this case has received media coverage throughout its pendency without an impact to the schedule. All one must do is search "Mike Lindell deposition video" on YouTube, where the undersigned counsel was routinely berated by Mr. Lindell, to see a sliver of the attention this case has garnered. Plaintiff's counsel, nonetheless, has

4

tuned out the background noise and soldiered on without seeking relief from the Court's schedule due to the emotional distress caused by the media. Defendants' counsel can do likewise.

9. The alleged lack of attorney resources as "out-of-state" attorneys is also irrelevant under the *Rogers/West* analysis. Defendants' attorneys have been counsel of record since December 1, 2023, in the case of Mr. Kachouroff (Doc. 231) and February 25, 2025, in the case of Ms. DeMaster (Doc. 282). Mr. Kachouroff participated in the scheduling conference and agreed to the June 2 trial date. (Doc. 264). Defendants' logistical obstacles and burdens were foreseeable and already baked into Defendants' choice of counsel. Defendants' apparent logistical issues could have been remedied through different decision-making, including retaining Colorado-based counsel. Indeed, they can still decide to do so.

10. The impact of the current proceedings on the effectiveness of Defendants' counsel's ability to represent their client is an issue that should be addressed through a different motion and not the one pending before the Court. Put simply, this is a troubling admission. If an attorney states in a pleading, as was done here, that he or she is "impaired" in their "ability to provide competent and diligent representation," the affected attorney(s) would be well advised to consult Colo. R. Prof. Cond. 1.16. It would be inappropriate to consider counsel's representation under any other lens.

11. Fourth, when applying the mandated *Rogers/West* factors, the Motion clearly fails. Defendants' lack of diligence caused the issues that gave rise to the Show Cause Order. And even if they are taken at their word, carelessness is not compatible with

a finding of diligence and offers no reason for a grant of relief. *See Tesone*, 942 F.3d at 989.

12. Next, the purpose for the request, ostensibly to give counsel more time to process the current circumstances, is not served by a continuance. If the Court ultimately determines that a referral to an attorney disciplinary board is appropriate, that process is likely to take much longer than forty-five days and require additional filings. There is no evidence submitted that forty-five days will change the current calculus.

13. Further, Defendants still have more than a month to prepare for trial, which is sufficient. Conversely, and perhaps most importantly, a continuance of the trial setting at this stage would result in extreme prejudice to the Plaintiff. Plaintiff has already made arrangements with experts, issued a subpoena to a key fact witness,[3] coordinated with other fact witnesses, and is in the process of booking associated travel and lodging for trial. Plaintiff, himself, will be traveling extensively to attend the trial and has made other compatible appointments during the time he will be in Colorado. Moreover, a 45-day reset is untenable given the Court's already busy schedule (this trial was set eight months out) and would impact the schedule of other matters that have been set by Plaintiff's counsel in reliance on the June 2 trial date.

14. This case is four years old and trial comes at a time when the current administration is issuing executive orders against sister law firms such as Susman Godfrey based on the types of cases they prosecute and the clients they represent.[4] The

---

[3] Joseph Oltmann was served through an order granting substituted service. (Doc. 306). This process will have to be redone if the trial setting is continued.

[4] https://www.whitehouse.gov/presidential-actions/2025/04/addressing-risks-from-susman-godfrey/

6

current administration is also issuing executive orders against public servants such as Chris Krebs, the former Republican head of CISA, because they claim he "falsely and baselessly denied that the 2020 was rigged and stolen."[5]  Mr. Lindell, if he truly believed his numerous publicly-espoused claims that the 2020 election was "rigged and stolen," should be anxious to go to trial and present his supporting evidence.  Instead, he appears to lack the desire to do so, assuming he was provided with a copy of the Motion.  On the other hand, it is not hyperbole to suggest that Plaintiff's counsel and Plaintiff himself are prejudiced by the passage of every day this, and related election cases, are delayed from their ultimate consideration by a jury.

### III.  CONCLUSION

15.   Defendants cite to the wrong standard for a trial continuance and argue facts that are inapplicable to the correct standard.  Their Motion raises issues that are, in some ways, as troubling as those raised by the Court during the final pretrial hearing.  The Court should exercise the considerable discretion it has over its schedule and deny the requested relief.

---

[5] https://www.whitehouse.gov/presidential-actions/2025/04/addressing-risks-from-chris-krebs-and-government-censorship/

Respectfully submitted this 30th day of April 2025.

        */s/ Charles J. Cain*
Charles J. Cain, No. 51020
ccain@cstrial.com
Bradley A. Kloewer, No. 50565
bkloewer@cstrial.com
**CAIN & SKARNULIS PLLC**
P. O. Box 1064
Salida, Colorado 81201
719-530-3011/512-477-5011 (Fax)

Ashley N. Morgan
amorgan@cstrial.com
**CAIN & SKARNULIS PLLC**
303 Colorado Street, Suite 2850
Austin, Texas 78701
512-477-5000/512-477-5011 (Fax)

Thomas J. Rogers III, No. 28809
trey@rklawpc.com
Mark Grueskin, No. 14621
mark@rklawpc.com
David M. Beller, No. 35767
david@rklawpc.com
**RECHTKORNFELD PC**
1600 Stout Street, Suite 1400
Denver, Colorado 80202
303-573-1900
**ATTORNEYS FOR PLAINTIFF**