THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

ERIC COOMER,

                Plaintiff,

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC,
AND MY PILLOW, INC.,

                Defendants.

Case No. 1:22-cv-01129-NYW-SBP

## DEFENDANTS' AUTHORITIES FOR DEFENSES

Pursuant to the Court's minute order following the parties' final pretrial conference (Doc. 307), the following authorities are submitted by Defendants Michael J. Lindell, Frankspeech LLC, and My Pillow, Inc. in the above-captioned case.

<u>Defendants did not engage in defamation and there is no "Actual Malice"</u>

*See Masson v. New Yorker Magazine, Inc.,* 501 U.S. 496, 513, 515, 111 S.Ct. 2419, 115 L.Ed.2d 447 (1991) (evaluating the publication by its impact on a "reasonable reader"); *Knapp v. Post Printing & Pub. Co.,* 111 Colo. 492, 498-499, 144 P.2d 981, 984 (1943) (a publication "must be measured by its natural and probable effect upon the mind of the average lay reader").

*Fry v. Lee,* 2013 COA 100, ¶ 38, 408 P.3d 843, 851, citing *Burns v. McGraw-Hill Broad. Co.,* 659 P.2d 1351, 1360 (Colo. 1983) ("the entire published statement must be examined in context, not just the objectionable word or phrase").

Allegedly defamatory language must be examined in the context in which it is uttered. *Burns v. McGraw-Hill Broad. Co.,* 659 P.2d 1351, 1360 (Colo. 1983).

*Burns v. McGraw-Hill Broad. Co.,* 659 P.2d 1351, 1360 (Colo. 1983) ("In *Information Control Corp. v. Genesis One Computer Corp.,* 611 F.2d 781 (9th Cir.1980), the Ninth Circuit adopted an analysis which identified three factors to examine when speech which might be considered protected opinion is in issue: First, whether the statement complained of is "cautiously phrased in terms of

apparency." *Id.* at 784. … Second, the entire published statement must be examined in context, not just the objectionable word or phrase. Third, all the circumstances surrounding the statement, including the medium through which it is disseminated and the audience to whom it is directed, should be considered. We find the Ninth Circuit's approach a better way to protect both free speech and reputation than the test applied by the court of appeals in this case.

'In determining whether words are libelous, they are to be given their ordinary and popular meaning; and if they are susceptible of two meanings, one libelous and the other innocent, the former is not to be adopted and the latter rejected as a matter of course, but it must be left to the jury to determine in what sense they are used.' *Knapp v. Post Printing & Pub. Co.,* 111 Colo. 492, 499, 144 P.2d 981, 984 (1943) (internal citation omitted).

Substantial truth is an absolute defense to a defamation claim. *Fry v. Lee*, 2013 COA 100, ¶ 22, 408 P.3d 843, 848; citing *Gomba v. McLaughlin,* 180 Colo. 232, 235, 504 P.2d 337, 338 (1972) ("Furthermore, '[a] defendant asserting truth as a defense in a libel action is not required to justify every word of the alleged defamatory matter; it is sufficient if the substance, the gist, the sting, of the matter is true.'" Citation omitted.)

*New York Times Co. v. Sullivan*, 376 U.S. 254, 269, 84 S. Ct. 710, 720, 11 L. Ed. 2d 686 (1964); citing *Roth v. United States*, 354 U.S. 476, 484, 77 S.Ct. 1304, 1308, 1 L.Ed.2d 1498 ("The constitutional safeguard, we have said, 'was fashioned to assure unfettered interchange of ideas for the bringing about of political and social changes desired by the people.'")

"The constitutional guarantees require, we think, a federal rule that prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not." *New York Times Co. v. Sullivan*, 376 U.S. 254, 279–80, 84 S. Ct. 710, 726, 11 L. Ed. 2d 686 (1964) (discussing the danger of self-censorship based on provisions that demand all speech criticizing government be "true").

