# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01129-NYW-SBP

ERIC COOMER,

    Plaintiff,

v.

MICHAEL J. LINDELL,
FRANKSPEECH, LLC, and
MY PILLOW, INC.,

    Defendants.

## MINUTE ORDER

**Entered by Judge Nina Y. Wang**

    Pending before the Court is Defendants' Motion to Amend Pretrial Order and to Continue Trial ("Motion" or "Motion to Continue Trial"). [Doc. 312, filed April 28, 2025]. Defendants ask the Court to continue the trial in this case—currently set to commence on June 2, 2025—for a period of 45 days. [*Id.* at 8]. Plaintiff Eric Coomer ("Plaintiff") has responded in opposition. [Doc. 317]. For the reasons set forth below, the Motion to Continue Trial is respectfully **DENIED**.

    Defendants contend that their Motion is "necessitated" by the Court's pending Order to Show Cause. [Doc. 312 at 1]; *see also* [Doc. 309]. The Order to Show Cause was in turn prompted by the Court's discovery of some 30 defective citations in Defendants' Brief in Opposition to Plaintiff's Motion in Limine. [Doc. 309 at 3]; *see also* [Doc. 283]. During the Final Pretrial/Trial Preparation Conference, defense counsel admitted that he used generative artificial intelligence in drafting the brief, which presumably created the flawed and/or hallucinated citations. [Doc. 309 at 3–4]. In the Order to Show Cause, the Court ordered defense counsel to, among other things, show cause why the Court should not sanction them. [*Id.* at 5–6]. The Court noted that sanctions could include referring defense counsel to disciplinary proceedings. [*Id.* at 6]. Defendants have since asserted that "human error" led them to file the wrong version of the brief—one that contained the defective citations—rather than the "correct version." [Doc. 311 at 2].

    In their Motion, Defendants claim that the fallout from the Order to Show Cause justifies a continuance of the trial date. *See* [Doc. 312 at 4–8]. They argue that the Order to Show Cause has imposed a "significant distraction from trial preparation." [*Id.* at 4–6]. They also assert that the Order to Show Cause has subjected defense counsel to

increased media attention, which has caused further distraction and may taint the jury pool. [*Id.* at 6]. Defendants argue that these pressures have exacerbated the "logistical burdens" they already face, given that their counsel reside out of state. [*Id.* at 7]. Finally, Defendants suggest that Plaintiff would suffer minimal prejudice from a continuance. [*Id.* at 7–8].

Whether to continue a trial is within the sound discretion of the trial court. *United States v. McClaflin*, 939 F.3d 1113, 1117 (10th Cir. 2019). The United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") has identified four factors that must be examined to determine whether a trial should be continued: (1) the diligence of the party requesting the continuance; (2) the likelihood that a continuance would accomplish the expressed purpose of the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court, if any, that would result from the continuance; and (4) the need asserted for the continuance and the harm that the movant might suffer as a result of a denial of the continuance. *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 11151 (10th Cir. 2007). "No single factor is determinative and the weight given to any one may vary depending on the extent of the [movant's] showing on the others." *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987).

Upon review of the *Rogers* factors, the Court respectfully finds that trial should not be continued. Regarding the first factor, Defendants assert that their counsel, after learning of their error, have "acted swiftly to rectify" the deficient filing that led to the Order to Show Cause. [Doc. 311 at 2]. That may be true. But the Order to Show Cause would not have issued so close to trial—or at all—had Defendants reviewed their filing at any point between its submission and the Final Pretrial/Trial Preparation Conference or filed a properly cited brief in the first instance. To the extent the lack of diligence in preparing Defendants' briefing on the Motion in Limine has led to the "distraction" defense counsel now face, the Court concludes that this first factor weighs against a continuance.

