**IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLORADO
JUDGE NINA Y. WANG**

Civil Action No. 22-cv-01129-NYW-SBP

ERIC COOMER,

    Plaintiff,

v.

MICHAEL J. LINDELL,
FRANKSPEECH LLC, and
MY PILLOW, INC.,

    Defendants.
_____

**VOIR DIRE**
_____

**EXPLANATION OF VOIR DIRE**

    I want to explain to you the process we will use to select a jury.

    Approximately fifty of you are sitting in the gallery right now. Your names were drawn at random by a computer from the pool of people who were called for jury duty. I will refer to you either by juror number or name. If I refer to you by juror number, it is not to be impersonal but just to make sure the record is clear of what is happening in jury selection. I am also apologizing ahead of time if I mispronounce your name.

    Eventually we will select eight jurors to serve on this jury. Therefore, it is obvious that we cannot use the services of all of you. The process of selecting a jury is called *voir dire* – Old French words which mean "to speak the truth." The purpose of *voir dire* is to determine whether members of the jury can be fair and impartial in determining the facts

of this case and whether they are committed to follow the law, rather than their personal feelings in rendering a verdict.  To accomplish that, I will be asking you each a series of questions which I hope will identify those of you who can and would serve fairly and impartially.

Fourteen members of the jury panel will be called into the jury box.  These 14 members are randomly generated by the Clerk's Office computer.  The potential jurors sitting in seats 1 to 14 are referred to as the "jury panel."  After the 14 members of the panel are in the jury box, all of you, regardless of whether you are in the first 14 seats, will take an oath to truthfully answer all questions concerning whether you can serve as a juror in this case.  After the oath is administered, I will ask you questions concerning your ability to be fair and impartial jurors.

Once *voir dire* examination begins, the rules are simple, but significant.

(1)  I am going direct a series of questions to the people sitting in seats 1-14 that can be answered yes or no.  Please raise your hand if you would answer yes.

(2)  If you are not in seats 1-14, I still need you to listen to the question and note your answers on the card that was given to you.  Some of you may move into seats 1-14 during the course of jury selection.

(3)  There are two microphones that will be passed to you for you to use when answering questions.  You will need to speak your explanation into the microphone so it can be recorded.  Everything we are doing today is being recorded by my court reporter.

(4)  Before answering a question, please state your juror number and name.

(5)  Please answer each question completely and truthfully.

(6)  If you don't hear or understand or if you have questions or concerns, please speak up.  If you wish to respond to a previous question to which you did not then respond, please speak up.

(7)  If you wish to modify or supplement a previous response you made, please raise your hand.

(8)  My questions are not designed to offend, embarrass, or insult you; if they do, I apologize. But, if the question applies to you and you feel that a matter is too personal to disclose to the whole courtroom, just let me know and I will arrange to have you provide your answer privately to me and the parties.

(9)  If you do not respond affirmatively, I will presume that you have answered my question "no."

The Parties may excuse members of the panel for cause. If someone is excused for cause, a member of the jury panel will move into that empty seat so that we always have 14 members in the panel. After the questioning is completed, the parties must excuse six members of the panel without stating any reason. You should not be embarrassed or consider it any reflection on you if you are one of those excused.

If your name is called, please step forward and take your place in the jury box where the courtroom deputy directs you.

The next order of official business is for the deputy clerk to administer the required oath to the entire jury panel. Just like a witness in a case, you will be administered an oath to tell the truth and you must answer the questions I ask you truthfully and completely.

## CIVIL VOIR DIRE OATH

Will all prospective jurors please stand and be sworn.  At the end of the oath, answer "I do."

You and each of you do solemnly swear or affirm, under the pains and penalties of perjury, that you will give entirely true answers to any questions asked of you which relate to your qualifications to serve as a juror in this case now before the court.

## JUROR QUALIFICATIONS

*[Qualifications: 28 U.S.C. § 1865(b) states that a person is qualified to serve as a juror if he or she (1) is a citizen of the United States; (2) is at least 18 years of age; (3) is able "to read, write, and understand the English language with a degree of proficiency sufficient to fill out satisfactorily the juror qualification form"; (4) is able to speak the English language; (5) is mentally and physically capable of rendering satisfactory jury service; and (6) does not have "a charge pending against him for the commission of, or has [not] been convicted in a State or Federal court of record of, a crime punishable by imprisonment for more than one year" or "his civil rights have . . . been restored."]*

Please raise your hand if you:

(1)   Are not a citizen of the United States

(2)   Are not at least 18 years old

(3)   Are not able to read, write, and understand the English language

(4)   Think you are not mentally or physically capable of serving on this jury

**JUROR – UNDUE HARDSHIP**

This trial is set for 14 days beginning today, which means it will last until June 13, 2025 or longer depending on how long it takes the jury to deliberate. So if you are selected for the jury, you will need to make arrangements to be present every day this week with your employer, employees and family.

