**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 22-cv-01129-NYW-SBP

ERIC COOMER,

      Plaintiff,

v.

MICHAEL J. LINDELL,
FRANKSPEECH LLC, and
MY PILLOW, INC.,

      Defendants.

___

**MINUTE ORDER ON PRETRIAL ISSUES**
___

**Entered by Judge Nina Y. Wang**

    This matter is before the Court on several pretrial matters. In light of the Parties' respective proposed voir dire, [Doc. 299, Doc. 300], and the Parties' Joint Proposed Jury Instructions, [Doc. 304], the Court will issue some initial guidance to the Parties on each of these topics.

**I.   Voir Dire**

    Pursuant to its Minute Order on May 12, 2025, after the Court conducts its voir dire examination, each side will be permitted 30 minutes to conduct a voir dire examination of potential jurors. [Doc. 331]. After consideration of the Parties' respective proposed voir dire, [Doc. 299; Doc. 300], this Court docketed its anticipated voir dire on May 29, 2025. [Doc. 343]. The Parties will be permitted to preserve any objections to the Court's voir dire on the morning of June 2, 2025 before the selection of jurors. In addition to the instructions provided by the Court during the course of the Final Pretrial/Trial Preparation Conference, *see* [Doc. 315 at 40:2–24], this Court finds it appropriate, in its discretion, to provide these additional guidelines for the Parties' respective voir dire. *United States v. McVeigh*, 153 F.3d 1166, 1205 (10th Cir. 1998) (observing that the district court has wide discretion in conducting voir dire, including the type or breadth of questions relating to pretrial publicity), *disapproved of on other grounds by Hooks v. Ward*, 184 F.3d 1206 (10th Cir. 1999).

The Parties are not permitted to directly inquire as to the political affiliation or voter registration of any venire person. *See Connors v. United States,* 158 U.S. 408, 414 (1895) ("The law assumes that every citizen is equally interested in the enforcement of the statute enacted to guard the integrity of national elections, and that his political opinions or affiliations will not stand in the way of an honest discharge of his duty as a juror in cases arising under that statute."). The Parties are also not permitted to follow up the Court's inquiry regarding political donations by inquiring into the specific candidates, causes, or organizations to which the individual or family member donated. *Id.* In addition, the Parties are not permitted to describe, reference, or inquire about any prior rulings or orders of any court. Finally, counsel shall not make statements of law during their voir dire.[1] The Court will address any other issues with respect to the Parties' voir dire questions contemporaneously.

## II.   Proposed Joint Jury Instructions

Upon review of the Joint Proposed Jury Instructions, [Doc. 304], the Court observes that the Parties have proposed jury instructions relating to both defamation per se and defamation per quod, *see* [*id.* at 53, 66]. Under Colorado law, an actionable statement for defamation is either defamation per se or defamation per quod. *See Gordon v. Boyles*, 99 P.3d 75, 79 (Colo. App. 2004). A statement that is defamatory per se "must carry its defamatory imputation on its face and is actionable without an allegation or proof of damages." *See McGettigan v. Di Mare*, 173 F. Supp. 3d 1114, 1126 (D. Colo. 2016) (citing *Inter-State Detective Bureau, Inc. v. Denver Post, Inc.*, 484 P.2d 131, 133 (Colo. App. 1971)). Traditionally, defamation per se includes statements alleging "(1) a criminal offense; (2) a loathsome disease; (3) a matter incompatible with the individual's business, trade, profession, or office; or (4) serious sexual misconduct." *Gordon*, 99 P.3d at 79 (citations omitted). Defamation per quod, on the other hand, "requires innuendo or extrinsic evidence to establish its defamatory nature," *Keohane v. Stewart*, 882 P.2d 1293, 1297 n.3 (Colo. 1994), and proof of special damages, *Bernstein v. Dun & Bradstreet, Inc.*, 368 P.2d 780, 783 (Colo. 1962).

