**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 22-cv-01129-NYW-SBP

ERIC COOMER,

      Plaintiff,

v.

MICHAEL J. LINDELL,
MY PILLOW, INC., and
FRANKSPEECH LLC,

      Defendants.

---

**MINUTE ORDER**

---

Entered by United States District Judge Nina Y. Wang

      This matter is before the Court on the Parties' objections to designated deposition testimony. *See* [Doc. 301]. The Parties have since narrowed the list of witnesses slated to testify via deposition. [Doc. 345]. The Court has also received communications from Plaintiff indicating "de-designations" of certain deposition testimony that Plaintiff no longer intends to present at trial. Accordingly, the Court limits this Minute Order to the objections relevant to witnesses and deposition testimony that will be presented at trial. In addition, in ruling on the objections, the Court states a sufficient, but not necessarily exhaustive, basis for the ruling.

**I.     Objections to Designations of Dr. Jared Finkell**

| Lines | Objection | Ruling |
|-------|-----------|--------|
| 11:9–13:20 | FRE 602, 701 | **Overruled**. Permissible for credibility purposes. |
| 35:12–36:4 | FRE 401, 602 | **Sustained**. |
| 38:3–38:25[1] | FRE 106 | **Overruled.** There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to |

---

[1] This portion of Dr. Finkell's deposition testimony refers to an Exhibit 140, which appears to be an e-mail chain. No hearsay objection has been raised with respect to the testimony, and accordingly, this Court finds that it is appropriate to admit the exhibit along with the testimony.

|  |  | be considered at the same time. |
|---|---|---|
| 43:23–43:25 | FRE 401 (incomplete) | **Sustained**. |
| 45:17–47:17 | FRE 106 | **Overruled**. There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time. |
| 56:5–61:3 | FRE 106 | **Overruled**. There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time. |
| 70:14–73:3 | FRE 106 | **Overruled**. There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time. |
| 73:4–78:7, with an objection only to 75:20–78:7 | FRE 401, 403 | **Sustained as to 75:20-77:25 (through "things")**.  The probative value of the hypotheticals as articulated is outweighed by the confusion to the jury in discussing other inapplicable diagnoses. |
| 81:2–83:16 | FRE 106 | **Overruled**. There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time. |
| 97:14–98:12 | FRE 106 | **Overruled**. There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time. |

| 100:15–100:24 | FRE 401, 403, 404.  Violative of the Court's March 13, 2025 Minute Order.  [Doc. 296]. | **Sustained** pursuant to the Court's Order on Motion in Limine.  *See* [Doc. 328 at 9–10]. |
|---|---|---|
| 101:2–101:11 | FRE 401, 403, 404.  Violative of the Court's March 13, 2025 Minute Order.  [Doc. 296]. | **Sustained** pursuant to the Court's Order on Motion in Limine.  *See* [Doc. 328 at 9–10]. |
| 112:4–115:6 | FRE 106 | **Overruled**. There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time. |
| 123:3–125:25 | FRE 401.  Violative of the Court's March 13, 2025 Minute Order.  [Doc. 296]. | **Sustained** as an untimely designation. |
| 142:3–146:9 | FRE 106 | **Overruled**. There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time. |
| 148:13–149:22 | FRE 106 | **Overruled**. There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time. |
| 151:23–153:23 | FRE 106 | **Overruled**. There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time. |
| 156:14–160:7 | FRE 106 | **Overruled**. There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time. |

| 163:21–164:15 | FRE 106 | **Overruled**. There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time. |
|---|---|---|
| 179:18–179:25 | FRE 106 | **Overruled**. There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time. |
| 182:18–183:5 | FRE 106 | **Overruled**. There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time. |
| 188:16–189:14 | FRE 401 | **Sustained**. |
| 191:14–194:2[2] | FRE 106 | **Overruled**. There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time. |
| 196:8–197:22 | FRE 401 | **Sustained**. |
| 199:15–201:16, with an objection only to 201:11–16 | FRE 602 | **Sustained** for lack of foundation. |
| 206:15–213:14 | FRE 106 | **Overruled**. There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time. |

---

[2] This portion of Dr. Finkell's deposition testimony refers to an Exhibit 142, which appears to be an e-mail chain. No hearsay objection has been raised with respect to the testimony, and accordingly, this Court finds that it is appropriate to admit the exhibit along with the testimony.

| 213:24–215:9 | FRE 106 | **Overruled**. There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time. |
|---|---|---|
| 229:8–229:25 | FRE 106 | **Overruled**. There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time. |
| 232:11–234:3 | FRE 106 | **Overruled**. There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time. |
| 244:12–245:19 | FRE 106 | **Overruled**. There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time. |
| 246:7–246:21 | FRE 401 | **Overruled**.  Permissible for credibility purposes. |

## II.    Objections to Designations of Harri Hursti

| Lines | Objection | Ruling |
|---|---|---|
| 7:19–8:7 | FRE 401–403, 801, 802 | **Overruled** as permissible testimony regarding witness's background and professional experience. No hearsay. |
| 9:6–9:11 | FRE 401–403, 801, 802 | **Overruled** as permissible testimony regarding witness's background and professional experience.  No hearsay. |
| 9:16–9:25 | FRE 401–403, 801, 802 | **Overruled** as permissible testimony regarding witness's |

| | | background and professional experience.  No hearsay. |
|---|---|---|
| 11:3–11:22 | FRE 401–403, 801, 802 | **Overruled**. Permissible testimony regarding witness's background and professional experience.  No hearsay. |
| 12:17–13:24 (except for 13:7–8, which are no longer designated) | FRE 401–403, 801, 802 | **Overruled**.  Permissible testimony regarding witness's background and professional experience. No hearsay. |
| 16:6–19:5 | FRE 401–403, 801, 802 | **Overruled**.  Permissible testimony regarding witness's background and professional experience..  Defendants did not file a Rule 702 motion, nor assert a Rule 702 objection herein.  No hearsay. |
| 22:5–22:23 | FRE 401–403, 801, 802 | **Overruled**.  Permissible testimony regarding witness's background and professional experience.  No hearsay. |
| 24:19–25:12 | FRE 401–403, 801, 802 | **Overruled**.  Permissible testimony regarding witness's background and professional experience. No hearsay. |
| 27:8–27:25 | FRE 401–403, 801, 802 | **Overruled**.  Permissible testimony regarding witness's background and professional experience. Defendants did not file a Rule 702 motion, nor assert a Rule 702 objection herein. No hearsay. |
| 32:25–33:16, ending at "correct." | FRE 401–403, 801, 802 | **Overruled** as to 32:25-32:11 (through "okay").  Permissible testimony regarding witness's background and professional experience.  **Sustained** on hearsay grounds as to 33:11(starting with "And as it relates") -32:16. |
| 40:23–43:21 | FRE 401–403, 801, 802 | **Overruled**.  Permissible testimony regarding witness's background and professional experience. Defendants did not file a Rule 702 motion, nor |

| | | assert a Rule 702 objection herein. |
|---|---|---|
| 52:3–58:3[3] | FRE 401–403, 801, 802 | **Overruled.** Permissible testimony regarding witness's percipient knowledge. Defendants did not file a Rule 702 motion, nor assert a Rule 702 objection herein. |
| 66:1–66:16 | FRE 401–403, 801, 802 | **Overruled.** Permissible testimony regarding witness's percipient knowledge and professional experience. Defendants did not file a Rule 702 motion, nor assert a Rule 702 objection herein. No hearsay. |
| 70:9–71:1 | FRE 401–403, 801, 802 | **Overruled.** Permissible testimony regarding witness's percipient knowledge and professional experience. Defendants did not file a Rule 702 motion, nor assert a Rule 702 objection herein. No hearsay. |
| 71:16–74:8 | FRE 401–403, 801, 802 | **Overruled.** Permissible testimony regarding witness's percipient knowledge and professional experience. Defendants did not file a Rule 702 motion, nor assert a Rule 702 objection herein. No hearsay. |
| 90:16–93:25 | FRE 401–403, 801, 802 | **Overruled.** Permissible testimony regarding witness's percipient knowledge and professional experience. Defendants did not file a Rule 702 motion, nor assert a Rule 702 objection herein. T the extent that Mr. Hursti |

