IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01129-NYW-SBP

ERIC COOMER, Ph.D.,
    Plaintiff

v.

MICHAEL J. LINDELL, FRANKSPEECH LLC,
AND MY PILLOW, INC.,
    Defendants

**PLAINTIFF'S MOTION TO PROTECT CONFIDENTIALITY**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

    The Court's Amended Protective Order Governing the Production and Exchange of Confidential Information (Doc. 149, ¶ 11), provides that in the event the need should arise for any Party or non-party to disclose Confidential or Attorney's Eyes Only Discovery Material during trial, "including through argument or the presentation of evidence, such Party or non-party may do so only after taking such steps as the Court, upon motion of the Producing Party, deems necessary to preserve the confidentiality of such Confidential or Attorneys' Eyes Only Discovery Material."

    Accordingly, Plaintiff Eric Coomer, Ph.D. files this Motion to Protect Confidentiality of the following trial exhibits which were designated by Plaintiff as either "Confidential" or "Attorney's Eyes Only": 19; 30; 33; 35; 37; 46; 70; 74-75; and 136. Plaintiff would respectfully show the following in support:

## I.   CONFERRAL

Counsel for Plaintiff has conferred with counsel for Defendants relating the relief sought by this Motion. Counsel for Defendants are opposed to the relief sought in part and unopposed in part. Counsel for Defendants are opposed with respect to the relief sought as to Exhibits 30 and 74/75,[1] but unopposed with respect to the remainder of the Exhibits at issue in this Motion.

## II.   MOTION

1. Plaintiff requests the Court take steps to preserve the confidentiality of certain documents which were designated by Plaintiff as being either "Confidential" or "Attorney Eyes Only" pursuant to the Court's Amended Protective Order Governing the Production and Exchange of Confidential Information (Doc. 149). To the extent the documents are offered into evidence at trial, Plaintiff requests the Court to take the following steps to preserve confidentiality:

   a. Restrict public access to the courtroom while the exhibit is being displayed and/or discussed;[2]

   b. Seal the portion of the trial transcript pertaining to the exhibit;[3] and

---

[1] Counsel for the parties have stipulated to removing Exhibits 2-8 from the Exhibit List because Plaintiff is no longer seeking damages for lost wages. However, as of the date of this filing, there is no agreement as to preserving the confidentiality for Dr. Coomer's separation agreement with Dominion Voting Systems (Exhibit 74/75).

[2] *US Magnesium, LLC v. ATI Titanium, LLC*, Case No. 2:17-cv-00923-HCN-JCB, 2022 WL 4290109, at *4 (D. Utah Sept. 16, 2022) (denying motion to remove "Attorneys Eyes Only" designations for trial and keeping in place order allowing parties to limit dissemination of protected information at the time it is proffered at trial).

[3] *Braun v. Medtronic Sofamor Danek, Inc.*, 719 Fed. Appx. 782, 801, fn. 8 (10th Cir. 2017) (The Tenth Circuit granted Medtronic's motion to file a sealed appendix because information was highly sensitive and concerned sensitive technical and financial data. Despite materials being used as trial exhibits, the district court "continued to take care that such exhibits and sealed portions of the trial transcripts be filed under seal when attached to post-trial motions."). *BNSF Ry. Co. v. C.A.T. Constr., Inc.*, 679 Fed. Appx. 646, 659 (10th Cir. 2017) (granting motion to seal certain exhibits in appendix where disclosure of videos could attract attention on social media, incentivize members of the public to engage in risky behaviors, and

    c.    Require that the exhibit and sealed portion of the trial transcript be filed under seal when attached to post-trial motions.[4]

