# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

CHAD PELISHEK,

                Plaintiff

    v.                                                                                Case No. 2:23-CV-1048

CITY OF SHEBOYGAN, et al.,

                Defendants.

---

## NOTICE OF ERRATA FOR ECF 125

---

        On March 3, 2025, Counsel for Plaintiff filed his Brief in Support for Partial Summary Judgment (ECF 125). On April 11, 2025, Counsel for Defendants filed their Brief in Opposition. On April 28, 2025, Plaintiff discovered *sua sponte* that some of the descriptions of the cited cases were not accurate or that typographical errors existed. Plaintiffs have, therefore, made edits to reflect a more accurate description and removed typographical or clerical errors. The corrections are noted in the attached table. None of the corrections make any substantive change whatsoever and do not change the argument of the parties. Other than what is shown in the table below, Plaintiff has made no other changes to these documents.

        The corrected version of the Brief in Support of Plaintiffs' Motion for Partial Summary Judgment is filed simultaneously with this Notice of Errata.

| Page No. | Original | Correction |
|---|---|---|
| 9 and 13 (corrected description) | *Swetlik v. Crawford*, 738 F.3d 818 (7th Cir. 2013) ("falsified government records affecting taxpayer funds" are of significant interest to the public and matters of public concern) is incorrect. | (Police officer's union activities about alleged untruthful statements made in outside investigation report could be matters of public concern) |
| 10 (removed quotes) | *Givhan*, 439 U.S. 410 (1979) (discrimination in public employment practices is a "matter inherently of public concern"). | (discrimination in public employment practices is a matter of public concern). |
| 11, 14 (changed to Cf and deleted cite on 14) | See *Wolfe v. Barnhart*, 446 F.3d 1096, 1106 (10th Cir. 2006) (rejecting government employer's claims that restrictions were necessary to maintain order and efficiency as "speculative" where agency failed to demonstrate how restricted speech would disrupt operations) | Cf. *Wolfe v. Barnhart*, 446 F.3d 1096, 1106 (10th Cir. 2006) (upholding government employer's claims that restrictions were necessary to maintain order and efficiency unlike *NTEU* where agency failed to demonstrate how restrictions would disrupt effectiveness). |
| 12 (corrected holding) | In *Whitney v. City of Milan*, 677 F.3d 292, 298 (6th Cir. 2012), the Sixth Circuit overturned the district court's dismissal of an employee's First Amendment claims in nearly identical circumstances. | In *Whitney v. City of Milan*, 677 F.3d 292, 298 (6th Cir. 2012), the Sixth Circuit affirmed the district court's denial of qualified immunity with First Amendment claims in nearly identical circumstances. |
| 14 (corrected description) | *Sprague v. Fitzpatrick*, 546 F.2d 560 (3d Cir. 1977) (one employee ordered not speak publicly about office operations regarding his lawsuit finding broad restriction on external communications) | (statements regarding alleged misconduct by district attorney are matters of public concern.) |
| 16 (corrected description) | See *Thomas v. Cook Cty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010) (finding a custom where there was "a pattern of conduct that was widespread before the plaintiff felt its impact") | (finding a custom where there was a pattern of conduct that was widespread). |

April 30, 2025

Respectfully submitted,

*/s/ Jennifer DeMaster*
Jennifer DeMaster
Wis. Bar No. 1124201
DeMaster Law LLC
361 Falls Rd # 610
Grafton, WI 53024
Phone: (414) 235-7488
jennifer@demasterlaw.com

>Christopher I. Kachouroff
>VA Bar No. 44216
>MCSWEENEY, CYNKAR &
>KACHOUROFF, PLLC/DOMINION
>LAW GROUP?
>13649 Office Place, Suite 101
>Woodbridge, Virginia 22192
>Telephone: (703) 621-3300
>chris@mck-lawyers.com
>
>*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on April 30, 2025, I electronically filed the foregoing Notice of Errata with the clerk of court using the CM/ECF system, which will accomplish electronic notice and service for all participants who are registered CM/ECF users.

April 30, 2025.                                                   */s/ Jennifer DeMaster*