**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

ERIC COOMER, PhD.,

      Plaintiff,

v.

      **Civil Action No. 1:22-cv-01129**

MICHAEL J. LINDELL, et al.,

      Defendants.

---

**MR. KACHOUROFF'S AFFIDAVIT NO. 1 in SUPPORT OF RESPONSE TO
ORDER TO SHOW CAUSE**

---

I, Christopher I. Kachouroff, declare the following to be true and correct:

1.      I am counsel of record for Defendant Frankspeech LLC in this action.

2.      On August 5, 2025, I wrote and filed Defendant Frankspeech LLC's Response to Plaintiff's Motion to Alter Judgment and Increase Punitive Damages Award (Doc. 404).

3.      I was solely responsible for the drafting, revision, and filing of Doc. 404. Neither Frankspeech LLC nor Ms. DeMaster was responsible for the citation addressed in the Court's Order to Show Cause. FrankSpeech played no role in drafting Rule 404. Ms. DeMaster did not see this section of the brief, did not participate in any cite checking, was not consulted about this section of the brief, and did not present the pleading to the Court. Her name should not have appeared in the signature block.

4.      I did not use any Generative Artificial Intelligence program to create Document 404 with the exception of Westlaw which I used solely for the purpose of legal research. I cite checked Document 404. No one else cite checked that document.



DEFENDANT'S
EXHIBIT

**C**

5.      In Doc. 404, I cited *Capital Solutions, LLC v. Konica Minolta Business Solutions U.S.A., Inc.*, 695 F. Supp. 2d 1149, 1154–56, as "(10th Cir. 2010)." That parenthetical reference to the Tenth Circuit was incorrect.

6.      The citation error was mine and I clearly made a mistake even though I cite checked my pleading. *Capital Solutions* was a District of Kansas decision, not binding Tenth Circuit authority. I cited it for its Seventh Amendment reasoning and its reliance on and discussion of *O'Gilvie v. International Playtex, Inc., 821 F.2d 1438,1447–50 (10th Cir.1987),* which is a Tenth Circuit case discussing remittitur post trial. However, I misstated the court in the parenthetical cite for *Capital Solutions*.

7.      *Capital Solutions* is a decision of the United States District Court for the District of Kansas which sits in the Tenth Circuit. It is not, however, a case from the United States Court of Appeals for the Tenth Circuit as is clearly shown by the "F.Supp.2d" reporter that was correctly cited in the Response Brief. I appreciate the difference and should have simply cited the case as a Kansas case.

8.      I do not know why this citation error. I do recall having this case in paper format after downloading it from Westlaw. I know I was looking for Tenth Circuit precedent and was reviewing the following language from the paper copy of *Capital Solutions*.

> The fact that the [Supreme] Court felt compelled to make that distinction in *Cooper* further supports the conclusion that the determination of the amount of punitive damages does fall within the scope of the Seventh Amendment's trial-by-jury clause.
>
> *The law of the Tenth Circuit is consistent with this conclusion. See O'Gilvie v. International Playtex, Inc.*, 821 F.2d 1438,1447–50 (10th Cir.1987). In *O'Gilvie*, the Tenth Circuit reversed a ruling by which the district court had reduced a punitive damage award without giving the plaintiff the option of a new trial. *See id*. The Tenth Circuit noted the general rule that "in an ordinary

remittitur case, the plaintiff must be offered a choice between a new trial and accepting a remittitur to avoid a serious problem under the Seventh Amendment, which reserves to the jury the determination of damages." *See id.* at 1447 (citations omitted). The court then applied that general rule to the punitive damages award before it, holding that the district court acted without authority when it first concluded that the amount of punitive damages did not shock the conscience in violation of due process, but nonetheless determined the amount of punitive damages. *See id.* at 1450. *Thus, the Tenth Circuit has indicated that the Seventh Amendment applies to the determination of the amount of punitive damages.*

Finally, the Court notes that other circuit courts of appeal have also concluded that the determination of the amount of an award of punitive damages falls within the scope of the Seventh Amendment's trial-by-jury clause. *See, e.g., Defender Indus., Inc. v. Northwestern Mut. Life Ins. Co.,* 938 F.2d 502, 506–07 (4th Cir.1991); *see also Hartford Fire Ins. Co.,* 198 F.Supp.2d at 1312 (citing cases).

For these reasons, the Court concludes that the Seventh Amendment guarantees Capital the right to have the entirety of its claim for punitive damages, including the determination of the amount, decided by the jury. Accordingly, the Court grants Capital's motion.

*Capital Solutions, LLC*, 695 F. Supp. 2d at 1155-1156 (emphasis added).

9.     My intended purpose in citing *Capital Solutions* was to rely on its Seventh Amendment reasoning and on its discussion of *O'Gilvie v. International Playtex, Inc.*, 821 F.2d 1438 (10th Cir. 1987), not to suggest that *Capital Solutions* was itself a Tenth Circuit decision.

10.     I further recognize, however, that *Capital Solutions* arose in a different procedural posture. As the opinion itself explains, it addressed a Kansas statute under which "the jury first determines whether punitive damages should be allowed, and then the court determines the amount of such damages in a separate proceeding." Thus, the case addressed whether the jury or the court should determine the amount of punitive damages in the first instance. On the other hand, *O'Gilvie*, the Tenth Circuit case cited therein, addressed the post-trial remittitur context.

11.     I acknowledge that *Capital Solutions* did not decide the precise Colorado statutory question presented by Plaintiff's post-trial motion (Colorado Revised Statute § 13-21-102(3)) but it does support the proposition I made. A more accurate formulation would have been that *Capital Solutions* is a Kansas decision citing Tenth Circuit authority that "the Seventh Amendment does require that the jury also be allowed to determine the amount of any punitive damages awarded," and that the opinion described Tenth Circuit law as "consistent with this conclusion."

12.     Accordingly, although my citation was incorrect and phrasing imprecise, I did not intend to invent authority or misrepresent that no authority existed for the constitutional proposition being advanced. *Capital Solutions* was a case from within the Tenth Circuit, it supplied persuasive reasoning, and it both cited with approval and relied on Tenth Circuit law in support of its conclusion.

13.     I greatly regret the miscitation and the imprecise phrasing. Those were my errors, and neither were authorized much less seen by Ms. DeMaster nor FrankSpeech LLC. But those errors were not the product of fabrication, indifference to whether authority existed, or an intent to deceive the Court.

Dated: April 8, 2026.

By: */s/ Christopher I. Kachouroff*
Christopher I. Kachouroff