*New York Times Co. v. Sullivan*, 376 U.S. 254, 288, 84 S. Ct. 710, 730, 11 L. Ed. 2d 686 (1964) (noting the proposition that alleged defamatory statements at issue must be "of and concerning" the plaintiff).

*NY Times v. Sullivan,* 376 U.S. 254 (1968); *Philadelphia Newspapers, Inc. v. Hepps,* 475 U.S. 767, 779 n.4 (1986) (burden on plaintiff to show that publisher was aware of the likelihood that he was circulating false information).

*St. Amant v. Thompson*, 390 U.S. 727, 731, 88 S. Ct. 1323, 1325, 20 L. Ed. 2d 262 (1968) ("These cases are clear that reckless conduct is not measured by whether a reasonably prudent man would have published, or would have investigated before publishing. There must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his

publication. Publishing with such doubts shows reckless disregard for truth or falsity and demonstrates actual malice.")

*St. Amant v. Thompson*, 390 U.S. 727, 730, 88 S. Ct. 1323, 1325, 20 L. Ed. 2d 262 (1968) (a public figure plaintiff fails to prove reckless disregard even where a defendant (1) had no personal knowledge of plaintiff's activities, (2) relies solely on a third party's statements, (3) fails to verify information with those who may have known specific facts, (4) gives no consideration to whether or not the statements defamed the plaintiff and continues heedless of the consequences, and (5) mistakenly believes he has no responsibility for the broadcast that only quoted a third party's statements.)

*Curtis Pub. Co. v. Butts*, 388 U.S. 130, 153, 87 S. Ct. 1975, 1991, 18 L. Ed. 2d 1094 (1967) (discussing prior cases where plaintiffs "were permitted to recover in libel only when they could prove that the publication involved was deliberately falsified, or published recklessly despite the publisher's awareness of probable falsity. Investigatory failures alone were held insufficient to satisfy this standard.")

*Gertz v. Robert Welch, Inc.*, 418 U.S. at 349, 94 S.Ct. 2997 (plaintiff required to prove case under actual malice standard may not recover punitive damages unless they prove actual malice)

As the Tenth Circuit has recognized, a defamation plaintiff's actual-malice burden is to show " 'that the defendant realized that his statement was false or that he subjectively entertained serious doubt as to the truth of his statement.' " *Hardin v. Santa Fe Reporter, Inc.,* 745 F.2d 1323, 1326 (10th Cir.1984) (quoting *Bose Corp. v. Consumers Union of United States, Inc.,* 466 U.S. 485, 511 n. 30, 104 S.Ct. 1949, 80 L.Ed.2d 502 (1984)).

Actual malice must be shown by clear and convincing evidence. *Anaya v. CBS Broad. Inc.,* 626 F. Supp. 2d 1158, 1194 (D.N.M. 2009); citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255–56, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

*Garrison v. State of Louisiana*, 379 U.S. 64, 74, 85 S.Ct. 209, 216, 13 L.Ed.2d 125 (1964) (emphasizing that there must be a showing that a false publication was made with a 'high degree of awareness of probable falsity.')

*Curtis Publishing Co. v. Butts*, 388 U.S. 130, 153, 87 S.Ct. 1975, 1991, 18 L.Ed.2d 1094 (1967) (Harlan, J. emphasis that evidence of either deliberate falsification or reckless publication 'despite the publisher's awareness of probable falsity' was essential to recovery by public officials in defamation actions).

*Anaya v. CBS Broad. Inc.,* 626 F. Supp. 2d 1158, 1195 (D.N.M. 2009) (discussing *Hardin v. Santa Fe Reporter, Inc.,* 745 F.2d at 1324 – 26, where finding of negligence in publication was shown through investigatory failures and source's false statements "not based on fact" and "self-aggrandizement", none of these rose to the level of reckless disregard).

*Weber v. Woods*, 334 N.E.2d 857 (Ill. App. 1st Dist. 1975) (granting summary judgment to television station owner because candidate for sheriff was merely a participant in a television talk show and there was no showing that the station owner had acted with actual malice)

*Old Dominion Branch No. 496 v. Austin,* 418 U.S. 264, 281–82, 94 S.Ct. 2770, 41 L.Ed.2d 745 (1974) (stating that ill will toward the plaintiff or bad motives are not elements of actual malice and are insufficient standing alone to support a finding of actual malice).