The Court further finds the "distraction" caused by the Order to Show Cause to be an unpersuasive basis for a continuance under the second and fourth *Rogers* factors. Defendants argue that the Order to Show Cause and ensuing media inquiries have increased defense counsel's workload as they prepare for trial, in addition to their "obligations in other cases." [Doc. 312 at 4–5]. Yet "[i]t takes more than counsel's claim of a crowded schedule" to demonstrate that a continuance is appropriate. *United States v. Hanhardt*, 155 F. Supp. 2d 861, 871 (N.D. Ill. 2001). And this Court's practice standards expressly advise counsel that "[t]ypically, the press of business does not constitute good cause for an extension of time." NYW Civ. Practice Standard 6.1A(b). While the cause of the distraction to defense counsel's trial preparation may be unusual, the effect is not. That other professional obligations—whether in this case or others—have taken time that defense counsel would have preferred to devote to trial preparation is neither an "extraordinary circumstance[]," [Doc. 312 at 4], nor a "compelling reason[]" for a continuance, *Hanhardt*, 155 F. Supp. 2d at 871. The Court notes that Defendants' response to the Order to Show Cause, as well as other pretrial obligations, were due by May 5, 2025. [Doc. 307; Doc. 309 at 5–6; Doc. 312]. That deadline leaves Defendants almost a month to complete their trial preparation. *Cf. Turck v. Baker Petrolite Corp.*, 10

F. App'x 756, 763 (10th Cir. 2001) (affirming denial of continuance when plaintiff disclosed a new theory for recovery "nearly two months prior to trial," leaving defendant sufficient time to prepare a defense without "significant[] prejudice[]").  And given that Defendants have met the May 5 deadline, they do not specify how the lost time has tangibly impaired their ability to present their defense at trial.[1]  Nor is it clear how a continuance would alleviate the resource shortage or "logistical burdens" faced by Defendants and their counsel.  [Doc. 312 at 7].

Defendants' argument that the Order to Show Cause could taint the jury pool is similarly unavailing.  To the extent that any "prospective jurors may form negative impressions of counsel and Defendants," the Court concurs with Defendants that voir dire can and should be used to address these concerns.  [*Id.* at 6].  As Defendants point out, this case necessarily implicates national politics and thus attracts additional public attention.  [*Id.* at 1–2].  Even before the Order to Show Cause, the publicity and politics surrounding this case would have complicated jury selection.  The Court has already granted the Parties additional voir dire time to address those concerns.  *See* [Doc. 331].  Under the second and fourth *Rogers* factors, the Court is respectfully unpersuaded that a continuance based on the Order to Show Cause is necessary or effective in light of the preexisting concerns with jury selection.  Moreover, to the extent Defendants fear that any mention of the Order to Show Cause could prejudice jurors against them, the Court does not anticipate raising the Order to Show Cause in its own voir dire examination or jury instructions.

Under the third *Rogers* factor, the Court must also consider the prejudice that a continuance would cause to Plaintiff.  The Court disagrees with Defendants that a continuance would cause "minimal prejudice" to Plaintiff, merely because his counsel are local and do not face a show cause order.  [Doc. 312 at 7–8].  For one, Defendants could have chosen to retain local counsel for trial—as they have done for previous stages of this litigation—to reap the so-called "home court advantage" of having local counsel.  [*Id.*].  Second, the fact that the Order to Show Cause was directed only at Defendants hardly means that Plaintiff has not incurred pretrial costs of his own.  Plaintiff asserts that he has invested time and resources arranging for himself and his witnesses to attend the trial as it is currently scheduled.  [Doc. 317 at ¶ 13].  His counsel have likewise constructed their calendars around the scheduled trial date.  [*Id.*].  And of course, Plaintiff has an interest in submitting his claims for "ultimate consideration by a jury" as soon as possible.  [*Id.* at ¶ 14].  The Court finds that this factor weighs at least moderately against a continuance.

Finally, as Plaintiff points out, the Court's own busy calendar means that Defendants' requested 45-day continuance will, in practice, be much longer.  [*Id.* at ¶ 13].  This case has been pending for four years, [Doc. 1], and is now on the cusp of a trial that was set seven months ago, [Doc. 265 at 1].  Given that all four *Rogers* factors weigh

---

[1] The Court acknowledges Defendants' concern that a sanctions order referring defense counsel to their respective state bars for disciplinary proceedings would prejudice Defendants' ability to present a defense at trial.  [Doc. 312 at 5].  The Court will adjudicate the Order to Show Cause in a manner that avoids this scenario.

3

against a continuance, the Court will not impose a delay of uncertain length.  *Cf. Ne. Drilling, Inc. v. Inner Space Servs., Inc.*, 243 F.3d 25, 36 (1st Cir. 2001) (affirming denial of continuance when continuance would have caused "potentially lengthy delay" in exchange for "rather marginal benefit").  The Court concludes that a continuance is not warranted.

Accordingly, it is **ORDERED** that:

(1) Defendants' Motion to Amend Pretrial Order and to Continue Trial [Doc. 312] is respectfully **DENIED**.

DATED:  May 14, 2025