I realize that it is hard work to be a juror. We make you sit listen and forbid you to talk about anything you heard or observed until the end of the trial. I have a trial schedule, which will hopefully result in your not having to search for parking and will get you out of downtown Denver before rush hour. Trial will begin each morning at 9:00 a.m. You will get a 15-minute mid-morning break at about 10:45 and a 45-minute lunch break at about 12:30. Provided everyone shows up on time, we will recess for the day no later than 4:00 - 4:30 each day, unless everyone can stay later to accommodate more testimony.

No one will find this convenient, but our judicial system continues to depend upon the personal sacrifice of millions of jurors, just like you. For some of you, however, this length of service may present an undue hardship – and I emphasize that adjective – undue. Excuses based on the grounds of extreme and undue hardship are very limited and granted only in exceptional instances. Please understand that by law I cannot and will not excuse you simply because it is an inconvenience for you to be here.

In order to determine whether there are any jurors that need to be excused based on undue hardship, I will ask you to raise your hand if you answer "yes" to any of these questions.

(1) Is there anyone who is asking to be excused on the grounds of extreme and undue hardship? Explain.

(2) Do any of you have conflicts that will prevent you from giving your full attention to this case until at least June 13, 2025, and until the jury reaches a verdict?

(3) Do any of you have any physical problems, conditions or limitations that might hamper your services as a juror, such as impaired hearing or eyesight, or back or other problem that would make it difficult to remain seated for two hours at a time?

(4) During the trial, you will be unable to be reached and you will be unable to contact anyone for long periods of time. Also, during jury deliberations, you will be required to provide all electronic devices to Ms. Buchanan for safekeeping. Does this pose a significant issue to any of you?

## VOIR DIRE GENERAL QUESTIONS

(1)    This is a case brought by Eric Coomer against Michael Lindell and two of his companies, FrankSpeech LLC and My Pillow, Inc.  Dr. Coomer alleges that Mr. Lindell, FrankSpeech, and My Pillow defamed him, subjected him to intentional infliction of emotional distress, and conspired to do so when they stated that Dr. Coomer admitted to rigging the 2020 Presidential Election in favor of Joseph Biden and against Donald Trump. Prior to coming to the courthouse this morning, has anyone read anything about this case in the media, or otherwise know anything about this specific case?

      a.    [Taken at sidebar] What are the details of that information?

      b.    What was the source of your information?

      c.    Do you have an opinion or impression, at this time, in regard to the case or the Parties?

      d.    Would you be able to put aside any of this information and only consider the evidence as admitted at trial?

      e.    Anything about the media reports make you unable to be fair and impartial in this case?

(2)    Do any of you feel that, because of the subject matter of this case, the people involved, or similar experiences you or your family or friends may have had to those at issue in this case, you may not be able to be fair and impartial to both sides?

      a.    Tell me why you feel that way.

      b.    Do you have an opinion or impression, at this time, in regard to the case or the Parties?

    c. Would you be able to put aside any of these feelings and only consider the evidence as admitted at trial and apply the law as the Court instructs you to that evidence?

 (3) Did any of you or any close family member work or volunteer for any candidate or organization in conjunction with the 2020 presidential election?

    a. Who volunteered?

    b. What did you/they do?

    c. Over what time frame did you/they volunteer?

    d. Anything about that experience that would make you unable to be fair and impartial in this case?

 (4) Did any of you or any close family member make any donation to, or cause a donation to be made to, any candidate or organization in conjunction with the 2020 presidential election?

    a. Who made the donation?

    b. Was the donation over $100?

    c. Do you believe that you would be able to set aside you or your family member's support for those causes, candidates, or organizations, hear the evidence in this case, and apply the law as instructed by this Court?

 (5) Do any of you or anyone in your immediate family currently have or in the past had any relationship or business dealings with Eric Coomer or anyone in his family that you know of?

    a. Please explain that relationship.

   b. Anything about that experience that would prevent you from being fair and impartial in this case?

 (6) Do any of you or anyone in your immediate family currently have or in the past had any relationship or business dealings with Dominion Voting Systems or anyone who has worked with Dominion Voting Systems that you know of?

   a. Please explain that relationship.

   b. When/how long did that relationship last?

   c. Anything about that experience that would prevent you from being fair and impartial in this case?