Neither Party has asked the Court to decide whether the alleged statements in this case constitute defamation per se or per quod. But "[w]hether a statement is defamatory per se is a question of law for the Court." *McGettigan*, 173 F. Supp. 3d at 1126 (quotation and ellipsis omitted) (applying Colorado law). In other words, the Court must classify the alleged statements itself rather than leaving the issue for the jury. Before conducting its analysis, the Court notes that the record as a whole lacks any clear signs of the Parties' positions on this issue. The Second Amended Complaint suggests that the alleged statements could be either defamation per se or per quod. *Compare* [Doc. 170 at ¶ 148 ("These statements are defamatory per se.")], *with* [*id.* at ¶ 150 (alleging special damages)]. And the Court could find no instance in the record where Defendants argued that the statements are defamatory per quod. *See* Doc. 177 at 20 (Defendants' Motion for Summary Judgment, arguing that the alleged statements are inactionable even if they

---

[1] For instance, if counsel wish to ask about free speech protections, they should ask "Do you think the First Amendment should protect unpopular speech?" instead of "The First Amendment protects unpopular speech. Do you agree with that?"

would "in most cases" constitute actionable defamation per se (emphasis omitted)); Doc. 261 at 9–11 (rejecting Defendants' actionability argument)].

In the absence of specific argument from the Parties, the Court finds, based on the record, that the alleged statements are defamatory per se. The contents of the alleged defamatory statements are undisputed. Some statements accuse Plaintiff of engaging in election fraud, treason, corruption, or other criminal activity. *See, e.g.*, [Doc. 304 at 62 (statement by Defendant Michael J. Lindell: "Eric Coomer, you are a criminal."); *id.* at 66–67 (calling Plaintiff "treasonous" and "corrupt" for participating in an alleged election fraud scheme)]. These statements qualify as claims of a "criminal offense," a traditional category of defamation per se. *See Gordon*, 99 P.3d at 79. The remaining statements allege Plaintiff abused his position as an executive officer at Dominion Voting Systems to interfere with the 2020 presidential election and "ma[ke] sure" that President Donald Trump would lose. *See, e.g.*, [Doc. 304 at 66–68]. These statements charge Plaintiff with conduct "incompatible with the individual's business, trade, profession, or office." *Gordon*, 99 P.3d at 79. Two other courts have concluded that similar or identical statements about Plaintiff qualify as defamation per se. *See Coomer v. Donald J. Trump for President, Inc.*, 552 P.3d 562, 587 (Colo. App. 2024) (observing that election-rigging allegations that "impute[] a criminal offense" to Dr. Coomer are defamatory per se); *Coomer v. Make Your Life Epic LLC*, No. 21-cv-03440-WJM-KAS, 2025 WL 1207592, at *11–14 (D. Colo. Apr. 25, 2025) (concluding that nearly identical statements accusing Dr. Coomer of election fraud, election-rigging, treason, and other criminal activity or abuse of his position at Dominion are defamation per se). This Court respectfully concurs. And because the alleged statements are defamatory per se, it is unnecessary to provide jury instructions that relate only to defamation per quod. *See, e.g.*, Colo. Jury Instructions, Civ. §§ 22:1 n.10, 22:2 n.3 (4th ed. Apr. 2025 update). The Court therefore **ADVISES** the Parties that the Court will only issue jury instructions relevant to defamation per se.

### III.   Use of Technology in the Courtroom

Finally, due to public interest in this action, the Court addresses the use of technology in the courtroom. The general principles for use of technology in the courtroom are set forth in this District's Local Rule of Civil Practice 83.1, which provides, inter alia, that no photographs, audio, or video recordings may be used in any public area or any other location in which court business and proceedings are conducted, including but not limited to, the courtroom or the hallway outside of the courtroom. D.C.COLO.LCivR 83.1. For purposes of this trial, **this Rule extends to any live blogging, tweeting, transcribing, transmitting, or any other type of real-time communication and/or reporting about these proceedings.** Violation of this rule may constitute contempt of court punishable by incarceration and the imposition of fines, costs, and attorney fees. Individuals who wish to communicate about the proceedings may do so outside of the courthouse. Local Rule 83.1 and a copy of this portion of the Order will be posted on the doors of the courtroom during trial.

Accordingly, it is **ORDERED** that:

(1) During their voir dire, the Parties **SHALL NOT**

    (a) inquire as to any venire person's political affiliation or voter registrations;

    (b) inquire as to the specific recipients of any venire person's political donations;

    (c) describe, reference, or inquire about any prior rulings or orders of any court; and

    (d) make any statements of law;

(2) Because the alleged defamatory statements in this case constitute defamation per se, the Parties are **ADVISED** Court will not issue any jury instructions relevant to defamation per quod; and

(3) During trial, the Parties and any members of the public shall **FOLLOW** the Court's rule on use of technology in the courtroom as set forth herein.

DATED: May 29, 2025

4