---

[3] This portion of Mr. Hursti's deposition testimony refers to Exhibit 91, which is an email involving Mr. Hursti's work with CNN. To the Court's knowledge, Exhibit 91 was not provided to the Court, and accordingly, the Court cannot assess the hearsay objection with respect to the exhibit. Accordingly, this exhibit will not be admitted along with the testimony unless it is otherwise offered to and admitted by the Court.

| | | references statements by Mr. Lindell, Mr. Waldron, Mr. Montgomery, other speakers related to the Cyber Symposium, they do not appear to be offered for the truth of the matter asserted by these individuals. |
|---|---|---|
| 94:19–99:16[4] | FRE 401–403, 801, 802 | **Overruled.** Permissible testimony regarding witness's percipient knowledge and professional experience. Defendants did not file a Rule 702 motion, nor assert a Rule 702 objection herein. |
| 101:12–102:8 | FRE 401–403, 801, 802 | **Sustained** pursuant to Rule 403 as any probative value is outweighed by the potentially prejudicial impact on the jury. |
| 104:21–109:2 | FRE 401–403, 801, 802 | **Overruled** as permissible testimony regarding witness's percipient knowledge and professional experience, and the out of court statement is being offered for non-hearsay purposes (such as scienter for alleged defamation), not for the truth of the matter asserted. |
| 109:23–112:21 | FRE 401–403, 801, 802 | **Overruled** as permissible testimony regarding witness's percipient knowledge and professional experience, and the out of court statement is being offered for being offered for non-hearsay purposes (such as scienter for alleged defamation), not for the truth of the matter asserted. |

---

[4] This portion of Mr. Hursti's deposition testimony refers to Exhibit 92, which is an email involving Mr. Hursti's work with CNN. To the Court's knowledge, Exhibit 92 was not provided to the Court, and accordingly, the Court cannot assess the hearsay objection with respect to the exhibit. Accordingly, this exhibit will not be admitted along with the testimony unless it is otherwise offered to and admitted by the Court.

| 114:14–116:19 | FRE 401–403, 801, 802 | **Overruled** as permissible testimony regarding witness's percipient knowledge and professional experience, and the out of court statement is being offered for being offered for non-hearsay purposes (such as scienter for alleged defamation), not for the truth of the matter asserted. |
| --- | --- | --- |
| 127:7–128:6[5] | FRE 401–403, 801, 802 | **Overruled** as permissible testimony regarding witness's percipient knowledge and professional experience, and the out of court announcement is being offered not for the basis of Mr. Hursti's percipient knowledge and professional experience, not for the truth of the matter asserted. |
| 132:12–139:8 | FRE 401–403, 801, 802 | **Sustained as to 132:21 (starting with I mean Lindell) -25** that the probative value is outweighed by the potential unfair prejudice to the jury; **overruled as to 132:12-139:8** as any out of court statement is being offered for non-hearsay purposes (such as scienter for alleged defamation), not for the truth of the matter asserted. |
| 145:15–147:18 | FRE 401–403, 801, 802 | **Overruled.** Permissible testimony regarding witness's background and professional experience. Defendants did not file a Rule 702 motion, nor assert a Rule 702 objection herein. No hearsay. |

---

[5] This portion of Mr. Hursti's deposition testimony refers to Exhibit 94 pages 1383 and 1384, which refer to slides from the Cyber Symposium reflecting vote totals for Mississippi from the 2020 Election. To the Court's knowledge, Exhibit 94 was not provided to the Court, but to the extent that they constitute slides from the Cyber Symposium, they appear to be offered not for the truth of the matter asserted but as a basis for Mr. Hursti's testimony about his personal observations and professional experience.

| 149:4–150:16 | FRE 401–403, 801, 802 | **Overruled.** Permissible testimony regarding witness's background and professional experience. Defendants did not file a Rule 702 motion, nor assert a Rule 702 objection herein. No hearsay. |
| 151:21–156:23 | FRE 401–403, 801, 802 | **Sustained.** Ms. Peters is not a defendant to this action, and this testimony does not pertain to damages to Dr. Coomer. |
| 168:20–173:1 | FRE 401–403, 801, 802 | **Overruled.** Permissible testimony regarding witness's background and professional experience, and any out of court statement is being offered for non-hearsay purposes (such as damages), not for the truth of the matter asserted. |
| 189:23–191:12 | FRE 401–403, 801, 802 | **Overruled.** Permissible testimony regarding witness's background and professional experience, and any statement by Mr. Lindell or FrankSpeech is a hearsay exception of a statement by a party opponent. |

## III.    Objections to Designations of Susan Klopman

| Lines | Objection | Ruling |
| --- | --- | --- |
| 63:17–64:5 | FRE 106, 602 | **Overruled.** There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time, and it appears that Ms. Klopman is testifying from personal knowledge. |

| 82:20 (Beginning with "this is the")–82:24[6] | FRE 106, 602 | **Overruled**.  There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time, and it appears that Ms. Klopman is testifying from personal knowledge. |
| --- | --- | --- |
| 83:25–84:23 | FRE 106 | **Overruled**.  There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time. |
| 85:6–85:12 | FRE 106 | **Overruled**.  There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time |
| 88:21–89:10 | FRE 106 | **Overruled**.  There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time |
| 93:10–94:3 | FRE 106, 403 | **Overruled**.  There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time, and the Court finds that the probative value outweighs the potential unfair prejudice. |

---

[6] This portion of Ms. Klopman's deposition testimony appears to refer to a June 2022 employee handbook.  To the Court's knowledge, this employee handbook was not provided to the Court. No hearsay objection has been raised with respect to the testimony, and accordingly, this Court finds that it is appropriate to admit the exhibit along with the testimony.

| 95:18–96:7 | FRE 106, 403 | **Overruled.** There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time, and the Court finds that the probative value outweighs the potential unfair prejudice. |
|---|---|---|
| 97:8–97:13 | FRE 106, 403 | **Overruled.** There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time, and the Court finds that the probative value outweighs the potential unfair prejudice. |
| 101:18–102:4 | FRE 106 | **Overruled.** There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time. |
| 116:10–117:9 | FRE 602 | **Sustained.** |
| 127:11–127:19 | FRE 106, 403 | **Overruled.** There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time, and the Court finds that the probative value outweighs the potential unfair prejudice. |
| 127:23–128:1 | FRE 106, 403 | **Overruled.** There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time, and the Court finds that the probative value outweighs the potential unfair prejudice. |