    2.    The specific documents which are the subject of this Motion are identified in the table below by trial exhibit number:[5]

| Trial Exhibit | Description | Designation |
|---|---|---|
| 19 | Plaintiff's Employee File | Attorney Eyes Only |
| 30 | Plaintiff's Resignation | Confidential<br>Attorney Eyes Only |
| 33 | Email String Regarding Referral from K2 Intelligence | Confidential |
| 35 | Email Between Plaintiff and Dr. Finkell | Confidential |
| 37 | Dr. Finkell's File Materials | Confidential |
| 46 | Settlement Demand | Attorney Eyes Only |
| 70 | Confidential Settlement Agreement and Release Between Dr. Coomer and Newsmax | Confidential<br>Attorney Eyes Only |
| 74, 75 (Duplication) | Plaintiff's Separation Agreement with Dominion Voting Systems | Confidential |
| 136 | Plaintiff's Response to Defendant Lindell's First Interrogatories | Confidential |

---

present a danger to the public and BNSF employees, but denying motion to seal exhibits where sole basis to seal was that there had been a protective order entered by the district court).

[4] *See Supra*.

[5] *See* Second Amended Joint Trial Exhibit List (Doc. 336).

3. "Whether judicial records and other case-related information should be sealed or otherwise withheld from the public is a matter left to the sound discretion of the district court." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (affirming denial of plaintiff's request to seal the complaint and other documents in the case where much of the information had been disclosed previously in public probate court proceedings, undermining privacy concerns). The party seeking to withhold records from the public bears the burden to articulate a real and substantial interest that justifies depriving the public of access. *Helm v. Kan.*, 656 F.3d 1277, 1292 (10th Cir. 2011) (denying motion to seal appendices where sole basis for sealing judicial records was simply pointing out the records were subject to a protective order in the district court).

4. The public's right to monitor the functioning of our courts access judicial records is not absolute. *U.S. v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) ("a court, in its discretion, may seal documents if the public's right of access is outweighed by competing interests."). Nor is the press' interest in newsgathering absolute.[6]

5. The Supreme Court has recognized several exceptions to the general rule of open access to court files:

> "Access has been denied where court files might have become a vehicle for improper purposes. For example, the common-law right of inspection has bowed before the power of a court to insure that its records are not used to gratify private spite or promote public scandal . . . Similarly, courts have refused to permit their files to serve as reservoirs of libelous statements for

---

[6] The right of the press to newsgathering is no greater than the right of the general public to obtain information. *Okla. Hosp. Ass'n v. Okla. Pub. Co.*, 748 F.2d 1421, 1425 (10th Cir. 1984) (*citing Pell v. Procunier*, 417 U.S. at 834); *Smith v. Plati*, 258 F.3d 1167, 1178 (10th Cir. 2001) ("for the press, generally speaking, do not have a special right of access to government information not available to the public."). *See also Voter Reference Foundation, LLC v. Balderas*, 616 F.Supp.3d 1132, 1216 (D. NM. 2022) ("While newsgathering has some First Amendment protection, its protection does not include necessarily a right to access all news-worthy information.").

press consumption, or as sources of business information that might harm a litigant's competitive standing."

*Nixon v. Warner Commc'n., Inc.*, 435 U.S. 589, 598 (1978).

6.     The exceptions set out by the Supreme Court apply here; the Court should take steps to ensure that the aforementioned judicial records in this case are not used to gratify the private spite that those interested in this case may have against Plaintiff or further promote public scandal or the defamatory statements at issue in this case.

7.     With respect to Exhibits 19, 30, 33, 35, 37, and 136, Dr. Coomer's privacy interest outweighs the public interest. Dr. Coomer has already been subject to an invasion of his privacy as a result of the Defendants' defamatory statements, and he should not be subject to loss of any sense of security and privacy he still retains merely because he availed himself of the judicial system. Each of the foregoing exhibits contain information, which is highly sensitive, not otherwise publicly available, and/or confidential by the nature of the terms of the document. These materials should not be made publicly available, especially in light of the circumstances of this case and the harassment and threats that Dr. Coomer has received and continues to receive in connection with the defamatory statements at issue in this lawsuit.[7]

8.     Exhibit 19 contains Dr. Coomer's address and other personal identifying information, his work history, and his performance reviews. Exhibit 19 contains Dominion Voting Systems' internal documents which are not publicly available, such as its employee handbook and the Confidential Information and Invention Assignment

---

[7] Several examples of the threats Dr. Coomer has received are included within Plaintiff's trial exhibits. *See e.g.* Exhibits 34, 38, and 237.