*Spacecon Specialty Contractors, LLC v. Bensinger,* 713 F.3d 1028, 1042–43 (10th Cir. 2013); citing *Tavoulareas v. Piro,* 817 F.2d 762, 795 (D.C.Cir.1987) (a publisher's "adversarial stance" may be "fully consistent with professional, investigative reporting" and is not necessarily "indicative of actual malice" (quotations omitted)).

*See Fink v. Combined Commc'ns Corp.,* 679 P.2d 1108, 1111 (Colo.App.1984) (stating a publisher "without a high degree of awareness of their probable falsity, may rely on statements made by a single source even though they reflect only one side of the story" (quotations omitted)).

*Spacecon Specialty Contractors, LLC v. Bensinger*, 713 F.3d 1028, 1042 (10th Cir. 2013) (publisher not required to accept denials of allegations as conclusive nor is publisher required to prefer denials over apparently creditable accusations); accord *Seible v. Denver Post Corp.,* 782 P.2d 805, 809 (Colo.App.1989)

*Harte–Hanks,* 491 U.S. at 691 n. 37, 109 S.Ct. 2678 (("[T]he press need not accept denials, however vehement; such denials are so commonplace in the world of polemical charge and countercharge that, in themselves, they hardly alert the conscientious reporter to the likelihood of error." (quotation omitted)). (1989). "The phrase 'actual malice' is unfortunately confusing in that it has nothing to do with bad motive or ill will." *Harte-Hanks Commc'ns, Inc*., 491 U.S. at 667 n. 7.

*Spacecon Specialty Contractors, LLC v. Bensinger,* 713 F.3d 1028, 1045–46 (10th Cir. 2013) (no actual malice even with finding that publisher may have had motive to harm plaintiff (at 1042); and where a publisher conducted his own investigation even when he had information that would give reason to doubt the accuracy of statements):

> Even assuming, however, that a publisher has obvious reason to doubt the accuracy of a story, no actual malice can be inferred should the publisher act reasonably to dispel the doubt. *See Masson v. New Yorker Magazine, Inc.,* 960 F.2d 896, 900 (9th Cir.1992). There is evidence Bensinger did exactly that. He personally interviewed Manuel Mijangos and Jose Paz Aguirre, two of the Stranded Workers, who confirmed they were told by Leno they were brought to Colorado to work for Spacecon. These confirmations were consistent with Bensinger's knowledge that Spacecon had used Leno as a labor broker, and that Leno brought workers to the United States from Mexico. These confirmations were also consistent with allegations made by workers at a separate work site, the Residences at Little

Nell. Laborers at the Little Nell site alleged they were mistreated by both Leno and Spacecon and were not paid for "their short stints on the job."[10] The reporting on the allegations at Little Nell certainly adds credence to Leno's assertions Spacecon was involved with the Stranded Workers.

*Spacecon Specialty Contractors, LLC v. Bensinger,* 713 F.3d 1028, 1045–46 (10th Cir. 2013).

*Fink v. Combined Commc'ns Corp.,* 679 P.2d 1108, 1111 (Colo. App. 1984) ("Although a complete failure to investigate sources of corroboration of published statements may be evidence of actual malice, where an adequate investigation is conducted it is unnecessary that the truth of each and every statement be supported by the evidence." (citations omitted))

*Fink v. Combined Commc'ns Corp.,* 679 P.2d 1108, 1111 (Colo. App. 1984) ("a reporter, without a 'high degree of awareness of their probable falsity,' may rely on statements made by a single source even though they reflect only one side of the story without fear of libel prosecution ....", citing *New York Times Co. v. Connor,* 365 F.2d 567 (5th Cir.1966)).