 (7) Do any of you or anyone in your immediate family currently have or in the past had any relationship or business dealings with Mike Lindell or anyone in Mr. Lindell's family, or anyone who has worked with or for Mr. Lindell that you know of?

   a. Please explain that relationship.

   b. When/how long did that relationship last?

   c. Anything about that experience that would prevent you from being fair and impartial in this case?

 (8) Have you or anyone in your immediate family know of any other business ventures with which Mr. Lindell is associated, including but not limited to LindellTV, Absolute Proof, and Selection Code?

   a. What do you know?

   b. Can you describe your interactions with those businesses?

   c. When did those occur?

    d. Anything about that experience that prevents you from being fair and impartial in this case?

 (9) Do any of you or anyone in your immediate family currently have or in the past had all any relationship with, connection to, or business dealings with FrankSpeech LLC or any of its current or former employees?

    a. Please explain that relationship.

    b. When/how long did that relationship last?

    c. Anything about that experience that prevents you from being fair and impartial in this case?

 (10) Have you or anyone in your immediate family know of FrankSpeech, have visited its website in the past, or have viewed any of its content?

    a. Can you describe your interactions with the FrankSpeech platform?

    b. When did those occur?

    c. Anything about that experience that prevents you from being fair and impartial in this case?

 (11) Do any of you or anyone in your immediate family currently have or in the past had all any relationship with, connection to, or business dealings with My Pillow Inc., including any current or former employees?

    a. Please explain that relationship.

    b. When/how long did that relationship last?

    c. Anything about that experience that would prevent you from being fair and impartial in this case?

(12)   Have any of you purchased My Pillow products in the past?

    a.   When?

    b.   How did you learn about My Pillow products?

    c.   What did you purchase?

    d.   Anything about that experience that would prevent you from being fair and impartial in this case?

(13)   Do any of you know the Plaintiff's lawyers, Charles J. Cain, Bradley Kloewer, or Ashley Morgan of Cain & Skarnulis PLLC, or Thomas J. Rogers III, Mark Grueskin, or David M. Beller of Recht Kornfeld PC, or any member of their staff or any member of their respective families?

(14)   Do any of you know the Defendants' lawyers, Christopher Kachouroff or Jennifer T. DeMaster of the law firm McSweeney, Cynkar & Kachouroff, PLLC, or any member of their staff or any member of their respective families?

(15)   You may hear the testimony of the following people:

    a.   READ WITNESS LISTS.

    b.   Does anyone know any of the people I just named?

    c.   Has anyone read or seen any information about any of these witnesses?

        i.   What information?

        ii.   When?

        iii.   Anything about that experience that prevents you from being fair and impartial in this case?

      d.      Do any of you follow any of these witnesses on social media?

      e.      Have you donated to any of these witnesses?

      f.      To your knowledge, have you donated to any organizations affiliated with any of these witnesses?

(16)    Have any of you attended or watched any portion of events featuring any of these witnesses, including but not limited to Mr. Lindell's Cyber Symposium held in South Dakota in 2021?

      a.      What event and when?

      b.      What was your role at the event?

      c.      Anything about that experience that prevents you from being fair and impartial in this case?

(17)    Do any of you or anyone close to you have any personal or professional experience with media or journalism?

      a.      What is that experience?

      b.      When?

      c.      Anything about that experience that prevents you from being fair and impartial in this case?

(18)    Do any of you or anyone close to you have technical experience with the voting systems used in elections?

      a.      What is that experience?

      b.      When?

  c. Anything about that experience that prevents you from being fair and impartial in this case?

(19) Does anyone believe that a person has a right to say anything they want in public?

  a. Can you explain what you believe?

  b. Do you believe you could listen to the evidence and apply the law as I instruct you to do so, regardless of your belief?

(20) Does anyone believe that it is illegal for someone to say something that is offensive in public?

  a. Can you explain what you believe?

  b. Do you believe you could listen to the evidence and apply the law as I instruct you to do so, regardless of your belief?

(21) Do you use social media?

  a. What platforms do you use?

  b. How often do you use those platforms?

  c. Do you rely on any of these platforms as news sources?

  d. Anything about your social media use that prevents you from being fair and impartial in this case?

(22) Has anyone served as a juror in a prior case?

  a. Civil/criminal

  b. State/Federal;

  c. Outcome

        d.      How long ago

        e.      Did you serve as the foreperson

        f.      Is there anything about that experience would make you unable to be fair and impartial?

(23)   Have you, any member of your immediate family, or anyone close to you been involved in any kind of court case as a party, attorney, witness?

        a.      Civil or criminal?

        b.      Describe your role?

        c.      When was that?

        d.      What was the outcome of the case?

        e.      Were you satisfied with the outcome?

        f.      Anything about that experience that prevents you from being fair and impartial in this case?