## IV.    Objections to Designations of Max McGuire

| Lines | Objection | Ruling |
|---|---|---|
| 6:20–7:19 | FRE 401–403, 801, 802 | **Overruled** as permissible testimony regarding witness's background and professional experience. No hearsay. |
| 20:14–21:25 | FRE 401–403, 801, 802, 602 | **Overruled** as permissible testimony regarding witness's background and context for knowledge of My Pillow's advertising with Conservative Daily.  No hearsay. |
| 25:17–26:2 | FRE 602, 401–403, 802 | **Overruled** as permissible testimony providing context for his personal knowledge. No hearsay. |
| 34:23–35:13 | FRE 602, 401–403, 802 | **Overruled** as permissible testimony regarding witness's personal knowledge. No hearsay. |
| 36:24–38:21 | FRE 602, 401–403, 802 | These lines do not appear to be designated within Mr. McGuire's transcript submitted to the Court.  If they are in fact designated, **sustained** as insufficiently relevant to the claims and defenses in this action. |
| 95:19–96:9 | FRE 401–403, 802 | **Overruled** as permissible testimony regarding witness's personal knowledge. No hearsay. |
| 107:11–108:17 | FRE 401–403, 802 | **Overruled** as permissible testimony regarding witness's personal knowledge. No hearsay. |
| 109:1–109:24 | FRE 401–403, 802 | These lines do not appear to be designated within Mr. McGuire's transcript submitted to the Court.  If they are in fact designated, **sustained** as hearsay 109:1-22. |
| 114:21 (Beginning with "Was it on")–115:7 | FRE 401–403, 802 | **Overruled**.  Permissible testimony regarding professional experience, and |

| | | any out of court statement is being offered for non-hearsay purposes (such as notice), not for the truth of the matter asserted. |
|---|---|---|
| 115:17–19 | FRE 401–403, 802 | **Overruled**.  Permissible testimony regarding own knowledge.  No hearsay. |
| 116:16–120:12[7] | FRE 401–403, 802 | **Overruled**.  Permissible testimony regarding own knowledge.  No hearsay as to testimony provided about his own actions. |
| 129:10–131:7 | FRE 602, 401–403, 802 | **Overruled**.  Permissible testimony regarding professional experience and personal knowledge, and any out of court statement is being offered for non-hearsay purposes (such as scienter), not for the truth of the matter asserted. |
| 131:15–133:12 | FRE 602, 401–403, 802 | **Sustained as to 130:11-131:7** as hearsay.  **Overruled as to 129:15-130:12**.  Permissible testimony regarding professional experience and personal knowledge, and no hearsay. |
| 134:22–135:3 | FRE 602, 401–403, 802 | **Sustained**. |
| 135:18–135:22 | FRE 602, 401–403, 802 | **Overruled.**  Permissible testimony regarding percipient knowledge, and any out of court statement is being offered for non-hearsay purposes (such as notice), not for the truth of the matter asserted. |

---

[7] This portion of Mr. McGuire's deposition testimony refers to Exhibit 16, which appears to include Facebook pages.  To the Court's knowledge, Exhibit 16 was not provided to the Court, and accordingly, the Court cannot assess the hearsay objection with respect to the exhibit.  These Facebook pages, depending on their contents, may also be subject to the Court's prior rulings *in limine*.  [Doc. 328].  Accordingly, this exhibit will not be admitted along with the testimony unless it is otherwise offered to and admitted by the Court.

| 136:2–139:11 | FRE 602, 401–403, 802 | **Overruled.**  Permissible testimony regarding percipient knowledge, and any out of court statement is being offered for non-hearsay purposes (such as scienter and damages), not for the truth of the matter asserted |
| 154:21–156:5 | FRE 602, 401–403, 802 | **Overruled**.  Permissible testimony regarding personal knowledge, and the probative value as to issues such as damages outweighs the potential unfair prejudice. |
| 176:3–176:13 | FRE 602, 401–403, 802 | **Sustained.** |
| 195:25–196:21 | FRE 602, 401–403, 802 | **Sustained as to 195:4–14.**  Mr. Oltmann is not a defendant in this action, and the testimony does not pertain to any claim or defense in this particular action.  **Overruled as to 195:15–21.** |
| 219:1–7 | FRE 602, 401–403, 802 | **Overruled.**  Not hearsay, and any potential prejudice is outweighed by the probative value. |
| 220:7–20 | FRE 602, 401–403, 802 | **Sustained** as hearsay. |
| 222:22–25 | FRE 602, 401–403, 802 | **Sustained** as hearsay. |

## V.     Objections to Designations of Josh Merritt

| Lines | Objection | Ruling |
| --- | --- | --- |
| 52:6–57:8 | FRE 401–403, 802 | **Overruled**.  Permissible testimony regarding percipient knowledge, and any out of court statement is being offered for non-hearsay purposes (such as scienter), and not for the truth of the matter asserted. |
| 63:12–66:4 | FRE 403 | **Overruled**.  The probative value of the testimony outweighs the potential unfair prejudice. |

| 69:9–70:19 | FRE 602, 701, 403 | **Overruled**. Permissible testimony regarding percipient knowledge as a lay witness who is a network engineer and a cybersecurity consultant. Defendants did not file a 702 Motion. The probative value, particularly as to scienter, outweighs any potential unfair prejudice. |
| --- | --- | --- |
| 71:6–74:24 | FRE 602, 701, 403 | **Overruled**. Permissible testimony regarding percipient knowledge as a lay witness who is a network engineer and a cybersecurity consultant. Defendants did not file a 702 Motion. The probative value, particularly as to scienter, outweighs any potential unfair prejudice. |
| 75:6–78:18 | FRE 602, 701, 403 | **Overruled**. Permissible testimony regarding percipient knowledge as a lay witness who is a network engineer and a cybersecurity consultant. Defendants did not file a 702 Motion. The probative value, particularly as to scienter, outweighs any potential unfair prejudice. |
| 86:14–89:25 | FRE 401–403, 802 | **Overruled**. Permissible testimony regarding Mr. Merritt's understanding based on his percipient knowledge. The probative value, particularly as to scienter, outweighs any potential unfair prejudice, and any out of court statement is being offered for non-hearsay purposes (such as scienter), and not for the truth of the matter asserted. |
| 91:4–95:10 | FRE 401–403, 802 | **Overruled**. Permissible testimony regarding Mr. Merritt's understanding based on his percipient knowledge. |