5

Agreement between Dominion Voting Systems and Dr. Coomer. Exhibit 19 also includes Plaintiff's resignation letter (separately listed as Exhibit 30). Exhibits 35 and 37 contain information related to Plaintiff's therapy with Dr. Jared Finkell. These documents include Plaintiff's privileged and private mental health care records, such as Dr. Finkell's notes on his session with Plaintiff, Dr. Finkell's diagnoses of Plaintiff, and Dr. Finkell's treatment recommendations. *See Luo v. Wang*, 71 F. 4th 1289, 1304 (10th Cir. 2023) ("Medical records and confidential business records are examples of the types of private information this court has allowed to be sealed."). Plaintiffs' Responses to Defendant Lindell's Interrogatories are contained in Exhibit 136; this document contains Plaintiff's personal identifying information.

9. As to Exhibits 19, 46, 70, 74, and 75, the parties to the agreements have an interest in keeping their terms confidential which outweighs the public interest in access, particularly in light of the incidental nature of these documents with respect to the substantive legal issues to be adjudicated in this case. *See Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241-1242 (10th Cir. 2012) (denying request to seal settlement agreements containing explicit confidentiality provisions where the agreements were placed "at the center of [the] controversy"). Preserving the confidentiality of settlement agreements encourages parties to resolve their disputes through alternative dispute resolution processes; allowing public access to confidential settlement agreements chills settlement negotiations. *Id.* Exhibit 19 contains the Confidential Information and Invention Assignment Agreement between Dominion Voting Systems and Dr. Coomer. Exhibit 46 is a settlement demand letter from Plaintiff's counsel to counsel for Newsmax. Exhibit 70

6

is the Confidential Settlement Agreement and Release between Plaintiff and Newsmax; as suggested by the title of the document, the agreement contains terms that the parties are to maintain the confidentiality of the terms and conditions of the agreement, including designating the document as "CONFIDENTIAL" and requesting that it only be filed under seal.  Exhibits 74 and 75 are Plaintiff's Confidential Separation Agreement with Dominion Voting Systems, which includes a provision concerning maintaining the confidentiality of the terms of the document.  Each of these confidential agreements are incidental to this dispute, and the interests of the parties to the agreements in keeping their terms confidential overrides the public interest in access to judicial records.

10. For the foregoing reasons and as contemplated by the Court's Amended Protective Order (Doc. 149, ¶ 11), Plaintiff Eric Coomer, Ph.D. requests the Court to take steps to preserve the confidentiality of the trial exhibits specified herein which were designated by Plaintiff as either "Confidential" or "Attorney's Eyes Only."

Respectfully submitted this 3rd day of June 2025.

>*/s/ Charles J. Cain*
> Charles J. Cain, No. 51020
> ccain@cstrial.com
> Bradley A. Kloewer, No. 50565
> bkloewer@cstrial.com
> **CAIN & SKARNULIS PLLC**
> P. O. Box 1064
> Salida, Colorado 81201
> 719-530-3011/512-477-5011 (Fax)
>
> Ashley N. Morgan
> amorgan@cstrial.com

7

**CAIN & SKARNULIS PLLC**
303 Colorado Street, Suite 2850
Austin, Texas 78701
512-477-5000/512-477-5011 (Fax)

Thomas J. Rogers III, No. 28809
trey@rklawpc.com
Mark Grueskin, No. 14621
mark@rklawpc.com
David M. Beller, No. 35767
david@rklawpc.com
**RECHTKORNFELD PC**
1600 Stout Street, Suite 1400
Denver, Colorado 80202
303-573-1900
**ATTORNEYS FOR PLAINTIFF**