*Fink v. Combined Commc'ns Corp.,* 679 P.2d 1108, 1111 (Colo. App. 1984); citing *Burns v. McGraw-Hill Broadcasting Co., Inc., supra; Willis v. Perry,* 677 P.2d 961 (Colo.App.1983) ("The test for determining whether statements are published with reckless disregard is whether there is sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication." (internal quotations omitted)).

*Manuel v. Fort Collins Newspapers, Inc.,* 661 P.2d 289 (Colo.App.1982) (cert. denied March 7, 1983) (ill will and bad motive toward the plaintiff are not elements of actual malice).

*New York Times Co. v. Sullivan*, 376 U.S. 254, 271–72, 84 S. Ct. 710, 721, 11 L. Ed. 2d 686 (1964) (discussing that even erroneous or false statements must be protected expression to survive in public debate); citing *N.A.A.C.P. v. Button*, 371 U.S. 415, 433, 83 S.Ct. 328, 338, 9 L.Ed.2d 405.

<u>Respondeat Superior / Vicarious Liability</u>

*Murray v. Bailey*, 613 F. Supp. 1276, 1281 (N.D. Cal. 1985):

Plaintiff cannot recover in this action without proving each defendant acted with actual malice as to each purported defamation. *Hoffman v. Washington Post Co.,* 433 F.Supp. 600, 605 (D.D.C.1977), *aff'd,* 578 F.2d 442 (D.C.Cir.1978). As the Arizona Supreme Court stated in *Phoenix Newspapers, Inc. v. Church,* 24 Ariz.App. 287, 537 P.2d 1345, 1360 (1975), *appeal dismissed,* 425 U.S. 908, 96 S.Ct. 1502, 47 L.Ed.2d 759 (1976), "We therefore start with the premise that under *Sullivan,* apart from the application of *respondeat superior,* an individual cannot be held liable unless the jury finds that the individual himself has been actuated by actual malice (knowledge of falsity)."

5

The stringent standards required by the First Amendment make application of an agency theory inappropriate. However, even if an agency theory were generally proper, it would be improper on the facts here. The gravity of Bailey's television accusations exceeded that of any that were published. Plaintiff has put forward no evidence to suggest that Stein & Day could expect that Bailey would accuse Murray of a *conviction* for drunk driving. The nexus is simply too weak to support the defamation claim. Thus, summary judgment in favor of Stein & Day and against Murray is granted on all claims.

Respondeat Superior:

*Stokes v. Denver Newspaper Agency, LLP*, 159 P.3d 691, 693 (Colo. App. 2006) ("Under the respondeat superior doctrine, an employer is liable for torts of an employee acting within the scope of employment . . . if the employee's conduct was motivated by an intent to serve the employer's interests and connected to acts the employee was authorized to perform.") (quoting *Grease Monkey Int'l, Inc. v. Montoya,* 904 P.2d 468 (Colo.1995)).

Agency – Actual authority:

*State Farm Mut. Auto. Ins. Co. v. Johnson*, 396 P.3d 651, 656 (Colo. 2017) (quoting Restatement (Third) Agency, § 2.01 (2006) ("[A]n agent acts with actual authority when, at the time of taking action that has legal consequences for the principal, the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act.")).

Agency – Apparent authority:

*Villalpando v. Denver Health & Hosp. Auth.*, 181 P.3d 357, 363 (Colo. App. 2007) (to establish apparent authority, plaintiff must provide proof of "written or spoken words or other conduct of the principal which, reasonably interpreted, causes a person to believe that the principal consents to have the act done on his behalf by a person purporting to act for him.") (quoting *Lucero v. Goldberger,* 804 P.2d 206, 209 (Colo. App. 1990)).

Plaintiff's claims are barred by Section 230 of the Communications Decency Act of 1996 (47 U.S.C. § 230)

47 U.S.C. § 230(c)(1) ("No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider.")

47 U.S.C. § 230(f)(2) ("The term "interactive computer service" means any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions.")

47 U.S.C. § 230(f)(3) ("The term "information content provider" means any person or entity that

is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service.")