(24)   Have any of you ever been convicted of a crime, other than parking or traffic tickets – this does include DUIs?

(25)   Have you or anyone in your immediate family ever studied law or had any legal training or experience?

        a.      Practicing attorney?

            i.      What area of law?

            ii.     If your understanding of the law differs from my instructions to the jury concerning the law, will you follow the law as I give it to you?

(26) Do any of you have any belief or feeling for or against corporations, companies or organizations that might prevent you from being a completely fair and impartial juror in this case?

(27) Do any of you have an opinion about lawsuits in which people sue for money?

    a. If so, what is your feeling about such lawsuits?

    b. Can you set aside those feelings and be fair and impartial in this case?

(28) Do any of you believe that a plaintiff who brings a lawsuit is automatically entitled to recover something just because it brought the lawsuit?

    a. If so, please explain.

    b. Can you set aside those feelings and be fair and impartial in this case?

(29) Do any of you have an issue with compensating someone for an injury you cannot see by looking at them?

    a. If so, please explain.

    b. Can you set aside those feelings and be fair and impartial in this case?

(30) Do any of you believe that the Defendants must have done something wrong or they would not have been sued?

    a. If so, please explain.

    b. Can you set aside those feelings and be fair and impartial in this case?

(31) I will instruct you that in this civil case, Dr. Coomer, as the Plaintiff, has the burden of proving his claims by what is called a preponderance of the evidence. This means that no matter who produces the evidence, when you consider Plaintiff's claim in light of all the facts, you must believe that her claims are more likely true than not true. To put it differently, if you were to put all the evidence in favor of Dr. Coomer and all the evidence in favor of Mr. Lindell, FrankSpeech, or My Pillow on opposite sides of the scale, Dr. Coomer would have to make the scale tip to his side. If the scales tip to Dr. Coomer's side, your verdict must be for Dr. Coomer. If Dr. Coomer fails to meet this burden and the scales tip to Mr. Lindell, FrankSpeech, or My Pillow's side, then your verdict must be for Defendants. Is there anyone here who could not follow that instruction?

(32) Do any of you have any religious, moral, or philosophical reservations about sitting as a juror in a civil case or passing judgment on another person?

(33) Do any of you have any pre-existing opinions as to who should prevail in this case?

(34) Will any of you be unable to separate out any feeling of sympathy or compassion that you may have for either party and decide the case on the facts and the law – without sympathy or compassion and without prejudice to either party?

(35) If you serve as jurors in this case, do you understand that you must withhold consideration and judgment in this case until all the evidence is in, until I have instructed you on the applicable law, and until closing arguments have been made; in short, you

must wait, wait, and wait. Does anyone believe they cannot wait to hear all the evidence and instructions in order to make a decision?

(36) Is there anyone who could not judge the testimony of all of the witnesses by the same standard? For example, would anyone give more or less weight to the testimony is someone is not employed? Or has gone to college?

(37) Do any of you have a problem with the concept that you must follow the law as I instruct you regardless of whether you agree with the law or understand the rationale for it?

(38) During deliberation, if you have formed an opinion, would it be difficult for you to keep an open mind and listen to the opinion of others?

(39) If a majority of other jurors reached a different conclusion from you after considering the evidence, would any of you be likely to change your opinion to conform to theirs simply because their opinion was in the majority?

(40) If you were either the Plaintiff or Defendants, is there any reason at all that you would not want a person in your frame of mind to sit as a juror in this case?

## VOIR DIRE: INDIVIDUAL QUESTIONS

Ladies and gentlemen, now there are some questions I will ask each of you individually. We'll move through the jury pool in order, beginning with _____. If there is anything you want to mention, but not with everyone listening, raise your hand and it can be arranged for you to talk to me and the lawyers privately. Please pass the microphone to the next juror when I have completed my questioning of you. ***(Emily will be displaying these questions on the Elmo.)***

1. Please tell me:

    Name

    Town or county where you live

    Your job

    Education: level/degrees/institution

    Marital status: spouses name/employment

    Children: names/ages/school or occupation

    How long have you lived in Colorado

    Where do you get most of your information about current events

    Interests: hobbies/how spend spare time/what like to read or watch on TV

## PARTIES' VOIR DIRE QUESTIONS

Now I will give the lawyers for the Parties an opportunity to ask you some follow-up questions. They can ask the entire panel, or they can ask just a particular person. These questions are not meant to be intrusive or offensive, but are designed to help seat a fair and impartial jury. Remember, if there is anything you want to mention, but not with everyone listening, raise your hand and it can be arranged for you to talk to me and the lawyers privately.