| | | The probative value, particularly as to scienter, outweighs any potential unfair prejudice, and any out of court statement is being offered for non-hearsay purposes (such as scienter), and not for the truth of the matter asserted. |
|---|---|---|
| 97:25–101:14 | FRE 401–403, 802 | **Overruled**. Permissible testimony regarding Mr. Merritt's understanding based on his percipient knowledge. The probative value, particularly as to scienter, outweighs any potential unfair prejudice, and any out of court statement is being offered for non-hearsay purposes (such as scienter), and not for the truth of the matter asserted. |
| 102:13–105:15 | FRE 401–403, 802 | **Overruled**. Permissible testimony regarding Mr. Merritt's understanding based on his percipient knowledge. The probative value, particularly as to scienter, outweighs any potential unfair prejudice, and any out of court statement is being offered for non-hearsay purposes (such as scienter), and not for the truth of the matter asserted. |
| 106:5–108:6 | FRE 401–403, 802 | **Overruled**. Permissible testimony regarding Mr. Merritt's understanding based on his percipient knowledge. The probative value, particularly as to scienter, outweighs any potential unfair prejudice, and any out of court statement is being offered for non-hearsay purposes (such as scienter), and not for the truth of the matter asserted. |
| 122:7–125:9 | FRE 401–403, 802 | **Overruled**. Permissible testimony regarding Mr. |

| | | Merritt's understanding based on his percipient knowledge. The probative value, particularly as to scienter, outweighs any potential unfair prejudice, and any out of court statement is being offered for non-hearsay purposes (such as scienter), and not for the truth of the matter asserted. |
|---|---|---|
| 141:8–141:11 | FRE 401–403, 802 | **Sustained**.  Any probative value is outweighed by the potential confusion as the remainder of the testimony has been de-designated. |
| 149:10–152:7 | FRE 403, 801, 802 | **Overruled**. Permissible testimony regarding Mr. Merritt's percipient knowledge. The probative value, particularly as to scienter, outweighs any potential unfair prejudice, and any out of court statement is being offered for non-hearsay purposes (such as scienter), and not for the truth of the matter asserted. |
| 156:11–157:2 | FRE 403, 801, 802 | **Sustained**. |
| 158:9–20 | FRE 403, 801, 802 | **Overruled**. Permissible testimony regarding Mr. Merritt's percipient knowledge. The probative value, particularly as to scienter, outweighs any potential unfair prejudice, and any out of court statement is being offered for non-hearsay purposes (such as scienter), and not for the truth of the matter asserted. |
| 159:12–160:7 | FRE 403, 801, 802 | **Overruled**. Permissible testimony regarding Mr. Merritt's percipient knowledge. The probative value, particularly as to scienter, outweighs any potential unfair prejudice, and any out of court statement is being offered for |

| | | non-hearsay purposes (such as scienter), and not for the truth of the matter asserted. |
|---|---|---|
| 165:5–167:5 | FRE 403, 801, 802 | **Overruled**. Permissible testimony regarding Mr. Merritt's percipient knowledge. The probative value, particularly as to scienter, outweighs any potential unfair prejudice, and any out of court statement is being offered for non-hearsay purposes (such as scienter and damages – lack of mistake), and not for the truth of the matter asserted. |
| 167:21–168:11 | FRE 403, 801, 802 | **Overruled as to 167:21-23, 168:3–5 (ending with "did not.") and 168:8–11 as non-hearsay.** The probative value, particularly as to credibility, outweighs any potential unfair prejudice. **Sustained** as to 168:5 (starting with "And the numerous requests")–7. |
| 175:13–176:15 | FRE 403, 801, 802 | **Overruled.** The probative value, particularly as to credibility, outweighs any potential unfair prejudice. Not hearsay. |

## VI.    Objections to Designations of Dennis Montgomery, Day One of Deposition

| Lines | Objection | Ruling |
|---|---|---|
| 38:1–49:16 | Violates the Court's March 13, 2025 Minute Order. [Doc. 296]. | **Sustained**. Defendants made no affirmative designations of deposition testimony by the deadline of March 3, 2025. [Doc. 295 at ¶ 4]. As noted in the Court's order dated March 13, 2025, the wholesale designation of Mr. Montgomery's deposition testimony was improper. [Doc. 296]. Deposition counter- |

| | | designations are generally understood to be pursuant to Rule 106 of the Federal Rules of Evidence to ensure completeness.  *See In re: Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543 (JMF), 2016 WL 4493863, at *2 (S.D.N.Y. Aug. 24, 2016); *Bone Care Int'l, LLC v. Pentech Pharms., Inc.,* No. 08-CV-1083, 2010 WL 3894444, at *11 (N.D. Ill. Sept. 30, 2010), *order clarified sub nom. Bone Care v. Pentech*, No. 08 C 1083, 2010 WL 3909509 (N.D. Ill. Oct. 4, 2010).  And the Court specifically advised Defendants that counter-designations needed to fall within the scope of Plaintiff's affirmative designations.  [Doc. 296]. |
|---|---|---|
| 51:1–9 | FRE 401, 403.  Violates the Court's March 13, 2025 Minute Order.  [Doc. 296]. | **Sustained**.  Defendants made no affirmative designations of deposition testimony by the deadline of March 3, 2025.  [Doc. 295 at ¶ 4].  As noted in the Court's order dated March 13, 2025, the wholesale designation of Mr. Montgomery's deposition testimony was improper.  [Doc. 296].  Deposition counter-designations are generally understood to be pursuant to Rule 106 of the Federal Rules of Evidence to ensure completeness.  *See In re: Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543 (JMF), 2016 WL 4493863, at *2 (S.D.N.Y. Aug. 24, 2016); *Bone Care Int'l, LLC v. Pentech Pharms., Inc.,* No. 08-CV-1083, 2010 WL 3894444, |

| | | at *11 (N.D. Ill. Sept. 30, 2010), *order clarified sub nom. Bone Care v. Pentech*, No. 08 C 1083, 2010 WL 3909509 (N.D. Ill. Oct. 4, 2010).  And the Court specifically advised Defendants that counter-designations needed to fall within the scope of Plaintiff's affirmative designations.  [Doc. 296].  In addition, any probative value is outweighed by the potential confusion to the jury. |
|---|---|---|
| 57:15–61:25 | FRE 401, 403.  Violates the Court's March 13, 2025 Minute Order.  [Doc. 296]. | **Sustained**.  Defendants made no affirmative designations of deposition testimony by the deadline of March 3, 2025.  [Doc. 295 at ¶ 4].  As noted in the Court's order dated March 13, 2025, the wholesale designation of Mr. Montgomery's deposition testimony was improper.  [Doc. 296].  Deposition counter-designations are generally understood to be pursuant to Rule 106 of the Federal Rules of Evidence to ensure completeness.  *See In re: Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543 (JMF), 2016 WL 4493863, at *2 (S.D.N.Y. Aug. 24, 2016); *Bone Care Int'l, LLC v. Pentech Pharms., Inc.,* No. 08-CV-1083, 2010 WL 3894444, at *11 (N.D. Ill. Sept. 30, 2010), *order clarified sub nom. Bone Care v. Pentech*, No. 08 C 1083, 2010 WL 3909509 (N.D. Ill. Oct. 4, 2010).  And the Court specifically advised Defendants that counter-designations needed to fall within the scope of Plaintiff's |