*Klayman v. Zuckerberg*, 753 F.3d 1354, 410 (D.C. Cir. 2014), cert. denied, 574 U.S. 1012 (holding that because social-networking website was a service that provided information to "multiple users" by giving them computer access to the computer servers that hosted the website, the website constituted an "interactive computer service" for purposes of the Communications Decency Act)

*Ben Ezra, Weinstein, & Co., Inc. v. Am. Online Inc.*, 206 F.3d 980, 985 (10th Cir. 2000) (holding that operator of interactive computer service was not "information content provider" with respect to inaccurate information published on its stock quotation service, and thus qualified for immunity under the Communications Decency Act; rejecting plaintiff's argument that defendant information content provider worked so closely with the providers of the inaccurate stock information that defendant became an "information content provider" under the Act)

*Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1122, 1125 (9th Cir. 2003) (explaining that, through Section 230, "Congress granted most Internet services immunity from liability for publishing false or defamatory material so long as the information was provided by another party"; holding that, even assuming defendant could be considered an information content provider, Section 230 would still prevent treating defendant as a publisher or speaker unless it "created or developed the particular information at issue.").

<u>Lindell, My Pillow, Inc. and FrankSpeech were not the cause or substantial cause of Plaintiff's damages and damages should be mitigated by Plaintiff's own conduct and reputation.</u>

*Williams v. District Court, Second Judicial Dist., City and Cnty. of Denver*, 866 P.2d 908, 911–12 (Colo.,1993) ("Moreover, a defendant in a defamation action may present any evidence which tends to mitigate damages. [] Such evidence can include any publications by third persons dealing with the same subject, made before or at about the same time as the date of the publishing by the defendant. In this case, information concerning his past sexual history may lead to evidence of Williams' reputation, and whether it has been harmed by the alleged actions of the defendants.")

*Macsenti v. Becker*, 2237 F.3d 1223, 1234 (10th Cir. 2001) (where plaintiff sued for negligence and intentional infliction of emotional distress, judge properly instructed the jury to award damages only once for each item of injury)

Where appropriate, "fault" of nonparties must be considered. *See Slack v. Farmers Ins. Exch.*, 5 P.3d 280 (Colo. 2000) (section 13-21-111.5, C.R.S., requires the *pro rata* distribution of civil liability among intentional and negligent tortfeasors who jointly cause indivisible injuries)

*Sack on Defamation*, §§ 10.5.3 & 10.5.5.2 (3d ed. 2007) (First Amendment prohibits the award of damages for truthful statements in same article causing injury to his reputation and "[t]he fact plaintiff

7

already had a bad reputation tends to show that his or her reputation has not been substantially affected by additional derogatory communication").

Dated: May 5, 2025.

Respectfully Submitted,

*/s/ Christopher I. Kachouroff*
Christopher I. Kachouroff (VA Bar No. 44216)
**MCSWEENY, CYNKAR & KACHOUROFF PLLC**
13649 Office Place, Suite 101
Woodbridge, Virginia 22192
Telephone: (703) 621-3300
chris@mck-lawyers.com

Jennifer T. DeMaster (WI Bar No. 1124201)
361 Falls Rd., Ste 610
Grafton, WI 53024
Telephone: (414) 235-7488
jennifer@demasterlaw.com
\**Of Counsel*

ATTORNEY FOR MY PILLOW, INC., FRANKSPEECH LLC, AND MICHAEL LINDELL

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of May 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Charles J. Cain
Cain & Skarnulis PLLC
P. O. Box 1064
Salida, CO 81201
ccain@cstrial.com

Bradley A. Kloewer
101 North F Street
Suite 207
Salida, CO 81201
bkloewer@cstrial.com

Ashley N. Morgan
303 Colorado Street
Suite 2850
Austin, TX 78701
amorgan@cstrial.com

David Matthew Beller
Recht & Kornfeld, P.C.
1600 Stout Street
Suite 1400
Denver, CO 80202
david@rklawpc.com

**Attorneys for Plaintiff**

                                              */s/ Christopher I. Kachouroff*
                                              Christopher I. Kachouroff