| | | affirmative designations.  [Doc. 296].  In addition, any probative value is outweighed by the potential confusion to the jury. |
|---|---|---|
| 62:17–93:25 | FRE 401, 403.  Violates the Court's March 13, 2025 Minute Order.  [Doc. 296]. | **Sustained**.  Defendants made no affirmative designations of deposition testimony by the deadline of March 3, 2025.  [Doc. 295 at ¶ 4].  As noted in the Court's order dated March 13, 2025, the wholesale designation of Mr. Montgomery's deposition testimony was improper.  [Doc. 296]  Deposition counter-designations are generally understood to be pursuant to Rule 106 of the Federal Rules of Evidence to ensure completeness.  *See In re: Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543 (JMF), 2016 WL 4493863, at *2 (S.D.N.Y. Aug. 24, 2016); *Bone Care Int'l, LLC v. Pentech Pharms., Inc.,* No. 08-CV-1083, 2010 WL 3894444, at *11 (N.D. Ill. Sept. 30, 2010), *order clarified sub nom. Bone Care v. Pentech*, No. 08 C 1083, 2010 WL 3909509 (N.D. Ill. Oct. 4, 2010).  And the Court specifically advised Defendants that counter-designations needed to fall within the scope of Plaintiff's affirmative designations.  [Doc. 296].  In addition, any probative value is outweighed by the potential confusion to the jury. |
| 98:3–98:16 | FRE 401, 403.  Violates the Court's March 13, 2025 Minute Order.  [Doc. 296]. | **Sustained**.  Defendants made no affirmative designations of deposition testimony by the deadline of March 3, 2025. |

| | | [Doc. 295 at ¶ 4]. As noted in the Court's order dated March 13, 2025, the wholesale designation of Mr. Montgomery's deposition testimony was improper. [Doc. 296]. Deposition counter-designations are generally understood to be pursuant to Rule 106 of the Federal Rules of Evidence to ensure completeness. *See In re: Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543 (JMF), 2016 WL 4493863, at *2 (S.D.N.Y. Aug. 24, 2016); *Bone Care Int'l, LLC v. Pentech Pharms., Inc.,* No. 08-CV-1083, 2010 WL 3894444, at *11 (N.D. Ill. Sept. 30, 2010), *order clarified sub nom. Bone Care v. Pentech*, No. 08 C 1083, 2010 WL 3909509 (N.D. Ill. Oct. 4, 2010). And the Court specifically advised Defendants that counter-designations needed to fall within the scope of Plaintiff's affirmative designations. [Doc. 296]. In addition, any probative value is outweighed by the potential confusion to the jury. |
|---|---|---|
| 98:17–113:2 | Violates the Court's March 13, 2025 Minute Order. [Doc. 296]. | **Sustained.** Defendants made no affirmative designations of deposition testimony by the deadline of March 3, 2025. [Doc. 295 at ¶ 4]. As noted in the Court's order dated March 13, 2025, the wholesale designation of Mr. Montgomery's deposition testimony was improper. [Doc. 296]. Deposition counter-designations are generally understood to be pursuant to |

| | | |
|---|---|---|
| | | Rule 106 of the Federal Rules of Evidence to ensure completeness.  *See In re: Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543 (JMF), 2016 WL 4493863, at *2 (S.D.N.Y. Aug. 24, 2016); *Bone Care Int'l, LLC v. Pentech Pharms., Inc.,* No. 08-CV-1083, 2010 WL 3894444, at *11 (N.D. Ill. Sept. 30, 2010), *order clarified sub nom. Bone Care v. Pentech*, No. 08 C 1083, 2010 WL 3909509 (N.D. Ill. Oct. 4, 2010).  And the Court specifically advised Defendants that counter-designations needed to fall within the scope of Plaintiff's affirmative designations.  [Doc. 296]. |
| 114:1–136:3 | Violates the Court's March 13, 2025 Minute Order.  [Doc. 296]. | **Sustained**.  Defendants made no affirmative designations of deposition testimony by the deadline of March 3, 2025.  [Doc. 295 at ¶ 4].  As noted in the Court's order dated March 13, 2025, the wholesale designation of Mr. Montgomery's deposition testimony was improper.  [Doc. 296].  Deposition counter-designations are generally understood to be pursuant to Rule 106 of the Federal Rules of Evidence to ensure completeness.  *See In re: Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543 (JMF), 2016 WL 4493863, at *2 (S.D.N.Y. Aug. 24, 2016); *Bone Care Int'l, LLC v. Pentech Pharms., Inc.,* No. 08-CV-1083, 2010 WL 3894444, at *11 (N.D. Ill. Sept. 30, 2010), *order clarified sub nom.* |

| | | |
|---|---|---|
| | | *Bone Care v. Pentech*, No. 08 C 1083, 2010 WL 3909509 (N.D. Ill. Oct. 4, 2010). And the Court specifically advised Defendants that counter-designations needed to fall within the scope of Plaintiff's affirmative designations. [Doc. 296]. |

## VII.    Objections to Designations of Dennis Montgomery, Day Two of Deposition

| Lines | Objection | Ruling |
|---|---|---|
| 22:6–24 | FRE 401–403, 106 | **Overruled**. There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time. The probative value, particularly as to credibility, outweighs any potential unfair prejudice. |
| 78:15–79:16 | FRE 106 | **Overruled**. There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time. |
| 103:14–19 | FRE 106, 403 | **Overruled**. There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time. The probative value outweighs any potential unfair prejudice. |
| 119:4–120:14 | FRE 106 | **Overruled**. There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to |

| | | be considered at the same time. |
|---|---|---|
| 134:23–141:7 | FRE 106 | **Overruled**. There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time. |
| 146:15–149:24 | FRE 106 | **Overruled**. There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time. |
| 156:14–158:13 | FRE 106 | **Overruled**. There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time. |
| 164:8–165:17 | FRE 106 | **Overruled**. There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time. |
| 168:3–172:14 | FRE 106 | **Overruled**. There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time. |
| 178:3–183:2 (except for 181:8–14) | FRE 106 | **Overruled**. There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time. |
| 187:11–189:22 | FRE 106 | **Overruled**. There is no indication how this testimony |

| | | is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time. |
|---|---|---|
| 210:3–214:13 | FRE 106 | **Overruled**.  There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time. |

## VIII.    Objections to Designations of Tina Peters, Day One of Deposition

| Lines | Objection | Ruling |
|---|---|---|
| 12:4–13 | FRE 403, 802 | **Overruled**.  Ms. Peters' testimony about her communications with Mr. Lindell is probative of the claim for civil conspiracy and the issue of scienter outweighs potential unfair prejudice. |
| 13:15–19 | FRE 403, 802 | **Overruled**.  Ms. Peters' testimony about any payment by Mr. Lindell is probative of her credibility and outweighs potential unfair prejudice. |
| 18:24–19:7 | FRE 403, 802 | **Overruled**.  Ms. Peters' testimony about deletion of communications with Mr. Lindell is probative of her credibility, issues of civil conspiracy and scienter, and outweighs potential unfair prejudice. |
| 20:21–20:25 | FRE 403, 802 | **Overruled**.  Ms. Peters' testimony about communications during the Cyber Symposium is probative of issues of civil conspiracy and scienter and outweighs potential unfair prejudice. |

| 22:2–5 | FRE 403, 802 | **Overruled**. Ms. Peters' testimony about any payment by Mr. Lindell is probative of her credibility and outweighs potential unfair prejudice. |
| 22:9–22 | FRE 401–403, 801, 802 | **Overruled**. Ms. Peters' testimony about any payment or benefits by Mr. Lindell is probative of her credibility and outweighs potential unfair prejudice. |
| 25:5–9 | FRE 401–403, 801, 802 | **Sustained.** The probative value of Ms. Peters' testimony regarding Mr. Watkins is outweighed by the potential confusion to the jury. |
| 27:20–28:15 | FRE 403, 802 | **Overruled.** Ms. Peters' testimony regarding documents or communications authored, sent, or received by her regarding any surveillance of, threats directed towards, or harassment of Dr. Coomer is probative of damages and outweighs potential unfair prejudice. |
| 33:3–34:3 | FRE 403, 802 | **Overruled**. Ms. Peters' testimony regarding her experience with running elections and any support by Mr. Lindell and/or Mr. Oltmann in her campaigns is probative of her credibility, issues of civil conspiracy and scienter, outweighs potential unfair prejudice. |
| 34:8–12 | FRE 403, 802 | **Overruled.** Ms. Peters' testimony regarding her experience in cyber security is probative of issues of civil conspiracy and scienter and outweighs potential unfair prejudice. |
| 39:10–17 | FRE 403, 802 | **Overruled**. Ms. Peters' testimony regarding her knowledge of Dr. Coomer is |

| | | |
|---|---|---|
| | | probative of issues of civil conspiracy and scienter and outweighs potential unfair prejudice. |
| 43:15–25 | FRE 403, 802 | **Overruled**.  Ms. Peters' testimony regarding her knowledge of Dr. Coomer is probative of issues of civil conspiracy and scienter and outweighs potential unfair prejudice. |
| 44:9–25 | FRE 403, 802 | **Sustained.**  The number of times Ms. Peters' relied on the advice of counsel is not sufficiently probative to outweigh potential unfair prejudice. |
| 55:2–6 | FRE 403, 802 | **Overruled**.  Ms. Peters' testimony about any fundraising associated with Lindell TV or FrankSpeech is probative of her credibility and outweighs potential unfair prejudice. |
| 55:14–18 | FRE 403, 802 | **Overruled**.  Ms. Peters' testimony about any fundraising associated with Lindell TV or FrankSpeech is probative of her credibility and outweighs potential unfair prejudice. |
| 61:8–25 | FRE 403, 802 | **Overruled**.  Ms. Peters' testimony regarding her communications with Mr. Lindell about Dr. Coomer is probative of issues of civil conspiracy and scienter and outweighs potential unfair prejudice. |
| 62:1–24 | FRE 403, 802 | **Overruled**.  Ms. Peters' testimony regarding her participation in the Cyber Symposium is probative of issues of civil conspiracy and scienter, and outweighs potential unfair prejudice. |

| 64:18–25 | FRE 403, 802 | **Overruled**.  Ms. Peters' testimony regarding whether she was the election official in Mesa County in November 2020 is part of the remaining testimony that is probative of issues of civil conspiracy and scienter and outweighs potential unfair prejudice. |
|---|---|---|
| 65:23–66:21 | FRE 403, 802 | **Overruled**.  Ms. Peters' testimony regarding any fraud in Mesa County's election in November 2020 involving Dominion Voting Systems is probative of issues of civil conspiracy and scienter and outweighs potential unfair prejudice. |
| 67:20–68:1 | FRE 403, 802 | **Overruled**.  Ms. Peters' testimony regarding any fraud in Mesa County's election in November 2020 involving Dominion Voting Systems is probative of issues of civil conspiracy and scienter and outweighs potential unfair prejudice. |
| 68:2–16 | FRE 403, 802 | **Overruled**.  Ms. Peters' testimony regarding any fraud in Mesa County's election in November 2020 involving Dominion Voting Systems is probative of issues of civil conspiracy and scienter and outweighs potential unfair prejudice. |
| 71:8–19 | FRE 403, 802 | **Overruled**.  Ms. Peters' testimony regarding any fraud in Mesa County's election in November 2020 involving Dominion Voting Systems is probative of issues of civil conspiracy and scienter and outweighs potential unfair prejudice. |

| 76:11–77:18 | FRE 403, 802 | **Overruled**.  Ms. Peters' testimony regarding any fraud in Mesa County's election in November 2020 involving Dominion Voting Systems is probative of issues of civil conspiracy and scienter and outweighs potential unfair prejudice. |
|---|---|---|
| 78:1–79:5 | FRE 403, 802 | **Overruled**.  Ms. Peters' testimony regarding Dr. Coomer's involvement in fraud attributable to Dominion Voting systems is probative of issues of civil conspiracy and scienter and outweighs potential unfair prejudice. |
| 81:8–20 | FRE 403, 802 | **Overruled**.  Ms. Peters' testimony regarding her participation in publications allegedly associated with Defendants is probative of issues of civil conspiracy and scienter and outweighs potential unfair prejudice. |
| 81:23–82:23 | FRE 106, 401–403, 802 | **Overruled**.  Ms. Peters' testimony regarding her participation in publications allegedly associated with Defendants is probative of issues of civil conspiracy and scienter and outweighs potential unfair prejudice. |
| 84:22–86:20 | FRE 106, 401–403, 802 | **Overruled**.  Ms. Peters' testimony regarding any fraud in Mesa County's election in November 2020 involving Dominion Voting Systems is probative of issues of civil conspiracy and scienter and outweighs potential unfair prejudice. |
| 88:19–24 | FRE 403, 802 | **Overruled**.  Ms. Peters' testimony regarding Mr. Lindell's role in scanning the hard drives for an individual |

| | | featured during the Cyber Symposium is probative of issues of civil conspiracy and scienter and outweighs potential unfair prejudice. |
|---|---|---|
| 89:9–22 | FRE 403, 802 | **Overruled.** Ms. Peters' testimony regarding Mr. Lindell's role in scanning the hard drives for an individual featured during the Cyber Symposium is probative of issues of civil conspiracy and scienter and outweighs potential unfair prejudice. |
| 90:11 (beginning with "Were you")–90:25 | FRE 106, 403, 802 | **Overruled.** Ms. Peters' testimony regarding her role in the Cyber Symposium is probative of issues of civil conspiracy and scienter and outweighs potential unfair prejudice. |
| 91:1–10 | FRE 403, 802 | **Overruled.** Ms. Peters' testimony regarding her role in the Cyber Symposium is probative of issues of civil conspiracy and scienter and outweighs potential unfair prejudice. |
| 92:5–22 | FRE 403, 802 | **Overruled.** Ms. Peters' testimony regarding her role in the Cyber Symposium, and any discussions with Mr. Lindell and/or Mr. Oltmann is probative of issues of civil conspiracy and scienter and outweighs potential unfair prejudice. |
| 97:20–24 | FRE 403, 802 | **Overruled.** Ms. Peters' testimony regarding her participation in publications allegedly associated with Defendants is probative of issues of civil conspiracy and scienter and outweighs potential unfair prejudice. |

| 98:11–17 | FRE 403, 802 | **Overruled**.  Ms. Peters' testimony regarding her knowledge of the association of the corporate Defendants is probative of issues of direct liability for defamation, civil conspiracy, and scienter, and outweighs potential unfair prejudice. |
|---|---|---|
| 117:18 (beginning with "Were you")–117:23 | FRE 106, 403, 802 | **Overruled**.  Ms. Peters' testimony regarding her participation in publications allegedly associated with Defendants is probative of issues of civil conspiracy and scienter and outweighs potential unfair prejudice. |
| 118:2–15 | FRE 403, 802 | **Overruled**.  Ms. Peters' testimony regarding her knowledge before her participation in publications allegedly associated with Defendants is probative of issues of civil conspiracy and scienter and outweighs potential unfair prejudice.[8] |
| 118:25–119:21 | FRE 403, 802 | **Overruled**.  Ms. Peters' testimony regarding her knowledge before her participation in publications allegedly associated with Defendants is probative of issues of civil conspiracy and scienter and outweighs potential unfair prejudice. |

[8] This portion of Ms. Peters' deposition testimony refers to Exhibit 4, which appears to be a report from Mesa County District Attorney Daniel Rubinstein to the Mesa County Commissioners and the Grand Junction City Council.  To the Court's knowledge, Exhibit 4 was not provided to the Court, and accordingly, the Court cannot assess the hearsay objection with respect to the exhibit.  While the report itself may be subject to judicial notice and admission hearsay exceptions, it may also include hearsay within hearsay.  Accordingly, this exhibit will not be admitted along with the testimony unless it is otherwise offered to and admitted by the Court.

| 120:24–121:3 | FRE 403, 802 | **Overruled**. Ms. Peters' testimony regarding her knowledge before her participation in publications allegedly associated with Defendants is probative of issues of civil conspiracy and scienter and outweighs potential unfair prejudice. |
|---|---|---|
| 121:18–122:2 | FRE 403, 802 | **Overruled**. Ms. Peters' testimony regarding her knowledge before her participation in publications allegedly associated with Defendants is probative of issues of civil conspiracy and scienter and outweighs potential unfair prejudice. |
| 123:9–24 | FRE 403, 802 | **Overruled**. Ms. Peters' testimony regarding her knowledge and what information she provided to Mr. Lindell before her participation in publications allegedly associated with Defendants is probative of issues of civil conspiracy and scienter and outweighs potential unfair prejudice. |
| 125:12 (beginning with "you have a specific")–126:9 | FRE 106, 403, 802 | **Overruled**. Ms. Peters' testimony regarding her knowledge before her participation in publications allegedly associated with Defendants is probative of issues of civil conspiracy, scienter, and damages and outweighs potential unfair prejudice. |
| 128:15–23 | FRE 403, 802 | **Overruled**. Ms. Peters' testimony regarding the basis for her statements regarding Dr. Coomer's alleged actions is probative of issues of defamation (including but not limited to scienter) and civil |

| | | |
|---|---|---|
| | | conspiracy and outweighs potential unfair prejudice. |
| 134:15–135:16 | FRE 403, 802 | **Overruled**. Ms. Peters' testimony regarding the basis for statements regarding voter fraud associated with Dominion Voting Systems in Mesa County and Mr. Lindell's statements is probative of issues of defamation (including but not limited to scienter) and civil conspiracy and outweighs potential unfair prejudice. |
| 136:9–24 | FRE 403, 802 | **Overruled**. Ms. Peters' testimony regarding her knowledge before her participation in publications allegedly associated with Defendants is probative of issues of credibility, civil conspiracy, scienter, and damages and outweighs potential unfair prejudice. |
| 139:21–142:1 | FRE 403, 802 | **Overruled**. Ms. Peters' testimony regarding the basis for statements regarding voter fraud associated with Dominion Voting Systems in Mesa County and Mr. Lindell's statements is probative of issues of defamation (including but not limited to scienter) and civil conspiracy and outweighs potential unfair prejudice. |
| 152:17–153:10 | FRE 403, 802 | **Overruled**. Ms. Peters' testimony about any financial relationship between her and Mr. Oltmann is probative of her credibility and outweighs potential unfair prejudice. |
| 160:1–20 | FRE 403, 802 | **Overruled**. Ms. Peters' testimony about potential discussions with Mr. Lindell regarding this case is |

| Lines | Objection | Ruling |
|---|---|---|
|  |  | probative of her credibility and outweighs potential unfair prejudice. |
| 164:24–165:4 | FRE 403, 802 | **Overruled**.  Any instructions received by Ms. Peters from Mr. Oltmann regarding her deposition is probative of her credibility and issues of civil conspiracy and outweighs potential unfair prejudice. |
| 165:9–13 | FRE 403, 802 | **Overruled**.  Any instructions received by Ms. Peters from Mr. Lindell regarding her deposition is probative of her credibility and issues of civil conspiracy and outweighs potential unfair prejudice. |

## IX.    Objections to Designations of Tina Peters, Day Two of Deposition

| Lines | Objection | Ruling |
|---|---|---|
| 16:17–17:24 | FRE 403, 802 | **Overruled**.  Ms. Peters' testimony regarding her communications with Mr. Lindell or FrankSpeech is probative of issues of civil conspiracy and outweighs potential unfair prejudice. |
| 27:1–7 | FRE 403, 802 | **Overruled**.  Ms. Peters' testimony regarding her participation in publications allegedly associated with Defendants is probative of issues of civil conspiracy and scienter and outweighs potential unfair prejudice. |
| 27:16–21 | FRE 403, 802 | **Overruled**.  Ms. Peters' testimony regarding her participation in publications allegedly associated with Defendants is probative of issues of civil conspiracy and scienter and outweighs potential unfair prejudice. |

| 36:6–13 | FRE 403, 802 | **Overruled.** Ms. Peters' testimony regarding her participation in publications allegedly publishing the defamatory statements at issue is probative of credibility and outweighs potential unfair prejudice. |
|---|---|---|
| 38:14–39:1 | FRE 403, 802 | **Overruled.** Ms. Peters' testimony regarding her communications with Mr. Oltmann is probative of issues of civil conspiracy and outweighs potential unfair prejudice. |
| 67:2–68:2 | FRE 403, 802 | **Overruled.** Ms. Peters' testimony regarding the basis for her statements regarding Dr. Coomer's alleged actions is probative of issues of defamation (including but not limited to scienter) and civil conspiracy and outweighs potential unfair prejudice. |
| 70:16–71:9 | FRE 403, 802 | **Overruled.** Ms. Peters' testimony regarding her legal defense fund and Mr. Lindell's potential contributions to it is probative of issues of credibility and outweighs potential unfair prejudice. |
| 72:9–22 | FRE 403, 802 | **Overruled.** Ms. Peters' testimony regarding her legal defense fund and Mr. Lindell's potential contributions to it is probative of issues of credibility and outweighs potential unfair prejudice. |
| 76:13–77:16 | FRE 403, 802 | **Overruled.** Ms. Peters' testimony regarding her legal defense fund and Mr. Lindell's potential contributions to it is probative of issues of credibility and outweighs potential unfair prejudice. |

| 77:24–78:16 | FRE 403, 802 | **Overruled**.  Ms. Peters' testimony regarding her legal defense fund and Mr. Lindell's potential contributions to it is probative of issues of credibility and outweighs potential unfair prejudice. |
| 88:11–14 | FRE 403, 802 | **Overruled**.  Ms. Peters' testimony regarding whether she met Dr. Coomer is probative of credibility, issues of civil conspiracy and scienter and outweighs potential unfair prejudice. |
| 89:2–4 | FRE 403, 802 | **Overruled**.  Ms. Peters' testimony regarding whether she met Dr. Coomer is probative of credibility, issues of civil conspiracy and scienter and outweighs potential unfair prejudice. |
| 97:20–98:12 | FRE 403, 802 | **Overruled**.  Ms. Peters' testimony regarding the basis for her statements regarding Dr. Coomer's alleged actions is probative of issues of defamation (including but not limited to scienter) and civil conspiracy and outweighs potential unfair prejudice. |
| 104:18–22 | FRE 403, 802 | **Overruled**.  Ms. Peters' testimony regarding her participation in publications allegedly associated with Defendants is probative of issues of defamation (including but not limited to scienter) and civil conspiracy and outweighs potential unfair prejudice. |
| 106:10–11 | FRE 403, 802 | **Overruled**.  Ms. Peters' testimony regarding her participation in publications allegedly associated with Defendants is probative of issues of defamation |

| | | (including but not limited to scienter) and civil conspiracy and outweighs potential unfair prejudice. |
|---|---|---|
| 107:16–25 | FRE 403, 802 | **Overruled**.  Ms. Peters' testimony regarding her participation in publications allegedly associated with Defendants is probative of issues of defamation (including but not limited to scienter) and civil conspiracy and outweighs potential unfair prejudice. |
| 108:1–17 | FRE 403, 802 | **Overruled**.  Ms. Peters' testimony regarding her participation in publications allegedly associated with Defendants is probative of issues of defamation (including but not limited to scienter) and civil conspiracy and outweighs potential unfair prejudice. |
| 108:22–109:10 | FRE 403, 802 | **Overruled**.  Ms. Peters' testimony regarding her participation in publications allegedly associated with Defendants is probative of issues of defamation (including but not limited to scienter) and civil conspiracy and outweighs potential unfair prejudice. |
| 109:11–110:15 | FRE 403, 802 | **Overruled**.  Ms. Peters' testimony regarding her participation in publications allegedly associated with Defendants is probative of issues of defamation (including but not limited to scienter) and civil conspiracy and outweighs potential unfair prejudice. |
| 111:12–25 | FRE 403, 802 | **Overruled**.  Ms. Peters' testimony regarding her |

| | | statements in Defendants' publications and her opinion regarding Antifa is probative of credibility and issues of defamation (including but not limited to scienter) and civil conspiracy and outweighs potential unfair prejudice. |
|---|---|---|
| 112:12–25 | FRE 403, 802 | **Overruled.**  Ms. Peters' testimony regarding her statements in Defendants' publications and her opinion regarding Antifa is probative of credibility and issues of defamation (including but not limited to scienter) and civil conspiracy and outweighs potential unfair prejudice. |
| 113:1–7 | FRE 403, 802 | **Overruled.**  Ms. Peters' testimony regarding the basis for her statements regarding Dr. Coomer's alleged actions and participation in Defendants' publications is probative of issues of defamation (including but not limited to scienter) and civil conspiracy and outweighs potential unfair prejudice. |
| 113:12–114:10 | FRE 403, 802 | **Overruled.**  Ms. Peters' testimony regarding the basis for her statements regarding Dr. Coomer's alleged actions and participation in Defendants' publications is probative of issues of defamation (including but not limited to scienter) and civil conspiracy and outweighs potential unfair prejudice.  Ms. Peters' out-of-court statement is not being offered for the truth of the matter asserted. |
| 114:15–115:8 | FRE 403, 802 | **Overruled.**  Ms. Peters' testimony regarding the basis for her statements regarding |

| | | Dr. Coomer's alleged actions and participation in Defendants' publications is probative of issues of defamation (including but not limited to scienter) and civil conspiracy and outweighs potential unfair prejudice. |
|---|---|---|
| 115:25–118:5 | FRE 403, 802 | **Overruled**.  Ms. Peters' testimony regarding the basis for her statements regarding her knowledge of Dr. Coomer is probative of issues of defamation (including but not limited to scienter) and civil conspiracy and outweighs potential unfair prejudice. |
| 118:19 (beginning with "but you")– 119:9 | FRE 106, 403, 802 | **Overruled**. There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time. In addition, Ms. Peters' testimony regarding the basis for her statements regarding Dr. Coomer's alleged actions and any inquiry she made to Mr. Oltmann about his basis for such statements is probative of issues of defamation (including but not limited to scienter) and civil conspiracy and outweighs potential unfair prejudice. |
| 119:15–17 | FRE 403, 802 | **Overruled**.  Ms. Peters' testimony regarding the basis for her statements regarding Dr. Coomer's alleged actions and any inquiry she made to Mr. Oltmann about his basis for such statements is probative of issues of defamation (including but not limited to scienter) and civil |

| | | conspiracy and outweighs potential unfair prejudice. |
|---|---|---|
| 121:11 (beginning with "Do you have")–121:14 | FRE 106, 403, 802 | **Overruled.** There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time. In addition, Ms. Peters' testimony regarding the basis for her statements regarding Dr. Coomer's alleged actions and any inquiry she made to Mr. Oltmann about his basis for such statements is probative of issues of defamation (including but not limited to scienter) and civil conspiracy and outweighs potential unfair prejudice. |
| 122:18 (beginning with "We discussed")–123:3 | FRE 106, 403, 802 | **Overruled.** Ms. Peters' testimony regarding her participation in Defendants' publications is probative of issues of defamation (including but not limited to scienter) and civil conspiracy and outweighs potential unfair prejudice. |
| 123:12–25 | FRE 403, 802 | **Overruled.** Ms. Peters' testimony regarding her participation in Defendants' publications is probative of issues of defamation (including but not limited to scienter) and civil conspiracy and outweighs potential unfair prejudice. |
| 125:1–127:1 | FRE 403, 802 | **Overruled.** Ms. Peters' testimony regarding her current beliefs regarding the statements she has previously made about election fraud is probative of credibility and outweighs potential unfair prejudice. |

| 131:21–132:11 | FRE 106, 403, 802 | **Overruled.** There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time. In addition, Ms. Peters' testimony regarding her current beliefs regarding the statements she has previously made about election fraud and Mr. Lindell's statements and Dr. Coomer's actions is probative of credibility and damages and outweighs potential unfair prejudice. |
| --- | --- | --- |
| 133:20–134:1 | FRE 106, 403, 802 | **Overruled.** There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time. In addition, Ms. Peters' testimony regarding the basis of her statements about Dr. Coomer is probative of credibility and issues of defamation (including but not limited to scienter), civil conspiracy and damages. |

## X.    Objections to Designations of Chris Ruddy

| Lines | Objection | Ruling |
| --- | --- | --- |
| 35:14–38:5 | FRE 106, 403 | **Overruled.** There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time, and the Court finds that the potential unfair prejudice does not outweigh the probative value. |

| 38:15–39:22 | FRE 106, 403 | **Overruled**.  There is no indication how this testimony is incomplete or what other statement(s) must be considered in fairness ought to be considered at the same time, and the Court finds that the potential unfair prejudice does not outweigh the probative value. |
|---|---|---|

DATED:  May 31, 2025